John V. Picone III (State Bar No. 187226)
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff (State Bar No. 197241)
jratinoff@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:     (408) 286-9800
Facsimile:     (408) 998-4790

Attorneys for Plaintiff
NEO4J, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br><br>Defendants. | CASE NO.   5:18-cv-7182<br><br>**COMPLAINT FOR: (1) TRADEMARK INFRINGEMENT; (2) FALSE DESIGNATION OF ORIGIN; (3) FALSE ADVERTISING; (4) FEDERAL AND STATE UNFAIR COMPETITION; (5) BREACH OF CONTRACT; AND (6) INVASION OF PRIVACY**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Neo4j, Inc. ("Plaintiff" or "Neo4j") hereby brings the present action against

Defendants PureThink LLC, iGov Inc., and John Mark Suhy (collectively "Defendants") and

alleges as follows:

## NATURE OF ACTION

1.     This is an action for damages and injunctive relief arising out of Defendants'

infringement of Plaintiff's registered trademarks, acts amounting to unfair competition, breaches

of contract, and invasion of privacy.

/ / /

842\3151570.6

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, FALSE DESIGNATION OF ORIGIN, AND INVASION OF PRIVACY

## THE PARTIES

2.      Plaintiff is a corporation organized under the laws of the State of Delaware with its principal place of business in San Mateo, California.  Plaintiff originally incorporated as Neo Technology, Inc. and then changed its name to Neo4j, Inc. in or about July 2017.  Plaintiff is the graph company behind the number one platform for connected data, marketed and sold under the name Neo4j®.  The Neo4j® graph platform helps organizations make sense of their data by revealing how people, processes and digital systems are interrelated.  This connections-first approach powers intelligent applications tackling challenges such as artificial intelligence, fraud detection, real-time recommendations and master data.

3.      Plaintiff boasts the world's largest dedicated investment in native graph technology.  It has more than 300 commercial customers, including global enterprises like Walmart, Comcast, Cisco, eBay, and UBS use Neo4j® to create a competitive advantage from connections in their data.  Plaintiff also does substantial business with government agencies, including a number of agencies within the United States Government.

4.      Defendant PureThink LLC ("PureThink") is a limited liability company organized under the laws of the State of Delaware with a principal place of business in Reston, Virginia.  PureThink purports to be a software development company and was previously an authorized Neo4j® Solution Partner.  PureThink is no longer an authorized Neo4j® Solution Partner and Plaintiff is informed and believes that PureThink is currently a shell entity maintained by the other defendants and is not currently conducting or engaged in any meaningful business activities.

5.      Plaintiff is informed and believes, and thereon alleges, that Defendant iGov Inc. ("iGov") is a corporation organized under the laws of the Commonwealth of Virginia with a principal place of business in Reston, Virginia.  Plaintiff is informed and believes, and thereon alleges, that iGov is software development and consulting company that focuses on large-scale graph and AI solutions, which competes with Neo4j® and its authorized Solution Partners.  Plaintiff is further informed and believes that iGov is the assignee and successor-in-interest to PureThink, or otherwise acquired substantially all of PureThink's assets sometime in mid-2017.

/ / /

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, FALSE DESIGNATION OF ORIGIN, AND INVASION OF PRIVACY

6.     Plaintiff is informed and believes, and based thereon alleges, that Defendant John Mark Suhy ("Suhy") is an individual residing in Reston, Virginia.  Plaintiff is further informed and believes that Suhy is the sole member and manager of PureThink.  Plaintiff is also informed and believes that Suhy is the sole shareholder of iGov, as well as an officer and director of iGov.

## ALTER EGO ALLEGATIONS

7.     Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned there existed a unity of interest and ownership between iGov and PureThink.  Any individuality and separateness between iGov and PureThink ceased and/or never existed, and iGov is the alter ego of PureThink, in that, among other reasons, and that iGov was conceived, intended, and used by Suhy and PureThink as a device to avoid liability and that PureThink is so inadequately capitalized that, compared with the business done by iGov and the risk of loss attendant thereon, such capitalization was illusory and/or trifling.

8.     Plaintiff is informed and believes, and based thereon allege, that at all times herein mentioned that PureThink is a mere shell instrumentality maintained to protect iGov.  It now carries on its business in the company name exactly as PureThink and Suhy had conducted it previous to iGov's formation and/or previous to them acquiring a controlling interest in iGov and/or previous to becoming promoters thereof, exercised complete control and dominance of the business done by PureThink and now iGov to such an extent that any individuality or separateness of PureThink and iGov at all times herein mentioned did and do not exist.

9.     For example, PureThink and iGov originally shared the same principal place of business at 1902 Campus Commons Drive, Suite 101, Reston, VA 20191.  Likewise, PureThink and iGov still share the same customer support number, 1-855-979-7771.

10.     PureThink and iGov's websites are also virtually identical and contain much of the same verbiage, such as their core philosophies and results:

> To help you succeed, we believe in working closely and cooperatively with our clients. Our goal is to ensure everyone on the same page regarding project status, methods and tasks. Our approach is to develop software according to an Agile methodology which means we emphasize people and interaction rather than complicated processes and endless documentation.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

842\3151570.6
- 3 -
COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, FALSE DESIGNATION OF ORIGIN, AND INVASION OF PRIVACY

* * *

Our mission is to bring the greatest value to our clients by leveraging our considerable depth of resources and experience. We align our approach to the specific business drivers of each business we work with whom we tailor solutions to best suit different cultural environments, industries, and market conditions. We focus on business strategy implementation, not business strategy development.

*Compare* https://purethink.com/about.html *and* https://igovsol.com/about.html.

11. Plaintiff is informed and believes, and based thereon allege, that other components from PureThink's website were ported over to iGov's website.

12. Plaintiff is informed and believes, and based thereon allege, that adherence to the fiction of the separate existence of iGov as an entity distinct from PureThink would permit an abuse of the privilege of formation and would sanction fraud and/or promote injustice, and that among other circumstances, Suhy and PureThink caused monetary and other assets to be withdrawn and/or transferred from PureThink without any consideration, or with insufficient consideration, to iGov, all for the purposes of avoiding liability and preventing attachment and execution by creditors, including Plaintiff, thereby rendering PureThink insolvent and unable to fully perform its obligations; and at all times herein mentioned, was not so capitalized, solvent and unable to fully perform any obligations undertaken by as set further herein.

## JURISDICTION AND VENUE

13. The jurisdiction of this Court over the subject matter of this action is predicated, pursuant to 28 U.S.C. § 1331, on the fact that Plaintiff presents a civil action arising under the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. § 1051 *et seq.* The remainder of Plaintiff's claims are subject to the jurisdiction of this Court, pursuant to 28 U.S.C. §§ 1338(b) and 1367, because the claims are joined with one or more substantial and related claims under the Lanham Act.

14. This action arises out of wrongful acts committed by Defendants in California and this District, which acts subject Defendants to the personal jurisdiction of this Court. Plaintiff is informed and believes, and based thereon alleges that Defendants specifically target consumers and derive substantial revenue within California and this District, and expect their actions to have

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

842\3151570.6

- 4 -

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, FALSE DESIGNATION OF ORIGIN, AND INVASION OF PRIVACY

1  consequences within California and this District.  For all of these reasons, personal jurisdiction

2  over Defendants exists.

3      15.    Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391

4  as Defendants engage in infringing activities and acts of unfair competition in this District.  In

5  addition, Defendants have on a continual basis committed the wrongful acts alleged below within

6  this District, in business interactions purposefully elicited by Defendants with or directed to

7  residents of the district, all of which has harmed and continues to harm Plaintiff within this

8  District.

9      16.    At least one defendant, PureThink, entered into a Solution Partner Agreement

10  ("the Partner Agreement") with Plaintiff, which is subject to the claims asserted herein and

11  contains a provision wherein it effectively agreed and consented to jurisdiction within California

12  and specifically a court within the Northern District of California.

13  **INTRADISTRICT ASSIGNMENT**

14      17.    Pursuant to Northern District Local Rule 3-2(c) and Northern District General

15  Order 44, venue in this action is proper in any Courthouse in this District because this case is

16  brought under the Lanham Act and involves intellectual property rights.

17  **THE NEO4J® BRAND**

18      18.    Plaintiff was formed in 2000 after its founders encountered performance problems

19  with relational database management systems (RDMS).  Plaintiff then developed a graph database

20  management system developed under the Neo4j® brand and quickly became the industry leader

21  in graph database solutions and software.

22      19.    In conjunction with its business, Plaintiff filed for and obtained several federally

23  registered trademarks.  Specifically, Plaintiff is the owner of U.S. Trademark Registration No.

24  4,784,280 for the word mark "NEO4J" covering the following goods and services:

25  •   (IC 009) Computer programs for managing, storing, and accessing data from a
database, analyzing data in computer databases for business purposes, processing in

26  the nature of updating data in computer databases, and visualizing in the nature of
creating graphs from data stored in databases; computer programs for storing,

27  managing, and querying data from databases on computers, computer networks, and
global computer networks.

28

Hopkins & Carley
Attorneys At Law
San Jose

842\3151570.6

- 5 -

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING,
FALSE DESIGNATION OF ORIGIN, AND INVASION OF PRIVACY

- (IC 035) Consulting services and advice in the field of updating and maintenance of data in computer databases.

- (IC 041) Educational services, namely, conducting training classes, certification training, workshops, tutorial sessions, and online classes in the fields of designing computer databases and updating and maintenance of data in computer databases, and distributing course materials in connection therewith; providing training services in the fields of designing computer databases and updating and maintenance of data in computer databases, and distributing course materials in connection therewith.

- (IC 042) Providing a web site featuring technology that enables end users to store, manage, and query data from databases on computers, computer networks, and global computer networks; cloud computing featuring software for use in managing, storing, and accessing data from a database, analyzing data in computer databases for business purposes, processing in the nature of updating data in computer databases, and visualizing in the nature of creating graphs from data stored in databases; Technical support services, namely, installation, administration, and troubleshooting of database applications; Computer services, namely, providing consultation services and advice in the fields of designing computer databases.

