Adron W. Beene SB# 129040
Adron G. Beene SB# 298088
Attorney at Law
1754 Technology Drive, Suite 228
San Jose, CA 95110
Tel: (408) 392-9233
Fax: (866) 329-0453
adron@adronlaw.com

Attorneys for defendants:
PURETHINK LLC, a Delaware limited
liability company, IGOV INC., a Virginia
corporation, and JOHN MARK SUHY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, Plaintiff, <br><br> v. <br><br> PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual, Defendants. | CASE NO. 5:18-cv-7182 EJD <br><br> **DEFENDANTS' ANSWER TO NEO4J, INC.'S COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Defendants PURETHINK LLC, a Delaware limited liability company, IGOV

INC., a Virginia corporation, and JOHN MARK SUHY, an individual

("Defendants") answer NEO4J, INC.'s complaint as follows:

1. Defendants admit the statement outlines the claims but otherwise deny

   the claims and allegations in paragraph 1.

2. Defendants admit the first and second sentence in paragraph 2. Defendants' deny that plaintiff is the graph company behind an open source software product called Neo4j as the software is owned by and licensed by Neo4j Sweden AB according to the license for Neo4j-enterprise available at GitHub. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis deny the remaining allegations.

3. Defendants deny the allegation in paragraph 3. Defendants' belief that many users are using the open source version called Neo4j and not what plaintiff calls Neo4j®. This confusion arises because plaintiff claims they own Neo4j yet the open source license is by another entity. Likewise, there appear over 100 contributors to the open source version of Neo4j and defendants do not know if each contributor has assigned contributions to plaintiff. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis deny the remaining allegations.

4. Defendants admit the allegations in paragraph 4 except they deny PureThink is a shell entity maintained by the other defendants and is not currently conducting or engaged in any meaningful business activities.

5. Defendants admit the allegations in paragraph 5 except they deny iGov is the assignee and successor-in-interest to PureThink or otherwise acquired substantially all of PureThink's assets sometime in mid-2017 and deny that Neo4j is a large scale graph solution as it is limited in scalability.

6.  Defendants deny the allegations in paragraph 6 except for the fact Suhy is an individual and the last sentence.

7.  Defendants deny the allegations in paragraph 7.

8.  Defendants deny the allegations in paragraph 8.

9.  Defendants deny the allegations in paragraph 9 are an example to support the allegations and deny defendants share the same customer support number but admit the facts alleged.

10.  Defendants deny the allegations in paragraph 10 are an example to support the allegations but admit the facts alleged except defendants lack information or belief about what virtually identical means.

11.  Defendants deny the allegations in paragraph 11 as the verb ported is unclear and vague.

12.  Defendants deny the allegations in paragraph 12.

13.  Defendants admit the allegations in paragraph 13.

14.  Defendants deny the allegations in paragraph 14.

15.  Defendants deny the allegations in paragraph 15.

16.  Defendants admit the allegations in paragraph 16.

17.  Defendants admit the allegations in paragraph 17.

18.  Defendants deny the allegations in paragraph 18.

19.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19 and on that basis deny the allegations.

20.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 20 and on that basis deny the allegations.

21.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 and on that basis deny the allegations.

22.     Defendants admit the allegations paragraph 22.

23.     Defendants admit the allegations paragraph 23.

24.     Defendants admit the first sentence in paragraph 24 and deny the remainder.

25.     Defendants admit the allegations paragraph 25.

26.     Defendants admit the allegations paragraph 26.

27.     Defendants admit the allegations paragraph 27.

28.     Defendants deny the allegations in paragraph 28.

29.     Defendants admits the allegations in paragraph 29.

30.     Defendants admit the allegations in paragraph 30.

31.     Defendants admit plaintiff made the warning but deny the allegations in paragraph 31 as 4.3.2 is unenforceable under California Business and Professions Code §16600 and the restriction, if it is applied to Neo4j enterprise owned by Neo4j Sweden AB, violates the terms of the open source license agreement.

32.     Defendants admit plaintiff made the warning but deny the allegations in paragraph 32.

33.     Defendants deny the allegations in paragraph 33.

34.     Defendants deny the allegations in paragraph 34.

35.     Defendants deny the allegations in paragraph 35.

36.     Defendants deny the allegations in paragraph 36.

37.     Defendants deny the allegations in paragraph 37.

1    38.    Defendants deny the allegations in paragraph 38.

2    39.    Defendants deny the allegations in paragraph 39.

3    40.    Defendants deny the allegations in paragraph 40.

4    41.    Defendants deny the allegations in paragraph 41.

5    42.    Defendants deny the allegations in paragraph 42.

6    43.    Defendants deny the allegations in paragraph 43.

