| | |
|---|---|
| John V. Picone III, Bar No. 187226<br>jpicone@hopkinscarley.com<br>Jeffrey M. Ratinoff, Bar No. 197241<br>jratinoff@hopkinscarley.com<br>HOPKINS & CARLEY<br>A Law Corporation<br>The Letitia Building<br>70 South First Street<br>San Jose, CA  95113-2406 | Adron W. Beene, Bar No. 129040<br>adron@adronlaw.com<br>Adron G. Beene SB# 298088<br>adronjr@adronlaw.com<br>Attorney at Law<br>1754 Technology Drive, Suite 228<br>San Jose, CA 95110<br>Tel: (408) 392-9233<br>Fax: (866) 329-0453 |
| *mailing address:*<br>P.O. Box 1469<br>San Jose, CA 95109-1469<br>Telephone:     (408) 286-9800<br>Facsimile:     (408) 998-4790<br><br>Attorneys for Plaintiff and Counter-Defendant NEO4J, INC. | Attorneys for Defendants and Counterclaimants PURETHINK LLC, IGOV INC., and JOHN MARK SUHY |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NEO4J, INC., a Delaware corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br><br>　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIM. | CASE NO.  5:18-cv-07182-EJD<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND FRCP 26(f) REPORT**<br><br>Date:　　　February 28, 2019<br>Time:　　　10:00 a.m.<br>Judge:　　　Hon. Edward J. Davila<br>　　　　　　Courtroom 4, 5th Floor<br><br>Action Filed:　　November 28, 2018<br>Trial Date:　　　None |

Pursuant to the Order Setting Initial Case Management Conference and ADR Deadlines dated November 28, 2018 (Dkt. No. 13), Plaintiff and Counter-Defendant Neo4j, Inc. ("Plaintiff" or "Neo4j") and Defendants and Counterclaimants PureThink LLC and iGov, Inc. and Defendant John Mark Suhy (collectively "Defendants"), by and through the parties' respective attorneys, hereby submit this Joint Case Management Conference Statement and FRCP Rule 26(f) Report ("Joint Statement") pursuant to Civil L.R. 16-9 and the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement.

1. **Jurisdiction and Service:**

*Plaintiff's Statement*: The Court's jurisdiction over the subject matter of this action is predicated, pursuant to 28 U.S.C. § 1331, on Plaintiff asserting claims pursuant to the Lanham Act, 15 U.S.C. § 1051 et seq. The remainder of Plaintiff's claims are subject to the supplement jurisdiction of this Court, pursuant to 28 U.S.C. §§ 1338(b) and 1367.

*Defendants' Statement*: The counterclaim filed by Defendants PureThink LLC and iGOV, Inc. is compulsory under Federal Rule of Civil Procedure §13(a) and this Court has supplemental jurisdiction under 28 USC § 1367(a).

2. **Facts:**

PureThink, iGov and John Mark Suhy dispute all claims in the Complaint. Neo4J disputes all the claims in the counterclaim filed PureThink and iGov. The following statement facts is being provided to the Court for informational purposes only, and by submitting this statement no party is conceding the validity of any other party's claims or factual assertions.

*Factual Summary of Plaintiff's Claims*

On or about September 30, 2014, Neo4j, Inc. (formerly Neo Technology, Inc.) and PureThink LLC entered a Neo4J Solution Partner Agreement ("the Partner Agreement"). Under the Partner Agreement, PureThink agreed among other things to provide first and second line support to end-users of the closed source Enterprise version of NEO4J® software, which is subject to commercial terms, in exchange for annual partner program fees and shared revenue as specified in the Partner Agreement.

///

On or about May 30, 2017, Plaintiff notified PureThink that it was breach of the Partner Agreement and a demand to cure such breaches. Neo4j alleges that PureThink's breaches included using NEO4J® open source products and distributing and performing services on, and continuing to perform services on, NEO4J® open source software in violation of Section 4.3 of the Partner Agreement. On or about July 11, 2017, Neo4j provided PureThink with written notice that it was terminating the Partner Agreement based on PureThink's alleged failure to timely cure these breaches.

