| | |
|---|---|
| 1 | John V. Picone III, Bar No. 187226 |
| 2 | jpicone@hopkinscarley.com<br>Jeffrey M. Ratinoff, Bar No. 197241 |
| 3 | jratinoff@hopkinscarley.com<br>HOPKINS & CARLEY |
| 4 | A Law Corporation<br>The Letitia Building |
| 5 | 70 South First Street<br>San Jose, CA  95113-2406 |
| 6 | *mailing address:* |
| 7 | P.O. Box 1469<br>San Jose, CA 95109-1469 |
| 8 | Telephone:     (408) 286-9800<br>Facsimile:      (408) 998-4790 |
| 9 | Attorneys for Plaintiff and Counter-Defendant |
| 10 | NEO4J, INC., NEO4J SWEDEN AB |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| NEO4J, INC., a Delaware corporation, NEO4J SWEDEN AB, a Swedish corporation,<br><br>             Plaintiff,<br><br>     v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br><br>             Defendants.<br><br>AND RELATED COUNTERCLAIM. | CASE NO.  5:18-cv-07182-EJD<br><br>**PLAINTIFF'S STIPULATED ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>(Civil L.R. 3-12(b) and 7-11)<br><br><br>**JURY TRIAL DEMANDED** |
|---|---|

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

842\3355500.5
PLAINTIFF'S STIPULATED ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
5:18-CV-07182-EJD

Pursuant to Civil Local Rule 3-12(b) and 7-11, plaintiff Neo4j, Inc. ("Plaintiff" or "Neo4j") submits this Administrative Motion to request consideration of whether this action and the subsequently filed action entitled *Neo4j, Inc. v. Graph Foundation, Inc.* Case No. 5:19-cv-06226-JSC, both of which arise from common trademark infringement claims and are currently pending in this District, are related. In order of filing date, the actions submitted for determination under Civil Local Rule 3-12(b) are as follows:

| Case No. | Plaintiff | Defendant(s) | Filing Date |
|---|---|---|---|
| 5:18-cv-07182-EJD | Neo4j, Inc.; Neo4j Sweden AB | PureThink LLC; iGov Inc.; and John Mark Suhy | November 28, 2018 |
| 3:19-cv-06226-JSC | Neo4j, Inc. | Graph Foundation, Inc. | October 1, 2019 |

As explained below, the actions are related within the meaning of Civil Local Rule 3-12 and should be assigned to the same judge.

Civil Local Rule 3-12 provides that an action is related to another action pending in this District when (1) the actions concern substantially the same parties, property, transaction or event; and (2) it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges. These criteria are met here.

As to the first prong, both cases involve the same trademark registration for the word mark "NEO4J" (Reg. No. 4,784,280). The trademark registration at issue is owned and controlled by Neo4j, Inc., a Plaintiff in both actions. Defendants in both actions are accused of engaging in similar infringing conduct, including improperly using the NEO4J® trademark to falsely suggest Plaintiff's authorization and/or sponsorship of Graph Foundation's own product, known as ONgDB, and not Plaintiff's product, NEO4J® Enterprise Edition. Defendants describe the ONgDB product on its respective websites using identical and verbatim terms: "a non-restrictive fork of Neo4j, the world's leading Graph Database." *Declaration of Jeffrey M. Ratinoff* filed herewith, Exhibit 1 (¶ 19 of Complaint in *Neo4j, Inc. v. Graph Foundation, Inc.*); (Dkt. No. 37, ¶ 52 of First Amended Complaint in *Neo4j, Inc. v. PureThink LLC et al*).

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

842\3355500.5
PLAINTIFF'S STIPULATED ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED
5:18-CV-07182-EJD

Importantly, Defendant John Mark Suhy is a key witness in both actions. Defendant Suhy was and is the moving, active conscious force behind the foregoing acts of infringement and false advertising by the Defendants. Defendant Suhy the sole member and manager of PureThink and sole shareholder, officer, and director of iGov; he is also the founder and current or former member of Graph Foundation's board of directors. *Ratinoff Declaration*, Exhibit 2. Defendant Suhy working in these roles has actively participated in the development of ONgDB and the spread of misinformation concerning Plaintiff's Neo4j products and services via Defendants iGov and Graph Foundations' websites, through third party websites and social media. Plaintiffs are informed and believe, and based thereon that Defendant Suhy copied these Neo4J's source code files and their associated license.txt files from GitHub (an open source software hosting site) and modified the code to remove copyright owner information and republished these source code files on Graph Foundation's own GitHub site for ONgDB and iGov's website with the intent and knowledge that Neo4J's information had been intentionally removed. (Dkt. No. 37, ¶¶ 45, 69, 133 of First Amended Complaint in this action, *Neo4j, Inc. v. PureThink LLC et al*); *Ratinoff Declaration*, Exhibit 1 (¶¶ 27-31 of Complaint in *Neo4j, Inc. v. Graph Foundation*)

Defendant Suhy has also falsely suggested to potential customers that ONgDB contains the same source code as Plaintiff's product Neo4j Enterprise Edition. (Dkt. No. 37, ¶ 62 of First Amended Complaint in this action, *Neo4j, Inc. v. PureThink LLC et al*). Defendant Suhy is also active on Twitter and has actively promoted Defendant Graph Foundation by re-posting Graph Foundation's tweets. *Ratinoff Declaration*, Exhibit 3. Suhy either personally took part in the foregoing infringing activities or specifically directed, controlled, ratified Graph Foundation, PureThink, and/or iGov's employees to engage in such infringing activities. (*Id*. at ¶ 69)

None of the Defendants have a trademark license from Plaintiff and thus Defendants' conduct in both cases involve substantially the same acts of unauthorized use in commerce in connection with the distribution, offering, or promotion of the same ONgDB software and is likely to and has caused consumer confusion with Plaintiff's software and the NEO4J® trademark.

The second prong of Local Rule 3-12(a) is also satisfied. Each complaint focuses on the same transactions and events and contains substantially similar allegations. Given that substantially similar parties, transactions and events are involved in each of the actions, written discovery and depositions, both factual and experts, will be virtually the same for both cases. The technical documents and computer source code—ONgDB and NEO4J® Enterprise Edition—needed to establish infringement for both actions will be identical. Both actions also essentially seek the same relief. Not relating the two cases and conducting the cases before different Judges will result in unduly burdensome duplication of labor and expense, and potentially inconsistent results. Accordingly, relating these actions will help eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, counsel, and this Court, consistent with Civil Local Rule 3-12 (a).

In furtherance of this motion, and in compliance with Civil Local Rule 7-11, Plaintiffs and Defendants in this action have agreed to relate the actions and a stipulation is file concurrently herewith. Further, Defendant Graph Foundation, Inc. in the second action will be served with a copy of this administrative motion and the stipulation.

Because the Actions satisfy both prongs of Local Rule 3-12(a), Plaintiff respectfully requests that the Actions be deemed related to each other, consolidated for purposes of discovery and pretrial proceedings, and assigned to Judge Edward J. Davila pursuant to Local Rule 3-12(f).

Dated: October 28, 2019

HOPKINS & CARLEY
A Law Corporation

By: */s/ Jeffrey Ratinoff*
    John V. Picone III
    Jeffrey M. Ratinoff
    Attorneys for Plaintiff
    NEO4J, INC., NEO4J SWEDEN AB