John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Bar No. 197241
jratinoff@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA 95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone: (408) 286-9800
Facsimile: (408) 998-4790

Attorneys for Plaintiff and Counter-Defendant
NEO4J, INC., NEO4J SWEDEN AB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, NEO4J SWEDEN AB, a Swedish corporation,<br><br>Plaintiff,<br><br>v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br><br>Defendants.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV, INC., a Virginia corporation,<br><br>Counterclaimants,<br><br>v.<br><br>NEO4J, INC., a Delaware corporation,<br><br>Counter-defendant. | CASE NO. 5:18-cv-07182-EJD<br><br>**PLAINTIFFS AND COUNTER-DEFENDANTS AMENDED ANSWER TO COUNTERCLAIM** |

842\3386432.1

PLAINTIFF AND COUNTER-DEFENDANT NEO4J, INC.'S AMENDED ANSWER TO COUNTERCLAIM; 5:18-CV-07182-EJD

Plaintiffs and Counter-Defendants Neo4j, Inc. and Neo4j Sweden AB ("Neo4j" or "Counter-Defendant") responds to Defendant and Counterclaimants PureThink, LLC ("PureThink") and iGov, Inc. ("iGov") (collectively, "Counterclaimants") Counterclaim, Dkt. No. 22 (the "Counterclaims"), as follows:

## ANSWER TO COUNTERCLAIM

### I.   Jurisdiction

1.   The allegations in Paragraph 1 call for a legal conclusion; therefore no response is required.  To the extent an answer is required, Neo4j denies the allegations contained in this paragraph.

### II.   Parties

2.   Neo4j lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 and on that basis denies them.

3.   Neo4j lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 and on that basis denies them

4.   Neo4j admits that it is a Delaware corporation.

### III.   Introduction

5.   Neo4j admits that the GNU General Public License "GPL" license has several distinct versions.  Neo4j further admits that GNU Affero General Public License "AGPL" license has several distinct versions.  The remaining allegations lack specificity and are vague as to the particular software and version thereof, as well as which particular license applies a particular version of software, and on that basis Neo4j denies the allegations in Paragraph 5.  Except as expressly admitted, Neo4j denies the remaining allegations contained in Paragraph 5

6.   Neo4j admits that Github.com is an open source software repository.  The allegations in Paragraph 6 lack specificity and are vague as to the particular software and version thereof referenced as "Neo4j open source software," and on that basis Neo4j denies the allegations related thereto in Paragraph 6.  Except as expressly admitted, Neo4j denies the remaining allegations contained in Paragraph 6.

/ / /

7. The allegations in Paragraph 7 lack specificity and are vague as to which version or versions of the GPL and/or AGPL license, as well as which version or versions of "the Neo4j source code" and "source code" are referred to therein, and on that basis Neo4j denies the allegations related thereto in Paragraph 7.  Neo4j lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and on that basis denies them.

8. The allegations in Paragraph 8 lack specificity and are vague as to which version or versions of the NEO4J® software and GPL and AGPL licenses are being referred to, and on that basis Neo4j denies the allegations related thereto in Paragraph 8.  Neo4j denies the remaining allegations contained in Paragraph 8.

9. Neo4j denies the allegations contained in Paragraph 9.

10. Neo4j denies the allegations contained in Paragraph 10

11. The allegations in Paragraph 11 call for a legal conclusion; therefore no response is required.  To the extent any further answer is required, however, Neo4j denies the allegations contained in Paragraph 11.

12. Neo4j admits that during 2014 it was in discussions with the Maryland Procurement Office (MPO) about its products.  Neo4j lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 12 and on that basis denies them.

13. Neo4j admits that it signed a NEO4J® Solution Partner Agreement with Neo Technology, Inc., effective 9-30-2014.   Neo4j admits that Exhibit B appears to be a copy of the NEO4J® Solution Partner Agreement.

14. Neo4j admits that John Suhy had discussions with Lars Nordwall concerning obtaining business with entities within the United State Government. Neo4j denies the remaining allegations in Paragraph 14.

15. Neo4j denies that it agreed PureThink had the exclusive right to all government sales and support contracts.  Neo4j lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 15 and on that basis denies them.

16. Neo4j admits that PureThink provided Neo4j Enterprise Edition subscriptions to MPO, Sandia National Laboratories, and the FBI with Neo4j's approval. Based on public filings, it appears that PureThink provided Neo4j Enterprise Edition subscriptions to the IRS. Neo4j denies the remaining allegations in Paragraph 16

17. Neo4j denies the allegations contained in Paragraph 17.

18. Neo4j admits that PureThink breached the NEO4J® Solution Partner Agreement in conjunction with PureThink's dealings with IRS. Neo4j denies the remaining allegations in Paragraph 18.

