Adron W. Beene SB# 129040
Adron G. Beene SB# 298088
Attorney at Law
1754 Technology Drive, Suite 228
San Jose, CA 95110
Tel: (408) 392-9233
Fax: (866) 329-0453
adron@adronlaw.com

Attorneys for Defendants:
PURETHINK LLC, a Delaware limited
liability company, IGOV INC., a Virginia
corporation, and JOHN MARK SUHY

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation,<br><br>Plaintiffs<br><br>v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br>Defendants. | CASE NO. 5:18-cv-7182 EJD<br><br>**DEFENDANT JOHN MARK SUHY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant JOHN MARK SUHY, an individual ("Defendant") answers

NEO4J, INC. ("Neo4J USA") and NEO4J SWEDEN AB's ("Neo4J Sweden")

First Amended Complaint as follows:

1. Defendant admits the statement outlines the claims but otherwise denies the claims and allegations in paragraph 1.

2. Defendant admits the first and second sentence in paragraph 2. Defendant' deny that plaintiff is the graph company behind an open source software product called Neo4J as the software is owned by and licensed by Neo4J Sweden AB according to the license for Neo4J-enterprise available at GitHub. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis denies the remaining allegations.

3. Defendant denies the allegation in paragraph 3. Defendant believes that many users are using the open source version called Neo4J and not what plaintiff calls Neo4J®. This confusion arises because plaintiff Neo4J, USA claims they own Neo4J software yet the open source license is by Neo4J Sweden. Likewise, there appear over 100 contributors to the open source version of the Neo4J software and Defendant do not know if each contributor has assigned contributions to either plaintiff. Defendant lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis denies the remaining allegations.

4. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis denies the allegations.

5. Defendant admits the allegations in paragraph 5 except it denies PureThink is a shell entity maintained by the other Defendant and is

not currently conducting or engaged in any meaningful business activities.

6. Defendant admits the allegations in paragraph 6 except it denies iGov is the assignee and successor-in-interest to PureThink or otherwise acquired substantially all of PureThink's assets sometime in mid-2017 and deny that Neo4J is a large scale graph solution as it is limited in scalability.

7. Defendant admits that iGov does business as GraphStack, but denies the remaining allegations in paragraph 7.

8. Defendant denies the allegations in paragraph 8 except for the fact Suhy is an individual and the last sentence.

9. Defendant denies the allegations in paragraph 9.

10. Defendant denies the allegations in paragraph 10.

11. Defendant denies the allegations in paragraph 11 are an example to support the allegations and deny Defendant share the same customer support number but admit the facts alleged.

12. Defendant denies the allegations in paragraph 12 are an example to support the allegations but admit the facts alleged except Defendant lacks information or belief about what virtually identical means.

13. Defendant denies the allegations in paragraph 13 as the verb ported is unclear and vague.

14. Defendant denies the allegations in paragraph 14.

15. Defendant admits the allegations in paragraph 15.

16. Defendant denies the allegations in paragraph 16.

17. Defendant denies the allegations in paragraph 17.

18.    Defendant admits the allegations in paragraph 18.

19.    Defendant admits the allegations in paragraph 19.

20.    Defendant denies the allegations in paragraph 20.

21.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 and on that basis denies the allegations.

22.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 and on that basis denies the allegations.

23.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 and on that basis denies the allegations.

24.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 and on that basis denies the allegations.  Defendant is informed and believes that both plaintiffs did not license the open source version of Neo4J software as the open source licenses state the software is owned and license by Neo4J  Sweden.

25.    Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 and on that basis denies the allegations. Defendant is informed and believes that both plaintiffs did not license the open source version of Neo4J software as the open source licenses state the software is owned and license by Neo4J  Sweden. Further, Neo4J  Sweden did not license a commercial product based on the open source software.

26.     Defendant deny the allegations in paragraph 26.

27.     Defendants deny the allegations in paragraph 27.

28.     Defendants deny the allegations in paragraph 28.

29.     Defendant denies it agreed to provide first and second line support to end-users of NEO4J® EE software. Defendant admits the remaining allegations paragraph 29.

30.     Defendant admits the first sentence in paragraph 30 and denies the remainder.

31.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 and on that basis denies the allegations.

