Adron W. Beene SB# 129040
Adron G. Beene SB# 298088
Attorney at Law
1754 Technology Drive, Suite 228
San Jose, CA 95110
Tel: (408) 392-9233
Fax: (866) 329-0453
adron@adronlaw.com

Attorneys for defendants:
PURETHINK LLC, a Delaware limited
liability company, IGOV INC., a Virginia
corporation, and JOHN MARK SUHY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation, <br> Plaintiffs, <br><br> v. <br><br> PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual, <br> Defendants. | CASE NO. 5:18-cv-7182 EJD <br><br> **Hearing Date: March 19, 2020 Time: 9:00am** <br><br> **DEFENDANTS PURETHINK LLC, AND IGOV INC.'S NOTICE OF MOTION AND MOTION TO DISMISS THE FIFTH CAUSE OF ACTION OR, ALTERNATIVELY, MOTION TO STRIKE ¶112 OF THE FIRST AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** <br><br> **F.R.C.P. 12 (b) (6) F.R.C.P. 12 (f)** <br><br> **DEMAND FOR JURY TRIAL** |

**NOTICE OF MOTION AND MOTION TO DISMISS OR STRIKE**

PLEASE TAKE NOTICE that on March 19, 2020, at 9 a.m., or as soon thereafter as the matter may be heard before the Honorable Judge Edward J. Davila in the United States District Court for the Northern District of California, Courtroom 4, located on the 5th Floor of the San Jose Courthouse, at 280 South 1st Street, San Jose, CA 95113, Defendants PURETHINK LLC, AND IGOV INC. will and hereby move the court to dismiss the Fifth Cause of Action for Breach of Contract in Neo4J, Inc.'s First Amended Complaint ("FAC") pursuant to Federal Rules of Civil Procedure Rules 12(b)(6), or, in the alternative, strike ¶112 of the First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(f).

Defendants request the Court dismiss the Fifth Cause of Action for Breach of Contract in NEO4J, Inc.'s First Amended Complaint in its entirety on the grounds that the cause of action fails to state a cause of action upon which relief may be granted because the contract term (§4.3.2 of the Partner Agreement) is unenforceable under California Business and Professions Code §16600. Without an enforceable contract term, there can be no breach and no cause of action is stated.

In the alternative, the Court should strike ¶112 of the FAC because the term is void as a matter of law and is immaterial. The allegations to be striken are ¶112 of the FAC which states:

Under Section 4.3.2 of the Partner Agreement, Purethink further agreed and understood that for a period of 36 months after termination of the Partner Agreement it would not  "develop, market, distribute or offer any services related to any [NEO4J®] Community Edition Products, derivative works of such products, or any [PureThink] software code made to work with [NEO4J®] Community Edition Products (including, without

limitation, hosting services, training, technical support, configuration and customization services, etc.)."

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of John Mark Suhy, the pleadings and papers filed herein, and the argument of counsel at the time of the hearing.

Dated: November 12, 2019

                _____/s/ Adron G. Beene_____
                Adron W. Beene SB# 129040
                Adron G. Beene SB# 298088
                Attorney At Law
                1754 Technology Drive, Suite 228
                San Jose, CA 95110
                Tel: (408) 392-9233
                Fax: (866) 329-0453
                adron@adronlaw.com

                Attorney for Defendants
                PURETHINK LLC, a Delaware limited
                liability company, IGOV INC., a Virginia
                corporation, and JOHN MARK SUHY

1

2

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OR STRIKE

3

### 1. <u>ISSUE TO BE DECIDED</u>

4

5

6

The issue on this motion is if a three year post termination business retraint under §4.3.2 of the Partner Agreement is void and unenforceable under California Business and Professions Code §16600.

7

### 2. <u>Statement of Facts</u>

8

9

10

11

12

13

14

Purethink, LLC entered into a Neo4J Solution Partner Agreement with Neo4J, Inc. FAC. ¶¶18 and 19. Neo4J, Inc. claims defendants breached the Partner Agreement, post termination, by supporting third parties who use an open source version of software called Neo4J. FAC ¶112. The Partner Agreement has a 3 year restraint against trade FAC ¶112. Defendants move to dismiss or strike the claim based on the 3 year restraint as the clause in the Partner Agreement is illegal as a matter of law.

15

### 3. <u>ARGUMENT</u>

16

#### a. **Introduction**

17

18

19

20

21

22

23

24

Defendants PURETHINK LLC, and IGOV INC., ("Defendants") move to dismiss the Fifth Cause of Action for Breach of Contract in NEO4J, INC.'s First Amended Complaint ("FAC") or, in the alternative, seeks to have ¶112 of the FAC stricken.  The basis for the motion is the contract section NEO4J, Inc. ("Neo4J USA") relies on for the breach is void and unenforceable. As no breach of contract claim may be alleged based on the illegal clause, the breach of contract claim fails to state claim upon which relief can be granted. Since the clause is unenforceable, ¶112 of the FAC is immaterial and should be stricken.

