John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Bar No. 197241
jratinoff@hopkinscarley.com
Cary Chien, Bar No. 274078
cchien@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA  95113-2406
*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:     (408) 286-9800
Facsimile:      (408) 998-4790

Attorneys for Plaintiffs and Counter-Defendants
NEO4J, INC. and NEO4J SWEDEN AB

Adron W. Beene, Bar No. 129040
adron@adronlaw.com
Adron G. Beene SB# 298088
adronjr@adronlaw.com
Attorney at Law
1754 Technology Drive, Suite 228
San Jose, CA 95110
Tel: (408) 392-9233
Fax: (866) 329-0453

Attorneys for Defendants and Counterclaimants
PURETHINK LLC, IGOV INC., and JOHN MARK SUHY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, NEO4J SWEDEN, AB,<br><br>Plaintiffs,<br><br>v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO.  5:18-cv-07182-EJD<br><br>**STIPULATION AND [PROPOSED] ORDER FOR MODIFICATION OF CASE SCHEDULE AND REQUEST FOR SETTING OF A CASE MANAGEMENT CONFERENCE** |

**STIPULATION**

This Stipulation is made pursuant to Civil L.R. 6-2 and between Plaintiffs and Counter-Defendants Neo4j, Inc. and Neo4j Sweden AB (collectively "Plaintiffs") and Defendants and Counterclaimants PureThink LLC, iGov Inc. and John Mark Suhy (collectively, "Defendants") through their respective attorneys. Plaintiffs and Defendants (collectively, the "Parties") stipulate to the following modifications to the Court's Case Management Order dated February 22, 2019 (Dkt. No. 32) and for good cause showing as follows:

1. The Parties made a concerted good faith effort during the early stages of the case to resolve their dispute.

2. On September 24, 2019, the Parties engaged in private mediation before the Hon. Edward A. Infante (Ret.) at JAMS and were unable to resolve their dispute.

3. Both during and after efforts to informal resolve this dispute, the Parties have engaged in fact discovery. As discussed below, however, the scope of the Parties' dispute and discovery has greatly increased since Plaintiffs filed this Action.

4. On October 22, 2019, Plaintiff Neo4j, Inc. ("Neo4j USA") sought and obtained leave to file its First Amended Complaint (*see* Dkt. Nos. 35-37), which inter alia, (a) set forth additional factual allegations supporting its claims asserted under the Lanham Act and California's Unfair Competition Law; and (b) added a new claim alleging that Defendant John Mark Suhy ("Suhy") violated the Digital Millennium Copyright Act ("DMCA") and Neo4j USA suffered injury as a result thereof, which are based on evidence discovered after the filing of the original complaint in this Action. The First Amended Complaint also added Neo4j Sweden AB ("Neo4j Sweden") as a plaintiff, which joined in the new DMCA claim.

5. On November 13, 2019, Suhy filed his Counterclaim wherein he asserted claims against Neo4j USA related to the validity of its NEO4J® mark. *See* Dkt. No. 48.

6. On November 25, 2019, Plaintiffs filed their Second Amended Complaint in response to a motion to dismiss filed by Defendants PureThink LLC ("PureThink") and iGov Inc. ("iGov") pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. Nos. 49-50.

///

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3422129.3
STIPULATION AND [PROPOSED] ORDER FOR MODIFICATION OF CASE SCHEDULE AND REQUEST FOR SETTING OF A CASE MANAGEMENT CONFERENCE   5:18-CV-07182-EJD

7. On December 9, 2019, PureThink and iGov filed their First Amended Counterclaim. *See* Dkt. No. 55. PureThink and iGov continue to maintain a claim for intentional interference with prospective economic advantage, which is based in part on Neo4J allegedly telling third parties that they were restricted from developing or supporting Neo4J's Community Edition open source software pursuant to Section 4.3.2 of the Parties' underlying Partner Agreement. *Id.* at ¶¶ 13, 22-34. PureThink and iGov allege that this provision restricting them from engaging is certain business practices for three years violated public policy pursuant to Cal. Bus. & Prof. Code §16600. *Id.* They also continue to maintain a declaratory relief claim that this restriction is allegedly void under Cal. Bus. & Prof. Code §16600. *Id.* at ¶¶ 54-57.

