1   John V. Picone III, Bar No. 187226
    jpicone@hopkinscarley.com
2   Jeffrey M. Ratinoff, Bar No. 197241
    jratinoff@hopkinscarley.com
3   Cary Chien, Bar No. 274078
    cchien@hopkinscarley.com
4   HOPKINS & CARLEY
    A Law Corporation
5   The Letitia Building
    70 South First Street
6   San Jose, CA  95113-2406

7   *mailing address:*
    P.O. Box 1469
8   San Jose, CA 95109-1469
    Telephone:    (408) 286-9800
9   Facsimile:    (408) 998-4790

10  Attorneys for Plaintiffs and Counter-Defendants
    NEO4J, INC. and NEO4J SWEDEN AB
11

12              UNITED STATES DISTRICT COURT

13            NORTHERN DISTRICT OF CALIFORNIA

14  NEO4J, INC., a Delaware corporation,        CASE NO.  5:18-cv-07182-EJD
    NEO4J SWEDEN AB, a Swedish
15  corporation,                                **PLAINTIFF NEO4J, INC.'S NOTICE OF
                                                MOTION AND MOTION FOR
16              Plaintiffs,                      JUDGEMENT ON THE PLEADINGS;
                                                MEMORANDUM OF POINTS AND
17       v.                                      AUTHORITIES IN SUPPORT THEREOF**

18  PURETHINK LLC, a Delaware limited           **[Fed. R. Civ. P. 12(c)]**
    liability company, IGOV INC., a Virginia
19  corporation, and JOHN MARK SUHY, an         Date:      May 7, 2020
    individual,                                 Time:      9:00 a.m.
20                                              Dept.:     Courtroom 4, 5th Floor
                Defendants.                     Judge:     Hon. Edward J. Davila
21
                                                **JURY TRIAL DEMANDED**
22  AND RELATED COUNTERCLAIMS.

23

24

25

26

27

28

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3428525.6

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGEMENT ON THE PLEADINGS; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

1    **TO ALL PARTIES AND COUNSEL OF RECORD:**

2         **PLEASE TAKE NOTICE** that on May 7, 2020, at 9:00 a.m., Courtroom 4, 5th Floor, at

3    the United States District Court located at 280 South First Street, San Jose, CA 95113 before the

4    Honorable Edward J. Davila, Plaintiff and Counter-Defendant Neo4j, Inc. ("Plaintiff" or "Neo4j

5    USA") will, and hereby does, move for a judgment on the pleadings pursuant to Federal Rule of

6    Civil Procedure 12(c) ("Rule 12(c)") on the First Cause of Action for Cancellation of Trademark

7    15 U.S.C. §1119 and Second Cause of Action for Declaratory Relief for Abandonment of

8    Trademark asserted in Defendant John Mark Suhy's Counterclaim (Dkt. No. 48), as well as the

9    Tenth Cause of Action for Declaratory Relief for Abandonment of Trademark and Eleventh

10   Cause of Action Cancellation of Trademark 15 U.S.C. §1119 asserted in the First Amended

11   Counterclaim filed by Defendants PureThink LLC and iGov Inc. (Dkt. No. 55).

12        Neo4j USA further will, and hereby does, move for a judgment on the pleadings as to

13   pursuant to Rule 12(c) on the substantively identical Seventh Affirmative Defense for

14   Cancellation of Trademark Procured by Fraud and Ninth Affirmative Defense for Naked License

15   Abandonment of Trademark asserted in the Answer to the Second Amended Complaint (Dkt. No.

16   54) by Defendants John Mark Suhy, PureThink LLC, and iGov Inc. (collectively "Defendants").

17        This Motion is made on the grounds that Defendants cannot prevail on their counterclaims

18   and affirmative defenses seeking the cancellation of Neo4j USA's Registered Trademark for

19   NEO4J® (Reg. No. 4,784,280) (the "NEO4J® mark") as a matter of law because the alleged

20   statements made in the application for registration do not legally amount to a material

21   misrepresentation USPTO that would allow for the cancellation.  This Motion is also made on the

22   grounds that Defendants cannot succeed on their counterclaims and affirmative defenses seeking

23   a declaration that the NEO4J® mark be abandoned under the doctrine of Naked License as a

24   matter of law on any grounds alleged therein.

25        This motion is based on this Notice of Motion and Motion, the attached Memorandum of

26   Points and Authorities, the accompanying Declaration of Jeffery M. Ratinoff and Request for

27   Judicial Notice, all records and pleadings on file in this action, and all other matters that the Court

28   may properly consider.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3428525.6                                    - 1 -
PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGEMENT ON THE PLEADINGS; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

1

### **REQUESTED RELIEF**

2      Neo4j USA respectfully requests that the Court dismiss, with prejudice, Defendants'

3   claims and defenses that seek a declaration that Neo4j USA allegedly abandoned its NEO4j®

4   mark based on the theory of naked licensing, and enter a judgment on the pleadings in favor of

5   Neo4j USA on those claims and defenses.

6      Neo4j USA further respectfully requests that the Court dismiss, with prejudice,

7   Defendants' claims and defenses that seek to cancel the NEO4j® mark based on fraud in the

8   procurement thereof and enter a judgment on the pleadings in favor of Neo4j USA on those

9   claims and defenses.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO

842\3428525.6

- 2 -

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGEMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................. 1

I.      STATEMENT OF ISSUES TO BE DECIDED .................................................. 1

II.     INTRODUCTION ............................................................................................. 1

III.    FACTUAL AND PROCEDURAL BACKGROUND ........................................ 2

    A.      Neo4j USA and the NEO4J® mark ...................................................... 2

    B.      Neo4j USA Filed Suit Against Defendants for Violations of the Lanham Act .......................................................................................................... 3

    C.      The Parties' First Round of Amended Pleadings .................................. 4

    D.      The Parties' Second Round of Amended Pleadings .............................. 5

IV.     APPLICABLE LEGAL STANDARDS ON A RULE 12(C) MOTION ........... 6

V.      LEGAL ARGUMENT ..................................................................................... 8

    A.      Defendants' Counterclaims and Affirmative Defense Seeking Cancellation of the NEO4J® Mark are Inadequately Pled ..................... 8

    B.      Defendants' Counterclaims and Affirmative Defense Seeking Cancellation of the NEO4J® Mark Fail as a Matter of Law .................. 10

    C.      Defendants' Counterclaim and Affirmative Defense for Abandonment of Trademark Fails as a Matter of Law ...................................................... 11

        1.      Defendants' "Confusion" Does Not Legally Constitute Abandonment ............................................................................... 12

        2.      Defendants' "Open Source Licensing" Theory Does Not Establish Abandonment via Naked Licensing as a Matter of Law .............. 13

    D.      The Court Should Deny Defendants Leave to Amend ........................... 15

VI.     CONCLUSION ................................................................................................. 17

842\3428525.6

- i -

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Accuride Int'l, Inc. v. Accuride Corp.*,
  871 F.2d 1531 (9th Cir. 1989)...........................................................................13

