John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Bar No. 197241
jratinoff@hopkinscarley.com
Cary Chien, Bar No. 274078
cchien@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:     (408) 286-9800
Facsimile:     (408) 998-4790

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, NEO4J SWEDEN AB, a Swedish corporation<br><br>Plaintiffs,<br><br>v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br><br>Defendants. | CASE NO.  5:18-cv-07182-EJD<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF NEO4J INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date:     May 7, 2020<br>Time:    9:00 a.m.<br>Dept.:    Courtroom 4, 5th Floor<br>Judge:    Hon. Edward J. Davila |

894\3455187.3
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF NEO4J INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS; CASE NO.  5:18-CV-07182-EJD

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Plaintiffs Neo4j, Inc. ("Neo4j USA") hereby submits this Request for Judicial Notice in Support of its Motion for Judgment on the Pleadings. The documents are attached as Exhibits 1 to 8 to the Declaration of Jeffrey M. Ratinoff in support of Neo4j USA's Motion for Judgment on the Pleadings. Given the centrality of each exhibit to the allegations in Defendant John Mark Suhy's Counterclaim (Dkt. No. 48), the First Amended Counterclaim filed by Defendants and Counterclaimants PureThink LLC and iGov Inc. (Dkt. No. 55) and the Answer to the Second Amended Complaint (Dkt. No. 54) filed by Defendants John Mark Suhy, PureThink LLC, and iGov Inc. (collectively "Defendants"), and given that each exhibit's authenticity is not subject to reasonable dispute, judicial notice is proper under applicable law. Thus, each may be properly considered as part of Neo4j USA's Motion for Judgment on the Pleadings, without converting that motion into one for summary judgment. Consideration of these exhibits fits squarely within the Ninth Circuit's precedent for judicial notice, and it is consistent with the consideration given by many other courts to similar documents when evaluating such a motion.

Evidence Code section 452(d) provides that judicial notice may be taken of "[r]ecords of (1) any court of this state or (2) any court of record of the United States or of any state of the United States." Evidence Code section 453 provides that "[t]he trial court shall take judicial notice of any matter specified in Section 452 if a party requests it and: (a) [g]ives each adverse party sufficient notice of the request, through the pleadings or otherwise, to enable such adverse party to prepare to meet the request; and (b) [f]urnishes the court with sufficient information to enable it to take judicial notice of the matter." Neo4j USA respectfully submits this Request for Judicial Notice for the following documents:

1.  A printout from the State of Delaware Department of State, Division of Corporation's website of the incorporation records for Neo4j USA (originally incorporated as Neo Technology Inc. on July 7, 2011), a true and correct copy of which is attached as **Exhibit 1** to the Declaration of Jeffrey M. Ratinoff in Support of Neo4j's Motion for Judgement on the Pleadings ("the Ratinoff Declaration"). *See Intri–Plex Techs., Inc. v. Crest Group, Inc.*, 499 F.3d

1048, 1052 (9th Cir. 2007) (court may take judicial notice of facts not reasonably subject to dispute, either because they are generally known, are matters of public record or are capable of accurate and ready determination); *see also Farina Focaccia & Cucina Italiana, LLC v. 700 Valencia St. LLC,* No., 2015 WL 4932640, at *4 (N.D. Cal. Aug. 18, 2015) ("[t]he Court takes judicial notice of the existence of the websites of the Delaware and California Secretaries of State as well as those website's displayed language, which are facts 'not subject to reasonable dispute.'"); *Wible v. Aetna Life Ins. Co.*, 37 F.Supp.2d 956, 966 (C.D. Cal. 2005) (granting request for judicial notice as to webpages).  This is a public record which is not subject to reasonable dispute and capable of accurate and ready determination.  *See* Dkt. No. 55 at ¶¶ 5, 91.  As such, the Court may take judicial notice of such filing.

2. State of Delaware Secretary of State Certification of Certificate of Amendment of "Neo Technology, Inc." changing its name to "Neo4j, Inc." dated June 15, 2017, a true and correct copy of which is attached as **Exhibit 2** to the Ratinoff Declaration.  This is a public record containing facts showing Plaintiff's name change on June 15, 2017, facts which are not subject to reasonable dispute and capable of accurate and ready determination.  *See* Dkt. No. 55 at ¶ 88.  As such, the Court may take judicial notice of such filing.

3. United State Patent and Trademark Office Registration Certificate for the "Neo4j" trademark, Registration No. 4,784,280, a true and correct copy of which is attached as **Exhibit 3** to the Ratinoff Declaration.  Documents issued by a the United States Patent and Trademark Office (USPTO) are in the public record and are not subject to reasonable dispute.  *See Autodesk, Inc. v. Dassault Sys. SolidWorks Corp.*, No. 08-04397, 2008 WL 6742224, at *2 n.1 (N.D. Cal. Dec. 18, 2008) (taking judicial notice of trademark registrations and applications publicly available on USPTO website) (citing *Hoganas AB v. Dresser Indus., Inc.*, 9 F.3d 948, 954 (Fed. Cir. 1993)).  Accordingly, this document is a public record created and issued by the United States Patent and Trademark office showing the application date of April 30, 2014, a fact which is not subject to reasonable dispute and capable of accurate and ready determination.  As such, the Court may take judicial notice of such filings.

4. Neo4j's webpages from Wayback Machine archival website (https://archive.org/)

1  dated August 23, 2011 and March 26, 2014 showing Neo4j USA's use of the NEO4J® mark in
2  commerce, a true and correct copy of which is attached as **Exhibits 4-7** to the Ratinoff
3  Declaration.  *See Erickson v. Nebraska Mach. Co.*, 2015 WL 4089849, at *1 (N.D. Cal. July 6,
4  2015) ("[c]ourts have taken judicial notice of the contents of web pages available through the
5  Wayback Machine as facts that can be accurately and readily determined from sources whose
6  accuracy cannot reasonably be questioned"); *see also U.S. ex. Rel. v. Newport Sensors, Inc.*, 2016
7  WL 8929246, at *3 (C.D. Cal. May 19, 2016) (recognizing that "district courts in this circuit have
8  routinely taken judicial notice of content from the Internet Archive's Wayback Machine pursuant
9  to this rule, as we do here." (citations omitted)).  These webpages show use of the NEO4J® mark
10 by Neo4j USA on August 23, 2011 and March 26, 2014, facts which are not subject to reasonable
11 dispute and capable of accurate and ready determination.  As such, the Court may take judicial
12 notice of such filing and those dates.

13       5.    Registration page from WHOIS World Wide Web domain lookup service for the
14 website domain http://www.neo4j.org showing the domain was created on June 4, 2006, a true
15 and correct copy of which is attached as **Exhibit 8** to the Ratinoff Declaration.  This document is
16 a public record created and issued by the WHOIS Lookup Service and contains the registration
17 date of the website, which is not subject to reasonable dispute and capable of accurate and ready
18 determination.  *See Intri–Plex Techs.*, 499 F.3d at 1052; *Wible*, 37 F.Supp.2d at 966.  As such, the
19 Court may take judicial notice of this document.

Dated:  February 11, 2020             HOPKINS & CARLEY
                                                           A Law Corporation

                                                           By: */s/ Cary Chien*
                                                                Jeffrey M. Ratinoff
                                                                Cary Chien
                                                                Attorneys for Plaintiff and Counter-
                                                                Defendants
                                                                NEO4J, INC., NEO4J SWEDEN AB