1   John V. Picone III, Bar No. 187226
    jpicone@hopkinscarley.com
2   Jeffrey M. Ratinoff, Bar No. 197241
    jratinoff@hopkinscarley.com
3   HOPKINS & CARLEY
    A Law Corporation
4   The Letitia Building
    70 South First Street
5   San Jose, CA  95113-2406
    *mailing address:*
6   P.O. Box 1469
    San Jose, CA 95109-1469
7   Telephone:     (408) 286-9800
    Facsimile:     (408) 998-4790
8

    Attorneys for Plaintiffs and Counter-Defendants
9   NEO4J, INC. and NEO4J SWEDEN AB

10  Adron W. Beene, Bar No. 129040
    adron@adronlaw.com
11  Adron G. Beene SB# 298088
    adronjr@adronlaw.com
12  Attorney at Law
    1754 Technology Drive, Suite 228
13  San Jose, CA 95110
    Tel: (408) 392-9233
14  Fax: (866) 329-0453

15  Attorneys for Defendants and Counterclaimants
    PURETHINK LLC, IGOV INC., and JOHN MARK
16  SUHY

17              UNITED STATES DISTRICT COURT

18      NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

19  NEO4J, INC., a Delaware corporation,          CASE NO.  5:18-cv-07182-EJD
    NEO4J SWEDEN AB, a Swedish
20  corporation,                                  **JOINT CASE MANAGEMENT AND
                                                  STATUS CONFERENCE STATEMENT**
21              Plaintiffs,
                                                  Date:       March 5, 2019
22        v.                                      Time:       10:00 a.m.
                                                  Judge:      Hon. Edward J. Davila
23  PURETHINK LLC, a Delaware limited                         Courtroom 4, 5th Floor
    liability company, IGOV INC., a Virginia
24  corporation, and JOHN MARK SUHY, an           Action Filed:    November 28, 2018
    individual,                                   Trial Date:      None
25
                Defendants.
26

27  AND RELATED COUNTERCLAIMS.

28

1    Plaintiffs and Counter-Defendants Neo4j, Inc. and Neo4j Sweden AB (collectively

2  "Plaintiffs" or "Neo4j") and Defendants and Counterclaimants PureThink LLC and iGov, Inc.

3  and Defendant John Mark Suhy (collectively "Defendants"), by and through the parties'

4  respective attorneys, hereby submit this joint statement in advance of the March 5, 2020 Case

5  Management and Status Conference.

6  **I.      PROCEDURAL BACKGROUND AND CASE STATUS**

7    On October 1, 2019, Neo4j Inc. ("Neo4j USA") filed the now-related action, *Neo4j, Inc. v.*

8  *Graph Foundation, Inc.*, Case No. 3:19-cv-06226-EJD (the "GFI Action").[1]  Neo4j USA alleges

9  that GFI engaged in conduct that amounts to trademark infringement in violation of 15 U.S.C. §

10  1117(a), as well false advertising, passing-off and false designation of origin in violation of 15

11  U.S.C. § 1125(a).  Neo4j USA further alleges that this same conduct constitutes unlawful and

12  unfair competition in violation of California's unfair competition law, Cal. Bus. & Prof. Code §

13  17200 et seq. ("UCL").  These claims overlap with and are substantially similar to the Lanham

14  Act and UCL claims asserted by Neo4j USA against Defendants in this action.

15    On October 22, 2019, Plaintiff Neo4j, Inc. ("Neo4j USA") sought and obtained leave to

16  file its First Amended Complaint (*see* Dkt. Nos. 35-37), which inter alia, (a) set forth additional

17  factual allegations supporting its claims asserted under the Lanham Act and California's Unfair

18  Competition Law; and (b) added a new claim alleging that Defendant John Mark Suhy ("Suhy")

19  violated the Digital Millennium Copyright Act ("DMCA") and Neo4j USA suffered injury as a

20  result thereof, which are based on evidence discovered after the filing of the original complaint in

21  this Action.  The First Amended Complaint also added Neo4j Sweden AB ("Neo4j Sweden") as a

22  plaintiff, which joined in the new DMCA claim.

23    On November 13, 2019, Suhy filed his Counterclaim wherein he asserted claims against

24  Neo4j USA related to the validity of its NEO4J® mark.  *See* Dkt. No. 48.  On November 25,

25  2019, Plaintiffs filed their Second Amended Complaint in response to a motion to dismiss filed

26  by Defendants PureThink LLC ("PureThink") and iGov Inc. ("iGov") pursuant to Federal Rule of

27

28

[1] On December 5, 2019, the Court ordered that this Action be related to the GFI Action.  *See* Dkt. No. 53.

842\3465789.3

1   Civil Procedure 12(b)(6). *See* Dkt. Nos. 49-50.

2          On December 9, 2019, PureThink and iGov filed their First Amended Counterclaim. *See*

3   Dkt. No. 55. This pleading contained claims identical to those asserted by John Mark Suhy for

4   the cancellation of Neo4j USA's federally registered "Neo4j" mark and for a declaration that

5   Neo4j USA allegedly abandoned its rights in that mark under the doctrine of naked licensing

6   trademark-related counterclaims. Neo4j USA has filed a Motion for a Judgment on the Pleadings

7   on these counterclaims, which is set to be heard by this Court on May 7, 2020. *See* Dkt. No. 60.

8          These counterclaims are also identical to the trademark-related affirmative defenses

9   asserted by Graph Foundation in the GFI Action. Neo4j USA has thus filed a motion to strike

10  these affirmative defenses, which raises substantively identical legal arguments and is also set to

11  be heard by this Court on May 7, 2020. *See* GFI Action, Dkt. No. 32. As discussed below, the

12  parties recognized the need to further coordinate discovery and any remaining dispositive motions

13  relating to the trademark claims, counterclaims and affirmative defenses asserted in this action

14  and the GFI Action.

15         PureThink and iGov also continue to maintain a claim for intentional interference with

16  prospective economic advantage, which is based in part on Neo4j USA allegedly telling third

17  parties that they were restricted from developing or supporting Neo4j® Community Edition open

18  source software pursuant to Section 4.3.2 of the Parties' underlying Partner Agreement. *Id.* at ¶¶

19  13, 22-34. PureThink and iGov allege that this provision restricting them from engaging is

20  certain business practices for three years violated public policy pursuant to Cal. Bus. & Prof.

21  Code §16600. *Id.* They also continue to maintain a declaratory relief claim that this restriction is

22  allegedly void under Cal. Bus. & Prof. Code §16600. *Id.* at ¶¶ 54-57.

23         On July 16, 2019, the Ninth Circuit entered an Order Certifying Questions to the

24  California Supreme Court. *See Ixchel Pharma, LLC v. Biogen, Inc.*, 930 F.3d 1031, 1036 (9th

25  Cir. 2019). The California Supreme Court granted the request for certification on September 11,

26  2019. The question to be decided related to the pending dispute is: "Does section 16600 of the

27  California Business and Professions Code void a contract by which a business is restrained from

28  engaging in a lawful trade or business with another business?"  While the matter was fully

1   briefed as of January 29, 2020, the California Supreme Court has not yet set a date for oral

2   argument or otherwise indicated when a decision may issue.

3        The Parties agree that, the ruling on this issue will potential impact the viability of the

4   aforementioned non-trademark counterclaims.  Until the California Supreme Court issues its

5   decision on this question, the Parties do not consider it appropriate to proceed with any

6   proceedings that will result in the final disposition of these claims and believe that this Court

7   should modify the case management schedule accordingly.

8        PureThink and iGov's First Amended Counterclaim also (a) identifies additional

9   economic relationships which Neo4j USA allegedly interfered with in support of their intentional

10  interference claims; (b) asserts an additional breach of contract claim; and (c) asserts several new

11  claims for declaratory relief unrelated to Neo4j USA's trademark and unfair competition law

12  claims.  *See* Dkt. No. 55.

13       As a result of the addition of Neo4j Sweden as a plaintiff and counter-defendant and the

14  parties' newly asserted claims and counterclaims, the scope of the discovery related thereto and

15  the litigation have increased beyond what was originally anticipated when the parties agreed to

16  the original case management schedule.  Thus, the parties sought an interim extension of the case

17  management deadlines in this action so that the Court may hold a joint case management

18  conference for the parties in both actions to address the overlap of the claims and set a further

19  case management schedule that will allow the Parties in this Action and the Graph Foundation

20  Action to streamline discovery minimize the duplication of labor and expense, as well as avoid

21  inconsistent rulings.  *See* Dkt. Nos. 57-58.

22  **II.   POTENTIAL BIFURCATION OF THIS ACTION AND COORDINATION WITH
        THE RELATED GFI ACTION**
23

24       Defendants disputes all claims in the Complaint.  Plaintiffs dispute all the counterclaims

25  and affirmative defenses asserted by Defendants.  The following statements of facts is being

26  provided to the Court for informational purposes only, and by submitting this statement no party

27  is conceding or admitting to the validity of any other party's claims or factual assertions.

28  / / /

**Plaintiffs' Statement:**

Plaintiffs believe that Neo4j USA's Lanham Act and UCL claims asserted in this Action and the GFI action can be resolved most efficiently by trifurcating the present action. This would allow the parties to focus on completing discovery and filing dispositive motions on their respective trademark-related claims, counterclaims and defenses. Prioritizing the trademark-related claims and defenses will simplify coordination with the GFI Action and will minimize duplication of document productions, depositions and some expert discovery. Plaintiffs also believe trifurcation and a departure from the Court's one dispositive motion rule is warranted with respect to Neo4j USA's Lanham Act and UCL claims. Plaintiffs expect that some or all of these claims asserted in both actions may be resolved via summary judgment and/or summary adjudication, as well as Defendants' trademark-related counterclaims and defenses to the extent they survive Neo4j USA's pending motion for judgment on the pleadings. Thus, Plaintiffs propose that fact discovery and dispositive motions in this action and the GFI Action with respect to the trademark-related claims and defenses be coordinated and should follow the same schedule.

Defendants' additional non-trademark counterclaims have substantially broadened the scope of discovery and the number of complex legal issues related to open source licensing of some versions of Neo4j® software. Several of GFI's affirmative defenses raise the same open source software licensing issues. Plaintiffs propose that these common issues be addressed in a second phase in this action and the GFI Action since some may be resolved either by summary judgment/adjudication, or by a consolidated bench trial because they raise pure legal issues and seek a declaratory judgment. Thus, Plaintiffs propose that the common open source software licensing issues be coordinated and should follow the same schedule in both actions, as well as warrant a departure from the Court's one dispositive motion rule.

Finally, the California Supreme Court's eventual decision on the scope and application of Bus. & Prof. Code § 16600 will affect the viability of Defendants' breach of contract and intentional interference counterclaims, as well as their declaratory relief claims based on the application of this section to the parties' underlying contractual relationship. These claims do not involve any common issues with the GFI case and the scope of discovery may be substantially

1    narrowed depending on the California Supreme Court's holding.  As a result, Plaintiffs do not

2    believe that the parties should focus their time and resources on litigating these issues until after

3    the California Supreme Court issues a binding opinion on these issues that could substantially

4    affect the viability of Defendants' remaining counterclaims.  For this same reason, Plaintiffs

5    believe that a departure from the Court's one dispositive motion rule is warranted.

6         Finally, Plaintiffs assert that Neo4j Sweden's single DMCA claim can be resolved in the

7    second phase.  Defendant John Mark Suhy does not deny altering and/or removing the copyright

8    management information at issue.  Rather, he claims to have a legal right to do so pursuant to the

9    terms of an underlying open source license agreement.

10        **Defendants' Statement:**

11        Defendants and counterclaimants John Mark Suhy, Purethink LLC and iGov, Inc.

12   ("Defendants") concur the case can generally be divided into trademarks claims and defenses,

13   claims and defenses that require the ruling in *Ixchel Pharma, LLC* pending before the California

14   Supreme Court, breach of contract claims and issues related to open source software licenses.

15   Some of these claims cross-over but many do not and do not all involve Graph Foundation, Inc.

16   Defendants agree that it would promote judicial economy to extend discovery, allow multiple

17   summary judgment motions on discrete claims, and bench trials on claims to winnow this case

18   down.

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

1

**Joint Statement:**

2        Counsel for Plaintiffs and Defendants have met and conferred and are in general

3   agreement on trifurcating this action and coordinating first and second phase in this action with

4   the GFI Action.  Counsel for Plaintiffs and Defendants will also make an effort to meet and

5   confer with counsel for Graph Foundation, Inc. prior to the scheduled case management

6   conference to further develop a plan to isolate discrete claims and issues for resolution by

7   appropriate discovery, motion, and bench trial where applicable.

8   Dated:  February 25, 2020                    HOPKINS & CARLEY
                                                 A Law Corporation
9

10

11                                              By: */s/ Jeffrey M. Ratinoff*
                                                    Jeffrey M. Ratinoff
12                                                  Attorneys for Plaintiff and Counter-
                                                    Defendant NEO4J, INC.
13

14  Dated:  February 25, 2020

15                                              By: */s/ Adron W. Beene*
16                                                  Adron W. Beene
                                                    Adron G. Beene
17                                                  Attorneys for Defendants and
                                                    Counterclaimants
18                                                  PURETHINK LLC, IGOV INC., and
                                                    JOHN MARK SUHY
19

20

21

22

23

24

25

26

27

28

1

**ATTESTATION OF E-FILED SIGNATURE**

2          Pursuant to Local Rule 5-1(i)(3), I hereby certify that I have obtained the concurrence in

3    the filing of this document from all signatories for whom a signature is indicated by a

4    "conformed" signature (/s/) within this electronically filed document and I have on file records to

5    support this concurrence for subsequent production to the Court if so ordered or for inspection

6    upon request.

7    Dated:  February 25, 2020                          HOPKINS & CARLEY
                                                         A Law Corporation
8

9
                                                         By: */s/ Jeffrey M. Ratinoff*
10                                                           Jeffrey M. Ratinoff
                                                             Attorneys for Plaintiff and Counter-
11                                                           Defendant NEO4J, INC.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28