Adron W. Beene SB# 129040
Adron G. Beene SB# 298088
Attorney at Law
1754 Technology Drive, Suite 228
San Jose, CA 95110
Tel: (408) 392-9233
Fax: (866) 329-0453
adron@adronlaw.com

Attorneys for defendants:
PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation,<br>Plaintiffs,<br>v.<br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. 5:18-cv-7182 EJD<br><br>**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO "'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date: May 7, 2020<br>Time: 9:00 a.m.<br>Dept. Courtroom 4, 5th floor<br>Judge: Hon. Edward J. Davila |

## I.   Introduction

Defendants and Counterclaimants PURETHINK LLC, John Mark Suhy and IGOV INC., ("Defendants") oppose Plaintiff and Counter defendant Neo4J, Inc.'s ("Neo4j USA") motion for judgment on the pleadings pursuant

to Federal Rule of Civil Procedure 12(c). Neo4j USA's motion seeks dismissal of the Seventh and Ninth affirmative defenses in Defendants' Answer to Second Amended Complaint (Dkt. No.55), John Mark Suhy's First and Second Causes of Action in his Counterclaim (Dkt No.48), and the Tenth and Eleventh Causes of Action in Purethink LLC and iGov Inc. Counterclaim. (Dkt. No. 55.).

These two affirmative defenses and four causes of action boil down to two discreet claims: 1) Neo4j USA committed fraud when applying for its Neo4J trademark so the registration should be canceled and 2) Neo4j USA has created confusion with its mark and failed to exercise adequate quality controls over the Neo4J software product such that its trademark should be abandoned.

On a procedural note, the reason the claims are dispersed over several pleadings is when Purethink LLC and iGov Inc. filed their 12 (b)(6) motion, John Mark Suhy had to file his answer and counterclaim. Neo4j USA and Neo4j Sweden AB ("Neo4j Sweden") then filed a Second Amended Complaint altering paragraph 112 in the First Amended Complaint removing and waiving a breach of contract claim based on an unlawful restriction. All defendants then answered the Second Amended Complaint and Purethink LLC and iGov Inc. filed their First Amended Counterclaim. As a result, defendants have one answer but two counterclaims.

//
//
//
//

## II. Standard on a Rule 12(c) Motion

In deciding a Rule 12(c) motion, the court applies the same standards applicable to a Rule 12(b)(6) motion. *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.* (9th Cir. 2011) 637 F3d 1047, 1054, fn. 4

## III. Discussion

### 1. Fraud on the PTO

Neo4j USA's position that any prior use of the mark negates a fraud on the PTO claim even when the stated prior use was false has merit. *Angel Flight of Georgia, Inc. v. Angel Flight America, Inc.* (11th Cir. 2008) 522 F.3d 1200. This is supported by the *Pony Exp. Courier Corp. of America v. Pony Exp. Delivery Service* (9th Cir. 1989) 872 F.2d 317, 319

The underpinning of this point is not supported by the genesis of the rule from 60 years ago:

"[A] misstatement of a date of first use in a registration cannot, in and of itself, afford a basis for cancelation *Philco Corp. v. Clary Corp.* (T.T.A.B. Nov. 20, 1959) 123 U.S.P.Q.420. The rule then is not that a party can lie about its date of first use to show a falsely extended date and avoid cancellation by showing any prior use. The rule is the false date fraud "in an of itself" does not support cancellation. Neo4j USA may have wanted to create an earlier date to ward off prior users or contestants. However, defendants do not presently have clear and convincing evidence of that point.

While it is doubtful a party may rely on there own website under the process of judicial notice to show prior use to support the motion, pursuant to Federal Rules of Civil Procedure Rule 1, Defendants concede the motion on this point.

## 2. Defendants have stated abandonment defenses and causes of action.

Defendants raise claims and a defense that the Neo4J trademark should be abandoned. As Neo4J USA allows use of its mark confusingly and without quality control, the mark should be abandoned.

Neo4j USA asserts trademark infringement claims in this case based on the registered trademark "Neo4J". (Dkt. No. 50 at pgs. 21:24-24:3.) However, Defendants' use of the Neo4J trademark is a proper nominative fair use to 1) identify an open source software product they support called Neo4J, 2) use the mark for comparative advertising as permitted if not cherished by law (See 16 C.F.R. §14.15(b)) and 3) to advise others PureThink was no longer a partner with Neo4j USA. *Adobe Sys. Inc. v. Christenson*, 809 F.3d 1071, 1081 (9th Cir. 2015). Neo4j USA does not challenge the nominative fair use defense in this motion.  Instead they challenge the trademark confusion and Naked License claims and defenses.

Neo4j USA argues that the facts alleged in the claims and defenses are not sufficient to establish abandonment of the Neo4j trademark under 15 U.S.C. §1127.  Neo4j USA trys to recast the defense as if the confusing mixed use has only confused defendants-"**them** (and not the general public)" (Dkt No. 60 pg.12:17). [emphasis in the original] The allegation is "there is confusion". (Dkt No. 55 pg.25:11) The confusion is caused by two companies using the same name on two software products licensed in entirely different manners. Under 15 U.S.C.A §1127, a trademark is "abandoned" "When any course of conduct of the owner, including acts of omission as well as commission, causes the mark to become the generic name for the goods or

services on or in connection with which it is used or otherwise to lose significance as a mark." The claims and defenses allege two aspects of Neo4j USA's conduct that have resulted in abandonment of the Neo4j mark.

First, there is the fact that Neo4j Sweden uses Neo4j in its name and calls its free open source product Neo4j as well. This use started before Neo4j USA existed. Neo4j USA argues that the confusion caused by the actions of Neo4j Sweden is not sufficient to establish abandonment and, instead, somehow, show the mark's strength and significance. Those are arguments over the interpretation of facts that are not appropriate for the motion. Instead, under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554 (2007), Defendants need only allege facts that could plausibly support the abandonment of a mark. Here, the allegation is that Neo4j Sweden is using "Neo4j" as a product name for its open source software. (Dkt No. 55 pg.25:¶85) This use detracts from a trademark for Neo4j USA's commercial software product with the same Neo4j product name.

Neo4j USA ignores the allegations entirely, instead focusing on an argument that the multiple uses of Neo4j on different software license structures somehow strengthen its mark. Neo4j USA is free to present evidence to dispute the fact that mixing its trademark up between two companies with different licensing practice and different software quality controls should lead to abandonment. But the factual dispute does not support a Rule 12(c) motion.

The second reason for abandonment is under the Naked License doctrine. The well established Naked License doctrine is based on the duty of a trademark owner to control the quality of their trademarks. If the owner

does not control quality of products using the trademark, they have a Naked License and the trademark is abandoned and the owner may not assert trademarks rights. The leading case on this point is *FreecycleSunnyvale v. Freecycle Network* (9th Cir. 2010) 626 F.3d 509, 515.

In *Freecycle*, the question on summary judgment was if the trademark owner allowed use of the trademark with so few restrictions as to compel a finding they engaged in naked licensing and abandoned the trademarks. *Freecycle* at, 516. In *Freecycle*, the Court affirmed a summary judgment ruling the trademark owner did not have adequate quality controls rendering the trademark abandoned.

As this is a pleading motion, the issue is whether Defendants have adequately stated a Naked License affirmative defense or claim under *Freecycle*.

Defendants allege "As the Neo4j trademark is used and licensed as open source software there is no ability to maintain quality control over the software product called Neo4j as any licensees may modify combine the software with other code and distributed or convey Neo4j without required quality control by Neo4j USA." (Dkt No. 55 pg.25:¶85).

Neo4j USA incorrectly claims that its use of both the GPL and AGPL shows its intent to control trademark rights (Dkt. No. 60 pg. 15:19-20). Yet there are no allegations that Neo4j USA uses the GPL and AGPL.

In fact, the pleadings allege Neo4J Sweden is the owner of the Neo4j software and is the licensor under the AGPL. Dkt. No. 55, pg. 3 ¶7. See Neo4j Sweden's AGPLv.3 license attached as Exhibit A to Dkt. No. 55 ( The software ("Software") is developed and owned by Neo4j Sweden AB). This

1 point is also confirmed in the Seventh Cause of Action of Neo4j Sweden's
2 pleading for removing **Neo4j Sweden's** copyright management information
3 on **Neo4J Sweden's Neo4j** software. (Dkt. No. 50, pg. 31¶131).
4     Defendants do not know if there is a dispute between Neo4j USA and
5 Neo4j Sweden on the ownership of Neo4j or licensing of the software, but
6 Defendants rely on the terms of the AGPL license which plainly contradicts
7 Neo4j USA's claim they are the AGPL licensor. There assertion, contradicted
8 by the pleadings and evidence does not support a judgment on the pleadings
9 motion.
10     That Neo4j USA claims it licenses the software under the AGPL when
11 it does not illustrates the confusion over the mark Neo4j USA creates. Neo4j
12 USA has allowed third parties to use its trademark without any quality
13 control over the software.
14     While anyone can use, modify, support, combine and convey the Neo4j
15 software (Dkt. No. 55 pg.3, ¶9), there is no trade mark quality control
16 provision in the AGPL. (Dkt. No. 55 Exhibit A).  The Neo4j AGPL license is
17 therefore a Naked License.
18     Concisely, the naked license is alleged since Neo4j USA does not control
19 quality of the Neo4j open source software because it has no license with the
20 open source software users. And Neo4j Sweden cannot control quality of the
21 Neo4j software because there are no quality control terms in its APGL
22 license.
23     Neo4j USA relies on *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261
24 F.3d 1188 (11 Cir.2001) asserting that a GPL/AGPL license established
25 adequate trademark quality controls. But *Planetary* is not a Naked License

claim case. The issue in *Planetary* was whether a GPL license established "use in commerce" required for a trademark. The defense claimed the trademark owners' licensing the software under GPL abandons the trademark. The Court disagreed that licensing software under a GPL cedes all rights to the public domain. In footnote 16, the Court stated:

> Because a GNU General Public License requires licensees who wish to copy, distribute, or modify the software to include a copyright notice, the license itself is evidence of Darrah's efforts to control the use of the "CoolMail" mark in connection with the Software.

This footnote addresses control of ownership of a trademark to support a "use in commerce" position. Requiring a **copyright** attribution under the GPL/AGPL for a "use in commerce claim" has nothing to do with requiring quality control under a Naked License analysis.

Because Neo4j USA has no license or quality control terms for the open source Neo4j software, Neo4j USA failed its duty to maintain quality control of the trademark. "The absence of an agreement with provisions restricting or monitoring the quality of goods or services produced under a trademark supports a finding of naked license." *FreecycleSunnyvale v. Freecycle Network*, 626 F.2d 509, 516 (9th Cir. 2010).

Under the legal standards in *Freescycle*, defendants have properly stated a Naked License claim and defense.

//
//
//
//

## IV. Conclusion

Defendants concede the motion on the dismissal of the claims and defenses based cancellation of the trademark by fraud. Because adequate facts are alleged the motion on the Abandonment of Trademark claims and defenses should be denied.

Dated: Febuary 25, 2020

By: /s/ Adron G. Beene
Adron W. Beene SB# 129040
Adron G. Beene SB# 298088
Attorney At Law
1754 Technology Drive, Suite 228
San Jose, CA 95110
Tel: (408) 392-9233
Fax: (866) 329-0453
adron@adronlaw.com

Attorney for Defendants
PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY