UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

NEO4J, INC., et al.,

    Plaintiffs,

v.

PURETHINK, LLC, et al.,

    Defendants.

Case No. 5:18-cv-07182-EJD

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**

Re: Dkt. No. 60

Before the Court is Plaintiff and Counter-Defendant Neo4j, Inc.'s ("Plaintiff" or "Neo4j USA") motion for a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (the "Motion"). Dkt. No. 60. Plaintiff requests judgment on the pleadings as to the First Cause of Action for Cancellation of Trademark and Second Cause of Action for Declaratory Relief for Abandonment of Trademark asserted in Defendant John Mark Suhy's ("Suhy") Counterclaim (Dkt. No. 48), as well as the Tenth Cause of Action for Declaratory Relief for Abandonment of Trademark and Eleventh Cause of Action for Cancellation of Trademark asserted in the First Amended Counterclaim filed by Defendants PureThink, LLC ("PureThink") and iGov Inc. ("iGov") (Dkt. No. 55). Plaintiff further seeks judgment on the on the substantively identical Seventh Affirmative Defense for Cancellation of Trademark Procured by Fraud and Ninth Affirmative Defense for Naked License Abandonment of Trademark asserted in the Answer to the Second Amended Complaint (Dkt. No. 54) by Defendants Suhy, PureThink, and iGov (collectively "Defendants").

The Court took the matter under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons below, Plaintiff's motion is **GRANTED**.

Case No.: 5:18-cv-07182-EJD
ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS
1

## I. Background[1]

### A. Factual Background

Neo4j USA is a Delaware corporation with its principal place of business in San Mateo, California, specializing in graph database management systems. SAC, ¶ 2. Neo4j USA's platform "helps organizations make sense of their data by revealing how people, processes and digital systems are interrelated." *Id.* Neo4j USA has more than 300 commercial customers, including global enterprises such as Walmart, Comcast, Cisco, and eBay, and also does substantial business with government agencies, including agencies within the United States Government. *Id.* at ¶ 3. Neo4j USA was originally incorporated as Neo Technology, Inc., but changed its name to Neo4j, Inc. in or about July 2017. *Id.* at ¶ 2.

Neo4j USA owns the trademark for the word mark "Neo4j," U.S. Trademark Registration No. 4,784,280. *Id.* at ¶ 21. Neo4j USA first used this trademark in June 2006 and has continually used it since it was published by the USPTO in May 2015 and issued on August 4, 2015. *Id.* at ¶ 22. Neo4j Sweden AB ("Neo4j Sweden"), a wholly owned subsidiary of Neo4j USA and a plaintiff in this action, owns certain copyrights related to the Neo4j graph platform software, including the source code, and has licensed these copyrights to Neo4j USA. *Id.* at ¶ 4. Neo4j Sweden distributes a version of Neo4j software known as "Neo4j Community Edition" on an open source basis under the GNU General Public License (Dkt. No. 65, Ex. B) ("GPL") and a variant called the GNU Affero General Public License (Dkt. No. 55, Ex. A) ("AGPL"). First Amended Counterclaim, Dkt. No. 55 ("Am. Counterclaim"), ¶ 7. This open source software is available at Github.com, the preeminent open source software repository. *Id.* at ¶ 8. Under the GPL and AGPL, anyone can download the Neo4j Community Edition source code and use, modify,

---

[1] This background summarizes only the allegations relevant to the affirmative defenses and counterclaims at issue in the present motion for judgment on the pleadings. Because the motion challenges both affirmative defenses and counterclaims, this background draws from allegations in both the Second Amended Complaint and the First Amended Counterclaim.

Case No.: 5:18-cv-07182-EJD
ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS
2

1    support, combine and convey the software for free; however, licensees who copy, distribute, or

2    modify the software are required to provide notice of any modifications they make to the software.

3    *Id.* at ¶ 9.

4    While Neo4j Sweden licensed the Neo4j Community Edition software under the GPL and

5    AGPL, Neo4j USA licensed a commercial version, known as the "Enterprise Edition" which came

6    with additional features and commercial support. *Id.* at ¶ 11; SAC ¶ 24. The commercial version

7    was initially licensed under the terms of the AGPL as well as under a paid commercial license. *Id.*

8    at ¶ 25; Am. Counterclaim, ¶ 11. Plaintiff alleges that beginning in November 2018, it exclusively

9    offered the commercial version under a paid commercial license. SAC ¶¶ 25-27.

10   On or around September 30, 2014, Neo4j USA entered into a Partner Agreement with

11   Defendant PureThink, by which PureThink agreed to sell and support the commercial version of

12   the software in exchange for a percentage of the fees. *Id.* at ¶ 29; Am Counterclaim, ¶¶ 12-15.

13   PureThink is a Delaware limited liability company, allegedly focused on software development.

14   SAC ¶ 6. Plaintiff alleges that iGov is the successor-in-interest and alter ego of PureThink. *Id.* at

15   ¶¶ 6-14. Plaintiff alleges that Defendant Suhy is the sole member and manager of PureThink and

16   the sole shareholder of iGov. *Id.* at ¶ 8.

17   The partnership between Neo4j USA and PureThink deteriorated, for reasons not relevant

18   to the analysis herein, and on May 30, 2017, Neo4j USA provided PureThink with formal

19   notification of material breach. SAC ¶ 33. Shortly thereafter, on July 11, 2017, Neo4j USA

20   provided PureThink with written notice that the Partner Agreement was terminated due to

21   PureThink's failure to cure the material breaches set forth in the May 30, 2017 letter. *Id.* at ¶ 35.

22   **B. Procedural History**

23   On November 28, 2018, Plaintiff filed this action against Defendants, asserting (1)

24   Trademark Infringement; (2) False Designation of Origin; (3) False Advertising; (4) Federal and

25   State Unfair Competition; (5) Breach of Contract; and (6) Invasion of Privacy. On January 9,

26   2019, Defendants PureThink and iGov filed a counterclaim against Plaintiff, alleging (1)

27   Interference With Prospective Economic Advantage; (2) Interference with Contract; (3) Breach of

28   Case No.: 5:18-cv-07182-EJD
ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS
3

1    Contract; (4) Declaratory Relief (Void Restrictions); (5) Declaratory Relief (Restrictions Violate

2    AGPL License); and (6) Declaratory Relief (Abandonment of Trademark).

3          On October 1, 2019, Neo4j USA filed the now-related action, *Neo4j, Inc. v. Graph

4    Foundation, Inc.*, Case No. 3:19-cv-06226-EJD (the "GFI Action"). Neo4j USA alleges that GFI

5    engaged in conduct that amounts to trademark infringement in violation of 15 U.S.C. § 1117(a), as

6    well false advertising, passing-off and false designation of origin in violation of 15 U.S.C. §

7    1125(a). Neo4j USA further alleges that this same conduct constitutes unlawful and unfair

8    competition in violation of California's unfair competition law, Cal. Bus. & Prof. Code § 17200 et

9    seq. ("UCL"). These claims overlap with and are substantially similar to the Lanham Act and

10   UCL claims asserted by Neo4j USA against Defendants in this action.

11         On October 22, 2019, Plaintiff sought and obtained leave to file its First Amended

12   Complaint (*see* Dkt. Nos. 35-37), which set forth additional allegations to support its claims under

13   the Lanham Act and the UCL, and also included a new claim alleging that Defendant Suhy

14   violated the Digital Millennium Copyright Act ("DMCA"). The First Amended Complaint also

15   added Neo4j Sweden AB ("Neo4j Sweden") as a plaintiff, which joined in the new DMCA claim.

16         On November 13, 2019, Suhy filed a counterclaim wherein he asserted claims for (1)

17   Cancellation Of Trademark Procured By Fraud; and (2) Declaratory Relief (Abandonment of

18   Trademark). Dkt. No. 48 ("Suhy Counterclaim"). On November 25, 2019, Plaintiffs filed their

19   Second Amended Complaint in response to a motion to dismiss filed by PureThink and iGov Inc.

20   *See* Dkt. Nos. 49-50. On December 9, 2019, PureThink and iGov filed their First Amended

21   Counterclaim. Dkt. No. 55 ("Am. Counterclaim"). The First Amended Counterclaim contained

22   claims identical to claims (1) and (2) asserted by Suhy for the cancellation and abandonment of the

23   trademark. Similarly, the Answer filed by all Defendants on December 9, 2019 contains

24   affirmative defenses that are substantively identical to the cancellation and abandonment

25   counterclaims. Dkt. No. 54 ("Answer").

26         The Defendants' Ninth Affirmative Defense, PureThink and iGov's Tenth Cause of Action

27   in their Amended Counterclaim, and Suhy's Second Cause of Action in his Counterclaim

28   Case No.: 5:18-cv-07182-EJD
ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS
4

(collectively, the "Abandonment Arguments") all allege:

> [T]here is confusion whether Neo4j is a company name trademark or product name trademark. This confusion is exacerbated by NEO4J SWEDEN' open source license for a product called Neo4j. NEO4J SWEDEN's license states: "The software ("Software") is developed and owned by NEO4J SWEDEN (referred to in this notice as "Neo4j") . . . NEO4J SWEDEN asserts they own the software-and not NEO4J Inc.- and they use Neo4j name as part of the company name and call the open source software product Neo4j too.

See Suhy Counterclaim at ¶ 9; Am. Counterclaim at ¶ 85; Answer at 19:13-21. They further allege, in varying language, that because "the Neo4j trademark is used and licensed as open source software, there is no ability to maintain quality control" over the product and that Neo4j has therefore abandoned the Neo4j trademark. Am. Counterclaim ¶ 85.

Similarly, the Defendants' Seventh Affirmative Defense, PureThink and iGov's Eleventh Cause of Action in their Amended Counterclaim, and Suhy's First Cause of Action in his Counterclaim (collectively, the "Cancellation Arguments") all allege:

> "The Registered Trademark for NEO4J, Reg. No. 4,784,280, was procured by fraud as the representation to the PTO was that Neo Technology (a Delaware corporation) (changed to Neo4J, Inc.) first used the trademark in 6-4-2006 and in commerce in 5-28-2007. [] These statements are [knowingly] false and material to the decision to grant the registration application. [] Neo Technology, the predecessor to NEO4J USA did not exist on 6-4-2006 or 5-28-2007. [] Neo Technology, the predecessor to NEO4J US was first formed 7-7-2011 in Delaware under File Number 5007564."

Am. Counterclaim at ¶¶ 88-92; *see also* Suhy Counterclaim at ¶¶ 4-7; Answer at 18:20-19:3.

The Abandonment and Cancellations Arguments are also identical to the trademark-related

Case No.: 5:18-cv-07182-EJD
ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS
5

1    affirmative defenses asserted by Graph Foundation in the GFI Action.  Thus, in addition to filing
2    the present motion for judgment on the pleadings, Neo4j USA also filed a motion to strike GFI's
3    affirmative defenses in the GFI action, which raises substantively identical legal arguments.  See
4    GFI Action, Dkt. No. 32.

## II. Legal Standard

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  A Rule 12(c) motion challenges the legal sufficiency of the opposing party's pleadings.  Judgment on the pleadings is appropriate when, even if all material facts in the pleading under attack are true, the moving party is entitled to judgment as a matter of law.  *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

On a motion for judgment on the pleadings, "all material allegations in the complaint are accepted as true and construed in the light most favorable to the non-moving party."  *Turner v. Cook*, 362 F.3d 1219, 1225 (9th Cir. 2004).  "[A]ll reasonable inferences" must be made "in favor of the nonmoving party."  *Mediran v. International Ass'n of Machinists and Aerospace Workers*, No. 09-0538 TEH, 2011 WL 2746601, at *2 (N.D. Cal. July 14, 2011).  "A motion for judgment on the pleadings may be granted if, after assessing the complaint and matters for which judicial notice is proper, it appears 'beyond doubt that the [non-moving party] cannot prove any facts that would support his claim for relief.'"  *Williams v. Nichols Demos, Inc.*, No. 5:17-CV-07101-EJD, 2018 WL 3046507, at *3 (N.D. Cal. June 20, 2018) (citing *Morgan v. County of Yolo*, 436 F. Supp. 2d 1152, 1155 (E.D. Cal. 2006)).  In other words, the standard for a Rule 12(c) motion is essentially the same as that for a Rule 12(b)(6) motion.  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012).

"[I]t is common to apply Rule 12(c) to individual causes of action," as well as individual affirmative defenses and answers.  *Strigliabotti v. Franklin Res., Inc.*, 398 F.Supp.2d 1094, 1097 (N.D. Cal. 2005); *Innovation Ventures, LLC v. Pittsburg Wholesale Grocers, Inc.*, No. C 12-05523 WHA, 2013 WL 4519805, at *1 (N.D. Cal. Aug. 23, 2013) (granting trademark holder's motion

Case No.: 5:18-cv-07182-EJD
ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS
6

for judgment on the pleadings with respect to three of defendant's affirmative defenses). Although Rule 12(c) makes no mention of leave to amend, "courts have discretion both to grant a Rule 12(c) motion with leave to amend . . . and to simply grant dismissal of the action instead of entry of judgment." *Mitchell v. Corelogic, Inc.*, No. SA 17-CV-2274-DOC (DFMx), 2019 WL 7172978, at *4 (C.D. Cal. Nov. 20, 2019) (citing *Carmen v. S.F. Unified Sch. Dist.*, 982 F. Supp. 1396, 1401 (N.D. Cal. 1997) and *Moran v. Peralta Community College Dist.*, 825 F.Supp. 891, 893 (N.D. Cal. 1993)).

### III. Discussion

#### A. Judicial Notice

As with a Rule 12(b)(6) motion, the Court may also consider documents that are attached to the complaint, incorporated by reference when their authenticity is not contested, or are otherwise properly the subject to judicial notice. *See Ramachandran v. City of Los Altos*, 359 F.Supp.3d 801, 810 (N.D. Cal. 2019); *see also Spy Optic, Inc. v. Alibaba.Com, Inc.*, 163 F.Supp.3d 755, 764 (C.D. Cal. 2015).

The AGPL was attached to the Amended Counterclaim as Exhibit A. It was also repeatedly referenced and quoted throughout the SAC and Amended Counterclaim. The GPL was attached to Plaintiff's Request for Judicial Notice, submitted in conjunction with the Reply. See Dkt. No. 65, Ex. B. The GPL was also repeatedly referenced in the SAC, Amended Counterclaim Suhy Counterclaim and Answer. Both documents are publicly available and their authenticity is not in dispute. Thus, the Court finds that the document is incorporated by reference into the pleadings and may be properly considered on this motion. *See Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002) (recognizing that a court may rely upon "the doctrine of 'incorporation by reference' to consider documents that were referenced extensively in the complaint and were accepted by all parties as authentic"); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.").

Case No.: 5:18-cv-07182-EJD
ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS
7

1	The remainder of the documents included in Plaintiff's two requests for judicial notice are not relevant to the Court's analysis and, therefore, the Court declines to take judicial notice of those documents.

### B.  Cancellation Arguments

In their Opposition, Defendants conceded, and the Court agrees, that a misstatement of a date of first use in a registration in and of itself does not support cancellation of the trademark. Opposition, p. 3; *see Pony Exp. Courier Corp. of Am. v. Pony Exp. Delivery Serv.*, 872 F.2d 317, 319 (9th Cir. 1989); *Teeter-Totter, LLC v. Palm Bay Int'l, Inc.*, 344 F.Supp.3d 1100, 1109 (N.D. Cal. 2018) (citing same) (dismissing trademark cancellation counterclaim because "allegations that [the trademark applicant] made false statements about [its] date of first use in commerce are not sufficient to state a claim ... for fraud to cancel [Plaintiff's trademark] registration").

Thus, Defendants effectively conceded that the Cancellation Arguments fail to establish a legally plausible claim or defense. Given this concession, the Court finds that amendment would be futile. *See Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010) (The Court "may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."). Accordingly, the Court **GRANTS** the Motion as to the Cancellation Arguments and **DISMISSES** these claims with prejudice.

### C.  Abandonment Arguments

Under the Lanham Act, a mark can only be deemed "abandoned" when either of the following occurs: "(1) When its use has been discontinued with intent not to resume such use," or "(2) When any course of conduct of the owner, including acts of omission as well as commission, causes the mark to become the generic name for the goods or services on or in connection with which it is used or otherwise to lose its significance as a mark." 15 U.S.C. § 1127. Both of Defendants' arguments fall under the second definition of abandonment.

In their counterclaims and identical affirmative defense, Defendants argue that Neo4j USA abandoned the Neo4j mark by (1) creating "confusion" by using it as both a company name and

the name of multiple software products; and (2) distributing Neo4j-branded software via an open source license, which allegedly amounts to naked licensing.

### i. Confusion

Defendant first alleges that the use of the mark "Neo4j" as both a trade name and the name of multiple software products is confusing. Specifically, the allegations stated in the Amended Counterclaim are that "there is confusion whether Neo4j is a company name trademark or product name trademark" and that "[Plaintiffs] use Neo4j name as part of the company name and call the open source software product Neo4j too." Am. Counterclaim, ¶ 85; *see also* Suhy Counterclaim, ¶ 9; Answer, 19:13-21.

Plaintiff argues that these allegations are insufficient to state a claim or defense of abandonment because there are no allegations suggesting that the use of "Neo4j" as both a company name and product name has caused the mark to become generic or otherwise lose its trade significance. In fact, Plaintiff avers that the use of the mark as both a company name and product name "demonstrates its strength and significance because the mark is functioning as its intended purpose as an indicator of origin." Motion, p. 13.

The Court agrees with Plaintiff that the use of a mark in both a company name and product name, without more, is not sufficient to show that the mark has been abandoned. Indeed, companies often share a name with their products without causing any confusion to the public or reducing the significance of the mark. *See Accuride Int'l, Inc. v. Accuride Corp.*, 871 F.2d 1531, 1534 (9th Cir. 1989) ("Trade names often function as trademarks or service marks as well."); *SunEarth, Inc. v. Sun Earth Solar Power Co.*, 846 F. Supp. 2d 1063, 1074 (N.D. Cal. 2012) (finding that trademark was still protected where plaintiff SunEarth "used SunEarth as both a trade name, referring to the company, and a trademark, referring to particular products"); *Stork Rest. v. Sahati*, 166 F.2d 348, 353 (9th Cir.1948) ("A corporate name or trade name identifies a corporation; it also identifies its business and the goods or services which it sells or renders"); *Standard Oil Co. of N. M. v. Standard Oil Co. of Cal.*, 56 F.2d 973, 979 (10th Cir. 1932) (same).

Defendants do not address this case law in their Opposition, nor do they provide any

Case No.: 5:18-cv-07182-EJD
ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS
9

factual allegations in their pleadings demonstrating that Plaintiff's use of the Neo4j mark in its company name and product name has caused confusion. Even accepting the allegations of confusion in the pleadings as true, Defendant does not allege that this confusion has caused the mark "to become the generic name" for goods of the same type or "to lose its significance as a mark" such that the mark could be found to be abandoned. 15 U.S.C. § 1127.

Defendants' allegation that the "Neo4j" mark is used in the company names of both Neo4j, Inc. as well as Neo4j Sweden is insufficient to establish abandonment for the same reasons. Plaintiff alleges that Neo4j Sweden is a wholly owned subsidiary of Neo4j USA. SAC ¶ 4. The Lanham Act expressly recognizes that a registered mark "may be used legitimately by related companies, such use shall inure to the benefit of the registrant . . . and such use shall not affect the validity of such mark or of its registration." 15 U.S.C. § 1055; see also 15 U.S.C. § 1127 ("The term 'related company' means any person whose use of a mark is controlled by the owner of the mark with respect to the nature and quality of the goods or services on or in connection with which the mark is used.").

Defendants, however, denied the allegation that the companies are related in their Answer, asserting a lack of knowledge sufficient to form a belief. Answer, ¶ 4. Defendants do not assert any allegations as to the relationship of Neo4j USA and Neo4j Sweden in their pleadings. Even making all inferences in favor of Defendants and assuming that the companies are not related, the allegation that both companies use "Neo4j" in their name is still insufficient to show that the mark has been abandoned. The use of the mark in two companies' names, without more, does not demonstrate that the mark has "become the generic name" for goods of the same type or has "los[t] its significance as a mark" such that the mark could be found to be abandoned. 15 U.S.C. § 1127. Thus, Defendants' argument that Plaintiff used the mark in multiple company names and product names fails to support a claim or defense that the mark has been abandoned.

### ii. Naked Licensing

Defendants next argue that the "Neo4j" mark has been abandoned under the "naked licensing" doctrine because Plaintiff failed to control the quality of products using the trademark.

It is well-established that "[u]ncontrolled or 'naked' licensing may result in the trademark ceasing to function as a symbol of quality and controlled source." *Barcamerica Int'l USA Trust v. Tyfield Importers, Inc.*, 289 F.3d 589, 595-96 (9th Cir. 2002) (citing *Moore Bus. Forms, Inc. v. Ryu,* 960 F.2d 486, 489 (5th Cir.1992)). "Consequently, where the licensor fails to exercise adequate quality control over the licensee, a court may find that the trademark owner has abandoned the trademark, in which case the owner would be estopped from asserting rights to the trademark." *FreecycleSunnyvale v. Freecycle Network*, 626 F.3d 509, 516 (9th Cir. 2010) (quoting *Barcamerica*, 289 F.3d at 596). "[T]he naked licensing claim is fundamentally a claim that the trademark is no longer valid and enforceable because of the licensor's neglect in policing its use." *Monster, Inc. v. Dolby Labs. Licensing Corp.*, 920 F. Supp. 2d 1066, 1076 (N.D. Cal. 2013). Because the theory is essentially that a party forfeited trademark rights, "the Ninth Circuit has described the standard required of the trademark challenger as 'stringent.'" *Id.* (quoting *FreecycleSunnyvale*, 626 F.3d at 514) (citing *Barcamerica*, 289 F.3d at 596).

Defendants argue that the distribution of Neo4j branded software on an open source basis, subject to the GPL and AGPL, amounts to naked licensing. Specifically, Defendants allege that because "the Neo4j trademark is used and licensed as open source software there is no ability to maintain quality control over the software product called Neo4j as any licensees may modify combine the software with other code and distribute[] or convey Neo4j without required quality control by Neo4J USA." Am. Counterclaim, ¶ 85; *see also* Suhy Counterclaim, ¶ 9; Answer at 19:21-25.

Plaintiff argues that distribution of Neo4j software on an open source basis does not establish abandonment because its use of the GPL and AGPL demonstrates an effort to control the quality of the mark rather than evidence an abandonment of it. Motion, p. 15. Under the terms of the GPL, a licensee may "convey a work based on the Program, or the modifications to produce it from the Program, in the form of source code under the terms of section 4, provided that . . . [t]he work must carry prominent notices stating that [the licensee] modified it, and giving a relevant date." GPL § 5(a). The AGPL similarly provides that a licensee "may convey a work based on

Case No.: 5:18-cv-07182-EJD
ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS
11

the Program, or the modifications to produce it from the Program, in the form of source code under the terms of section 4, provided that . . . [t]he work must carry prominent notices stating that the licensee modified it, and giving a relevant date." AGPL § 5(a).  Plaintiff argues that these provisions expressly require licensees to identify any and all modifications they make to the software to ensure that such modifications are not attributed to the Neo4j mark.  Because users are required to provide prominent notice of their modifications, Plaintiff argues that the GPL and AGPL are not trademark licenses at all, and that it is still able to control the quality of software bearing the Neo4j mark.  *See* GPL § 7(e) (authorizing users to *supplement* to terms of the GPL with terms "declining to grant rights under trademark law for . . . trademarks" indicating that the GPL does not otherwise cover trademark rights).

In support of this argument, Plaintiff cites *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1198 (11th Cir. 2001).  In *Planetary Motion*, the Eleventh Circuit considered whether the plaintiff's distribution of his software on a public site pursuant to the GPL constituted "use in commerce" sufficient to create ownership rights in the mark.  *Id.* at 1196.  The Court held:

> "That the Software had been distributed pursuant to a GNU General Public License does not defeat trademark ownership, nor does this in any way compel a finding that [plaintiff] abandoned his rights in trademark. Appellants misconstrue the function of a GNU General Public License. Software distributed pursuant to such a license is not necessarily ceded to the public domain and the licensor purports to retain ownership rights, which may or may not include rights to a mark."

*Id.* at 1198.  In a footnote, the Court explained that "[b]ecause a GNU General Public License requires licensees who wish to copy, distribute, or modify the software to include a copyright notice, the license itself is evidence of [plaintiff's] efforts to control the use of the . . . mark in connection with the Software."  *Ibid.*

Defendants argue that *Planetary Motion* is distinguishable here because "[c]ontrol of ownership of a trademark to support a use in commerce position is not equivalent to requiring

1    quality control under a naked license analysis." Opposition, p. 7.  While it is true that ownership

2    analysis in *Planetary Motion* differs from the abandonment analysis here, Defendants fail to show

3    why the level of control exerted under the GPL is not also sufficient to overcome a claim of

4    abandonment.  Instead, Defendants argue that Neo4j USA is unable to control the quality of

5    products using the mark because neither the GPL nor AGLP contain specific trademark quality

6    control provisions.  In support of this contention, Defendants cite *FreecycleSunnyvale v. Freecycle*

7    *Network*, 626 F.3d 509 (9th Cir. 2010).  In *Freecycle*, the Court considered whether the defendant

8    had established adequate control standards over its licensees' use of the trademark to avoid a

9    finding of naked licensing and abandonment where the defendant allowed others to use the

10   trademark without a formal license agreement.  *Id.*  The Court noted that the absence of an

11   agreement with quality control provisions supports a finding of naked licensing, but also

12   acknowledged that "[t]he lack of an express contract right . . . is not conclusive evidence of lack of

13   control."  *Id.* at 516 (citing *Barcamerica,* 289 F.3d at 596).  The court found in that case that the

14   defendant did not exercise "actual control" over licensees' use of the trademark.  *Id.* at 518.

15         Defendants do not raise any allegations indicating that Plaintiff has failed to exercise actual

16   control over licensees' use of the trademark.  Thus, the Court finds that the absence of specific

17   quality control provisions—either in the GPL, AGPL, or in a separate trademark license—is not

18   dispositive here.  *See Hokto Kinoko Co. v. Concord Farms, Inc.*, 738 F.3d 1085, 1098 (9th Cir.

19   2013) ("[e]ven absent formal quality control provisions, a trademark owner does not abandon its

20   trademark where the particular circumstances of the licensing arrangement suggests that the public

21   will not be deceived") (internal quotes and citation omitted).  Moreover, this Court is persuaded by

22   the reasoning in *Planetary Motion* that the notice requirements in the GPL and AGPL evidence an

23   effort to control the use of the mark.

24         Thus, the fact that Plaintiff distributed Neo4j software on an open source basis pursuant to

25   the GPL and AGPL is not, without more, sufficient to establish a naked license or demonstrate

26   abandonment.  However, "[t]he court should freely give leave when justice so requires."  Fed. R.

27   Civ. P. 15(a)(2).  To the extent that Defendants are able to allege that Plaintiff failed to exercise

28   Case No.: 5:18-cv-07182-EJD
ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS
13

actual control over licensees' use of the trademark, such allegations may be sufficient to state a claim of abandonment under *Freecycle*. Because amending the complaint to add allegations regarding Plaintiff's lack of actual control over use of the trademark would not be futile, cause undue delay, or unduly prejudice Plaintiff, the Court grants leave to amend. *Leadsinger, Inc. v. Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008). The Court **GRANTS** Neo4j USA's Motion and **DISMISSES** the Abandonment Arguments with leave to amend.

### IV. Conclusion

For the reasons stated above, the Court **GRANTS** Neo4j USA's Motion in full. The First Cause of Action in the Suhy Counterclaim, the Eleventh Cause of Action in the Amended Counterclaim, and the Seventh Affirmative Defense in the Answer are **DISMISSED with prejudice**. The Second Cause of Action in the Suhy Counterclaim, the Tenth Cause of Action in the Amended Counterclaim and the Ninth Affirmative Defense in the Answer are **DISMISSED with leave to amend**.

If Defendants wish to file an amended counterclaim for the sole purpose of adding allegations to support an abandonment argument as described above, they may do so on a consolidated basis by no later than June 5, 2020.

**IT IS SO ORDERED.**

Dated: May 21, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-07182-EJD
ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS
14