Adron W. Beene SB# 129040
Adron G. Beene SB# 298088
Attorney at Law
1754 Technology Drive, Suite 228
San Jose, CA 95110
Tel: (408) 392-9233
Fax: (866) 329-0453
adron@adronlaw.com

Attorneys for Defendants:
PURETHINK LLC, a Delaware limited
liability company, IGOV INC., a Virginia
corporation, and JOHN MARK SUHY

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation,<br><br>Plaintiffs<br><br>v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br>Defendants. | CASE NO. 5:18-cv-7182 EJD<br><br>**DEFENDANTS PURETHINK, LLC, IGOV INC AND JOHN MARK SUHY'S FIRST AMENDED ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants PURETHINK, LLC, iGOV, INC. and JOHN MARK SUHY

("Defendants") answers NEO4J, INC. ("Neo4J USA") and NEO4J SWEDEN

AB's ("Neo4J Sweden") Second Amended Complaint as follows:

1. Defendants admits the statement outlines the claims but otherwise deny the claims and allegations in paragraph 1.

2. Defendants admits the first and second sentence in paragraph 2. Defendants deny that plaintiff is the graph company behind an open source software product called Neo4J as the software is owned by and licensed by Neo4J Sweden AB according to the license for Neo4J-enterprise available at GitHub. Defendants lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis deny the remaining allegations.

3. Defendants deny the allegation in paragraph 3. Defendants believes that many users are using the open source version called Neo4J and not what plaintiff calls Neo4J®. This confusion arises because plaintiff Neo4J, USA claims they own Neo4J software yet the open source license is by Neo4J Sweden. Likewise, there appear over 183 contributors to the open source version of the Neo4J software and Defendants do not know if each contributor has assigned contributions or moral rights in works to either plaintiff. Defendants lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis deny the remaining allegations.

4. Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations and on that basis deny the allegations.

5. Defendants admits the allegations in paragraph 5 except they deny PureThink is a shell entity maintained by the other Defendants and is

not currently conducting or engaged in any meaningful business activities.

6. Defendants admits the allegations in paragraph 6 except they deny iGov is the assignee and successor-in-interest to PureThink or otherwise acquired substantially all of PureThink's assets sometime in mid-2017 and deny that Neo4J is a large scale graph solution as it is limited in scalability.

7. Defendants admits that iGov does business as GraphStack, but deny the remaining allegations in paragraph 7.

8. Defendants deny the allegations in paragraph 8 except for the fact Suhy is an individual and the last sentence.

9. Defendants deny the allegations in paragraph 9.

10. Defendants deny the allegations in paragraph 10.

11. Defendants deny the allegations in paragraph 11 are an example to support the allegations and deny Defendants share the same customer support number but admit the facts alleged.

12. Defendants deny the allegations in paragraph 12 are an example to support the allegations but admit the facts alleged except Defendants lacks information or belief about what virtually identical means.

13. Defendants deny the allegations in paragraph 13 as the verb ported is unclear and vague.

14. Defendants deny the allegations in paragraph 14.

15. Defendants admits the allegations in paragraph 15.

16. Defendants deny the allegations in paragraph 16.

17. Defendants deny the allegations in paragraph 17.

18. Defendants admits the allegations in paragraph 18.

19. Defendants admits the allegations in paragraph 19.

20. Defendants deny the allegations in paragraph 20.

21. Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 and on that basis deny the allegations.

22. Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 and on that basis deny the allegations.

23. Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 23 and on that basis deny the allegations.

24. Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 and on that basis deny the allegations.  Defendants is informed and believes that both plaintiffs did not license the open source version of Neo4J software as the open source licenses state the software is owned and license by Neo4J  Sweden.

25. Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 and on that basis deny the allegations. Defendants is informed and believes that both plaintiffs did not license the open source version of Neo4J software as the open source licenses state the software is owned and license by

Neo4J Sweden. Further, Neo4J Sweden did not license a commercial product based on the open source software.

26.     Defendants deny the allegations in paragraph 26.

27.     Defendants deny the allegations in paragraph 27.

28.     Defendants deny the allegations in paragraph 28.

29.     Defendants deny they agreed to provide first and second line support to end-users of NEO4J® EE software. Defendants admits the remaining allegations paragraph 29.

30.     Defendants admits the first sentence in paragraph 30 and deny the remainder.

31.     Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 and on that basis deny the allegations.

32.     Defendants deny the allegations in paragraph 32.

33.     Defendants admits the first sentence in paragraph 33 and deny the remainder.

34.     Defendants admits the allegations paragraph 34.

35.     Defendants admits the allegations paragraph 35.

36.     Defendants admits the allegations paragraph 36.

37.     Defendants admits the allegations in paragraph 37.

38.     Defendants admits the allegations in paragraph 38.

39.     Defendants deny the allegations in paragraph 39.

40.     Defendants deny the allegations in paragraph 40.

41.     Defendants deny the allegations in paragraph 41.

42.     Defendants deny the allegations in paragraph 42.

43.     Defendants deny the allegations in paragraph 43.

44.     Defendants deny the allegations in paragraph 44.

45.     Defendants deny the allegations in paragraph 45.

46.     Defendants deny the allegations in paragraph 46.

47.     Defendants deny the allegations in paragraph 47.

48.     Defendants deny the allegations in paragraph 48.

49.     Defendants deny the allegations in paragraph 49.

50.     Defendants deny the allegations in paragraph 50.

51.     Defendants deny the allegations in paragraph 51.

52.     Defendants deny the allegations in paragraph 52.

53.     Defendants deny the allegations in paragraph 53.

54.     Defendants deny the allegations in paragraph 54.

55.     Defendants deny the allegations in paragraph 55.

56.     Defendants deny the allegations in paragraph 56.

57.     Defendants deny the allegations in paragraph 57.

58.     Defendants deny the allegations in paragraph 58.

59.     Defendants deny the allegations in paragraph 59.

60.     Defendants deny the allegations in paragraph 60.

61.     Defendants deny the allegations in paragraph 61.

62.     Defendants admits to posting messages on Twitter. Defendants deny that he spread misinformation, unfairly competed, and the remaining allegations in paragraph 62.

63.     Defendants deny the allegations in paragraph 63.

64.     Defendants deny the allegations in paragraph 64.

65.      Defendants deny the allegations in paragraph 65.

66.      Defendants deny the allegations in paragraph 66.

67.      Defendants deny the allegations in paragraph 67.

68.      Defendants lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68 and on that basis deny the allegations. Neo4J  Sweden's copyright management information violates the APGL copyright.

69.      Defendants admits the allegations in paragraph 69 and such removal was to prevent further violation of the AGPL license and removal of infringing material is expressly allowed under the AGPL.

70.      Defendants admits the allegations in paragraph 70.

71.      Defendants deny the allegations in paragraph 71 to the extent Suhy stated in an email he had recorded him, otherwise denied. The statement was to avoid the changes of instructions on the employees part. Suhy felt if the employee thought his calls were being recorded, he would temper his fluxuations and false changes in instructions.

72.      Defendants admits the allegations in paragraph 72 to the extent Suhy stated in an email he had recorded him, otherwise denied. The statement was to avoid the changes of instructions on the employees part. Suhy felt if the employee thought his calls were being recorded, he would temper his fluxuations and false changes in instructions.

73.      Defendants admits the allegations in paragraph 73 to the extent Suhy told him he had recorded phone calls, otherwise denied.  The statement was to avoid the changes of instructions on the employees

part. Suhy felt if the employee thought his calls were being recorded, he would temper his fluxuations and false changes in instructions.

74.      Defendants incorporate its responses to paragraphs 1-73.

75.      Defendants deny the allegations in paragraph 75. Neo4J USA did not exist in 2007. It was formed in 2011. The software has been licensed on an open source basis by Neo4J Sweden and called Neo4J by Neo4J Sweden. The ownership of the Neo4J software is claimed by Neo4J Sweden. Likewise, the software development was provided by over 100 contributors, Github shows that there are 1,515 forks to the software with 22 branches and Defendants do not know if the contributors have assigned the rights to the Neo4J open source software copyright to either plaintiff.

76.      Defendants deny the allegations in paragraph 76. Neo4J USA did not exist in 2007. It was formed in 2011. The software has been licensed on an open source basis by Neo4J Sweden and called Neo4J by Neo4J Sweden. The ownership of the Neo4J software is claimed by Neo4J Sweden. Likewise, the software development was provided by over 100 contributors, Github shows that there are 1,515 forks to the software with 22 branches and Defendants do not know if the contributors have assigned the rights to the Neo4J open source software copyright to either plaintiff.

77.      Defendants deny the allegations in paragraph 77. The software has been licensed on an open source basis by Neo4J Sweden and called Neo4J by Neo4J Sweden. The ownership of the Neo4J software is claimed by Neo4J Sweden AB. Likewise, software development was

1    provided by over 100 contributors, Github shows that there are 1,515
2    forks to the software with 22 branches and Defendants do not know if
3    the contributors have assigned the rights to the Neo4J open source
4    software copyright to plaintiff.

5    78.      Defendants deny the allegations in paragraph 78. The software
6    has been licensed on an open source basis by Neo4J Sweden AB and
7    called Neo4J by Neo4J Sweden AB and ownership of the software is
8    claimed by Neo4J Sweden AB. Likewise, software development was
9    provided by over 100 contributors, Github shows that there are 1,515
10   forks to the software with 22 branches and Defendants do not know if
11   the contributors have assigned the rights to the Neo4J open source
12   software copyright to plaintiff. Defendants deny that goodwill in the
13   name Neo4J is exclusively held by Neo4J USA.

14   79.      Defendants deny the allegations in paragraph 79.

15   80.      Defendants deny the allegations in paragraph 80.

16   81.      Defendants deny the allegations in paragraph 81.

17   82.      Defendants deny the allegations in paragraph 82.

18   83.      Defendants deny the allegations in paragraph 83.

19   84.      Defendants deny the allegations in paragraph 84.

20   85.      Defendants deny the allegations in paragraph 85.

21   86.      Defendants deny the allegations in paragraph 86.

22   87.      Defendants incorporate its responses to paragraphs 1-86.

23   88.      Defendants deny the allegations in paragraph 88.

24   89.      Defendants deny the allegations in paragraph 89.

25   90.      Defendants deny the allegations in paragraph 90.

91.     Defendants deny the allegations in paragraph 91.

92.     Defendants deny the allegations in paragraph 92.

93.     Defendants deny the allegations in paragraph 93.

94.     Defendants deny the allegations in paragraph 94.

95.     Defendants incorporate its responses to paragraphs 1-94.

96.     Defendants deny the allegations in paragraph 96.

97.     Defendants deny the allegations in paragraph 97.

98.     Defendants deny the allegations in paragraph 98.

99.     Defendants deny the allegations in paragraph 99.

100.    Defendants deny the allegations in paragraph 100.

101.    Defendants deny the allegations in paragraph 101.

102.    Defendants incorporate its responses to paragraphs 1-101.

103.    Defendants deny the allegations in paragraph 103.

104.    Defendants deny the allegations in paragraph 104.

105.    Defendants deny the allegations in paragraph 105.

106.    Defendants deny the allegations in paragraph 106.

107.    Defendants deny the allegations in paragraph 107.

108.    Defendants incorporate its responses to paragraphs 1-107.

109.    Defendants admits PureThink signed the Partner Agreement but Defendants otherwise deny the allegations in paragraph 83, because plaintiff has failed to perform, clauses 4.3.1, and 4.3.2 are not enforceable as written or applied and the limitations in the Partner Agreement violate the open source Neo4J enterprise license.

110.    Defendants admits the allegations in paragraph 110.

111.     Defendants admits the terms of the 7.3 of the Partner Agreement claims to prevent PureThink from dealing in Products which is defined as Neo4J commercial software provided by Neo Technology and licensed to the End User but otherwise deny the allegations in paragraph 111.

112.     Defendants deny the allegations in paragraph 112.

113.     Defendants deny the allegations in paragraph 113.

114.     Defendants deny the allegations in paragraph 114.

115.     Defendants deny the allegations in paragraph 115.

116.     Defendants deny the allegations in paragraph 116.

117.     Defendants deny the allegations in paragraph 117.

118.     Defendants deny the allegations in paragraph 118.

119.     Defendants deny the allegations in paragraph 119.

120.     Defendants deny the allegations in paragraph 120.

121.     Defendants incorporate its responses to paragraphs 1-120.

122.     Defendants deny the allegations in paragraph 122.

123.     Defendants deny the allegations in paragraph 123.

124.     Defendants deny the allegations in paragraph 124.

125.     Defendants admits the first and second sentence in paragraph 125 and deny the remaining allegations in paragraph 125.

126.     Defendants deny the allegations in paragraph 126.

127.     Defendants deny the allegations in paragraph 127.

128.     Defendants admits Neo4J USA seeks statutory damages but deny they are entitled to any damages as alleged in paragraph 128.

129.     Defendants deny the allegations in paragraph 129.

130.     Defendants incorporate its responses to paragraphs 1-129.

131.     Defendants lack sufficient information and belief to answer pararagraph 131 and on said basis deny. Neo4J Sweden states it owns the open source version of Neo4J but the software was also created by over 183 contributors who are also copyright and moral rights holders.

132.     Defendants deny the allegations in paragraph 132.

133.     Defendants deny the allegations in paragraph 133.

134.     Defendants deny the allegations in paragraph 134.

135.     Defendants deny the allegations in paragraph 135.

136.     Defendants deny the allegations in paragraph 136.

137.     Except as otherwise admitted, Defendants deny the allegations in the FAC.

## Affirmative Defenses

1.     **Void Restriction**

Section 4.3.2 of the Partner Agreement, provides:

> During the term of this Agreement and up until thirty six (36) months after the termination or expiration of this Agreement, Partner may not develop, market, distribute or offer any services related to any Neo Technology Community Edition Products, derivative works of such products, or any Partner software code made to work with Neo Technology Community Edition Products(including, without limitation, hosting services, training, technical support, configuration and customization services, etc.)

Neo4J USA seeks to prevent Defendants from licensing and supporting open source software during and for 36 months after termination of the Partner Agreement. The Partner Agreement is. by its terms, governed

by California law. The restriction under Section 4.3.2 cannot be enforced against Defendants as the restriction is void under California Business and Professions Code §16600: "Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

2. **License To Use Neo4J Open Source Software**

Section 4.3.1 of the Partner Agreement provides:

**4.3.1** During the term of this Agreement, Partner may not use or run on any of Partner's hardware, or have deployed for internal use, any Neo Technology Community Edition Products for commercial or production use. In no event shall Partner reverse engineer, distribute or otherwise use the Products for its own internal use. There are no implied rights. Partner will not fork or bifurcate the source code for any Neo Technology Community Edition Products into a separately maintained source code repository so that development done on the original code requires manual work to be transferred to the forked software or so that the forked software starts to have features not present in the original software.

The restrictions in Paragragraphs 4.3.1 and 4.3.2  violate the GNU AFFERO GENERAL PUBLIC LICENSED VERSION 3 for Neo4J enterprise software:

Section 2 (Basic Permissions) of the AGPL license provides, in part:

"All rights granted under this License are granted for the term of copyright on the Program, and are irrevocable provided the stated conditions are met. This License explicitly affirms your unlimited permission to run the unmodified Program. …

You may make, run and propagate covered works that you do not convey, without conditions so long as your license otherwise remains in force. You may convey covered works to others for the sole purpose of having them make modifications exclusively for you, or provide you with facilities for running those works, provided that you comply with the terms of this License in conveying all material for which you do not control copyright."

Defendants' First Amended Answer to Second Amended Complaint
CASE NO. 5:18-cv-7182 EJD

13

Section 4 of the AGPL license provides, in part:

"You may charge any price or no price for each copy that you convey, and you may offer support or warranty protection for a fee."

Section 10 (Automatic licensing of Downstream Recipients)

of the AGPL provides, in part:

"You may not impose any further restrictions on the exercise of the rights granted or affirmed under this License."

Defendants are licensed to use the open source software version of Neo4J by Neo4J Sweden AB without restriction under the AGPL license agreement. Neo4J USA may not impose restrictions on use of Neo4J and cannot prevent or bar Defendants from using the open source Neo4J. By imposing restrictions in violation of the License, plaintiff has breached the open source license and has no rights to use or license Neo4J.

3. **Right to fork and use Neo4J open source under GitHub Terms of Service**

By using a public repository at GitHub, the open source versions of Neo4J are subject to the GitHub Terms of Service which allow any user to use and fork the software and other content on the NEO4J SWEDEN public GitHub repository:

D. 5. If you set your pages and repositories to be viewed publicly, you grant each User of GitHub a nonexclusive, worldwide license to use, display, and perform Your Content through the GitHub Service and to reproduce Your Content solely on GitHub as permitted through GitHub's functionality (for example, through forking). You may grant further rights if you adopt a license. If you are uploading Content you did not create or own, you are

1    responsible for ensuring that the Content you upload is licensed
     under terms that grant these permissions to other GitHub Users.

2    https://help.github.com/en/articles/github-terms-of-service

3

4    4. **Unclean Hands**

5    Neo4J USA should not be permitted to enforce the Partner Agreement

6    and trademarksbecause of plaintiffs unclean hands in the use of the

7    Partner Agreement and unlawful licensing practices. Neo4J USA told

8    PureThink they could modify the scope of a license agreement to meet

9    the needs of the government users such as the IRS. Neo4J USA's

10   license model is priced for core processor charges. However, there is no

11   per core charge on the open source version. Neo4J USA at first agreed

12   PureThink could drop the core use pricing for the IRS, then later

13   plaintiff refused to allow the price change. Neo4J USA also forbade its

14   partners, such as PureThink, to discuss the available open source

15   versions. When the IRS, faced with core pricing limitations, asked

16   PureThink about the differences between the commercial software and

17   the open source version of Neo4J, plaintiff told PureThink to lie

18   stating the open source version could only be used on an open project

19   to try to induce the IRS to purchase a commercial version of Neo4J.

20   When Neo4J USA  threatened to terminate PureThink, they agreed

21   PureThink could remedy the breach if the IRS signed up for a

22   commercial license through plaintiff. When the IRS wanted to use the

23   Neo4J open source software with support from PureThink, plaintiff

24   interfered falsely stating PureThink could not use or support Neo4J

25   open source software. Neo4J USA is attempting to improperly use a

dual licensing practice having a commercial version controlled by plaintiff and an open source software licensed under a General Public License. Because the open source software is under a GPL or AGPL license, and has over 183 contributors, plaintiff may not be able to actually convert the GPL or AGPL license to proprietary software. Under a GPL or AGPL type license, contributors' efforts to modify the software cannot be taken away and turned into privately controlled software. NEO4J SEDWEN added an invalid Commons Clause to the AGPL to improperly restrict use and support of the open source software. Defendants are informed and believe that plaintiff only provides an object code version of the Neo4J software under a commercial license while the GPL and AGPL type license requires access to the source code as well.  Defendants are informed and believe that because plaintiff cannot lawfully operate a dual license model since the open source is based on GPL or AGPL, plaintiff resorts to sharp and false advertising practices with customers (lying about the difference between the commercial versions and the open source version) attempting to restrict partners, such as PureThink, from supporting the open source Neo4J version with unlawful restrictions and interfering in attempts to use open source Neo4J software during the partner term and for three years after termination. The rights of open source users to use the software without making it open, as Neo4J  USA claims, is shown by the FAQs at the GNU site:

If I only make copies of a GPL-covered program and run them, without distributing or conveying them to others, what does the license require of me?(#NoDistributionRequirements)

Nothing. The GPL does not place any conditions on this activity.

The same rules apply to modified versions of the open source code:

Does the GPL require that source code of modified versions be posted to the public? (#GPLRequireSourcePostedPublic)

The GPL does not require you to release your modified version, or any part of it. **You are free to make modifications and use them privately, without ever releasing them. This applies to organizations (including companies), too; an organization can make a modified version and use it internally without ever releasing it outside the organization.**

But *if* you release the modified version to the public in some way, the GPL requires you to make the modified source code available to the program's users, under the GPL.

Thus, the GPL gives permission to release the modified program in certain ways, and not in other ways; but the decision of whether to release it is up to you.

[Emphasis added]

As plaintiffs have sought to threaten open source users improperly, prevent third parties from providing services to open source code users, they come to this court with unclean hands, they should be barred from any recovery.

5. **The addition of the commons clause is unlawful under the AGPL**

The open source license used by Neo4J Sweden AB, the AGPL,  is a license copyrighted by the Free Software Foundation. The beginning of the AGPL license provides a copyright notice:

Copyright (C) 2007 Free Software Foundation, Inc. <http://fsf.org/> Everyone is permitted to copy and distribute verbatim copies of this license document, but changing it is not allowed. [Emphasis added]

By its terms, the license may not be changed.

Neo4J Sweden AB's attempt to change the AGPL license violates its terms. The licensee is protected from this violation under the terms of the license: "If the Program as you received it, or any part of it, contains a notice stating that it is governed by this License along with a term that is a further restriction, **you may remove that term**." [Emphasis added].  §7 AGPL.

Defendants had the express right to remove any improper terms and such removal prevented further infringement of the APGL license's terms.

6. **NEO4J USA violated the AGPL**

Neo4J  has attempted to take the open source software under the AGPL and commercialize it in violation of the AGPL while preventing former partner from supporting the open source software. But the APGL provides "You may not impose any further restrictions on the exercise of the rights granted or affirmed under this License. For example, you may not impose a license fee, royalty, or other charge for exercise of rights granted under this License." §10 of the AGPL.

7. **Omitted.**  See Docket No. 70, but because of numbering references in the case, the numbering has not been altered on the remaining affirmative defenses.

8. **Fair Use of Trademarks**

Defendants use of the trademarks was and is a nominative fair use to 1) identify a software product they support called Neo4J that is freely available as open source software, 2) comparative advertising (See 16 C.F.R. §14.15(b)) and 3) to advise others PureThink was no longer a partner with Neo4J USA.

9. **Naked License Abandonment of Trademark**

Neo4J was released as an open source project by Neo4J Sweden in 2006. Neo4J Sweden allowed the unfettered and uncontrolled use of the Neo4J trademarks to successfully launch the Neo4J software and gain a user and development base. In 2006, Neo4J USA did not exist. Neo4J USA, under a different name, incorporated on 7-7-2011. When Neo4J USA obtained rights to the Neo4J trademark years later, the Neo4J trademark was already abandoned by Neo4J Sweden's lack of contractual and actual or adequate quality control for third party's extensive use of the Neo4J trademark.

While Neo4J USA may presently be the parent of Neo4J Sweden, the corporate structure is reverse as the parent was born after the subsidiary. Neo4J Sweden was created first and operated for years before Neo4J USA was created and Neo4J's corporate relationship could not establish a trademark control as Neo4J USA did not exist.

For a period of 5 years before the plaintiff existed and thereafter, Neo4J Sweden licensed Neo4J software as open source software under

GPL and AGPL licenses.  Neo4J Sweden used the GPL and AGPL licenses to proliferate the free use, development and modification of Neo4J software.

Neo4J Sweden has not exercise contractual control over GPL and AGPL licensee's use of the Neo4J trademark.  The GPL and AGPL provide that a licensee must carry prominent notices stating that you modified it and giving a relevant date. ¶5 GPL. This copyright notice requirement for licensees who modify the source code and convey new versions of Neo4J software and does not control quality to maintain the Neo4J trademark. Likewise, under the GPL and AGPL, trademark rights may be limited by a **licensee** when the **licensee** conveys a modified version of Neo4J. ¶7GPL This restriction applies to the **licensee's** trademarks and does not exercise any contractual control over Neo4J Sweden or Neo4J's USA's trademarks in Neo4J.

Neo4J Sweden was the only entity to license the Neo4J software under the GPL and AGPL licenses. Plaintiff is not the licensor of Neo4J under the GPL or the AGPL. As Plaintiff has no privity of contract and no special relationship with GPL and AGPL licensees, Neo4J USA cannot rely on contract terms to show any quality control to maintain the trademark.

Neo4J Sweden and, years later, Neo4J USA did not actually or adequately exercise control of the quality for the third party modified versions of Neo4J software to maintain the trademark.

Since Neo4J Sweden licensed Neo4J software as open source software, any person could modify the source code to Neo4J software and convey the modified Neo4J software to third parties. That right is expressly included in the GPL and AGPL licenses. But Neo4J Sweden did not actually maintain quality control of how licensees modify, use or conveyed the Neo4J software while Neo4J Sweden freely allowed licensees to use the Neo4J trademark.  The GPL and AGPL free license rights were used to proliferate users and third party developers of Neo4J software. And it worked. There are over 10,564 (June 1, 2020) third party repositories on github and 99+ projects at GitLab alone: https://github.com/search?q=neo4j&type=Repositories https://gitlab.com/search?group_id=&nav_source=navbar&page=2&project_id=&repository_ref=&search=neo4j).

Many of these third party modified versions of Neo4J freely use Neo4J trademarks. However, Neo4J Sweden and Neo4J USA did not have express contractual terms or actually exercise any or adequate controls over the quality of the modified Neo4J software on the third party repositories, projects or modified versions of Neo4J software that use the Neo4J trademark. The above list is not an exclusive list of modified versions as there is no actual control of distribution of modified versions of Neo4J.

1
2  There are also significant consumer downloads and use of these third
3  party modified Neo4J versions which use the Neo4J trademark:
4  1.8k Downloads : https://hub.docker.com/u/neo4jchina
5  1M+ Downloads: https://hub.docker.com/r/discsports/neo4j-apoc
6  1M+ Downloads: https://hub.docker.com/r/bitnami/neo4j
7  500k+ Downloads: https://hub.docker.com/r/phenompeople/neo4j
8  100k+ Downloads: https://hub.docker.com/r/frodenas/neo4j
9  100k+ Downloads: https://hub.docker.com/r/amd64/neo4j
10 50k+ Downloads: https://hub.docker.com/r/tpires/neo4j
11 10k+ Downloads: https://hub.docker.com/r/primedio/neo4j-cluster-ecs
12 100k+ Downloads: https://hub.docker.com/r/ryguyrg/neo4j-importer
13 100k+ Downloads: https://hub.docker.com/r/c12e/neo4j
14 100k+ Downloads: https://hub.docker.com/r/trollin/neo4j
15 100k+ Downloads: https://hub.docker.com/r/mmorga/neo4j-3.2.5
16 100k+ Downloads https://hub.docker.com/r/centular/neo4j-enterprise
17 3.8k+ Downloads https://hub.docker.com/r/builddoctor/neo4j
18 647 Downloads https://hub.docker.com/r/picnicsoftware/neo4j
19 788 Downloads https://hub.docker.com/r/digitalcloudsa/neo4j
20 There are millions of copies of modified versions of Neo4J downloaded
21 where the modified version of the software uses the Neo4J trademark.
22 While plaintiff's build infrastructure may carry out tens of thousands of
23 functional, performance, load stress and other tests to ensure quality,
24 Neo4J USA and Neo4J Sweden did not require any of these quality
25

Defendants' First Amended Answer to Second Amended Complaint
CASE NO. 5:18-cv-7182 EJD                                                    22

controls for the millions of copies of third party modified Neo4J software which use the Neo4J trademarks for well over a decade.

Defendant John Suhy modified Neo4J for a special government use and called it "Neo4J Government Edition." John Suhy's Neo4J Government Edition was was distributed to U.S. government agencies. Yet Neo4J USA did **no** quality assurance or verification of the source code or applications distributed as "Neo4J Government Edition." Neo4J USA knew John Suhy modified Neo4J and allowed him to call the product Neo4J Government Edition yet Neo4J did no quality assurance on the modified version.

Because Neo4J Sweden and Neo4J USA had no contractual controls and did not exercise actual and adequate controls over the prolific use of the Neo4J trademark by third parties who modified and conveyed modified versions of Neo4J software, the trademark should be deemed abandoned.

10.     **Waiver**

Neo4J USA waived PureThink's conduct in modifying the open source version of Neo4J to create the government edition as they agreed PureThink could use and modify the software as required to satisfy the United States Government buyers.

11.     **Setoff**

Neo4J USAs' alleged claims to damages are barred, in whole or in part, by the right of one or more Defendants to a setoff against any such damages.

**Prayer for Relief**

Wherefore Defendants request:

1. The complaint be dismissed with prejudice;

2. That the trademark based claims be found exceptional as the trademark the alleged infringments are obviously nominative fair use and comparative advertising, allowing Defendants to recover attorneys fees under 15 U.S.C. §1117 (a);

3. That Defendants recover costs and attorneys fees as permitted by law;

4. And for such other relief as the Court deems just.

Dated: June 5, 2020

                        ___/s/ Adron G. Beene_____
                        Adron W. Beene SB# 129040
                        Adron G. Beene SB# 298088
                        Attorney At Law
                        1754 Technology Drive, Suite 228
                        San Jose, CA 95110
                        Tel: (408) 392-9233
                        Fax: (866) 329-0453
                        adron@adronlaw.com

                        Attorney for Defendants
                        PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY

1
2

# DEMAND FOR JURY TRIAL

3

    Defendants PureThink LLC, iGOV Inc. and John Mark Suhy hereby

4

demand a trial by jury.

5

6

    Dated: June 5, 2020

7

8

                     /s/ Adron G. Beene
                   Adron W. Beene SB# 129040

9

                   Adron G. Beene SB# 298088
                   Attorney At Law

10

                   1754 Technology Drive, Suite 228
                   San Jose, CA 95110

11

                   Tel: (408) 392-9233
                   Fax: (866) 329-0453

12

                   adron@adronlaw.com

13

                   Attorney for Defendants

14

                   PURETHINK LLC, a Delaware limited
                   liability company, IGOV INC., a Virginia

15

                   corporation, and JOHN MARK SUHY

16

17

18

19

20

21

22

23

24

25