John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Bar No. 197241
jratinoff@hopkinscarley.com
Cary Chien, Bar No. 274078
cchien@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:     (408) 286-9800
Facsimile:      (408) 998-4790

Attorneys for Plaintiffs and Counter-Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, NEO4J SWEDEN AB, a Swedish corporation,<br><br>Plaintiffs,<br><br>v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO.  5:18-cv-07182-EJD<br><br>**PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Fed. R. Civ. P. 12(b)(6), 12(f)]**<br><br>Date:         August 13, 2020<br>Time:         9:00 a.m.<br>Dept.:        Courtroom 4, 5th Floor<br>Judge:       Hon. Edward J. Davila<br>**JURY TRIAL DEMANDED** |

Hopkins & Carley
Attorneys At Law
San Jose ♦ Palo Alto

842\3548007.6

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

1 **TO ALL PARTIES AND COUNSEL OF RECORD:**

2  **PLEASE TAKE NOTICE** that on August 13, 2020, at 9:00 a.m., or as soon thereafter as

3 the matter may be heard, in Courtroom 4, 5th Floor, at the United States District Court located at

4 280 South First Street, San Jose, CA 95113 before the Honorable Edward J. Davila, Plaintiff and

5 Counter-Defendant Neo4j, Inc. ("Plaintiff" or "Neo4j USA") will, and hereby does, moves to

6 dismiss the Tenth Cause of Action for Declaratory Relief for Abandonment of Trademark

7 asserted in the Second Amended Counterclaim (Dkt. No. 72) filed by Defendants and

8 Counterclaimants John Mark Suhy, PureThink LLC, and iGov Inc. (collectively "Defendants")

9 pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"). Neo4j USA further will, and hereby does,

10 moves to strike the substantively identical Ninth Affirmative Defense asserted in Defendants'

11 First Amended Answer to the Second Amended Complaint (Dkt. No. 71) pursuant to Fed. R. Civ.

12 P. 12(f) ("Rule 12(f)"). [1]

13  This Motion is made on the grounds that Defendants' amendments to their pleadings add

14 nothing substantive to its previously dismissed counterclaim and affirmative defense, and thus

15 Defendants cannot succeed seeking a declaration that the NEO4J® mark be abandoned under the

16 doctrine of naked licensing as a matter of law on any grounds alleged therein.  This Motion is

17 based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities,

18 the accompanying request for judicial notice, all records and pleadings on file in this action, and

19 all other matters that the Court may properly consider.

20 **<u>REQUESTED RELIEF</u>**

21  Neo4j USA respectfully requests that the Court dismiss, with prejudice, Defendants'

22 Tenth Cause of Action for Declaratory Relief for Abandonment of Trademark and the Ninth

23 Affirmative Defense for Naked License Abandonment of Trademark, and enter judgment in favor

24 of Neo4j USA thereon.

25

26 [1] Prior to filing this motion, Neo4j USA made a reasonable and diligent attempt to obtain a
hearing date from the Courtroom Deputy.  Since June 19, 2020 was the statutory deadline for

27 Neo4j USA to file a response to Defendants' Counterclaim, it had no other choice than to file this
motion.  Neo4j USA will issue an amended notice of motion once the Courtroom Deputy

28 provides a hearing date.

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO

842\3548007.6

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

I.      STATEMENT OF ISSUES TO BE DECIDED ............................................................ 1

II.     INTRODUCTION ....................................................................................................... 1

III.    FACTUAL AND PROCEDURAL BACKGROUND .................................................. 2

        A.      Neo4j Sweden, Neo4j USA and the NEO4J® mark ...................................... 2

        B.      The History of the Parties' Respective Pleadings ......................................... 2

        C.      The Court Grants Neo4j USA's Motion for Judgment on the Pleadings ....... 4

        D.      Defendants' Amended Pleadings Reallege the Same Untenable Theory of
                Abandonment via Naked Licensing ............................................................... 5

IV.     APPLICABLE LEGAL STANDARDS ...................................................................... 7

        A.      Rule 12(b)(6) Motions to Dismiss ................................................................. 7

        B.      Rule 12(f) Motions to Strike ......................................................................... 8

V.      LEGAL ARGUMENT ................................................................................................ 9

        A.      Defendants' Counterclaim and Affirmative Defense for Abandonment of
                Trademark Based on Naked Licensing Fails as a Matter of Law .................. 9

                1.      Defendants' Amendments Still Do Not Establish a Legally Viable
                        Trademark Abandonment Counterclaim or Defenses Based on the
                        Theory of Naked Licensing ............................................................... 10

                2.      Defendants' Amendments to its "Open Source Licensing" Theory
                        Does Not Establish Any Evidence of Deception by the Public ........... 14

                3.      Defendants are Barred by the Doctrine of Licensee Estoppel From
                        Basing their Abandonment Counterclaim and Defense on their
                        Development and Sale of the Neo4j Government Edition .................... 16

        B.      The Court Should Deny Defendants Leave to Amend .................................. 18

VI.     CONCLUSION ......................................................................................................... 20

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3548007.6

- i -

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

1

# TABLE OF AUTHORITIES

2

Page

3

**Cases**

4

*Albrecht v. Lund,*
5
    845 F.2d 193 (9th Cir. 1988) ........................................................................................ 18

6

*In re Apple, AT & T iPad Unlimited Data Plan Litig.,*
    No. C-10-02553 RMW, 2012 WL 2428248 (N.D. Cal. June 26, 2012) .................................. 9
7

*Ashcroft v. Iqbal,*
8
    556 U.S. 662 (2009) ........................................................................................ 7, 8, 19

9

*Balistreri v. Pacifica Police Dep't,*
    901 F.2d 696 (9th Cir. 1988) ........................................................................................ 7
10

11

*Barcamerica Int'l USA Trust v. Tyfield Importers, Inc.,*
    289 F.3d 589 (9th Cir. 2002) ........................................................................................ 9

12

*Barnes v. AT & T Pension Benefit Plan–Nonbargained Program,*
13
    718 F.Supp.2d 1167 (N.D. Cal. 2010) ........................................................................ 8

14

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544 (2007) ........................................................................ 7, 8, 11, 19
15

16

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.,*
    637 F.3d 1047 (9th Cir. 2011) .................................................................................... 18

17

*Edwin K. Williams & Co., Inc. v. Edwin K. Williams & Co.-East,*
18
    542 F.2d 1053 (9th Cir. 1976) .................................................................................... 15

19

*Epstein v. Wash. Energy Co.,*
    83 F.3d 1136 (9th Cir. 1996) ........................................................................................ 8
20

21

*Exxon Corp. v. Oxxford Clothes, Inc.,*
    109 F.3d 1070 (5th Cir. 1997) .................................................................................... 13

22

*Fantasy, Inc. v. Fogerty,*
23
    984 F.2d 1524 (9th Cir. 1993) ...................................................................................... 8

24

*Fleming v. Pickard,*
    581 F.3d 922 (9th Cir. 2009) ........................................................................................ 7
25

26

*Harris v. Cnty. of Orange,*
    682 F.3d 1126 (9th Cir. 2012) .................................................................................... 18

27

*Hernandez v. County of Monterey,*
28
    306 F.R.D. 279 (N.D. Cal. 2015) ............................................................................ 8, 9

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3548007.6

- ii -

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

1

## TABLE OF AUTHORITIES
### (continued)

2

Page

3

*Hokto Kinoko Co. v. Concord Farms, Inc.,*
    738 F.3d 1085 (9th Cir. 2013) ................................................................................ 11, 14, 15

4

*Ileto v. Glock Inc.,*
    349 F.3d 1191 (9th Cir. 2003) .......................................................................................... 11

5

6

*Missouri ex rel. Koster v. Harris,*
    847 F.3d 646 (9th Cir. 2017) ............................................................................................ 18

7

8

*Lee v. City of Los Angeles,*
    250 F.3d 668 (9th Cir. 2001) .............................................................................................. 8

9

*Low v. LinkedIn Corp.,*
    900 F.Supp. 2d 1010 (N.D. Cal. 2012) ............................................................................ 18

10

11

*Mendiondo v. Centinela Hosp. Med. Ctr.,*
    521 F.3d 1097 (9th Cir. 2008) ............................................................................................ 7

12

13

*Minor v. FedEx Office & Print Servs., Inc.,*
    78 F.Supp. 3d 1021 (N.D. Cal. 2015) .............................................................................. 19

14

15

*Monster, Inc. v. Dolby Laboratories Licensing Corp.,*
    920 F.Supp. 2d 1066 (N.D. Cal. 2013) ............................................................. 15, 16, 17, 18

16

17

*In re New Century,*
    588 F.Supp.2d 1206 (C.D.Cal.2008) ................................................................................. 9

18

*Pacific Supply-Co-op. v. Farmers Union Central Exchange, Inc.,*
    318 F.2d 894 (9th Cir. 1963) ........................................................................................... 18

19

20

*Perez v. Gordon & Wong Law Group, P.C.,*
    No. 11-CV-03323-LHK, 2012 WL 1029425 (N.D. Cal. Mar. 26, 2012) ............................... 8

21

22

*Planetary Motion, Inc. v. Techsplosion, Inc.,*
    261 F.3d 1188 (11th Cir. 2001) ............................................................................. 4, 6, 12, 19

23

*Platte Anchor Bolt, Inc. v. IHI, Inc.,*
    352 F. Supp. 2d 1048 (N.D. Cal. 2004) ............................................................................. 9

24

25

*SidneyVinstein v. A.H. Robins Co.,*
    697 F.2d 880 (9th Cir. 1983) .............................................................................................. 8

26

27

*Sprewell v. Golden State Warriors,*
    266 F.3d 979 (9th Cir. 2001) ......................................................................................... 8, 15

28

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ● PALO ALTO

842\3548007.6

- iii -

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

# TABLE OF AUTHORITIES
## (continued)

Page

*STX, Inc. v. Bauer USA, Inc.*,
    1997 WL 337578, 43 U.S.P.Q.2d 1492 (N.D. Cal. June 5, 1997) ............................ 16, 17, 18

*TAP Mfg., LLC v. Signs*,
    2015 WL 12752874 (C.D. Cal. July 23, 2015) ...................................................................... 17

*Telesaurus VPC, LLC v. Power*,
    623 F.3d 998 (9th Cir. 2010) ................................................................................................ 18

*Transgo, Inc. v. Ajac Transmission Parts Corp.*,
    768 F.2d 1001 (9th Cir. 1985) .............................................................................................. 16

*Weisbuch v. Cty. of L.A.*,
    119 F.3d 778 (9th Cir. 1997) ................................................................................................ 19

**Statutes**

15 U.S.C.
    § 1114 ..................................................................................................................................... 2
    § 1125(a) ................................................................................................................................. 2
    § 1127 .............................................................................................................................. *passim*
    § 1055 ............................................................................................................................... 10, 11

Cal. Bus. Prof. Code
    §§ 17200 et seq. ..................................................................................................................... 2

Cal. Penal Code
    § 632 ....................................................................................................................................... 2
    § 637.2 .................................................................................................................................... 2

**Other Authorities**

Fed. R. Civ. P.
    8 ............................................................................................................................................. 8
    8(a) ......................................................................................................................................... 7
    8(c) ......................................................................................................................................... 8
    12(b)(6) .................................................................................................................................. 7
    12(f) ....................................................................................................................................... 8

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO

842\3548007.6

- iv -

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.      STATEMENT OF ISSUES TO BE DECIDED**

3

1.      Whether Defendants' theory of naked licensing amounts legally viable

4

counterclaim or defense for abandonment of trademark pursuant to 15 U.S.C. § 1127.

5

2.      Whether granting Defendants further leave to amend the foregoing counterclaim or

6

defense would be futile.

7

**II.      INTRODUCTION**

8

This Court gave Defendants a narrow avenue to amend their Tenth Cause of Action for

9

Declaratory Relief for Abandonment of Trademark and the Ninth Affirmative Defense for Naked

10

License Abandonment of Trademark to state a legally viable theory of trademark abandonment

11

based on the theory that Neo4j USA engaged in the naked licensing by distributing NEO4J®-

12

branded software via an open source license.  However, the additional allegations Defendants

13

assert in their amended pleadings do not thread this needle as they amount to the same defective

14

open-source software theory that was previously dismissed by the Court.

15

In its May 21, 2020 Order, the Court held "the fact that Plaintiff distributed Neo4j

16

software on an open source basis pursuant to the GPL and AGPL is not, without more, sufficient

17

to establish a naked license or demonstrate abandonment."  Dkt. No. 70.  Defendants'

18

amendments, which merely identify the number of copies of the Neo4j software distributed

19

pursuant to the GPL and AGPL licenses, form the same nucleus of facts as those in its prior

20

pleadings and do not cure the defects addressed by the Court's order.

21

Defendants' amendments purport to show Neo4j's failure to exercise quality control of the

22

copies, however, the allegations are conclusory and do not meet the Lanham Act's specific

23

definitions of abandonment under 15 U.S.C. § 1127, which requires either non-use or a course of

24

conduct by the mark holder that causes the mark to become generic or otherwise lose significance

25

as a mark.  As with its prior allegations, Defendants' abandonment theory continues to run

26

contrary to established case law, which holds the use of open source license shows an ***intent to***

27

***control*** trademark rights rather than an intent to relinquish them.  There are no allegations that

28

support the requirement that NEO4J® mark has become generic or otherwise lost its significance

Hopkins & Carley
Attorneys At Law
San Jose ♦ Palo Alto

842\3548007.6                                                     - 1 -
PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

1    as an indicator of origin.  In a desperate attempt to save their defective counterclaim and defense,

2    Defendants resort to their own conduct to try to establish naked licensing, but such self-serving

3    theories are precluded by the doctrine of licensee estoppel.  Consequently, Defendants'

4    abandonment counterclaim and defense fail as a matter of law.

5        Defendants' Tenth Cause of Action for Declaratory Relief and the Ninth Affirmative

6    Defense for Naked License Abandonment of Trademark have gone through several amendments.

7    Yet, none of these amendments changed their foundational theories which render them fatally

8    defective.  Any further amendments would be futile as this theory is not legally viable.

9    Accordingly, the Court should dismiss with this counterclaim and defense with prejudice.

10   **III.    FACTUAL AND PROCEDURAL BACKGROUND**

11       **A.    Neo4j Sweden, Neo4j USA and the NEO4J® mark**

12       Plaintiff Neo4j Sweden AB ("Neo4j Sweden") is the owner of all copyrights related to the

13   Neo4j® graph platform, including the source code, and has licensed said copyrights to Neo4j

14   USA.  *See* Dkt. No. 50 at ¶ 4; *see also* Dkt. No. 72 at ¶ 86.  On or about July 7, 2011, Neo4j USA

15   was incorporated as "Neo Technology, Inc." in Delaware.  Dkt. No. 55 at ¶¶ 5, 91; *see also* Dkt.

16   No. 72 ¶ 86.  Thereafter, Neo4j USA became the parent company to Neo4j Sweden and obtained

17   the rights to the NEO4J® mark.  Dkt. No. 72 ¶¶ 86-87.  On April 30, 2014, Neo4j USA filed an

18   application to register "NEO4J" as a trademark in covering goods and services in IC 009, IC 035,

19   IC 041 and IC 045.  Neo4j USA claimed first use of the NEO4J® mark in June 2006 and first use

20   in commerce in May 2007 based on the use of that mark by Neo4j's predecessor-in-interest,

21   Neo4j Sweden, whose use properly inured to the benefit of Neo4j USA.  *See* Dkt. No. 72 at ¶ 89.

22       **B.    The History of the Parties' Respective Pleadings**

23       On November 28, 2018, Neo4j USA filed suit against PureThink and its successor-in-

24   interest iGov, along with their founder John Mark Suhy for (1) trademark infringement 15 U.S.C.

25   § 1114; (2) false designation of origin and false advertising in violation of 15 U.S.C. § 1125(a);

26   (3) federal unfair competition in violation of 15 U.S.C. § 1125(a); (4) state unfair competition in

27   violation of Cal. Bus. Prof. Code §§ 17200 et seq.; (5) breach of the Partner Agreement; and (6)

28   invasion of privacy in violation of Cal. Penal Code §§ 632, 637.2.  *See* Dkt. No. 1.  Neo4j USA's

Lanham Acts claims were based, *inter alia*, on Defendants' unauthorized use of the NEO4J®
mark in conjunction with the sale and advertising of Defendants' graph database solutions and
software and related support services. Their alleged violations also include falsely suggesting
Neo4j USA's authorization and/or sponsorship of Defendants' products and services and
misleading consumers regarding their prior contributions to NEO4J®-branded products.

After the parties engaged in discovery, Neo4j USA filed its First Amended Complaint
("FAC") on October 23, 2019. *See* Dkt. Nos. 35, 37. The FAC provided, *inter alia*, additional
and more recent examples of Defendants' continuing violations of the Lanham Act. *Compare*
Dkt. No. 1 at ¶¶ 33-43 *and* Dkt. No. 37 at ¶¶ 39-67. The FAC also added Neo4j Sweden AB as a
plaintiff, which in turn asserted claims against Suhy for violations of the DMCA. In response,
PureThink and iGov filed a motion to dismiss a cause of action for breach of contract on grounds
unrelated to the Lanham Act claims. *See* Dkt. No. 49.

On November 25, 2019, Plaintiffs filed their Second Amended Complaint ("SAC")
clarifying a handful of allegations that PureThink and iGov had taken issue with. *See* Dkt. No.
50. In response, Defendants re-asserted their declaratory relief for trademark abandonment based
on the theory of naked licensing that was first raised in their original answer and counterclaim:

> There is a present controversy where NEO4J USA claims it has the right to
> use and enforce the Neo4j trademark. PureThink, iGov and John Mark Suhy
> claim there is confusion whether Neo4j is a company name trademark or
> product name trademark. This confusion is exacerbated by NEO4J
> SWEDEN' open source license for a product called Neo4j. NEO4J
> SWEDEN's license states: "The software ("Software") is developed and
> owned by NEO4J SWEDEN (referred to in this notice as "Neo4j")....
> NEO4J SWEDEN asserts they own the software-and not NEO4J Inc.- and
> they use Neo4j name as part of the company name and call the open source
> software product Neo4j too. As the Neo4j trademark is used and licensed as
> open source software there is no ability to maintain quality control over the
> software product called Neo4j as any licensees may modify combine the
> software with other code and distributed or convey Neo4j without required
> quality control by NEO4J USA.
>
> * * *
>
> PureThink, iGov and John Mark Suhy request declaratory relief that the
> Neo4j registered trademark be abandoned under the doctrine of Naked
> License.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ● PALO ALTO

842\3548007.6

- 3 -

Dkt. No. 55 at ¶¶ 85-86; *see also* Dkt. No. 48 at ¶¶ 8-10. Defendants also filed an answer to the SAC, which reasserted the two foregoing counterclaim as an affirmative defense.  Dkt. No. 54 at 18:20-19:3, 19:12-25.

### C.    The Court Grants Neo4j USA's Motion for Judgment on the Pleadings

Among several other counterclaims and defenses, Neo4j USA moved for judgment on the pleadings on Defendants' trademark abandonment theory based on allegations that Neo4j® software subject to the GNU General Public License ("GPL") and a variant for server deployment called the GNU Affero General Public License ("AGPL") amounted to an abandoning that mark. Neo4j USA argued that Defendants' theory failed as a matter of law because courts, including the Eleventh Circuit in *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1198 (11th Cir. 2001), recognize that the open source licensing software through at least one of those open source licenses identified by Defendants constitutes an intent to control trademark rights, not the relinquishment of rights.  *See* Dkt. No. 70 at 11:21-12:25.

The Court took the motion under submission for decision without oral argument, and granted Plaintiff's motion on May 21, 2020.  The Court's order dismissed Defendants' abandonment claims and defenses based on naked licensing (Second Cause of Action in the Suhy Counterclaim; Tenth Cause of Action in PureThink and iGov's First Amended Counterclaim; and the Ninth Affirmative Defense in the Defendants' Answer) with leave to amend.  Dkt. No. 70.  In particular, the Court held that

> Defendants fail to show why the level of control exerted under the GPL is not also sufficient to overcome a claim of abandonment. Instead, Defendants argue that Neo4j USA is unable to control the quality of products using the mark because neither the GPL nor AGLP contain specific trademark quality control provisions.
>
> * * *
>
> Defendants do not raise any allegations indicating that Plaintiff has failed to exercise actual control over licensees' use of the trademark. Thus, the Court finds that the absence of specific quality control provisions—either in the GPL, AGPL, or in a separate trademark license—is not dispositive here. *See Hokto Kinoko Co. v. Concord Farms, Inc.*, 738 F.3d 1085, 1098 (9th Cir. 2013) ("[e]ven absent formal quality control provisions, a trademark owner does not abandon its trademark where the particular circumstances of the licensing arrangement suggests that the public will not be deceived")

Hopkins & Carley
Attorneys At Law
San Jose ◆ Palo Alto

842\3548007.6                          - 4 -

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

(internal quotes and citation omitted). Moreover, this Court is persuaded by the reasoning in *Planetary Motion* that the notice requirements in the GPL and AGPL evidence an effort to control the use of the mark. Thus, the fact that Plaintiff distributed Neo4j software on an open source basis pursuant to the GPL and AGPL is not, without more, sufficient to establish a naked license or demonstrate abandonment.

Dkt. No. 70 at 12:2-13:26. The Court then granted leave to amend "[t]o the extent that Defendants are able to allege that Plaintiff failed to exercise actual control over licensees' use of the trademark, such allegations may be sufficient to state a claim of abandonment …." *Id*. at 13:27-14:2.

### D. Defendants' Amended Pleadings Reallege the Same Untenable Theory of Abandonment via Naked Licensing

On June 5, 2020, Defendants filed their Second Amended Counterclaim and First Amended Answer to Plaintiffs' Second Amended Complaint containing the same amendments supporting their naked license theory of abandonment. *See* Dkt. Nos. 71, 72. However, Defendants continue to maintain the same flawed theory that it asserted before—that the open-source distribution of Neo4j® software, subject to the GPL and AGPL open source licenses, amounts to abandonment of the mark.

Defendants simply re-alleged their naked licensing defense based on the open source licensing of Neo4j® software by replacing Neo4j USA with Neo4j Sweden. Namely, that Neo4j USA's predecessor, Neo4j Sweden, licensing of Neo4j® branded software under the GPL and AGPL before Neo4j USA existed amounted to naked licensing of the Neo4j® mark because Neo4j Sweden did not implement any further quality controls beyond those licenses. Dkt. No. 72 at ¶¶ 85-88. As a result, when Neo4J USA "obtained rights to the Neo4J trademark years later, the [NEO4J® mark] was already abandoned by Neo4J Sweden's lack of contractual and actual or adequate quality control for third party's extensive use of the [NEO4J® mark]." *Id.* at ¶ 86.

Defendants then allege in conclusory fashion that even after Neo4j USA was incorporated and was assigned the rights in the NEO4J® mark, "Neo4J Sweden has not exercise contractual control over GPL and AGPL licensee's use of the [NEO4J® mark]." Dkt. No. 72 at ¶¶ 88-89.

Hopkins & Carley
Attorneys At Law
San Jose ◆ Palo Alto

842\3548007.6

- 5 -

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

This is followed by contradictory allegations that "[t]he GPL and AGPL provide that a licensee must carry prominent notices stating that you modified it and giving a relevant date." *Id.* at ¶ 89. Then in direct contradiction to *Planetary Motion* and the Court's findings based thereon, Defendants allege this requirement "does not control quality to maintain the Neo4J trademark" and "any person could modify the source code to Neo4J software and convey the modified Neo4J software to third parties" under the GPL and AGPL licenses. *Id.* at ¶¶ 89, 92.

Rather than cite specific examples of third party modified software that was distributed in a manner that is inconsistent with the requirements of the GPL and AGPL, Defendants simply cite to the large number of third party repositories on GitHub, projects at GitLab and potentially third party modified Neo4J versions which purport to use the Neo4J trademark.  *See* Dkt. No. 72 at ¶¶ 91-95.  Defendants also do not allege a single non-conclusory example of where either Neo4j USA or Neo4j Sweden failed to exercise actual quality control over Neo4j® software (third party modified or otherwise) or where the public was deceived into believing such modified software was an official unmodified version of Neo4j® software, and again simply cite to the fact that third parties modified and distributed Neo4j® software *as expressly contemplated by the GPL and AGPL* **and** *Planetary Motion*.  *See id.*

The only other allegations purporting to establish the naked licensing is Suhy's modification of Neo4j® software, which was called "Neo4J Government Edition." Dkt. No. 72 at ¶ 96.  This is the same version of Neo4j® software that PureThink marketed to government entities under the Partner Agreement, which contains a trademark license provision, and an alleged "exclusivity agreement" it had entered into with Neo4j USA.  *See id.,* ¶¶ 15-19, Exhs. B and C.  Defendants continue to allege they spent significant time and money "designing and developing enhancements and additional features around Neo4j including support and professional services to addressed critical government security and procurement requirements" under these agreements with Neo4j USA's approval.  *See id.,* ¶ 17.  Yet, they are now alleging for the first time that "Neo4J USA did no quality assurance or verification of the source code or applications distributed as 'Neo4J Government Edition.'"  *Id.*

Defendants then once again allege in conclusory and contradictory fashion that "[b]ecause

1    Neo4J Sweden and Neo4J USA had no contractual controls and did not exercise actual and

2    adequate controls over the prolific use of the Neo4J trademark by third parties who modified and

3    conveyed modified versions of Neo4J software, the trademark should be deemed abandoned."

4    Dkt. No. 72 at ¶ 97.  Defendant's Ninth Affirmative Defense for Naked License Abandonment of

5    Trademark in their First Amended Answer repeat these allegations essentially verbatim. Dkt. No.

6    71 at 19:7-23:17.  As discussed below, this counterclaim and defense fail as a matter of law and

7    that no further amendments can save them from this Court from dismissing them with prejudice.

8    **IV.     APPLICABLE LEGAL STANDARDS**

9        **A.     Rule 12(b)(6) Motions to Dismiss**

10       Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with

11   sufficient specificity to "give the defendant fair notice of what the... claim is and the grounds

12   upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although particular

13   detail is not generally necessary, the factual allegations "must be enough to raise a right to relief

14   above the speculative level" such that the claim "is plausible on its face." *Id*. at 556-57. "A claim

15   has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

16   reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

17   556 U.S. 662, 678 (2009).  A complaint which falls short of the Rule 8(a) standard may be

18   dismissed if it fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).

19   Dismissal of a claim under Rule 12(b)(6) may be based on a "lack of a cognizable legal theory or

20   the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica*

21   *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *see Mendiondo v. Centinela Hosp. Med. Ctr.*,

22   521 F.3d 1097, 1104 (9th Cir. 2008).

23       In deciding whether to grant a Rule 12(b)(6) motion for failure to state a claim upon

24   which relief can be granted, the Court accepts all material facts alleged as true and construes them

25   in the light most favorable to the non-moving party.  *Fleming v. Pickard*, 581 F.3d 922, 925 (9th

26   Cir. 2009).  However, "the tenet that a court must accept as true all of the allegations contained in

27   the complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678–79.  Indeed, "a

28   plaintiff's obligations to provide the grounds of his entitlement to relief requires more than labels

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3548007.6                                    - 7 -

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

*Twombly*, 550 U.S. at 555 (citations and quotations omitted); *accord Iqbal*, 555 U.S. at 677–80.

Thus, conclusory allegations of law, unwarranted deductions of fact, and unreasonable inferences

are insufficient to defeat a motion to dismiss.  *Sprewell v. Golden State Warriors*, 266 F.3d 979,

988 (9th Cir. 2001); *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).  The Court

may also consider documents attached to the complaint, documents relied upon but not attached

to the complaint when authenticity is not contested, and matters of which the Court takes judicial

notice.  *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).  However, the Court

need not accept as true allegations contradicted by judicially noticeable facts, or by exhibits

attached to or incorporated in the pleading.  *Sprewell*, 266 F.3d at 988.

### B.      Rule 12(f) Motions to Strike

Federal Rule of Civil Procedure 8(c) similarly requires that a party "affirmatively state

any avoidance or affirmative defense."  Courts in this District have held that the heightened

pleading standard for complaints articulated in *Twombly* and *Iqbal* applies to affirmative

defenses.  *See Perez v. Gordon & Wong Law Group, P.C.*, No. 11-CV-03323-LHK, 2012 WL

1029425, at *8 (N.D. Cal. Mar. 26, 2012) (collecting cases); *see also Hernandez v. County of*

*Monterey*, 306 F.R.D. 279, 283 (N.D. Cal. 2015) (recognizing that "[m]ost district courts in this

circuit agree that the heightened pleading standard of *Twombly* and *Iqbal*...is now the correct

standard to apply to affirmative defenses").  This standard is "consistent with *Iqbal's* admonition

that fair notice pleading under Rule 8 is not intended to give parties free license to engage in

unfounded fishing expeditions on matters for which they bear the burden of proof at trial." *Id.*

(citing *Iqbal*, 556 U.S. at 678–79).  Thus, "[w]hile a defense need not include extensive factual

allegations in order to give fair notice, bare statements reciting mere legal conclusions may not be

sufficient." *Id.* (internal quotation marks omitted).

A motion to strike brought pursuant to Rule 12(f) serves "to avoid the expenditure of time

and money that must arise from litigating spurious issues by dispensing with those issues prior to

trial." *SidneyVinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *see also Fantasy,*

*Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ● PALO ALTO

842\3548007.6

- 8 -

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

1    (1994).   Thus, a defense may be stricken pursuant to Rule 12(f) as insufficient if it fails to give

2    plaintiff "fair notice" of the defense.   *Barnes v. AT & T Pension Benefit Plan–Nonbargained*

3    *Program*, 718 F.Supp.2d 1167, 1170 (N.D. Cal. 2010).

4    For a court to grant a motion to strike, the grounds "must appear on the face of the

5    pleading under attack or from matters of which the court may take judicial notice.   *In re Apple,*

6    *AT & T iPad Unlimited Data Plan Litig.*, No. C-10-02553 RMW, 2012 WL 2428248, at *2 (N.D.

7    Cal. June 26, 2012); *accord In re New Century*, 588 F.Supp.2d 1206, 1220 (C.D.Cal.2008). "With

8    a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light

9    most favorable to the nonmoving party." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d

10   1048, 1057 (N.D. Cal. 2004).   Affirmative defenses are insufficient as a matter of law where there

11   are no questions of fact, any questions of law are clear and not in dispute, and under no set of

12   circumstances could the defense succeed."   *Hernandez v. Cty. of Monterey*, 306 F.R.D. 279, 284-

13   85 (N.D. Cal. 2015).

## V.    LEGAL ARGUMENT

### A.    Defendants' Counterclaim and Affirmative Defense for Abandonment of Trademark Based on Naked Licensing Fails as a Matter of Law

17   Defendants' Tenth Cause of Action for Declaratory Relief in its Second Amended

18   Counterclaim (Dkt. No. 72 at ¶¶ 84-98) and the Ninth Affirmative Defense for Naked License

19   Abandonment of Trademark in its First Amended Answer (Dkt. No. 71 at 19:7-23:17)

20   collectively seek a declaration that Neo4j abandoned the NEO4J® mark pursuant to the doctrine

21   of "naked licensing."   Under the Lanham Act, a mark can only be deemed "abandoned" when

22   either of the following occurs: "(1) When its use has been discontinued with intent not to resume

23   such use," or "(2) When any course of conduct of the owner, including acts of omission as well as

24   commission, causes the mark to become the generic name for the goods or services on or in

25   connection with which it is used or otherwise to lose its significance as a mark."   15 U.S.C.

26   § 1127.   Naked licensing falls under the second definition of abandonment because it is an

27   "uncontrolled" license where the licensor "fails to exercise adequate quality control over the

28   licensee." *Barcamerica Int'l USA Trust v. Tyfield Importers, Inc.*, 289 F.3d 589, 595-96 (9th Cir.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3548007.6                                    - 9 -

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

2002).  The proponent of a naked license theory "faces a stringent standard" of proof.  *Id*. at 596.

As discussed below, the additional allegations asserted by Defendants in their amended pleadings do nothing to make its claim and defense cognizable under 15 U.S.C. § 1127 and applicable cases governing naked licensing.  Defendants merely offer conclusory and speculative allegations regarding a lack of quality control, but no reasonable inference can be drawn that the NEO4J® mark has been abandoned and ceased to function as an indicator of origin.

### 1. Defendants' Amendments Still Do Not Establish a Legally Viable Trademark Abandonment Counterclaim or Defenses Based on the Theory of Naked Licensing

As Defendants alleged before, the crux of their abandonment theory remains that the distribution of NEO4J®-branded software, subject to the AGPL and GPL, amounts to the naked licensing of the NEO4J® Mark.  Defendants have simply extended that theory to Neo4j USA's predecessor-in-interest, Neo4j Sweden.  Dkt. No. 72 at ¶¶ 86-87.  However, the distinction Defendants attempt to draw between Neo4j Sweden and Neo4j USA is of no matter because Defendants concede that even before Neo4j USA existed, Neo4j Sweden used the GPL and AGPL to distribute Neo4j® software.  *Id.* at ¶ 88 ("[f]or a period of 5 years before the plaintiff existed and thereafter…Neo4j Sweden used the GPL and AGPL licenses to proliferate the free use, development and modification of Neo4J software.")  Thus, the GPL and AGPL governed the copies made of the Neo4j's software ***at all times alleged***.

The fact that NEO4J® Mark was used by Neo4j USA's predecessor-in-interest is also of no consequence as Neo4j Sweden's use properly inured to the benefit of Neo4j USA.  *See* 15 U.S.C. § 1127 ("The term 'related company' means any person whose use of a mark is controlled by the owner of the mark with respect to the nature and quality of the goods or services on or in connection with which the mark is used."); 15 U.S.C. § 1055 ("Where a [] mark sought to be registered is [] used legitimately by related companies, such use shall inure to the benefit of the registrant or applicant for registration, and such use shall not affect the validity of such mark or of its registration….").  For this same reason, the fact that Neo4j Sweden continues to be the owner of the copyright in the Neo4j® software and is the licensor thereof, while Neo4j USA owns the NEO4J® mark does not amount to abandonment.  *See* Dkt. No. 72 at ¶¶ 87, 90.  As conceded by

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3548007.6

- 10 -

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

Defendants, Neo4j USA is the parent of Neo4J Sweden.  *See id.* at ¶ 87.  Thus, they continue to

meet the definition of "related companies" under 15 U.S.C. § 1127 and their combined use of the

"shall not affect the validity of such mark."  15 U.S.C. § 1055**;** *see also Hokto Kinoko Co. v.*

*Concord Farms, Inc.*, 738 F.3d 1085, 1098 (9th Cir. 2013) (no naked licensing where subsidiary

used parent company's trademark).

Defendants' allegations that Neo4j Sweden somehow abandoned the Neo4j® mark before

assigning it to Neo4j USA similarly miss the mark.  Dkt. No. 72 at ¶¶ 86, 88.  These are

conclusions couched as fact. The Court need not accept those allegations as true.  *See Twombly*,

550 U.S. at 555; *see also Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (recognizing

that courts "do not accept any unreasonable inferences or assume the truth of legal conclusions

cast in the form of factual allegations").  More importantly, Defendants' allegations simply parrot

their prior allegations against Neo4j USA that the distribution of Neo4j® software under the GPL

and AGPL amounts to a lack of "contractual control over GPL and AGPL licensee's use of the

Neo4J trademark."  Dkt. No. 72 at ¶ 89.  Substituting "Neo4j Sweden" for "Neo4j USA" does not

address the Court's express finding that the distribution of Neo4j® software under the GPL and

AGPL evidence of Plaintiffs' effort to control the NEO4J® mark.  Dkt. No. 70 at 11:21-13:26.

Defendants' attempt to allege a lack of actual quality control by Neo4j Sweden and Neo4j

USA also falls short of what the Court indicated would be necessary to revive their abandonment

counterclaim and defense.  Defendants repeatedly refer to unspecified "third-party modifications"

to Neo4j® software found on GitHub, GitLab, and Docker software repositories, and

unreasonably infer that simply because copies were made and downloaded by others, there is a

lack of actual quality control on the part of Plaintiffs.  *See, e.g.,* Dkt. No. 72, ¶¶ 85, 92-94.

Noticeably absent are any allegations that Plaintiffs failed to exercise adequate quality control

over these copies licensed under the GPL and AGPL, let alone that such omission "caused the

mark to become the generic name for the goods or services on or in connection with which it is

used or otherwise to lose its significance as a mark."  15 U.S.C. § 1127.   Indeed, there is not a

single allegation identifying which Neo4j® software features were actually modified and resulted

in a loss of quality in relation to the NEO4J® mark.  As a result, these are nothing more

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3548007.6                                              - 11 -

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

conclusory allegations that require the Court to make an unreasonable and unsupported inference that any and all unspecified modifications diminish the quality of Neo4j® software.

Defendants allegations that there are "significant consumer downloads and use of these third party modified Neo4J versions which use the Neo4J trademark" and that there "are millions of copies of modified versions of Neo4J downloaded where the modified version of the software uses the Neo4J trademark" also do not address the defects in their prior pleadings that resulted in dismissal.  See Dkt. No. 72 at ¶¶ 93-94.  This is because Defendants do not dispute that the third-party copies of Neo4j® software were proliferated pursuant to the GPL and AGPL licensing framework.  Dkt. No. 72 at ¶ 92 ("[t]he GPL and AGPL free license rights were used to proliferate users and third party developers of Neo4J software").  Consequently, Defendants' naked licensing theory still runs afoul with the Court's finding that "the reasoning in *Planetary Motion* that the notice requirements in the GPL and AGPL evidence an effort to control the use of the mark."  Dkt. No. 70 at 13:21-23.

Both the GPL and AGPL require licensees who wish to copy, distribute, or modify the software to include a copyright notice properly identifying the actual copyright owner and to identify *any* modifications made to the software.  As previously recognized by the Court,

> Under the terms of the GPL, a licensee may "convey a work based on the Program, or the modifications to produce it from the Program, in the form of source code under the terms of section 4, provided that . . . [t]he work must carry prominent notices stating that [the licensee] modified it, and giving a relevant date." GPL § 5(a).  [] The AGPL similarly provides that a licensee "may convey a work based on the Program, or the modifications to produce it from the Program, in the form of source code under the terms of section 4, provided that . . . [t]he work must carry prominent notices stating that the licensee modified it, and giving a relevant date." AGPL § 5(a).

Dkt. No. 70 at 11:23-12:3.  Again, it is precisely this notice requirement imposed on licensees that acts as a control on quality and indication of origin, by allowing a user to distinguish the origin of the original source code from the licensee's copy and whatever modifications may have been made to that copy.  *See Planetary Motion*, 261 F.3d at 1198 (recognizing that "the Software had been distributed pursuant to [the GPL] does not defeat trademark ownership, nor does this in any way compel a finding that [plaintiff] abandoned his rights in trademark" and "[b]ecause [the

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ● PALO ALTO

842\3548007.6                                             - 12 -
PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

GPL] requires licensees who wish to copy, distribute, or modify the software to include a copyright notice, the license itself is evidence of [plaintiff's] efforts to control the use of the . . . mark in connection with the Software."); *accord* Dkt. No. 70 at 11:14-13:26.

In addition, none of Defendants' amendments address the fact that GPL and AGPL are not trademark licenses at all, and that Plaintiffs are still able to control the quality of software bearing the NEO4J® mark. *See* Dkt. No. 70 at 12:6-10, 13:15-23. As conceded by Defendants, the only mention of trademarks in the AGPL and GPL relates to a licensee limiting the rights to its trademarks "when the licensee conveys a modified version of Neo4J." Dkt. No. 72 at ¶ 89. This necessarily relates to the requirement that the licensee identify the modifications it has made, and thus bolsters the notion that the AGPL and GPL evidence the ***licensor's*** efforts to control the quality of the software. *See Exxon Corp. v. Oxxford Clothes, Inc.,* 109 F.3d 1070, 1076 (5th Cir. 1997) (recognizing that no formal control requirements are necessary if the agreement between the licensor and licensee is not considered an actual trademark license). Clearly, the GPL and AGLP are not attempts "to transfer or license the use of a trademark ... but [instead] fix[ ] and define[ ] the existing trademark of each ... [so] that confusion and infringement may be prevented." *Id*. Thus, there is no naked licensing of the NEO4J® Mark as Defendants allege.

Finally, the Court made clear that Defendants would need to show that that Neo4j USA failed to exercise ***actual control*** over licensees' use of the trademark. *See* Dkt. No. 70 at 13:27-14:1. None of the amendments to Defendants' pleadings address the fact that Neo4j USA actually polices the NEO4J® mark by requiring that third parties who modify and distribute copies of Neo4j® software must abide by its Trademark Policy found on Neo4j's website, which states in relevant part:

> Although some Neo4j projects may be available under free and open licenses, those licenses cover copyright only and do not include any express or implied right to use our trademarks…. Whenever you use one of the Marks, you must always do so in a way that does not mislead anyone, either directly or by omission, about exactly what they are getting and from whom.

Dkt. No. 50, ¶ 28; *see also* Request for Judicial Notice, ¶¶1-2, Declaration of Cary Chien., Exhs. 1-2. Plaintiffs' use of the GPL, AGPL, and Neo4j USA's Trademark Policy thus shows an ***intent to control*** trademark rights in connection with the open-source community and third-party copies,

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ● PALO ALTO

842\3548007.6

- 13 -

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

1   not the relinquishment of rights.  No reasonable reading of Defendants' naked license theory,

2   even in light of the latest amendments, plausibly suggests the contrary.  Consequently,

3   Defendants' abandonment counterclaim and defense remain legally deficient and should be

4   dismissed with prejudice.

5
6

        **2.**      **Defendants' Amendments to its "Open Source Licensing" Theory Does
Not Establish Any Evidence of Deception by the Public**

7         Defendants' amendments also fail to allege facts establishing another necessary element to

8   establish abandonment under 15 U.S.C. § 1127.  Absent from Defendants' amended pleadings are

9   allegations establishing that the NEO4J® mark ceased to function as an indicator of origin as a

10  result of the permissible copies.  This is fatal to Defendants' abandonment counterclaim and

11  defense because, notwithstanding the use of the GPL and AGPL, a trademark owner does not

12  abandon its trademark where the particular circumstances of the licensing arrangement suggests

13  that the public will not be deceived.  *See Hokto Kinoko*, 738 F.3d at 1098.  Such circumstances

14  exist "where the licensor is familiar with and relies upon the licensee's own efforts to control

15  quality." *Id*. (internal quotation marks omitted).

16        Defendants do not allege that in any of the third-party copies found on any of the links

17  cited (GitHub, GitLab, or Docker), anyone was led to believe the copies were official Neo4j

18  software releases versus permissible copies under the AGPL and GPL.  There are still no

19  allegations that any of these unidentified third parties actually degraded the quality and brand of

20  Neo4j® software.  Likewise, Defendants do not allege specific facts plausibly establishing that

21  modified copies of Neo4j® software were lacking in quality, or that there were actual complaints

22  from users that mistakenly believed them to be unmodified.

23        Defendants' allegations concerning Neo4j Government Edition—which Defendants allege

24  was the result of a Suhy/PureThink-Neo4j joint development effort—is devoid of any plausible

25  facts indicating deception in the marketplace.  *See* Dkt. No. 72 at ¶ 96.  To the contrary,

26  Defendants allege that the idea to develop Neo4j Government Edition originated with Neo4j

27  USA, and which Neo4j USA authorized and contracted with PureThink to develop:

28

Hopkins & Carley
Attorneys At Law
San Jose ♦ Palo Alto

842\3548007.6

\- 14 -

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

> John Suhy, of PureThink, had discussions with Lars Nordwall, COO of NEO4J USA concerning the challenges of obtaining business with the US government. Mr. Suhy and Mr. Nordwall discussed the need to modify the software offering to satisfy security and other requirements the government had. Mr. Nordwall represented to Mr. Suhy that Mr. Suhy could improve the open source Neo4j software offering for the government and that PureThink would have exclusive rights to the Neo4J support and deals with the Government. Furthermore, a separate agreement came into place for the new Neo4j version for the government which was supposed to protect the investment PureThink was making and was going to make. A true and correct copy of the exclusive agreement for Government sales is attached as Exhibit C.

*See* Dkt. No. 72, ¶ 16; *see also* ¶ 15, Exh. B.  Defendants further allege that Suhy and Purethink worked tireless to ensure that the Neo4j Government Edition would function properly and meet the demands of government customers:

> **PureThink, worked for months on the new Neo4j Government Package software**, determining the requirements, designing and developing enhancements and additional features around Neo4j including support and professional services to addressed critical government security and procurement requirements. …PureThink's government packaging of Neo4j was called Neo4j Government Edition and a.k.a. Neo4j Enterprise Government Edition. ("Neo4j Government Edition"). **The Neo4j Government Edition was a complete package that included additional services, support and software modules enhancing Neo4j to address critical government requirements**.

*See* Dkt. No. 72, ¶ 17.  Since the foregoing allegations, which Defendants have maintained since their original counterclaim (Dkt. No. 22 at ¶¶ 13-15), directly contradict their newly added allegations that Neo4j USA failed maintain quality control over Suhy and PureThink's creation of Neo4j Government Edition (Dkt. No. 72 at ¶ 96), the Court should disregard the latter as an unwarranted deduction of fact and an unreasonable inference.  *See Sprewell*, 266 F.3d at 988.

Even if these new facts could be read in a non-contradictory manner, it was entirely reasonable for Neo4j USA to rely on Suhy and Purethink to control the quality of Neo4j Government Edition.  *See Hokto Kinoko*, 738 F.3d at 1098; *see also Edwin K. Williams & Co., Inc. v. Edwin K. Williams & Co.-East*, 542 F.2d 1053, (9th Cir. 1976) (no quality control by licensor required in mark license for accounting services, where licensor knew from experience that licensee was a competent accountant, well-acquainted with bookkeeping, and would present no danger to the public if uncontrolled); *Monster, Inc. v. Dolby Laboratories Licensing Corp.*, 920 F.Supp. 2d 1066, 1077-78 (N.D. Cal. 2013) (recognizing that "[a] close or long-standing

Hopkins & Carley
Attorneys At Law
San Jose ◆ Palo Alto

842\3548007.6

- 15 -

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

1    working relationship with a licensee, where the licensor can rely on the licensee's quality control,

2    may stand in for a formal agreement in certain circumstances").

3        Defendants' preceding allegations make clear that Neo4j USA was familiar with and

4    could reasonably rely upon PureThink's efforts to control the quality of government version of

5    the Neo4j® software.  *See* Dkt. No. 72, ¶¶ 12-15.  It also would appear that was the point of the

6    exclusive agreement with PureThink and Suhy.  *Id.*, ¶¶ 16-17.

7        Defendants' reliance on the Neo4j Government Edition as an alleged example of a lack of

8    quality control also falls short because there are no other facts establishing that there were any

9    quality control issues with Neo4j Government Edition.  To the contrary, Defendants allege that

10   PureThink "did deals with MPO, Sandia National Laboratories, and the FBI" and allegedly had

11   the potential for numerous other sales of the Neo4j Government Edition before Neo4j USA

12   terminated the parties' contractual relationship.  *See* Dkt. No. 72, ¶¶ 18, 21, 23-27, 50-52.

13       Finally, no reasonable inference taken from the totality of the facts alleged even suggest

14   any actual or potential customer complained about the quality of the Neo4j Government Edition

15   or was deceived as to Suhy and PureThink's role in its development.  Indeed, the resultant

16   product allegedly "enhanc[ed] Neo4j to address critical government requirements."  *Id*. at ¶ 17.

17   Taken as a whole, Defendants' allegations concerning Neo4j Government Edition simply do not

18   meet the stringent standard of proof required by the Ninth Circuit for trademark challengers under

19   the naked licensing theory.  *See Transgo, Inc. v. Ajac Transmission Parts Corp*., 768 F.2d 1001,

20   1017-18 (9th Cir. 1985) (even though licensor never directed inspected or tested the final product,

21   reliance on a licensee's own quality control was sufficient where 90% of the components were

22   made by the licensor, the parties worked closely in development of new products, and no

23   complaints were ever received about licensee's products).

24       **3.    Defendants are Barred by the Doctrine of Licensee Estoppel From**
         **Basing their Abandonment Counterclaim and Defense on their**
25       **Development and Sale of the Neo4j Government Edition**

26       Defendants' allegations concerning Neo4j Government Edition also fails as a cognizable

27   claim because it runs afoul with the doctrine of licensee estoppel.  Courts in this District have

28   made clear that a licensee cannot challenge the validity of a trademark based on a failure to police

Hopkins & Carley
Attorneys At Law
San Jose ♦ Palo Alto

842\3548007.6                                    - 16 -

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

1   the licensee's own licensed use of that trademark or that the license itself constituted a naked

2   license.  *Monster, Inc.*, 920 F.Supp.2d at 1076–1077 (licensee estoppel prevents licensee's

3   attempt to challenge the trademark based on failure to police its own licensed use); *STX, Inc. v.*

4   *Bauer USA, Inc.*, 1997 WL 337578, 43 U.S.P.Q.2d 1492 (N.D. Cal. June 5, 1997) (former

5   licensee may not challenge the licensor's mark based upon facts which arose during the term of

6   the license); *see also TAP Mfg., LLC v. Signs*, 2015 WL 12752874, at *3 (C.D. Cal. July 23,

7   2015) ("a licensee may not assert that the licensor's mark is invalid because the licensor granted a

8   naked license to the licensee") (citing *Monster*, 920 F.Supp. 2d at 1077).

9        For example, in *Monster, Inc. v. Dolby Labs. Licensing Corp.*, Monster alleged that

10  Dolby's trademark infringement and related claims should be denied because Dolby supposedly

11  abandoned its trademark rights via naked licensing.  However, Dolby had previously granted

12  Monster a license to use Dolby's mark.  The court recognized that "the licensee estoppel doctrine

13  precludes a licensee from challenging the validity of the licensor's trademark based upon conduct

14  that occurred during the life of its license, particularly with respect to the licensee itself."

15  *Monster, Inc.*, 920 F.Supp.2d at 1076-77.  The *Monster* court thus concluded that under the

16  doctrine of licensee estoppel, "any evidence that Dolby failed to police *Monster's* use of the

17  Dolby Headphone Mark would be irrelevant."  *Id.* (emphasis in original)

18       Similarly, in *STX, Inc. v. Bauer USA, Inc.*, the defendant Bauer asserted that STX's

19  trademark infringement and related claims should be denied because STX allegedly abandoned its

20  trademark rights via naked licensing.  43 U.S.P.Q.2d at 1500-01.  Bauer alleged in pertinent part

21  that during the term of the parties' license agreement, STX failed to supervise the quality of its

22  licensed goods. *Id.*  The *STX* court concluded that because the alleged lack of quality control

23  occurred during the life of the parties' license, Bauer's naked licensing defense was barred by the

24  doctrine of licensee estoppel. *Id.* at 1501.

25       The same reasoning applies here.  PureThink and Neo4j USA entered into the Partner

26  Agreement on September 30, 2014. Dkt. No. 72 at ¶ 15, Exh. B.  Under Section 4.1 of the Partner

27  Agreement, Neo4j USA provided PureThink with a non-exclusive, non-transferable limited

28  license during the term of that agreement to, *inter alia*, "use [Neo4j USA's] trademarks solely to

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO

842\3548007.6

- 17 -

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

1   market and promote the Products in accordance with the terms of [the Partner Agreement]." Dkt.

2   No. 72, Exhibit B.  Section 4.1 also incorporated Neo4j USA's trademark policies by references

3   as part of this license.  *See id.*  This license remained in place until Neo4j USA terminated the

4   Partner Agreement and the Neo4j Government Edition in July 2017.  *See* Dkt. No. 72 at ¶ 21 and

5   Exhibit C.  Defendants' allegations of Neo4j USA's alleged lack of quality control over Neo4j

6   Government Edition arise entirely when the Partner Agreement was in effect.  *See id.* at ¶ 96.

7   Thus, Defendants' naked licensing defense is barred by the doctrine of licensee estoppel to the

8   extent that it relies on such allegations, and such allegations concerning Neo4j's purported

9   omissions on Neo4j Government Edition are irrelevant as a matter of law.  *See Monster, Inc.*, 920

10   F.Supp.2d at 1076–1077 (licensee estoppel prevents licensee's attempt to challenge the trademark

11   based on failure to police its own licensed use); *STX, Inc.*, 43 U.S.P.Q.2d at 1500-01; *see also*

12   *Pacific Supply-Co-op. v. Farmers Union Central Exchange, Inc.*, 318 F.2d 894, 908 (9th Cir.

13   1963) (noting "long settled principle of law that a licensee [] of a trademark or trade name may

14   not set up any adverse claim in it against its licensor").

### B.      The Court Should Deny Defendants Leave to Amend

16          If the Court determines that dismissal is warranted, it must then decide whether to grant

17   leave to amend.  *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012).  The general

18   rule of liberality in granting leave to amend is subject to limitations, which including "undue

19   prejudice to the opposing party, bad faith by the movant, futility, and undue delay."  *Cafasso,*

20   *U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011).  The Court's

21   "discretion to deny leave to amend is particularly broad where plaintiff has previously amended

22   the complaint."  *Id.*  (quotation marks omitted).

23          In particular, the Court should not grant leave to amend "where doing so would be an

24   exercise in futility."  *Low v. LinkedIn Corp.*, 900 F.Supp. 2d 1010, 1033 (N.D. Cal. 2012).  The

25   Court "may deny a plaintiff leave to amend if it determines that allegation of other facts

26   consistent with the challenged pleading could not possibly cure the deficiency."  *Telesaurus VPC,*

27   *LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010); *accord Missouri ex rel. Koster v. Harris*, 847

28   F.3d 646, 656 (9th Cir. 2017) (holding that an "amendment is futile when 'no set of facts can be

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO

842\3548007.6
- 18 -
PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

1  proved under the amendment to the pleadings that would constitute a valid and sufficient claim or

2  defense'") (citation omitted).  Likewise, the Court should deny leave to amend where the facts are

3  not in dispute, and the sole issue is whether there is liability as a matter of substantive law. *See*

4  *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

5          Prior to the Court's May 21, 2020 Order, Defendants had already amended both their

6  counterclaim and answer several times over the past year and half – and did so well after

7  discovery commenced.  As discussed above, Defendants' abandonment counterclaim and defense

8  continue to be based on the same flawed open source licensing theory that legally fails to meet the

9  definitions of abandonment under 15 U.S.C. § 1127 and runs afoul with *Planetary Motion*.

10  Clearly, granting Defendants further leave to amend would be futile as they have now had a year

11  and half to develop their naked licensing theory through discovery.  The Court also gave

12  Defendants explicit guidance on how they could revive their naked licensing counterclaim and

13  defense, but Defendants did not head this guidance.  Defendants simply added speculative,

14  conclusory, and irrelevant assertions concerning the number of copies of Neo4j® software may

15  have been permissibly distributed via the GPL and AGPL.  The did not, however, allege specific

16  facts showing a lack of actual quality control by Neo4j Sweden or Neo4j USA other than an

17  example that is clearly barred by the licensee estoppel doctrine.

18          Neo4j USA further submits that no additional facts would resuscitate Defendants'

19  abandonment counterclaim and affirmative defense because the facts alleged by Defendants

20  establish Neo4j USA's continuing use of the NEO4J® mark and its intent to control its rights

21  therein.  *See Weisbuch v. Cty. of L.A.*, 119 F.3d 778, 783 n.1 (9th Cir. 1997) (recognizing that a

22  party may plead itself out of court where that party alleges facts establishing that it cannot prevail

23  on its claim); *accord Minor v. FedEx Office & Print Servs., Inc.*, 78 F.Supp. 3d 1021, 1026 (N.D.

24  Cal. 2015) (citing same).  Defendants simply cannot meet the stringent standard of proof required

25  for naked licensing even under *Iqbal* and *Twombly*.  Accordingly, the Court should not grant

26  Defendants leave to amend their abandonment counterclaim and affirmative defense.

27  / / /

28  / / /

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO

842\3548007.6

- 19 -

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

1    **VI.    CONCLUSION**

2         For the foregoing reasons, the Court should grant Neo4j USA's motion to dismiss for

3    failure to state a claim in its entirety and dismiss with prejudice (a) Tenth Cause of Action for

4    Declaratory Relief in Defendants' Second Amended Counterclaim and; (b) the Ninth Affirmative

5    Defense for Naked License Abandonment of Trademark in Defendants' First Amended Answer.

6

7    Dated:  June 19, 2020                                HOPKINS & CARLEY
                                                          A Law Corporation
8

9

10                                                    By: */s/ Cary Chien*
                                                          John V. Picone
11                                                        Jeffrey M. Ratinoff
                                                          Cary Chien
12                                                        Attorneys for Plaintiff
                                                          NEO4J, INC., NEO4J SWEDEN AB

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦PALO ALTO

842\3548007.6                      - 20 -
PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS
AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD