John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Bar No. 197241
jratinoff@hopkinscarley.com
Cary Chien, Bar No. 274078
cchien@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:      (408) 286-9800
Facsimile:       (408) 998-4790

Attorneys for Plaintiffs NEO4J, INC.,
NEO4J SWEDEN AB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, NEO4J SWEDEN AB, a Swedish corporation<br><br>Plaintiffs,<br><br>v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br><br>Defendants. | CASE NO.  5:18-cv-07182-EJD<br><br>**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF NEO4J INC.'S MOTION TO STRIKE AND MOTION TO DISMISS**<br><br>Date:     August 13, 2020<br>Time:     9:00 a.m.<br>Dept.:    Courtroom 4, 5th Floor<br>Judge:   Hon. Edward J. Davila |

894\3553862.1

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF NEO4J INC.'S MOTION TO STRIKE AND MOTION TO DISMISS; CASE NO.  5:18-CV-07182-EJD

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

Plaintiffs Neo4j, Inc. ("Neo4j USA") hereby submits this Request for Judicial Notice in Support of its Motion to Strike and Motion to Dismiss for Failure to State a Claim. The documents are attached as Exhibits 1 to 2 to the Declaration of Cary Chien in support of Neo4j USA's Motion.

Evidence Code section 452(d) provides that judicial notice may be taken of "[r]ecords of (1) any court of this state or (2) any court of record of the United States or of any state of the United States." Evidence Code section 453 provides that "[t]he trial court shall take judicial notice of any matter specified in Section 452 if a party requests it and: (a) [g]ives each adverse party sufficient notice of the request, through the pleadings or otherwise, to enable such adverse party to prepare to meet the request; and (b) [f]urnishes the court with sufficient information to enable it to take judicial notice of the matter."

Given the centrality of each exhibit to the allegations in Defendants' Second Amended Counterclaim (Dkt. No. 72) and given that each exhibit's authenticity is not subject to reasonable dispute, judicial notice is proper under applicable law. Thus, each may be properly considered as part of Plaintiffs' Motion, without converting that motion into one for summary judgment. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) ("[a] court may consider "material which is properly submitted as part of the complaint" on a motion to dismiss without converting the motion to dismiss into a motion for summary judgment."). Consideration of these exhibits fits squarely within the Ninth Circuit's precedent for judicial notice, and it is consistent with the consideration given by many other courts to similar documents when evaluating such a motion.

Neo4j USA respectfully submits this Request for Judicial Notice for the following documents:

1. Neo4j's Trademark Policy dated October 13, 2015 from the WayBack Machine, a true and correct copy of which is attached as **Exhibit 1** to the Declaration of Cary Chien in Support of Neo4j's Motion ("the Chien Declaration"). Neo4j's Trademark Policy was the operative trademark guideline in effect during the term of the Partner Agreement and to which

894\3553862.1

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF NEO4J INC.'S MOTION TO STRIKE AND MOTION TO DISMISS; CASE NO. 5:18-CV-07182-EJD

Defendants' and third parties who downloaded, modified, and distributed Neo4j's software had to abide by. Section 4.1 of the Partner Agreement incorporated Neo4j's "then-current trademark usage guidelines" by references as part of this Partner Agreement. This license remained in place until Neo4j USA terminated the Partner Agreement and the Neo4j Government Edition in July 2017. The Partner Agreement is attached as Exhibit B to Defendants' Second Amended Counterclaim and First Amended Answer and incorporated therein by reference. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998), as amended (July 28, 1998) (a motion to dismiss may consider a document whose contents are alleged in the complaint and whose authenticity is undisputed but which is not physically attached to complaint); *see also Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (holding even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim). This webpage, downloaded from the WayBack Machine, contains facts which are not subject to reasonable dispute and capable of accurate and ready determination. *See Erickson v. Nebraska Mach. Co.*, 2015 WL 4089849, at *1 (N.D. Cal. July 6, 2015) ("[c]ourts have taken judicial notice of the contents of web pages available through the Wayback Machine as facts that can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); *see also U.S. ex. Rel. v. Newport Sensors, Inc.*, 2016 WL 8929246, at *3 (C.D. Cal. May 19, 2016) (recognizing that "district courts in this circuit have routinely taken judicial notice of content from the Internet Archive's Wayback Machine pursuant to this rule, as we do here." (citations omitted)). As such, the Court may take judicial notice of such filing.

2.  Neo4j's Trademark Guidelines dated April 3, 2019, a true and correct copy of which is attached as **Exhibit 2** to the Chien Declaration. This Trademark Policy is an update to Exhibit 1 of this Request for Judicial Notice and is also an exhibit to Plaintiffs' Second Amended Complaint (Dkt. No. 50, ¶ 28). Third parties who download, modify, and distribute Neo4j's software currently have to abide by its terms. Defendants' Second Counterclaim and First Amended Answer refers extensively to third-party downloads of Neo4j's and asserts "many of

894\3553862.1 - 3 -
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF NEO4J INC.'S MOTION TO STRIKE AND MOTION TO DISMISS; CASE NO. 5:18-CV-07182-EJD

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

these third party modified versions of Neo4j freely use Neo4J trademarks" and "Neo4J Sweden and Neo4J USA did not have express contractual terms or actually exercise any or adequate controls over the quality of the modified Neo4J software…." Dkt. No. 72, ¶ 93.  *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998), as amended (July 28, 1998) (a motion to dismiss may consider a document whose contents are alleged in the complaint and whose authenticity is undisputed but which is not physically attached to complaint); *see Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002); *Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir. 1994), overruled on other grounds by *Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (holding even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.  As such, the Court may take judicial notice of such filing.

Dated:  June 19, 2020

HOPKINS & CARLEY
A Law Corporation


By: */s/ Cary Chien*
      Jeffrey M. Ratinoff
      Cary Chien
      Attorneys for Plaintiff and Counter-Defendants
      NEO4J, INC., NEO4J SWEDEN AB

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

894\3553862.1
- 4 -
REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF NEO4J INC.'S MOTION TO STRIKE AND MOTION TO DISMISS; CASE NO.  5:18-CV-07182-EJD