Adron W. Beene SB# 129040
Adron G. Beene SB# 298088
Attorney at Law
1754 Technology Drive, Suite 228
San Jose, CA 95110
Tel: (408) 392-9233
Fax: (866) 329-0453
adron@adronlaw.com

Attorneys for defendants:
PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation,<br>Plaintiffs,<br>v.<br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br>Defendants. | CASE NO. 5:18-cv-7182 EJD<br><br>**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO NEO4J, INC.'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND MOTION TO STRIKE**<br><br>Date: August 13, 2020<br>Time: 9:00 a.m.<br>Dept. Courtroom 4, 5th floor<br>Judge: Hon. Edward J. Davila |

## I. Introduction

Defendants and Counterclaimants Purethink LLC, John Mark Suhy and IGOV INC., ("Defendants") oppose Plaintiff and Counter defendant Neo4J, Inc.'s ("Neo4j USA") motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) motion which seeks dismissal of the Tenth Cause of Action in in the Second Amended Counter Claim. (Dkt. No. 72.). Defendants also oppose the motion to strike under Federal Rule of Civil Procedure 12(f) on the mirror claim stated as in the Ninth Affirmative Defenses in Defendants' First Amended Answer to Second Amended Complaint (Dkt. No. 71).

## II. *Freecycle* Controls On Issues Raised Under This Motion

Defendants Tenth Cause of Action and the mirror Ninth Affirmative defense assert a claim fully supported by the controlling case, *FreecycleSunnyvale v. Freecycle Network*, 626 F.2d 509, 516 (9th Cir. 2010). Defendants two pleadings were amended to comply with this court's previous Order Granting Motion For Judgment On The Pleadings (Dkt. No,70) which provided in part:

> Thus, the fact that Plaintiff distributed Neo4j software on an open source basis pursuant to the GPL and AGPL is not, without more, sufficient to establish a naked license or demonstrate abandonment. However, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). To the extent that Defendants are able to allege that Plaintiff failed to exercise "actual control over licensees' use of the trademark, such allegations may be sufficient to state a claim of abandonment under *Freecycle*. Because amending the complaint to add allegations regarding Plaintiff's lack of actual control over use of the trademark would not be futile, cause undue delay, or unduly prejudice Plaintiff, the Court grants leave to amend. *Leadsinger, Inc. v. Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008).

1   The Tenth Cause of Action and Ninth Affirmative Defense allege
2 conduct that has resulted in abandonment of the Neo4j mark. The controlling
3 case in this jurisdiction is *FreecycleSunnyvale v. Freecycle Network*, 626 F.2d
4 509, 516 (9th Cir. 2010). The controlling law has already been addressed by
5 this court in its prior order (Docket No. 70 at pg. 11:1-11):

> It is well-established that "[u]ncontrolled or 'naked' licensing may result in the trademark ceasing to function as a symbol of quality and controlled source." *Barcamerica Int'l USA Trust v. Tyfield Importers, Inc.*, 289 F.3d 589, 595-96 (9th Cir. 2002) (citing *Moore Bus. Forms, Inc. v.Ryu,* 960 F.2d 486, 489 (5th Cir.1992)). "Consequently, where the licensor fails to exercise adequate quality control over the licensee, a court may find that the trademark owner has abandoned the trademark, in which case the owner would be estopped from asserting rights to the trademark." *FreecycleSunnyvale v. Freecycle Network,* 626 F.3d 509, 516 (9th Cir. 2010) (quoting Barcamerica, 289 F.3d at 596). "[T]he naked licensing claim is fundamentally a claim that the trademark is no longer valid and enforceable because of the licensor's neglect in policing its use." *Monster, Inc. v. Dolby Labs. Licensing Corp.*, 920 F. Supp. 2d 1066, 1076 (N.D. Cal.2013).

14   In *Freecycle,* the question on summary judgment was if the trademark
15 owner allowed use of the trademark with so few restrictions as to compel a
16 finding they engaged in naked licensing and abandoned the trademarks.
17 *Freecycle* at, 516. In *Freecycle*, the Court affirmed a summary judgment
18 ruling the trademark owner did not have adequate quality controls rendering
19 the trademark abandoned.
20   As this is a pleading motion, the issue is whether Defendants have
21 adequately stated a Naked License claim or defense under *Freecycle*.
22   Defendants allege[1]: PureThink, iGov and John Mark Suhy claim the
23 trademark should be abandoned because Neo4J Sweden and Neo4J USA **did**

---

[1] As the 10th cause of action and 9th affirmative are the same, references will be to the 10th cause of action in the SAC (Dkt. No.72)

Defendants' Opposition to Plaintiff's Rule 12(b) and 12(f) Motion
CASE NO. 5:18-cv-7182 EJD

3

**not have contractual, actual or adequate controls of the quality of third party modifications** of the open source versions of Neo4J licensed under the GPL and APGL licenses. [Emphsis added] (Dkt No. 72, ¶85).

Neo4J is licensed under the open source AGPL license **only** by Neo4J Sweden Dkt. No. 72, ¶90. Plaintiff has no contractual control of open source licensees' use of the Neo4J software. *Ibid.* Plaintiffs attempt to show trademark controls on the Neo4J USA website through judicial notice is not relevant and not proper for judicial notice in a pleading motion. *Freecycle*, 517 (Terms of service on a website do not establish contractual or actual quality control). Again, The Neo4J open source license is based on the AGPL and plaintiff is not a party to that agreement. None of the millions of licensees under the AGPL are contractually bound by terms on Neo4J USA's website. Such terms do not support the quality controls bearing on the open source licensee's right to modify the source code and third party use of the Neo4J trademark with the modified software. Instead, Neo4J Sweden has allowed use of the trademark unfettered and without quality controls for years.

Any concept that there is a parent subsidiary relationship establishing control is wrong for two reasons 1) there is no allegation that Neo4J USA controls Neo4J Sweden and 2) there could be no control when Neo4J USA did not exist for many years. During those years, and thereafter, Neo4J Sweden did not actually control any use of trademark with modified versions of the open source software.

There is no allegation that Neo4J USA owns all the intellectual property rights to Neo4J and can control Neo4J Sweden[2]. When Neo4J USA obtained rights[3] to the Neo4J trademark years later, the Neo4J trademark was already abandoned by Neo4J Sweden's lack of contractual and actual or adequate quality control for third party's extensive use of the Neo4J trademark. ¶86 Likewise, Plaintiff's claim Neo4J Sweden is the predecessor-in-interest (Dkt. No. 73 pg.2:17-21; pg.10:19) is a matter of proof as it is not in the pleadings. And the claim is not supported by the agreement between the Neo4J Sweden and Neo4J USA.

Anyone can use, modify, support, combine and convey the Neo4j software ¶92. Neo4J Sweden does not actually maintain quality control over the thousands of different Neo4J software versions which use the Neo4J trademark. *Ibid*.  Neo4J Sweden and Neo4J USA did not have express contractual terms or actually exercise any or adequate controls over the quality of the modified Neo4J software on the third party repositories, projects or modified versions of Neo4J software that use the Neo4J trademark. ¶93. Millions of customers have downloaded these uncontrolled modified versions of Neo4J. ¶¶94, 95.  While plaintiff claims the modified versions were done as permitted by the AGPL, there are no quality controls in the AGPL. The AGPL has broad rights for licensees to modify the source code. There are no limits on how or the scope of any modification in the

---

[2] Contrary documents have been produced in discovery. This issue is more appropriate to proof than implication or conjecter.

[3] Neo4J Sweden has produced no document showing an assignment of its trademarks or the software to plaintiff Neo4J USA. The document produced related to Neo4J USA's limited rights to the trademark was listed as attorney's eyes only so further discussion in a pleading motion is inappropriate. But it is not an assignment agreement. Reliance on assertions that Neo4J USA owns the trademarks is improper as the position is not supported by the allegations in the SAC.

AGPL. What the AGPL does **not** have is any real quality control terms to control and verify third party open source derivative versions of Neo4J as required to maintain a trademark.

An example of quality control terms sufficient to defeat a naked license claim are found in the *Monster* case:

> First, Dolby offers evidence that it requires licensees to enter into an agreement to abide by its guidelines for use of the mark and use of the Dolby headphone technology. (See Dolby Separate Statement of Material Facts and evidence cited therein ["Dolby Fact"] Fact Nos. 17–20, 28–31, 33, 34, 44.) Dolby requires licensees to submit prototype products for testing to ensure that they meet Dolby's quality standards before they can use the mark. (Dolby Fact Nos. 29, 41.) Dolby also verifies that the licensee has the capacity to integrate and distribute the Dolby technology at a level that meets Dolby's quality standards. (Dolby Fact Nos. 28, 29, 31.) Dolby collects detailed information on products, testing equipment used by licensees, as well as their quality control processes. (Dolby Fact Nos. 28, 33.) Some prototypes are disapproved if they do not meet the trademark standard or the quality standards, and Dolby does not issue production-level chips for its technology until a prototype is approved. (Dolby Fact Nos. 36–39; 40.)
> With respect to the use of the mark itself, Dolby's requires licensees to abide by certain guidelines for its use and display. (See Dolby Fact Nos. 17–20, 22, 24–30, 34, 44, 45.) Dolby employs a program of monitoring use of its mark, as well as identifying similar, potentially confusing marks, in the marketplace using monitoring software, a compliance team in the field, evaluation of customer reports, and partnering with customs officials. (Dolby Fact Nos. 43, 46.) Dolby also engages in enforcement efforts when it finds unauthorized use of a Dolby mark. (Dolby Fact Nos. 47–51.)5
>
> *Monster, Inc. v. Dolby Laboratories Licensing Corp.* (N.D. Cal. 2013) 920 F.Supp.2d 1066, 1077.

While plaintiff claims there are quality control terms in Neo4J Sweden's AGPL license, there are no quality control terms such as those in *Monster* in the AGPL sufficient to support contractual control required to prevail against a naked license claim.

*Planetary Motion* was not a naked license case and made no finding on the contractual quality controls required to avoid a naked license claim. *Monster*, was a naked license case and showed what adequate contractual quality controls were sufficient. The Neo4J Sweden AGPL does not have any of the satisfactory terms as shown in *Monster*.

### III. Plaintiff Is Not The Licensor Of Neo4J Under the AGPL And Its Web Terms Are Without Effect

Plaintiff may not rely on licensee estoppel as Mr. Suhy's modified version of Neo4J was based on the AGPL open source version licensed by Neo4J Sweden. Plaintiff knowingly allowed John Suhy to distribute his modified version of AGPL Neo4J to the the United States government without any quality controls. ¶96.[4]

Plaintiff was not the licensor of the open source version of Neo4J and had no license with Mr. Suhy to control modifications to that software. The licensee estoppel doctrine requires a license between the parties. The doctrine only "precludes a licensee from challenging the validity of the licensor's trademark based upon conduct that occurred during the life of its license, particularly with respect to the licensee itself." *Monster, Inc. v. Dolby*

---

[4] These allegations are not inconsistent with ¶17. They are consistent with the fact Neo4J USA knew about the work done on the open source Neo4J Government Edition and made no effort to control quality.

*Laboratories Licensing Corp.* (N.D. Cal. 2013) 920 F.Supp.2d 1066, 1076–1077.

Plaintiff did not license it's alleged Neo4J trademark to Mr. Suhy for use on the AGPL version of Neo4J. The licensor for open source software is Neo4J Sweden. The Partnership Agreement did not license the open source verion of Neo4J. Dkt. No. 72 Exhibit B. The term "Products" under the Partnership Agreement is only the Neo4J commercial versions.  The Partnership Agreement actually-and improperly-forbade[5] use of the open source version of Neo4J. *Ibid* §4.3.2. This case is about plaintiff's improper attempt to apply the Neo4J trademark against Neo4J Sweden's AGPL version of Neo4J. Since there is no nexus on the licensor-licensee, there can be no licensee estoppel.

The notion there was a long standing relationship allowing Neo4J USA to dispense with quality controls is not alleged. It is a question of fact considering there was no longterm relationship and this was the first software version Purethink released. As Neo4J USA had no prior experience with any defendant to support such a position, they cannot prevail on such a position on a pleading motion.

Because Neo4j USA has no license or quality control terms for the open source Neo4j software, Neo4j USA failed its duty to maintain quality control of the trademark. "The absence of an agreement with provisions restricting or monitoring the quality of goods or services produced under a trademark supports a finding of naked license." *FreecycleSunnyvale v. Freecycle Network*, 626 F.2d 509, 516 (9th Cir. 2010).

---

[5] The AGPL does not allow other terms to the license-such as an AGPL licensee cannot be barred by a third party (Neo4J USA) from using Neo4J Sweden's open software for three years.

Under the legal standards in *Freescycle*, defendants have properly stated a Naked License claim and defense.

### IV.   Leave To Amend Should Be Granted

If the court considers plaintiff's assertions that do not appear supported by the allegations in the SAC, for example, that plaintiff owns the Neo4J trademark-as opposed to the registration, Neo4J USA is the successor-in-interest to Neo4J Sweden, or has granted a license to Neo4J Sweden's for its use of the trademark, defendants request they be permitted to amend to allege Neo4J Sweden is the owner of the Neo4J trademark which was licensed to Neo4J USA on a non-exclusive basis. This would eliminate any of the suggestions of control, and successor-in-interest. Neo4J Sweden controls Neo4J USA from a licensing perspective.

### V.   Conclusion

Because adequate facts are alleged, the motions should be denied.

Dated: July 6, 2020

_____
Adron W. Beene SB# 129040
Adron G. Beene SB# 298088
Attorneys At Law
1754 Technology Drive, Suite 228
San Jose, CA 95110
Tel: (408) 392-9233
Fax: (866) 329-0453
adron@adronlaw.com

Attorney for Defendants
PURETHINK LLC, a Delaware limited
liability company, IGOV INC., a Virginia
corporation, and JOHN MARK SUHY