UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NEO4J, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>PURETHINK, LLC, et al.,<br><br>    Defendants. | Case No. 5:18-cv-07182-EJD<br><br>**ORDER GRANTING MOTION TO DISMISS AND STRIKE**<br><br>Re: Dkt. No. 73 |

Before the Court is Plaintiff and Counter-Defendant Neo4j, Inc.'s ("Plaintiff" or "Neo4j USA") Motion to Dismiss for Failure to State a Claim and Motion to Strike (the "Motion"). Dkt. No. 73. Plaintiff moves to dismiss the Tenth Cause of Action for Declaratory Relief for Abandonment of Trademark asserted in the Second Amended Counterclaim (Dkt. No. 72) filed by Defendants and Counterclaimants John Mark Suhy ("Suhy"), PureThink LLC ("PureThink"), and iGov Inc. ("iGov") (collectively "Defendants") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff further moves to strike the substantively identical Ninth Affirmative Defense asserted in Defendants' First Amended Answer to the Second Amended Complaint (Dkt. No. 71) pursuant to Federal Rule of Civil Procedure 12(f).

The Court took the matter under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons below, Plaintiff's motion is **GRANTED**.

**I. Background**

    **A. Factual Background**

Neo4j USA is a Delaware corporation with its principal place of business in San Mateo, California, specializing in graph database management systems. Dkt. No. 50, Second Amended

Case No.: 5:18-cv-07182-EJD
ORDER GRANTING MOTION TO DISMISS AND STRIKE

1

Complaint ("SAC"), ¶ 2. Neo4j USA owns the trademark for the word mark "Neo4j," under the U.S. Trademark Registration No. 4,784,280. *Id.* at ¶ 21. Neo4j USA first used this trademark in June 2006 and has continually used it since it was published by the U.S. Patent and Trademark Office in May 2015 and issued on August 4, 2015. *Id.* at ¶ 22.

Neo4j Sweden AB ("Neo4j Sweden"), a wholly owned subsidiary of Neo4j USA and a plaintiff in this action, owns certain copyrights related to the Neo4j software, including the source code, and has licensed these copyrights to Neo4j USA. *Id.* at ¶ 4. Neo4j Sweden distributes a version of Neo4j software known as "Neo4j Community Edition" on an open source basis under the GNU General Public License (Dkt. No. 65, Ex. B) ("GPL") and a variant called the GNU Affero General Public License (Dkt. No. 55, Ex. A) ("AGPL"). Second Amended Counterclaim, Dkt. No. 72 ("Am. Counterclaim"), ¶ 7. This open source software is available on Github.com, the preeminent open source software repository. *Id.* at ¶ 8. Under the GPL and AGPL, anyone can download the Neo4j Community Edition source code and use, modify, support, combine and convey the software for free; however, licensees who copy, distribute, or modify the software are required to provide notice of any modifications they make to the software. *Id.* at ¶ 9.

While Neo4j Sweden licensed the Neo4j Community Edition software under the GPL and AGPL, Neo4j USA licensed a commercial version, known as the "Enterprise Edition" which came with additional features and commercial support. *Id.* at ¶ 11; SAC ¶ 24. On or around September 30, 2014, Neo4j USA entered into a Partner Agreement with Defendant PureThink, by which PureThink agreed to sell and support the commercial version of the software in exchange for a percentage of the fees. *Id.* at ¶ 29; Am. Counterclaim, Ex. B ("Partner Agreement"). PureThink is a Delaware limited liability company focused on software development. SAC ¶ 6. Plaintiffs allege that iGov is the successor-in-interest and alter ego of PureThink. *Id.* at ¶¶ 6-14. Plaintiffs further allege that Defendant Suhy is the sole member and manager of PureThink and the sole shareholder of iGov. *Id.* at ¶ 8.

The partnership between Neo4j USA and PureThink deteriorated, for reasons not relevant to the analysis herein, and on May 30, 2017, Neo4j USA provided PureThink with formal

Case No.: 5:18-cv-07182-EJD
ORDER GRANTING MOTION TO DISMISS AND STRIKE

2

notification of material breach.  SAC ¶ 33.  Shortly thereafter, on July 11, 2017, Neo4j USA provided PureThink with written notice that the Partner Agreement was terminated due to PureThink's failure to cure the material breaches set forth in the May 30, 2017 letter.  *Id.* at ¶ 35.

### B. Procedural History

On November 28, 2018, Plaintiff filed this action against Defendants, asserting (1) Trademark Infringement; (2) False Designation of Origin; (3) False Advertising; (4) Federal and State Unfair Competition; (5) Breach of Contract; and (6) Invasion of Privacy.  On January 9, 2019, Defendants PureThink and iGov filed a counterclaim against Plaintiff, alleging (1) Interference With Prospective Economic Advantage; (2) Interference with Contract; (3) Breach of Contract; (4) Declaratory Relief (Void Restrictions); (5) Declaratory Relief (Restrictions Violate AGPL License); and (6) Declaratory Relief (Abandonment of Trademark).

On October 22, 2019, Plaintiff sought and obtained leave to file its First Amended Complaint (*see* Dkt. Nos. 35-37), which set forth additional allegations to support its claims under the Lanham Act and the UCL, and included a new claim alleging that Defendant Suhy violated the Digital Millennium Copyright Act ("DMCA").  The First Amended Complaint also added Neo4j Sweden AB ("Neo4j Sweden") as a plaintiff, which joined in the new DMCA claim.

Suhy filed a counterclaim wherein he asserted, among other claims, a claim for declaratory relief regarding Plaintiffs' abandonment of the trademark.  Dkt. No. 48.  Plaintiffs then filed their Second Amended Complaint in response to a motion to dismiss filed by PureThink and iGov.  *See* Dkt. Nos. 49-50.  PureThink and iGov filed a First Amended Counterclaim, which contained a claim identical to that asserted by Suhy regarding the abandonment of the trademark.  Dkt. No. 55.  Similarly, the Answer filed by all Defendants also asserted a substantively identical affirmative defense.  Dkt. No. 54.  These abandonment claims and defenses asserted that Plaintiffs' distribution of the software on an open-source basis pursuant to the GPL and AGPL amounted to a naked license, and that the trademark could, therefore, be deemed abandoned.

Plaintiffs made a motion for judgment on the pleadings as to certain counterclaims and affirmative defenses, including the abandonment claims.  Dkt. No. 60.  On May 21, 2020, this

Case No.: 5:18-cv-07182-EJD
ORDER GRANTING MOTION TO DISMISS AND STRIKE
3

1  Court granted Plaintiffs' motion for judgment on the pleadings as to the abandonment claims.

2  Dkt. No. 70, Order Granting Motion For Judgment On The Pleadings ("Order").  This Court held,

3  in relevant part, that "the fact that Plaintiff distributed Neo4j software on an open source basis

4  pursuant to the GPL and AGPL is not, without more, sufficient to establish a naked license or

5  demonstrate abandonment."  *Id.*  The Court granted Defendants leave to amend in order to "allege

6  that Plaintiff failed to exercise actual control over licensees' use of the trademark."  *Id.*

7  Following the Court's Order, Defendants filed an Amended Answer to the Second

8  Amended Complaint ("Am. Answer") and a Second Amended Counterclaim, adding allegations

9  related to the abandonment claim and defense.  Dkt. Nos. 71, 72.  The amended abandonment

10 counterclaim and the amended affirmative defense are substantively identical.  *Compare* Am.

11 Counterclaim, ¶¶ 86-97, *with* Am. Answer, pp. 19-23.  Defendants again rely on a "naked

12 license" theory of abandonment, arguing that "the trademark is should be abandoned because

13 Neo4j Sweden and Neo4j USA did not have contractual, actual or adequate controls of the quality

14 of third party modifications of the open source versions of Neo4J licensed under the GPL and

15 APGL licenses."  Am. Counterclaim ¶ 85.

16 Plaintiffs filed the present motion to dismiss the abandonment counterclaim and strike the

17 corresponding affirmative defense, arguing that the new allegations fail to sufficiently state a

18 claim or defense of abandonment by naked licensing.

19 **II.    Legal Standard**

20 **A.  Motion to dismiss**

21 Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed if it fails to

22 state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion to dismiss, a

23 complaint must contain sufficient factual matter, accepted as true, to "state a claim for relief that is

24 plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing Federal Rule of

25 Civil Procedure 8(a)(2)).  A claim has facial plausibility when the plaintiff pleads factual content

26 that allows the court to draw the reasonable inference that the defendant is liable for the

27 misconduct alleged.  *Id.*  Dismissal can be based on "the lack of a cognizable legal theory or the

28 Case No.: 5:18-cv-07182-EJD
ORDER GRANTING MOTION TO DISMISS AND STRIKE
4

absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion pursuant to Rule 12(b)(6), the court must accept as true all "well-pleaded factual allegations." *Iqbal*, 556 U.S. at 679. However, the requirement that the court "accept as true" all allegations in the complaint is "inapplicable to legal conclusions." *Id.*

### B. Motion to Strike

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a Rule 12(f) motion to strike is to avoid the expenditure of time and money that will arise from litigating spurious issues by dispensing with those issues prior to trial." *Solis v. Zenith Capital, LLC*, No. 08-cv-4854-PJH, 2009 WL 1324051, at *3 (N.D. Cal. May 8, 2009) (citing *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)).

"[C]ourts in this district continue to require affirmative defenses to meet the *Twombly/Iqbal* standard." *Goobich v. Excelligence Learning Corp.*, No. 5:19-CV-06771-EJD, 2020 WL 1503685, at *2 (N.D. Cal. Mar. 30, 2020) (collecting cases). Thus, "[w]hile a defense need not include extensive factual allegations in order to give fair notice, bare statements reciting mere legal conclusions may not be sufficient." *Perez v. Gordon & Wong Law Group, P.C.*, No. 11-CV-03323-LHK, 2012 WL 1029425, at *8 (N.D. Cal. Mar. 26, 2012) (internal quotation and citation omitted). In order to satisfy the pleading requirements of Rule 8, "a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense." *Id.* (citing *Dion v. Fulton Friedman & Gullace LLP*, No. 11-2727 SC, 2012 WL 160221, at *2 (N.D. Cal. Jan. 17, 2012)).

"With a motion to strike, just as with a motion to dismiss, the court should view the pleading in the light most favorable to the nonmoving party." *Platte Anchor Bolt v. IHI, Inc.*, 352 F.Supp.2d 1048, 1057 (N.D. Cal. 2004).

Case No.: 5:18-cv-07182-EJD
ORDER GRANTING MOTION TO DISMISS AND STRIKE
5

### III. Discussion

#### A. Judicial Notice

On both a motion to dismiss and a motion to strike, a court may consider the pleadings as well as documents that are attached to the pleadings, incorporated by reference when their authenticity is not contested, or are otherwise properly the subject to judicial notice. *See Ramachandran v. City of Los Altos*, 359 F.Supp.3d 801, 810 (N.D. Cal. 2019). The Court previously took judicial notice of the GPL and the AGPL, which are either attached to or incorporated by reference into the pleadings. *See* Order, Dkt. No. 70.

Plaintiffs now requests that the Court take judicial notice of (1) Neo4j's Trademark Policy dated October 13, 2015, from the WayBack Machine (Dkt. No. 73-2, Chien Decl., Ex. 1); (2) Neo4j's Trademark Guidelines, dated April 3, 2019 (Dkt. No. 73-3, Chien Decl., Ex. 2); (3) Defendant PureThink LLC's webpage from Wayback Machine (Dkt. No 79-2, Chien Reply Decl., Ex. A); and (4) a Dun & Bradstreet Comprehensive Report for Neo4j, Inc. (Dkt. No. 79-3, Chien Reply Decl., Ex. B). *See* Dkt. Nos. 74, 80, Requests for Judicial Notice.

Neo4j's Trademark Policy and Guidelines are incorporated into the Second Amended Complaint (SAC ¶ 29), however, it is not clear what iteration of the policy is incorporated. Plaintiffs do not explain the difference, if any, between the policy in 2015 (Dkt. No. 73-2) and the policy in 2019 (73-3), nor is it clear how any such differences are relevant to the allegations. The Court finds it unnecessary to take judicial notice of multiple iterations of the policy and guidelines, where the relevant portions are excerpted in the Second Amended Complaint. The remaining documents are not relevant to the Court's analysis. Therefore, the Court declines to take judicial notice of the documents Plaintiffs put forth.

#### B. Abandonment

Under the Lanham Act, a mark can only be deemed "abandoned" when either of the following occurs: "(1) [w]hen its use has been discontinued with intent not to resume such use," or "(2) When any course of conduct of the owner, including acts of omission as well as commission, causes the mark to become the generic name for the goods or services on or in connection with

Case No.: 5:18-cv-07182-EJD
ORDER GRANTING MOTION TO DISMISS AND STRIKE
6

which it is used or otherwise to lose its significance as a mark." 15 U.S.C. § 1127. Defendants argue that the "Neo4j" mark has been abandoned under the second prong because Plaintiffs engaged in naked licensing by failing to control the quality of products using the trademark.

It is well established that "[u]ncontrolled or 'naked' licensing may result in the trademark ceasing to function as a symbol of quality and controlled source." *Barcamerica Int'l USA Trust v. Tyfield Importers, Inc.*, 289 F.3d 589, 595-96 (9th Cir. 2002) (citing *Moore Bus. Forms, Inc. v. Ryu,* 960 F.2d 486, 489 (5th Cir. 1992)). "Consequently, where the licensor fails to exercise adequate quality control over the licensee, a court may find that the trademark owner has abandoned the trademark, in which case the owner would be estopped from asserting rights to the trademark." *FreecycleSunnyvale v. Freecycle Network*, 626 F.3d 509, 516 (9th Cir. 2010) (quoting *Barcamerica*, 289 F.3d at 596). "[T]he naked licensing claim is fundamentally a claim that the trademark is no longer valid and enforceable because of the licensor's neglect in policing its use." *Monster, Inc. v. Dolby Labs. Licensing Corp.*, 920 F.Supp.2d 1066, 1076 (N.D. Cal. 2013). Because the theory is essentially that a party forfeited trademark rights, "the Ninth Circuit has described the standard required of the trademark challenger as 'stringent.'" *Id.* (quoting *FreecycleSunnyvale*, 626 F.3d at 514) (citing *Barcamerica*, 289 F.3d at 596).

### i. Control of Third-Party Use

In support of their naked license theory, Defendants allege that Plaintiffs "did not have contractual, actual or adequate controls of the quality of third party modifications of the open source versions of Neo4J licensed under the GPL and APGL licenses." Am. Counterclaim ¶ 85. More specifically, Defendants assert that "Neo4J Sweden allowed the unfettered and uncontrolled use of the Neo4J trademarks to successfully launch the Neo4J software and gain a user and development base" and argue that the trademark was, therefore, already abandoned by the time Neo4j USA obtained the rights. *Id.* ¶ 86. The only fact alleged to support the assertion that Neo4j allowed "unfettered and uncontrolled use of the Neo4J trademarks" is that Neo4j Sweden openly distributed its software pursuant to the GPL and AGPL.

The GPL and AGPL are copyright licenses, not trademark licenses. Third party developers

who modify the open source versions of the software pursuant to the GPL or AGPL do not have any right to use the Neo4j trademark absent a separate trademark license agreement.  *See* SAC ¶ 28 (quoting Neo4j's website, alleging "[a]lthough some Neo4j projects may be available under free and open licenses, those licenses cover copyright only and do not include any express or implied right to use our trademarks."); Am. Counterclaim, Ex. B, GPL § 7(e) (authorizing users to supplement to terms of the GPL with terms "declining to grant rights under trademark law for . . . trademarks" indicating that the GPL does not otherwise cover trademark rights).

Other than the Partner Agreement with Defendant PureThink, neither party alleges that Neo4j entered into any express trademark licenses.  *See* Partner Agreement § 4.1 (granting limited license to "use the Neo Technology trademarks solely to market and promote the Products in accordance with the terms of this Agreement").  Rather, Defendants assert that in the absence of an express trademark license, "Neo4J Sweden freely allowed licensees to use the Neo4J trademark" and that "many of these third party modified versions of Neo4J freely use Neo4J trademarks."  Am. Counterclaim ¶ 92-93.  The term "licensees" in this instance refers to *copyright* licensees, under the GPL or AGPL, not *trademark* licensees.  In other words, Defendants' allegation is that Plaintiffs failed to prosecute third-party copyright licensees' unauthorized use of the trademark.

This set of allegations does not fit comfortably within the doctrine of naked licensing.  A "naked license" occurs when a trademark owner grants a trademark license then fails to monitor the quality of goods that the licensee produces under that trademark to such an extent that the trademark can be deemed abandoned.  *See FreecycleSunnyvale*, 626 F.3d at 516; *Barcamerica Int'l USA Tr.*, 289 F.3d at 596.  Naked licensing does not occur where there is no trademark license at issue.  *Sweetheart Plastics, Inc. v. Detroit Forming, Inc.*, 743 F.2d 1039, 1047 (4th Cir. 1984) ("Th[e] rule of uncontrolled licensing of a trademark is inapplicable to the instant case as no evidence of licensing has been presented.").

In *Barcamerica*, it was undisputed that plaintiff, a vintner, had licensed its trademark to another winemaker.  The Ninth Circuit held that the plaintiff failed to retain or otherwise exercise

Case No.: 5:18-cv-07182-EJD
ORDER GRANTING MOTION TO DISMISS AND STRIKE
8

adequate quality control over the wine produced under that trademark and had therefore engaged in naked licensing and abandoned the trademark. *Barcamerica Int'l USA Tr.*, 289 F.3d at 596.

*Freecyle* involved a dispute between a nationwide nonprofit organization, which owned certain trademarks related to the term "freecycle," and a local member-group of that organization, which used those trademarks. The *Freecyle* court first considered whether the parties had a trademark licensing agreement. Concluding that there was no express agreement, the court assumed without deciding that there was an "implied" agreement, albeit one that did not address quality control. *FreecycleSunnyvale*, 626 F.3d at 516 ("Even assuming that [the parties' correspondence] constitutes an implied licensing agreement, it contained no express contractual right to inspect or supervise" the licensee's activities). The court next considered whether in the absence of express quality control provisions, the trademark owner "maintained actual control over its member groups' services and use of the trademarks when [Plaintiff] *was granted use of the trademarks*." *Ibid.* (emphasis added). Thus, the court assumed, and the parties did not dispute, that the plaintiff in that case had been granted the right to use the trademarks under the parties implied licensing agreement.

Both *Barcamerica* and *Freecycle*, therefore, concerned trademark licenses and the level of quality control, or lack thereof, exercised under those licenses. There is no allegation of a trademark license between Plaintiffs and third-party modifiers in this case. Defendants have not identified any case, and the Court is not aware of any, in which a trademark owner was found to have engaged in naked licensing where no trademark license existed. Indeed, requiring a trademark owner to police the quality of goods produced by a third party who has no right to use the trademark would undermine the well-settled rule that a trademark owner's failure to sue potential infringers does not constitute abandonment. *San Diego Comic Convention v. Dan Farr Prods.*, No. 14-CV-1865 AJB (JMA), 2017 WL 4227000, at *12 (S.D. Cal. Sept. 22, 2017) ("despite Defendants' attempt to argue abandonment through third party use or failure to police, these arguments are unquestionably meritless as Defendants have not proven that Plaintiff's mark is generic") *aff'd*, 807 F. App'x 674 (9th Cir. 2020); *Century 21 Real Estate Corp. v. Sandlin*, 846

Case No.: 5:18-cv-07182-EJD
ORDER GRANTING MOTION TO DISMISS AND STRIKE
9

F.2d 1175, 1181 (9th Cir.1988) (stating that "discovery that revealed other potential infringers would be irrelevant under the law of this circuit"); *U.S. Jaycees v. San Francisco Junior Chamber of Commerce*, 354 F.Supp. 61, 73-74 (N.D. Cal. 1972), *aff'd* 513 F.2d 1226 (9th Cir. 1975) (noting that "numerous cases" have held that "the existence of infringers other than the defendant was irrelevant to a determination of whether the defendant should be enjoined from continuing in its infringement of plaintiffs' trademarks and in its unfair competition").

This Court previously allowed Defendants to amend their counterclaims and defenses in order to add allegations that apart from Plaintiffs' open-source distribution of the software pursuant to the GPL and AGPL, Plaintiffs otherwise failed to actually control their trademark licensees. In the amended pleadings, Defendants failed to allege that Plaintiffs licensed the Neo4j mark at all, let alone that they failed to exercise control under any such license. Rather, taking Defendants' allegations as true and construing them in a light most favorable to Defendants, the newly added allegations amount to an argument that Plaintiffs abandoned the trademark by permitting third parties to use it freely. They do not allege that Plaintiffs' actions have caused the mark to become generic or that the mark has otherwise lost its significance, as required to show abandonment under 15 U.S.C. § 1127. These allegations are insufficient to state a claim to abandonment.

### ii. Control of Defendants Suhy and PureThink

Defendants' amended pleadings also add allegations related to the lack of quality control that Plaintiffs exercised over Defendant Suhy's modified version of the software. Am. Counterclaim ¶ 96. Specifically, Defendants allege that Suhy modified the software and used the Neo4j trademark to distribute the modified software to customers, "[y]et Neo4J USA did no quality assurance or verification of the source code or applications distributed." *Ibid.* Unlike the third-party modifiers discussed above, Suhy—or Suhy's company, PureThink—had an express agreement to license the Neo4j mark. *See* Partner Agreement § 4.1.

Although it is possible that Plaintiffs failed to exercise quality control over the license in the Partner Agreement, Defendants' allegations are insufficient to show abandonment for a couple

Case No.: 5:18-cv-07182-EJD
ORDER GRANTING MOTION TO DISMISS AND STRIKE
10

of reasons. First, Plaintiffs argue that the doctrine of estoppel prevents Defendants from challenging the validity of the trademark based on Plaintiffs' alleged failure to police Defendants' own licensed use of that trademark. Motion, pp. 16-18, (citing *Monster, Inc.*, 920 F.Supp.2d at 1076-77 (licensee estoppel prevents licensee's attempt to challenge the trademark based on failure to police its own licensed use)). Defendants argue that estoppel does not apply because Suhy modified the open-source version of the software, which was licensed by Neo4j Sweden under the AGPL. But it is not Suhy's modification of the underlying software that gives rise to Plaintiffs' trademark-related claims, it is his use of the Neo4j trademark. As discussed above, the AGPL does not address trademark rights. Moreover, Defendants cannot rely on the trademark license to argue that the lack of quality control resulted in a naked license and simultaneously argue that estoppel does not apply because the trademark license was not irrelevant to Suhy's use.

The Court agrees with Plaintiffs that Defendants are estopped from asserting an abandonment claim based on Plaintiffs' alleged failure to control Defendants' own conduct. A "licensee may not challenge the licensor's mark based upon facts which arose during the term of the license." *STX, Inc. v. Bauer USA, Inc.*, 1997 WL 337578, 43 U.S.P.Q.2d 1492 (N.D. Cal. June 5, 1997). PureThink entered into an agreement to license the trademark in 2014 (*see* Partner Agreement), and allegedly used the trademark thereafter. Defendants cannot now argue that Plaintiffs failure to control Defendants' use amounts to a naked license. *Monster, Inc.*, 920 F.Supp.2d at 1076-1077; *see also TAP Mfg., LLC v. Signs*, 2015 WL 12752874, at *3 (C.D. Cal. July 23, 2015) ("a licensee may not assert that the licensor's mark is invalid because the licensor granted a naked license to the licensee").

**IV. Conclusion**

For the reasons stated above, Defendants fail to state a claim or affirmative defense for abandonment of trademark and the Court **GRANTS** Neo4j USA's Motion.

Defendants having already amended their pleadings on this issue, the Court finds that further leave to amend would be futile. *Low v. LinkedIn Corp.*, 900 F.Supp.2d 1010, 1033 (N.D. Cal. 2012) (the Court should not grant leave to amend "where doing so would be an exercise in

Case No.: 5:18-cv-07182-EJD
ORDER GRANTING MOTION TO DISMISS AND STRIKE
11

futility.").

The Tenth Cause of Action in the Second Amended Counterclaim is **DISMISSED** and the Ninth Affirmative Defense in the Amended Answer to the Second Amended Complaint is **STRICKEN** with prejudice.

**IT IS SO ORDERED.**

Dated:  August 20, 2020

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-07182-EJD
ORDER GRANTING MOTION TO DISMISS AND STRIKE
12