Adron W. Beene SB# 129040
Adron G. Beene SB# 298088
Attorney at Law
1754 Technology Drive, Suite 228
San Jose, CA 95110
Tel: (408) 392-9233
Fax: (866) 329-0453
adron@adronlaw.com

Attorneys for Defendants:
PURETHINK LLC, a Delaware limited
liability company, IGOV INC., a Virginia
corporation, and JOHN MARK SUHY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation,<br><br>Plaintiffs<br><br>v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br>Defendants. | CASE NO. 5:18-cv-7182 EJD<br><br>**DEFENDANTS PURETHINK, LLC, IGOV INC AND JOHN MARK SUHY'S ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Defendants PURETHINK, LLC, iGOV and JOHN MARK SUHY

("Defendants") answers NEO4J, INC. ("Neo4J USA") and NEO4J SWEDEN

AB's ("Neo4J Sweden") Third Amended Complaint as follows:

1. Defendants admit the statement outlines the claims but otherwise deny the claims and allegations in paragraph 1.

2. Defendants admit the first and second sentence in paragraph 2. Defendants deny that plaintiff is the graph company behind an open source software product called Neo4J as the software is owned by and licensed by Neo4J Sweden AB according to the license for Neo4J-enterprise available at GitHub. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis deny the remaining allegations.

3. Defendants deny the allegation in paragraph 3. Defendants believes that many users are using the open source version called Neo4J and not what plaintiff calls Neo4J®. This confusion arises because plaintiff Neo4J, USA claims they own Neo4J software yet the open source license is by Neo4J Sweden. Likewise, there appear over 183 contributors to the open source version of the Neo4J software and Defendants do not know if each contributor has assigned contributions or moral rights in works to either plaintiff. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations and on that basis deny the remaining allegations.

4. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4 and on that basis deny the allegations.  Defendants deny that Neo4j Sweden owns all rights to the copyright to Neo4j as rights are jointly owned by joint

authories and are subject to the terms of the GitHub and GPL AGPL licenses.

5. Defendants admit the allegations in paragraph 5 except they deny PureThink is a shell entity maintained by the other Defendants and is not currently conducting or engaged in any meaningful business activities.

6. Defendants admit the allegations in paragraph 6 except they deny iGov is the assignee and successor-in-interest to PureThink or otherwise acquired substantially all of PureThink's assets sometime in mid-2017 and deny that Neo4J is a large scale graph solution as it is limited in scalability.

7. Defendants admit that iGov does business as GraphStack, but deny the remaining allegations in paragraph 7.

8. Defendants deny the allegations in paragraph 8 except for the fact Suhy is an individual residing in Reston, Virginia and the last sentence.

9. Defendants deny the allegations in paragraph 9.

10. Defendants deny the allegations in paragraph 10.

11. Defendants deny the allegations in paragraph 11 are an example to support the allegations and deny Defendants share the same customer support number but admit the facts alleged.

12. Defendants deny the allegations in paragraph 12 are an example to support the allegations but admit the facts alleged except Defendants lack information or belief about what virtually identical means.

13.     Defendants deny the allegations in paragraph 13 as the verb ported is unclear and vague.

14.     Defendants deny the allegations in paragraph 14.

15.     Defendants admit the allegations in paragraph 15.

16.     Defendants deny the allegations in paragraph 16.

17.     Defendants deny the allegations in paragraph 17.

18.     Defendants admit the allegations in paragraph 18.

19.     Defendants admit the allegations in paragraph 19.

20.     Defendants Third deny the allegations in paragraph 20.

21.     Defendants deny Neo4j USA is the owner for the trademark as the owner is Neo4j Sweden and Neo4J USA is not an exclusive licensee or assignee of the trademark. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21 and on that basis deny the allegations.

22.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 22 and on that basis deny the allegations. However, defendants deny plaintiffs use the mark since 2006 since Neo4j USA did not exist at that time.

23.     Defendants deny the allegations in paragraph 23. Neo4J USA is not the owner, assignee or exclusively licensee of the mark and lacks standing to assert the mark.

24.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24 and on that basis deny the allegations.  Defendants is informed and believes that both plaintiffs did not license the open source version of Neo4J software

as alleged as the open source software is owned and license only by Neo4J Sweden. Likewise the business model stated is not accurate as the business model was limited Neo4J's Sweden's election to use the GPL and AGPL licenses. Users did not require other feature sets and support was offered through independent sources such that that allegations are not true.

25.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 25 and on that basis deny the allegations. Defendants is informed and believes that both plaintiffs did not license the open source version of Neo4J software as the open source licenses is owned and license only by Neo4J Sweden. Further, Neo4J Sweden did not license a commercial product based on the open source software.

26.    Defendants deny the allegations in paragraph 26.

27.    Defendants deny the allegations in paragraph 27.

28.    Defendants deny the allegations in paragraph 28.

29.    Defendants deny they agreed to provide first and second line support to end-users of NEO4J® EE software. Defendants admit the remaining allegations paragraph 29.

30.    Defendants admit the first sentence in paragraph 30 and deny the remainder.

31.    Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31 and on that

basis deny the allegations. Purethink told the government the truth about using the open source version of Neo4j.

32.     Defendants deny the allegations in paragraph 32.

33.     Defendants admit the first sentence in paragraph 33 and deny the remainder.

34.     Defendants admit the allegations paragraph 34.

35.     Defendants admit the allegations paragraph 35.

36.     Defendants admit the allegations paragraph 36.

37.     Defendants admit the allegations in paragraph 37.

38.     Defendants admit the allegations in paragraph 38.

**Mr. Suhy's efforts to reveal Neo4j USA false business practices**

39.     Defendants deny the allegations in paragraph 39.

40.     Defendants deny the allegations in paragraph 40.

41.     Defendants deny the allegations in paragraph 41.

42.     Defendants deny the allegations in paragraph 42.

43.     Defendants deny the allegations in paragraph 43.

44.     Defendants deny the allegations in paragraph 44.

45.     Defendants deny the allegations in paragraph 45.

46.     Defendants deny the allegations in paragraph 46.

47.     Defendants deny the allegations in paragraph 47.

48.     Defendants deny the allegations in paragraph 48.

49.     Defendants deny the allegations in paragraph 49.

50.     Defendants deny the allegations in paragraph 50.

51.     Defendants deny the allegations in paragraph 51.

52.     Defendants deny the allegations in paragraph 52.

53.     Defendants deny the allegations in paragraph 53.

54.     Defendants deny the allegations in paragraph 54.

55.     Defendants deny the allegations in paragraph 55.

**Mr. Suhy supports continued lawful use of open source Neo4j**

56.     Defendants deny the allegations in paragraph 56.

57.     Defendants deny the allegations in paragraph 57.

58.     Defendants deny the allegations in paragraph 58.

59.     Defendants deny the allegations in paragraph 59.

60.     Defendants deny the allegations in paragraph 60.

61.     Defendants deny the allegations in paragraph 61.

62.     Defendants admit to posting links as users are permitted to use such resources under the GitHub license.

63.     Defendants deny the allegations in paragraph 63.

64.     Defendants deny the allegations in paragraph 64.

65.     Defendants deny the allegations in paragraph 65.

66.     Defendants deny the allegations in paragraph 66.

67.     Defendants deny the allegations in paragraph 67.

68.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 68 and on that basis deny the allegations. Neo4j Sweden does not have a Software license as they are using the software license for the GPL and AGPL license and such licenses are owned by a third party. Neo4J  Sweden's copyright management information violates the APGL copyright and are not valid under the AGPL and are permitted to be removed under the AGPL.

**Mr. Suhy's conduct was to permit users to understand they can use open source software and not be confused by plaintiffs' unfair trade practices.**

69.     Defendants deny allegations in paragraph 69.

70.     Defendants deny the allegations in paragraph 70.

71.     Defendants deny the allegations in paragraph 71.

72.     Defendants deny the allegations in paragraph 72.

73.     Defendants deny the allegations in paragraph 73.

74.     Defendants deny the allegations in paragraph 74.

75.     Defendants deny the allegations in paragraph 75.

**Suhy's applying the terms of the AGPL to prevent violation of the AGPL**

76.     Defendants deny the allegations in paragraph 76.

77.     Defendants deny the allegations in paragraph 77.

78.     Defendants deny the allegations in paragraph 78.

79.     Defendants admit the general allegations in paragraph 79.

80.     Defendants admit the allegations in paragraph 80.  But he did not actually record them. His intent was to make them think he was recording them so they would stop lying.

81.     Defendants admit the allegations in paragraph 81.  But he did not actually record them. His intent was to make them think he was recording them so they would stop lying.

82.     Defendants admit the allegations in paragraph 82.  But he did not actually record them. His intent was to make them think he was recording them so they would stop lying.

**Suhy's opinions regarding plaintiffs' fraud**

83.     Defendants deny the allegations in paragraph 83.

84.     Defendants deny the allegations in paragraph 84.

85.     Defendants deny the allegations in paragraph 85.

86.     Defendants admit the allegations in paragraph 86.

87.     Defendants deny the allegations in paragraph 87.

88.     Defendants deny the allegations in paragraph 88.

89.     Defendants deny the allegations in paragraph 89.

90.     Defendants deny the allegations in paragraph 90.

91.     Defendants admit the allegations in paragraph 91.

92.     Defendants deny the allegations in paragraph 92.

93.     Defendants deny the allegations in paragraph 93.

94.     Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 94 and on that basis deny the allegations. Neo4j USA sued on the Partner Agreement and cited to terms in that agreement in its pleadings waiving any alleged confidentiality. None of the information appears confidential and calling it confidential does not make it so.

95.     Defendants deny the allegations in paragraph 95. Having been sued on the agreement, the agreement was attached so all terms were considered in the public forum as plaintiffs have elected.

96.     Defendants deny the allegations in paragraph 96.

97.     Defendants deny the allegations in paragraph 97.

98.     Defendants deny the allegations in paragraph 98.

99.      Defendants incorporate its responses to paragraphs 1-97.

100.     Defendants deny the allegations in paragraph 100. Neo4J USA did not exist in 2007. It was formed in 2011. The software has been licensed on an open source basis by Neo4J Sweden and called Neo4J by Neo4J Sweden. The ownership of the Neo4J software is claimed by Neo4J Sweden. Likewise, the software development was provided by over 100 joint authors called contributors, Github shows that there are 1,515 forks to the software with 22 branches and there is no evidence the joint authors have assigned the rights to the Neo4J open source software copyright to either plaintiff.

101.     Defendants deny the allegations in paragraph 101.

102.     Defendants deny the allegations in paragraph 102. The software has been licensed on an open source basis by Neo4J Sweden and called Neo4J by Neo4J Sweden.

103.     Defendants deny the allegations in paragraph 103.

104.     Defendants deny the allegations in paragraph 104.

105.     Defendants deny the allegations in paragraph 105.

106.     Defendants deny the allegations in paragraph 106.

107.     Defendants deny the allegations in paragraph 107.

108.     Defendants deny the allegations in paragraph 108.

109.     Defendants deny the allegations in paragraph 109.

110.     Defendants deny the allegations in paragraph 110.

111.     Defendants deny the allegations in paragraph 111.

112.     Defendants incorporate its responses to paragraphs 1-110.

113.     Defendants deny the allegations in paragraph 113.

114.    Defendants deny the allegations in paragraph 114.

115.    Defendants deny the allegations in paragraph 115.

116.    Defendants deny the allegations in paragraph 116.

117.    Defendants deny the allegations in paragraph 117.

118.    Defendants deny the allegations in paragraph 118.

119.    Defendants deny the allegations in paragraph 119.

120.    Defendants incorporate its responses to paragraphs 1-118.

121.    Defendants deny the allegations in paragraph 121.

122.    Defendants deny the allegations in paragraph 122.

123.    Defendants deny the allegations in paragraph 123.

124.    Defendants deny the allegations in paragraph 124.

125.    Defendants deny the allegations in paragraph 125.

126.    Defendants deny the allegations in paragraph 126.

127.    Defendants incorporate its responses to paragraphs 1-125.

128.    Defendants deny the allegations in paragraph 128.

129.    Defendants deny the allegations in paragraph 129.

130.    Defendants deny the allegations in paragraph 130.

131.    Defendants deny the allegations in paragraph 131.

132.    Defendants deny the allegations in paragraph 132.

133.    Defendants deny the allegations in paragraph 133.

134.    Defendants incorporate its responses to paragraphs 1-132.

135.    Defendants admit PureThink signed the Partner Agreement but Defendants otherwise deny the allegations in paragraph 83, because plaintiff has failed to perform, clauses 4.3.1, and 4.3.2 are not

1   enforceable as written or applied and the limitations in the Partner

2   Agreement violate the open source Neo4J enterprise license.

3   136.    Defendants admit the allegations in paragraph 136. However, the

4   open source software is not a Neo4j USA product.

5   137.    Defendants admit the terms of the 7.3 of the Partner Agreement

6   claims to prevent PureThink from dealing in Products which is defined

7   as Neo4J commercial software provided by Neo Technology and

8   licensed to the End User but otherwise deny the allegations in

9   paragraph 137.

10   138.    Defendants deny the allegations in paragraph 138.

11   139.    Defendants deny the allegations in paragraph 139.

12   140.    Defendants deny the allegations in paragraph 140.

13   141.    Defendants deny the allegations in paragraph 141.

14   142.    Defendants deny the allegations in paragraph 142.

15   143.    Defendants deny the allegations in paragraph 143.

16   144.    Defendants deny the allegations in paragraph 144.

17   145.    Defendants deny the allegations in paragraph 145.

18   146.    Defendants deny the allegations in paragraph 146.

19   147.    Defendants deny the allegations in paragraph 147.

20   148.    Defendants incorporate its responses to paragraphs 1-146.

21   149.    Defendants deny the allegations in paragraph 149.

22   150.    Defendants deny the allegations in paragraph 150.

23   151.    Defendants deny the allegations in paragraph 151.

24   152.    Defendants admit the first and second sentence in paragraph 152

25   and deny the remaining allegations in paragraph 152.

153. Defendants deny the allegations in paragraph 153.

154. Defendants deny the allegations in paragraph 154.

155. Defendants admit Neo4J USA seeks statutory damages but deny they are entitled to any damages as alleged in paragraph 155.

156. Defendants deny the allegations in paragraph 156.

157. Defendants incorporate its responses to paragraphs 1-155.

158. Defendants deny the allegations in paragraph 158.

159. Defendants deny the allegations in paragraph 159.

160. Defendants deny the allegations in paragraph 160.

161. Defendants deny the allegations in paragraph 161.

162. Defendants deny the allegations in paragraph 161.

163. Defendants deny the allegations in paragraph 163.

164. Defendants deny the allegations in paragraph 164.

165. Defendants deny the allegations in paragraph 165.

166. Defendants incorporate its responses to paragraphs 1-164.

167. Defendants deny the allegations in paragraph 165. The joint authors have copyright and moral rights in the Neo4j software.

168. Defendants deny the allegations in paragraph 168.

169. Defendants deny the allegations in paragraph 169.

170. Defendants deny the allegations in paragraph 170. The terms were removed as permitted by the AGPL and to avoid a copyright infringement of that license.

171. Defendants deny the allegations in paragraph 171.

172. Defendants deny the allegations in paragraph 172.

173. Defendants deny the allegations in paragraph 173.

174.     Except as otherwise admitted, Defendants deny the allegations in the TAC.

## Affirmative Defenses

### 1.   Void Restriction

Section 4.3.2 of the Partner Agreement, provides:

During the term of this Agreement and up until thirty six (36) months after the termination or expiration of this Agreement, Partner may not develop, market, distribute or offer any services related to any Neo Technology Community Edition Products, derivative works of such products, or any Partner software code made to work with Neo Technology Community Edition Products(including, without limitation, hosting services, training, technical support, configuration and customization services, etc.)

Neo4J USA seeks to prevent Defendants from licensing and supporting open source software during and for 36 months after termination of the Partner Agreement. The Partner Agreement is. by its terms, governed by California law. The restriction under Section 4.3.2 cannot be enforced against Defendants as the restriction is void under California Business and Professions Code §16600: "Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

### 2.  License To Use Neo4J Open Source Software

Section 4.3.1 of the Partner Agreement provides:

**4.3.1** During the term of this Agreement, Partner may not use or run on any of Partner's hardware, or have deployed for internal use, any Neo Technology Community Edition Products for commercial or production use. In no event shall Partner reverse engineer, distribute or otherwise use the Products for its own internal use. There are no implied rights. Partner will not fork or bifurcate the source code for any Neo Technology Community Edition Products into a separately maintained source code repository so that development done on the original code requires manual work to be transferred to the forked software or so that the forked software starts to have features not present in the original software.

The restrictions in Paragragraphs 4.3.1 and 4.3.2  violate the GNU

AFFERO GENERAL PUBLIC LICENSED VERSION 3 for Neo4J

enterprise software:

Section 2 (Basic Permissions) of the AGPL license provides, in part:

"All rights granted under this License are granted for the term of copyright on the Program, and are irrevocable provided the stated conditions are met. This License explicitly affirms your unlimited permission to run the unmodified Program. …

You may make, run and propagate covered works that you do not convey, without conditions so long as your license otherwise remains in force. You may convey covered works to others for the sole purpose of having them make modifications exclusively for you, or provide you with facilities for running those works, provided that you comply with the terms of this License in conveying all material for which you do not control copyright."

Section 4 of the AGPL license provides, in part:

"You may charge any price or no price for each copy that you convey, and you may offer support or warranty protection for a fee."

Section 10 (Automatic licensing of Downstream Recipients)

of the AGPL provides, in part:

"You may not impose any further restrictions on the exercise of the rights granted or affirmed under this License."

Defendants are licensed to use the open source software version of

Neo4J by Neo4J Sweden AB without restriction under the AGPL

license agreement. Neo4J USA may not impose restrictions on use of Neo4J and cannot prevent or bar Defendants from using the open source Neo4J. By imposing restrictions in violation of the License, plaintiff has breached the open source license and has no rights to use or license Neo4J.

3. **Right to fork and use Neo4J open source under GitHub Terms of Service**

   By using a public repository at GitHub, the open source versions of Neo4J are subject to the GitHub Terms of Service which allow any user to use and fork the software and other content on the NEO4J SWEDEN public GitHub repository:

   D. 5. If you set your pages and repositories to be viewed publicly, you grant each User of GitHub a nonexclusive, worldwide license to use, display, and perform Your Content through the GitHub Service and to reproduce Your Content solely on GitHub as permitted through GitHub's functionality (for example, through forking). You may grant further rights if you adopt a license. If you are uploading Content you did not create or own, you are responsible for ensuring that the Content you upload is licensed under terms that grant these permissions to other GitHub Users.

   https://help.github.com/en/articles/github-terms-of-service

4. **Unclean Hands**

   Neo4J USA should not be permitted to enforce the Partner Agreement and trademarksbecause of plaintiffs unclean hands in the use of the Partner Agreement and unlawful licensing practices. Neo4J USA told PureThink they could modify the scope of a license agreement to meet the needs of the government users such as the IRS. Neo4J USA's

license model is priced for core processor charges. However, there is no per core charge on the open source version. Neo4J USA at first agreed PureThink could drop the core use pricing for the IRS, then later plaintiff refused to allow the price change. Neo4J USA also forbade its partners, such as PureThink, to discuss the available open source versions. When the IRS, faced with core pricing limitations, asked PureThink about the differences between the commercial software and the open source version of Neo4J, plaintiff told PureThink to lie stating the open source version could only be used on an open project to try to induce the IRS to purchase a commercial version of Neo4J. When Neo4J USA  threatened to terminate PureThink, they agreed PureThink could remedy the breach if the IRS signed up for a commercial license through plaintiff. When the IRS wanted to use the Neo4J open source software with support from PureThink, plaintiff interfered falsely stating PureThink could not use or support Neo4J open source software. Neo4J USA is attempting to improperly use a dual licensing practice having a commercial version controlled by plaintiff and an open source software licensed under a General Public License. Because the open source software is under a GPL or AGPL license, and has over 183 contributors, plaintiff may not be able to actually convert the GPL or AGPL license to proprietary software. Under a GPL or AGPL type license, contributors' efforts to modify the software cannot be taken away and turned into privately controlled software. NEO4J SEDWEN added an invalid Commons Clause to the AGPL to improperly restrict use and support of the open source

software. Defendants are informed and believe that plaintiff only provides an object code version of the Neo4J software under a commercial license while the GPL and AGPL type license requires access to the source code as well.  Defendants are informed and believe that because plaintiff cannot lawfully operate a dual license model since the open source is based on GPL or AGPL, plaintiff resorts to sharp and false advertising practices with customers (lying about the difference between the commercial versions and the open source version) attempting to restrict partners, such as PureThink, from supporting the open source Neo4J version with unlawful restrictions and interfering in attempts to use open source Neo4J software during the partner term and for three years after termination. The rights of open source users to use the software without making it open, as Neo4J  USA claims, is shown by the FAQs at the GNU site:

If I only make copies of a GPL-covered program and run them, without distributing or conveying them to others, what does the license require of me?(#NoDistributionRequirements)

Nothing. The GPL does not place any conditions on this activity.

The same rules apply to modified versions of the open source code:

Does the GPL require that source code of modified versions be posted to the public? (#GPLRequireSourcePostedPublic)

The GPL does not require you to release your modified version, or any part of it. **You are free to make modifications and use them privately, without ever releasing them. This applies to organizations (including companies), too; an organization can make a modified version and use it internally without ever releasing it outside the organization.**

But *if* you release the modified version to the public in some way, the GPL requires you to make the modified source code available to the program's users, under the GPL.

Thus, the GPL gives permission to release the modified program in certain ways, and not in other ways; but the decision of whether to release it is up to you.

[Emphasis added]

As plaintiffs have sought to threaten open source users improperly, prevent third parties from providing services to open source code users, they come to this court with unclean hands, they should be barred from any recovery.

5. **The Addition Of The Commons Clause Is Unlawful Under The AGPL**

The open source license used by Neo4J Sweden AB, the AGPL,  is a license copyrighted by the Free Software Foundation. The beginning of the AGPL license provides a copyright notice:

Copyright (C) 2007 Free Software Foundation, Inc. <http://fsf.org/>
Everyone is permitted to copy and distribute verbatim copies
of this license document, but changing it is not allowed. [Emphasis added]

By its terms, the license may not be changed.

Neo4J Sweden AB's attempt to change the AGPL license violates its terms. The licensee is protected from this violation under the terms of the license: "If the Program as you received it, or any part of it, contains a notice stating that it is governed by this License along with a term that is a further restriction, **you may remove that term**." [Emphasis added].  §7 AGPL.

Defendants had the express right to remove any improper terms and such removal prevented further infringement of the APGL license's terms.

6.  **NEO4J USA Violated the AGPL**

Neo4J USA has attempted to take the open source software under the AGPL and commercialize it in violation of the AGPL while preventing former partner from supporting the open source software. But the APGL provides "You may not impose any further restrictions on the exercise of the rights granted or affirmed under this License. For example, you may not impose a license fee, royalty, or other charge for exercise of rights granted under this License." §10 of the AGPL.

7.  **Cancellation of Trademark Procured by Fraud**

The Registered Trademark for NEO4J, Reg. No. 4,784,280, was procured by fraud as the representation was that Neo Technology (a Delaware corporation) (changed to Neo4J, Inc.) was the owner of the trademark and it first used the trademark in 6-4-2006 and in commerce in 5-28-2007. These statements are false as Neo4J, USA is not the owner of the trademark. Neo4J USA is only a non-exclusive licensee of the mark and the ownership of the mark is owned by Neo4J Sweden.  The first use representation is also false as Neo4J USA did not exist on the dates its stated to support first use. Neo4J USA was formed 7-7-2011 in Delaware under File Number 5007564. Neo4J USA's representations of ownership and first use in the  Trademark application are false. Because the ownership and dates of use in the trademark application were false, the registration was procured by

fraud, the registration should be cancelled pursuant to 15 U.S.C. §1119.

8.  **Fair Use of Trademarks**

Defendants use of the trademarks was and is a nominative fair use to 1) identify a software product they support called Neo4J that is freely available as open source software, 2) comparative advertising (See 16 C.F.R. §14.15(b)) and 3) to advise others PureThink was no longer a partner with Neo4J USA.

9.  **Naked License Abandonment of Trademark**

Neo4J USA claims they own the Neo4J trademark but they are only a non-exclusive licensee from Neo4J Sweden and that license does not include any quality control requirements for Neo4J USA's use of the licensed trademark related to the products Neo4J USA licenses. Neo4J USA's trademark license does not apply to software licensed by the trademark owner, Neo4J Sweden. Neo4J Sweden licenses the Neo4j software as open source software and has no quality controls, contractual or otherwise under the GPL or AGPL licenses while licensees have the right to modify, use and distribute modified versions of Neo4j software without any quality controls contractually or otherwise from Neo4J Sweden over the quality of such modifications. Licensees of modified versions of open source Neo4J software have used the Neo4J trademark without any effort to bar, stop or limit such use. Licensees of modified versions have a nominative fair use right to use

the Neo4J trademark to identify the software distributed to third parties.  As a result, Neo4J Sweden has abandoned the Neo4J trademark under the doctrine of Naked License and Neo4J USA, non-exclusive license has no trademark supporting the license and such license does not extent to the open source software in any event. Neo4J USA's trademark policies do not apply to licensees of Neo4J Sweden's software, because such software is beyond the scope of Neo4J's non-exclusive license to the mark and is licensed by Neo4J Sweden which is the owner of the Mark.

10.     **Waiver**

Neo4J USA waived PureThink's conduct in modifying the open source version of Neo4J to create the government edition as they agreed PureThink could use and modify the software as required to satisfy the United States Government buyers.

11.     **Setoff**

Neo4J USAs' alleged claims to damages are barred, in whole or in part, by the right of one or more Defendants to a setoff against any such damages.

12.     **Failure to State a Claim**

Each claim fails to state a claim for with relief may be granted.

13.     **Estoppel**

Neo4j Sweden licensed neo4j software under the GPL and AGPL license which is a licensing framework to allow free use, modification and support for the software licensed. Users, joint authors and third

parties use, modify and support the software with the expectation, as provided under the terms of the GPL and AGPL, that they are free to do so on a continuous basis. John Suhy, relying on the terms of the licenses and the proper use of the GPL and AGPL licenses by Neo4j Sweden, learned the software and developed skills to support the software at a highly skilled level so he could provide professional services to users of the Neo4j open source software. Mr. Suhy did not know Neo4j Sweden was concealing that after using the open source model, it wanted to stop the open source version to commercially profit from the user and third parties efforts, Neo4j Sweden then violated the GPL and AGPL by attempting to take the software and commercialize it, preventing users for obtaining the source code for modifications as required under the GPL and AGPL, adding improper terms (Commons Clause) to prevent users from properly using the software as allowed under the terms of the GPL, the AGPL, and the Github licenses and trying to prevent third parties from supporting the software. They then forced third party service providers to sign up with Neo4j USA agreement which Neo4j USA could terminate at anytime but barred the service provider from supporting Neo4j software for years. Effectively trying to stop all third pary support for software. Then they attack third party users and supporters claiming any use of the trademark is a violation even though there is clear law allowing people to do comparative advertising and support the product using the name of the product. By virtue of Neo4j's conduct in setting up the open source model with the later intent of changing it to commercialize the

software and essentially try to elminate the open source community in violation of the GitHub, GPL and AGPL licenses is a fraud on the public. Neo4J should be estopped from preventing users and third parties for using and supporting Neo4j software and the claims against defendants should be barred.

14. **Truth And Information Provided To Those Who Had Reason To Know**

Mr. Suhy's statements were truthful and were his opinions based on the statements made by plaintiffs and the implications if they were properly remedied by law enforcement and investors. The statement were made to people who had reason to know the information and Suhy had no information his statements were false when made. Neo4J USA has told the US government they could not use the open source version when they know that position is false. Lying to the US government on such a material issue is a fraud and a crime. Neo4j USA told Suhy to change a transaction from a support deal to a license deal. It was Suhy's understanding this was to improperly over state revenues in financials for potential investors. A license fee is generally booked as earned when made while support fees are earned over time. This would be a fraud, claiming support fees as license fees, on investors leading to potential criminal actions and shareholder suits if the authorities or investors found out and did something about it.

### Prayer for Relief

Wherefore Defendants request:

1. The complaint be dismissed with prejudice;

2. That the trademark based claims be found exceptional as there is no standing and the alleged infringments are obviously nominative fair use and comparative advertising, allowing Defendants to recover attorneys fees under 15 U.S.C. §1117 (a);

3. That Defendants recover costs and attorneys fees as permitted by law;

4. And for such other relief as the Court deems just.

Dated: October 19, 2020

_____/s/ Adron G. Beene_____
Adron W. Beene SB# 129040
Adron G. Beene SB# 298088
Attorney At Law
1754 Technology Drive, Suite 228
San Jose, CA 95110
Tel: (408) 392-9233
Fax: (866) 329-0453
adron@adronlaw.com

Attorney for Defendants
PURETHINK LLC, a Delaware limited
liability company, IGOV INC., a Virginia
corporation, and JOHN MARK SUHY

### DEMAND FOR JURY TRIAL

Defendants PureThink LLC, iGOV Inc. and John Mark Suhy hereby demand a trial by jury.

Dated: October 19, 2020

_____/s/ Adron G. Beene_____
Adron W. Beene SB# 129040
Adron G. Beene SB# 298088
Attorney At Law
1754 Technology Drive, Suite 228
San Jose, CA 95110
Tel: (408) 392-9233
Fax: (866) 329-0453

adron@adronlaw.com

Attorney for Defendants
PURETHINK LLC, a Delaware limited
liability company, IGOV INC., a Virginia
corporation, and JOHN MARK SUHY