John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Bar No. 197241
jratinoff@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:     (408) 286-9800
Facsimile:      (408) 998-4790

Attorneys for Plaintiffs
NEO4J, INC. and NEO4J SWEDEN AB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br><br>　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIM. | CASE NO.  5:18-cv-07182-EJD<br><br>**STIPULATION FOR REMOTE PROTOCOL FOR THE DEPOSITION OF DEFENDANT IGOV INC. MADE PURSUANT TO FRCP 30(b)(4)** |

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3630296.1
STIPULATION FOR REMOTE PROTOCOL FOR THE DEPOSITION OF DEFENDANT IGOV INC. MADE PURSUANT TO FRCP 30(B)(4);
CASE NO. 5:18-CV-07182-EJD

# STIPULATION

Plaintiffs Neo4j, Inc. ("Neo4j USA") and Neo4j Sweden AB (collectively "Plaintiffs") and Defendants PureThink LLC, iGov Inc., and John Mark Suhy (collectively "Defendants"), by and through their counsel of record, hereby stipulation as follows:

WHEREAS, Federal Rule of Civil Procedure 29 permits parties to stipulate as to the manner in which depositions may be taken;

WHEREAS, Federal Rule of Civil Procedure 30(b)(4) permits parties to stipulate that a deposition be taken by remote means;

WHEREAS, Federal Rule of Civil Procedure 30(b)(5)(B) provides that if depositions are recorded, the appearance or demeanor of deponents or attorneys shall not be distorted through camera techniques; and

WHEREAS, as a result of the novel coronavirus pandemic, the parties' ability to travel and conduct in-person meetings may be restricted or prohibited;

THEREFORE, the Parties agree to the following:

1. By agreeing to this Stipulated Deposition Protocol, no party waives the right to insist that the deposition of a particular witness be taken in person. This Protocol in no way constitutes an agreement by the Parties to take all depositions via remote means. It only applies to the deposition of iGov Inc., which the parties have agreed to take remotely.

2. The Parties agree to use the Zoom platform administered by Bell & Myers Court Reporters and Legal Videographers ("Bell & Myers Court Reporters") to take the remote deposition of Defendant iGov Inc.

3. The Parties agree to waive the traditional in-person oath at deposition. In lieu of the traditional in-person oath, the Parties agree that the witness can be sworn-in remotely by the court reporter transcribing the deposition.

4. The remote deposition taken pursuant to this Stipulation will be deemed to have been conducted "before an officer" as required by Federal Rule of Civil Procedure 30(b)(5)(A) so long as that officer attends the deposition via the same remote means used to connect all other remote participants.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3630296.1
STIPULATION FOR REMOTE PROTOCOL FOR THE DEPOSITION OF DEFENDANT IGOV INC. MADE PURSUANT TO FRCP 30(B)(4); CASE NO. 5:18-CV-07182-EJD

5.  The depositions subject to this Protocol shall be recorded by stenographic and by audiovisual means.

6.  The defending attorney shall ensure that the witness has access to technology that meets the minimum standards required by the Platforms, including but not limited to a computer with an internet speed of at least 1.5 Megabits per second; a webcam; and a phone, USB microphone, headphones with a microphone, or other technology sufficient to ensure the transmission of high quality audio and video via the platform.

7.  The questioning attorney (or another individual from the questioning attorney's office) shall have primary responsibility for handling exhibits during the deposition. The questioning attorney shall present digital copies of each of the exhibits to the witness and defending attorney via the "Chat" feature of the Zoom platform. The questioning attorney may elect to pre-mark exhibits, if desired, but otherwise the court reporter will electronically mark exhibits during the deposition and may save the marked exhibits in a unique folder maintained by the court reporter during the deposition. The court reporter will create an official set of these exhibits and make them available to all parties following the conclusion of the deposition.

8.  In addition to presenting copies of the exhibits via the "Chat" feature, as described above, the questioning attorney may display certain exhibits electronically on a split screen on the Zoom platform during the deposition. The questioning attorney will have primary control of the exhibit when displayed on the split screen and may annotate such exhibit on the record during the deposition. The questioning attorney may also give control of an exhibit to the witness to annotate on the record during the deposition. Annotated exhibits will be saved by the court reporter and become part of the official set of exhibits downloaded by the court reporter following the deposition.  Likewise, the questioning attorney may use html links to bring up webpages in real time, which may be captured via video and/or screenshot.

9.  The witness shall maintain appropriate lighting for the duration of the deposition, so that the witness is always visible via the video feed to all participants at the deposition.

10. No other video or audio recordings of the deposition or video feed shall be made by any participant to the deposition.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3630296.1                                    - 3 -
STIPULATION FOR REMOTE PROTOCOL FOR THE DEPOSITION OF DEFENDANT IGOV INC. MADE PURSUANT TO FRCP 30(B)(4);
CASE NO. 5:18-CV-07182-EJD

11. Audio feed can either be through the computer (preferable), or via phone, but not both (due to feedback). A Zoom telephone conference line number shall be provided by the court reporter. Parties with slower internet connections should utilize the phone line for audio.

12. Except for the witness, questioning attorney, defending attorney, court reporter and videographer, all other attendees should remain on mute when not speaking.

13. The witness will have his or her cell phone turned off during the deposition. The witness will also not use any chat, messenger or email programs or applications on his or her computer, tablet or any mobile device while on the record during the deposition. The witness will state under oath at the beginning of the deposition that he or she will not engage in communications by any means with counsel or anyone else while on the record outside of those communications to which all are privy.

14. For all depositions that proceed in a fully remote fashion, no one else will be in the room in which the witness is located during the deposition unless otherwise agreed in advance.

15. Prior to the scheduled deposition, the witness and a representative from Bell & Myers Court Reporters shall conduct a test videoconference to confirm sound and video quality, appropriate positioning of camera, lighting, and background, etc.

16. The public chat function will be enabled, but not any private chat functions. The court reporter shall be designated to receive communications from anyone who loses access to the deposition due to technical issues.

17. Attendance of the deposition shall be "locked" once the deposition begins, (i.e., participants cannot join at will). The court reporter or exhibit tech shall establish a "waiting room" for the deposition. Should a participant wish to join a deposition in progress, need to leave and rejoin a deposition or loses their connection due to technical issues, that participant will be placed in the "waiting room" until the court reporter or exhibit tech allows their re-entry to the deposition.

18. The court reporter will set up private Zoom breakout rooms at counsel's request, which may only be used off the record and during agreed-upon breaks.

///

Hopkins & Carley
Attorneys At Law
San Jose ♦ Palo Alto

842\3630296.1 - 4 -
STIPULATION FOR REMOTE PROTOCOL FOR THE DEPOSITION OF DEFENDANT IGOV INC. MADE PURSUANT TO FRCP 30(B)(4); CASE NO. 5:18-CV-07182-EJD

19. The parties further agree that an objection to the form of a question made by counsel for any Defendant will be deemed to be an objection to form by all Defendants without the need for any other Defendant's counsel to repeat or join in any such objection.

20. The parties may further modify this stipulation as circumstances change with the ongoing pandemic. Further, any party may seek relief from the Court to modify this stipulation for good cause shown.

Dated: October 21, 2020

    HOPKINS & CARLEY
    A Law Corporation

By: */s/ Jeffrey M. Ratinoff*
    John V. Picone III
    Jeffrey M. Ratinoff
    Attorneys for Plaintiffs
    NEO4J, INC. AND NEO4J SWEDEN AB

Dated: October 21, 2020

By: */s/ Adron W. Beene*
    Adron W. Beene
    Adron G. Beene
    Attorneys for Defendants and
    Counterclaimants PURETHINK LLC,
    IGOV INC., and JOHN MARK SUHY

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3630296.1

- 5 -

STIPULATION FOR REMOTE PROTOCOL FOR THE DEPOSITION OF DEFENDANT IGOV INC. MADE PURSUANT TO FRCP 30(B)(4); CASE NO. 5:18-CV-07182-EJD

**FILER'S ATTESTATION**

I, Jeffrey M. Ratinoff, am the ECF user whose credentials were utilized in the electronic filing of this document. In accordance with N.D. Cal. Civil Local Rule 5-1(i)(3), I hereby attest that all signatories hereto concur in this filing.

Dated: October 21, 2020

HOPKINS & CARLEY
A Law Corporation

By: */s/ Jeffrey M. Ratinoff*
Jeffrey M. Ratinoff
Attorneys for Plaintiff and Counter-Defendant NEO4J, INC.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3630296.1
STIPULATION FOR REMOTE PROTOCOL FOR THE DEPOSITION OF DEFENDANT IGOV INC. MADE PURSUANT TO FRCP 30(B)(4); CASE NO. 5:18-CV-07182-EJD