1  John V. Picone III, Bar No. 187226
   jpicone@hopkinscarley.com
2  Jeffrey M. Ratinoff, Bar No. 197241
   jratinoff@hopkinscarley.com
3  HOPKINS & CARLEY
   A Law Corporation
4  The Letitia Building
   70 South First Street
5  San Jose, CA  95113-2406

6  *mailing address:*
   P.O. Box 1469
7  San Jose, CA 95109-1469
   Telephone:    (408) 286-9800
8  Facsimile:    (408) 998-4790

9  Attorneys for Plaintiffs and Counter-Defendants
   NEO4J, INC. and NEO4J SWEDEN AB
10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13  NEO4J, INC., a Delaware corporation,        CASE NO.  5:18-cv-07182-EJD
    NEO4J SWEDEN AB, a Swedish
14  corporation,                                **PLAINTIFFS' NOTICE OF MOTION AND
                                                MOTION TO STRIKE; MEMORANDUM
15              Plaintiffs,                      OF POINTS AND AUTHORITIES IN
                                                SUPPORT THEREOF**
16       v.
                                                **[Fed. R. Civ. P. 12(b)(6), 12(f)]**
17  PURETHINK LLC, a Delaware limited
    liability company, IGOV INC., a Virginia    Date:     February 11, 2021
18  corporation, and JOHN MARK SUHY, an         Time:     9:00 a.m.
    individual,                                 Dept.:    Courtroom 4, 5th Floor
19                                              Judge:    Hon. Edward J. Davila
                Defendants.
20

21  AND RELATED COUNTERCLAIMS.                  **JURY TRIAL DEMANDED**

22

23

24

25

26

27

28

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3633796.5
PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF; CASE NO. 5:18-CV-07182-EJD

1   **TO ALL PARTIES AND COUNSEL OF RECORD:**

2   **PLEASE TAKE NOTICE** that on February 11, 2021, at 9:00 a.m., or as soon thereafter

3   as the matter may be heard, in Courtroom 4, 5th Floor, at the United States District Court located

4   at 280 South First Street, San Jose, CA 95113 before the Honorable Edward J. Davila, Plaintiffs

5   and Counter-Defendants Neo4j, Inc. ("Neo4j USA") and Neo4j Sweden AB ("Neo4j Sweden")

6   (collectively, "Plaintiffs") will, and hereby do, move to strike the Seventh Affirmative Defense

7   for Cancellation of Trademark Procured by Fraud and Ninth Affirmative Defense for Naked

8   License Abandonment of Trademark asserted in Defendants' Answer to the Third Amended

9   Complaint (Dkt. No. 91) pursuant to Fed. R. Civ. P. 12(f) ("Rule 12(f)").

10   This Motion is made on the grounds that the Court previously granted Plaintiffs' motion

11   for judgment on the pleadings and dismissed Defendants' Seventh Affirmative Defense asserted

12   in response to the Second Amended Complaint. *See* Dkt. No. 70. Similarly, the Court previously

13   granted Plaintiffs' motion to strike Defendants' Ninth Affirmative Defense asserted in response to

14   the Second Amended Complaint. Dkt. No. 85. Defendants are barred from reasserting these

15   defenses because (a) the Court dismissed/struck them ***with prejudice***; (b) the reasserted defenses

16   violate the doctrines of the law of the case and claim preclusion; and (c) the reasserted defenses

17   are not in response to the only newly asserted claim in the Third Amended Complaint ("TAC").

18   This Motion is based on this Notice of Motion and Motion, the attached Memorandum of

19   Points and Authorities, the accompanying request for judicial notice and declaration, all records

20   and pleadings on file in this action, and all other matters that the Court may properly consider.

21   <u>**REQUESTED RELIEF**</u>

22   Plaintiffs respectfully request that the Court strike, with prejudice, Defendants' Seventh

23   Affirmative Defense for Cancellation of Trademark Procured by Fraud and Ninth Affirmative

24   Defense for Naked License Abandonment of Trademark asserted in Defendants' Answer to the

25   Third Amended Complaint. Plaintiffs further respectfully request that the Court issue an Order to

26   Show Cause as to why Defendants should not be subject to sanctions under F.R.Civ.P. 11(c)(3)

27   and/or the Court's inherent powers for ignoring the Court's orders, filing a frivolous pleading that

28   has caused unnecessary delay, and needlessly increased the cost of litigation for Plaintiffs.

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3633796.5

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF; CASE NO. 5:18-CV-07182-EJD

# TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................ 1

I.  STATEMENT OF ISSUES TO BE DECIDED ................................................................. 1

II.  INTRODUCTION ............................................................................................................. 1

III.  FACTUAL AND PROCEDURAL BACKGROUND ........................................................ 3
   A.  Neo4j Sweden, Neo4j USA and the Neo4j® Mark ............................................ 3
   B.  Plaintiffs' Second Amended Complaint and Defendants' Defenses Thereto ........ 4
   C.  The Court Grants Plaintiffs' Motion for Judgment on the Pleadings ................... 5
      1.  The Court Dismisses Defendants' Cancellation Counterclaim and Defense With Prejudice ............................................................................ 5
      2.  The Court Dismisses Defendants' Naked Licensing Defense ................... 6
   D.  The Court Dismisses Defendants' Further Amended Naked License Counterclaim and Strikes their Identically Plead Affirmative Naked Licensing Defense With Prejudice .............................................................. 6
   E.  Defendants' Answer to the TAC Impermissibly Revives Their Cancellation and Naked Licensing Affirmative Defenses Based on Allegations that the Court Previously Considered and Struck With Prejudice .......................... 9

IV.  APPLICABLE LEGAL STANDARDS ......................................................................... 11

V.  LEGAL ARGUMENT .................................................................................................... 12
   A.  Defendants are Barred by Doctrines of Claim Preclusion and Law of the Case From Reasserting their Seventh and Ninth Affirmative Defenses .............. 12
   B.  Defendants Cannot Amend Their Answer without Seeking Leave of Court ........ 14
   C.  Defendants Still Fail to State a Legally Viable Defense Based on an Alleged Fraud in the Procurement of that Mark ................................................ 15
   D.  Defendants' Naked Licensing Defense Still Fails as a Matter of Law ................ 19
   E.  The Court Should Deny Defendants Leave to Amend and Issue an Order to Show Cause as to Why Defendants Should Not Be Sanctioned .......................... 21

VI.  CONCLUSION ............................................................................................................... 22

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3633796.5

- i -

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

1

# TABLE OF AUTHORITIES

2

Page

3

4

**Cases**

5

*Adobe Sys. Inc. v. Coffee Cup Partners, Inc.*,
   2012 WL 3877783 (N.D. Cal. Sept. 6, 2012) ........................................................ 15

6

*In re Apple, AT & T iPad Unlimited Data Plan Litig.*,
   No. C-10-02553 RMW, 2012 WL 2428248 (N.D. Cal. June 26, 2012) ................................ 11

7

8

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................... 11

9

10

*Aureflam Corp. v. Pho Hoa Phat I, Inc.*,
   375 F.Supp.2d 950 (N.D. Cal. 2005) ........................................................ 16

11

*Barcamerica Int'l USA Trust v. Tyfield Importers, Inc.*,
   289 F.3d 589 (9th Cir. 2002) ................................................................ 19

12

13

*Barnes v. AT & T Pension Benefit Plan–Nonbargained Program*,
   718 F.Supp.2d 1167 (N.D. Cal. 2010) ........................................................ 11

14

15

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................... 11

16

*In re Bose Corp.*,
   580 F.3d 1240 (Fed. Cir. 2009) ....................................................... 16, 17

17

18

*Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*,
    637 F.3d 1047 (9th Cir. 2011) ........................................................ 21

19

20

*Chambers v. NASCO, Inc.*,
   501 U.S. 32 (1991) .................................................................... 21, 22

21

22

*eCash Techs., Inc. v. Guagliardo*,
   127 F.Supp.2d 1069 (C.D. Cal. 2000) ........................................................ 16

23

*Fantasy, Inc. v. Fogerty*,
   984 F.2d 1524 (9th Cir. 1993) ................................................................ 11

24

25

*Fink v. Gomez*,
   239 F.3d 989 (9th Cir. 2001) ................................................................ 21

26

*Hernandez v. County of Monterey*,
   306 F.R.D. 279 (N.D. Cal. 2015) ........................................................ 11, 12

27

28

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3633796.5

- ii -

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF; CASE NO. 5:18-CV-07182-EJD

1

### TABLE OF AUTHORITIES
### (continued)

2

Page

3

*Herrera v. Countrywide KB Home Loans*,
    2012 WL 901340 (N.D. Cal. Mar. 15, 2012) .......................................................... 13

4

*Hokto Kinoko Co. v. Concord Farms, Inc.*,
    738 F.3d 1085 (9th Cir. 2013) ................................................................. *passim*

5

6

*Lee v. City of Los Angeles*,
    250 F.3d 668 (9th Cir. 2001) .................................................................. 12

7

*Letica Corp. v. Sweetheart Cup Co.*,
    805 F.Supp. 482 (E.D. Mich. 1992) ........................................................ 20

8

9

*Littlejohn v. United States*,
    321 F.3d 915 (9th Cir. 2003) ............................................................. 12, 13

10

11

*In re Marino*,
    181 F.3d 1142 (9th Cir. 1999) ................................................................. 12

12

*Metro Traffic Control, Inc. v. Shadow Network, Inc.*,
    104 F.3d 336 (Fed. Cir. 1997) ................................................................ 18

13

14

*In re New Century*,
    588 F.Supp.2d 1206 (C.D.Cal.2008) ....................................................... 12

15

16

*Perez v. Gordon & Wong Law Group, P.C.*,
    No. 11-CV-03323-LHK, 2012 WL 1029425 (N.D. Cal. Mar. 26, 2012) ............. 11

17

*Planetary Motion, Inc. v. Techsplosion, Inc.*,
    261 F.3d 1188 (11th Cir. 2001) ................................................................. 6

18

19

*Platte Anchor Bolt, Inc. v. IHI, Inc.*,
    352 F.Supp.2d 1048 (N.D. Cal. 2004) ...................................................... 12

20

21

*Pony Exp. Courier Corp. of Am. v. Pony Exp. Delivery Serv.*,
    872 F.2d 317 (9th Cir. 1989) .............................................................. 17, 18

22

23

*Richardson v. United States*,
    841 F.2d 993 (9th Cir.1988) .................................................................. 14

24

*Scat Enterprises, Inc. v. FCA US LLC*,
    2017 WL 5749771 (C.D. Cal. June 8, 2017) .............................................. 17

25

26

*Sec. Investor Prot. Corp. v. Vigman*,
    74 F.3d 932 (9th Cir.1996) ................................................................... 14

27

28

Hopkins & Carley
Attorneys At Law
San Jose ♦ Palo Alto

842\3633796.5

- iii -

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF; CASE NO. 5:18-CV-07182-EJD

## TABLE OF AUTHORITIES
### (continued)

Page

*Semtek Int'l Inc. v. Lockheed Martin Corp.*,
531 U.S. 497 (2001) ..................................................................................................... 12

*Sidney-Vinstein v. A.H. Robins Co.*,
697 F.2d 880 (9th Cir. 1983) ....................................................................................... 11

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) ....................................................................................... 12

*Sterling Drug Inc. v. Lincoln Laboratories, Inc.*,
322 F.2d 968 (7th Cir. 1963) ....................................................................................... 20

*Stewart v. U.S. Bancorp*,
297 F.3d 953 (9th Cir. 2002) ....................................................................................... 12

*Synopsys, Inc. v. Magma Design Automation, Inc.*,
2005 WL 8153035 (N.D. Cal. Oct. 19, 2005) ............................................................. 15

*Teeter-Totter, LLC v. Palm Bay Int'l, Inc.*,
344 F.Supp.3d 1100 (N.D. Cal. 2018) ......................................................................... 18

*United States v. Lummi Indian Tribe*,
235 F.3d 443 (9th Cir.2000) ........................................................................................ 14

*United States v. Park Place Assoc.*,
563 F.3d 907 (9th Cir. 2009) ....................................................................................... 14

*W. Fla. Seafood, Inc. v. Jet Restaurants, Inc.*,
31 F.3d 1122 (Fed. Cir. 1994) ..................................................................................... 18

*Wyshak v. City Nat'l Bank*,
607 F.2d 824 (9th Cir. 1979) ....................................................................................... 11

**Statutes**

15 U.S.C.
§ 1055 ............................................................................................................... 2, 8, 9, 20
§ 1114 ............................................................................................................................ 4
§ 1119 .......................................................................................................................... 15
§ 1125(a) ........................................................................................................................ 4
§ 1127 ..................................................................................................................... *passim*
§ 1055 ............................................................................................................................ 7
§ 1055 .......................................................................................................................... 18
§ 1127 .......................................................................................................................... 18

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3633796.5

- iv -

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

# TABLE OF AUTHORITIES
## (continued)

**Page**

Cal. Bus. Prof. Code
    §§ 17200 et seq. ......................................................................................................... 4

Cal. Penal Code
    § 632............................................................................................................................. 4
    § 637.2.......................................................................................................................... 4

**Other Authorities**

Civil L.R. 1-4 .................................................................................................................... 22

Fed. R. Civ. P.
    8(b)(1) ......................................................................................................................... 11
    8(c) ............................................................................................................................. 11
    9 ................................................................................................................................. 17
    9(b) ......................................................................................................................... 5, 16
    11 ............................................................................................................................... 21
    11(b)(1) ....................................................................................................................... 21
    12(b)(6) ......................................................................................................................... 7
    12(f)....................................................................................................................... 7, 11

Trademark Manual of Examining Procedure
    § 1201.03(a) ............................................................................................................... 18
    § 903.0........................................................................................................................ 18

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3633796.5

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.**   **STATEMENT OF ISSUES TO BE DECIDED**

1.   Whether Defendants' Seventh Affirmative Defense for Cancellation of Trademark Procured by Fraud should be stricken for violating the Court's prior dismissal of that defense with prejudice.

2.   Whether Defendants' Seventh Affirmative Defense for Cancellation of Trademark Procured by Fraud amounts to a legally viable defense.

3.   Whether Defendants' Ninth Affirmative Defense for Naked License Abandonment of Trademark should be stricken for violating the Court's prior dismissal of that defense with prejudice.

4.   Whether Defendants' Ninth Affirmative Defense for Naked License Abandonment of Trademark amounts to a legally viable defense for abandonment of trademark pursuant to 15 U.S.C. § 1127.

5.   Whether the Court should issue an order to show cause as to why Defendants should not be subject to sanctions for improperly filing a frivolous and unwarranted pleading that has caused unnecessary delay and needlessly increased the cost of litigation in violation of the Court's prior orders and the parties' stipulation concerning the filing of the TAC.

**II.**   **INTRODUCTION**

Plaintiffs bring this motion to strike to stop Defendants' unjustified refusal to comply with the Court's prior orders dismissing their counterclaims and nearly identical affirmative defenses that sought the cancellation of the Neo4j® Mark based on alleged fraudulent statements made by Neo4j USA in the application, and/or abandonment of that mark via naked licensing **with prejudice**. Defendants are precluded by the law of the case doctrine and the guiding principles of claim preclusion from attempting to revive these theories as affirmative defenses to the TAC.

To be sure, the issue of whether Defendants could assert procurement by fraud and naked licensing defenses based on Neo4j USA not allegedly owning the trademark rights to the Neo4j® Mark in the United States was **conclusively resolved** after the Court granted Plaintiffs' Motion for Judgment on the Pleadings and Subsequent Motion to Dismiss/Strike **with prejudice** when

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3633796.5

\- 1 -

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

Plaintiffs moved on Defendants' Seventh Affirmative Defense asserted in their answer to the Second Amended Complaint ("SAC"). One of the arguments Plaintiffs made was that Neo4j USA is a related company to Neo4j Sweden pursuant to 15 U.S.C. §§ 1055, 1127. These statutes make clear that when a mark is used legitimately by related companies, *i.e.* Neo4j Sweden, such use shall inure to the benefit of the registrant or applicant for registration, *i.e.* Neo4j USA, and such use shall not affect the validity of such mark or of its registration.

In their opposition, Defendants did not substantively address this argument, and instead, ***conceded*** that their fraud on the USPTO theory was not viable. Consequently, the Court dismissed their cancellation counterclaim and defense with prejudice. Notably, Defendants did not propose to save their cancellation defense by alleging that Neo4j USA failed to disclose that it was a non-exclusive licensee of the Neo4j® Mark as they now allege in their revived Seventh Affirmative Defense despite having prior knowledge of those facts. Even if they had sought leave to amend based on that allegation, it would have been futile because it does not amount to a material misrepresentation due to Neo4j Sweden and Neo4j USA's status as related companies and the plain language of the Lanham Act.

Defendants also previously raised Neo4j USA's alleged lack of ownership of the Neo4j® Mark in their opposition to Plaintiffs' motion to dismiss and strike Defendants' naked licensing counterclaim and defense. In opposition, Defendants sought leave to amend to assert the same deficient lack of ownership theory that it now asserts in its Seventh and Ninth Affirmative Defenses. Neo4j USA specifically addressed this argument in its reply, arguing that the proposed amendment failed to address how this would alter the relationship between Neo4j USA and Neo4j Sweden as related companies under the Lanham Act and the presumption that their combined use of the NEO4J® mark "shall not affect the validity of such mark" as provided by 15 U.S.C. § 1055.

After considering the foregoing arguments, the Court determined that granting further leave to amend would be futile because Defendants already amended their pleadings on this issue. Defendants are therefore not entitled to a second bite at the apple as they had multiple opportunities to allege and argue the ownership issue, which was fully litigated by the parties and considered by the Court via the foregoing motions. As a result, Defendants are barred from re-asserting the same

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3633796.5

- 2 -

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

fraud/abandonment theory based on Neo4j USA alleged not being the owner of the Neo4j® Mark.

Aside from the "new" allegation regarding ownership of the Neo4j® Mark, Defendants inexplicably re-allege their cancellation defense based on Neo4j USA falsely claiming a date of first use prior to its incorporation.  As Defendants previously conceded, however, that theory is not viable as a matter of law because prior to and at the time of filing, the Neo4j® Mark was indisputably used in commerce by Neo4j USA.  Likewise, in support of their abandonment defense, Defendants re-allege Neo4j Sweden's licensing of the Neo4j® graph database software via the GPL and AGPL.  This is improper given that in dismissing that theory with prejudice, the Court *expressly* held that neither the GPL or AGPL address trademark rights and are not trademark licenses, and that Plaintiffs' alleged failure to exercise quality control over third parties modifying that software do not meet the definition of abandonment under the Lanham Act.

There is simply no excuse for Defendants' improper end-around of the Court's orders – and none was given by Defendants when Plaintiffs repeatedly requested they withdraw their current answer.  By unilaterally reviving their cancellation and naked licensing theories, Defendants have disrupted what was supposed to be a settled schedule and set of issues to be determined by the parties' Phase 1 motions for summary judgment.  Defendants' unilateral reassertion of two defenses that were dismissed with prejudice is also frivolous and has needlessly increased the cost of litigation by forcing Plaintiffs to file this motion.   Accordingly, the Court should not only again dismiss Defendants' Seventh and Ninth Affirmative Defenses with prejudice, but also issue an order to show cause as to why Defendants should not pay Plaintiffs' attorneys' fees as sanctions to deter future attempts by Defendants to ignore the Court's dispositive rulings and increase costs.

## III.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Neo4j Sweden, Neo4j USA and the Neo4j® Mark

Neo4j Sweden is the owner of all copyrights related to the Neo4j® graph database software, including the source code, and has licensed said copyrights to Neo4j USA.  *See* Dkt. No. 90, ¶ 4; *see also* Dkt. No. 72, ¶ 86.  After its incorporation, Neo4j USA became the parent company to Neo4j Sweden, and obtained the rights to the Neo4j® Mark in the United States from Neo4j Sweden.  Dkt. No. 72, ¶¶ 86-87; *see also* Dkt. No. 90, ¶¶ 2-4, 23.  Thereafter, on April 30, 2014,

Neo4j USA filed an application to register "NEO4J" as a trademark in the United States covering goods and services in IC 009, IC 035, IC 041 and IC 045.  First use of the Neo4j® Mark was claimed in June 2006 and first use in commerce in May 2007 based on the use of that mark by Neo4j USA's predecessor-in-interest and related company, Neo4j Sweden, whose use properly inured to the benefit of Neo4j USA.  *See* Dkt. No. 72 at ¶ 89; see also Declaration of Jeffrey M. Ratinoff ("Ratinoff Decl."), Exh. 3; Plaintiffs' Request for Judicial Notice ("RJN"), ¶ 1.

**B.      Plaintiffs' Second Amended Complaint and Defendants' Defenses Thereto**

On November 28, 2018, Neo4j USA filed suit against PureThink and its successor-in-interest iGov, along with their founder John Mark Suhy for (1) trademark infringement 15 U.S.C. § 1114; (2) false designation of origin and false advertising in violation of 15 U.S.C. § 1125(a); (3) federal unfair competition in violation of 15 U.S.C. § 1125(a); (4) state unfair competition in violation of Cal. Bus. Prof. Code §§ 17200 et seq.; (5) breach of the Partner Agreement; and (6) invasion of privacy in violation of Cal. Penal Code §§ 632, 637.2.  *See* Dkt. No. 1.  Neo4j USA's Lanham Acts claims were based, *inter alia*, on Defendants' unauthorized use of the Neo4j® Mark in conjunction with the sale and advertising of Defendants' graph database solutions and software and related support services.  Their alleged violations also include falsely suggesting Neo4j USA's authorization and/or sponsorship of Defendants' products and services and misleading consumers regarding their prior contributions to the NEO4J® graph database software.

On November 25, 2019, Plaintiffs filed their Second Amended Complaint ("SAC").  *See* Dkt. No. 50.  In response, Defendants filed an answer to the SAC asserting their Seventh Affirmative Defense for Cancellation of Trademark Procured by Fraud as follows:

> The Registered Trademark for NEO4J, Reg. No. 4,784,280, was procured by fraud as the representation was that Neo Technology (a Delaware corporation) (changed to Neo4J, Inc.) first used the trademark in 6-4-2006 and in commerce in 5-28-2007. These statements are false as Neo Technology did not exist on those dates represented as the company was formed 7-7-2011 in Delaware under File Number 5007564. Because the registration was procured by fraud, the registration should be cancelled pursuant to 15 U.S.C. §1119.

Dkt. No. 54 at 18:20-19:3.  Defendants also asserted their Ninth Affirmative Defense for Naked

Hopkins & Carley
Attorneys At Law
San Jose ♦ Palo Alto

842\3633796.5                                                    - 4 -

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

License Abandonment of Trademark as follows:

> Neo4J USA claims they own the Neo4J trademark but there is confusion whether that is a company name trademark or product name trademark. This confusion is exacerbated by Neo4J Sweden's open source license for the Neo4J software. Neo4J Sweden's license states: "The software ("Software") is developed and owned by Neo4J Sweden AB (referred to in this notice as "Neo4J")…. Neo4J Sweden asserts they own the software- and not Neo4J USA- and yet both companies use Neo4J name as part of the company name and call the open source software product Neo4J too. As the Neo4J software is licensed as open source software, there is no ability to maintain quality control of how licensees modify, use or distributed or conveyed. As a result, Neo4J USA has abandoned the Neo4J trademark under the doctrine of Naked License.

Dkt. No. 54 at 19:12-25.  Defendants also asserted these defenses as identical counterclaims.  *See* Dkt. No. 55, ¶¶ 85-86, 88-92; *see also* Dkt. No. 48, ¶¶ 8-10.

### C.   The Court Grants Plaintiffs' Motion for Judgment on the Pleadings

#### 1.   The Court Dismisses Defendants' Cancellation Counterclaim and Defense With Prejudice

Plaintiffs moved for judgment on the pleadings on Defendants' cancellation counterclaim and affirmative defense ("Cancellation Arguments") on three grounds.  First, Defendants failed to allege facts with the requisite particularity under Rule 9(b) that establish the five necessary requirements, including facts establishing any element of knowing intent to deceive by Neo4j USA, or reliance by and any alleged damage to Defendants.  *See* Dkt. No. 60 at 8:17-10:8.

Second, Defendants' Cancellation Arguments failed as a matter of law because the alleged misstatement of the date of first use in commerce of the Neo4j® Mark was not material to the registration.  *See* Dkt. No. 60 at 10:11-11:24.  In previously addressing that argument, Plaintiffs established that the claimed dates of first use for the Neo4j® Mark are accurate because they were based on use by Neo4j USA's predecessor-in-interest and related company, Neo4j Sweden, whose use properly inured to the benefit of Neo4j USA.  *See* Dkt. No. 60 at 10:22-27.

In their opposition, Defendants did not substantively address these arguments.  Defendants also did not attempt to save their Cancellation Arguments by claiming they could allege facts purporting to establish that Neo4j USA misrepresented to the PTO that it was the owner of the trademark, allegedly concealed that it was a non-exclusive licensee, or how status as a non-exclusive licensee would be relevant.  Rather, Defendants conceded that this defense was not

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3633796.5

- 5 -

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

legally viable.  *See* Dkt. No. 63 at 3:7-25.    Consequently, the Court held that "Defendants effectively conceded that the Cancellation Arguments fail to establish a legally plausible claim or defense. Given this concession, the Court finds that amendment would be futile. [] Accordingly, the Court **GRANTS** the Motion as to the Cancellation Arguments and **DISMISSES** these claims with prejudice."  Dkt. No. 70 at 8:4-18 (emphasis in original).

### 2. The Court Dismisses Defendants' Naked Licensing Defense

Plaintiffs also moved for judgment on the pleadings on Defendants' trademark abandonment theory based on allegations that the Neo4j® graph database software was offered under the GNU General Public License ("GPL") and a variant for server deployment called the GNU Affero General Public License ("AGPL"), which amounted to an abandoning of that mark. In support of its motion, Plaintiffs argued that Defendants' naked license theory failed as a matter of law because courts, including the Eleventh Circuit in *Planetary Motion, Inc. v. Techsplosion, Inc.*, 261 F.3d 1188, 1198 (11th Cir. 2001), recognize that the open source licensing of software via the GPL and AGPL constitutes an intent to control trademark rights, not the relinquishment of rights. Dkt. No. 70 at 11:21-12:25.  The Court dismissed Defendants' naked licensing counterclaim and defense, finding that "the fact that Plaintiff distributed Neo4j software on an open source basis pursuant to the GPL and AGPL is not, without more, sufficient to establish a naked license or demonstrate abandonment. *Id.* at 13:24-26.  However, the Court granted them leave to amend only "[t]o the extent that Defendants are able to allege that Plaintiff failed to exercise actual control over licensees' use of the trademark." *Id.* at 13:27-14:2.

### D. The Court Dismisses Defendants' Further Amended Naked License Counterclaim and Strikes their Identically Plead Naked Licensing Affirmative Defense With Prejudice

On June 5, 2020, Defendants filed their Second Amended Counterclaim and First Amended Answer to Plaintiffs' Second Amended Complaint containing the same amendments supporting their naked license counterclaim and defense. *See* Dkt. Nos. 71, 72.  However, Defendants merely re-alleged their naked licensing defense based on the open source licensing of Neo4j® graph database software by replacing Neo4j USA with Neo4j Sweden. *See* Dkt. No. 71 at 19:7-23:17.

The crux of their abandonment theory remained that distribution of the Neo4j® graph

Hopkins & Carley
Attorneys At Law
San Jose ◆ Palo Alto

842\3633796.5

\- 6 -

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

database software copyrights under the terms of the AGPL and GPL, amounted to the naked licensing of the Neo4j® Mark.    Defendants simply extended that theory to Neo4j USA's predecessor-in-interest and current wholly-owned subsidiary and related company, Neo4j Sweden. Dkt. No. 71 at 19:7-23:17.  Namely, that Neo4j Sweden's licensing of the Neo4j® graph database software copyrights under the terms of the GPL and AGPL before Neo4j USA existed amounted to naked licensing of the Neo4j® Mark because Neo4j Sweden did not implement any further quality controls beyond those licenses.  As a result, when Neo4J USA "obtained rights to the Neo4J trademark years later, the [Neo4j® Mark] was already abandoned by Neo4J Sweden's lack of contractual and actual or adequate quality control for third party's extensive use of the [Neo4j® Mark]." *Id*. at 19:12-16.  Defendants then alleged that even after Neo4j USA was incorporated and was assigned the rights in the Neo4j® Mark, "Neo4J Sweden has not exercise[d] contractual control over GPL and AGPL licensee's use of the [Neo4j® Mark]." *Id*. at 20:5-6.  Defendant's declaratory relief claim for abandonment of trademark in their Second Amended Counterclaim essentially repeated these allegations verbatim.   Dkt. No. 72, ¶¶ 85-97.

Plaintiffs filed a Rule 12(b)(6) motion to dismiss and Rule 12(f) motion to strike, arguing that the new allegations formed the same nucleus of facts as those in its prior pleadings and do not cure the defects addressed by the Court's order.  Dkt. No. 73.  In relevant part, Plaintiffs argued that the distinction Defendants attempted to draw between Neo4j Sweden and Neo4j USA was of no matter because they concede that even before Neo4j USA existed, Neo4j Sweden used the GPL and AGPL to distribute Neo4j® graph database software.  *Id*. at 10:7-20.   Plaintiffs further argued:

> The fact that Neo4j® Mark was used by Neo4j USA's predecessor-in-interest is also of no consequence as Neo4j Sweden's use properly inured to the benefit of Neo4j USA.  *See* 15 U.S.C. § 1127 []; 15 U.S.C. § 1055 []. For this same reason, the fact that Neo4j Sweden continues to be the owner of the copyright in the Neo4j® software and is the licensor thereof, while Neo4j USA owns the NEO4J® mark does not amount to abandonment.  *See* Dkt. No. 72 at ¶¶ 87, 90.  As conceded by Defendants, Neo4j USA is the parent of Neo4J Sweden.  *See id*. at ¶ 87.  Thus, they continue to meet the definition of "related companies" under 15 U.S.C. § 1127 and their combined use of the "shall not affect the validity of such mark."  15 U.S.C. § 1055; *see also Hokto Kinoko Co. v. Concord Farms, Inc.*, 738 F.3d 1085, 1098 (9th Cir. 2013) (no naked licensing where subsidiary used parent company's trademark).

Dkt. No. 73 at 10:21-11:7.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3633796.5

- 7 -

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

Defendants did not address either related company doctrine under the Lanham Act or that

*Hokto Kinoko* provided that parent and subsidiaries may both use the same trademark.  See Dkt.

No. 78 at 2:11-9:13.  Instead, Defendants made unsupported and conclusory arguments that:

> **There is no allegation that Neo4J USA owns all the intellectual property rights to Neo4J** and can control Neo4J Sweden. When Neo4J USA obtained rights to the Neo4J trademark years later, the Neo4J trademark was already abandoned by Neo4J Sweden's lack of contractual and actual or adequate quality control for third party's extensive use of the Neo4J trademark. ¶86 Likewise, Plaintiff's claim Neo4J Sweden is the predecessor-in-interest (Dkt. No. 73 pg.2:17-21; pg.10:19) is a matter of proof as it is not in the pleadings. **And the claim is not supported by the agreement between the Neo4J Sweden and Neo4J USA**.
>
> \* \* \*
>
> Neo4J Sweden has produced no document showing an assignment of its trademarks or the software to plaintiff Neo4J USA. The document produced related to Neo4J USA's limited rights to the trademark was listed as attorney's eyes only so further discussion in a pleading motion is inappropriate. But it is not an assignment agreement. Reliance on assertions that Neo4J USA owns the trademarks is improper as the position is not supported by the allegations in the SAC.

Dkt. No. 78 at 5:1-9, fn 3 (emphasis added).  They also requested leave to amend as follows:

> If the court considers plaintiff's assertions that do not appear supported by the allegations in the SAC, for example, that plaintiff owns the Neo4J trademark-as opposed to the registration, Neo4J USA is the successor-in-interest to Neo4J Sweden, or has granted a license to Neo4J Sweden's for its use of the trademark, **defendants request they be permitted to amend to allege Neo4J Sweden is the owner of the Neo4J trademark which was licensed to Neo4J USA on a non-exclusive basis. This would eliminate any of the suggestions of control, and successor-in-interest**.

Dkt. No. 78 at 9:3-13 (emphasis added).

In their Reply, Plaintiffs addressed these arguments made by Defendants.  *See* Dkt. No. 79

at 5:8-6:19, 9:15-10:14.  Specifically, Plaintiffs responded that Defendants could not overcome the

presumptions under the Lanham Act that (1) "Neo4j Sweden's prior use of the NEO4J® mark

properly inured to the benefit of Neo4j USA as the registrant;" and (2) "Neo4j USA and Neo4j

Sweden continue to operate as 'related companies' under 15 U.S.C. § 1127 and their continued

combined use of the NEO4J® mark "shall not affect the validity of such mark.' 15 U.S.C. § 1055."

Dkt. No. 79 at 5:15-22.  Plaintiffs further argued that:

> Defendants ask that the Court grant them leave to amend **to "allege Neo4J Sweden is the owner of the Neo4J trademark which was licensed to Neo4J USA on a non-exclusive basis"** and that this would somehow "eliminate

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3633796.5

- 8 -

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

1

any of the suggestions of control, and successor-in-interest. Neo4J Sweden
controls Neo4J USA from a licensing perspective."

2

* * *

3

Defendants do not explain how this would alter the relationship between
Neo4j USA and Neo4j Sweden as "related companies" under the Lanham
Act and the presumption that their continued combined use of the NEO4J®
mark "shall not affect the validity of such mark." 15 U.S.C. § 1055.

4

5

6

Dkt. No. 79 at 9:16-28 (emphasis added).

7

After considered the foregoing arguments made by the parties, the Court granted Plaintiffs'

8

motion, finding that "Defendants fail[ed] to state a claim or affirmative defense for abandonment

9

of trademark" and that "Defendants having already amended their pleadings on this issue…

10

[granting] further leave to amend would be futile."  Dkt. No. 85 at 11:23-12:1.  As a result, the

11

Court *dismissed* Defendants' Tenth Cause of Action and *struck* their Ninth Affirmative Defense

12

for Naked License Abandonment of Trademark *with prejudice.  Id.* at 12:2-3.

13

14

    **E.**    **Defendants' Answer to the TAC Impermissibly Revives Their Cancellation
and Naked Licensing Affirmative Defenses Based on Allegations that the
Court Previously Considered and Struck With Prejudice**

15

Defendants recently stipulated to the filing of the Third Amended Complaint, which simply

16

added additional facts supporting its claims asserted under the Lanham Act and California's Unfair

17

Competition Law and a single new claim for defamation that are based on events and evidence

18

discovered after the filing of the Second Amended Complaint.  *See* Dkt. No. 88.  Importantly,

19

Defendants agreed that "because the scope and theory of Plaintiffs' Lanham Act claims against

20

Defendants are not materially expanded by Plaintiffs' proposed amendments, Defendants

21

acknowledge they would need to seek leave to amend their operative Counterclaim if they intend

22

to assert additional counterclaims." *Id*. at 2:19-22.

23

In contravention of that stipulation and the Court's prior orders, Defendants resuscitated

24

their Cancellation Arguments via their Seventh Affirmative Defense.  Dkt. No. 91 at 20:11-21:2.

25

Remarkably, Defendants re-allege the same theory – that stated dates of first use of the Neo4j®

26

Mark were false because Neo4j USA did not exist at those times – they previously conceded to be

27

unmeritorious.  *Id.*  The only new "fact" supporting that defense is that Neo4j USA allegedly

28

misrepresented to the USPTO that it is the owner of the Neo4j® Mark when in actuality it only

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3633796.5

- 9 -

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF; CASE NO. 5:18-CV-07182-EJD

1    received a non-exclusive license to the mark from Neo4j Sweden.  *See id.*

2         Defendants also revived their Ninth Affirmative Defense for Naked License Abandonment

3    of Trademark, which is based on the same theory of naked licensing that the Court previously

4    determined to be insufficient as matter of law.  Defendants re-alleged that the open source licensing

5    of Neo4j® graph database software constitutes naked licensing because there are no quality control

6    provisions under the GPL and AGPL and licensees allegedly have the unfettered right to modify,

7    use and distribute modified versions of Neo4j® graph database software.  Dkt. No. 91 at 21:11-

8    22:9.  The only "new facts" alleged are the same ones that Defendants previously offered to support

9    their request for leave to amend their naked licensing theory.  Specifically, that Neo4j USA is only

10   a non-exclusive licensee of the Neo4j® Mark and "that license does not include any quality control

11   requirements for Neo4J USA's use of the licensed trademark related to the products Neo4J USA

12   licenses."  *Compare* Dkt. No. 91 at 21:13-15 *and* Dkt. No. 78 at 5:1-9, fn 3, 9:3-13.

13        After Defendants filed their answer to the TAC, Plaintiffs requested that they file a corrected

14   pleading omitting the Seventh and Ninth Affirmative Defenses in light of the Court's prior

15   dismissal of counterclaims and defenses based on the same theories.  Ratinoff Decl., Exh. 1.  In

16   response, Defendants cryptically stated that "[t]he prior court's ruling did not apply to the [TAC].

17   *Id.* at 1.  Plaintiffs then requested that Defendants provide legal authority that supported their

18   position.  *Id.*  After Defendants failed to respond, Plaintiffs again requested that Defendants

19   withdraw the two affirmative defenses that were previously stricken with prejudice by the Court.

20   *Id.*, Exh. 2.  Defendants still refused to provide any legal justification for their position.  As a result,

21   Plaintiffs provided a detailed explanation that Defendants could not reassert its fraud and

22   abandonment defenses based on Neo4j USA having a non-exclusive trademark license to the

23   Neo4j® Mark from its related company and wholly owned subsidiary because Defendants had

24   unsuccessfully sought leave to amend their prior answer in order to assert such facts.  *Id.*, Exh. 2.

25   As of the filing of this motion, Defendants never provided a legitimate or legally substantiated

26   explanation for their attempt to revive their Seventh and Ninth Affirmative Defenses.  *Id.*

27   / / /

28   / / /

## IV.   APPLICABLE LEGAL STANDARDS

Federal Rule of Civil Procedure 8(b)(1) requires a party to "state in short and plain terms its defenses to each claim asserted against it."  Federal Rule of Civil Procedure 8(c) similarly requires that a party "affirmatively state any avoidance or affirmative defense."  The Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) set a heightened "plausibility" pleading standard for complaints.  Courts in this District have held that the heightened pleading standard for complaints articulated in *Twombly* and *Iqbal* applies to affirmative defenses.  *See Perez v. Gordon & Wong Law Group, P.C.*, No. 11-CV-03323-LHK, 2012 WL 1029425, at *8 (N.D. Cal. Mar. 26, 2012) (collecting cases); *see also Hernandez v. County of Monterey*, 306 F.R.D. 279, 283 (N.D. Cal. 2015) (recognizing that "[m]ost district courts in this circuit agree that the heightened pleading standard of *Twombly* and *Iqbal*...is now the correct standard to apply to affirmative defenses").  This standard is "consistent with *Iqbal's* admonition that fair notice pleading under Rule 8 is not intended to give parties free license to engage in unfounded fishing expeditions on matters for which they bear the burden of proof at trial."  *Id.* (citing *Iqbal*, 556 U.S. at 678–79).  Thus, "[w]hile a defense need not include extensive factual allegations in order to give fair notice, bare statements reciting mere legal conclusions may not be sufficient." *Id.* (internal quotation marks omitted).

A motion to strike brought pursuant to Rule 12(f) serves "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983); *see also Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). Thus, a defense may be stricken pursuant to Rule 12(f) as insufficient if it fails to give plaintiff "fair notice" of the defense.  *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *accord Barnes v. AT & T Pension Benefit Plan–Nonbargained Program*, 718 F.Supp.2d 1167, 1170 (N.D. Cal. 2010) (holding "defense is insufficiently pled if it fails to give the plaintiff fair notice of the nature of the defense").

For a court to grant a motion to strike, the grounds "must appear on the face of the pleading under attack or from matters of which the court may take judicial notice. *In re Apple, AT & T iPad*

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3633796.5                                    - 11 -

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

1   *Unlimited Data Plan Litig.*, No. C-10-02553 RMW, 2012 WL 2428248, at *2 (N.D. Cal. June 26,

2   2012); *accord In re New Century*, 588 F.Supp.2d 1206, 1220 (C.D.Cal.2008). "With a motion to

3   strike, just as with a motion to dismiss, the court should view the pleading in the light most

4   favorable to the nonmoving party." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F.Supp.2d 1048 (N.D.

5   Cal. 2004) at 1057.   The Court may also consider matters of which the Court takes judicial notice.

6   *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).   However, the Court need not

7   accept as true allegations contradicted by judicially noticeable facts, or by exhibits attached to or

8   incorporated in the pleading.   *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

9   Affirmative defenses are insufficient as a matter of law where there are no questions of fact, any

10  questions of law are clear and not in dispute, and under no set of circumstances could the defense

11  succeed." *Hernandez v. Cty. of Monterey*, 306 F.R.D. 279, 284-85 (N.D. Cal. 2015).

12  **V.      LEGAL ARGUMENT**

13          **A.      Defendants are Barred by Doctrines of Claim Preclusion and Law of the Case
                From Reasserting their Seventh and Ninth Affirmative Defenses**

14

15          It is elemental that where an identical claim involves identical parties, claim preclusion

16  applies if there has been a final judgment on the merits. *See Stewart v. U.S. Bancorp*, 297 F.3d 953,

17  956 (9th Cir. 2002) (claim preclusion prohibits lawsuits on any claims that were raised or ***could***

18  ***have been raised***).   The doctrines of claim and issue preclusion are based on the general principle

19  that "[a]fter a claim or issue is properly litigated, that should be the end of the matter for the parties

20  to that action."  *Littlejohn v. United States*, 321 F.3d 915, 919 (9th Cir. 2003).   Under the doctrine

21  of claim preclusion, "a dismissal with prejudice bars any further action between the parties on the

22  issues subtended by the case."   *In re Marino*, 181 F.3d 1142, 1144 (9th Cir. 1999); *see also Semtek*

23  *Int'l Inc. v. Lockheed Martin Corp.,* 531 U.S. 497, 505 (2001).   For purposes of claim preclusion,

24  "a dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits.'"   *Stewart*,

25  297 F.3d at 957 (9th Cir. 2002) (citing *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n. 3

26  (1981)).   Claim preclusion also "bars the subsequent application of all defenses that could have

27  been asserted in a previous action between the same parties on the same cause of action, even if

28  such contentions were not raised." *Littlejohn*, 321 F.3d at 920.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO

842\3633796.5
- 12 -
PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF; CASE NO. 5:18-CV-07182-EJD

Here, Defendants' Seventh and Ninth Affirmative Defenses seek to circumvent the Court's prior orders striking those defenses and dismissing identically plead counterclaims **with prejudice**. As detailed above, their Cancellation Arguments are primarily based on the same fraud theory, *i.e.* that the first use dates in the application for the Neo4j® Mark were false because Neo4j USA did not exist at those time. *Compare* Dkt. No. 54 at 18:20-19:3 *and* Dkt. No. 91 at 20:11-21:2; *see also* Dkt. No. 63 at 3:7-25; Dkt. No. 70 at 8:4-18. The only additional allegation asserted in support of this defense is that Neo4j USA also allegedly misrepresented to the USPTO that it was the owner of the Neo4j® Mark when it was only a non-exclusive licensee of the mark. *Id.* However, Defendants **chose** to abandon their counterclaim and defense for cancellation based on alleged fraud rather than seek leave to add allegations concerning Neo4j USA's purported status as a non-exclusive licensee of the Neo4j® Mark. This resulted in the Court dismissing that counterclaim and striking that defense **with prejudice**. Defendants are thus barred from attempting to reassert a defense based on that same theory by the spirit, if not the letter of claim preclusion. *See Littlejohn*, 321 F.3d at 920; *see also Herrera v. Countrywide KB Home Loans*, 2012 WL 901340, at *4 (N.D. Cal. Mar. 15, 2012) (finding that if plaintiff could have amended the prior complaint to allege the successive claims, then identity of claims exists).

Defendants' Ninth Affirmative Defense also asserts almost verbatim the defective open-source software naked license theory that the Court **twice** found to be insufficient as a matter of law and dismissed the second time with prejudice. *Compare* Dkt. No. 91 at 21:11-22:9 *and* Dkt. No. 71 at 19:7-23:17; *see also* Dkt. No. 72 at ¶¶ 85-95. The only allegation that Defendants have added is that "Neo4J USA claims they own the Neo4J trademark but they are only a non-exclusive licensee from Neo4J Sweden and that license does not include any quality control requirements for Neo4J USA's use of the licensed trademark related to the products Neo4J USA licenses." *See* Dkt. No. 91 at 21:12-15. This allegation is virtually identical to the facts that Defendants proffered to save their abandonment via naked licensing counterclaim and defense. *Compare id.* at 21:12-15 *and* Dkt. No. 79 at 9:16-28. As a result, the Court's prior denial of leave to amend and dismissal with prejudice bars Defendants from reasserting these same theories as affirmative defenses to the TAC. *See Herrera*, 2012 WL 901340, at *4 (N.D. Cal. Mar. 15, 2012).

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3633796.5

- 13 -

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

Defendants' attempt to revive their Cancellation Arguments and naked licensing theory also violates the "law of the case" doctrine.  Under this doctrine, it is well recognize that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *United States v. Park Place Assoc.*, 563 F.3d 907, 925 (9th Cir. 2009); *see also Richardson v. United States*, 841 F.2d 993, 996 (9th Cir.1988) ("Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case.")   For the law of the case doctrine to apply, the issue in question must have been "decided explicitly or by necessary implication in the previous disposition." *United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir.2000).  Further, under the law of the case doctrine, a party may neither "revisit theories that it raises but abandons," nor "offer up successively different legal or factual theories that could have been presented in a prior request for review." *Sec. Investor Prot. Corp. v. Vigman*, 74 F.3d 932, 937 (9th Cir.1996) (quotations and citations omitted).

As detailed above, Defendants voluntarily abandoned their Cancellation Arguments instead of seeking leave to add allegations concerning Neo4j USA being a non-exclusive licensee of the Neo4j® Mark, and they unsuccessfully offered these same facts to save their abandonment via naked licensing counterclaim and defense.  Defendants thus had multiple opportunities to allege and argue this ownership issue in the context of both defenses, which was then fully litigated by the parties and considered by the Court via Plaintiffs' successive motions.  As a result, there is no justification for Defendants' violation of the law of the case doctrine by re-alleging theories previously considered and rejected by the Court.  *See, e.g., Vigman*, 74 F.3d at 937 (stating that the law of the case doctrine prevents a litigant from "offer[ing] up successively different legal or factual theories that could have been presented in a prior request for review").  The Court should therefore again strike Defendants' Seventh and Ninth Affirmative Defenses with prejudice.

## B.      Defendants Cannot Amend Their Answer without Seeking Leave of Court

Defendants' attempt to revive their Seventh and Ninth Affirmative Defenses also violates the parties' stipulation on the filing of the TAC.  As detailed above, Defendants agreed that the TAC did not expand the scope of Plaintiffs' Lanham Act claims and that they would need to seek

Hopkins & Carley
Attorneys At Law
San Jose ♦ Palo Alto

842\3633796.5

- 14 -

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

leave to further amend their counterclaims.  *See* Dkt. No. 88 at 2:19-22.  This stipulation is consistent with the "moderate approach" taken by courts in this District "that an answer containing new defenses or counterclaims 'may be filed without leave only when the amended complaint changes the theory or scope of the case, and then, the breadth of the changes in the amended response must reflect the breadth of the changes in the amended complaint.'"  *Synopsys, Inc. v. Magma Design Automation, Inc.*, 2005 WL 8153035, at *3 (N.D. Cal. Oct. 19, 2005) (citation omitted); *accord Adobe Sys. Inc. v. Coffee Cup Partners, Inc.*, 2012 WL 3877783, at *5 (N.D. Cal. Sept. 6, 2012) (citing same).  Defendants surely recognized they would not have succeeded in obtaining leave to amend since the TAC did not expand the scope of Plaintiffs' Lanham Act claims, and thus made a calculated decision to ignore their prior agreement to abide this legal principle. This is inexcusable since Defendants knew about the alleged ownership issue at the time they ***agreed*** to allow Plaintiffs to file the TAC and to not assert any new counterclaims.

Notably, courts in this District have rejected a more "permissive approach" because it "would allow the pleadings to be re-opened repeatedly and without limitation, even in response to the most mundane of amendments of complaints." *Adobe*, 2012 WL 3877783, at *5.  This is exactly what Defendants have done by unilaterally reviving their counterclaims/affirmative defenses based on abandonment via naked licensing and Cancellation Arguments.  Indeed, the parties previously stipulated to move out the deadlines for Phase 1 summary judgment motions to ensure that the pleadings were settled with respect to Plaintiffs' Lanham Act claims and Defendants' affirmative defenses and counterclaims related thereto. *See* Dkt. No. 81 at ¶ 4; *see also* Dkt. No. 87.  The Court should thus reject Defendants' attempt at self-help and attempt to expand the scope of Phase 1 after it was settled by the Court's recent rulings, and again strike Defendants' Seventh and Ninth Affirmative Defenses with prejudice.

**C.     Defendants Still Fail to State a Legally Viable Defense Based on an Alleged Fraud in the Procurement of the Neo4j® Mark**

Even assuming Defendants could unilaterally resuscitate their Cancellation Arguments based on an alleged ownership issue, which they cannot, it still does not meet the definition of fraud enumerated by 15 U.S.C. §1119.  "Fraud in procurement of a trademark registration may be raised

Hopkins & Carley
Attorneys At Law
San Jose ♦ Palo Alto

842\3633796.5

- 15 -

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

1    as a ground for cancellation in civil litigation, in which case it may function as a 'defense' to a

2    claim of trademark infringement." *eCash Techs., Inc. v. Guagliardo*, 127 F.Supp.2d 1069, 1079

3    (C.D. Cal. 2000).  In asserting their defense of fraud in the procurement, however, Defendants bear

4    the "heavy burden of demonstrating that a trademark should be cancelled."  *Hokto Kinoko,* 738

5    F.3d at 1097.  Thus, Defendants ***must*** meet the heightened pleading requirements imposed by

6    F.R.Civ.P. 9(b).  *Aureflam Corp. v. Pho Hoa Phat I, Inc.*, 375 F.Supp.2d 950, 953 (N.D. Cal. 2005)

7    (Rule 9(b)'s pleading requirements apply to claims of fraud in the procurement of trademarks).

8    　　　　To allege a claim of cancellation of a trademark based on fraud in the procurement,

9    Defendants must allege with particularity: "(1) a false representation regarding a material fact; (2)

10   the registrant's knowledge or belief that the representation is false; (3) the registrant's intent to

11   induce reliance upon the misrepresentation; (4) actual, reasonable reliance on the

12   misrepresentation; and (5) damages proximately caused by that reliance."  *Hokto Kinoko*, 738 F.3d

13   at 1097.  A false representation in the original trademark application may be grounds for

14   cancellation only if all five of the above requirements are met.  *Id.*

15   　　　　Defendants' Cancellation Arguments are based on the same conclusory allegations, *i.e.* that

16   the first use dates in the application were false, which they previously ***conceded did not amount to***

17   ***viable grounds for cancellation***.  *Compare* Dkt. No. 54 at 18:20-19:3 *and* Dkt. No. 91 at 20:11-

18   21:2; *see also* Dkt. No. 63 at 3:7-25; *see also* Dkt. No. 70 at 8:4-18.  Defendants now further allege that

19   Neo4j USA misrepresented to the USPTO that it was the owner of the Neo4j® Mark and failed to

20   disclose its status as a non-exclusive licensee when, in fact, the mark was owned by Neo4j USA's

21   related company and wholly owned subsidiary Neo4J Sweden.  *Id.*   However, this defense still

22   does not establish Neo4j USA's knowledge and intent, reliance and any alleged damage to iGov.

23   *See Aureflam*, 375 F.Supp.2d at 953 (recognizing that to "demonstrate fraud, a pleading must

24   identify the 'time, place and nature of the alleged fraudulent activities'"); *see also In re Bose Corp.*,

25   580 F.3d 1240, 1243-45 (Fed. Cir. 2009) (party seeking to cancel a trademark registration based on

26   fraud must allege that defendant "knowingly [made] false, material representations of fact in

27   connection with his application").

28   　　　　For example, simply alleging an inconsistency between the date of Neo4j USA's

Hopkins & Carley
Attorneys At Law
San Jose ♦ Palo Alto

842\3633796.5                                    - 16 -

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

incorporation and the date of first use stated by an unidentified person in the application for the Neo4j® Mark does not establish any knowing and intentional act to deceive.  *In re Bose Corp.*, 580 F.3d at 1244-45 ("there is a material legal distinction between a 'false' representation and a 'fraudulent' one, the latter involving an intent to deceive, whereas the former may be occasioned by a misunderstanding, an inadvertence, a mere negligent omission, or the like").   Likewise, conclusory allegations that Neo4j USA failed to disclose that its status as non-exclusive licensee to the USPTO – without more – does not amount to an intentional misrepresentation given that Neo4j Sweden is a wholly owned subsidiary of and company related to Neo4j USA.  *See Hokto Kinoko*, 738 F.3d at 1097.

There are also no facts alleged establishing any intent by Neo4j USA to deceive the USPTO. *See Scat Enterprises, Inc. v. FCA US LLC*, 2017 WL 5749771, at *2 (C.D. Cal. June 8, 2017) (cancellation claim failed because "[m]erely demonstrating that Plaintiff made a misrepresentation is insufficient to establish that Plaintiff possessed the requisite intent to deceive") (citing *Hokto Kinoko*, 738 F.3d at 1097).  As with their prior answers and counterclaims, Defendants still fail to allege that they have suffered any damages as a result from the purported misrepresentation.

Aside from their failure to meet the particularity requirements under Rule 9, Defendants' Cancellation Arguments still fail to state a legally viable defense as a matter of law because the alleged misstatement of the date of first use in commerce of the Neo4j® Mark is not material to the registration.  In order "to prove fraud that would result in the cancellation of [a federally registered] mark, there would have to be a material misrepresentation in the affidavit on the basis of which the mark was registered."  *Pony Exp. Courier Corp. of Am. v. Pony Exp. Delivery Serv.*, 872 F.2d 317, 319 (9th Cir. 1989).  In this regard, "[t]he claim of a date of first use is not a material allegation as long as the first use in fact preceded the application date."  *Id.*

Defendants again do not allege Neo4j USA failed to use the Neo4j® Mark in commerce prior to the filing date of the application for that mark.  Nor can they do so.  It continues to be an indisputable, judicially noticeable fact that the NEO4J® mark was in use in interstate commerce consistent with the declaration filed with the application for that mark.  *See* Ratinoff Decl., Exhs. 3-7; RJN, ¶¶ 1-2.   Thus, any alleged misstatement of the date of first use by Neo4j USA is

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3633796.5

- 17 -

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

immaterial and cannot be a basis for canceling the Neo4j® Mark. [1]  *See Pony Exp.*, 872 F.2d at 319;

*accord Teeter-Totter, LLC v. Palm Bay Int'l, Inc.*, 344 F.Supp.3d 1100, 1109 (N.D. Cal. 2018)

(citing same) (dismissing trademark cancellation counterclaim because "allegations that [the

trademark applicant] made false statements about [its] date of first use in commerce are not

sufficient to state a claim ... for fraud to cancel [Plaintiff's trademark] registration").

Defendants' additional allegation that Neo4j USA failed to disclose Neo4j Sweden was the

actual owner of the mark is immaterial.  Despite being raised in Plaintiff's prior motions,

Defendants have ***never*** disputed that Neo4j USA and its wholly owned subsidiary, Neo4j Sweden,

are "related companies" under the Lanham Act.  To be sure, Defendants do not allege otherwise in

their Answer.  This is an important omission because the USPTO does not require an applicant to

disclose if a mark is being used by a related company.  *See* Trademark Manual of Examining

Procedure § 1201.03(a); *see also Metro Traffic Control, Inc. v. Shadow Network, Inc.*, 104 F.3d

336, 340–41 (Fed. Cir. 1997) (explaining that although the applicant falsely stated in the application

that his company was the exclusive user of the trademark, because of the complexity of the

relationship with another party that was using same trademark in a different territory, the false

oath was not fraudulent; the applicant's misstatements did not represent a "conscious effort to

obtain for his business a registration to which he knew it was not entitled"); *W. Fla. Seafood, Inc.*

*v. Jet Restaurants, Inc.*, 31 F.3d 1122, 1126-27 (Fed. Cir. 1994) (recognizing that separate

corporate, business and personal entities that operate as a single entity in the eyes of the consuming

public may be treated as such for trademark purposes).  Defendants' Seventh Affirmative Defense

seeking the cancellation of the Neo4j® Mark thus ***still*** fails to state a defense upon which relief

---

[1] It is once again worth noting that the claimed dates of first use for the Neo4j® Mark are accurate because they were based on use by Neo4j's predecessor-in-interest, Neo4j Sweden, whose use properly inured to the benefit of Neo4j USA.  *See* 15 U.S. Code § 1127 ("The term 'related company' means any person whose use of a mark is controlled by the owner of the mark with respect to the nature and quality of the goods or services on or in connection with which the mark is used."); 15 U.S.C. § 1055 ("Where a [] mark sought to be registered is [] used legitimately by related companies, such use shall inure to the benefit of the registrant or applicant for registration, and such use shall not affect the validity of such mark or of its registration…."); *see also* Trademark Manual of Examining Procedure § 903.05 ("If the first use anywhere or the first use in commerce was by a predecessor in title to the applicant, or by a related company of the applicant [] and the use inures to the benefit of the applicant….").

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

1   may be granted.   Accordingly, the Court should strike Defendants' cancellation defense with

2   prejudice and require them to file an amended counterclaim and answer removing all traces thereof.

3   **D.    Defendants' Naked Licensing Defense Still Fails as a Matter of Law**

4           Defendants' Ninth Affirmative Defense once again asserts that Neo4j abandoned the

5   Neo4j® Mark pursuant to the doctrine of "naked licensing."  Under the Lanham Act, a mark can

6   only be deemed "abandoned" when either of the following occurs: "(1) When its use has been

7   discontinued with intent not to resume such use," or "(2) When any course of conduct of the owner,

8   including acts of omission as well as commission, causes the mark to become the generic name for

9   the goods or services on or in connection with which it is used or otherwise to lose its significance

10  as a mark." 15 U.S.C. § 1127.  Naked licensing falls under the second definition of abandonment

11  because it is an "uncontrolled" license where the licensor "fails to exercise adequate quality control

12  over the licensee." *Barcamerica Int'l USA Trust v. Tyfield Importers, Inc.*, 289 F.3d 589, 595-96

13  (9th Cir. 2002).  The proponent of a naked license theory "faces a stringent standard" of proof. *Id*.

14  at 596.

15          As Defendants alleged before, the crux of their abandonment theory remains that the

16  distribution of Neo4j® graph database software by Neo4j Sweden, under the terms the AGPL and

17  GPL, amounts to the naked licensing of the Neo4j® Mark.  *See* Dkt. No. 21:15-22:9  However,

18  they cannot re-allege an abandonment defense based thereon because this Court already held that

19  (1) the distribution of Neo4j® graph database software under the GPL and AGPL is evidence of

20  Plaintiffs' effort to control the Neo4j® Mark [Dkt. No. 70 at 11:21-13:26]; (2) "the GPL and AGPL

21  are copyright licenses, not trademark licenses" [Dkt. No. 85 at 7:27]; (3) "[t]hird party developers

22  who modify the open source versions of the software pursuant to the GPL or AGPL do not have

23  any right to use the Neo4j trademark absent a separate trademark license agreement" [*id.* at 7:28-

24  8:7]; and (4) "Defendants failed to allege that Plaintiffs licensed the Neo4j mark at all, let alone

25  they failed to exercise control under any such license" [*id.* at 8:8-:16-10:17].

26          Defendants' "new" conclusory allegation that Neo4j USA "is only a non-exclusive licensee

27  from Neo4J Sweden and that license does not include any quality control requirements for Neo4J

28  USA's use of the licensed trademark related to the products Neo4J USA licenses" still does not

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO

842\3633796.5                                                    - 19 -
PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF; CASE NO. 5:18-CV-07182-EJD

1    establish abandonment by naked licensing.  *See* Dkt. No. 91 at 11:12-15.  As previously conceded,

2    Neo4j USA is the parent of Neo4J Sweden.  *See id.* Dkt. No. 72 at ¶¶ 87, 90.  Thus, Neo4j USA

3    and Neo4j Sweden meet the definition of "related companies" under 15 U.S.C. § 1127 and their

4    combined use of the "shall not affect the validity of such mark."  15 U.S.C. § 1055; *see also Hokto*

5    *Kinoko*, 738 F.3d at 1098 (no naked licensing where subsidiary used parent company's trademark).

6         Likewise, the fact that there is allegedly no quality control provisions in the trademark

7    license between Neo4j USA and Neo4j Sweden, without more, does not meet the stringent burden

8    of proof necessary to establish trademark abandonment.  In this regard, their parent-subsidiary

9    relationship is sufficient to negate Defendants' suggestion that this amounts to a failure by Neo4j

10   Sweden to exercise adequate quality control over Neo4j USA as a licensee.  *See Hokto Kinoko*, 738

11   F.3d at 1098 (9th Cir. 2013) (finding that license of a mark from a Japanese parent to its wholly

12   owned United States subsidiary was not a naked license even though the license contained no

13   formal quality control provisions); *see also Sterling Drug Inc. v. Lincoln Laboratories, Inc.*, 322

14   F.2d 968 (7th Cir. 1963) (where products were manufactured by trademark owner and sold and

15   distributed by its wholly owned marketing subsidiary under the latter's name, enforcement of

16   trademark was not precluded on ground of lack of product quality control by trademark owner over

17   its licensee); *Letica Corp. v. Sweetheart Cup Co.*, 805 F.Supp. 482, 487 (E.D. Mich. 1992)

18   (recognizing that under 15 U.S.C. § 1055, "if two companies are related, use by one company of

19   the other's trade dress rights does not constitute abandonment").

20        Finally, because Defendants fail to allege facts establishing that the public was deceived by

21   Neo4j USA and Neo4j Sweden's parent-subsidiary relationship and joint use of the Neo4j® Mark,

22   they once again fail to establish a legally viable abandonment defense.  *See Hokto Kinoko*, 738 F.3d

23   1085, 1098 (9th Cir. 2013) ("[e]ven absent formal quality control provisions, a trademark owner

24   does not abandon its trademark where the particular circumstances of the licensing arrangement

25   suggests that the public will not be deceived") (internal quotes and citation omitted).  Accordingly,

26   the Court should once again strike Defendants' abandonment defense with prejudice and require

27   them to file an amended counterclaim and answer that excludes all matters related to this theory.

28   / / /

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3633796.5                                   - 20 -

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF; CASE NO. 5:18-CV-07182-EJD

1

2

**E.     The Court Should Deny Defendants Leave to Amend and Issue an Order to Show Cause as to Why Defendants Should Not Be Sanctioned**

3

4

5

6

7

8

Although the Court's prior orders and the parties' stipulation seemed to spell out that Defendants were not entitled to further amend their responsive pleadings to assert either a cancellation or abandonment defense, it appears necessary for the Court to expressly state so.  The general rule of liberality in granting leave to amend is subject to limitations, which including "undue prejudice to the opposing party, bad faith by the movant, futility, and undue delay." *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011).

9

10

11

12

13

14

15

16

17

18

19

20

21

Here, Defendants' attempt to unilaterally amend and revive their Seventh and Ninth Affirmative Defenses is not just an exercise in futility, but also will cause undue prejudice to Plaintiffs and needless delay.  As noted above, the parties had previously stipulated to modify the summary judgment schedule to allow the Court to rule on Plaintiffs' motion to dismiss, which was supposed to settle the scope of the issues to be decided during Phase 1.  It also amounts to bad faith given that the Court denied Defendants leave to amend after they cited the same ownership issue, it violates the basic doctrines of claim preclusion and the law of this case, and Defendants had stipulated that they would need to seek further leave to amend their responsive pleadings.  Finally, there is no excuse for alleging that Neo4j USA is not the owner of the mark because Defendants already amended both their counterclaim and answer several times over the past year and half – and did so well after discovery commenced and all agreements relating to the Neo4j® Mark were produced by Plaintiffs.  Thus, there is no legitimate basis for Defendants to unilaterally amend their pleadings or ask that Court reconsider its prior denial of leave to amend.

22

23

24

25

26

27

28

For these same reasons, the Court should consider issuing an order to show cause as to why their Answer to the TAC "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). Alternatively, the Court should issue an order to show cause under its inherent power to impose sanctions for "bad faith" conduct in litigation and for "willful disobedience" of a court order. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991); *see also Fink v. Gomez*, 239 F.3d 989, 994(9th Cir. 2001) (sanctions are available for a variety of types of willful actions, including recklessness

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO

842\3633796.5

- 21 -

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

1  when combined with an additional factor such as frivolousness, harassment, or an improper

2  purpose"); Civil L.R. 1-4 ("Failure by counsel or a party to comply with any duly promulgated

3  local rule or any Federal Rule may be a ground for imposition of any authorized sanction.").

4        Sanctions are warranted against Defendants because this is a motion that Plaintiffs should

5  not have needed to file, and their improper assertion of the two defenses in question have clearly

6  increased the cost of litigation for Plaintiffs.  Plaintiffs provided as detailed explanation as to why

7  Defendants were barred from reasserting their Seventh and Ninth Affirmative Defenses and

8  repeatedly asked Defendants refile their Answer to the TAC.  The fact that Defendants never

9  provided any legal justification for reasserting these defenses speaks volumes as to the frivolous

10  and improper nature of their Answer.  As such, the Court should not only deny Defendants further

11  leave to amend (other than to remove their abandonment counterclaim and affirmative defenses),

12  but also issue an order to show cause as to why Defendants should not pay the attorneys' fees

13  incurred by Plaintiffs in filing this motion as sanctions to deter future attempts by Defendants to

14  renege on their stipulations and ignore the Court's dispositive rulings. *See Chambers*, 501 U.S. at

15  56-57 (court may impose sanctions as are necessary to compensate the innocent party, to vindicate

16  the affront to the court, and to ensure that such abuses are not repeated).

17  **VI.    CONCLUSION**

18        For the foregoing reasons, Plaintiffs respectfully request that the Court strike with prejudice

19  Defendants' Seventh Affirmative Defense for Cancellation of Trademark Procured by Fraud and

20  Ninth Affirmative Defense for Naked License Abandonment of Trademark asserted in Defendants'

21  Answer to the Third Amended Complaint. Plaintiffs respectfully request that the Court consider

22  sanctioning Defendants for their litigation conduct that has unnecessarily increased the costs of

23  litigation and caused undue prejudice and delay.

24  Dated:  October 30, 2020                    HOPKINS & CARLEY
                                                A Law Corporation
25

26                                              By: */s/ Jeffrey M. Ratinoff*
                                                John V. Picone
27                                              Jeffrey M. Ratinoff
                                                Attorneys for Plaintiffs
28                                              NEO4J, INC. and NEO4J SWEDEN AB

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO

842\3633796.5                                   - 22 -
PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
THEREOF; CASE NO. 5:18-CV-07182-EJD