Adron W. Beene SB# 129040
Adron G. Beene SB# 298088
Attorney at Law
1754 Technology Drive, Suite 228
San Jose, CA 95110
Tel: (408) 392-9233
Fax: (866) 329-0453
adron@adronlaw.com

Attorneys for defendants:
PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation,
Plaintiffs,
v.

PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,
Defendants.

AND RELATED COUNTERCLAIMS

CASE NO. 5:18-cv-7182 EJD

**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO MOTION AT STRIKE DEFENDANTS' ANSWER TO THIRD AMENDED COMPLAINT**

Date: February 11, 2021
Time: 9:00 a.m.
Dept. Courtroom 4, 5th floor
Judge: Hon. Edward J. Davila

**I. Introduction**

Defendants and Counterclaimants PURETHINK LLC, John Mark Suhy and IGOV INC., ("Defendants") oppose Plaintiff and Counter Defendant Neo4J, Inc.'s ("Neo4j USA") motion to strike the Seventh and Ninth Affirmative defenses in Defendants' Answer to Third Amended Amended Complaint.

The basis for the motion is the Court already ruled against these affirmative defenses when applied to the Second Amended Complaint. There are two problems with this argument.

The first problem is procedural. The Second Amended Complaint has been superseded by the Third Amended Complaint "[It] is well-established that an " 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.' " *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir.1997) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967)). *Valadez-Lopez v. Chertoff* (9th Cir. 2011) 656 F.3d 851, 857. With amended complaints, the 9th circuit resolved the issue of repleading dismissed claims on amendments. The court noted the choice for counsel is between failing to preserve issues for appeal and risking sanctions by realleging dismissed claims. *Lacey v. Maricopa County* (9th Cir. 2012) 693 F.3d 896, 927. *Lacey* resolved the issue on amending complaints after dismissal of the prior pleading. The solution was prior rulings are appealable based on the prior pleadings. But there appears no case discussing what happens when the plaintiff files a new amended complaint to which the defendants must answer. Defendants filed a new answer because plaintiffs filed a new

complaint. Defendants did not file a new counter claim as there is a difference of opinion if that is allowed.

The problem in this case is on a final appealable judgment, the operative pleadings are what normally control the appeal. Defendants should not be forced to waive the right to appeal rulings on a prior pleadings when that pleading no longer exists. And, defendants did not simply repeat the same affirmative defenses.

The second reason the 7th and 9th affirmative defenses are proper is they have been changed to address the significant impact of the ownership of the Neo4J mark and the license agreement between Neo4j Sweden and Neo4j USA. This document was produced in discovery by Neo4j Sweden in March 30, 2020. See Dec. of Adron G. Beene ¶5. Defendants did not have that license agreement when they conceded the Seventh Affirmative Defense for Cancellation of Trademark. It was raised on the 9th affirmative defense motion later but the full impact of the license situation was not previously pleded.

The new facts show Neo4j Sweden did not assign the Neo4J trademark to Neo4j USA. See Dec. of Adron G. Beene ¶6. And see Dkt No. 91 ¶21. Neo4j Sweden retained ownership of the trademark and only granted a non-exclusive license to Neo4j USA. As Neo4j USA is 1) not the owner of the Neo4J trademark, and 2) does not have rights over Neo4j Sweden's use of the trademark, the affirmative defenses now state clear defenses to the amended pleading.

## II. Discussion

### 1. Fraud on the PTO

Originally, defendants asserted the false prior use dates on this affirmative defense. But that alone was not sufficient. Defendants had no other evidence of fraud and conceded the issue. But later, they bobtained the evidence through discovery. That evidence is the non exclusive license agreement between Neo4J Sweden and Neo4j USA. Under the license agreement, Neo4j USA is **not** the owner of the Neo4J trademark. They are only a non-exclusive licensee. Dkt. 91 p.20 7th affirmative defense. Yet Neo4j USA falsely represented to the PTO they were the owner of the trademark and had used the mark since 2006.

While Neo4j USA relies on a parent subsidiary relationship to support its position, the fact Neo4j Sweden is the owner of the Neo4j trademark entirely disables that theory. Ownership of a mark is not based on the related companies doctrine:

> Under section 1 of the Lanham Act, only the owner of a mark is entitled to apply for registration. If one who is not the owner seeks registration, the application must be denied and any registration which issues is invalid. Smith v. Tobacco By-Products & Chemical Corp., 243 F.2d 188, 44 CC Pa 880, 113 USPQ 339 (1957); see also, In re Alexander, 114 USPQ 547, 548 (Comm'r Pats.1957); J. McCarthy, Trademarks and Unfair Competition §§ 16:14, 19:14 (2d ed. 1984); E. Vandenburgh, Trademark Law and Procedure § 10.11(b) (2d ed. 1968); 37 C.F.R. 2.33 (1985).

*In re Wella A.G.* (Fed. Cir. 1986) 787 F.2d 1549, 1554

In *Wella*, Judge Nies, in his concurring opinion, addressed the issue of ownership between a parent and a subsidiary. A parent subsidiary relation does not support a theory that either related party may apply for registration. *In re Wella A.G.,* 1554.

Because Neo4j USA is not the owner of the Neo4j mark, they cannot use Neo4j Sweden's prior use. The use of the mark may inure to the benefit of a related party. "Under the doctrine of "related companies," the first use of a mark by a person "controlled by the registrant or applicant for registration of the mark" shall inure to the benefit of the controlling entity. 15 U.S.C. § 1055; see also *In re Wella A.G.,* 787 F.2d 1549, 1551 (Fed.Cir.1986)." *Secular Organizations for Sobriety, Inc. v. Ullrich* (9th Cir. 2000) 213 F.3d 1125, 1131 However, the Wella opinion cited, breaks down the details showing the related companies use may only benefit the mark's **owner**:

> There is no provision in the statute, or in general principles of trademark law, which might support Wella A.G.'s argument that in a related company situation it is immaterial which entity is the applicant or registrant of the mark which both entities are entitled to use. Wella A.G.'s reliance on section 5 is misplaced. Nothing in section 5 confers a right to register on a non-owner. See In re Alexander, 114 USPQ at 548. Section 5 does provide that the "use " by a related company "shall inure to the benefit of the registrant or applicant for registration...." (Emphasis added.) But since a registrant or applicant for registration must be the owner, section 5 benefits only the owner of the mark. The definitions of "applicant" and "registrant" in section 45 do not

include a related company. See Hertz Corp. v. Knickerbocker, 206 F.Supp. 305, 306, 135 USPQ 9, 10 (S.D.N.Y.1962).

*In re Wella A.G.* (Fed. Cir. 1986) 787 F.2d 1549, 1555

Neo4j USA cannot use Neo4j Sweden's prior use under the related company doctrine to support use for the trademark application because Neo4J USA is not the owner of the mark. Thus, the use information in the application is false.

Neo4j Sweden owns the Neo4j software and the Neo4j trademark and licenses the Neo4J software under the GPL and AGPL. Neo4j USA only has a non-exclusive license to Neo4j Sweden's intellectual property including the trademark. Neo4j USA does not does not acquire ownership of a trademark through its registration of the mark. *Fusco Grp., Inc. v. Loss Consultants Int'l, Inc.* 462 F.Supp.2d 321, 327 (N.D.N.Y.2006).

Neo4j USA only has a non-exclusive license to use Neo4j Sweden's Neo4J's trademark and Neo4j Sweden retains all ownership of the trademark.

The license agreement Neo4j Sweden produced in discovery after the 7th affirmative defense was conceded, now shows Neo4j USA lied to the PTO both about its ownership and the dates of use so the affirmative defense is proper.[1]

---

[1] The license agreement will also, on a proper evidentiary motion, show Neo4j USA lacks standing to bring the trademark claims at all. "Where the license is non-exclusive the licensee does not have standing to bring an infringement action. *Quabaug Rubber Co. v. Fabiano Shoe Co.*, 567 F.2d 154, 159–160 (1st Cir.1977). Also, the licensee lacks standing when provisions in the contract indicate that the licensor retains exclusive ownership of the mark. *DEP Corp. v. Interstate Cigar Co.,* 622 F.2d 621, 623 (2nd Cir.1980)." *Ultrapure Systems, Inc. v. Ham-Let Group* (N.D. Cal. 1996) 921 F.Supp. 659, 665.

**2. Defendants have stated an abandonment defense**

On the 9th affirmative defense, Neo4j Sweden did nothing to control the use of the Neo4J mark when third parties modified and distributed the open source versions of the software. That was four years (2007-2011) before Neo4j USA existed (7-7-2011). And as Neo4j USA only has a non-exclusive license to the trademark from Neo4j Sweden, Neo4j USA has no contractual control or rights over Neo4j Sweden's use, and lacks control over Neo4j Sweden's use of the Neo4j trademark.

Neo4j USA asserts trademark infringement claims in this case based on the invalid registered trademark "Neo4J". Defendant's use of Neo4j USA's licensed mark is a proper nominative fair use to 1) use the mark for comparative advertising as permitted if not cherished by law (See 16 C.F.R. §14.15(b)) and 3) to advise others PureThink was no longer a partner with Neo4j USA. *Adobe Sys. Inc. v. Christenson*, 809 F.3d 1071, 1081 (9th Cir. 2015).

Defendants' use of Neo4j Sweden's trademark in Neo4J is to identify an open source software product they support called Neo4J. As Neo4j USA is a non-exclusive licensee of the Neo4J trademark, they have no standing to challenge that use. Neo4j USA cannot control open source software users' use of Neo4j Sweden's trademark. Defendants object to Exhibits 4, 5, 6 and 7 as they are not relevant and are heresay. Control of the Neo4j trademark is solely up to Neo4j Sweden.

Neo4j Sweden never had contractual control or actual control over parties who downloaded Neo4J modify and redistributed the software as permitted under the GPL and AGPL licenses. Neo4j Sweden has done

nothing to police the persistent use of its trademark. See millions of unfettered use of the mark at Dkt. No. 71 ¶94.

Under 15 U.S.C.A §1127, a trademark is "abandoned" "When any course of conduct of the owner, including acts of omission as well as commission, causes the mark to become the generic name for the goods or services on or in connection with which it is used or otherwise to lose significance as a mark."

The well established Naked License doctrine is based on the duty of a trademark owner to control the quality of products which use their trademarks. If the owner does not control quality of products using the trademark, they have a Naked License and the trademark is abandoned and the owner may not assert trademarks rights. The leading case on this point is *FreecycleSunnyvale v. Freecycle Network* (9th Cir. 2010) 626 F.3d 509, 515.

In *Freecycle*, the question on summary judgment was if the trademark owner allowed use of the trademark with so few restrictions as to compel a finding they engaged in naked licensing and abandoned the trademarks. *Freecycle* at, 516. In *Freecycle*, the Court affirmed a summary judgment ruling the trademark owner did not have adequate quality controls rendering the trademark abandoned.

While anyone can use, modify, support, combine and convey the Neo4j software (Dkt. No. 55 pg.3, ¶9), there are no provisions in the AGPL to require or allow Neo4j Sweden to inspect the modified versions of Neo4j to ensure quality controls. (Dkt. No. 55 Exhibit A). Likewise, Neo4j Sweden does not actually control the trademark use on the open source community.

"The absence of an agreement with provisions restricting or monitoring the quality of goods or services produced under a trademark supports a

finding of naked license." *FreecycleSunnyvale v. Freecycle Network*, 626 F.2d 509, 516 (9th Cir. 2010).

**III. Sanctions**

Plaintiff seeks sanctions to make defendants waive any right to appeal. This is the problem the court was looking to avoid in *Lacey v. Maricopa County* (9th Cir. 2012) 693 F.3d 896, 927. But that ruling does not go so far as to cover the duty of a defendant to assert defenses or waive them when a plaintiff files an amended complaint. Since the procedural law is silent and the risk too high, pleading the defenses is not frivolous, harassing or improper. On the merits, the defenses are new as they include the impact of the ownership of the mark and Neo4j USA's limited non-exclusive license to the mark which has significant ramifications on all the trademark claims and defenses.

**IV. Conclusion**

Defendants have a right to answer and assert defenses to a new amended complaint. They should not be forced to waive an appeal under threats of sanctions. Because adequate facts are alleged, the motion to strike the 7th and 9th affirmative defenses should be denied. Since the affirmative defenses are not frivolous, harassing or improper, sanctions should be denied.

Dated: November 13, 2020

By: */s/ Adron G. Beene*________

Adron W. Beene SB# 129040
Adron G. Beene SB# 298088
Attorney At Law
1754 Technology Drive, Suite 228
San Jose, CA 95110

Tel: (408) 392-9233
Fax: (866) 329-0453
adron@adronlaw.com

Attorney for Defendants
PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY