UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NEO4J, INC., et al.,<br><br>             Plaintiffs,<br><br>      v.<br><br>PURETHINK, LLC, et al.,<br><br>             Defendants. | Case No.  5:18-cv-07182-EJD<br><br>**ORDER GRANTING MOTION TO STRIKE**<br><br>Re: Dkt. No. 93 |

Plaintiffs and Counter-Defendants Neo4j, Inc. ("Neo4j USA") and Neo4j Sweden AB ("Neo4j Sweden") (collectively, "Plaintiffs") bring this action for trademark infringement, among other things, against Defendants and Counter-Claimants PureThink LLC, John Mark Suhy, and iGov, Inc. (collectively, "Defendants").  Before the Court is Plaintiffs' motion to strike the Seventh Affirmative Defense for Cancellation of Trademark Procured by Fraud and Ninth Affirmative Defense for Naked License Abandonment of Trademark asserted in Defendants' Answer to the Third Amended Complaint (Dkt. No. 91) pursuant to Fed. R. Civ. P. 12(f).  Dkt. No. 93 ("Motion to Strike").

The Court took the matter under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b).  For the reasons below, Plaintiffs' motion is **GRANTED**.

**I.    Background**

On May 21, 2020, the Court granted Plaintiffs' Motion for Judgment on the Pleadings, dismissing with prejudice Defendants' affirmative defense and counterclaim for "cancellation of trademark procured by fraud," and dismissing without prejudice Defendants' counterclaim and affirmative defense based on abandonment of trademark by naked licensing.  Dkt. No. 70 ("First

Case No.:  5:18-cv-07182-EJD
ORDER GRANTING MOTION TO STRIKE

1

1  Dismissal Order"). Defendants filed a Second Amended Counterclaim and First Amended
2  Answer, realleging the naked licensing defense and counterclaim. Plaintiffs brought another
3  motion to dismiss and strike, and on August 20, 2020, the Court granted it, dismissing with
4  prejudice Defendants' tenth cause of action based on naked licensing and striking the related
5  affirmative defense. Dkt. No. 85 ("Second Dismissal Order"). The background to the underlying
6  dispute is more thoroughly set forth in these prior orders.

7  The parties recently stipulated to the filing of Plaintiffs' Third Amended Complaint, which
8  adds factual allegations to support its claims under the Lanham Act and California's Unfair
9  Competition Law, as well as one new claim for defamation based on events and evidence
10 discovered after the filing of the Second Amended Complaint. *See* Dkt. No. 90 ("TAC"). In that
11 stipulation, which the Court approved, Defendants agreed that "because the scope and theory of
12 Plaintiffs' Lanham Act claims against Defendants are not materially expanded by Plaintiffs'
13 proposed amendments . . . they would need to seek leave to amend their operative Counterclaim if
14 they intend to assert additional counterclaims." Dkt. No. 88 at 2:19-22.

15 Defendants filed an Answer to the TAC, which in relevant part, reasserts the affirmative
16 defenses based on cancellation of trademark and abandonment by naked licensing. Dkt. No. 91
17 ("Answer to TAC") at 20:11-21:2; *id.* at 21:11-229. After unsuccessfully meeting and conferring,
18 Plaintiffs brought the present motion to strike the two affirmative defenses previously dismissed
19 by this Court with prejudice. Plaintiffs further request that the Court issue an Order to Show
20 Cause as to why Defendants should not be subject to sanctions under Federal Rule of Civil
21 Procedure 11(c)(3) for ignoring the Court's orders, filing a frivolous pleading that has caused
22 unnecessary delay, and needlessly increasing the costs of litigation for Plaintiffs.

23 **II.    Legal Standard**

24 Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an
25 insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.
26 Civ. P. 12(f). "The function of a Rule 12(f) motion to strike is to avoid the expenditure of time
27 and money that will arise from litigating spurious issues by dispensing with those issues prior to
28 Case No.: 5:18-cv-07182-EJD
ORDER GRANTING MOTION TO STRIKE
2

trial." *Solis v. Zenith Capital, LLC*, No. 08-cv-4854-PJH, 2009 WL 1324051, at *3 (N.D. Cal. May 8, 2009) (citing *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983)).

"[C]ourts in this district continue to require affirmative defenses to meet the *Twombly/Iqbal* standard." *Goobich v. Excelligence Learning Corp.*, No. 5:19-CV-06771-EJD, 2020 WL 1503685, at *2 (N.D. Cal. Mar. 30, 2020) (collecting cases). Thus, "[w]hile a defense need not include extensive factual allegations in order to give fair notice, bare statements reciting mere legal conclusions may not be sufficient." *Perez v. Gordon & Wong Law Group, P.C.*, No. 11-CV-03323-LHK, 2012 WL 1029425, at *8 (N.D. Cal. Mar. 26, 2012) (internal quotation and citation omitted). In order to satisfy the pleading requirements of Rule 8, "a defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense." *Id.* (citing *Dion v. Fulton Friedman & Gullace LLP*, No. 11-2727 SC, 2012 WL 160221, at *2 (N.D. Cal. Jan. 17, 2012)).

## III. Discussion

### a. Motion to Strike

Plaintiffs argue that the affirmative defenses in the Answer to the TAC are substantially similar, if not identical, to the affirmative defenses and counterclaims that the Court previously dismissed with prejudice. They argue that Defendants are precluded from reviving their theories of cancellation and abandonment of trademark by the law of the case doctrine and the guiding principles of claim preclusion.

Defendants first argue that they were permitted to file a new answer containing the dismissed defenses in response to the TAC in order to preserve those defenses for appeal. Defendants acknowledge that under *Lacey v. Maricopa County*, a party is *not* required to re-plead claims dismissed with prejudice in order to preserve those claims for appeal. 693 F.3d 896, 928 (9th Cir. 2012). The Court sees no reason why the *Lacey* principle would not apply equally to affirmative defenses. In any event, Defendants' cancellation and abandonment counterclaims, which were substantively identical to their affirmative defenses, were also dismissed with prejudice. Thus, the theories relayed in Defendants' affirmative defenses are already preserved for

Case No.: 5:18-cv-07182-EJD
ORDER GRANTING MOTION TO STRIKE
3

appeal.

Nevertheless, Defendants argue that "there appears no case discussing what happens when the plaintiff files a new amended complaint to which the defendants must answer." Dkt. No. 95 ("Opp.") at 2:22-24. This argument ignores case law from this district answering precisely that question, which was cited in Plaintiffs' Motion to Strike and brought to Defendants' attention in an email exchange before the Motion was filed. *See* Motion to Strike at 15 (citing *Synopsys, Inc. v. Magma Design Automation, Inc.*, 2005 WL 8153035, at *3 (N.D. Cal. Oct. 19, 2005); Dkt. No. 93-1, Declaration of Jeffrey M. Ratinoff ("Ratinoff Decl."), Exs. 1-2 (email from Plaintiffs' counsel to Defendants' counsel citing the same).

*Synopsis* held that "an answer containing new defenses or counterclaims 'may be filed without leave only when the amended complaint changes the theory or scope of the case, and then, the breadth of the changes in the amended response must reflect the breadth of the changes in the amended complaint.'" *Synopsys, Inc.*, 2005 WL 8153035, at *3 (citation omitted); *see also Adobe Sys. Inc. v. Coffee Cup Partners, Inc.*, 2012 WL 3877783, at *5 (N.D. Cal. Sept. 6, 2012). Courts in this District have rejected a more "permissive approach" because it "would allow the pleadings to be re-opened repeatedly and without limitation, even in response to the most mundane of amendments of complaints." *Adobe*, 2012 WL 3877783, at *5. The parties in this case stipulated to the fact that the TAC did not change the theory or scope of the case. *See* Dkt. No. 88 (acknowledging that "the scope and theory of Plaintiffs' Lanham Act claims against Defendants are not materially expanded by Plaintiffs' proposed amendments"). Thus, Defendants were not permitted to file a new answer absent seeking leave of court.

Defendants next argue that they "did not simply repeat the same affirmative defenses," because the defenses were amended to include "new facts" showing that Neo4j Sweden did not assign the Neo4j trademark to Neo4j USA. The new fact alleged is based on a license agreement between Neo4j Sweden and Neo4j USA, which was produced in discovery by Neo4j Sweden in March 2020. In the Court's First Dismissal Order, dated May 21, 2020, the Court found that Defendants voluntarily conceded that the cancellation affirmative defense failed as a matter of law

Case No.: 5:18-cv-07182-EJD
ORDER GRANTING MOTION TO STRIKE
4

and that amendment of the claim or defense would be futile. First Dismissal Order at 8. Defendants contend that the license agreement had not yet been produced at the time they made this concession. Even if true that Defendants discovered new evidence subsequent to their opposition to the motion, they could have brought the new evidence to the Court's attention after they discovered it, before the First Dismissal Order was issued. Alternatively, they could have brought a timely motion for reconsideration of the Court's First Dismissal Order based on their discovery of that new evidence. They did neither. Defendants cannot simply incorporate new evidence into the previously stricken affirmative defense in order to circumvent a dismissal with prejudice. Indeed, the purpose of striking a defense without leave to amend is specifically to prevent further amendments.

Defendants further acknowledge that the allegedly new evidence was in their possession when they amended their abandonment defense and briefed another motion to strike that defense, but argue that "the full impact of the license situation was not previously [pleaded]." Opp. at 3. Defendants' failure to raise allegations and arguments based on all of the facts at their disposal is not grounds for amending a defense that was stricken with prejudice.

Thus, the facts included in the Seventh and Ninth affirmative defenses in the Answer to the TAC are not new at all. Rather, these affirmative defenses assert the same theories as the Seventh and Ninth affirmative defenses in the Answer to the SAC. *Compare* Dkt. No. 54 at 18:20-19:25 *and* Dkt. No. 91 at 20:11-22:9 *and* Dkt. No. 71 at 19:7-23:17. Defendants spend the majority of their Opposition brief reasserting arguments pertaining to cancellation and abandonment that this Court has already considered and dismissed twice. *See* Opp. at 4-9. Under the law of the case doctrine, a party may neither "revisit theories that it raises but abandons," nor "offer up successively different legal or factual theories that could have been presented in a prior request for review." *Sec. Investor Prot. Corp. v. Vigman*, 74 F.3d 932, 937 (9th Cir.1996) (quotations and citations omitted). Defendants have thoroughly briefed their cancellation and abandonment theories on multiple motions over the last year, and this Court has unequivocally found those theories insufficient as a matter of law.

Case No.: 5:18-cv-07182-EJD
ORDER GRANTING MOTION TO STRIKE
5

The Seventh and Ninth affirmative defenses in Defendants' Answer to the TAC are therefore **STRICKEN**.  For the avoidance of all doubt, Defendants are not permitted to reassert any affirmative defense or counterclaim in this action based on the cancellation or abandonment theories asserted in the stricken defenses.

### b. Order to Show Cause

Plaintiffs request additional relief in the form of an order to show cause why sanctions should not be levied against Defendants pursuant to Federal Rule of Civil Procedure 11 or the Court's inherent powers.  Plaintiffs argue that sanctions are warranted because Defendants' improper assertion of the two affirmative defenses forced Plaintiffs to file an unnecessary motion, caused undue delay, and increased litigation costs.  Specifically, Plaintiffs request that Defendants be ordered to pay the attorneys' fees incurred by Plaintiffs in filing the Motion to Strike.

Rule 11 "authorizes a court to impose a sanction on any attorney, law firm, or party that brings a claim for an improper purpose or without support in law or evidence." *Sneller v. City of Bainbridge Island*, 606 F.3d 636, 638-39 (9th Cir. 2010).  Additionally, "[f]ederal courts possess certain inherent powers, not conferred by rule or statute, to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.  That authority includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017) (quotations and citations omitted).  The Ninth Circuit has held that a specific finding of "bad faith" is required before a district court imposes sanctions under its inherent authority. *See, e.g.*, *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1131 (9th Cir. 2002); *Fink v. Gomez*, 239 F.3d 989, 992 (9th Cir. 2001).

As discussed above, there was no basis in law for Defendants' reassertion of the two affirmative defenses that the Court previously dismissed with prejudice.  The Court finds it particularly notable that Plaintiffs attempted to meet and confer with Defendants on this topic, providing an opportunity for Defendants to remove the improperly asserted defenses without motion practice, but Defendants did not meaningfully engage. *See* Ratinoff Decl., Exs. 1-2.  In email exchanges with Defendants, Plaintiffs communicated substantially the same arguments they

Case No.: 5:18-cv-07182-EJD
ORDER GRANTING MOTION TO STRIKE

6

later presented in their Motion to Strike and cited persuasive case law in response to Defendants' blanket assertion that they had the right to assert affirmative defenses in response to the TAC. *Id.* Defendants still did not engage, forcing Plaintiffs to file the present Motion to Strike. In their Opposition, Defendants failed to respond to Plaintiffs' arguments regarding claim preclusion or law of the case, but instead reasserted the cancellation and abandonment arguments that this Court has already considered and rejected.

Although Defendants' failure to respond to the gravamen of the motion suggests that they had no good faith grounds for reasserting the stricken defenses, the Court is not prepared to specifically find that Defendants acted in bad faith. Thus, the Court will not issue an order to show cause at this time. Moving forward, the Court expects that Defendants will only advance claims and defenses that are supported by law and evidence and will generally adhere to the proper standard of practice in Federal Court.

## IV. Conclusion

For the reasons stated, Plaintiffs' Motion to Strike is hereby **GRANTED**. The Seventh and Ninth affirmative defenses are **STRICKEN** from Defendants' Answer to the TAC.

**IT IS SO ORDERED.**

Dated: March 3, 2021

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-07182-EJD
ORDER GRANTING MOTION TO STRIKE
7