# hopkins carley

San Jose
70 South First Street
San Jose, CA  95113
T.   408.286.9800
F.   408.998.4790

March 8, 2021

Magistrate Judge Susan van Keulen
United States District Court
280 South 1st Street
Courtroom 6, 4th Floor
San Jose, CA 95113

>    **Re:**   ***Neo4j, Inc. v. PureThink LLC, et al., Case No.: 5:18-cv-07182-EJD, Joint Statement***
>    ***re Defendants John Mark Suhy and iGov Inc.'s Violation of the Protective Order***

Plaintiffs Neo4j, Inc. ("Neo4j USA") and Neo4j Sweden AB ("Neo4j Sweden") seek to enforce the Protective Order against Defendants John Mark Suhy and iGov Inc. in response to their apparent violation thereof, and recover their attorneys' fees incurred.  *See* Dkt. No. 34.  As demonstrated by a recent filing with the TTAB, Defendants are basing their extension of time to oppose a trademark application filed by Neo4j, Inc. on an Intracompany Agreement, which Neo4j, Inc. and Neo4j Sweden AB produced during discovery as "Highly Confidential – Attorneys' Eyes Only" (AEO) under the Protective Order.  Plaintiffs assert that Defendants' use of this agreement in another proceeding violates the Protective Order's express prohibition of using Protected Material outside this litigation.  *See* Dkt. No. 34, § 7.1.

**Close of Discovery and Trial Date:** Plaintiffs' motion for summary judgment on their Lanham Act and UCL claims was filed on December 11, 2020 and is currently set for hearing on April 15, 2021.  *See* Dkt. Nos. 98, 107.  This motion concerns Defendants' potential violation of the Protective Order re Confidentiality entered in this Action, and not any specific discovery request or device.  *See* Dkt. No. 34, § 7.1.  Plaintiffs made repeated efforts to obtain Defendants' voluntarily compliance with the Protective Order prior to seeking relief from this Court, and is made on an emergency basis.  *See* Exhibits 2-5.

## 1.    **Neo4j's Position on Defendants' Violation of the Protective Order**:

Defendants first acknowledged the highly confidential nature of the Intracompany Agreement in requesting leave to amend their naked licensing counterclaim and defense in opposition to Plaintiffs' motion to strike to "allege Neo4J Sweden is the owner of the Neo4J trademark which was licensed to Neo4J USA on a non-exclusive basis."[1]  *See* Dkt. No. 79 at 5:1-9, fn 3 and 9:16-28.  Plaintiffs argued that Defendants' request for leave to amend and reliance on the agreement was futile because "Neo4j USA and Neo4j Sweden continue to operate as 'related companies' under 15 U.S.C. § 1127 and their continued combined use of the Neo4j® Mark "shall not affect the validity of such mark.' 15 U.S.C. § 1055."  *See* Dkt. No. 79 at 5:8-6:19, 9:15-10:14.  After considering Plaintiffs' argument, the Court granted their motion, finding that "Defendants having already amended their pleadings on this issue… [granting] further leave to amend would be futile."  Dkt. No. 85 at 11:23-12:3; *see also* Dkt. No. 110.

---

[1] Contrary to Defendants, Plaintiffs did not designate all documents they produced as AEO.  Rather, Plaintiffs only designated approximately 5% of those documents as AEO.

Magistrate Judge Susan van Keulen
March 8, 2021
Page 2

Defendants further recognized the AEO designation of the Intracompany Agreement when they filed it under seal in conjunction with their opposition to Neo4j USA's motion for summary judgment. *See* Dkt. No. 100-3, ¶ 4. Defendants used the agreement to improperly revive their fraud in the procurement and naked licensing defenses. Dkt. No. 100, Exhibit B at D Fact 130-132. In doing so, Defendants again ignore that Neo4j USA rightfully owns the registration for Neo4j® Mark based on Plaintiffs' status as related companies based on their parent-subsidiary relationship.

On July 16, 2020, Neo4j USA filed an application to update the goods and services protected for the Neo4j® Mark. The application was filed to protect goods for, *inter alia*, database software and related software services and web-based DBasS and SaaS services within classes 9 and 42. On February 1, 2021, Suhy requested a 60-day extension of time to oppose the Neo4j application for good cause, which was based on Defendants' purported need to "confer with counsel" in order to unseal and use the Intracompany Agreement in opposing the additional application. *See* Exhibit 1. Presumably, Defendants intend to use this agreement to make the same failed arguments i.e. that Neo4j USA cannot be the owner of the Neo4j® Mark because it is a non-exclusive licensee thereof, that this Court rejected (Dkt. Nos. 70 and 85), and again confirmed were insufficient as a matter of law (Dkt. No. 110).

After learning of Suhy's use of the Intracompany Agreement, Plaintiffs immediately contacted Defendants' counsel and advised them that Suhy's use of that agreement to request an extension of time from the USPTO and to ultimately oppose the trademark application before the USPTO violated Section 7.1 of the Protective Order. *See* Exhibit 2. This section expressly restricts the use of Protected Materials only "in connection with this case only for prosecuting, defending, or attempting to settle this litigation." Dkt. No. 34, § 7.1. Plaintiffs further advised Defendants that Section 3 makes clear that the Protective Order not only restricts the use of this Agreement, "but also (1) any information copied or extracted from Protected Material" and "(2) all copies, excerpts, summaries, or compilations of Protected Material." Dkt. No. 34 at § 3. As a result, Plaintiffs demanded that Defendants abandon their opposition to the new application. While Defendant's counsel represented that Suhy did not have possession of the Intracompany Agreement, they refused to ensure that Defendants would abandon their opposition because counsel claimed to not be representing them at the TTAB. *See* Exhibit 3.

Irrespective of whether they are representing Defendants at the TTAB, counsel for Defendants have an ongoing duty in this litigation to ensure their clients comply with the Protective Order, to which Suhy expressly agreed "to comply with and to be bound by all the terms of this Stipulated Protective Order and" and that he "understand and acknowledge that failure to so comply could expose [him] to sanctions and punishment in the nature of contempt." *See* Exhibit 6. He also "solemnly promise[d] that [he] will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order." *See id.* Suhy further designated his current counsel as his agent for "any proceedings related to the enforcement of this Stipulated Protective Order." *See id.*

Importantly, Section 11 of the Protective Order imposes an affirmative obligation on Defendants ***and their counsel*** to rectify their unauthorized disclosure of Protected Materials. *See* Dkt. No. 34. Federal Rule of Civil Procedure 37 authorizes the Court to impose a broad variety of sanctions where a party violates such an order, including "treating as contempt of court" and awarding fees or expenses. *See* Fed. R. Civ. P. 37(b)(2) (authorizing sanctions for failing to obey an order, "including an order under Rule

Magistrate Judge Susan van Keulen
March 8, 2021
Page 3

26(f)"); *see also Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir.1983) ("failure to obey the protective discovery order exposed plaintiff to liability under Rule 37(b)(2) for the resulting costs and attorney's fees"). *Life Techs. Corp. v. Biosearch Techs., Inc.*, 2012 WL 1600393 (N.D. Cal. May 7, 2012) ("Rule 37 of the Federal Rules of Civil Procedure grants courts the authority to impose sanctions where a party has violated a discovery order, including a protective order issued pursuant to Rule 26(f)") (citations omitted). Similarly, Rule 16 provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: ... (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). The rule further provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

Since Defendants refuse to forego using Protected Materials in another proceeding, the Court should enter an order compelling them to cease using such materials and abandon their opposition at the TTAB. This is an appropriate remedy because their request for an extension of time to oppose Plaintiffs' application and their underlying opposition is solely based on the Intracompany Agreement, which is Protective Material that they only obtained via discovery in this litigation under the terms of the Protective Order. *See On Command Video Corp. v. LodgeNet Entm't Corp.*, 976 F.Supp. 917, 921-22 (N.D. Cal. 1997) (party's use of confidential materials for purpose of initiating separate state court lawsuit against defendant violated the restriction on the use of such materials to analyze issues in the federal action).

Monetary sanctions are appropriate because Defendants intentionally violated the Protective Order in an effort to re-litigate the same issues this Court ***conclusively resolved in favor of Neo4j USA***. To be sure, Judge Davila considered and rejected Defendants' reliance on the Intracompany Agreement and Neo4j USA's alleged status as a licensee as a basis for canceling registration for the Neo4j® Mark, finding that "Defendants have thoroughly briefed their cancellation and abandonment theories on multiple motions over the last year, and this Court has unequivocally found those theories insufficient as a matter of law." Dkt. No. 110 at 5:25-27; *see also* Dkt. No. 95 at 4:3-6:25 and Dkt. No. 96 at 6:10-10:27. This included their erroneous reliance on a concurring opinion in *In re Wella A.G.* 787 F.2d 1549. (Fed. Cir. 1986) to argue that there is no parent subsidiary rule allowing a non-owner to file for registration, which is contrary to law and TTAB's rules. *See In re Wella A.G.*, 858 F.2d 725 (Fed. Cir. 1988); 15 U.S.C. § 1055; *see also* TMEP §§ 1201.07(b), 1201.07(b)(i), 1201.07(b)(ii).

The fact that Plaintiffs are seeking to update the goods and services protected by the ***same*** Neo4j® Mark that is at issue in this litigation does not entitle Defendants to a second bite at the apple with the TTAB. *See B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 152-53 (2015) (recognizing that "[w]hen a district court, as part of its judgment, decides an issue that overlaps with part of the TTAB's analysis, the TTAB gives preclusive effect to the court's judgment"). Accordingly, Plaintiffs respectively request that this Court grant them leave to submit a declaration of their attorneys' fees and costs in obtaining Defendants' compliance with the Protective Order as failure to obey was not substantially justified.

Magistrate Judge Susan van Keulen
March 8, 2021
Page 4

**2.      Defendants iGov Inc. and John Mark Suhy's Position**:

We will not argue the lack of merits to the false assertions of the scope of the prior rulings, we respond to the claim of a violation of a protective order.

Plaintiff claims Mr. Suhy and his company Igov has opposed a new trademark application made by Neo4j Inc. "USA". The key issue here is USA does not own the trademark. Only the trademark owner may file for a trademark and there is no parent subsidiary rule allowing a non-owner to file for registration. *In re Wella A.G.* 787 F.2d 1549. (Fed. Cir. 1986). There is also no law permitting a non-owner to file a trademark claim. The rulings below struck affirmative defenses and cross claims to have the trademark registered cancelled because the date of first use was false and abandoned under the Naked license doctrine. They are pleading motions. They do not prevent the rest of the case.

Plaintiff states: "In doing so, Defendants again ignore that Neo4j USA rightfully owns the Neo4j® Mark because of Plaintiffs' status as related companies based on their parent-subsidiary relationship." USA only owns the registration. They do not own the mark. They have to prove they do and they cannot. USA totally ignores that Neo4J Sweden owns the mark and only an owner may bring a trademark lawsuit.

As we assured plaintiff's counsel on February 16, 2021, Mr. Suhy (and his company Igov) has no AEO documents. (Exhibit 2) None have ever been provided to Mr. Suhy or any defendant (Mr. Suhy is the only employee of the defendants). He was not even provided the unredacted version of our opposition to the summary judgment motion. Plaintiffs have no evidence he has violated the protective order. This is a preemptive strike to prevent an action that has not occurred and will not occur. It is a shot over the bow to threaten the defense with sanctions to stop Mr. Suhy from opposing a new trademark application by a non-owner.

The protective order does not prevent defendants from publicly raising issues with USA's standing and ownership which is required elements of USA's claim. USA is not the owner of the mark and cannot prove a necessary element of its claim. *Wrist-Rocket Mfg. Co., Inc. v. Saunders Archery Co.* (8th Cir. 1975) 516 F.2d 846, 850. While the affirmative defense of cancellation of the registration and naked license are no longer in permitted in this case, the prior rulings to not bar  the defense from arguing the court's lack of jurisdiction based on standing or USA' required ownership of the mark. These are not affirmative defenses barred by the prior orders.

The proof that USA does not own the mark is, of course, the License Agreement which Neo4J Sweden has marked at AEO. Non-exclusive license agreements do not support ownership in trademark claims. To conceal this problem, Sweden marked the entire commercial agreement as AEO. In fact all documents marked AEO are the entire document in this case.  Plaintiffs have taken no effort to exercise restraint or care in designating material. See Dkt. 34, Section 5.1 Granted, defendants have not exercised the remedy under Section 6 because they are underfunded. That will change given the cost and difficulty using common documents that plaintiffs claim as trade secrets.  However, defendants have honored the protective order regardless of plaintiffs' abuse.

Defendants disagree that the License Agreement, other than perhaps the royalty rate, should be concealed under the protective order. Plaintiff's claim defendant acknowledgement we agree to the sensitivity of the license agreement because we filed a motion underseal is disingenuous. Under local rule, we are

Magistrate Judge Susan van Keulen
March 8, 2021
Page 5

required to file such a motion and we did. Many published cases state the terms of license agreements. There is not much novel about them. But whether the license agreement is properly marked in not germane. Defendant have always treated it as AOE.

The preclusive effect of a court order in the TTAB has nothing to do with a protective order violation claim. Mr. Suhy is opposing a **new** trademark application by USA. This is not a collateral attack on Reg. No. 4,784,280 (the registration in this case) to raise false use dates and naked license claims before the TTAB which is what is barred in this case. USA may see if the TTAB will consider a pleading ruling, which never determined USA owns the mark, has preclusive effect on the new application.

Since there is no showing Mr. Suhy has the AEO license agreement document, he cannot provide it to the TTAB. All he can do is ask the TTAB to ask USA for the document and show Sweden used the mark for years before USA existed and presently claims ownership of the marks in public documents all over the world. USA could provide the license agreement to the TTAB and try to argue the parent subsidiary theory they claim is legitimate. If USA's position was legitimate, they should do that without any issue. They do not and instead seek to harass Mr. Suhy into submission with this motion.

Demanding that Mr. Suhy give up his opposition under threat of collateral sanctions in this litigation is improper. Since there is no evidence defendants have violated the protective order, this is no basis for this request. The request is harassing as timed to further overburden and distract defendants from filing a reply to plaintiffs excessive briefing. Mr. Suhy's time to file the TTAB opposition is April 7, 2021, time to file opposition is March 9, 2021.

Accordingly, Defendants respectively request that the Court grant them leave to submit a declaration of their attorneys' fees and costs for sanction in having to address this motion.

     Respectfully Submitted,

HOPKINS & CARLEY
A Law Corporation


/s/ *Jeffrey M. Ratinoff*             /s/ *Adron W. Beene*
John V. Picone III                    Adron W. Beene
Jeffrey M. Ratinoff                   Adron G. Beene
Attorneys for Plaintiffs and Counter-    Attorneys for Defendants and
Defendants NEO4J, INC. and NEO4J       Counterclaimants PURETHINK LLC,
SWEDEN AB                         IGOV INC., and JOHN MARK SUHY


Enclosures

Magistrate Judge Susan van Keulen
March 8, 2021
Page 6

## ATTESTATION OF E-FILED SIGNATURE

Pursuant to Local Rule 5-1(i)(3), I hereby certify that I have obtained the concurrence in the filing of this document from all signatories for whom a signature is indicated by a "conformed" signature (/s/) within this electronically filed document and I have on file records to support this concurrence for subsequent production to the Court if so ordered or for inspection upon request.

Dated:  March 8, 2020                     HOPKINS & CARLEY
                                          A Law Corporation


                                          /s/ Jeffrey M. Ratinoff
                                          John V. Picone III
                                          Jeffrey M. Ratinoff
                                          Attorneys for Plaintiffs and Counter-Defendants
                                          NEO4J, INC. and NEO4J SWEDEN AB

**EXHIBIT 1**

*Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov*

| ESTTA Tracking number: | **ESTTA1111432** |
|---|---|
| Filing date: | **02/01/2021** |

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| Applicants | NEO4J, INC. |
|---|---|
| Application Serial Number | 90056224 |
| Application Filing Date | 07/16/2020 |
| Mark | NEO4J |
| Date of Publication | 12/08/2020 |
| Potential Opposer's Correspondence Information | JOHN MARK SUHY JR<br>IGOV INC<br>7686 RICHMOND HIGHWAY<br>SUITE 101-B<br>ALEXANDRIA, VA 22306<br>UNITED STATES<br>Primary Email: jmsuhy@igovsol.com<br>703-862-7780 |

## 60 Day Request for Extension of Time to Oppose for Good Cause

Pursuant to 37 C.F.R. Section 2.102, iGov Inc, 7686 RICHMOND HIGHWAY, SUITE 101-B, ALEXANDRIA, VA 22306, UNITED STATES respectfully requests that he/she/it be granted an additional 60-day extension of time to file a notice of opposition against the above-identified mark for cause shown.

Potential opposer believes that good causes are established for this request by:

- The potential opposer needs additional time to confer with counsel

- *An ongoing federal lawsuit CASE NO. 5:18-cv-07182-EJD involving the opposer and the trademark applic-ant has documents which are important to the opposition filing but are currently marked as attorney eyes only. iGov Inc needs additional time to confer with counsel involved in the lawsuit to identify the best ap-proach to get the documents unsealed for the USPTO opposition response. Note counsel for the law-suit do not yet represent opposer in the opposition. (See: Filing document 100 from pacer.gov for case 5:18-cv-07182-EJD)*

The time within which to file a notice of opposition is set to expire on 02/06/2021. iGov Inc respectfully requests that the time period within which to file an opposition be extended until 04/07/2021.

Respectfully submitted,
//JOHNMARKSUHYJR//
John Mark Suhy Jr.
jmsuhy@igovsol.com
02/01/2021

**EXHIBIT 2**

# hopkins carley

**San Jose**
70 South First Street
San Jose, CA  95113
T.  408.286.9800
F.  408.998.4790

February 5, 2021

Jeffrey M. Ratinoff
jratinoff@hopkinscarley.com
T. 408.299.1336
F. 408.998.4790

*Via Electronic Mail*

Adron W. Beene, Sr.                             Richard E. Starr
Email: adron@adronlaw.com          Email: richardestarr@starrlaw.biz
Law Offices of Adron W. Beene      2503 Childs Lane
1754 Technology Drive, Suite 228   Alexandria, VA 22308
San Jose, CA 95110

> *Re:*   *USPTO - Trademark Trial and Appeal Board, Application Serial No. 90056224*

Dear Counsel:

I am writing to bring to your attention that Defendants John Mark Suhy and iGov Inc. ("Defendants") appear to have violated the Protective Order re Confidentiality entered in *Neo4j, Inc. et al. vs. PureThink et al.*, Case No. 5:18-cv-07182-EJD ("the PT Action"). As you will see from the enclosed filing with the USPTO, Defendants have cited the Intracompany License Agreement between Neo4j, Inc. and Neo4j Sweden AB as the basis to challenge a recently filed trademark application for the Neo4j® Mark.

The Protective Order expressly provides:

> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 14 below (FINAL DISPOSITION).

> Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order

Dkt. No. 34 at § 7.1.  Section 3 also makes clear that Protective Order not only protects this Agreement, "but also (1) any information copied or extracted from Protected Material" and "(2) all copies, excerpts, summaries, or compilations of Protected Material.

Adron W. Beene
Richard E. Starr
February 5, 2021
Page 2

The Intracompany License Agreement was produced in this litigation under the designation of "Highly Confidential – Attorneys' Eyes Only" under the Protective Order. As result, Defendants have violated the foregoing provisions by using the Intracompany License Agreement as a basis to request an extension of time from the USPTO and to ultimately oppose the trademark application before the USPTO.  This also raises a serious question as to whether Mr. Suhy has obtained access to or is in possession of the Intracompany License Agreement, which would be violation of Sections 7.1 and 7.3.

Accordingly, please immediately provide a sworn declaration from Mr. Suhy on behalf of himself and iGov confirming that he is not in possession of, has not reviewed, nor has he had access to the Intracompany License Agreement or any other materials produced under the protective order.  Further, Mr. Suhy and iGov must immediately file to relinquish any extension of time to oppose Application Serial No. 90056224 as these filings have been granted entirely based on Protected Material obtained in the PT Action. If these remedial actions are not taken **by 5:00 p.m. on February 9, 2021**, Plaintiffs will have no other choice than to raise Defendants' violation of the Protective Order with the Court, and obtain any and all appropriate relief that may include a finding of contempt and the imposition of sanctions.

Sincerely,

HOPKINS & CARLEY
A Law Corporation

Jeffrey M. Ratinoff

JMR/dlh

Enclosure

Cc:    John Pernick, Esq. (via electronic mail)
       Jeffrey Faucette, Esq. (via electronic mail)

842\3704567.2

*Trademark Trial and Appeal Board Electronic Filing System. http://estta.uspto.gov*

| ESTTA Tracking number: | **ESTTA1111432** |
|---|---|
| Filing date: | **02/01/2021** |

### IN THE UNITED STATES PATENT AND TRADEMARK OFFICE
### BEFORE THE TRADEMARK TRIAL AND APPEAL BOARD

| Applicants | NEO4J, INC. |
|---|---|
| Application Serial Number | 90056224 |
| Application Filing Date | 07/16/2020 |
| Mark | NEO4J |
| Date of Publication | 12/08/2020 |
| Potential Opposer's Correspondence Information | JOHN MARK SUHY JR<br>IGOV INC<br>7686 RICHMOND HIGHWAY<br>SUITE 101-B<br>ALEXANDRIA, VA 22306<br>UNITED STATES<br>Primary Email: jmsuhy@igovsol.com<br>703-862-7780 |

## 60 Day Request for Extension of Time to Oppose for Good Cause

Pursuant to 37 C.F.R. Section 2.102, iGov Inc, 7686 RICHMOND HIGHWAY, SUITE 101-B, ALEXANDRIA, VA 22306, UNITED STATES respectfully requests that he/she/it be granted an additional 60-day extension of time to file a notice of opposition against the above-identified mark for cause shown.

Potential opposer believes that good causes are established for this request by:

- The potential opposer needs additional time to confer with counsel

- *An ongoing federal lawsuit CASE NO. 5:18-cv-07182-EJD involving the opposer and the trademark applicant has documents which are important to the opposition filing but are currently marked as attorney eyes only. iGov Inc needs additional time to confer with counsel involved in the lawsuit to identify the best approach to get the documents unsealed for the USPTO opposition response. Note the counsel for the lawsuit do not yet represent opposer in the opposition. (See: Filing document 100 from pacer.gov for case 5:18-cv-07182-EJD)*

The time within which to file a notice of opposition is set to expire on 02/06/2021. iGov Inc respectfully requests that the time period within which to file an opposition be extended until 04/07/2021.

Respectfully submitted,
//JOHNMARKSUHYJR//
John Mark Suhy Jr.
jmsuhy@igovsol.com
02/01/2021

**EXHIBIT 3**

## Jeffrey M. Ratinoff

| | |
|---|---|
| **From:** | Jeffrey M. Ratinoff |
| **Sent:** | Tuesday, February 16, 2021 4:30 PM |
| **To:** | 'Adron Beene'; Richard Starr (richardestarr@starrlaw.biz) |
| **Cc:** | John V. Picone III; Diana L. Hodges; Adron Jr. |
| **Subject:** | RE: USTPO - Trademark Trial and Appeal Board, Application Serial No. 90056224 |

Adron,

Irrespective of your client's lack of possession of the agreement, the Protective Order precludes the use of designated materials outside the litigation.  His statement to the USTPO makes quiet clear he intends to use it.  While you may not represent him in the USPTO, you are still responsible for ensuring his compliance with the Protective Order in this action.  As for the materiality, we've already briefed the related company issue ad nauseam in this action, with the Court previously rejecting Defendants' attempt to further amend their fraud/naked licensing affirmative defenses based on the existence of the agreement.  Thus, unless he withdraws that opposition, we will proceed with obtaining an order to prevent his use of that agreement.

Regards,
Jeff

**From:** Adron Beene <adron@adronlaw.com>
**Sent:** Tuesday, February 16, 2021 4:22 PM
**To:** Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>; Richard Starr (richardestarr@starrlaw.biz) <richardestarr@starrlaw.biz>
**Cc:** John V. Picone III <jpicone@hopkinscarley.com>; Diana L. Hodges <dhodges@hopkinscarley.com>; Adron Jr. <adronjr@adronlaw.com>
**Subject:** Re: USPTO - Trademark Trial and Appeal Board, Application Serial No. 90056224

I apologize as I forwarded that to Mr. Suhy for his review. We are not representing him in those proceedings. He has not provided any AEO document to anyone and he has never seen and has not had any AEO documents in his possession to provide anyone. Our office has never provided it to him. Mr. Suhy is not violating the protective order. An attempt to threaten a person with contempt proceedings to intimidate him from proceeding is inappropriate. Perhaps your client can provide the License Agreement  to the USPTO as it would be material in the application and would most likely constitute a fraud in the application if concealed. Rest assured, however, Mr. Suhy does not have the License Agreement and has not and cannot provide it to anyone.

Adron W. Beene
Attorney at Law
7960 Soquel Drive
Ste B #296
Aptos CA 95003
(408) 392-9233



This email, if sent to a client, is confidential. No tax or securities advice is provided or may be relied on.

1

**From:** "Jeffrey M. Ratinoff" <jratinoff@hopkinscarley.com>
**Date:** Tuesday, February 16, 2021 at 3:53 PM
**To:** Adron Beene <adron@adronlaw.com>, Richard Starr <richardestarr@starrlaw.biz>
**Cc:** "John V. Picone III" <jpicone@hopkinscarley.com>, "Diana L. Hodges" <dhodges@hopkinscarley.com>, Adron Jr Home Beene <adronjr@adronlaw.com>
**Subject:** RE: USPTO - Trademark Trial and Appeal Board, Application Serial No. 90056224

Dear Counsel,

It has been 10 days since we raised your client's attempt to use the Intracompany License Agreement, which was designated as AEO, in another proceeding in violation of the Protective Order.  We have also not received the courtesy of a response, which we take as a refusal to meet and confer.  More importantly, there has been no withdrawal of iGov/Suhy's opposition to Neo4j's trademark application, which appears to be entirely based on designated material.  Accordingly, we intend to seek an order to show cause for contempt and for sanctions against your clients for their clear violation of the Protective Order.

Regards,
Jeff

**From:** Diana L. Hodges <dhodges@hopkinscarley.com>
**Sent:** Friday, February 5, 2021 2:02 PM
**To:** 'adron@adronlaw.com' <adron@adronlaw.com>; Richard Starr (richardestarr@starrlaw.biz) <richardestarr@starrlaw.biz>
**Cc:** jpernick@be-law.com; jeff@skaggsfaucette.com; Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>; John V. Picone III <jpicone@hopkinscarley.com>; 'adronjr@adronlaw.com' <adronjr@adronlaw.com>
**Subject:** USPTO - Trademark Trial and Appeal Board, Application Serial No. 90056224

Dear counsel,

Please refer to the attached correspondence from Jeffrey Ratinoff.

Thank you,

**Diana L. Hodges**
Legal Executive Assistant

## hopkins carley

**Hopkins & Carley** | A Law Corporation
San Jose | Palo Alto
70 South First Street | San Jose, CA 95113
Direct: 408.299.1344 |
**dhodges@hopkinscarley.com**

hopkinscarley.com

_____

Any tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under federal, state or local tax law or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein. This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto. For more information about Hopkins & Carley, visit us at http://www.hopkinscarley.com/.

**EXHIBIT 4**

## Jeffrey M. Ratinoff

| | |
|---|---|
| **From:** | Jeffrey M. Ratinoff |
| **Sent:** | Wednesday, March 3, 2021 2:23 PM |
| **To:** | 'Adron Beene' |
| **Cc:** | John V. Picone III; Diana L. Hodges; 'Adron Jr.'; 'Richard Starr (richardestarr@starrlaw.biz)' |
| **Subject:** | RE: USPTO - Trademark Trial and Appeal Board, Application Serial No. 90056224 |
| **Attachments:** | 2021 03 03 ORDER Granting Motion to Strike.pdf; HC_DOCS-#3710839-v5-_Neo4J_v_iGov__-_Joint_Letter_Brief_re_PO_Violation.DOCX; Exhibit 2 - 2021 02 05 Ltr re Defendants' Violation of Protective Order.pdf; Exhibit 3 - 2021 02 16 Email Exchange.pdf; Exhibit 4 - JMS PO Ack.pdf; Exhibit 1 - Request for Extension.pdf |

Adron,

In light of the attached order granting Plaintiffs' Motion to Strike, Mr. Suhy's efforts to oppose the new application relating the Neo4j Mark are not only in violation of the Protective Order but are also barred by the doctrine of issue preclusion.  See *B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 152–53 (2015) (recognizing that "[w]hen a district court, as part of its judgment, decides an issue that overlaps with part of the TTAB's analysis, the TTAB gives preclusive effect to the court's judgment").  Accordingly, please immediately confirm that your client file a notice of abandonment of his opposition to Neo4j USA's recent trademark application with the TTAB.   While we hope that Defendants will voluntarily comply with their obligations under the Protective Order, I have attached Plaintiff's half of the joint letter brief and the exhibits we will submit to the Magistrate seeking Defendants' compliance with the Protective Order as this matter requires an immediate resolution.  Assuming that your clients unwisely refuse to do so, please return your portion by COB Friday so that we may file it on Monday.

Further, the Court made clear that "Defendants are not permitted to reassert any affirmative defense or counterclaim in this action based on the cancellation or abandonment theories asserted in the stricken defenses."  The Court also made clear that it "expects that Defendants will only advance claims and defenses that are supported by law and evidence and will generally adhere to the proper standard of practice in Federal Court." As such, please confirm that Defendants will notify the Court either in a separate filing or in their forthcoming reply brief that they are withdrawing their validity, ownership, naked licensing and estoppel arguments raised in their opposition to Neo4j USA's motion for partial summary judgment and cross motion for summary judgment that are based on the same theories as the stricken affirmative defenses/counterclaims.  *See, e.g.,* Dkt. No. 100 at 7:5-8:2, 11:5-16, 12:13-14:9, 21:7-16, 33:21-34:4, and Exhibit B at D Facts 125-132.  Should Defendants continue to pursue these meritless arguments, Plaintiffs will seek appropriate relief from the Court.

Regards,
Jeff

---

**From:** Jeffrey M. Ratinoff
**Sent:** Tuesday, February 16, 2021 4:30 PM
**To:** 'Adron Beene' <adron@adronlaw.com>; Richard Starr (richardestarr@starrlaw.biz) <richardestarr@starrlaw.biz>
**Cc:** John V. Picone III <jpicone@hopkinscarley.com>; Diana L. Hodges <dhodges@hopkinscarley.com>; Adron Jr. <adronjr@adronlaw.com>
**Subject:** RE: USPTO - Trademark Trial and Appeal Board, Application Serial No. 90056224

Adron,

Irrespective of your client's lack of possession of the agreement, the Protective Order precludes the use of designated

materials outside the litigation.  His statement to the USPTO makes quiet clear he intends to use it.  While you may not represent him in the USPTO, you are still responsible for ensuring his compliance with the Protective Order in this action.  As for the materiality, we've already briefed the related company issue ad nauseam in this action, with the Court previously rejecting Defendants' attempt to further amend their fraud/naked licensing affirmative defenses based on the existence of the agreement.  Thus, unless he withdraws that opposition, we will proceed with obtaining an order to prevent his use of that agreement.

Regards,
Jeff

**From:** Adron Beene <adron@adronlaw.com>
**Sent:** Tuesday, February 16, 2021 4:22 PM
**To:** Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>; Richard Starr (richardestarr@starrlaw.biz) <richardestarr@starrlaw.biz>
**Cc:** John V. Picone III <jpicone@hopkinscarley.com>; Diana L. Hodges <dhodges@hopkinscarley.com>; Adron Jr. <adronjr@adronlaw.com>
**Subject:** Re: USPTO - Trademark Trial and Appeal Board, Application Serial No. 90056224

I apologize as I forwarded that to Mr. Suhy for his review. We are not representing him in those proceedings. He has not provided any AEO document to anyone and he has never seen and has not had any AEO documents in his possession to provide anyone. Our office has never provided it to him. Mr. Suhy is not violating the protective order. An attempt to threaten a person with contempt proceedings to intimidate him from proceeding is inappropriate. Perhaps your client can provide the License Agreement  to the USPTO as it would be material in the application and would most likely constitute a fraud in the application if concealed. Rest assured, however, Mr. Suhy does not have the License Agreement and has not and cannot provide it to anyone.

Adron W. Beene
Attorney at Law
7960 Soquel Drive
Ste B #296
Aptos CA 95003
(408) 392-9233



This email, if sent to a client, is confidential. No tax or securities advice is provided or may be relied on.

**From:** "Jeffrey M. Ratinoff" <jratinoff@hopkinscarley.com>
**Date:** Tuesday, February 16, 2021 at 3:53 PM
**To:** Adron Beene <adron@adronlaw.com>, Richard Starr <richardestarr@starrlaw.biz>
**Cc:** "John V. Picone III" <jpicone@hopkinscarley.com>, "Diana L. Hodges" <dhodges@hopkinscarley.com>, Adron Jr Home Beene <adronjr@adronlaw.com>
**Subject:** RE: USPTO - Trademark Trial and Appeal Board, Application Serial No. 90056224

Dear Counsel,

It has been 10 days since we raised your client's attempt to use the Intracompany License Agreement, which was designated as AEO, in another proceeding in violation of the Protective Order.  We have also not received the courtesy

of a response, which we take as a refusal to meet and confer.  More importantly, there has been no withdrawal of iGov/Suhy's opposition to Neo4j's trademark application, which appears to be entirely based on designated material.  Accordingly, we intend to seek an order to show cause for contempt and for sanctions against your clients for their clear violation of the Protective Order.

Regards,
Jeff

---

**From:** Diana L. Hodges <dhodges@hopkinscarley.com>
**Sent:** Friday, February 5, 2021 2:02 PM
**To:** 'adron@adronlaw.com' <adron@adronlaw.com>; Richard Starr (richardestarr@starrlaw.biz)
<richardestarr@starrlaw.biz>
**Cc:** jpernick@be-law.com; jeff@skaggsfaucette.com; Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>; John V. Picone
III <jpicone@hopkinscarley.com>; 'adronjr@adronlaw.com' <adronjr@adronlaw.com>
**Subject:** USPTO - Trademark Trial and Appeal Board, Application Serial No. 90056224

Dear counsel,

Please refer to the attached correspondence from Jeffrey Ratinoff.

Thank you,

**Diana L. Hodges**
Legal Executive Assistant

**hopkins carley**

**Hopkins & Carley** | A Law Corporation
San Jose | Palo Alto
70 South First Street | San Jose, CA 95113
Direct: 408.299.1344 |
**dhodges@hopkinscarley.com**

hopkinscarley.com

---

Any tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under federal, state or local tax law or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein. This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited. If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto. For more information about Hopkins & Carley, visit us at http://www.hopkinscarley.com/.

**EXHIBIT 5**

**Jeffrey M. Ratinoff**

| | |
|---|---|
| **From:** | Jeffrey M. Ratinoff |
| **Sent:** | Wednesday, March 3, 2021 6:03 PM |
| **To:** | 'Adron Beene' |
| **Cc:** | John V. Picone III; Diana L. Hodges; Adron Jr.; Richard Starr (richardestarr@starrlaw.biz) |
| **Subject:** | RE: USPTO - Trademark Trial and Appeal Board, Application Serial No. 90056224 |

Adron,

Thank you for your quick response.  As an initial matter, Neo4j USA has never conceded it does not own the Neo4j mark. To the contrary, as argued in Neo4j USA's rely/opposition, it clearly owns the US Registration for the Neo4j mark in the US, and as a result has standing to bring an infringement claim pursuant to Section 1114(1).  *See* 15 U.S.C. § 1127  Even if it did not, the cases cited in Neo4j USA's MSJ papers make clear that ownership of a trademark is not a perquisite for standing to bring claims for trademark infringement, false designation of origin, and false advertising under Section 1125(a).  *See, e.g., TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820 (9th Cir. 2011)*; Adidas America, Inc. v. Athletic Propulsion Labs, LLC*, 120 U.S.P.Q.2d 1303, 2016 WL 3896826 (D. Or. 2016).  Even the out-of-circuit case relied upon by Defendants, *Quabaug Rubber Co. v. Fabiano Shoe Co.*, 567 F.2d 154 (1st Cir.1977), recognizes this fact. More to the point, the Court made clear that "Defendants are not permitted to reassert ***any affirmative defense or counterclaim*** in this action ***based on the cancellation or abandonment theories*** asserted in the stricken defenses." Defendants' standing arguments rely upon the Intercompany Agreement and Neo4j USA's status as a licensee thereunder, i.e. the ***same theory*** underpinning those failed defenses.  In other words, the Court has already considered Defendants' ownership arguments based on the Intercompany Agreement.  Thus, if Defendants continue to maintain that Neo4j USA lacks standing based on that theory, it will be in violation of the Court's order and will be at their own peril.

As for the Protective Order issue, please let us know by Friday what your client's position is or we will need to proceed with seeking appropriate relief.

Thanks,
Jeff

**From:** Adron Beene <adron@adronlaw.com>
**Sent:** Wednesday, March 3, 2021 4:15 PM
**To:** Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>
**Cc:** John V. Picone III <jpicone@hopkinscarley.com>; Diana L. Hodges <dhodges@hopkinscarley.com>; Adron Jr. <adronjr@adronlaw.com>; Richard Starr (richardestarr@starrlaw.biz) <richardestarr@starrlaw.biz>
**Subject:** Re: USPTO - Trademark Trial and Appeal Board, Application Serial No. 90056224

Regarding your email, you are asking about 2 issues. On your client's recent trademark application, I have sent that to Mr. Suhy client for comment, on the second issues you ask:

Because the trial court has stated  "Defendants are not permitted to reassert any affirmative defense or counterclaim in this action based on the cancellation or abandonment theories asserted in the stricken defenses."  You want defendants to withdraw, validity, ownership, naked

licensing and estoppel arguments raised in their opposition to Neo4j USA's motion for partial summary judgment and cross motion for summary judgment that are based on the same theories as the stricken affirmative defenses/counterclaims. *See, e.g.,* Dkt. No. 100 at 7:5-8:2, 11:5-16, 12:13-14:9, 21:7-16, 33:21-34:4, and Exhibit B at D Facts 125-132.

Given the order on the motion to strike, we will advise the court we are not proceeding on the Cancellation of Trademark affirmative defense or the abandonment by naked licensing defense. At the time those issued were raised in the opposition, the Court had not ruled on your motion to strike. However, that order does not extend to Neo4J's lack of ownership of the trademark which is an element of its infringement and false designation of origin claims for standing. I do not see the motion to strike order as preventing defendants from requiring plaintiff to state the elements of its claim or the fundamental issue of standing. Could you please provide my authority that allows a District Court to prevent a defendant from raising standing? I have not seen such a case. *United States v. Hays*, 515 U.S. 737 (1995) reflects this is an important jurisdictional doctrine. As with a failure to state a cause claim, I do not believe these are every waived. See FRCP Rule 12 (h)(2) Certainly, I do not see that in the Court's prior rulings defendants are barred from raising these jurisdictional issues. These remaining issues are not affirmative defenses. They are plaintiff's burden. I would appreciate it if you can point me to a prior order requiring defendants to waive raising standing and failure to state a claim issues.

On licensee estoppel, that is a claim USA makes as part of its claim and applies to prevent USA from claiming it owns the NEO4J trademark to support its standing requirement. Certainly USA concedes

it does not own the NEO4J trademark. I do not see any ruling by the Court that prevents defendants from defending against Neo4J assertions or requiring Neo4J to prove its claims. None of these issues relate to a cancellation of the registration or abandonment of the registration. Defendants are not presently allowed to attack the registration based on USA's conceded lack of ownership or seek abandonment of the registration under the naked license theories. We will not.

Adron W. Beene
Attorney at Law
7960 Soquel Drive
Ste B #296
Aptos CA 95003
(408) 392-9233



This email, if sent to a client, is confidential. No tax or securities advice is provided or may be relied on.

**From:** "Jeffrey M. Ratinoff" <jratinoff@hopkinscarley.com>
**Date:** Wednesday, March 3, 2021 at 2:23 PM
**To:** Adron Beene <adron@adronlaw.com>
**Cc:** "John V. Picone III" <jpicone@hopkinscarley.com>, "Diana L. Hodges" <dhodges@hopkinscarley.com>, Adron Jr Home Beene <adronjr@adronlaw.com>, Richard Starr <richardestarr@starrlaw.biz>
**Subject:** RE: USPTO - Trademark Trial and Appeal Board, Application Serial No. 90056224

Further, the Court made clear that "Defendants are not permitted to reassert any affirmative defense or counterclaim in this action based on the cancellation or abandonment theories asserted in the stricken defenses." The Court also made clear that it "expects that Defendants will only advance claims and defenses that are supported by law and evidence and will generally adhere to the proper standard of practice in Federal Court." As such, please confirm that Defendants will notify the Court either in a separate filing or in their forthcoming reply brief that they are withdrawing their validity, ownership, naked licensing and estoppel arguments raised in their opposition to Neo4j USA's motion for partial summary

judgment and cross motion for summary judgment that are based on the same theories as the stricken affirmative defenses/counterclaims. *See, e.g.,* Dkt. No. 100 at 7:5-8:2, 11:5-16, 12:13-14:9, 21:7-16, 33:21-34:4, and Exhibit B at D Facts 125-132.  Should Defendants continue to pursue these meritless arguments, Plaintiffs will seek appropriate relief from the Court.

**EXHIBIT 6**

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, __John Mark Suhy Jr.__ [print or type full name], of __4202 Adrienne Dr, Alexandria, VA 22309__

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Northern District of California on [date] in the case of NEO4J, INC. v. PURETHINK LLC, et

al., Case No. 5:18-cv-07182-EJD.  I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint __Adron G. Beene__ [print or type full name] of

__1754 Technology Drive, Suite 228, San Jose__ [print or type full address and telephone

CA, 95110, (408) 392-9233

number] as my California agent for service of process in connection with this action or any

proceedings related to enforcement of this Stipulated Protective Order.


Date: __11/01/2019__

City and State where sworn and signed: _____Alexandria, Virginia_____


Printed name: __John Mark Suhy Jr__

[printed name]

Signature: _____

[signature]

STIPULATED PROTECTIVE ORDER                                CASE NO. 5:18-CV-07182-EJD