- (IC 045) Consulting services and advice in the field of maintaining the security and integrity of databases.

20.     Plaintiff first used the NEO4J® mark in June 2006 and first used that mark in commerce in May 2007, and has continually used the NEO4J® mark since being published by the USPTO in May 2015 and issued on August 4, 2015.  A true and correct copy of U.S. Trademark Registration No. 4,784,280 is attached hereto as **Exhibit A**.

21.     Plaintiff has spent considerable effort and investment in the NEO4J® mark and brand, which as a result have become widely known and are closely identified with Plaintiff and represent substantial, valuable goodwill.

## NEO4J'S AGREEMENT WITH PURETHINK

22.     On or about September 30, 2014, Plaintiff and PureThink entered into the Partner Agreement.  Under the Partner Agreement, PureThink agreed to provide first and second line support to end-users of NEO4J® software in exchange for annual partner program fees and shared revenue as specified in the Partner Agreement.

23.     Under Section 4.1 of the Partner Agreement, Plaintiff provided PureThink with a non-exclusive, non-transferable limited license during the term of that agreement to, inter alia, "use [Plaintiff's] trademarks solely to market and promote the Products in accordance with the terms of [the Partner Agreement]."

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

842\3151570.6                                    - 6 -
COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, FALSE DESIGNATION OF ORIGIN, AND INVASION OF PRIVACY

24.     On or about May 30, 2017, Plaintiff provided PureThink with a formal notification of PureThink's material breaches of the Partner Agreement and a demand to cure such breaches pursuant to Section 7.2 thereof.  PureThink's material breaches included using NEO4J® open source products and distributing and performing services on, and continuing to perform services on, NEO4J® open source products in violation of Section 4.3 of the Partner Agreement.

25.     On or about June 30, 2017, Plaintiff provided PureThink with 90-days written notice pursuant to Sections 7.1 and 7.2 of its election to terminate the Partner Agreement and not to renew the Partner Agreement for a renewal term that would commence on September 30, 2017.

26.     On or about July 11, 2017, Plaintiff provided PureThink with written notice that the Partner Agreement was terminated pursuant to Section 7.2 of the Agreement due to PureThink's failure to timely cure the material breaches set forth in the May 30, 2017 letter ("Breach Notice").  A true and correct copy of this letter is attached hereto as **Exhibit B**.

27.     Plaintiff also reminded PureThink that several provisions in the Partner Agreement survived termination pursuant to Section 7.4 thereof.  This includes, Section 7.3, which provides that upon such termination

> all rights and licenses of Partner hereunder will terminate and Partner shall cease all communications with End Users regarding the Products; and (b) each party … will cease using any trademarks, service marks and other designations of the other party….

28.     In addition, Section 4.3.2 of the Partner Agreement survived termination.  This section provides that "up until thirty six (36) months after the termination or expiration of this Agreement, Partner may not develop, market, distribute or offer any services related to any Neo Technology Community Edition Products, derivative works of such products, or any Partner software code made to work with Neo Technology Community Edition Products (including, without limitation, hosting services, training, technical support, configuration and customization services, etc.)."

29.     Section 10 also survived termination and provides that "either party may assign this Agreement without the other party's consent to a parent or subsidiary of such party or in the case of a merger or sale of all or substantially all of its assets or stock."

Hopkins & Carley
Attorneys At Law
San Jose

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, FALSE DESIGNATION OF ORIGIN, AND INVASION OF PRIVACY

30.     In light of these continuing obligations, Plaintiff provided notice that it was terminating PureThink's rights and licenses under the Partner Agreement and insisted that PureThink immediately (a) cease representing that it is an authorized partner or reseller of NEO4J®; (b) cease all references to Government Edition of NEO4J®; (c) cease soliciting any current, former, or prospective End Users; (d) cease assisting in the procurement or renewal of any NEO4J® products, solutions, or services; and (e) cease providing any procurement support, FISMA services, software development services, or training services to Plaintiff's existing or prospective End Users.  A true and correct copy of this letter is attached hereto as **Exhibit C**.

31.     Plaintiff further expressly warned PureThink that the restrictions set forth in Section 4.3.2 of the Partner Agreement mean that

> PureThink must not develop, market, distribute or offer any services related to any Neo Technology Community Edition Products (defined in the Agreement as an open source version of a Neo software product, which includes, but is not limited to, GPL v3 licensed Neo4j Community Edition and AGPL v3 licensed Neo4j Enterprise Edition), derivative works of such products, or any PureThink software code made to work with Neo Technology Community Edition Products (including, without limitation, hosting services, training, technical support, configuration and customization services, etc.)

*See* Exhibit C.

32.     Finally, Plaintiff demanded that PureThink "cease using [Plaintiff's] trademarks, service marks, and other designations… and remove from PureThink's website(s) and marketing materials, [Plaintiff's]trademarks and tradenames, including, without limitation, Neo4j."  Plaintiff further advised that PureThink had "no rights to use [Plaintiff's] trademarks or tradenames and continued use of such trademarks and/or tradenames will constitute trademark infringement." *See* Exhibit C.

### DEFENDANTS' INFRINGEMENT OF THE NEO4J® MARK AND ONGOING BREACHES OF THE PARTNER AGREEMENT

33.     Since Plaintiff terminated the Partner Agreement, Defendants have engaged in acts that amount to the breach thereof and constitute violations of the Lanham Act.  These acts include using the NEOJ4® mark in an improper manner that falsely suggests the Plaintiff's authorization and/or sponsorship of Defendants' products and services.

34.     Plaintiff is informed and believed, and based thereon alleges that Suhy incorporated iGov on or about June 23, 2017 in response to the May 30th notice of breach, and in anticipation of Plaintiff's termination of the Partner Agreement, and to avoid the aforementioned continuing, agreed-upon restrictions placed on PureThink thereunder and the potential liability for breaching such restrictions.

35.     As of November 2017, iGov's website admitted this was Defendants' intent:

> PureThink, the company who created, managed and sold Neo4j Government Edition to all US Federal agencies has ceased their partnership with Neo Technology and Neo4j Government Edition has been retired.
>
> The principle behind PureThink and the Government Package has created a new corporate entity called iGov Inc, which is not a Neo4j Solution Partner. Because iGov Inc is not a solution partner, it can offer packages at great cost savings to US Government Agencies as it has no restrictions on working with Neo4j Enterprise open source licenses!
>
> iGov Inc and the new Government Package for Neo4j allows agencies to spend their money on developing innovative solutions around Neo4j, not paying for unnecessary production support before they even have a solution built that could be in production.

A true and correct copy of this archived webpage is attached hereto as **Exhibit D**.

36.     However, Plaintiff is informed and believed, and based thereon alleges that PureThink assigned the Partner Agreement as part of the transfer and/or sale of substantially all of its assets to iGov in conjunction with Suhy's incorporation of iGov.  Alternatively, iGov assumed PureThink's obligations under the Partner Agreement as its alter ego.  As a result, iGov became subject to the aforementioned contractual restrictions relating to the use of the NEO4J® mark and any resulting liability for the breach of such provisions in the Partner Agreement.

37.     Such breaches include the page titled "Graph Packages" on iGov's website directs to the domain "https://igovsol.com/**neo4j**.html" (emphasis added).  Use of NEO4J® in the domain is unnecessary in this instance as any number of generic terms could have been used in place of NEO4J®.  The use of NEO4J® as a part of a domain is for a purpose other than to reference Plaintiff or its NEO4J®-branded products and services, and is in fact misleading to confuse the source or origin of its own offerings to those of Plaintiff.  A true and correct copy of a screenshot of Defendants' unauthorized use of the NEOJ4® mark is attached hereto as **Exhibit E**.

38.     The iGov website (https://igovsol.com/downloads.html) contains a link in bold lettering: "**Download Neo4j Enterprise Here**" which redirects to iGov's own website (https://igovsol.com/downloads.html).  This bold texted link is a clear attempt to mislead and confuse the source or origin of NEO4J® software as originating from iGov.  A true and correct copy of a printout of this portion of iGov's website is attached hereto as **Exhibit F**.

39.     The top of iGov website at https://igovsol.com/neo4j.html prominently displays "Request Procurement Document Package" link that has "mailto:neo4j@igovsol.com" embedded in the html and creates an email addressed to "neo4j@igovsol.com" upon activation.  A true and correct copy of a printout of this portion of iGov's website is attached hereto as **Exhibit G**.  This link is a clear attempt by iGov to mislead and confuse consumers that it is somehow an authorized source of NEO4J® software and/or support packages for that software.

40.     The "Downloads" page on iGov's website (https://igovsol.com/downloads.html) also provides the same contact email address, neo4j@igovsol.com.  *See* Exhibit F.   iGov again references this email address in its blog (https://blog.igovsol.com/2017/11/14/Neo4j-330-is-out-but-where-are-the-open-source-enterprise-binaries.html): "Federal agencies should email us at **neo4j**@igovsol.com to get their AWS GovCloud download links which should be whitelisted for most agencies." (emphasis added).  The usage of "neo4j" as an email alias constitutes an unauthorized use of the NEO4J® mark, especially since more common descriptive or non-infringing terms such as "support@igovsol.com" and "sales@igovsol.com" should be readily available.  In fact, iGov uses info@igovsol.com elsewhere on its website as an email address for potential customers to inquire about iGov's services and products.

41.     iGov's website at https://igovsol.com/neo4j.html further advertises support services in violation of Section 4.3.2 of the Partner Agreement:

> *iGov Inc provides umbrella support across all the components of your Neo4j solution, including Neo4j itself*. For example, a solution using Neo4j Enterprise, Apache Kafka, Elastic Search, and custom micro-service architecture components are all covered under the umbrella support provided with these packages. The Neo4j commercial support subscriptions only cover Neo4j Enterprise.

* * *

842\3151570.6

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, FALSE DESIGNATION OF ORIGIN, AND INVASION OF PRIVACY

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

1
2
3
4
5

> The Government Packages for Neo4j include many of the leading technologies which are all covered under the umbrella package support. In many cases, this allows for agencies to start working with new technologies that would have usage restrictions if not part of a vendor supported package such as this. All libraries and repositories are kept on Amazon GovCloud and can be easily accessed once an agency whitelists the servers. Development packages include access to the newest libraries and repositories for the tools we package and support.

6   *See* Exhibit G.

7       42.     iGov's website at https://igovsol.com/neo4j.html also contains false and

8   misleading statements concerning the source of at least one NEO4J® software product: "Our

9   team is the same team that created Neo4j Enterprise Government Edition.  Further, we are the

10  same team that sold and supported every US Federal Government procurement of Neo4j

11  Enterprise Government Edition up until its retirement in July 2017."  *See* Exhibit G.  This

12  statement is untrue because neither PureThink nor Suhy created an authorized NEO4J® software

13  product entitled "Neo4j Enterprise Government Edition."  Instead, Defendants are improperly

14  rebranding Plaintiff's Neo4j Enterprise Edition without the authorization of Plaintiff.

15      43.     Plaintiff is informed and believes, and based thereon alleges that Suhy was the

16  moving, active conscious force behind the foregoing acts of infringement and false advertising by

17  iGov and PureThink.  Suhy either personally took part in the foregoing infringing activities or

18  specifically directed, controlled, ratified iGov's employees to engage in such infringing activities.

19                      **DEFENDANTS' OTHER MISCONDUCT**

20      44.     Between 2015 and 2018, employees of Plaintiff engaged in numerous telephone,

21  cellular and VOIP communications with Suhy, via Skype and/or GoToMeeting via his accounts at

22  jmsuhy@purethink.com.  These calls related to the Parties' business activities.

23      45.     In the Fall of 2016, Suhy informed Plaintiff's Director of Global Alliances (who

24  resides in California) that Suhy had recorded prior telephone conversations with him and other

25  employees of Plaintiff.  He then demanded that Suhy immediately cease recording the

26  conversation and confirmed that Suhy and PureThink did not have permission to record that

27  conversation or any other conversation with Plaintiff's employees.

28  / / /

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

842\3151570.6                          - 11 -

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, FALSE DESIGNATION OF ORIGIN, AND INVASION OF PRIVACY

46.     In or about February 7, 2018, Suhy admitted in an email exchange with Plaintiff's Vice President of Products that he recorded multiple calls with Plaintiff's Director of Global Alliances and Plaintiff's federal sales representative.

47.     On or about May 25, 2018, approximately mid-way through a 28-minute cellular phone call, Suhy informed Plaintiff's Vice President of Products that he was recording that call, as well as had recorded all of Suhy's prior conversations with him "as a matter of course." Neither Plaintiff's Vice President of Products nor any other employee of Plaintiff consented to the recording of the aforementioned communications.

## FIRST CAUSE OF ACTION

## TRADEMARK INFRINGEMENT – 15 U.S.C. § 1114

### (Against iGov Inc. and John Mark Suhy)

48.     Plaintiff incorporates and realleges the allegations set forth in paragraphs 1 through 47 of this Complaint as though fully set forth herein.

49.     Plaintiff has been actively using the NEO4J® mark in interstate commerce since at least as early as 2007.  Plaintiff's graph database solutions and software and related supported services offered under the NEO4J® mark has enjoyed and continues to enjoy extensive recognition among customers, reviewers and industry professionals in the marketplace.

50.     Plaintiff currently offers, and has a long and established history of offering graph database solutions and software and related services, both directly and through authorized Neo4j® Solution Partners under the distinctive NEO4J® mark.  Through favorable acceptance and recognition by customers, reviewers and industry professionals, the NEO4J® mark has come to be associated in the public with Plaintiff, have become an asset of substantial value to Plaintiff, and a symbol of its high quality, industry leading graph database solutions and software and related services, as garnered substantial goodwill.

51.      Plaintiff's graph database solutions and software and related services offered under the NEO4J® mark are advertised via print publications, over the Internet through Plaintiff's website and through third-party websites and blogs, paid advertising on LinkedIn,

/ / /

842\3151570.6

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

Twitter, Facebook, and elsewhere, as well as via mobile applications and publications, physical billboards, and signage at both company-branded and third-party events.

52. Plaintiff has expended considerable time, money and effort in advertising and promoting its graph database solutions and software and related support services under the NEO4J® mark among consumers and authorized Neo4j® Solution Partners. Consequently, Plaintiff has developed substantial and exclusive goodwill and reputation in connection with the NEO4J® mark for its graph database solutions and software and related support services.

53. As a result of these expenditures, combined with substantial sales of Plaintiff's graph database solutions and software and related support services under the NEO4J® mark, the relevant consuming public and likely customers have come to recognize the NEO4J® mark as favorably distinguishing Plaintiff's graph database solutions and software and related support services from those of its competitors.

54. Due to this widespread public use and recognition, the NEO4J® mark has become an asset of significant value and goodwill, and a successful indicator of the source of Plaintiff's graph database solutions and software and related support services.

55. iGov's software and related support services directly compete with Plaintiff's graph database solutions and software and related support services offered and sold under Plaintiff's NEO4J® mark. The customers and users, and potential users and consumers of Plaintiff's graph database solutions and software and related support services offered and sold under Plaintiff's NEO4J® mark are identical to the user and customers and potential users and customers of iGov's graph database solutions and software and related support services.

56. iGov and Suhy have actual knowledge of Plaintiff's rights in the NEO4J® mark and are willfully infringing and intentionally adopted and used these mark in commerce without Plaintiff's consent in connection with the sale, offering for sale, distribution and advertising of competing graph database solutions and software and related support services. iGov's software and related support services have been disseminated and distributed through various means including, without limitation, sales and solicitations through iGov's Internet interactive website and other third party websites, including within this District.

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, FALSE DESIGNATION OF ORIGIN, AND INVASION OF PRIVACY

57.     iGov and Suhy's willful, intentional and unauthorized use of the NEO4J® mark in conjunction with the sale and advertising of iGov's graph database solutions and software and related support services is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of Plaintiff's graph database solutions and software and related support services.

58.     iGov and Suhy's activities constitute willful trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

59.     The injuries and damages sustained by Plaintiff have been directly and proximately caused by iGov and Suhy's wrongful sale, offering for sale, distribution, or advertising of its products services in conjunction with their unauthorized use of Plaintiff's NEO4J® mark.  Specifically, Plaintiff has been damaged in an amount according to proof at trial, but in no event less than the approximate amount of $400,000, plus interest thereon under applicable law.

60.     As iGov and Suhy's acts are likely to continue, the award of money damages alone will not adequately compensate Plaintiff.  By their unauthorized use of the NEO4J® mark and refusal to cease such use, iGov and Suhy have caused, and will continue to cause irreparable harm, damages and injury to Plaintiff.  Plaintiff's injuries will continue unless restrained by order of this Court.  Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief.

## SECOND CAUSE OF ACTION

### FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING – 15 U.S.C. § 1125(a)

### (Against iGov Inc. and John Mark Suhy)

61.     Plaintiff incorporates and realleges the allegations set forth in paragraphs 1 through 60 of this Complaint as though fully set forth herein.

62.     iGov and Suhy's actions constitute a false designation of origin and false advertising under 15 U.S.C. § 1125(a), which is likely to cause confusion, mistake or to deceive and has confused and deceived consumers into believing that iGov's goods and services are affiliated with, sponsored by, or somehow connected with Plaintiff and/or Plaintiff's NEO4J®

/ / /

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

842\3151570.6

- 14 -

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, FALSE DESIGNATION OF ORIGIN, AND INVASION OF PRIVACY

mark, and, as a consequence, are likely to divert customers away from Plaintiff and/or its authorized NEO4J® Solution Partners.

63.     iGov and Suhy's unlawful activities reflect adversely on Plaintiff because it has no control over the nature and quality of the services and products advertised and sold by iGov, and as the believed source of origin, Plaintiff's efforts to continue to protect its reputation for high quality graph database solutions and software and related support services sold under the NEO4J® mark will be hampered, resulting in the loss of goodwill and sales, to the irreparable harm of Plaintiff.

64.     Further, any failure, neglect, or default by iGov and Suhy in providing authorized NEO4J® products and services will continue to reflect adversely on Plaintiff as the believed source of origin thereof, hampering efforts by Plaintiff to continue to protect its outstanding reputation for high quality graph database solutions and software and software-related services, resulting in loss of customers and partners, as well as the loss of goodwill and sales, all to the irreparable harm of Plaintiff.

65.     The actions of iGov and Suhy as alleged herein constitute intentional, willful, knowing and deliberate false designation of origin and false advertising pursuant to 15 U.S.C. § 1125(a).

66.     iGov and Suhy's willful, intentional and unauthorized use of the NEO4J® mark is likely to cause and is causing confusion, mistake, and deception as to the origin and quality of iGov's software products and software-related services.

67.     The injuries and damages sustained by Plaintiff have been directly and proximately caused by iGov and Suhy's wrongful and misleading sale, offering for sale, distribution, or advertising of its software products and software-related services.  Specifically, Plaintiff has been damaged in an amount according to proof at trial, but in no event less than the approximate amount of $400,000, plus interest thereon under applicable law.

68.     As iGov and Suhy's acts are likely to continue, the award of money damages alone will not adequately compensate Plaintiff.  By their false designation of origin and false advertising, and refusal to cease the use of Plaintiff's NEO4J® mark, iGov and Suhy have

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, FALSE DESIGNATION OF ORIGIN, AND INVASION OF PRIVACY

1  caused, and will continue to cause irreparable harm, damages and injury to Plaintiff.  Plaintiff's

2  injuries will continue unless restrained by order of this Court.  Accordingly, Plaintiff is entitled to

3  preliminary and permanent injunctive relief.

4  **THIRD CAUSE OF ACTION**

5  **UNFAIR COMPETITION – 15 U.S.C. § 1125(a)**

6  **(Against iGov Inc. and John Mark Suhy)**

7  69.    Plaintiff incorporates and realleges the allegations set forth in paragraphs 1

8  through 68 of this complaint as though fully set forth herein.

9  70.    iGov and Suhy's conduct described and alleged in this complaint constitutes unfair

10  competition and fraudulent business practices in violation of 15 U.S.C. § 1125.  iGov and Suhy

11  are deliberately, intentionally and unlawfully exploiting Plaintiff's NEO4J® mark and consumer

12  goodwill for the benefit of iGov's own software and related support services.

13  71.    iGov and Suhy's use of the NEO4J® mark in conjunction with iGov's business

14  constitutes the use of a word, term, name, or any combination thereof, that is likely to cause

15  confusion, mistake, or deception as to the affiliation, connection, origin, sponsorship, approval

16  and/or association of iGov and its software products and software-related services with Plaintiff,

17  within the meaning of 15 U.S.C. § 1125(a)(1).

18  72.    In addition, iGov and Suhy's use of the NEO4J® mark constitutes a commercial

19  use that causes actual and/or likely dilution of the distinctive quality of Plaintiff's NEO4J® marks

20  by lessening the capacity of the NEO4J® mark to identify Plaintiff and distinguish its software

21  products and software-related services.  iGov and Suhy knowingly traded on Plaintiff's reputation

22  after Plaintiff's NEO4J® mark had become well known.

23  73.    As a direct and proximate result of iGov and Suhy's acts and misconduct, Plaintiff

24  is informed and believes, and thereon alleges, that customers and prospective customers have

25  been confused and misled, deceived and mistaken as to the source or sponsorship of iGov's

26  unauthorized software products and software-related services, and have been deterred from

27  purchasing Plaintiff's graph database solutions and software and related support services, in

28  disruption of Plaintiff's business activities.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

842\3151570.6

- 16 -

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING,
FALSE DESIGNATION OF ORIGIN, AND INVASION OF PRIVACY

74.     Plaintiff has therefore been damaged and is likely to suffer further damage in an amount to be proven at trial, but in excess of the minimum jurisdiction of this Court.  In particular, Plaintiff is entitled to, without limitation, damages for its loss of sales and goodwill, as well as recovery of any and all profit derived by iGov and Suhy through their wrongful acts in an amount according to proof at trial, but in no event less than the approximate amount of $400,000, plus interest thereon under applicable law.

75.     As iGov and Suhy's wrongful acts are likely to continue, the award of money damages alone will not adequately compensate Plaintiff.  By their use of the NEO4J® mark, iGov and Suhy have caused, and will continue to cause irreparable harm, damages and injury to Plaintiff.  Plaintiff's injuries will continue unless restrained by order of this Court.  Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief.

## FOURTH CAUSE OF ACTION

### UNFAIR COMPETITION – Cal. Bus. Prof. Code §§ 17200 et seq.

### (Against iGov Inc. and John Mark Suhy)

76.     Plaintiff incorporates and realleges the allegations set forth in paragraphs 1 through 75 of this complaint as though fully set forth herein.

77.     Plaintiff is informed and believes, and thereon alleges, that iGov and Suhy conduct business within California, including, without limitation, the advertising and distribution of iGov's products and services through its headquarters and over iGov's interactive internet website.

78.     iGov and Suhy's conduct described and alleged in this Complaint constitutes unfair, unlawful, and fraudulent business practices in violation of California Business & Professions Code §§ 17200 et seq.

79.     iGov and Suhy knew or reasonably should have known that use of NEO4J® mark deceives and/or confuses customers into believing that iGov's software and software related services are produced, endorsed, affiliated and/or associated with Plaintiff.

/ / /

/ / /

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

842\3151570.6

- 17 -

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, FALSE DESIGNATION OF ORIGIN, AND INVASION OF PRIVACY

80.     Plaintiff is informed and believes, and thereon alleges, that iGov and Suhy's misuse of the NEO4J® mark was an intentional and deliberate attempt to trade on the Plaintiff's goodwill.

81.     As a direct and proximate result of iGov and Suhy's wrongful acts, Plaintiff is informed and believes, and thereon alleges, that customers and prospective customers have been confused and misled, deceived and mistaken as to the source or sponsorship of iGov's unauthorized software products and services, and have been deterred from purchasing and/or using Plaintiff's NEO4J® software and services, in disruption of Plaintiff's business activities. Plaintiff has therefore been damaged and is likely to suffer further damage in an amount to be proven at trial, and is entitled to the remedies available under Business and Professions Code § 17200 et seq., including but not limited to injunctive relief and restoration of money or property acquired by means of iGov and Suhy's wrongful acts.

## FIFTH CAUSE OF ACTION

### BREACH OF CONTRACT

### (Against Defendant PureThink LLC and iGov Inc.)

82.     Plaintiff incorporates and realleges the allegations set forth in paragraphs 1 through 81 of this complaint as though fully set forth herein.

83.     The Partner Agreement constitutes a valid and enforceable contract between Plaintiff and PureThink.

84.     Under Section 4.1 of the Partner Agreement, Plaintiff provided PureThink with a non-exclusive, non-transferable limited license during the term of the Partner Agreement to, *inter alia*, use the NEOJ4® mark solely to market and promote Plaintiffs' products.

85.     Section 7.3 of the Partner Agreement further provided that all rights and licenses to Plaintiff's software products and the NEOJ4® mark would terminate upon the expiration or termination of the Partner Agreement, and upon such an event, PureThink agreed to "cease all communications with End Users regarding the Products" and "cease using any trademarks, service marks and other designations of Plaintiffs" including the NEOJ4® mark.

/ / /

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

842\3151570.6

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, FALSE DESIGNATION OF ORIGIN, AND INVASION OF PRIVACY

86.     Under Section 4.3.2 of the Partner Agreement, PureThink further agreed and understood that for a period of 36 months after termination of the Partner Agreement, it would not "develop, market, distribute or offer any services related to any [Neoj4®] Community Edition Products, derivative works of such products, or any [PureThink] software code made to work with [Neoj4®] Community Edition Products (including, without limitation, hosting services, training, technical support, configuration and customization services, etc.)."

87.     The foregoing provisions were intended and necessary to protect Plaintiff's legitimate business interests in its goodwill and intellectual property and survived termination pursuant to Section 7.4 of the Partner Agreement.  Therefore, PureThink and its successors and assigns continue to be bound by such restrictions.

88.     Plaintiff is informed and believed, and based thereon alleges that iGov is bound by the aforementioned restrictions as PureThink's successor-in-interest, assign, acquirer of substantially all of PureThink's assets as contemplated by Section 10 of the Partner Agreement and/or as PureThink's alter ego.

89.     Plaintiff has performed every promise and condition required to be performed by it pursuant to the Partner Agreement except any which were or would be excused or prevented by the breaches of PureThink and iGov as set forth herein.

90.     PureThink and iGov have willfully and with conscious disregard for the contractual obligations owed to Plaintiff breached the Partner Agreement by (a) their unauthorized use of the NEOJ4® mark in conjunction with the sale and advertising of iGov's graph database solutions and software and related support services, and (b) deceptively offering support and development services related to Neoj4® Community Edition Products and derivative works of such products.  Their breaches of the Partner Agreement also include falsely suggesting Plaintiff's authorization and/or sponsorship of PureThink and iGov's products and services and misleading consumers regarding their prior contributions to NEOJ4®-branded products.

91.     The misconduct and breaches alleged above also constitute violations of the covenant of good faith and fair dealing implied in the Partner Agreement, because those activities injured and frustrated the right of Plaintiff to the benefits of the Partner Agreement.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

842\3151570.6

- 19 -

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, FALSE DESIGNATION OF ORIGIN, AND INVASION OF PRIVACY

92.     As a direct and proximate result of PureThink and iGov's breaches of contract, Plaintiff has been damaged in an amount according to proof at trial, but in no event less than the approximate amount of $400,000, plus interest thereon under applicable law.

93.     As a direct and proximate result of PureThink and iGov's breaches of contract, Plaintiffs has suffered irreparable injury and harm and will continue to suffer such injury and harm unless and until PureThink and iGov are enjoined from further misuse and infringement of the NEOJ4® mark.

94.     PureThink and iGov have derived, received, and will continue to derive and receive from the aforementioned breaches of contract, gains, profits and advantages, many of which are not presently known to Plaintiff.  Unless restrained and enjoined by the Court, PureThink and iGov will continue to breach the Partner Agreement.  PureThink and iGov is therefore entitled to injunctive relief or specific performance, as well as damages as provided by law and the Partner Agreement.

## SIXTH CAUSE OF ACTION

### INVASION OF PRIVACY – CAL. PENAL CODE §§ 632, 637.2

#### (Against PureThink LLC and John Mark Suhy)

95.     Plaintiff incorporates and realleges the allegations set forth in paragraphs 1 through 47 of this complaint as though fully set forth herein.

96.     Unbeknownst to Plaintiff and its employees, between 2015 and 2018, PureThink and Suhy intentionally recorded their conversations and audible communications transmitted over various electronic and telephonic devices with employees of Plaintiff by using an electronic device.  Plaintiff's employees utilized cellular devices to communicate with PureThink and Suhy for one or more of these communications.

97.     Plaintiff and its employees were located and/or resided in California at the time that these communications occurred.

/ / /

/ / /

/ / /

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, FALSE DESIGNATION OF ORIGIN, AND INVASION OF PRIVACY

98.     These communications related sensitive aspects of the Plaintiff's business, including confidential customer information, private financial information, and other confidential business information.  Plaintiff and its employees thus had a reasonable expectation that these communications were not being recorded by PureThink and Suhy.

99.     At no time did Plaintiff or its employees consent to the recording of any of their communications with PureThink and Suhy.  Rather, in the Fall of 2016, Plaintiff instructed PureThink and Suhy not to record any of their calls and confirmed that PureThink and Suhy that did not have permission record any audible communications with Plaintiff.  Notwithstanding these demands, PureThink and Suhy continued to secretly record their calls with Plaintiff for the next two years without first obtaining Plaintiff's consent.

100.    Plaintiff is informed and believed, and based thereon on allege that PureThink and Suhy intentionally recording such conversations and audible communications with the intent to disclose those recordings to third parties and/or the general public that would not otherwise be privy to or have a right to listen to such communications.

101.    Plaintiff is informed and believed, and based thereon on allege that PureThink and Suhy intentionally recording such conversations and audible communications with the intent to cause harm to Plaintiff.

102.    Plaintiff seeks statutory damages in the amount $5,000 per incident of unauthorized recording as authorized by Cal. Penal Code § 637.2.

103.    As PureThink and Suhy's wrongful acts are likely to continue due to their unauthorized possession of the aforementioned recordings, the award of money damages alone will not adequately compensate Plaintiff.  By possessing aforementioned recordings, PureThink and Suhy have caused, and will continue to cause irreparable harm, damages and injury to Plaintiff.  Plaintiff's injuries will continue unless restrained by order of this Court.  Accordingly, Plaintiff is entitled to preliminary and permanent injunctive relief.

/ / /

/ / /

/ / /

Hopkins & Carley
Attorneys At Law
San Jose

842\3151570.6

- 21 -

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, FALSE DESIGNATION OF ORIGIN, AND INVASION OF PRIVACY

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     For compensatory damages in an amount to be proven at trial, in amount no less than $400,000, and that the amount of damages for infringement of Plaintiff's NEO4J® mark be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

2.     For an award of all profits heretofore realized by Defendants during their infringing use of the NEO4J® mark pursuant to 15 U.S.C. § 1117 and other applicable laws and statutes;

3.     For reasonably attorneys' fees and costs pursuant to 15 U.S.C. § 1117 and/or 18 U.S.C. § 2520(b)(3);

4.     Compensatory damages according to proof for Defendants' breaches of contract, but in amount no less than $400,000;

5.     Disgorgement and restitution of Defendants' ill-gotten gains;

6.     For a preliminary and permanent injunction restraining Defendant, its officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by through, under, or in active concert with them temporarily, preliminarily, and permanently enjoined and restrained from use of the NEO4J® mark;

7.     For interest as allowed by law;

8.     For cost of suit herein incurred; and

9.     For such other and further relief as this Court may deem proper.

Dated:  November 28, 2018                    HOPKINS & CARLEY
                                             A Law Corporation


                                             By: */s/ Jeffrey M. Ratinoff*
                                                 John V. Picone III
                                                 Jeffrey M. Ratinoff
                                                 Attorneys for Plaintiff
                                                 NEO4J, INC.

842\3151570.6

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING, FALSE DESIGNATION OF ORIGIN, AND INVASION OF PRIVACY

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff Neo4j, Inc. hereby demands trial by jury for all causes of action presented herein

3   pursuant to Fed. R. Civ. P. 38.

4   Dated: November 28, 2018                      HOPKINS & CARLEY
                                                   A Law Corporation
5

6                                                  By: */s/ Jeffrey M. Ratinoff*

7                                                     John V. Picone III
                                                      Jeffrey M. Ratinoff
8                                                     Attorneys for Plaintiff
                                                      NEO4J, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, FALSE ADVERTISING,
FALSE DESIGNATION OF ORIGIN, AND INVASION OF PRIVACY

EXHIBIT A

# United States of America

## United States Patent and Trademark Office

# NEO4J

**Reg. No. 4,784,280**

**Registered Aug. 4, 2015**

**Int. Cls.: 9, 35, 41, 42 and 45**

**TRADEMARK**

**SERVICE MARK**

**PRINCIPAL REGISTER**

NEO TECHNOLOGY (DELAWARE CORPORATION)
111 E. 5TH AVE.
SAN MATEO, CA 94401

FOR: COMPUTER PROGRAMS FOR MANAGING, STORING, AND ACCESSING DATA FROM A DATABASE, ANALYZING DATA IN COMPUTER DATABASES FOR BUSINESS PURPOSES, PROCESSING IN THE NATURE OF UPDATING DATA IN COMPUTER DATABASES, AND VISUALIZING IN THE NATURE OF CREATING GRAPHS FROM DATA STORED IN DATABASES; COMPUTER PROGRAMS FOR STORING, MANAGING, AND QUERYING DATA FROM DATABASES ON COMPUTERS, COMPUTER NETWORKS, AND GLOBAL COMPUTER NETWORKS, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 6-4-2006; IN COMMERCE 5-28-2007.

FOR: CONSULTING SERVICES AND ADVICE IN THE FIELD OF UPDATING AND MAIN-TENANCE OF DATA IN COMPUTER DATABASES , IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 6-4-2006; IN COMMERCE 5-28-2007.

FOR: EDUCATIONAL SERVICES, NAMELY, CONDUCTING TRAINING CLASSES, CERTI-FICATION TRAINING, WORKSHOPS, TUTORIAL SESSIONS, AND ONLINE CLASSES IN THE FIELDS OF DESIGNING COMPUTER DATABASES AND UPDATING AND MAINTEN-ANCE OF DATA IN COMPUTER DATABASES, AND DISTRIBUTING COURSE MATERIALS IN CONNECTION THEREWITH; PROVIDING TRAINING SERVICES IN THE FIELDS OF DESIGNING COMPUTER DATABASES AND UPDATING AND MAINTENANCE OF DATA IN COMPUTER DATABASES, AND DISTRIBUTING COURSE MATERIALS IN CONNECTION THEREWITH, IN CLASS 41 (U.S. CLS. 100, 101 AND 107).

FIRST USE 6-4-2006; IN COMMERCE 5-28-2007.

FOR: PROVIDING A WEB SITE FEATURING TECHNOLOGY THAT ENABLES END USERS TO STORE, MANAGE, AND QUERY DATA FROM DATABASES ON COMPUTERS, COM-PUTER NETWORKS, AND GLOBAL COMPUTER NETWORKS; CLOUD COMPUTING FEATURING SOFTWARE FOR USE IN MANAGING, STORING, AND ACCESSING DATA FROM A DATABASE, ANALYZING DATA IN COMPUTER DATABASES FOR BUSINESS PURPOSES, PROCESSING IN THE NATURE OF UPDATING DATA IN COMPUTER



*Michelle K. Lee*

Director of the United States
Patent and Trademark Office

**Reg. No. 4,784,280** DATABASES, AND VISUALIZING IN THE NATURE OF CREATING GRAPHS FROM DATA STORED IN DATABASES; TECHNICAL SUPPORT SERVICES, NAMELY, INSTALLATION, ADMINISTRATION, AND TROUBLESHOOTING OF DATABASE APPLICATIONS; COMPUTER SERVICES, NAMELY, PROVIDING CONSULTATION SERVICES AND ADVICE IN THE FIELDS OF DESIGNING COMPUTER DATABASES, IN CLASS 42 (U.S. CLS. 100 AND 101).

FIRST USE 6-4-2006; IN COMMERCE 5-28-2007.

FOR: CONSULTING SERVICES AND ADVICE IN THE FIELD OF MAINTAINING THE SECURITY AND INTEGRITY OF DATABASES, IN CLASS 45 (U.S. CLS. 100 AND 101).

FIRST USE 6-4-2006; IN COMMERCE 5-28-2007.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SER. NO. 86-267,006, FILED 4-30-2014.

SIMON TENG, EXAMINING ATTORNEY

<div style="border">

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

</div>

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date.  *See* 15 U.S.C. §§1058, 1141k.  If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:*  You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse)  **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:**  The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date).   The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations.   *See* 15 U.S.C. §§1058, 1141k.  However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration.   *See* 15 U.S.C. §1141j.  For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:  Fees and requirements for maintaining registrations are subject to change.  Please check the USPTO website for further information.  With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE:  A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at**  http://www.uspto.gov.

EXHIBIT B



111 East Fifth Avenue.
San Mateo, CA 94401
(855) 636 - 4532

May 30, 2017

PureThink LLC
4202 Adrienne Dr.
Alexandria, VA 22309
Attn: John Mark Suhy Jr.

To Mr. Suhy:

Re: PureThink LLC's ("PureThink") breach of Neo4j Solution Partner Agreement with Neo Technology, Inc. ("Neo Technology") dated September 30, 2014 ("Agreement")

I am writing on behalf of Neo Technology. As we have discussed and as you know, PureThink is prohibited from using any Neo Technology open source products and from developing, marketing distributing or offering any services related to any Neo Technology open source products as set forth in Section 4.3 of the Agreement. From your own admissions in conversations with both John Broad and Jason Zagalsky, PureThink uses Neo Technology open source products and has distributed and performed services on, and continues to perform services on, Neo Technology open source products for the Internal Revenue Service. PureThink has also stated its intent to market and create a consulting business around Neo Technology open source products.

Thus, the purpose of this letter is to provide PureThink with a formal notification of PureThink's material breach of the Agreement under Section 7.2 of the Agreement. If PureThink fails to cure this breach within thirty (30) days of the date of this letter by both: (i) entering into an order form for the Internal Revenue Service's use of Neo4j software with Neo Technology in the form provided by Neo Technology and paying the applicable fees to Neo Technology, (ii) executing the proposed amendment to the Agreement and (iii) ceasing all use of all Neo Technology open source products and ceasing all marketing, distribution, development and services of or for any Neo Technology open source products to Neo Technology's satisfaction except as expressly set forth in the proposed amendment to the Agreement, then the Agreement is and will be automatically terminated. Such termination will be effective on the thirtieth day after the date of this letter (whether or not Neo Technology provides a subsequent termination notice to PureThink).

If the Agreement terminates as set forth herein, we would like to remind you of your continuing obligations under the Agreement as set forth in Section 7.4 of the Agreement.

Neo Technology further reserves all of its rights and remedies at law and equity under the Agreement and does not waive any rights under the Agreement.

If you have any questions regarding this letter, please contact John Broad at john.broad@neotechnology.com.

Sincerely,

LARS NORDWALL
5E96923E4E88643E

Neo Technology, Inc.

By: LARS NORDWALL

EXHIBIT C



111 East Fifth Avenue
San Mateo, CA 94401
(855) 636 - 4532

July 11, 2017

PureThink LLC
Attn: John Mark Suhy Jr.
4202 Adrienne Dr.
Alexandria, VA 22309

To Mr. Suhy:

Re:    Termination of Neo4j Solution Partner Agreement between PureThink LLC ("PureThink") and Neo4j, Inc. formerly
       Neo Technology, Inc. ("Neo ") dated September 30, 2014 ("Agreement") due to PureThink's uncured breach

Neo hereby notifies PureThink that the Agreement is immediately terminated pursuant to Section 7.2 of the Agreement.
As you are aware, PureThink failed to timely cure its numerous material breaches set forth in our letter dated May 30,
2017 ("Breach Notice") or to otherwise respond to Neo's attempts to delay termination of the Agreement.

With the termination of the Agreement, Neo would like to remind PureThink of its continuing obligations as set forth in
Section 7.4 of the Agreement.  Critically, as PureThink's rights and licenses under the Agreement have terminated,
PureThink must immediately cease representing that it is an authorized partner or reseller of Neo, including without
limitation, ceasing all references to Government Edition of Neo4j, soliciting any current, former, or prospective End Users
(including Sandia National Lab, IRS, MPO and FBI), assisting in the procurement or renewal of any of Neo's products,
solutions, or services, or providing any procurement support, FISMA services, software development services, or training
services to Neo's existing or prospective End Users.

Additionally, as set forth in the Agreement, for thirty six (36) months after the termination of this Agreement, PureThink
must not develop, market, distribute or offer any services related to any Neo Technology Community Edition Products
(defined in the Agreement as an open source version of a Neo software product, which includes, but is not limited to, GPL
v3 licensed Neo4j Community Edition and AGPL v3 licensed Neo4j Enterprise Edition), derivative works of such products,
or any PureThink software code made to work with Neo Technology Community Edition Products (including, without
limitation, hosting services, training, technical support, configuration and customization services, etc.).

PureThink must also return all Confidential Information in its possession, custody, and control and cease using Neo's
trademarks, service marks, and other designations.  Neo therefore demands that PureThink immediately cease and desist
all uses of, and remove from PureThink's website(s) and marketing materials, Neo's trademarks and tradenames,
including, without limitation, Neo4j.  PureThink has no rights to use Neo's trademarks or tradenames and continued use of
such trademarks and/or tradenames will constitute trademark infringement.

Neo further reserves all of its rights and remedies at law and equity under the Agreement, including without limitation
invoking its audit rights under the Agreement.  Neo does not waive any rights under the Agreement, and this termination is
not intended to and does not affect any prior or other termination rights or notices provided under the Agreement.

If you have any questions regarding this letter, please contact John Broad at john.broad@neotechnology.com.

Sincerely,

DocuSigned by:

*LARS NORDWALL*

5E9692354E8643E...

Neo4j, Inc.
By:_____
           LARS NORDWALL

EXHIBIT D



# Neo4j Government Edition News

If your agency was planning on procuring Neo4j Government Edition, then please checkout iGov Inc's new **Government Package** for Neo4j (https://web.archive.org/web/20171102094315/https://igovsol.com/neo4j.html).

PureThink, the company who created, managed and sold Neo4j Government Edition to all US Federal agencies has ceased their partnership with Neo Technology and Neo4j Government Edition has been retired.

The principle behind PureThink and the Government Package has created a new corporate entity called **iGov Inc**, which is not a Neo4j Solution Partner. Because iGov Inc is not a solution partner, it can offer packages at great cost savings to US Government Agencies as it has no restrictions on working with Neo4j Enterprise open source licenses!

iGov Inc and the new **Government Package** for Neo4j allows agencies to spend their money on developing innovative solutions around Neo4j, not paying for unnecessary production support before they even have a solution built that could be in production.

iGov Inc's new **Government Package** for Neo4j can be added to any Neo4j instance making it a "Government Edition". By default, all Government Packages for Neo4j now comes with Neo4j Enterprise included under it's open source license!

Learn More about iGov Inc and it's new Government Package for Neo4j (https://web.archive.org/web/20171102094315/ht

## **WHO** WE ARE

PureThink is a software development company established in 2002 and located in Reston, Va. It is part of the Dulles High Tech corridor and Washington, DC Metro area.

## DISTINGUISHERS

- Solid past performance in Federal, DOD, and commercial spaces.
- Our management team is comprised of highly experienced technology professionals.
- No off-shoring : Because we focus on the US Government exclusively, our resources are all located in the USA and have the ability to be cleared or already hold clearances.
- Extensive domain knowledge, adaptability, and experience in emerging technologies, methodologies and processes.
- Security focused. All of our software development professionals must go through security training. We were 2011 RSA speakers regarding continuous monitoring and the cloud.
- Our company is well established with over 12 years in business.

### General Contact

(703) 348-3968

✉ info@purethink.com (mailto:info@purethink.com)

📍 1902 Campus Commons Drive Suite 101 Reston, VA 20191

### Customer Support

Toll Free: **+1 (855) 979-7771**

✉ support@purethink.com (mailto:support@purethink.com)

See our support page (support.html) for more information.

INTERNET ARCHIVE
WayBackMachine
(/web/)
http://purethink.com:80/
112 captures (/web/*/http://purethink.com:80/)
14 Dec 2001 - 5 Aug 2018

## PHILOSOPHY

To help you succeed, we believe in working closely and cooperatively with our clients. Our goal is to ensure everyone on the same page regarding project status, methods and tasks. Our approach is to develop software according to an Agile methodology which means we emphasize people and interaction rather than complicated processes and endless documentation.

## RESULTS

Our mission is to bring the greatest value to our clients by leveraging our considerable depth of resources and experience. We align our approach to the specific business drivers of each business with whom we tailor solutions to best suit different cultural environments, industries, and market conditions. We focus on business strategy implementation, not business strategy development.

### DUNS & CAGE Information

- DUNS: 147591627
- CAGE Code: 5KLU9

### NAICS Codes

- 511210 Software Reseller
- 541511 Software Development
- 541512 Systems Integration / CAD / CAM / LAN
- 541519 Software Installation / Disaster Recover
- 611420 Software Training
- 541330 Engineering Services

### SIC Codes

- 5045 Computers and Computer Peripheral Equipment and Software
- 7371 Computer Programming Services
- 7372 Prepackaged Software
- 7373 Computer Integrated Systems Design
- 7378 Computer Maintenance and Repair
- 7379 Computer Related Services, Not Elsewhere Classified

## About PureThink

PureThink is a software development company established in 2002 and located in Reston, Va. We focus on bringing innovative technologies to US Federal and State government agencies.

CONTACT US

**(703) 348-3968**

✉ info@purethink.com (mailto:info@purethink.com)

📍 1902 Campus Commons Drive Suite 101 Reston, VA 20191

PURETHINK (index.html)   © 2017 PureThink Corp All Rights Reserved.

EXHIBIT E



HOME   **GRAPH PACKAGES**   ABOUT US   SUPPORT   DOWNLOADS   BLOG

**Proven past performance and value supporting Neo4j Enterprise open source licensed distributions.**
Our team has been providing Neo4j support to US Federal agencies for many years, and we now only offer commercial equivelent support packages for Neo4j Enterprise open source licensed distributions.

Request Procurement Document Package

Our team is the same team that created Neo4j Enterprise Government Edition. Further, we are the same team that sold and supported every US Federal Government procurement of Neo4j Enterprise Government Edition up until its retirement in July 2017.

We only focus on only supporting 100% free and open source ONgDB Enterprise & Neo4j Enterprise open source licensed distributions. Not only does this cut down on unecessary commercial license costs, the open source licenses do not place any restrictions on the number of cluster instances or cores like the commercial licenses do.

## Open source graph packages

Did you know that the Neo4j Enterprise commercial packages available from Neo4j Inc and their partners are essentially support offerings?

Are you aware that, unlike the commercial licensed options, the Neo4j Enterprise open source AGPL license does not place any restrictions on the number of cluster instances and cores?

iGov Inc's open source enterprise packages provide a better value than Neo4j Enterprise commercial support subscriptions because 100% of the cost goes to support and development services, not unecessary and more restrictive

EXHIBIT F

 (index.html) 

# Downloads

We've made the move from Neo4j Enterprise branded open source distributions to the GraphFoundation ONgDB Enterprise branded distributions for our clients and internal projects.

Open Native Graph DB (ONgDB) is a non-restrictive fork of Neo4j, the world's leading Graph Database.

ONgDB is a drop in replacement for Neo4j Enterprise distributions of the same version, just a different name, and guaranteed to stay free and open under the none profit Graph Foundation.

## NEW!! (October 14th, 2018) ONgDB Enterprise 3.4.9 is out!

Read all about it's new and innovative features at Neo4j's official website here (https://neo4j.com/whats-new-in-neo4j/). (ONgDB )

Download the open source enterprise distributions below or at the GraphFoundation ONgDB download page (https://www.graphfoundation.org/projects/ongdb/).

If you would like us to compile a specific version of ONgDB or Neo4j branded enterprise open source distributions (ex: 3.2.1), please contact us at neo4j@igovsol.com (mailto: neo4j@igovsol.com).

## ONGDB ENTERPRISE 3.4.9 (FREE AND OPEN UNRESTRICTED NEO4J ENTERPRISE FORK) ARE OUT!

AGPLv3 Open Source License, no limitations on causal cluster instances, cores, or production usage. October 14th, 2018 Neo4j's Release Notes (https://neo4j.com/release-notes/neo4j-3-4-9/) | Neo4j's Whats New Page (https://neo4j.com/whats-new-in-neo4j/)

| | |
|---|---|
| Mac/Linux | ongdb-enterprise-3.4.9-unix.tar.gz (https://cdn.graphfoundation.org/ongdb/dist/ongdb-enterprise-3.4.9-unix.tar.gz) |
| Windows 64 bit | ongdb-enterprise-3.4.9-windows.zip (https://cdn.graphfoundation.org/ongdb/dist/ongdb-enterprise-3.4.9-windows.zip) |



Windows 32    ongdb-enterprise-3.4.9-windows.zip (https://cdn.graphfoundation.org/ongdb/dist/ongdb-
              ise-3.4.9-windows.zip)
              (index.html)

Docker        ongdb 3.4.9 Enterprise Docker Hub (https://hub.docker.com/r/graphfoundation/ongdb-
Image         enterprise/)

```
docker run \
    --publish=7474:7474 --publish=7687:7687 \
    --volume=$HOME/neo4j/data:/data \
    graphfoundation/ongdb-enterprise:3.4

Go to:  http://localhost:7474
```

Neo4j Enterprise Commercial Prices Blog Post (https://blog.igovsol.com/2018/01/10/Neo4j-Commercial-Prices.html)

Neo4j open source FAQs (downloads.html#neo4j-os-faqs)

The packages on this page are compiled by iGov Inc using the official Neo4j source code repositories located at
https://github.com/neo4j. We do not modify the source code.

We do not provide Neo4j Community Edition binaries simply because it makes no sense for federal agencies to use
them when they have the ability to use Neo4j Enterprise for free under it's AGPLv3 open source license.

This download page is kept up to date with the current Neo4j versions for each branch. If you would like an older
version of Neo4j Enterprise, simply email us and we will package it and make it available to the public.

Neo4j open source FAQs (downloads.html#neo4j-os-faqs)



# Neo4j Enterprise Open Source **F**requently **A**sked **Q**uestions

We've gathered together questions we receive from agencies and integrators regarding Neo4j Enterprise
Open Source licenses. If you have a question for us, please email us at neo4j@igovsol.com
(mailto:neo4j@igovsol.com).

**iGov**

### Is Neo4j Enterprise Really Open Source?

(index.html)

...ise is open source under the AGPLv3 open source license created by the Free software foundation. View License (https://www.gnu.org/licenses/agpl-3.0.en.html). This is the same license used by Mondgo DB and many other open source projects. As long as you follow the open source license terms you are free to use it in any environment, for any purpose you wish. These terms simply ensure custom derivatives of Neo4j Enterprise are also themselves open source. US government agencies are restricted from making closed source software in most situations and do not try to create their own derivative (version) of Neo4j. Instead they use Neo4j as a server in a much larger enterprise architecture stack. AGPLv3 is a no-brainer for US government use cases! It's that simple!

### What is the open source license does Neo4j Enterprise use?

Neo4j Enterprise can be used for free under the Free Software Foundation's GNU AFFERO GENERAL PUBLIC LICENSE Version 3 (https://www.gnu.org/licenses/agpl-3.0.en.html).

It is the same license used by many open source tools such as MongoDb. There are no hidden or limiting terms beyond the standard AGPL v3.0 license (AGPLv3). With Neo4j Enterprise under its free open source AGPLv3 license, You simply don't get production email and phone support from Neo4j Inc. You can get a much cheaper support contract through iGov Inc for a fraction of the cost to support your production deployment, and our team is the only one with Neo4j federal past performance at this point in time.

### Where can I download the open source Neo4j Enterprise binaries?

Neo4j removed the open source binaries they compiled from their distribution sites so you can no longer get open source packages from Neo4j Inc. Luckily iGov Inc compiles the binaries from the official Neo4j source code repositories (https://github.com/neo4j).

See our blog post to learn more (https://blog.igovsol.com/2017/11/14/Neo4j-330-is-out-but-where-are-the-open-source-enterprise-binaries.html)

### Where can I get the sourcecode for Neo4j Enterprise?

You can get all the Neo4j Enterprise source code at the official Neo4j GitHub Repositories

### What are the restrictions of AGPLv3 and do I need to worry about them?

There simply are none that we've ever run into.

The AGPL license ensures that if you make a derivative of Neo4j that you must ensure that you release the code of the derivative back to the community. That's it! It does not require you to release the tools, other applications,



that connect and use Neo4j.

(index.html)

...erprise open source licenses in production?

**Yes, of course you can.** It's 100% free and open source. The standard AGPLv3 open source license simply ensures that Neo4j remains open source and that any custom derivatives of Neo4j should be shared with the community.

If you are ever told by a Neo4j sales person that you can not use Neo4j Enterprise open source license in production, simple email or call us along with the person's name and we will make sure Neo's corporate knows about the mistake.

Does Neo4j open source license have any other restrictions above the AGPLv3 open source license?

No, Neo4j Enterprise is released only under the standard AGPLv3 open source license that is managed by the free software foundation. View the AGPLv3 License (https://www.gnu.org/licenses/agpl-3.0.en.html) No one is allowed to modify the standard license and still call it the AGPLv3 license.

What is the difference between Neo4j Enterprise AGPLv3 and Neo4j Enterprise Trial?

Read the Neo4j Enterprise Trial license agreement they ask you to agree to before downloading and you will see the difference. It tries to bind you to restrictive commercial terms. There is no reason you would want to agree to restrictive terms for the Trial download , when you can use Neo4j Enterprise for any environment including Production under the simple AGPLv3 open source license. Instead of downloading a trial - download Neo4j Enterprise from our the Neo4j Inc. distribution site, or from our Amazon Gov Cloud mirror. **Download Neo4j Enterprise Here (downloads.html)**



# Neo4j Enterprise Commercial & Open Source **Comparisons**

There are no physical differences between Neo4j Enterprise commercial and AGPL open source licenses! Neo4j Enterprise open source licenses have no other limitations beyond the standard GNU AGPL open source license. The Neo4j Enterprise commercial end user license agreement (EULA) actually adds restrictions preventing you from using Neo4j open source licenses in many circumstances!! Make sure to read it!

| | Neo4j Enterprise open source license | Neo4j Enterprise commercial license |
|---|---|---|
| can use in any environment for any purpose? | YES | YES |
| Can I use this with any amount of cores without incurring additional costs? | YES | NO |
| Can I create custom derivative versions of Neo4j Enterprise? (Ex: My custom Neo4j Enterprise Edition) | YES | YES |
| Does **NOT** require you to open source your systems that simply use Neo4j Enterprise as a component in your system. | **YES** for both<br>*You do **NOT** have to open source your system that uses Neo4j Enterprise as a server as it is intended to be used. You only need to open source custom Neo4j Enterprise derivatives under the open source license and then only under certain distribution conditions.* | |

(index.html)

## About iGov

iGov Inc. is a software development company located in the Washington DC Metro area.

We focus on building innovative solutions for US Government agencies using leading open-source technologies.

**CONTACT US**

**(703) 672-1205**

✉ info@igovsol.com (mailto:info@igovsol.com)

📍 7686 Richmond Highway Suite 111-B Alexandria, VA 22306



(index.html)

© 2018 iGov Inc. All Rights Reserved.

EXHIBIT G

 (index.html)    

## Proven past performance and value supporting Neo4j Enterprise open source licensed distributions.

Our team has been providing Neo4j support to US Federal agencies for many years, and we now only offer commercial equivelent support packages for Neo4j Enterprise open source licensed distributions.

Request Procurement Document Package (mailto:neo4j@igovsol.com)

Our team is the same team that created Neo4j Enterprise Government Edition. Further, we are the same team that sold and supported every US Federal Government procurement of Neo4j Enterprise Government Edition up until its retirement in July 2017.

We only focus on only supporting 100% free and open source ONgDB Enterprise (https://www.graphfoundation.org/projects/ongdb/) & Neo4j Enterprise open source licensed distributions. Not only does this cut down on unecessary commercial license costs, the open source licenses do not place any restrictions on the number of cluster instances or cores like the commercial licenses do.

## Open source graph packages

Did you know that the Neo4j Enterprise commercial packages available from Neo4j Inc and their partners are essentially support offerings?

Are you aware that, unlike the commercial licensed options, the Neo4j Enterprise open source AGPL license does not place any restrictions on the number of cluster instances and cores?

iGov Inc's open source enterprise packages provide a better value than Neo4j Enterprise commercial support subscriptions because 100% of the cost goes to support and development services, not unecessary and more restrictive commercial licenses.

If you do not need support for your ONgDB Enterprise or Neo4j Enterprise open source licensed



distribution, then simply download ONgDB Enterprise
hfoundation.org/projects/ongdb/) as a drop in replacement for an existing
mmercial licensed distribution of the same version number.

## Know your options

It is important to know your options before you make any procurement decisions around Neo4j. The information below provides you with a complete breakdown of the 3 main Neo4j offerings available including the free open source option. Most people are not aware that Neo4j Enterprise Edition is open source like its sibling, Neo4j Community edition. In fact, there is no reason you should be using the community edition. If you've chosen to use Neo4j open source, then you should use the enterprise edition under it's open source license.

The information below should provide you with a clear understanding of your options, so you can choose what's best for your agency.

View our blog post on Neo4j Commercial Prices (https://blog.igovsol.com/2018/01/10/Neo4j-Commercial-Prices.html)

---

### NEO4J INC. COMMERCIAL SUBSCRIPTION
# $29K - $1M+

Commercial packages are those sold by Neo4j solutions partners. You are paying for production support. The commercial license is actually more restrictive than the open source license!

| Neo4j Enterprise Software |
|---|
| Available through Neo4j Inc. and all Neo4j Solution Partners |
| Yearly Subscription. You are paying for production support backed by Neo4j Inc.. If you don't renew your subscription you simply fall back to the Neo4j Enterprise open source license. |
| Production Email and Phone Support from vendor which is backed by Neo4j Inc. |
| Commercial License (Most government agencies do not need.) |
| Cost is based on number of instances and cores. (See below) |

 (index.html)  

## IGOV DEVELOPMENT PACKAGES
## $25K+

100% of the cost goes into services aimed at building a solution around Neo4j, not unnecessary production support for something not yet built!.

ONgDB Enterprise open source distributions

No annual subscription, you are free to do whatever you want in the future.

Production Email and Phone Support from iGov Inc, but not backed by Neo4j Inc.

ONgDB Enterprise is free and open source. You have all the feature parity of Neo4j Enterprise commercial licenses, but without limits on usage, cluster instances, cores, etc.

No limitations on usage, instances or cores - cost goes 100% to solutions development

FISMA and 508 Toolkit and Services

Suite of Tools, Frameworks, and Starter Projects we use for scalable big data graph projects.

## IGOV ENTERPRISE SUPPORT PACKAGES
## $1K+

We offer the same support features and SLAs as the Neo4j Enterprise commercial subscriptions offered by Neo4j Inc partners, but for the open source licensed enterprise distributions. This allows us to only charge for support, not an unecessary and more restrictive commercial license.

ONgDB Enterprise open source distributions

No limitations on cluster instances or cores.

ONgDB Enterprise is a drop In replacement for Neo4j Enterprise commercial packages downloaded from Neo4j.com

FISMA and 508 Toolkit and Services

**iGov**

Open source Suite of Tools, Frameworks, and Starter Projects we use for scalable big data Neo4j projects.

(See https://graphstack.io)

(index.html)

≡

## OPEN SOURCE
# FREE

Simply download the appropriate enterprise release version you need and start using it. There are no limitations on cluster instances, cores, etc.

The distributions we package for the federal government and community as a whole are drop in replacements for Neo4j Enterprise commercial packages you download from neo4j.com.

Learn More about Neo4j Enterprise Open Source (downloads.html#neo4j-os-faqs)

DEVELOPMENT PACKAGE OVERVIEW (NEO4J.HTML#NEO4J-DEV-FEATURES)

PRICE COMPARISON (NEO4J.HTML#NEO4J-PRICE-COMPARISON)

PROCUREMENT COMPARISON (NEO4J.HTML#NEO4J-COMPARISON)

# Development Package Overview

WHY IGOV INC (NEO4J.HTML#PROCUREMENT-INFO)

The Government Development Packages are aimed at agencies who need help building a robust and scalable solution around Neo4j. Unlike the commercial production support subscriptions, 100% of the cost goes into consulting services that help you build out your solution.

All iGov Inc packages also include a suite of tools and services which are combined to address critical FISMA and accessibility requirements relating to Neo4j.



## Customer Support

iGov Inc provides umbrella support across all the components of your Neo4j solution, including Neo4j itself. For example, a solution using Neo4j Enterprise, Apache Kafka, Elastic Search, and custom micro-service architecture components are all covered under the umbrella support

provided with these packages. The Neo4j commercial support subscriptions only cover Neo4j

 (index.html)



## UI/UX Development

The development packages include UI and UX design services to assist developing everything from your dashboards and visualization. We ensure all development meets 508(c) requirements. We cover all modern web design frameworks including ReactJS and AngularJS. Furthermore, we provide a toolbox of open source visualization libraries and webapp starter projects to get your project up and running quickly.

You can also add on UI packages such as Linkurious OGMA and Graphlytic Visualization tools and APIs.



## Starter Projects and Toolsets

We provide a suite of starter projects (maven and gradle), templates, and tools to get your Neo4j projects off the ground quickly. Our Starters include Docker images, Microservice architecture components (api gateways, service registries, etc), UI and visualization components and more.

## Enterprise Architecture Development

Neo4j is usually just one of many components in a common graph solution. Other components include ElasticSearch, Apache Kafka, and other technologies.

Our team brings a wide range of enterprise architecture development expertise to the table. From monolithic to micro-service architectures, our team will help design a solution that best fit's your agency's needs.



## GraphGrid Data Platform

GraphGrid Data Platform (GDP) is an enterprise-grade graph data management platform that enables a centralized architecture for running batch, interactive and real-time analytics and data processing applications simultaneously across your connected graph data. Development packages include the tools, and platform components needed to get a robust and scalable ETL pipeline in place.

## Newest Libraries and Repositories

The Government Packages for Neo4j include many of the leading technologies which are all covered under the umbrella package support. In many cases, this allows for agencies to start working with new technologies that would have usage restrictions if not part of a vendor supported package such as this. All libraries and repositories are kept on Amazon GovCloud and can be easily accessed once an agency whitelists the servers. Development packages include access to the newest libraries and repositories for the tools we package and support.

## GovCloud Development and Continuous Integration Environment



We understand that many agencies have not adopted the newest technologies and best practices
make modern web application development almost impossible. Our development
(index.html)de use of GovCloud resources including EC2, S3,Container Services, and more.

# Pricing Comparison

Below is a price comparison for a Neo4j Inc. commercial subscription package covering 3 production instances with 8 cores each. (3x8). The Neo4j Inc. commercial package is not a perpetual license, and the commercial EULA limits your use of Neo4j open source licenses in many ways once accepted. Notice that it also has unnecessary production elements which you are paying for as part of the subscription. Neo4j Inc's pricing can be found via a simple GSA Advantage search.

## Neo4j Inc. Commercial Subscription (Annual Subscription)

Neo4j Enterprise Bundle – Standard cluster for enterprise applications that are used by more than one department (or by a larger department), or by customer-facing applications.

Neo4j Enterprise Bundle basic configuration includes:

- a. 3 Production Instances (up to 8 Cores per Instance).
- b. 3 Test Instances (no Core limit).
- c. Premium Support: 24 x 7 / 1-hour response time for Severity 1 issues, **email and phone.**
- d. Unlimited number of licensed developers.

| Name & Description | Annual Subscription Price |
|---|---|
| Neo4j Enterprise Bundle Base (3 Instances X 8 Cores Each) | $189,188 / yr |
| Additional Production Capacity (per Core) | + $6,609 / yr |
| Disaster Recovery (per Core) | + $3,305 / yr |
| Additional Test Instances (per Instance) | + $4,957 / yr |

| Name & Description | Annual Subscription Price |
|---|---|
| (index.html)up to 8 Cores) | + $52,874  / yr |
| 8-Core pack | + $52,874 / yr |
| 12-Core pack | + $79,310 / yr |
| 16-Core pack | + $105,747 / yr |
| 24-Core pack | + $158,621 / yr |
| 32-Core pack | + $211,494 / yr |

## iGov Inc's Government Development Package with Neo4j Enterprise

Comes with same physical Neo4j Enterprise software. Under open source license there are no limitations on how you use it. You have no limits on environments, number of instances, cores, etc!

Government Bundle for Neo4j Enterprise basic configuration includes:

- a. Unlimited instances with no core limits for any environment! (dev, test, staging, production, etc)
- c. Premium support and development services by iGov Inc. Unlike the Neo4j commercial package, we support your entire architecture not just Neo4j. (Neo4j, ElasticSearch, UI, Micro Services, etc..)
- d. No limitations on number of developers, etc.

## $25,000+

## 100% goes into development.

The minimum development package costs $25,000. For comparison - you can choose the $189,000 Development package option - where $189,000 goes into consulting services at GSA approved rates.

Of course - you can choose how much you want to spend. We simply offer packages that parallel commercial subscription rates to help make procurement easier.



# Neo4j Inc. Commercial Support vs iGov Inc. Development Package Comparison

**iGov** (index.html)  ≡

So what exactly do you get with a Neo4j Inc. commercial subscription? You get the peace of mind knowing Neo4j Inc. is there to assist with production support tickets if the vendor you purchased it from can not solve an issue on their own. This is not very useful when you are in development, using Neo4j for R & D, or do not have a mission critical Neo4j deployment.

| | Government Development Package w/ Neo4j Enterprise | Neo4j Enterprise commercial support subscription | Neo4j Enterprise (default open source license) |
|---|---|---|---|
| Has full Neo4j Enterprise functionality. | **YES** | **YES** | **YES** |
| Can purchase through Neo4j Inc. or its resellers | **NO** *The Government Packages for Neo4j are only available through iGov Inc.* | **YES** | **NO** *Neo4j partners are forbidden on offering services or support for Neo4j open source licenses.* |
| Can use in any environment for any purpose? | **YES** | **YES** *\*Your subscription has limits on number of cores and instances* | **YES** |
| Comes with consulting services which can be used to build your solution around Neo4j. (Including UI/UX design, ETL implementation, enterprise architecture, and FISMA and 508c services) | **YES** *This is what seperates out the Government Development Package from the commercial support subscription. Support is swapped out with consulting services you can use to build your solution around Neo4j.* | **NO** | **NO** |

| iGov (index.html) | Government Development Package w/ Neo4j Enterprise | Neo4j Enterprise commercial support subscription | Neo4j Enterprise (default open source license) |
|---|---|---|---|
| Comes with tools, services and support to address Accessability (508c) and FISMA requirements. | YES | NO | NO |
| Can I use this with any amount of cores or instances without incurring additional costs? | YES | NO<br><br>*The cost of a commercial support subscription is based on the cores and instances you use. | YES |
| Can I create custom derivative versions of Neo4j Enterprise? (Ex: My custom Neo4j Enterprise Edition) | YES | YES | YES |
| Does Neo4j Inc. provide official email and phone production support? | No*<br><br>Development packages do not need production support, they swap out production support for consulting services you use to build your solution. | YES | NO |
| Does NOT require you to open source your systems that simply use Neo4j Enterprise as a component in your system. | YES for all<br><br>You do NOT have to open source your system that uses Neo4j Enterprise as a server as it's intended to be used. You only need to open source custom Neo4j Enterprise derivatives under the open source license and then only under certain distribution conditions. | | |



 (index.html) 

## About iGov

iGov Inc. is a software development company located in the Washington DC Metro area.

We focus on building innovative solutions for US Government agencies using leading open-source technologies.

**CONTACT US**

## (703) 672-1205

✉ info@igovsol.com (mailto:info@igovsol.com)

📍 7686 Richmond Highway Suite 111-B Alexandria, VA 22306



(index.html)

© 2018 iGov Inc. All Rights Reserved.