7    44.    Defendants admit the allegations in paragraph 44.

8    45.    Defendants admit the allegations in paragraph 45 to the extent

9    Suhy stated in an email he had recorded him, otherwise denied. The

10    statement was to avoid the changes of instructions on the employees

11    part. Suhy felt if the employee thought his calls were being recorded, he

12    would temper his fluxuations and false changes in instructions.

13    46.    Defendants admit the allegations in paragraph 46 to the extent

14    Suhy stated in an email he had recorded him, otherwise denied. The

15    statement was to avoid the changes of instructions on the employees

16    part. Suhy felt if the employee thought his calls were being recorded, he

17    would temper his fluxuations and false changes in instructions.

18    47.    Defendants admit the allegations in paragraph 47 to the extent

19    Suhy told him he had recorded phone calls, otherwise denied.  The

20    statement was to avoid the changes of instructions on the employees

21    part. Suhy felt if the employee thought his calls were being recorded, he

22    would temper his fluxuations and false changes in instructions.

23    48.    Defendants incorporate its responses to paragraphs 1-47.

24

25

49.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49 and on that basis deny the allegations.

50.      Defendants deny the allegations in paragraph 50. The software has been licensed on an open source basis by Neo4j Sweden AB and called Neo4j by Neo4j Sweden AB and ownership of the software is claimed by Neo4j Sweden AB. Likewise, the software development was provided by over 100 contributors, Github shows that there are 1,515 forks to the software with 22 branches and defendants do not know if the contributors have assigned the rights to the Neo4j open source software copyright to plaintiff.

51.      Defendants deny the allegations in paragraph 51. The software has been licensed on an open source basis by Neo4j Sweden AB and called Neo4j by Neo4j Sweden AB and ownership of the software is claimed by Neo4j Sweden AB. Likewise, software development was provided by over 100 contributors, Github shows that there are 1,515 forks to the software with 22 branches and defendants do not know if the contributors have assigned the rights to the Neo4j open source software copyright to plaintiff.

52.      Defendants deny the allegations in paragraph 52. The software has been licensed on an open source basis by Neo4j Sweden AB and called Neo4j by Neo4j Sweden AB and ownership of the software is claimed by Neo4j Sweden AB. Likewise, software development was provided by over 100 contributors, Github shows that there are 1,515 forks to the software with 22 branches and defendants do not know if

1    the contributors have assigned the rights to the Neo4j open source

2    software copyright to plaintiff. Defendants deny that goodwill in the

3    name Neo4j is exclusively held by Plaintiff.

4    53.    Defendants deny the allegations in paragraph 53.

5    54.    Defendants deny the allegations in paragraph 54.

6    55.    Defendants deny the allegations in paragraph 55.

7    56.    Defendants deny the allegations in paragraph 56.

8    57.    Defendants deny the allegations in paragraph 57.

9    58.    Defendants deny the allegations in paragraph 58.

10    59.    Defendants deny the allegations in paragraph 59.

11    60.    Defendants deny the allegations in paragraph 60.

12    61.    Defendants incorporate its responses to paragraphs 1-60.

13    62.    Defendants deny the allegations in paragraph 62.

14    63.    Defendants deny the allegations in paragraph 63.

15    64.    Defendants deny the allegations in paragraph 64.

16    65.    Defendants deny the allegations in paragraph 65.

17    66.    Defendants deny the allegations in paragraph 66.

18    67.    Defendants deny the allegations in paragraph 67.

19    68.    Defendants deny the allegations in paragraph 68.

20    69.    Defendants incorporate its responses to paragraphs 1-68.

21    70.    Defendants deny the allegations in paragraph 70.

22    71.    Defendants deny the allegations in paragraph 71.

23    72.    Defendants deny the allegations in paragraph 72.

24    73.    Defendants deny the allegations in paragraph 73.

25    74.    Defendants deny the allegations in paragraph 74.

75.     Defendants deny the allegations in paragraph 75.

76.     Defendants incorporate its responses to paragraphs 1-75.

77.     Defendants deny the allegations in paragraph 77.

78.     Defendants deny the allegations in paragraph 78.

79.     Defendants deny the allegations in paragraph 79.

80.     Defendants deny the allegations in paragraph 80.

81.     Defendants deny the allegations in paragraph 81.

82.     Defendants incorporate its responses to paragraphs 1-81.

83.     Purethink admits it signed the Partner Agreement but defendants otherwise deny the allegations in paragraph 83, because plaintiff has failed to perform, clauses 4.3.1, and 4.3.2 are not enforceable as written or applied and the limitations in the Partner Agreement violate the open source Neo4j enterprise license.

84.     Defendants admit the allegations in paragraph 84.

85.     Defendants admit the terms of the 7.3 of the Partner Agreement claims to prevent PureThink from dealing in Products which is defined as Neo4j commercial software provided by Neo Technology and licensed to the End User but otherwise deny the allegations in paragraph 85.

86.     Defendants deny the allegations in paragraph 86.

87.     Defendants deny the allegations in paragraph 87.

88.     Defendants deny the allegations in paragraph 88.

89.     Defendants deny the allegations in paragraph 89.

90.     Defendants deny the allegations in paragraph 90.

91.     Defendants deny the allegations in paragraph 91.

92.     Defendants deny the allegations in paragraph 92.

93.      Defendants deny the allegations in paragraph 93.

94.      Defendants deny the allegations in paragraph 94.

95.      Defendants incorporate its responses to paragraphs 1-47.

96.      Defendants deny the allegations in paragraph 96.

97.      Defendants deny the allegations in paragraph 97.

98.      Defendants deny the allegations in paragraph 98.

99.      Defendants admit the second sentence in paragraph 99 and deny the remaining allegations in paragraph 99.

100.     Defendants deny the allegations in paragraph 100.

101.     Defendants deny the allegations in paragraph 101.

102.     Defendants admit the plaintiff seek statutory damages but deny they are entitled to any damages as alleged in paragraph 102.

103.     Defendants deny the allegations in paragraph 103.

104.     Except as otherwise admitted, defendants deny the allegations in the complaint.

## Affirmative Defenses

1.   **Void Restriction**

Section 4.3.2 of the Partner Agreement, provides:

During the term of this Agreement and up until thirty six (36) months after the termination or expiration of this Agreement, Partner may not develop, market, distribute or offer any services related to any Neo Technology Community Edition Products, derivative works of such products, or any Partner software code made to work with Neo Technology Community Edition Products(including, without limitation, hosting services, training, technical support, configuration and customization services, etc.)

Plaintiff seeks to prevent defendants from licensing and supporting open source software during and for 36 months after termination of the Partner Agreement. The Partner Agreement is. by its terms, governed by California law. The restriction under Section 4.3.2 cannot be enforced against defendants as it is void under California Business and Professions Code §16600: "Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

2. **License To Use Neo4j Open Source Software**

Section 4.3.1 of the Partner Agreement provides:

**4.3.1** During the term of this Agreement, Partner may not use or run on any of Partner's hardware, or have deployed for internal use, any Neo Technology Community Edition Products for commercial or production use. In no event shall Partner reverse engineer, distribute or otherwise use the Products for its own internal use. There are no implied rights. Partner will not fork or bifurcate the source code for any Neo Technology Community Edition Products into a separately maintained source code repository so that development done on the original code requires manual work to be transferred to the forked software or so that the forked software starts to have features not present in the original software.

The restrictions in Paragragraphs 4.3.1 and 4.3.2  violate the GNU AFFERO GENERAL PUBLIC LICENSED VERSION 3 for Neo4j enterprise software:

Section 2 (Basic Permissions) of the AGPL license provides, in part:

"All rights granted under this License are granted for the term of copyright on the Program, and are irrevocable provided the stated conditions are met. This License explicitly affirms your unlimited permission to run the unmodified Program. …

You may make, run and propagate covered works that you do not convey, without conditions so long as your license otherwise remains in force. You may convey covered works to others for the

sole purpose of having them make modifications exclusively for you, or provide you with facilities for running those works, provided that you comply with the terms of this License in conveying all material for which you do not control copyright."

Section 4 of the AGPL license provides, in part:

"You may charge any price or no price for each copy that you convey, and you may offer support or warranty protection for a fee."

Section 10 (Automatic licensing of Downstream Recipients)

of the AGPL provides, in part:

"You may not impose any further restrictions on the exercise of the rights granted or affirmed under this License."

Defendants are licensed to use the open source software version of Neo4j by Neo4j Sweden AB without restriction under the AGPL license agreement. Plaintiff may not impose restrictions on use of Neo4j and cannot prevent or bar defendants from using the open source Neo4j. By imposing restrictions in violation of the License, plaintiff has breached the open source license and has no rights to use or license Neo4j.

3. **Unclean Hands**

Plaintiff should not be permitted to enforce the Partner Agreement because of plaintiff's unclean hands in the use of the Partner Agreement. Plaintiff told PureThink they could modify the scope of a license agreement to meet the needs of the government users such as the IRS. Plaintiff's license model is priced for core processor charges. However, there is no per core charge on the open source version. Plaintiff at first agreed PureThink could drop the core use pricing for the IRS, then later plaintiff refused to allow the price change. Plaintiff

also forbade its partners, such as PureThink, to discuss the available

open source versions. When the IRS, faced with core pricing

limitations, asked Purethink about the differences between the

commercial software and the open source version of Neo4j, plaintiff

told Purethink to lie stating the open source version could only be used

on an open project to try to induce the IRS to purchase a commercial

version of Neo4j. When plaintiff threatened to terminate PureThink,

they agreed Purethink could remedy the breach if the IRS signed up

for a commercial license through plaintiff. When the IRS wanted to

use the Neo4j open source software with support from Purethink,

plaintiff interfered falsely stating Purethink could not use or support

Neo4j open source software. Plaintiff is attempting to improperly use a

dual licensing practice having a commercial version controlled by

plaintiff and an open source software licensed under a General Public

License. Because the open source software is under a GPL or AGPL

license, and has over 100 contributors, plaintiff may not be able to

actually convert the GPL or AGPL license to proprietary software.

Under a GPL or AGPL type license, contributors' efforts to modify the

software cannot be taken away and turned into privately controlled

software. Defendants are informed and believe that plaintiff only

provides an object code version of the Neo4j software under a

commercial license while the GPL and AGPL type license requires

access to the source code as well.  Defendants are informed and believe

that because plaintiff cannot lawfully operate a dual license model

since the open source is based on GPL or AGPL, plaintiff resorts to

1   sharp and false practices with customers (lying about the difference
2   between the commercial versions and the open source version)
3   attempting to restrict partners, such as PureThink, from supporting
4   the open source Neo4j version with unlawful restrictions and
5   interfering in attempts to use open source Neo4j software during the
6   partner term and for three years after termination. As plaintiff comes
7   to this court with unclean hands, they should be barred from recovery.
8
9   4.  **Fair Use of Trademarks**
10      Defendants use of the trademarks was and is a nominative fair use to
11      1) identify a software product called Neo4j that is freely available as
12      open source software, 2) comparative advertising (See 16 C.F.R.
13      §14.15(b)) and 3) to advise others PureThink was no longer a partner
14      with plaintiff.
15
16  5.  **Naked License Abandonment of Trademark**
17      Plaintiff claims they own the Neo4j trademark but there is confusion
18      whether that is a company name trademark or product name
19      trademark. This confusion is exacerbated by Neo4j Sweden AB' open
20      source license for the Neo4j software. Neo4j Sweden AB's license states:
21      "The software ("Software") is developed and owned by Neo4j Sweden
22      AB (referred to in this notice as "Neo4j")… .   Neo4j Sweden AB asserts
23      they own the software-and not plaintiff- and they use Neo4j name as
24      part of the company name and call the open source software product
25      Neo4j too. As Neo4j is licensed as open source software, there is no

Defendants' Answer to Complaint
CASE NO. 5:18-cv-7182 EJD                                                  13

ability to maintain quality control of how licensees modify, use or distributed or conveyed. As a result, plaintiff has abandoned the Neo4j trademark under the doctrine of Naked License.

6. **Waiver**

    Plaintiff waived Purethink's conduct in modifying the open source version of Neo4j to create the government edition as they agreed PureThink could use and modify the software as required to satisfy the United States Government buyers.

7. **Setoff**

    Plaintiffs' alleged claims to damages are barred, in whole or in part, by the right of one or more Defendants to a setoff against any such damages.

## Prayer for Relief

Wherefore defendants request:

1. The complaint be dismissed with prejudice;

2. That the first three trademark based claims be found exceptional as the alleged infringments are obviously nominative fair use, allowing defendants iGov Inc. and John Mark Suhy to recover attorneys fees under 15 U.S.C. §1117 (a);

3. That defendants recover costs;

4. And for such other relief as the Court deems just.

Defendants' Answer to Complaint
CASE NO. 5:18-cv-7182 EJD

Dated: January 9, 2019

_____
Adron W. Beene SB# 129040
Adron G. Beene SB# 298088
Attorney At Law
1754 Technology Drive, Suite 228
San Jose, CA 95110
Tel: (408) 392-9233
Fax: (866) 329-0453
adron@adronlaw.com

Attorney for Defendants
PURETHINK LLC, a Delaware limited
liability company, IGOV INC., a Virginia
corporation, and JOHN MARK SUHY

## DEMAND FOR JURY TRIAL

Defendants PURETHINK LLC, IGOV INC., and JOHN MARK SUHY hereby demand a trial by jury.

_____
Adron W. Beene SB# 129040
Adron G. Beene SB# 298088
Attorney At Law
1754 Technology Drive, Suite 228
San Jose, CA 95110
Tel: (408) 392-9233
Fax: (866) 329-0453
adron@adronlaw.com

Attorney for Defendants
PURETHINK LLC, a Delaware limited
liability company, IGOV INC., a Virginia
corporation, and JOHN MARK SUHY