Neo4j claims ownership of the registered trademark, NEO4J®, and asserts that Defendants' continued use of the NEO4J® mark violates the provisions of the Lanham Act, as well as a breach of provisions in the Partner Agreement governing Defendants' post-termination use of the NEO4J® mark. Defendants contend their continued use of the NEO4J® mark amounts to nominative fair use.

Neo4j further alleges that iGov is PureThink's successor in interest and/or alter ego and is thus bound by such restrictions and has continued to violate them. Defendants claim iGOV is not a party to the Partner Agreement and thus not subject to any restriction on it thereunder.

Neo4J claims Mr. Suhy made recording of Neo4J employees in violation of California law where confidential information pertaining to Neo4j's business and software was discussed. Defendants deny that Mr. Suhy made such recordings.

***PureThink and iGov's Counterclaims***

PureThink and iGov assert they have the right to use certain NEO4J® software products that are licensed on an open source basis by Neo4J Sweden AB. PureThink and iGov claim that after the termination of the Partner Agreement, Neo4J allegedly interfered with PureThink and iGov's prospective economic advantage by telling third parties that Defendants were restricted from developing or supporting Neo4J's Community Edition open source software. PureThink and iGov further allege that Neo4J interfered with an open source license agreement with Neo4J Sweden AB allowing PureThink and iGov to use, develop and support Neo4J. Neo4j denies such allegations and asserts that PureThink and iGov are wrongfully using and modifying components of Neo4j's software that is not open source, subject to additional licensing

1  restrictions and/or provisions, or otherwise subject to copy left protection, and is illegally passing
2  off that modified software as being NEO4J® software.

3      PureThink further asserts that Neo4j separately agreed that PureThink would have
4  exclusive rights to sell a version of Neo4j's software that PureThink claims to have created to
5  government entities.  Neo4j disputes that any such agreement was entered into by the parties.

6      PureThink also asserts a claim for breach of the Partner Agreement based on Neo4j's
7  alleged non-payment of $26,020 in relation to a deal with DHS USCIS.  Neo4j denies this claim
8  and contends that no such breach occurred.

9      PureThink and iGov seek declaratory relief that the Partner Agreement restrictions in
10  Section 4.3.2 of that agreement are void under Cal. Bus. & Prof. Code §16600 and they violate
11  the terms of the GNU AFFERO GENERAL PUBLIC LICENSE VERSION 3 under which Neo4J
12  is licensed by Neo4j Sweden AB.  However, Neo4j has not asserted any post-termination claims
13  based on Section 4.3.2.  Neo4j also contends that there is an integration provision in the Partner
14  Agreement that superseded any alleged third party agreement.  Thus, there is no actual case or
15  controversy giving rise to a declaratory relief claim.

16      Finally, PureThink and iGov claim that the NEO4J® mark has been abandoned by naked
17  licensing and seek declaratory relief that the NEO4J® trademark is abandoned under the Naked
18  License doctrine.  Neo4j denies this claim.

19      3.    **Legal Issues:**

20  Without waiving any claims or defenses, the parties believe that the following legal issues
21  are in dispute:

22      (a)    Whether Defendants have infringed the NEO4J® mark in violation of 15
23  U.S.C. § 1114.

24      (b)    Whether Defendants' actions constitute a false designation of origin and
25  false advertising under 15 U.S.C. § 1125(a).

26      (c)    Whether Defendants' engaged in unfair competition in violation of 15
27  U.S.C. § 1125(a) and/or Cal. Bus. Prof. Code §§ 17200 et seq.
28  / / /

   (d) Whether Defendants' trademark infringement constitutes an exceptional cause where Plaintiff is entitled to its attorney's fees pursuant to 15 U.S.C. § 1117 (a).

   (e) Whether Defendants breached the Partner Agreement by their unauthorized use of the NEOJ4® mark in conjunction with the sale and advertising of iGov's graph database solutions and software and related support services.

   (f) Whether Defendants breached the Partner Agreement by deceptively offering support and development services related to Neoj4® Community Edition Products and derivative works of such products.

   (g) Whether Defendants breached the Partner Agreement by falsely suggesting Plaintiff's authorization and/or sponsorship of PureThink and iGov's products and services and misleading consumers regarding their prior contributions to NEOJ4®-branded products.

   (h) Whether Defendants' alleged recording of telephone calls with Neo4j employees who are California residents violated Cal. Penal Code §§ 632, 637.2.

   (i) Whether the three-year restriction under 4.3.2 in the Partner Agreement prevented Defendants from doing business in violation of Cal. Bus. Prof. Code § 16600.  Whether the violation also supports the interference claims. *Edwards v. Arthur Andersen LLP,* (2008) 44 Cal.4th 937.

   (j) Whether Defendants use of the Neo4J trademark is a nominative fair use as it properly describes a product called NEO4J®.  *See Adobe Sys. Inc. v. Christenson*, 809 F.3d 1071, 1081 (9th Cir. 2015); *see also Cuisinarts, Inc. v. Robot-Coup Int'l Corp.*, 509 F.Supp. 1036 (S.D.N.Y 1981); *and* 16 C.F.R. §14.15(b).

   (k) Whether Neo4J allegedly abandoned the NEO4J® mark under the naked licensing doctrine by allowing Neo4J Sweden AB to license a software product called Neo4J on an open source basis. *See FreecycleSunnyvale v. Freecycle Network*, 626 F.3d 509, 515–16 (9th Cir. 2010).

   (l) Whether Plaintiff's trademark claims warrant an award of attorney's fees to defendants given Defendants nominative fair use rights.  15 U.S.C. § 1117(a).

/ / /

   (m) Whether certain contractual restrictions in the Partner Agreement violate the terms of the Neo4J Sweden AB's open source licenses for Neo4J.

4. **Motions:**

No motions have been filed as of the date of this Statement.  The parties anticipate summary judgment motions on all or some of the claims and defenses.

5. **Amendment of Pleadings:**

Plaintiff anticipates amending its Complaint to add an additional breach of contract claim against Defendants.  Defendants do not presently anticipate amending their counterclaims.

The parties agree that the deadline for amending the pleadings to add new parties, claims, or counterclaims should be set for October 30, 2019, except in the event of newly discovered non-public information, which was not discovered by that date despite diligent efforts to propound discovery.  After that date, amended pleadings would be allowed only upon a showing of good cause and a lack of prejudice to the non-amending party.

6. **Evidence Preservation:**

Plaintiff represents that it has taken appropriate measures to preserve evidence relevant the parties' respective claims and defenses in this matter.  Defendants represent they have taken appropriate measures to preserve evidence relevant to the parties' respective claims and defenses in this matter.

Further, the parties reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.  The parties intend to have further discussions concerning the scope and manner of production of ESI.

7. **Disclosures:**

The parties will exchange initial disclosures on February 21, 2019.

8. **Discovery:**

  a. **Discovery Taken to Date**

The parties have not taken any discovery to date.

### b.     The Scope of Anticipated Discovery

The topics provided below are not meant to be limiting. The parties retain the right to pursue discovery on any topic to which they are entitled under the Federal Rules of Civil Procedure ("FRCP"), the Local Rules of this Court, and the Orders entered by this Court.

*Plaintiff's Statement*

Plaintiff intends to seek discovery through interrogatories, requests for the production of documents, subpoenas for records, and depositions. Information that Plaintiff intends to seek during discovery includes, but is not limited to, the following:

- Defendants' use of Plaintiff's software and source code;
- Defendants' use of Plaintiff's trademarks;
- Defendants' allegations that Plaintiff allegedly interfered with its contractual relations;
- Defendants' allegations that Plaintiff allegedly interfered with its prospective economic relations with various third parties;
- Defendants' breaches of the Partner Agreement
- Defendants' alleged damages;
- Plaintiff's damages.
- Discovery relating to any additional affirmative defenses and counterclaims asserted by Defendants.

*Defendants' Statement*

Defendants/Counterclaimants intend to seek discovery through interrogatories, requests for the production of documents, subpoenas for records, and depositions. Information that Defendants/Counterclaimants intend to seek during discovery includes, but is not limited to, the following:

- Plaintiff's ownership of software and open source code;
- Plaintiff's request that Defendants modify open source code for customers;
- Plaintiff's abandonment of its trademarks;
- Plaintiff's interference with prospective economic relations and contractual relations;

- Plaintiff's alleged full performance and breach of the Partner Agreement;
- Plaintiff's enforcement of invalid restriction;
- Plaintiff's alleged damages;
- Defendants/Counterclaimants damages; and
- Discovery relating to any additional claims and affirmative defenses by Defendants/Counterclaimants.

   **c.**  **Limits on Discovery:**

The parties agree that discovery will not be conducted in phases or be limited to any particular issues other than as provided by this District's Local Rules (and as described in any potential separate stipulation concerning the reasonable and proportionate steps governing requests for and production of emails).  Unless otherwise noted below, the parties agree that the limitations on discovery imposed by the Federal Rules of Civil Procedure shall apply, absent a stipulation by the parties and the Court's approval.

  *Interrogatories*

The parties agree that each side will be entitled to 35 interrogatories, and that subparts will not be counted as long as the information sought by any single interrogatory is closely related. The parties agree that if additional interrogatories are needed by either side, the other side will be entitled to the same number of additional interrogatories.

  *Requests for Admissions*

The parties agree that each side will be entitled to 35 requests for admission.    The parties agree that they will make a good faith effort to agree upon the authenticity of documents. However, if any party is required to propound requests for admissions to authenticate documents after making such good faith efforts, said requests will not count towards the 35 request limit. The parties agree that if additional requests for admission are needed by either party, the other party will be entitled to the same number of additional interrogatories.

/ / /

/ / /

/ / /

*Depositions*

Each side will be entitled to 10 depositions, excluding third party deposition subpoenas and expert depositions. The parties agree that if additional depositions are needed by either party, the other party will be entitled to the same number of additional depositions.

*Privilege Logs*

The parties further agree that they are not required to log privileged documents and things created (1) on or after the date such party reasonably anticipated litigation was eminent; and (2) on or after the date the above-entitled action was filed.

d.   **Production of ESI:**

The parties anticipate that some relevant documents will include electronically stored information ("ESI"). The parties agree to meet and confer prior to producing ESI to ensure the producing party's production is in a format compatible with the requesting party's document review database. The receiving party shall provide the parameters for an appropriate load file within a reasonable time before production is required and the producing party shall provide such a load file. Unless otherwise agreed, all ESI should be electronically searchable (i.e. OCR) and all Excel spreadsheets shall be produced in native format. The parties intend to negotiate and submit a separate stipulation concerning the reasonable and proportionate steps governing requests for and production of emails.

e.  *Protective Order*

The parties intend to submit an agreed proposed protective order based on the Northern District of California's model orders.

9.   **Class Actions:**

This matter is not a class action.

10.   **Related Cases:**

There are no related cases at this time.

/ / /

/ / /

/ / /

11. **Relief:**

*Plaintiff's Statement*

Plaintiff seeks damages resulting from Defendants' willful infringement of the NEO4J® mark, as well as breaches of the Partner Agreement. Plaintiffs are informed and believe at this time that its damages amount to at least $400,000, but the exact total will be ascertained after conducting discovery and expert analysis. Plaintiff is also seeking its attorneys' fees and costs based on Defendants' willful infringement of the NEO4J® mark.

*Defendants' Statement*

Defendants iGov Inc and John Mark Suhy seek to recover attorney's fees on the trademark claims in the complaint. Counterclaimants Purethink, LLC and iGov, Inc. seek damages including punitive damages for interference with prospective economic advantage and interference with contract. Purethink, Inc. also seeks damages for breach of contract. Counterclaimants are informed and believe at this time that its damages are:

(a) Approximately $57,000 in legal fees as of the current date.

(b) $26,020.50 in unpaid fees owed to defendant for a DHS deal which was put in place before the plaintiff terminated the Partner Agreement. Calculation: 25% of the total subscription cost. Subscription was for $104,082 and 25% of that is $26,020.50.

(c) $750,000 for lost investment made into designing and developing Neo4j Government Edition (AKA Neo4j Enterprise Government Edition) under the exclusivity agreement. Calculation: 25 hours a week were set aside to Neo4j Government Edition designing, developing, and other product related tasks for 2 years. 25 hours per week X 50 weeks per year X 2 years X $300.00 /hr = $750,000.

(d) $1,200,000 for lost investment made into building the business model, assisting Neo4j sales teams, providing guidance and services relating to growth of the Neo4j and PureThink's joint growth in the US Government. Calculation: 40 hours per week (On top of the time spent above) X 50 weeks per year X 2 years X $300 /hr.

(e) Approximately $12,900,000 in lost revenue on business opportunities.

(f) Punitive damages

The exact total damages will be ascertained after conducting discovery and expert analysis. Counterclaimants also seek declaratory relief that Section 4.3.2 of the Partner Agreement is void under the Partner Agreement, sections 4.3.1 and 4.3.2 are void under the terms of the Neo4J Sweden AB GPL and AGPL license and the Neo4J trademark is abandon.

12. **Settlement and ADR:**

The parties have engaged in preliminary settlement discussions. If those efforts fail the parties believe that mediation would be the next step after conducting some discovery in the case. In this regard, the parties have agreed to private mediation at JAMS as provided in the STIPULATION AND ORDER SELECTING ADR PROCESS filed 02/08/19.

13. **Consent to Magistrate Judge For All Purposes:**

The parties decline to consent to a magistrate judge conducting all further proceedings, including trial and entry of judgment. However, the parties are agreeable to having a Magistrate hear all discovery disputes that may arise in this litigation.

14. **Other References:**

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues:**

Defendants believe that a resolution of the Cal. Bus. & Prof Code §16600 issue by motion would reduce the scope of the litigation substantially. The resolution of the Nominative Fair use defense by motion could also reduce the scope of the litigation substantially. However, Plaintiffs believe that it is premature to determine whether there are any issues that can be narrowed by agreement or by motion as or of any suggestions for expediting the presentation of evidence at trial. The parties are also unaware of any issues, claims, or defenses that would be subject to a request to bifurcate. However, the parties are willing to revisit the foregoing should the need arise as the litigation progresses.

16. **Expedited Trial Procedure:**

This matter is not the type of case that that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A.

17. **Scheduling:**

The parties propose the case schedule attached hereto as **Exhibit A.**

18. **Trial:**

The parties have requested a jury trial and seven (7) days should be sufficient for the trial.

19. **Disclosure of Non-Party Interested Entities or Persons:**

*Plaintiffs Response*

Plaintiff has filed a Certification of Interested Entities or Persons, as required by Civil Local Rule 3-15.  Plaintiff restates that the following listed persons, associations of persons, firms, partnerships, corporations (including parent corporations) or other entities: (i) have a financial interest in the subject matter in controversy or in a party to the proceeding, or (ii) have a non-financial interest in that subject matter or in a party that could be substantially affected by the outcome of this proceeding:

- Europe Ventures L.P.
- Greenbridge Investment Partners Limited
- Sunstone Technology Ventures Fund II K/S
- One Peak Expansion Europe LP

*Defendants' Response*

Defendants have filed a Certification of Interested Entities or Persons, as required by Civil Local Rule 3-15 and restates there are no interested Entities or Persons.

20. **Professional Conduct:**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California

21. **Other Issues:**

A. **Expert Discovery**

Consistent with FRCP 26(b)(4), no party shall be entitled to discovery of drafts of expert reports, which shall be deemed work-product privileged, and no party shall be entitled to discovery of communications between counsel and expert witnesses unless the expert relies on such communications pursuant to FRCP 26(b)(4)(C)(ii) and (iii).  The parties agree that expert

communications and drafts that are not discoverable and need not be included in the parties' privilege logs.

Five (5) business days before the taking of each testifying expert's deposition and at the close of expert discovery, the relevant party agrees to provide for that testifying expert: a listing of the total payment made to each testifying expert up to that date, including a listing of each testifying expert's hourly rate or rates up to that date; and, for any testifying expert that may be used as a witness at trial, an updated listing of that testifying expert's total payment and rate or rates at the commencement of trial.

### B.   Service of Findings of Fact and Discovery Requests

The parties agree that they will provide electronic, editable copies of all written discovery requests.

Dated:  February 21, 2019

HOPKINS & CARLEY
A Law Corporation


By: */s/ Jeffrey M. Ratinoff*
Jeffrey M. Ratinoff
Attorneys for Plaintiff and Counter-Defendant NEO4J, INC.

Dated:  February 21, 2019


By: */s/ Adron W. Beene*
Adron W. Beene
Adron G. Beene
Attorneys for Defendants and Counterclaimants
PURETHINK LLC, IGOV INC., and JOHN MARK SUHY

842\3202451.3                                                        - 13 -
JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND FRCP 26(f) REPORT        5:18-CV-07182-EJD

**ATTESTATION OF E-FILED SIGNATURE**

Pursuant to Local Rule 5-1(i)(3), I hereby certify that I have obtained the concurrence in the filing of this document from all signatories for whom a signature is indicated by a "conformed" signature (/s/) within this electronically filed document and I have on file records to support this concurrence for subsequent production to the Court if so ordered or for inspection upon request.

Dated: February 21, 2019

HOPKINS & CARLEY
A Law Corporation

By: */s/ Jeffrey M. Ratinoff*
    Jeffrey M. Ratinoff
    Attorneys for Plaintiff and Counter-Defendant NEO4J, INC.

# EXHIBIT A

## Proposed Case Schedule

| Event | Proposed Deadline |
|---|---|
| Last day to serve initial disclosures. | February 21, 2019 |
| Initial case management conference. | February 28, 2019 |
| Last Day to amend pleadings to add parties, claims and counterclaims. | October 30, 2019 |
| Close of fact discovery. | February 28, 2020 |
| Last day to file discovery motions relating to fact discovery. | March 6, 2020 |
| Designation of opening experts with reports. | April 1, 2020 |
| Designation of rebuttal experts with reports. | May 1, 2020 |
| Close of expert discovery. | June 1, 2020 |
| Deadline to file discovery motions relating to expert discovery. | July 8, 2020 |
| Last day to file dispositive and *Daubert* motions. | July 17, 2020 |
| Last day to file oppositions to dispositive and *Daubert* motions. | August 17, 2020 |
| Last day to file replies to dispositive and *Daubert* motions. | September 4, 2020 |
| Dispositive motion and *Daubert* motion hearing. | TBD – As set by the Court. |
| Pre-trial disclosures (Fed. R. Civ. P. 26(a)(3)(B)). | TBD – As set by the Court. |
| Pre-trial objections (Fed. R. Civ. P. 26(a)(3)(B)). | TBD – As set by the Court. |
| Final pre-trial conference. | TBD – As set by the Court. |
| Trial. | TBD – As set by the Court. |