19. Neo4j admits that John Mark Suhy and PureThink formed iGov to evade PureThink's obligations under the NEO4J® Solution Partner Agreement. Neo4j denies the remaining allegations in Paragraph 19.

## IV.   Counterclaims
## First Cause of Action
## Interference With Prospective Economic Advantage
## (Against NEO4J, Inc.)

20. Neo4j incorporates by reference its responses to Paragraphs 1 through 19 of the Counterclaims as though fully set forth herein.

21. Neo4j lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 21 and on that basis denies them.

22. Neo4j lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 22 and on that basis denies them.

23. Neo4j lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 23 and on that basis denies them.

24. Neo4j denies the allegations contained in Paragraph 24.

25. Neo4j denies the allegations contained in Paragraph 25.

26. Neo4j denies the allegations contained in Paragraph 26.

27. The allegations in Paragraph 27 call for a legal conclusion; therefore no response is required. To the extent an answer is required, Neo4j denies the allegations in Paragraph 27.

28. The allegations in Paragraph 28 call for a legal conclusion; therefore no response is required. To the extent an answer is required, Neo4j denies the allegations in Paragraph 28.

29. Neo4j denies the allegations contained in Paragraph 29.

30. Neo4j denies the allegations contained in Paragraph 30.

31. Neo4j denies the allegations contained in Paragraph 31.

32. The allegations in Paragraph 32 call for a legal conclusion; therefore no response is required. To the extent an answer is required, Neo4j denies the allegations in Paragraph 32.

**Second Cause of Action**

**Interference With Contract**

**(Against NEO4J, Inc.)**

33. Neo4j incorporates by reference its responses to Paragraphs 1 through 32 of the Counterclaims as though fully set forth herein.

34. The allegations in Paragraph 34 lack specificity and are vague as to which versions of NEO4J® software and the AGPL license are being referred to therein, and on that basis Neo4j denies the allegations in Paragraph 34.

35. Neo4j lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 35 and on that basis denies them.

36. The allegations in Paragraph 36 lack specificity and are vague as to which versions of NEO4J® software and the AGPL license are being referred to therein, and on that basis Neo4j denies such allegations. Neo4j denies the remaining allegations contained in Paragraph 36.

37. The allegations in Paragraph 37 lack specificity and are vague as to which versions of NEO4J® software and the AGPL license are being referred to therein, and on that basis Neo4j denies such allegations. The remaining allegations in Paragraph 37 call for a legal conclusion; therefore no response is required. To the extent an answer is required, Neo4j denies such allegations contained in Paragraph 37.

38. Neo4j denies the allegations contained in Paragraph 38.

39. Neo4j denies the allegations contained in Paragraph 39.

40. Neo4j denies the allegations contained in Paragraph 40.

41. Neo4j denies the allegations contained in Paragraph 41.

**Third Cause of Action**

**Breach of Contract**

**(Against NEO4J, Inc.)**

42. Neo4j incorporates by reference its responses to Paragraphs 1 through 41 of the Counterclaims as though fully set forth herein.

43. Neo4j admits the allegations contained in Paragraph 43.

44. Neo4j denies the allegations contained in Paragraph 44.

45. Neo4j denies the allegations contained in Paragraph 45.

46. Neo4j denies the allegations contained in Paragraph 46.

**Fourth Cause of Action**

**Declaratory Relief**

**(Void Restrictions)**

47. Neo4j incorporates by reference its responses to Paragraphs 1 through 46 of the Counterclaims as though fully set forth herein.

48. Neo4j denies that there is a present controversy regarding Section 4.3.2 of the NEO4J® Partner Solution Agreement. No further response is required as Partner Agreement speaks for itself. To the extent an answer is required, Neo4j denies the allegations contained in Paragraph 48.

49. The allegations in Paragraph 49 call for a legal conclusion; therefore no response is required. To the extent an answer is required, Neo4j denies the allegations contained in this paragraph.

50. The allegations in Paragraph 50 call for a legal conclusion; therefore no response is required. To the extent an answer is required, Neo4j denies the allegations contained in this paragraph.

/ / /

/ / /

/ / /

**Fifth Cause of Action**

**Declaratory Relief**

**(Restrictions Violate AGPL License)**

51. Neo4j incorporates by reference its responses to Paragraphs 1 through 50 of the Counterclaims as though fully set forth herein.

52. Neo4j denies that there is a present controversy regarding Section 4.3.1 and 4.3.2 of the NEO4J® Partner Solution Agreement. The GNU AFFERO GENERAL PUBLIC LICENSED VERSION 3 also speaks for itself. To the extent an answer is required, Neo4j denies the allegations contained in this paragraph.

53. The allegations in Paragraph 53 call for a legal conclusion; therefore no response is required. To the extent an answer is required, Neo4j denies the allegations contained in this paragraph.

54. The allegations in Paragraph 54 call for a legal conclusion; therefore no response is required. To the extent an answer is required, Neo4j denies the allegations contained in this paragraph.

**Sixth Cause of Action**

**Declaratory Relief**

**(Abandonment of Trademark)**

55. Neo4j incorporates by reference its responses to Paragraphs 1 through 54 of the Counterclaims as though fully set forth herein.

56. The allegations in Paragraph 56 are vague and unintelligible, and therefore Neo4j cannot form a belief about the truth of the allegations in this paragraph and on that basis denies them. To the extent an answer is required, Neo4j denies the allegations contained in this paragraph.

57. The allegations in Paragraph 57 call for a legal conclusion; therefore no response is required. To the extent an answer is required, Neo4j denies the allegations contained in this paragraph.

///

## V.     Prayer for Relief

Neo4j denies that Counterclaimants are entitled to any relief as to any claim or counterclaim, and specifically denies any and all allegations and prayers for relief contained in Paragraphs 1 through 4 of the "Prayer for Relief" section of the Counterclaims.

WHEREFORE, Neo4j prays for relief, as follows:

1. That Counterclaimants take nothing by the Counterclaims;

2. To the extent there is any bases for declaratory relief, a declaratory judgment in favor of Neo4j; and

3. For such other and further relief as the Court deems just and proper.

## JURY DEMAND

Neo4j demands a jury trial on all issues related to Counterclaimants Counterclaims that are triable by jury.

## AFFIRMATIVE DEFENSES

Neo4j alleges the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Counterclaims fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Lack of Jurisdiction)

The Court lacks jurisdiction over Counterclaimants' causes of action for Declaratory Judgement as there is no actual case and controversy.

### THIRD AFFIRMATIVE DEFENSE

### (Lack of Standing)

To the extent iGov claims that it is not subject to the NEO4J® Partner Solution Agreement, it lacks standing to assert the causes of action contained in the Counterclaim.

### FOURTH AFFIRMATIVE DEFENSE

### (Lack of Privity)

To the extent iGov claims that it is not subject to the NEO4J® Partner Solution

Agreement, it lacks privity to assert the causes of action contained in the Counterclaim.

## FIFTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The claims as alleged in the Counterclaim are barred by the applicable statutes of limitations.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Counterclaimants have unreasonably failed to mitigate, prevent and/or or reduce their alleged damages and injuries, if any of which Neo4j denies.

## SEVENTH AFFIRMATIVE DEFENSE

### (Intervening Cause/Lack of Causation)

The damages claimed in the Counterclaim, if any be found, are barred by the reason of the acts of others which proximately caused said damages.  Counterclaimants cannot demonstrate that they suffered any losses as a result of any alleged wrongful conduct by Neo4j.  Further, any injuries sustained by Counterclaimants were the results of its own acts or omissions and/or the acts or omissions of its agents, employees, managers, officers and directors, as well as any number of intervening and superseding causes, including the acts of Counterclaimants' agents, employees, managers, officers and directors.

## EIGHTH AFFIRMATIVE DEFENSE

### (Laches)

The claims as alleged in the Counterclaim are barred by the doctrine of laches in that Counterclaimants either knew or should have known about the alleged wrongdoing by Neo4j well before the filing of the Counterclaim in this action, but unreasonably delayed in bringing said claims and severely prejudiced Neo4j by doing so.

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

The claims as alleged in the Counterclaim are barred by the doctrine of estoppel.  In particular, Counterclaimants' claims are based upon a failure to comply with their obligations

under the NEO4J® Partner Solution Agreement and their attempts to circumvent the licensing restrictions on certain NEO4J® software, and thus are estopped from claiming any alleged damages resulting therefrom.  Further, Counterclaimants are estopped from asserting their claims because they have wrongfully withheld monies due and owing to Neo4j under the NEO4J® Partner Solution Agreement.

Finally, Counterclaimants are estopped from asserting that any provision in the NEO4J® Partner Solution Agreement allegedly violates Bus. & Prof. Code § 16600 as they were fully advised of the nature of the transaction and with full knowledge thereof voluntarily participated in said transaction and agreed to the terms thereof, and as such Counterclaimants are estopped from obtaining the relief prayed for in the Counterclaims.

### TENTH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

Neo4j alleges that any recovery on the claims asserted in the Counterclaims is barred by reason of Counterclaimants' unclean hands based on their wrongdoing as set forth in Neo4j's Complaint.

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Waiver)

The claims as alleged in the Counterclaim are barred by the doctrine of waiver, as alleged in the foregoing affirmative defenses and incorporated herein by reference.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Negligence)

Neo4j alleges that Counterclaimants were careless and negligent in and about the matters referred to in the Counterclaim and that such negligence and carelessness on the part of Counterclaimants proximately caused and contributed to the damages complained of, if any.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (Set-Off)

To the extent Counterclaimants have suffered any alleged damages, which Neo4j specifically denies, any alleged damages suffered by Counterclaimants must be set-off by (1) the

amounts Counterclaimants are wrongfully withholding from Neo4j; and/or (2) the damages suffered by Neo4j as a result of Counterclaimants' acts and/or omissions as alleged in the Complaint.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Neo4j alleges that the causes of action alleged in the Counterclaim are barred, in whole or in part, as Counterclaimants would be unjustly enriched if allowed to recover any of the sums alleged in the Counterclaim because they have wrongfully withheld funds and/or payments due and owing to Neo4j under the NEO4J® Partner Solution Agreement, as well as profited off the infringement of Neo4j's trademark and goodwill. Counterclaimants have wrongfully withheld payments from Neo4j in amounts similar to what they have claimed as their alleged damages. As a result, Counterclaimants suffered no damages and would be unjustly enriched if they were to recover on their counterclaims against Neo4j.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Performance of Contract Excused)

Neo4j alleges that its performance under the NEO4J® Partner Solution Agreement was excused and/or prevented by the acts and omissions of Counterclaimants, their non-performance under the NEO4J® Partner Solution Agreement, and Counterclaimant's material breaches thereof as alleged in the Complaint.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Privilege/Justification)

The claims as alleged in the Counterclaim are based, in whole or in part, on acts that are and were privileged and/or justified, and, therefore, not actionable. In particular, to the extent Neo4j purportedly interfered Counterclaimants' alleged prospective economic relationships, which Neo4j specifically denies, there can be no intentional interference therewith because Neo4j acted only to protect its legitimate business and financial interests, and/or in furtherance of lawful competition. Likewise, to the extent Neo4j purportedly interfered Counterclaimants' contractual relationships, which Neo4j specifically denies, there was no intentional interference therewith

because Neo4j acted only to protect its legitimate business and financial interests, and/or in furtherance of lawful competition.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (First Amendment Freedom of Petition)

The claims as alleged in the Counterclaim are based, in whole or in part, on acts that are and were subject to Neo4j's constitutional right of freedom to petition under the First Amendment, U.S. Const. amend. I, and the *Noerr-Pennington* doctrine based thereon, and, therefore, not actionable.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

Neo4j alleges that the purported causes of action in the Counterclaim are barred, in whole or in part, because the Counterclaimants' purported damages are speculative and uncertain and there is no reasonable basis to assume any of the alleged prospective economic relationships were allegedly disrupted by Neo4j and/or would otherwise been consummated. Counterclaimants' damages theories also fail because they are based upon uncertain future benefits that are too speculative to be ascertainable.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Extent of Punitive Damages)

The Counterclaim fails to state a cause of action for recovery or punitive damages. To the extent the amount of punitive damages sought by Counterclaimants is unconstitutionally excessive under the United States Constitution, it violates Excessive Fines Clause of the Eighth Amendment, U.S. Const. amend. VIII, and the Due Process Clause of the Fourteenth Amendment, U.S. Const. amend. XIV, Section 1.

/ / /
/ / /
/ / /
/ / /
/ / /

842\3386432.1 - 12 -
PLAINTIFF AND COUNTER-DEFENDANT NEO4J, INC.'S AMENDED ANSWER TO COUNTERCLAIM; 5:18-CV-07182-EJD

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

## TWENTIETH AFFIRMATIVE DEFENSE

**(Additional Affirmative Defenses)**

Neo4j alleges reserves the right to assert other defenses as they become known to it.

Dated:  October 30, 2019

HOPKINS & CARLEY
A Law Corporation


By: */s/ Jeffrey M. Ratinoff*
    John V. Picone III
    Jeffrey M. Ratinoff
    Attorneys for Plaintiff and
    Counter-defendant
    NEO4J, INC.