32.     Defendant denies the allegations in paragraph 32.

33.     Defendant admits the first sentence in paragraph 33 and denies the remainder.

34.     Defendant admits the allegations paragraph 34.

35.     Defendant admits the allegations paragraph 35.

36.     Defendant admits the allegations paragraph 36.

37.     Defendant admits the allegations in paragraph 37.

38.     Defendant admits the allegations in paragraph 38.

39.     Defendant denies the allegations in paragraph 39.

40.     Defendant denies the allegations in paragraph 40.

41.     Defendant denies the allegations in paragraph 41.

42.     Defendant denies the allegations in paragraph 42.

43.     Defendant denies the allegations in paragraph 43.

44.     Defendant denies the allegations in paragraph 44.

45.     Defendant denies the allegations in paragraph 45.

46.     Defendant denies the allegations in paragraph 46.

47.     Defendant denies the allegations in paragraph 47.

48.     Defendant denies the allegations in paragraph 48.

49.     Defendant denies the allegations in paragraph 49.

50.     Defendant denies the allegations in paragraph 50.

51.     Defendant denies the allegations in paragraph 51.

52.     Defendant denies the allegations in paragraph 52.

53.     Defendant denies the allegations in paragraph 53.

54.     Defendant denies the allegations in paragraph 54.

55.     Defendant denies the allegations in paragraph 55.

56.     Defendant denies the allegations in paragraph 56.

57.     Defendant denies the allegations in paragraph 57.

58.     Defendant denies the allegations in paragraph 58.

59.     Defendant denies the allegations in paragraph 59.

60.     Defendant denies the allegations in paragraph 60.

61.     Defendant denies the allegations in paragraph 61.

62.     Defendant admits to posting messages on Twitter. Defendant denies that he spread misinformation, unfairly competed, and the remaining allegations in paragraph 62.

63.     Defendant denies the allegations in paragraph 63.

64.     Defendant denies the allegations in paragraph 64.

65.     Defendant denies the allegations in paragraph 65.

66.     Defendant denies the allegations in paragraph 66.

67.     Defendant denies the allegations in paragraph 67.

68.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68 and on that basis denies the allegations. Neo4J  Sweden's copyright management information violates the APGL copyright.

69.     Defendant admits the allegations in paragraph 69 and such removal was to prevent further violation of the AGPL license and removal of infringing material is expressly allowed under the AGPL.

70.     Defendant admits the allegations in paragraph 70.

71.     Defendant denies the allegations in paragraph 71 to the extent Suhy stated in an email he had recorded him, otherwise denied. The statement was to avoid the changes of instructions on the employees part. Suhy felt if the employee thought his calls were being recorded, he would temper his fluxuations and false changes in instructions.

72.     Defendant admits the allegations in paragraph 72 to the extent Suhy stated in an email he had recorded him, otherwise denied. The statement was to avoid the changes of instructions on the employees part. Suhy felt if the employee thought his calls were being recorded, he would temper his fluxuations and false changes in instructions.

73.     Defendant admits the allegations in paragraph 73 to the extent Suhy told him he had recorded phone calls, otherwise denied.  The statement was to avoid the changes of instructions on the employees part. Suhy felt if the employee thought his calls were being recorded, he would temper his fluxuations and false changes in instructions.

74.     Defendant incorporate its responses to paragraphs 1-73.

75.     Defendant denies the allegations in paragraph 75. Neo4J USA did not exist in 2007. It was formed in 2011. The software has been licensed on an open source basis by Neo4J Sweden and called Neo4J by Neo4J Sweden. The ownership of the Neo4J software is claimed by Neo4J Sweden. Likewise, the software development was provided by over 100 contributors, Github shows that there are 1,515 forks to the software with 22 branches and Defendant do not know if the contributors have assigned the rights to the Neo4J open source software copyright to either plaintiff.

76.     Defendant denies the allegations in paragraph 76. Neo4J USA did not exist in 2007. It was formed in 2011. The software has been licensed on an open source basis by Neo4J Sweden and called Neo4J by Neo4J Sweden. The ownership of the Neo4J software is claimed by Neo4J Sweden. Likewise, the software development was provided by over 100 contributors, Github shows that there are 1,515 forks to the software with 22 branches and Defendant do not know if the contributors have assigned the rights to the Neo4J open source software copyright to either plaintiff.

77.     Defendant denies the allegations in paragraph 77. The software has been licensed on an open source basis by Neo4J Sweden and called Neo4J by Neo4J Sweden. The ownership of the Neo4J software is claimed by Neo4J Sweden AB. Likewise, software development was provided by over 100 contributors, Github shows that there are 1,515 forks to the software with 22 branches and Defendant do not know if

the contributors have assigned the rights to the Neo4J open source software copyright to plaintiff.

78.     Defendant denies the allegations in paragraph 78. The software has been licensed on an open source basis by Neo4J Sweden AB and called Neo4J by Neo4J Sweden AB and ownership of the software is claimed by Neo4J Sweden AB. Likewise, software development was provided by over 100 contributors, Github shows that there are 1,515 forks to the software with 22 branches and Defendant do not know if the contributors have assigned the rights to the Neo4J open source software copyright to plaintiff. Defendant denies that goodwill in the name Neo4J is exclusively held by Neo4J USA.

79.     Defendant denies the allegations in paragraph 79.

80.     Defendant denies the allegations in paragraph 80.

81.     Defendant denies the allegations in paragraph 81.

82.     Defendant denies the allegations in paragraph 82.

83.     Defendant denies the allegations in paragraph 83.

84.     Defendant denies the allegations in paragraph 84.

85.     Defendant denies the allegations in paragraph 85.

86.     Defendant denies the allegations in paragraph 86.

87.     Defendant incorporate its responses to paragraphs 1-86.

88.     Defendant denies the allegations in paragraph 88.

89.     Defendant denies the allegations in paragraph 89.

90.     Defendant denies the allegations in paragraph 90.

91.     Defendant denies the allegations in paragraph 91.

92.     Defendant denies the allegations in paragraph 92.

93.     Defendant denies the allegations in paragraph 93.

94.     Defendant denies the allegations in paragraph 94.

95.     Defendant incorporate its responses to paragraphs 1-94.

96.     Defendant denies the allegations in paragraph 96.

97.     Defendant denies the allegations in paragraph 97.

98.     Defendant denies the allegations in paragraph 98.

99.     Defendant denies the allegations in paragraph 99.

100.    Defendant denies the allegations in paragraph 100.

101.    Defendant denies the allegations in paragraph 101.

102.    Defendant incorporate its responses to paragraphs 1-101.

103.    Defendant denies the allegations in paragraph 103.

104.    Defendant denies the allegations in paragraph 104.

105.    Defendant denies the allegations in paragraph 105.

106.    Defendant denies the allegations in paragraph 106.

107.    Defendant denies the allegations in paragraph 107.

108.    Defendant incorporate its responses to paragraphs 1-107.

109.    Defendant admits Purethink it signed the Partner Agreement
but Defendant otherwise deny the allegations in paragraph 83, because
plaintiff has failed to perform, clauses 4.3.1, and 4.3.2 are not
enforceable as written or applied and the limitations in the Partner
Agreement violate the open source Neo4J enterprise license.

110.    Defendant admits the allegations in paragraph 110.

111.    Defendant admits the terms of the 7.3 of the Partner Agreement
claims to prevent PureThink from dealing in Products which is defined
as Neo4J commercial software provided by Neo Technology and

licensed to the End User but otherwise denies the allegations in paragraph 111.

112.   Defendant denies the allegations in paragraph 112.

113.   Defendant denies the allegations in paragraph 113.

114.   Defendant denies the allegations in paragraph 114.

115.   Defendant denies the allegations in paragraph 115.

116.   Defendant denies the allegations in paragraph 116.

117.   Defendant denies the allegations in paragraph 117.

118.   Defendant denies the allegations in paragraph 118.

119.   Defendant denies the allegations in paragraph 119.

120.   Defendant denies the allegations in paragraph 120.

121.   Defendant incorporate its responses to paragraphs 1-120.

122.   Defendant denies the allegations in paragraph 122.

123.   Defendant denies the allegations in paragraph 123.

124.   Defendant denies the allegations in paragraph 124.

125.   Defendant admits the first and second sentence in paragraph 125 and denies the remaining allegations in paragraph 125.

126.   Defendant denies the allegations in paragraph 126.

127.   Defendant denies the allegations in paragraph 127.

128.   Defendant admits Neo4J USA seeks statutory damages but deny they are entitled to any damages as alleged in paragraph 128.

129.   Defendant denies the allegations in paragraph 129.

130.   Defendant incorporate its responses to paragraphs 1-129.

131.   Defendant lack sufficient information and belief to answer pararagraph 131 and on said basis denies. Neo4J  Sweden states it

owns the open source version of Neo4J  but the software was also

created by over 100 contributors who are also copyright holders.

132.     Defendant denies the allegations in paragraph 132.

133.     Defendant denies the allegations in paragraph 133.

134.     Defendant denies the allegations in paragraph 134.

135.     Defendant denies the allegations in paragraph 135.

136.     Defendant denies the allegations in paragraph 136.

137.     Except as otherwise admitted, Defendant denies the allegations

in the FAC.

## Affirmative Defenses

1.     **Void Restriction**

Section 4.3.2 of the Partner Agreement, provides:

> During the term of this Agreement and up until thirty six (36)
> months after the termination or expiration of this Agreement,
> Partner may not develop, market, distribute or offer any services
> related to any Neo Technology Community Edition Products,
> derivative works of such products, or any Partner software code
> made to work with Neo Technology Community Edition
> Products(including, without limitation, hosting services, training,
> technical support, configuration and customization services, etc.)

Neo4J USA seeks to prevent Defendant from licensing and supporting

open source software during and for 36 months after termination of the

Partner Agreement. The Partner Agreement is. by its terms, governed

by California law. The restriction under Section 4.3.2 cannot be

enforced against Defendant as it is void under California Business and

Professions Code §16600: "Except as provided in this chapter, every

contract by which anyone is restrained from engaging in a lawful

profession, trade, or business of any kind is to that extent void."

2. **License To Use Neo4J Open Source Software**

Section 4.3.1 of the Partner Agreement provides:

**4.3.1** During the term of this Agreement, Partner may not use or run on any of Partner's hardware, or have deployed for internal use, any Neo Technology Community Edition Products for commercial or production use. In no event shall Partner reverse engineer, distribute or otherwise use the Products for its own internal use. There are no implied rights. Partner will not fork or bifurcate the source code for any Neo Technology Community Edition Products into a separately maintained source code repository so that development done on the original code requires manual work to be transferred to the forked software or so that the forked software starts to have features not present in the original software.

The restrictions in Paragragraphs 4.3.1 and 4.3.2  violate the GNU

AFFERO GENERAL PUBLIC LICENSED VERSION 3 for Neo4J

enterprise software:

Section 2 (Basic Permissions) of the AGPL license provides, in part:

"All rights granted under this License are granted for the term of copyright on the Program, and are irrevocable provided the stated conditions are met. This License explicitly affirms your unlimited permission to run the unmodified Program. …

You may make, run and propagate covered works that you do not convey, without conditions so long as your license otherwise remains in force. You may convey covered works to others for the sole purpose of having them make modifications exclusively for you, or provide you with facilities for running those works, provided that you comply with the terms of this License in conveying all material for which you do not control copyright."

Section 4 of the AGPL license provides, in part:

"You may charge any price or no price for each copy that you convey, and you may offer support or warranty protection for a fee."

Section 10 (Automatic licensing of Downstream Recipients)

of the AGPL provides, in part:

"You may not impose any further restrictions on the exercise of the rights granted or affirmed under this License."

Defendant are licensed to use the open source software version of Neo4J by Neo4J Sweden AB without restriction under the AGPL license agreement. Neo4J USA may not impose restrictions on use of Neo4J and cannot prevent or bar Defendant from using the open source Neo4J. By imposing restrictions in violation of the License, plaintiff has breached the open source license and has no rights to use or license Neo4J.

3. **Right to fork and use Neo4J open source under GitHub Terms of Service**

By using a public repository at GitHub, the open source versions of Neo4J are subject to the GitHub Terms of Service which allow any user to use and fork the software:

D. 5. If you set your pages and repositories to be viewed publicly, you grant each User of GitHub a nonexclusive, worldwide license to use, display, and perform Your Content through the GitHub Service and to reproduce Your Content solely on GitHub as permitted through GitHub's functionality (for example, through forking). You may grant further rights if you adopt a license. If you are uploading Content you did not create or own, you are responsible for ensuring that the Content you upload is licensed under terms that grant these permissions to other GitHub Users.

https://help.github.com/en/articles/github-terms-of-service

1

2

3  4. **Unclean Hands**

4  Neo4J USA should not be permitted to enforce the Partner Agreement

5  because of plaintiff's unclean hands in the use of the Partner

6  Agreement. Neo4J USA told PureThink they could modify the scope of

7  a license agreement to meet the needs of the government users such as

8  the IRS. Neo4J USA's license model is priced for core processor

9  charges. However, there is no per core charge on the open source

10  version. Neo4J USA at first agreed PureThink could drop the core use

11  pricing for the IRS, then later plaintiff refused to allow the price

12  change. Neo4J USA also forbade its partners, such as PureThink, to

13  discuss the available open source versions. When the IRS, faced with

14  core pricing limitations, asked Purethink about the differences

15  between the commercial software and the open source version of

16  Neo4J, plaintiff told Purethink to lie stating the open source version

17  could only be used on an open project to try to induce the IRS to

18  purchase a commercial version of Neo4J. When plaintiff threatened to

19  terminate PureThink, they agreed Purethink could remedy the breach

20  if the IRS signed up for a commercial license through plaintiff. When

21  the IRS wanted to use the Neo4J open source software with support

22  from Purethink, plaintiff interfered falsely stating Purethink could not

23  use or support Neo4J open source software. Neo4J USA is attempting

24  to improperly use a dual licensing practice having a commercial

25  version controlled by plaintiff and an open source software licensed

under a General Public License. Because the open source software is under a GPL or AGPL license, and has over 100 contributors, plaintiff may not be able to actually convert the GPL or AGPL license to proprietary software. Under a GPL or AGPL type license, contributors' efforts to modify the software cannot be taken away and turned into privately controlled software. Defendant are informed and believe that plaintiff only provides an object code version of the Neo4J software under a commercial license while the GPL and AGPL type license requires access to the source code as well. Defendant are informed and believe that because plaintiff cannot lawfully operate a dual license model since the open source is based on GPL or AGPL, plaintiff resorts to sharp and false practices with customers (lying about the difference between the commercial versions and the open source version) attempting to restrict partners, such as PureThink, from supporting the open source Neo4J version with unlawful restrictions and interfering in attempts to use open source Neo4J software during the partner term and for three years after termination. The rights of open source users to use the software without making in open, as Neo4J USA claim is shown by the FAQs at the GNU site:

If I only make copies of a GPL-covered program and run them, without distributing or conveying them to others, what does the license require of me?(#NoDistributionRequirements)

Nothing. The GPL does not place any conditions on this activity.

The same rules apply to modified versions of the open source code:

Does the GPL require that source code of modified versions be posted to the public? (#GPLRequireSourcePostedPublic)

The GPL does not require you to release your modified version, or any part of it. **You are free to make modifications and use them privately, without ever releasing them. This applies to organizations (including companies), too; an organization can make a modified version and use it internally without ever releasing it outside the organization.**

But *if* you release the modified version to the public in some way, the GPL requires you to make the modified source code available to the program's users, under the GPL.

Thus, the GPL gives permission to release the modified program in certain ways, and not in other ways; but the decision of whether to release it is up to you.

[Emphasis added]

As plaintiffs have sought to threaten open source users improperly, they come to this court with unclean hands, they should be barred from recovery.

5.  **The addition of the commons clause is unlawful under the AGPL**

The open source license used by Neo4J Sweden AB, the AGPL,  is a license copyrighted by the Free Software Foundation. The beginning of the AGPL license provides a copyright notice:

Copyright (C) 2007 Free Software Foundation, Inc. <http://fsf.org/>
Everyone is permitted to copy and distribute verbatim copies
of this license document, but changing it is not allowed. [Emphasis added]

By its terms, the license may not be changed.

Neo4J Sweden AB's attempt to change the AGPL license violates its terms. The licensee is protected from this violation under the terms of the license: "If the Program as you received it, or any part of it, contains a notice stating that it is governed by this License along with

a term that is a further restriction, **you may remove that term**."
[Emphasis added].  §7 AGPL.

Defendant had the express right to remove any improper terms and such removal prevented further infringement of the APGL license's terms.

## 6.  NEO4J USA violated the AGPL

Neo4J  has attempted to take the open source software under the AGPL and commercialize it in violation of the AGPL. "You may not impose any further restrictions on the exercise of the rights granted or affirmed under this License. For example, you may not impose a license fee, royalty, or other charge for exercise of rights granted under this License." §10 of the AGPL.

## 7.  Cancellation of Trademark Procured by Fraud

The Registered Trademark for NEO4J, Reg. No. 4,784,280, was procured by fraud as the representation was that Neo Technology (a Delaware corporation) (changed to Neo4J, Inc.) first used the trademark in 6-4-2006 and in commerce in 5-28-2007. These statements are false as Neo Technology did not exist on those dates represented as the company was formed 7-7-2011 in Delaware under File Number 5007564. Because the registration was procured by fraud, the registration should be cancelled pursuant to 15 U.S.C. §1119.

## 8.  Fair Use of Trademarks

Defendant use of the trademarks was and is a nominative fair use to 1) identify a software product they support called Neo4J that is freely available as open source software, 2) comparative advertising (See 16 C.F.R. §14.15(b)) and 3) to advise others PureThink was no longer a partner with Neo4J USA.

9.  **Naked License Abandonment of Trademark**

Neo4J USA claims they own the Neo4J trademark but there is confusion whether that is a company name trademark or product name trademark. This confusion is exacerbated by Neo4J Sweden's open source license for the Neo4J software. Neo4J Sweden's license states: "The software ("Software") is developed and owned by Neo4J Sweden AB (referred to in this notice as "Neo4J")… .  Neo4J Sweden asserts they own the software-and not Neo4J USA- and yet both companies use Neo4J name as part of the company name and call the open source software product Neo4J too. As the Neo4J software is licensed as open source software, there is no ability to maintain quality control of how licensees modify, use or distributed or conveyed. As a result, Neo4J USA has abandoned the Neo4J trademark under the doctrine of Naked License.

10.    **Waiver**

Neo4J USA waived Purethink's conduct in modifying the open source version of Neo4J to create the government edition as they agreed

PureThink could use and modify the software as required to satisfy the United States Government buyers.

11.     **Setoff**

Neo4J USAs' alleged claims to damages are barred, in whole or in part, by the right of one or more Defendant to a setoff against any such damages.

## Prayer for Relief

Wherefore Defendant request:

1.  The complaint be dismissed with prejudice;

2.  That the trademark based claims be found exceptional as the trademark was obtain through fraud, the alleged infringments are obviously nominative fair use and comparative advertising, allowing Defendants to recover attorneys fees under 15 U.S.C. §1117 (a);

3.  That Defendant recover costs;

4.  And for such other relief as the Court deems just.

Dated: November 13, 2019

_____/s/ Adron G. Beene_____
Adron W. Beene SB# 129040
Adron G. Beene SB# 298088
Attorney At Law
1754 Technology Drive, Suite 228
San Jose, CA 95110
Tel: (408) 392-9233
Fax: (866) 329-0453
adron@adronlaw.com

Attorney for Defendant
PURETHINK LLC, a Delaware limited
liability company, IGOV INC., a Virginia
corporation, and JOHN MARK SUHY

## DEMAND FOR JURY TRIAL

Defendant JOHN MARK SUHY hereby demands a trial by jury.


Dated: November 13, 2019


                                      /s/ Adron G. Beene
                                  Adron W. Beene SB# 129040
                                  Adron G. Beene SB# 298088
                                  Attorney At Law
                                  1754 Technology Drive, Suite 228
                                  San Jose, CA 95110
                                  Tel: (408) 392-9233
                                  Fax: (866) 329-0453
                                  adron@adronlaw.com

                                  Attorney for Defendant
                                  PURETHINK LLC, a Delaware limited
                                  liability company, IGOV INC., a Virginia
                                  corporation, and JOHN MARK SUHY