25

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

### b.    Authority For Motion To Dismiss Under Rule 12(b)(6)

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." Manzarek v. St. Paul Fire & Marine Ins. Co., 519 F.3d 1025, 1031 (9th Cir.2008).

However, a court need not accept as true allegations contradicted by judicially noticeable facts, Shwarz v. United States, 234 F.3d 428, 435 (9th Cir.2000), and the "[C]ourt may look beyond the plaintiff's complaint to matters of public record" without converting the Rule 12(b)(6) motion into one for summary judgment, Shaw v. Hahn, 56 F.3d 1128, 1129 n. 1 (9th Cir.1995). Nor is the court required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" Fayer v. Vaughn, 649 F.3d 1061, 1064 (9th Cir.2011) (per curiam) (quoting W. Min. Council v. Watt, 643 F.2d 618, 624 (9th Cir.1981)). Mere "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." Adams      v.      Johnson,      355      F.3d      1179,      1183      (9th Cir.2004); accord Iqbal, 556 U.S. at 678, 129 S.Ct. 1937. Furthermore, "a plaintiff may plead herself out of court" if she "plead[s] facts which establish that [s]he cannot prevail on h[er] ... claim." Weisbuch v. Cnty. of L.A., 119 F.3d 778, 783 n. 1 (9th Cir.1997) (internal quotation marks and citation omitted).

Nguyen v. CTS Electronics Manufacturing Solutions Inc. 301 F.R.D. 337, 339–340 (N.D. Cal. 2014)

### c.    Authority For Motion To Strike Pursuant To Federal Rules Of Civil Procedure 12(f)

1    Federal Rule of Civil Procedure 12(f) permits a court to "strike from a

2    pleading an insufficient defense or any redundant, immaterial, impertinent, or

3    scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike

4    is to avoid the expenditure of time and money that must arise from litigating

5    spurious issues by dispensing with those issues prior to trial." Sidney-Vinstein v.

6    A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

### d.    The Court May Consider The Partner Agreement Plaintiffs Did Not Attach To The FAC

9    The Neo4J Solution Partner Agreement, defined in the FAC as the

10    Partner Agreement is noticeably missing from the 495 page FAC.  That omission

11    does not prevent consideration of the Partner Agreement as the Partner Agreement

12    is referenced in the FAC, the Partner Agreement is central to a claim and there is

13    no question as to authenticity of the Partner Agreement.   U.S. v. Corinthian

14    Colleges (9th Cir. 2011) 655 F.3d 984, 999.

15    The FAC references the Partner Agreement 40 times. See e.g. FAC ¶¶18 and

16    29. It is also the basis for the Fifth Cause of Action. That cause of action is for

17    breach of contract and contract is the Partner Areement. Defendants are not aware

18    of any issue with the authenticity of the Partner Agreement which plaintiff avers

19    was made and entered by Neo4J USA and Purethink.[1]  See e.g. FAC ¶¶18 and 29.

20    Accordingly, the Neo4J Solution Partner Agreement is attached to the Declaration

21    of Defendant John Mark Suhy as Exhibit A fo the Court's consideration with this

22    motion. Consistent with the FAC, the Neo4J Solution Partner Agreement shall be

23    referred to as Partner Agreement.

24
25

---

[1] Neo4J USA claims IGOV is also bound by the Partner Agreement under theories it is the assignee or successor in interest or acquired substantially all the assets of Purethink. FAC ¶6. This motion does not address those allegations.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

e.     Section 4.3.2 In The Partner Agreement Is A Void
Restraint And Cannot Support A Claim.

In ¶112 of its FAC, Neo4J USA avers that under § 4.3.2 of the Partner
Agreement, Purethink "agreed and understood that for a period of 36 months after
termination of the Partner Agreement it would not  "develop, market, distribute or
offer any services related to any [NEO4J®] Community Edition Products, derivative
works of such products, or any [PureThink] software code made to work with
[NEO4J®] Community Edition Products (including, without limitation, hosting
services, training, technical support, configuration and customization services,
etc.)."

The Partner Agreement covers Purethink's support to Neo4J USA customers
who have licensed Neo4J USA's non-open source version of Neo4J Sweden's
software. Under the Partner Agreement, Purethink had the right to support such
users who paid for a license to Neo4J USA's derivative version of the free Neo4J
software instead of downloading a free copy of Neo4J software from Neo4J Sweden's
github repository. §4.3.2 of the Partner Agreement seeks to prevent defendants and
any employees from supporting other users who download the free software from
Neo4J Sweden's github site for three years after they are terminated by Neo4J
USA.

The Partner Agreement is governed by California Law without regard for its
choice of law provisions. §10.8 Partner Agreement.

§ 4.3.2 of the Partner Agreement provides:

During the term of this Agreement and up until thirty six (36)
months after the termination or expiration of this Agreement, Partner
may not develop, market, distribute or offer any services related to any
Neo Technology Community Edition Products, derivative works of such

products, or any Partner software code made to work with Neo Technology Community Edition Products (including, without limitation, hosting services, training, technical support, configuration and customization services, etc.)

A key definition is Neo Techonology Community Edition Product. Under the Partner Agreement, that means: an open source version of a Neo Technology software. §11, Partner Agreement. This is the free open source version of Neo4J available from Neo4J Sweden's GitHub repository.

As Neo4J USA terminated the Partner Agreement, it seeks to prevent defendants from licensing and supporting the open source version of Neo4j that is publically available from Neo4J Sweden for an astounding 36 months after termination of the Partner Agreement.[2]

The restrictions under Section 4.3.2 cannot be enforced against Defendants as it is void under California Business and Professions Code §16600: "Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

In 2008, the California Supreme Court confirmed the breadth of the statute barring non-compete agreements and limited the exceptions to those provided by statutes (sale of business). Edward v. Arthur Anderson LLP. 44 Cal.4th 937 (2008). Edward's even rejected the 9th Circuits narrow-restraint exception. Golden v. California Emergency Physicians Medical Group (9th Cir. 2018) 896 F.3d 1018, 1023, reh'g denied (Aug. 13, 2018).

The contractual restriction prevents Defendants from developing, marketing, distributing or offering any services for open source software which is not even

---

[2] As Ne4J USA could terminate the Partner Agreement for any reason (Partner Agreement §7.2), they could sign up support companies, then terminate them and prevent all competition from support for the open source version of the software for three years.

owned by Neo4J USA. FAC ¶4. The open source version is owned by Neo4J Sweden and licensed under the GNU AFFERRO GENERAL PUBLIC LICENSE Verson 3. FAC ¶69 p.20:27-28.

The Partner Agreement therefore unlawfully attempts to restrain defendants from using or servicing software readily available as open source software. The restrained is illegal and cannot support a breach of contract claim.

### f.    California Business And Professions Code §16600 Applies To Entities Because It Restrains Their Employees.

California Business and Professions Code §16600 is broad. It applies to "every contract" which restrains "anyone" from "engaging in a lawful profession, trade, or business of any kind…"  Neo4J USA is attempting to use an unlawful term in the Partner Agreement (a contract) to prevent "anyone" from working for Purethink or iGov for servicing Neo4J Sweden's open source software. Since the Partner Agreement prevents Defendants' employees from working in a service of supporting software, it is a void. VL Systems, Inc. v. Unisen, Inc. Cal.App.4th 708.( Cal.Ct.App. 2007)[3]

### 4.  CONCLUSION

Neo4J USA cannot use a contract to keep support companies from supporting open source code users. This prevents people from engaging in business in violation

---

[3] *Vl Systems* was decided before *Edwards* such that much of the discussion on exceptions to BPC §16600 are no longer good law. There is, however, no other published opinion on the point of the applicability of the statute to contracts between entities. *General Commercial Packaging, Inc. v. TPS Package Engineering, Inc.,* 126 F.3d 1131, 1132–34 (9th Cir.1997) does apply BPC §16600 to an agreement between two corporations.

of California law. The Fifth Cause of Action should be dismissed or at least ¶112 of

the FAC should be striken.

Dated: November 12, 2019

           */s/ Adron G. Beene*
Adron W. Beene SB# 129040
Adron G. Beene SB# 298088
Attorney At Law
1754 Technology Drive, Suite 228
San Jose, CA 95110
Tel: (408) 392-9233
Fax: (866) 329-0453
adron@adronlaw.com

Attorney for Defendants
PURETHINK LLC, a Delaware limited
liability company, IGOV INC., a Virginia
corporation, and JOHN MARK SUHY


## DEMAND FOR JURY TRIAL

Defendants PURETHINK LLC, and IGOV INC., hereby demand a trial by jury.

Dated: November 13, 2019

           */s/ Adron G. Beene*
Adron W. Beene SB# 129040
Adron G. Beene SB# 298088
Attorney At Law
1754 Technology Drive, Suite 228
San Jose, CA 95110
Tel: (408) 392-9233
Fax: (866) 329-0453
adron@adronlaw.com

Attorney for Defendants
PURETHINK LLC, a Delaware limited
liability company, IGOV INC., a Virginia
corporation, and JOHN MARK SUHY