8. On July 16, 2019, the Ninth Circuit entered an Order Certifying Questions to the California Supreme Court. *See Ixchel Pharma, LLC v. Biogen, Inc.*, 930 F.3d 1031, 1036 (9th Cir. 2019). The California Supreme Court granted the request for certification on September 11, 2019. Appellant's reply brief is presently due on January 29, 2020. The question to be decided related to the pending dispute is: "Does section 16600 of the California Business and Professions Code void a contract by which a business is restrained from engaging in a lawful trade or business with another business?"

9. The Parties agree that, the ruling on this issue will potential impact the viability of the aforementioned counterclaims. Until the California Supreme Court issues its decision on this question, the Parties do not consider it appropriate to proceed with any proceedings that will result in the final disposition of these claims and believe that this Court should modify the case management schedule accordingly.

10. PureThink and iGov's First Amended Counterclaim also (a) identifies additional economic relationships which Neo4j USA allegedly interfered with in support of their intentional interference claims; (b) asserts an additional breach of contract claim; and (c) asserts several new claims for declaratory relief. *See* Dkt. No. 55.

11. As a result of the addition of Neo4j Sweden as a plaintiff and counter-defendant and the parties' newly asserted claims and counterclaims, the scope of the discovery related thereto and the litigation have increased beyond what was originally anticipated when the parties

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3422129.3
- 3 -
STIPULATION AND [PROPOSED] ORDER FOR MODIFICATION OF CASE SCHEDULE AND REQUEST FOR SETTING OF A CASE MANAGEMENT CONFERENCE
5:18-CV-07182-EJD

1  agreed to the existing case management schedule. As a result, the Parties agree that additional
2  time is needed to complete discovery.

3      12. On October 1, 2019, Neo4j USA filed the action entitled *Neo4j, Inc. v. Graph
4  Foundation, Inc.*, Case No. 3:19-cv-06226-JSC in this Court ("Graph Foundation Action")
5  asserting claims under the Lanham Act and California's Unfair Competition Law.

6      13. The Parties previously agreed that this Action and the Graph Foundation Action
7  should be deemed "related" pursuant to Local Rule 3-12 because (a) the two actions concern
8  substantially similar issues, some of the same parties, property, transactions and events; (b) both
9  of which arise from common trademark infringement claims; and (c) there would be an unduly
10 burdensome duplication of labor and expense, and a risk of conflicting results if the cases were
11 conducted before different judges. *See* Dkt. Nos. 41-42.

12     14. On December 5, 2019, the Court ordered that this Action and the Graph
13 Foundation Action be related. *See* Dkt. No. 53. The Court also set a case management
14 conference in the Graph Foundation Action for March 5, 2020. *See* Graph Foundation Action,
15 Dkt. No. 23.

16     15. On December 26, 2019, Defendant Graph Foundation, Inc. ("Graph Foundation")
17 filed its answer, which asserted affirmative defenses concerning the validity of Neo4j USA's
18 NEO4J® mark asserted in both actions and seek relief similar to that sought via Defendants'
19 counterclaims in this action. *See* Graph Foundation Action, Dkt. No. 25 at 6:1-7:9

20     16. As a result, the Parties agree that the case management schedule should be extend
21 to allow the Court to hold a joint case management conference with the parties in both this Action
22 and the Graph Foundation Action so that they may address the overlap of the claims asserted in
23 the case and set a case management schedule that will allow the Parties in this Action and the
24 Graph Foundation Action to streamline discovery minimize the duplication of labor and expense.

25     17. In light of the foregoing, the Parties respectfully request that the Court also
26 schedule a case management conference in this action on March 5, 2020, or on an earlier date that
27 the Court is available and is mutually agreeable to the parties in this Action and those in the
28 Graph Foundation Action.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3422129.3      - 4 -
STIPULATION AND [PROPOSED] ORDER FOR MODIFICATION OF CASE SCHEDULE AND REQUEST FOR
SETTING OF A CASE MANAGEMENT CONFERENCE      5:18-CV-07182-EJD

18.     Pending the Court holding a further case management conference, the Parties have agreed to modify the Case Schedule in this Action, as follows:

| Event | Current Deadline | [Proposed] New Deadline |
|---|---|---|
| Case Management Conference | None | 10:00 AM on March 5, 2020 or a date earlier that is mutually convenient for the parties in this Action, the parties in the Graph Foundation Action and the Court. |
| Fact Discovery Cutoff | February 28, 2020 | May 28, 2020 |
| Deadline(s) for Filing Fact Discovery Motions | March 6, 2020 | June 4, 2020 |
| Designation of Opening Experts with Reports | April 1, 2020 | June 30, 2020 |
| Designation of Rebuttal Experts with Reports | May 1, 2020 | July 30, 2020 |
| Expert Discovery Cutoff | June 1, 2020 | August 31, 2020 |
| Deadline for Filing Dispositive and *Daubert* Motions | July 17, 2020 | October 15, 2020 |
| Last Day to File Oppositions to Dispositive and *Daubert* Motions | August 17, 2010 | November 16, 2020 |
| Last Day to File Replies to Dispositive and *Daubert* Motions | September 4, 2020 | December 3, 2020 |
| Hearing on Anticipated Dispositive and *Daubert* Motions | October 29, 2020 | January 27, 2021 |
| Trial Setting Conference | January 30, 2020 | To be determined by the Court |
| Joint Trial Setting Conference Statement | January 21, 2020 | To be determined by the Court |

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3422129.3                                    - 5 -
STIPULATION AND [PROPOSED] ORDER FOR MODIFICATION OF CASE SCHEDULE AND REQUEST FOR
SETTING OF A CASE MANAGEMENT CONFERENCE                                  5:18-CV-07182-EJD

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  January 3, 2020                     HOPKINS & CARLEY
                                            A Law Corporation


                                            By: */s/ Jeffrey M. Ratinoff*
                                                John V. Picone III
                                                Jeffrey M. Ratinoff
                                                Cary Chien
                                                Attorneys for Plaintiffs and
                                                Counter-Defendants
                                                NEO4J, INC. and NEO4J SWEDEN AB

Dated:  January 3, 2020


                                                */s/ Adron W. Beene*
                                                Adron W. Beene
                                                Adron G. Beene
                                                Attorneys for Defendants and Counter-
                                                Claimants
                                                PURETHINK LLC, IGOV INC., and
                                                JOHN MARK SUHY


**IT IS SO ORDERED.**


   Dated:_____        _____
                                          EDWARD J. DAVILA
                                          United States District Court Judge

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3422129.3

STIPULATION AND [PROPOSED] ORDER FOR MODIFICATION OF CASE SCHEDULE AND REQUEST FOR
SETTING OF A CASE MANAGEMENT CONFERENCE                              5:18-CV-07182-EJD

# ATTESTATION OF E-FILED SIGNATURE

Pursuant to Local Rule 5-1(i)(3), I hereby certify that I have obtained the concurrence in the filing of this document from all signatories for whom a signature is indicated by a "conformed" signature (/s/) within this electronically filed document and I have on file records to support this concurrence for subsequent production to the Court if so ordered or for inspection upon request.

Dated: January 3, 2020

HOPKINS & CARLEY
A Law Corporation

By: */s/ Jeffrey M. Ratinoff*
    John V. Picone III
    Jeffrey M. Ratinoff
    Cary Chien
    Attorneys for Plaintiffs and
    Counter-Defendants
    NEO4J, INC. and NEO4J SWEDEN AB

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3422129.3

STIPULATION AND [PROPOSED] ORDER FOR MODIFICATION OF CASE SCHEDULE AND REQUEST FOR SETTING OF A CASE MANAGEMENT CONFERENCE     5:18-CV-07182-EJD