*AirWair Int'l Ltd.*,
  84 F.Supp.3d 943 (N.D. Cal. 2015) ................................................................8, 9

*Albrecht v. Lund*,
  845 F.2d 193 (9th Cir. 1988)............................................................................16

*Angel Flight of Georgia, Inc. v. Angel Flight Am., Inc.*,
  522 F.3d 1200 (11th Cir. 2008).......................................................................11

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) .....................................7

*Aureflam Corp. v. Pho Hoa Phat I, Inc.*,
  375 F.Supp.2d 950 (N.D. Cal. 2005) ..............................................................8, 9

*Barcamerica Int'l USA Trust v. Tyfield Importers, Inc.*,
  289 F.3d 589 (9th Cir. 2002)............................................................................12

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 127 S.Ct. 1955 (2007) .................................................................7

*In re Bose Corp.*,
  580 F.3d 1240 (Fed. Cir. 2009) .....................................................................9, 10

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*,
  637 F.3d 1047 (9th Cir. 2011)...................................................................7, 8, 16

*Chavez v. United States*,
  683 F.3d 1102 (9th Cir. 2012)...........................................................................6, 7

*ChriMar Sys., Inc v. Cisco Sys., Inc*,
  72 F.Supp.3d 1012 (N.D. Cal. 2014) ..................................................................8

*Colt Industries Operating Corp. v. Olivetti Controllo Numerico S.P.A*,
  221 U.S.P.Q. 73, 1983 WL 51834 (T.T.A.B. 1983) ............................................11

*eCash Techs., Inc. v. Guagliardo*,
  127 F.Supp.2d 1069 (C.D. Cal. 2000) .................................................................8

*Epstein v. Wash. Energy Co.*,
  83 F.3d 1136 (9th Cir. 1996)..............................................................................7

Hopkins & Carley
Attorneys At Law
San Jose ◆ Palo Alto

842\3428525.6
- ii -
PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGEMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3

*Fleming v. Pickard,*
    581 F.3d 922 (9th Cir. 2009).................................................................. 6, 8

4

5

*Harris v. Cnty. of Orange,*
    682 F.3d 1126 (9th Cir. 2012).................................................................. 15

6

7

*Hokto Kinoko Co. v. Concord Farms, Inc.,*
    738 F.3d 1085 (9th Cir. 2013).................................................................. 8, 9

8

*Innovation Ventures, LLC v. Pittsburg Wholesale Grocers, Inc.,*
    No. C 12-05523 WHA, 2013 WL 4519805 (N.D. Cal. Aug. 23, 2013) .................................... 7

9

10

*Missouri ex rel. Koster v. Harris,*
    847 F.3d 646 (9th Cir. 2017)..................................................................... 16

11

12

*Low v. LinkedIn Corp.,*
    900 F.Supp.2d 1010 (N.D. Cal. 2012) .......................................................... 16

13

*Minor v. FedEx Office & Print Servs., Inc.,*
    78 F.Supp.3d 1021 (N.D. Cal. 2015) ........................................................... 17

14

15

*Moran v. Peralta Community College Dist.,*
    825 F.Supp. 891 (N.D. Cal. 1993) ............................................................. 6

16

17

*Perez v. Wells Fargo & Co.,*
    75 F.Supp.3d 1184 (N.D. Cal. 2014) ........................................................... 6

18

*Planetary Motion, Inc. v. Techsplosion, Inc.,*
    261 F.3d 1188 (11th Cir. 2001)................................................................. 14, 15

19

20

*Pony Exp. Courier Corp. of Am. v. Pony Exp. Delivery Serv.,*
    872 F.2d 317 (9th Cir. 1989)................................................................... 10, 11

21

22

*Ramachandran v. City of Los Altos,*
    359 F.Supp.3d 801 (N.D. Cal. 2019) ........................................................... 8

23

*Ross v. U.S. Bank Nat. Ass'n,*
    542 F.Supp.2d 1014 (N.D. Cal. 2008) .......................................................... 6

24

25

*Sprewell v. Golden State Warriors,*
    266 F.3d 979 (9th Cir. 2001).................................................................... 8

26

*Spy Optic, Inc. v. Alibaba.Com, Inc.,*
    163 F.Supp.3d 755 (C.D. Cal. 2015)............................................................ 8

27

28

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ● PALO ALTO

1

2

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

3

4

*Standard Oil Co. of N. M. v. Standard Oil Co. of Cal.,*
       56 F.2d 973 (10th Cir. 1932)..................................................................................... 13

5

*Strigliabotti v. Franklin Res., Inc.,*
       398 F.Supp.2d 1094 (N.D. Cal. 2005) ........................................................................ 6

6

7

*Teeter-Totter, LLC v. Palm Bay Int'l, Inc.,*
       344 F.Supp.3d 1100 (N.D. Cal. 2018) ....................................................................... 11

8

9

*Telesaurus VPC, LLC v. Power,*
       623 F.3d 998 (9th Cir. 2010)..................................................................................... 16

10

*Weisbuch v. Cty. of L.A.,*
       119 F.3d 778 (9th Cir. 1997)..................................................................................... 17

11

12

*Yetter v. Ford Motor Co.,*
       No. 19-CV-00877-LHK, 2019 WL 7020348 (N.D. Cal. Dec. 20, 2019) ................................ 7

13

**Statutes**

14

15 U.S.C. § 1114 ............................................................................................................. 3

15

15 U.S.C. § 1119 ..................................................................................................... 1, 2, 8, 17

16

15 U.S.C. § 1125(a) .......................................................................................................... 3

17

15 U.S.C. § 1127 .................................................................................................... *passim*

18

15 U.S.C. § 1055 ............................................................................................................ 10

19

20

Cal. Bus. Prof. Code §§ 17200 *et seq.* .......................................................................... 3

21

Cal. Penal Code § 632 ...................................................................................................... 3

22

Cal. Penal Code § 637.2 ................................................................................................... 3

23

Digital Millennium Copyright Act (DMCA) § 103, 17 U.S.C. § 1201 ........................... 4

24

Lanham Act, 15 U.S.C. §§ 1051 *et seq.* .................................................................. *passim*

25

**Other Authorities**

26

Fed. R. Civ. P. 9 ............................................................................................................. 10

27

Fed. R. Civ. P. 9(b) .................................................................................................... 1, 7, 8

28

Fed. R. Civ. P. 12(b)(6) .............................................................................................. 6, 7, 8

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page**

3

Fed. R. Civ. P. 12(c) .................................................................................................. 6, 7

4

McCarthy on Trademarks and Unfair Competition (2d ed.1984) § 31:21 .................................. 10

5

Trademark Manual of Examining Procedure § 903.05 ................................................ 10

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO

842\3428525.6

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGEMENT ON THE PLEADINGS; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     STATEMENT OF ISSUES TO BE DECIDED

1.     Whether Defendants' counterclaims and defenses seeking cancellation of the NEO4j® mark based on fraud in the procurement thereof is adequately plead to satisfy Federal Rule of Civil Procedure 9(b)'s heighted requirements for pleading the circumstances of the alleged fraud.

2.     Whether Defendants' counterclaims and defenses seeking cancellation of the NEO4j® mark are otherwise legally viable defenses based on fraud in the procurement thereof since it is indisputable that Neo4j was using the mark prior to the date it filed an application to register that mark.

3.     Whether Defendants' theory of naked licensing amounts legally viable counterclaim or defense for abandonment of trademark under the Lanham Act.

4.     Whether Defendants' theory of Neo4j USA's use of the NEO4J® mark as a trade name and trademark amounts legally viable counterclaim or defense for abandonment of trademark under the Lanham Act.

5.     Whether the Court should grant Defendant leave to amend any of the foregoing counterclaims or defenses.

### II.    INTRODUCTION

Plaintiff and Counter-Defendant Neo4j, Inc. ("Neo4j USA") filed this action over a year ago against Defendants PureThink LLC, iGov Inc. and John Mark Suhy (collectively "Defendants") to halt their on-going willful infringement of Neo4j USA's federally registered NEO4J® mark.   In response, Defendants assert counterclaims and an affirmative defense seeking to cancel the NEO4J® mark pursuant to 15 U.S.C. § 1119 due to Neo4j USA allegedly claiming a date of first use prior to its incorporation.[1]  However, Defendants cannot seek cancelation on that basis as a matter of law.  The Ninth Circuit has made clear that a trademark applicant's claimed

---

[1] Neo4j USA denies that the use dates stated in the application for the NEO4J® Mark are inaccurate.  Defendants ignore that this application indicated that these dates were based on use by Neo4j's predecessor-in-interest whose use inured to the benefit of Neo4j USA.

Hopkins & Carley
Attorneys At Law
San Jose ◆Palo Alto

842\3428525.6

date of first use *cannot constitute a material misrepresentation so long as the first use in fact preceded the application date*.  Defendants' original and amended pleadings have never alleged that Neo4j USA failed to use the NEO4J® mark when it filed the application.  Nor could they because judicially noticeable facts make clear that Neo4j USA was using the NEO4J® mark at least three years prior to such filing.   As a result, Defendants have not – and cannot – state a claim for cancelation of the NEO4J® mark upon which relief can be granted.

Defendants alternatively seek a declaration via their counterclaims and an identical affirmative defense that Neo4j USA abandoned the NEO4j® mark by (1) creating "confusion" by using it as both a company and a trademark for software products; and (2) distributing NEO4j®-branded software via an open source license, both of which allegedly amount to naked licensing.  Neither of these grounds meet the Lanham Act's specific definitions of abandonment under 15 U.S.C. § 1127, which requires either non-use or a course of conduct by the mark holder that causes the mark to become generic or otherwise lose significance as a mark.   In fact, these abandonment theories run contrary to established case law, which holds that it is permissible to use a mark as both a trade name and trademark and the use of open source license shows an *intent to control* trademark rights rather than an intent relinquishing them.  Consequently, Defendants' abandonment counterclaims and affirmative defense fail as a matter of law.

Defendants' counterclaims claims and defenses that seek to cancel the NEO4j® pursuant to 15 U.S.C. §1119 and a declaration of abandonment pursuant to 15 U.S.C. § 1127 have gone through several amendments.  Yet, none of these amendments changed their foundational theories which render them fatally defective.  Accordingly, the Court should enter a judgment on the pleadings in favor of Neo4j USA on those claims and defenses and dismiss them with prejudice.

### III.     FACTUAL AND PROCEDURAL BACKGROUND

####       A.     Neo4j USA and the NEO4J® mark

On or about July 7, 2011, Neo4j USA was incorporated as "Neo Technology, Inc." in Delaware.  Dkt. No. 55 at ¶¶ 5, 91; *see also* Declaration of Jeffrey M. Ratinoff in Support of Neo4j Inc.'s Motion for Judgment on the Pleadings ("Ratinoff Decl."), Exh. 1; Request for Judicial Notice in Support of Neo4j Inc.'s Motion for Judgment on the Pleadings ("RJN"), ¶ 1.

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3428525.6                                    - 2 -
PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGEMENT ON THE PLEADINGS; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

1   On May 17, 2017, Neo Technology, Inc. officially changed its name to "Neo4j Inc."  Dkt. No. 55

2   at ¶ 88; *see also* Ratinoff Decl., Exh. 2; RJN, ¶ 2.

3       On April 30, 2014, Neo4j USA filed an application to register "Neo4j" as a trademark in

4   covering goods and services in IC 009, IC 035, IC 041 and IC 045.  Ratinoff Decl., Exh. 3; RJN,

5   ¶ 3.  Neo4j USA claimed first use of the NEO4J® mark in June 2006 and first use in commerce in

6   May 2007.  *Id.*

7       **B.      Neo4j USA Filed Suit Against Defendants for Violations of the Lanham Act**

8       On November 28, 2018, Neo4j USA filed suit against PureThink and its successor-in-

9   interest iGov, along with their founder John Mark Suhy for (1) trademark infringement 15 U.S.C.

10  § 1114; (2) false designation of origin and false advertising in violation of 15 U.S.C. § 1125(a);

11  (3) federal unfair competition in violation of 15 U.S.C. § 1125(a); (4) state unfair competition in

12  violation of Cal. Bus. Prof. Code §§ 17200 et seq.; (5) breach of the Partner Agreement; and (6)

13  invasion of privacy in violation of Cal. Penal Code §§ 632, 637.2.  *See* Dkt. No. 1.  Neo4j USA's

14  Lanham Acts claims were based, *inter alia*, on Defendants' unauthorized use of the NEO4J®

15  mark in conjunction with the sale and advertising of Defendants' graph database solutions and

16  software and related support services.  Their alleged violations also include falsely suggesting

17  Neo4j USA's authorization and/or sponsorship of Defendants' products and services and

18  misleading consumers regarding their prior contributions to NEO4J®-branded products.

19      On February 9, 2019, PureThink and iGov filed their original counterclaim, which sought

20  declaratory relief that Neo4j USA had allegedly abandoned the NEO4J® mark under the doctrine

21  of naked licensing:

22          There is a present controversy where NEO4J, Inc. claims it has the right to
            use and enforce the Neo4j trademark. PureThink and iGOV claim there is
23          confusion whether Neo4j is a company name trademark or product name
            trademark. This confusion is exacerbated by Neo4j Sweden AB' open source
24          license for a product called Neo4j. Neo4j Sweden AB's license states: "The
            software ("Software") is developed and owned by Neo4j Sweden AB
25          (referred to in this notice as "Neo4j").…. Neo4j Sweden AB asserts they own
            the software-and not plaintiff- and they use Neo4j name as part of the
26          company name and call the open source software product Neo4j too. As the
            Neo4j trademark is used and licensed as open source software there is no
27          ability to maintain quality control over the software product called Neo4j as

28

Hopkins & Carley
Attorneys At Law
San Jose ♦ Palo Alto

842\3428525.6                                        - 3 -

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGEMENT ON THE PLEADINGS; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

1

any licensees may modify combine the software with other code and distributed or convey Neo4j without required quality control by NEO4J, Inc.

2

* * *

3

PureThink and iGOV request declaratory relief that the Neo4j registered trademark be abandoned under the doctrine of Naked License.

4

5   Dkt. No. 22 at ¶¶ 56-57.  The next day, all three defendants filed their answer, which asserted an

6   affirmative defense for "Naked License Abandonment of Trademark" based on the same facts and

7   theories as the aforementioned counterclaim.  *See* Dkt. No. 23 at 13:16-14:3.

8       **C.     The Parties' First Round of Amended Pleadings**

9       After the parties engaged in discovery, Neo4j USA filed its First Amended Complaint

10  ("FAC") on October 23, 2019.  *See* Dkt. Nos. 35, 37.  The FAC provided, *inter alia*, additional

11  and more recent examples of Defendants' continuing violations of the Lanham Act.  *Compare*

12  Dkt. No. 1 at ¶¶ 33-43 *and* Dkt. No. 37 at ¶¶ 39-67.  The FAC also added Neo4j Sweden AB as a

13  plaintiff, which in turn asserted claims against Suhy for violations of the DMCA.  In response,

14  PureThink and iGov filed a motion to dismiss a cause of action for breach of contract on grounds

15  unrelated to the Lanham Act claims.  *See* Dkt. No. 49.

16      On November 13, 2019, Suhy filed his answer to the FAC and his counterclaim wherein

17  he asserted the same "Naked License Abandonment of Trademark" affirmative defense (*compare*

18  Dkt. No. 47 at 19:7-20 *and* Dkt. No. 23 at 13:16-14:3) and sought declaratory relief for

19  "Abandonment of Trademark" (*compare* Dkt. No. 48 at ¶¶ 8-10 *and* Dkt. No. 22 at ¶¶ 56-57) as

20  previously asserted by PureThink and iGov.  Suhy also asserted a new counterclaim, solely based

21  on the following allegations:

22

The Registered Trademark for NEO4J, Reg. No. 4,784,280, was procured by fraud as the representation to the PTO was that Neo Technology (a Delaware corporation) (changed to Neo4J, Inc.) first used the trademark in 6-4-2006 and in commerce in 5-28-2007.

23

24

25

These statements are knowlingly [sic] false and material to the decision to grant the registration application as Neo Technology did not exist on those dates as the company was formed 7-7-2011 in Delaware under File Number 5007564.

26

27

Because the registration was procured by fraud, the registration to the NEO4J trademark should be cancelled pursuant to 15 U.S.C. §1119.

28

Hopkins & Carley
Attorneys At Law
San Jose ◆ Palo Alto

842\3428525.6                                    - 4 -

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGEMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

Dkt. No. 48 at ¶¶ 4-7.  Suhy also asserted an identical affirmative defense in his answer based on the same conclusory allegations.  *See* Dkt. No. 47 at 18:15-24.

### D.     The Parties' Second Round of Amended Pleadings

In lieu of filing an opposition to the motion to dismiss, Plaintiffs filed their Second Amended Complaint ("SAC") clarifying the allegations that PureThink and iGov had taken issue with on November 25, 2019.  *See* Dkt. No. 50.  On December 9, 2019 – just over a year after Neo4j USA filed this action – PureThink and iGov then filed their First Amended Counterclaim, which sought declaratory relief for trademark abandonment based on the same facts purporting to establish naked licensing as in their prior pleadings:

> There is a present controversy where NEO4J USA claims it has the right to use and enforce the Neo4j trademark. PureThink, iGov and John Mark Suhy claim there is confusion whether Neo4j is a company name trademark or product name trademark. This confusion is exacerbated by NEO4J SWEDEN' open source license for a product called Neo4j. NEO4J SWEDEN's license states: "The software ("Software") is developed and owned by NEO4J SWEDEN (referred to in this notice as "Neo4j")…. NEO4J SWEDEN asserts they own the software-and not NEO4J Inc.- and they use Neo4j name as part of the company name and call the open source software product Neo4j too. As the Neo4j trademark is used and licensed as open source software there is no ability to maintain quality control over the software product called Neo4j as any licensees may modify combine the software with other code and distributed or convey Neo4j without required quality control by NEO4J USA.
>
> *    *    *
>
> PureThink, iGov and John Mark Suhy request declaratory relief that the Neo4j registered trademark be abandoned under the doctrine of Naked License.

Dkt. No. 55 at ¶¶ 85-86.

They also asserted a counterclaim for cancellation of the NEO4J® mark substantially based on the same facts as the one asserted by Suhy:

> The Registered Trademark for NEO4J, Reg. No. 4,784,280, was procured by fraud as the representation to the PTO was that NeoTechnology (a Delaware corporation) (changed to Neo4j, Inc.) first used the trademark in 6-4-2006 and in commerce in 5-28-2007.
>
> These statements are knowlingly [sic] false and material to the decision to grant the registration application. Neo Technology, the predecessor to NEO4J USA did not exist on 6-4-2006 or 5-28-2007.

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3428525.6

- 5 -

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGEMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

Neo Technology, the predecessor to NEO4J US was first formed 7-7-2011 in Delaware under File Number 5007564.

Because the registration was procured by fraud, PureThink, iGov and John Mark Suhy demand the registration to the NEO4J trademark be cancelled pursuant to 15 U.S.C. §1119.

Dkt. No. 55 at ¶¶ 88-92.

On December 9, 2019, all three Defendants filed an answer to the SAC, which reasserted the two foregoing counterclaims as affirmative defenses.  Dkt. No. 54 at 18:20-19:3, 19:12-25. The pleadings in this case are now effectively closed, and as discussed below, Defendants' abandonment and cancellation counterclaims and defenses fail as a matter of law and that no further amendments can save them from this Court from entering a judgment on the pleadings and dismissing them with prejudice.

## IV.    APPLICABLE LEGAL STANDARDS ON A RULE 12(C) MOTION

Federal Rule of Civil Procedure 12(c) ("Rule 12(c)") provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  Similar to Rule 12(b)(6) motion, a Rule 12(c) motion challenges the legal sufficiency of the opposing party's pleadings. *See Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012); *see also Perez v. Wells Fargo & Co.*, 75 F.Supp.3d 1184, 1187 (N.D. Cal. 2014).  "Under either provision, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy, and dismiss the claim or enter judgment on the pleadings if the complaint fails to state a legally sufficient claim." *Ross v. U.S. Bank Nat. Ass'n*, 542 F.Supp.2d 1014, 1023 (N.D. Cal. 2008); *see also Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (recognizing "[j]udgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law").

It is common for courts to grant Rule 12(c) motions where a moving party seeks judgment on the pleadings with respect to individual causes of action. *See Strigliabotti v. Franklin Res., Inc.,* 398 F.Supp.2d 1094, 1097 (N.D. Cal. 2005); *see also Moran v. Peralta Community College Dist.*, 825 F.Supp. 891, 893 (N.D. Cal. 1993) (recognizing that "[c]ourts have discretion to grant

Hopkins & Carley
Attorneys At Law
San Jose ♦ Palo Alto

842\3428525.6                                    - 6 -
PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGEMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

leave to amend in conjunction with 12(c) motions, and may dismiss causes of action rather than grant judgment").  Likewise, courts may grant Rule 12(c) motions aimed at answers and dismiss individual affirmative defenses.  *Innovation Ventures, LLC v. Pittsburg Wholesale Grocers, Inc.*, No. C 12-05523 WHA, 2013 WL 4519805, at *1 (N.D. Cal. Aug. 23, 2013) (granting trademark holder's motion for judgment on the pleadings with respect to three of defendant's affirmative defenses).

In deciding a Rule 12(c) motion, courts use the same standards articulated in *Twombly* and *Iqbal* as those applied to a Rule 12(b)(6) motion.  *Chavez*, 683 F.3d at 1108-1109.  Thus, the Court must assess whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678–79.  Indeed, "a plaintiff's obligations to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations and quotations omitted); *accord Iqbal*, 555 U.S. at 677–80; *Epstein v. Wash. Energy Co*., 83 F.3d 1136, 1140 (9th Cir. 1996) ("conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim").  A court thus discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible.  *Iqbal*, 556 U.S. at 678.

A party may also challenge claims and defenses sounding in fraud pursuant to a Rule 12(c) motion on the grounds they fail to meet the heightened pleading requirements of Federal Rules of Civil Procedure Rule 9(b).  *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,* 637 F.3d 1047, 1054 (9th Cir. 2011); *Yetter v. Ford Motor Co.*, No. 19-CV-00877-LHK, 2019 WL 7020348, at *5 (N.D. Cal. Dec. 20, 2019).  Thus, a plaintiff "must state with particularity the

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ♦PALO ALTO

842\3428525.6                                     - 7 -

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGEMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

1   circumstances constituting fraud" to survive a motion for judgment on the pleadings.  Fed. R. Civ.

2   P. 9(b); *see Cafasso,* 637 F.3d at 1054-1055.

3        In deciding whether to grant a motion for judgment on the pleadings, the Court accepts all

4   material facts alleged as true and construes them in the light most favorable to the non-moving

5   party.  *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).  As with a Rule 12(b)(6) motion,

6   the Court may also consider documents that are attached to the complaint, incorporated by

7   reference when their authenticity is not contested, or are otherwise properly the subject to judicial

8   notice.  *See Ramachandran v. City of Los Altos*, 359 F.Supp.3d 801, 810 (N.D. Cal. 2019); *see*

9   *also Spy Optic, Inc. v. Alibaba.Com, Inc*., 163 F.Supp.3d 755, 764 (C.D. Cal. 2015).  However,

10  the Court need not accept as true allegations contradicted by judicially noticeable facts, or by

11  exhibits attached to or incorporated in the pleading.  *Sprewell v. Golden State Warriors*, 266 F.3d

12  979, 988 (9th Cir. 2001); *accord ChriMar Sys., Inc v. Cisco Sys., Inc*, 72 F.Supp.3d 1012, 1016

13  (N.D. Cal. 2014) (citing same in context of a Rule 12(c) motion).

14  **V.     LEGAL ARGUMENT**

15       **A.     Defendants' Counterclaims and Affirmative Defense Seeking Cancellation of
16              the NEO4J® Mark are Inadequately Pled**

17       Suhy's first counterclaim (Dkt. No. 48 at ¶¶ 4-7), PureThink and iGov's eleventh

18  counterclaim (Dkt. No. 55 at ¶¶ 88-92) and Defendants' seventh affirmative defense (Dkt. No. 54

19  at 18:20-19:3) collectively seek the cancellation of Neo4j USA's federally registered trademark,

20  NEO4J® pursuant to 15 U.S.C. §1119.  "Fraud in procurement of a trademark registration may be

21  raised as a ground for cancellation in civil litigation, in which case it may function as a 'defense'

22  to a claim of trademark infringement." *eCash Techs., Inc. v. Guagliardo*, 127 F.Supp.2d 1069,

23  1079 (C.D. Cal. 2000); *accord AirWair Int'l Ltd*., 84 F.Supp.3d 943, 951–52 (N.D. Cal. 2015)

24  (quoting same).  In asserting their defense of fraud in the procurement, however, Defendants bear

25  the "heavy burden of demonstrating that a trademark should be cancelled."  *Hokto Kinoko Co. v.*

26  *Concord Farms, Inc.,* 738 F.3d 1085, 1097 (9th Cir. 2013).  Thus, Defendants ***must*** meet the

27  heightened pleading requirements imposed by Federal Rule of Civil Procedure 9(b).  *Aureflam*

28  *Corp. v. Pho Hoa Phat I, Inc.*, 375 F.Supp.2d 950, 953 (N.D. Cal. 2005) (Rule 9(b)'s heightened

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3428525.6                                   - 8 -

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGEMENT ON THE PLEADINGS; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

1    pleading requirement applies to claims of fraud in the procurement of trademarks).

2          To allege a claim of cancellation based on fraud in the procurement, Defendants must

3    allege with particularity: "(1) a false representation regarding a material fact; (2) the registrant's

4    knowledge or belief that the representation is false; (3) the registrant's intent to induce reliance

5    upon the misrepresentation; (4) actual, reasonable reliance on the misrepresentation; and (5)

6    damages proximately caused by that reliance." *Hokto Kinoko*, 738 F.3d at 1097 (*citing Robi v.*

7    *Five Platters, Inc*., 918 F.2d 1439, 1444 (9th Cir. 1990)); *accord AirWair Int'l Ltd.*, 84 F.Supp.3d

8    at 952 (quoting same).   A false representation in the original trademark application may be

9    grounds for cancellation only if all five of the above requirements are met.  *Id*.

10         These counterclaims and defenses are solely premised on the following allegations:

11         The [NEO4J® mark] was procured by fraud as the representation to the
            PTO was that Neo Technology (a Delaware corporation) (changed to
12         Neo4J, Inc.) first used the trademark in 6-4-2006 and in commerce in 5-28-
            2007.
13
            These statements are knowlingly [sic] false and material to the decision to
14         grant the registration application.

15         Neo Technology, the predecessor to NEO4J USA did not exist on 6-4-2006
            or 5-28-2007.
16
            Neo Technology, the predecessor to NEO4J US was first formed 7-7-2011
17         in Delaware under File Number 5007564.

18         Because the registration was procured by fraud, PureThink, iGov and John
            Mark Suhy demand the registration to the NEO4J trademark be cancelled
19         pursuant to 15 U.S.C. §1119.

20   Dkt. No. 55 at ¶¶ 88-92; *see also* Dkt. No. 48 at ¶¶ 4-7; Dkt. No. 54 at 18:20-19:3.

21         The conclusory allegations fall well short of providing Neo4j USA with fair notice of an

22   alleged *material* misrepresentation and facts establishing Neo4j's knowledge and intent, reliance

23   and any alleged damage to GFI.  *See Aureflam*, 375 F.Supp.2d at 953 (recognizing that to

24   "demonstrate fraud, a pleading must identify the 'time, place and nature of the alleged fraudulent

25   activities'"); *see also In re Bose Corp*., 580 F.3d 1240, 1243-45 (Fed. Cir. 2009) (holding that

26   party seeking to cancel a trademark registration based on fraud must allege that defendant

27   "knowingly [made] false, material representations of fact in connection with his application").

28   Simply alleging an inconsistency between the date of Neo4j USA's incorporation and the date of

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ● PALO ALTO

842\3428525.6                        - 9 -

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGEMENT ON THE PLEADINGS; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

first use stated by an unidentified person in the application for the NEO4J® mark does ***not***

establish any knowing and intentional act to deceive.  *See id.* ("there is a material legal distinction

between a 'false' representation and a 'fraudulent' one, the latter involving an intent to deceive,

whereas the former may be occasioned by a misunderstanding, an inadvertence, a mere negligent

omission, or the like").  There are also no allegation that Defendants have suffered any damages

as a result from the purported misrepresentation.  As such, Defendants fail to assert a legally

viable cancellation claim or defense based on any alleged fraud in the procurement of the

NEO4J® mark. [2]

### B.    Defendants' Counterclaims and Affirmative Defense Seeking Cancellation of the NEO4J® Mark Fail as a Matter of Law

Aside from their failure to meet Rule 9's particularity requirements, Defendants'

cancellation counterclaims and affirmative defense fail to state a ***legally viable*** claim for

trademark cancellation because the alleged misstatement of the date of first use in commerce of

the NEO4J® mark is not material to the registration.  The Ninth Circuit has held that in order "to

prove fraud that would result in the cancellation of [a federally registered] mark, there would

have to be a material misrepresentation in the affidavit on the basis of which the mark was

registered."  *Pony Exp. Courier Corp. of Am. v. Pony Exp. Delivery Serv.*, 872 F.2d 317, 319 (9th

Cir. 1989).  In this regard, a trademark applicant's claimed date of first use cannot constitute a

material misrepresentation ***so long as the first use in fact preceded the application date***.  *Id.*;

*accord McCarthy on Trademarks and Unfair Competition* (2d ed.1984) § 31:21 (citing same);

---

[2] Although it is not necessary to reach the conclusion that Defendants' cancellation claims and defense fails as a matter of law, it is worth noting that the claimed dates of first use for the NEO4J® Mark are accurate because they were based on use by Neo4j's predecessor-in-interest whose use properly inured to the benefit of Neo4j USA.  *See* 15 U.S. Code § 1127 ("The term 'related company' means any person whose use of a mark is controlled by the owner of the mark with respect to the nature and quality of the goods or services on or in connection with which the mark is used."); 15 U.S.C. § 1055 ("Where a [] mark sought to be registered is [] used legitimately by related companies, such use shall inure to the benefit of the registrant or applicant for registration, and such use shall not affect the validity of such mark or of its registration…."); *see also* Trademark Manual of Examining Procedure § 903.05 ("If the first use anywhere or the first use in commerce was by a predecessor in title to the applicant, or by a related company of the applicant [] and the use inures to the benefit of the applicant….").

842\3428525.6

- 10 -

1   *Angel Flight of Georgia, Inc. v. Angel Flight Am., Inc.*, 522 F.3d 1200, 1210 (11th Cir. 2008)

2   ("misstatement of the date of first use in the application is not fatal to the securing of a valid

3   registration as long as there has been valid use of the mark prior to the filing date").

4        Here, Defendants do not allege Neo4j USA failed to use the NEO4J® mark in commerce

5   ***prior to the filing date of the application for that mark***.  Nor can they do so.  It is an

6   indisputable, judicially noticeable fact that Neo4j USA was using the NEO4J® mark in interstate

7   commerce before it filed the application for that mark.  For example, Neo4j USA was actively

8   offering licenses to NEO4J®-branded software via its website shortly after incorporating in July

9   2011.  *See* Ratinoff Decl., Exhs. 4-5; RJN, ¶ 4.  Neo4j USA was also doing so immediately before

10   it filed the application for the NEO4J® mark in April 2014.  *See* Ratinoff Decl., Exhs. 6-7; RJN,

11   ¶ 4.

12        Any alleged misstatement of the date of first use by Neo4j USA is therefore immaterial

13   and cannot be a basis for canceling the NEO4J® mark.  *See Pony Exp.*, 872 F.2d at 319 (9th Cir.

14   1989); *accord Teeter-Totter, LLC v. Palm Bay Int'l, Inc.*, 344 F.Supp.3d 1100, 1109 (N.D. Cal.

15   2018) (citing same) (dismissing trademark cancellation counterclaim because "allegations that

16   [the trademark applicant] made false statements about [its] date of first use in commerce are not

17   sufficient to state a claim ... for fraud to cancel [Plaintiff's trademark] registration")*; see also Colt*

18   *Industries Operating Corp. v. Olivetti Controllo Numerico S.P.A,* 221 U.S.P.Q. 73, 1983 WL

19   51834, at *3 (T.T.A.B. 1983) ("The only fraud that could be perpetrated on the Office with

20   respect to false dates of first use in an application would be where no use was made as of the

21   filing date of the application.").  Accordingly, Suhy's first counterclaim, PureThink and iGov's

22   eleventh counterclaim, and Defendants' seventh affirmative defense that collectively seek the

23   cancellation of Neo4j USA's federally registered NEO4J® mark fail to state a claim or defense

24   upon which relief may be granted.

25      **C.**    **Defendants' Counterclaim and Affirmative Defense for Abandonment of**
             **Trademark Fails as a Matter of Law**

26

27        Suhy's second counterclaim (Dkt. No. 48 at ¶¶ 9-10), PureThink and iGov's tenth

28   counterclaim (Dkt. No. 55 at ¶¶ 85-86) and Defendants' ninth affirmative defense (Dkt. No. 54 at

Hopkins & Carley
Attorneys At Law
San Jose ♦ Palo Alto

842\3428525.6                   - 11 -

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGEMENT ON THE PLEADINGS; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

19:12-25) collectively seek a declaration that Neo4j abandoned the NEO4J® mark pursuant to the doctrine of "naked licensing."   Under the Lanham Act, a mark can only be deemed "abandoned" when either of the following occurs: "(1) When its use has been discontinued with intent not to resume such use," or "(2) When any course of conduct of the owner, including acts of omission as well as commission, causes the mark to become the generic name for the goods or services on or in connection with which it is used or otherwise to lose its significance as a mark." 15 U.S.C. § 1127.  Naked licensing falls under the second definition of abandonment because it is an "uncontrolled" license where the licensor "fails to exercise adequate quality control over the licensee." *Barcamerica Int'l USA Trust v. Tyfield Importers, Inc.*, 289 F.3d 589, 595-96 (9th Cir. 2002).  The proponent of a naked license theory "faces a stringent standard" of proof.  *Id.* at 596.

Defendants' naked licensing counterclaims and defense appear to be based on two separate theories of alleged abandonment of the NEO4J® mark.  As discussed below, neither theory is legally viable as a counterclaim or defense under the 15 U.S.C. § 1127.

### 1.     Defendants' "Confusion" Does Not Legally Constitute Abandonment

Defendants' first abandonment theory is based on the conclusory allegation that the use of the NEO4J name in multiple contexts, namely as a "product name trademark" and "company name trademark" has confused ***them*** (and not the general public), which is allegedly "exacerbated" by Neo4j Sweden being the owner of the copyright for the NEO4J®-branded software.  *See* Dkt. No. 48 at 3:10-12; Dkt. No. 55 at 24:10-18; *see also* Dkt. No. 54 at 19:13-21.  This alleged "confusion" is not a legally cognizable basis under the Lanham Act to establish Neo4j USA's abandonment of the NEO4J® mark.  The allegation shows ***use*** of the mark, and therefore does not fit the first definition of abandonment under 15 U.S.C. § 1127, which requires discontinuation of use with an intent not to resume such use.  Since Defendants do not alleged any discontinuation by Neo4j USA, their "confusion" theory is not a viable means to seek a declaratory judgment that the NEO4J® mark has been abandoned by Neo4j USA.

The "confusion" allegation also does not fit the second definition of abandonment under 15 U.S.C. § 1127 because it has nothing to do with naked licensing, or even licensing in a general sense.  There are no allegations that the use of the NEO4J® mark as both a company name and a

1   product name has caused the mark to become generic or otherwise lose its trade significance – the

2   key requirement under the second prong of the statutory abandonment defense.

3        To the contrary, Neo4j USA's use of NEO4J® mark as a product name and its trade name

4   demonstrates its strength and significance because the mark is functioning as its intended purpose

5   as an indicator of origin.  Such co-usage is a legitimate and protected use of a mark.  *Accuride*

6   *Int'l, Inc. v. Accuride Corp.*, 871 F.2d 1531, 1535 (9th Cir. 1989) (holding that "the same broad

7   standards of protection apply to trademarks and trade names"); *Standard Oil Co. of N. M. v.*

8   *Standard Oil Co. of Cal.*, 56 F.2d 973, 979 (10th Cir. 1932) (recognizing that a "corporate name

9   or trade name identifies a corporation; it also identifies its business and the goods or services

10  which it sells or renders").  Indeed, "courts are rarely called upon to distinguish between trade

11  names, trademarks and service marks" because "[t]rade names often function as trademarks or

12  service marks as well." *Accuride*, 871 F.2d at 1534.

13       In sum, Defendants' "confusion" allegations do not amount to abandonment under 15

14  U.S.C. § 1127.  There is no plausible interpretation thereof that would suggest that the NEO4J®

15  mark has been abandoned and ceased to function as an indicator of origin.  Instead, these

16  allegations establish multiple uses of the NEO4J® mark and its strength, not the mark's

17  diminution, let alone loss of the significance as a mark.  As such, Defendants' abandonment

18  counterclaims and defense based on their confusion allegations fail as a matter of law.

19            **2.    Defendants' "Open Source Licensing" Theory Does Not Establish
                      Abandonment via Naked Licensing as a Matter of Law**
20

21       The crux of Defendants' second abandonment theory is that the distribution of NEO4J®-

22  branded software subject to the GPL and AGPL amounts to an abandoning that mark:

23           As the Neo4j trademark is used and licensed as open source software there is no ability to
             maintain quality control over the software product called Neo4j as any licensees may
24           modify combine the software with other code and distributed or convey Neo4j without
             required quality control by Neo4J USA.
25
             As the Neo4J software is licensed as open source software, there is no ability to
26           maintain quality control of how licensees modify, use or distributed or
             conveyed.  As a result, Neo4J USA has abandoned the Neo4J trademark under
27           the doctrine of Naked License.

28  Dkt. No. 55 at 24:18-23; *see also* Dkt. No. 48 at 3:18-22; Dkt. No. 54 at 19:21-25.  The open

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3428525.6                                    - 13 -

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGEMENT ON THE PLEADINGS; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

1  source licenses reference by Defendants are the GNU General Public License ("GPL") and a

2  variant for server deployment called the GNU Affero General Public License ("AGPL").  *See*

3  Dkt. No. 55 at ¶ 7 and Exhibit A.

4        However, the fact that some NEO4J®-branded software was distributed via the GPL or

5  the AGPL does not establish abandonment of the NEO4J® mark under 15 U.S.C. § 1127.

6  Defendants' open source theory does not meet the first definition under this section because there

7  are no facts alleged establishing that Neo4j USA discontinued the use of the NEO4J® mark at

8  any time.  It also fails to meet the second statutory definition because there are no factual

9  allegations in either their counterclaims or answer that the open source licensing of software

10  under the NEO4J® mark has actually resulted in any loss of significance of the NEO4J® mark or

11  as an indicator of origin.  To the contrary, Defendants are alleging Neo4j USA's use of the mark

12  in conjunction with the NEO4J® mark in at least one of the registered classes of goods.  Dkt. No.

13  48:18-19 ("As the Neo4j trademark is used and licensed as open source software…").

14        More importantly, Defendants erroneously presume that software distributed via open-

15  source software licenses *ipso facto* means the licensor has abandoned its trademarks.  This is not

16  the law.  Rather, courts recognize that the open source licensing software through at least one of

17  the open source licenses identified by Defendants constitutes an ***intent to control*** trademark

18  rights, not the relinquishment of rights.  *See, e.g., Planetary Motion, Inc. v. Techsplosion, Inc.*,

19  261 F.3d 1188, 1198 (11th Cir. 2001).

20        *Planetary Motion* is particular instructive.  In that case, Byron Darrah developed

21  "Coolmail," which was a software that provides email users with notice of new email.  *Planetary*

22  *Motion*, 261 F.3d at 1191.  He distributed the software online under the same GPL open source

23  license at issue here.  *Id.*  Several years later, defendant began offering an email service under the

24  mark "CoolMail."  *Id.*  In 1999, Darrah sold the rights in the software to Planetary Motion, who

25  had in 1998 registered the mark "Coolmail" for its own email service.  *Id.* at 1192. Plaintiff then

26  sued defendant for infringement of the Coolmail mark, as well as for infringement of the

27  trademark rights it had been assigned by Darrah.  *Id.*  The district court granted summary

28  judgment and permanent injunctive relief to plaintiff.  *Id.*

Hopkins & Carley
Attorneys At Law
San Jose ● Palo Alto

842\3428525.6                                    - 14 -

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGEMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

On appeal, defendant argued it could not have infringed the Coolmail mark because Darrah had initially distributed it via the GPL, which divested him of any ownership rights in the mark. *See Planetary Motion*, 261 F.3d at 1198. The Eleventh Circuit disagreed, holding "[t]hat the Software had been distributed pursuant to a GNU General Public License does not defeat trademark ownership, nor does this in any way compel a finding that Darrah abandoned his rights in trademark." *Id*. Rather, defendant "misconstrue[d] the function of a GNU General Public License" and that "[s]oftware distributed pursuant to such a license is not necessarily ceded to the public domain." *Id*. The fact that Darrah licensed the software under the GPL was instead *evidence of a desire to retain ownership rights*. *Id*. at 1198, fn 16.

Here, Defendants' open source theory is predicated on the same failed arguments made in *Planetary Motion*. As in that case, the fact that Neo4j USA's software was licensed under the GPL and the AGPL *establishes* Neo4j USA's efforts to control the quality of the NEO4J® mark rather than evidences abandonment. This is because both the AGPL and GPL were drafted and published by the same organization—Free Software Foundation—and the AGPL is merely a modified variant of the GPL with all of the protections of the GPL plus an added requirement of for open-source software running on servers. *See* Dkt. No. 55 at ¶ 7. Both the GPL and AGPL require licensees who wish to copy, distribute, or modify the software to include a copyright notice properly identifying the actual copyright owner. *Planetary Motion*, 261 F.3d at 1191, fn 16; Dkt. No. 55, Exhibit A at §§ 4-5. Neo4j USA's use of both the GPL and AGPL thus shows an *intent to control* trademark rights, not the relinquishment of rights. Similarly, the licensing of NEO4J® branded software under either the AGPL and GPL does not mean that Neo4j USA ceded any ownership rights in that mark under the *Planetary Motion* analysis. Accordingly, Defendants cannot maintain a legally viable abandonment counterclaim or defense based on their open source theory.

### D.   The Court Should Deny Defendants Leave to Amend

If the Court determines that judgment on the pleadings is warranted, it must then decide whether to grant leave to amend. *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012). The general rule of liberality in granting leave to amend is subject to limitations, which

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3428525.6

- 15 -

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGEMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

1  including "undue prejudice to the opposing party, bad faith by the movant, futility, and undue

2  delay." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir.

3  2011).   The Court's "discretion to deny leave to amend is particularly broad where plaintiff has

4  previously amended the complaint." *Id.* (quotation marks omitted).

5         The Court also should not grant leave to amend "where doing so would be an exercise in

6  futility." *Low v. LinkedIn Corp.*, 900 F.Supp.2d 1010, 1033 (N.D. Cal. 2012).   The Court "may

7  deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the

8  challenged pleading could not possibly cure the deficiency." *Telesaurus VPC, LLC v. Power*, 623

9  F.3d 998, 1003 (9th Cir. 2010); *accord Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th

10  Cir. 2017) (holding that an "amendment is futile when 'no set of facts can be proved under the

11  amendment to the pleadings that would constitute a valid and sufficient claim or defense'")

12  (citation omitted).   Likewise, the Court should deny leave to amend where the facts are not in

13  dispute, and the sole issue is whether there is liability as a matter of substantive law. *See Albrecht*

14  *v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

15         Defendants have already amended both their counterclaims and answer at least once over

16  the past year – and did so well after discovery commenced.   As discussed above, Defendants'

17  cancellation counterclaims and defense based on Neo4j USA allegedly misrepresenting its use

18  date is not legally viable because it is undisputable that Neo4j USA was using the NEO4J® mark

19  at the time it filed the underlying application.   Thus, granting Defendants leave to amend would

20  be futile since the allegedly false statement made to the USPTO ***cannot*** amount to a material

21  misrepresentation.   *See Albrecht*, 845 F.2d at 195-196 (amendment to fraud complaint properly

22  denied where alleged misstatements "could not be misrepresentations" as a matter of law).

23         Similarly, Defendants' abandonment counterclaims and affirmative defense have

24  remained unchanged through several iterations of their pleadings.   As detailed above, neither

25  theory underpinning them legally meets the definitions of abandonment under 15 U.S.C. § 1127.

26  Neo4j USA further submits that no additional facts would resuscitate Defendants' abandonment

27  counterclaims and affirmative defense because the facts alleged by Defendants establish Neo4j

28  USA's continuing use of the NEO4J® mark and its intent to control its rights therein. *See*

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3428525.6                                    - 16 -

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGEMENT ON THE PLEADINGS; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

1  *Weisbuch v. Cty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (recognizing that a party may

2  plead itself out of court where that party alleges facts establishing that it cannot prevail on its

3  claim); *accord Minor v. FedEx Office & Print Servs., Inc.*, 78 F.Supp.3d 1021, 1026 (N.D. Cal.

4  2015) (citing same).  Accordingly, the Court should not grant Defendants leave to amend their

5  abandonment counterclaims and affirmative defense.

6  **VI.    CONCLUSION**

7          For the foregoing reasons, the Court should grant Neo4j USA's motion for a judgment on

8  the pleadings in its entirety and dismiss (a) the First Cause of Action for Cancellation of

9  Trademark 15 U.S.C. §1119 and Second Cause of Action for Declaratory Relief for

10  Abandonment of Trademark asserted in John Mark Suhy's Counterclaim; (b) the Tenth Cause of

11  Action for Declaratory Relief for Abandonment of Trademark and Eleventh Cause of Action

12  Cancellation of Trademark 15 U.S.C. §1119 asserted in the First Amended Counterclaim filed by

13  PureThink and iGov; and (c) the Seventh Affirmative Defense for Cancellation of Trademark

14  Procured by Fraud and Ninth Affirmative Defense for Naked License Abandonment of

15  Trademark asserted in the Answer to the Second Amended Complaint filed by Defendants with

16  prejudice.

17

18   Dated: February 11, 2020                    HOPKINS & CARLEY
                                                   A Law Corporation
19

20                                                 By: */s/ Jeffrey M. Ratinoff*
                                                       John V. Picone
21                                                     Jeffrey M. Ratinoff
                                                       Cary Chien
22                                                     Attorneys for Plaintiff
                                                       NEO4J, INC., NEO4J SWEDEN AB
23

24

25

26

27

28

842\3428525.6

- 17 -

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGEMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD