John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Bar No. 197241
jratinoff@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:    (408) 286-9800
Facsimile:    (408) 998-4790

Attorneys for Plaintiff and Counter-Defendants
NEO4J, INC. and NEO4J SWEDEN AB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation,<br><br>Plaintiffs,<br><br>v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | CASE NO.  5:18-cv-07182-EJD<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO ENFORCE PROTECTIVE ORDER AND FOR LEAVE TO SEEK THEIR ATTORNEYS' FEES** |

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3723391.1
[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO ENFORCE PROTECTIVE ORDER AND FOR LEAVE TO SEEK THEIR ATTORNEYS' FEES; CASE NOS. 5:18-CV-07182-EJD

Now before the Court is the Parties' Joint Statement re Defendants John Mark Suhy and iGov Inc.'s Violation of the Protective Order ("Joint Statement"). Having considered the Joint Statement, the materials filed in support thereof, oral arguments, and good cause appearing, having considered all papers filed in favor of, and in opposition to, Neo4j, Inc.'s Motion, and good cause appearing, HEREBY GRANTS Plaintiffs Neo4j, Inc. and Neo4j Sweden AB's request to enforce the terms of the Protective Order (Dkt. No. 34) as follows:

Section 7.1 of the Protective Order restricts the use of Protected Materials only "in connection with this case only for prosecuting, defending, or attempting to settle this litigation." Dkt. No. 34, § 7.1. Section 3 further restricts the use of not just Protected Materials, "but also (1) any information copied or extracted from Protected Material" and "(2) all copies, excerpts, summaries, or compilations of Protected Material." Dkt. No. 34 at § 3. Since Plaintiffs produced the Intracompany Agreement in this litigation and designated it as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order, Defendants were restricted to using such Protected Materials only in connection with the above-entitled action. Thus, Defendants' use of that Intracompany Agreement to oppose Neo4j, Inc.'s pending trademark application before the TTAB is in direct violation of Sections 3 and 7.1 of the Protective Order. *See On Command Video Corp. v. LodgeNet Entm't Corp.*, 976 F.Supp. 917, 921-22 (N.D. Cal. 1997) (defendant sought enforcement of protective order and sanctions after plaintiff had violated protective order by using confidential information to file separate lawsuit in state court).

In *On Command*, Judge Armstrong interpreted a protective order which contained a provision stating that "any information designated as Confidential Information shall not be used by the other party for any purpose other than in connection with preparation of the parties [sic] analysis of issues presented in this litigation." *On Command*, 976 F.Supp. at 920. The plaintiff in that case obtained materials from the defendant under a protective order for a federal patent infringement suit and then filed a state court trade secret action which used confidential material from the protective order as the basis for its claims. Judge Armstrong found that the plaintiff's actions violated the protective order because the purpose of the provision was to "limit the use of confidential information to this case. By using such information to file a separate lawsuit in

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3723391.1                                           - 1 -
[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO ENFORCE PROTECTIVE ORDER AND FOR LEAVE TO SEEK THEIR ATTORNEYS' FEES; CASE NOS. 5:18-CV-07182-EJD

another forum, plaintiff violated the plain terms of the [p]rotective [o]rder." *On Command*, 976 F.Supp. at 922.  Similar to plaintiff in *On Command*, Defendants' use of Protected Material to initiate an opposition to a trademark registration at the TTAB "opposed to *this* litigation—is tantamount to no compliance at all."  *Id.* at 922 (emphasis in original).

The Court further finds that the factual and legal issues raised by Defendants as the basis to oppose Neo4j, Inc.'s trademark application that seeks to update the goods and services protected by the same Neo4j® Mark at issue in this litigation are identical to those previously litigated by the parties.  This Court notes that the parties fully litigated this issue (Dkt. No. 95 at 4:3-6:25 and Dkt. No. 96 at 6:10-10:27) and Judge Davila considered and rejected Defendants' reliance on the Intracompany Agreement and Neo4j USA's alleged status as a licensee as a basis for canceling registration for the Neo4j® Mark, finding that "Defendants have thoroughly briefed their cancellation and abandonment theories on multiple motions over the last year, and this Court has unequivocally found those theories insufficient as a matter of law."  Dkt. No. 110 at 5:25-27; *see also* Dkt. Nos. 70 and 85.  As a result, Defendants' opposition to the new application for the Neo4j® Mark would be barred by the doctrine of claim preclusion even it were not improperly based on Protective Material in violation of the Protective Order.  *See B & B Hardware, Inc. v. Hargis Indus., Inc.*, 575 U.S. 138, 152-53 (2015) (recognizing that "[w]hen a district court, as part of its judgment, decides an issue that overlaps with part of the TTAB's analysis, the TTAB gives preclusive effect to the court's judgment").

This Court has the authority to enter an order requiring Defendants to comply with the Protective Order, including "treating as contempt of court."  *See* Fed. Civ. P. Rule 16(f)(1)(C); Fed. Civ. P. Rule 37(b)(2)(A)(ii)-(vii).  Thus, the Court may preclude them from using Protected Materials and information gained therefrom at the TTAB, and compelling them to abandon that opposition. *See Shuffler v. Heritage Bank*, 720 F.2d 1141, 1146 (9th Cir.1983) (the "court has the power to adjudge in civil contempt any person who willfully disobeys a specific and definite order requiring him to do or to refrain from doing an act"); *see also* Fed.R.Civ.P. 37(b)(2)(D).  This is an appropriate remedy here because Defendants' request for an extension of time to oppose Plaintiffs' application and their underlying opposition is solely based on the Intracompany

842\3723391.1 - 2 -
[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO ENFORCE PROTECTIVE ORDER AND FOR LEAVE TO SEEK THEIR ATTORNEYS' FEES; CASE NOS. 5:18-CV-07182-EJD

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

Agreement, which is Protective Material that they only obtained via discovery in this litigation under the Protective Order.

Federal Rule of Civil Procedure 37 authorizes the Court to impose a broad variety of sanctions where a party violates such an order, including awarding fees or expenses. *See* Fed. R. Civ. P. 37(b)(2) (authorizing sanctions for failing to obey an order, "including an order under Rule 26(f)"); *see also Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir.1983) ("failure to obey the protective discovery order exposed plaintiff to liability under Rule 37(b)(2) for the resulting costs and attorney's fees"). *Life Techs. Corp. v. Biosearch Techs., Inc.*, 2012 WL 1600393 (N.D. Cal. May 7, 2012) ("Rule 37 of the Federal Rules of Civil Procedure grants courts the authority to impose sanctions where a party has violated a discovery order, including a protective order issued pursuant to Rule 26(f)") (citations omitted). Similarly, Rule 16 provides that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: ... (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C). This rule further provides that "[i]nstead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 16(f)(2).

This Court find that monetary sanctions are appropriate because Defendants refused to forego using Protected Materials in another proceeding and Defendants intentionally violated the Protective Order in an effort to re-litigate the same issues this Court conclusively resolved in favor of Neo4j USA. Accordingly, the Court will grant Plaintiffs' leave to submit a declaration of their attorneys' fees and costs incurred in obtaining Defendants' compliance with the Protective Order their violation was willful and without substantial justification.

Accordingly, it is HEREBY ORDERED THAT

1. Defendants' use of that Intracompany Agreement to oppose Neo4j, Inc.'s pending trademark application before the TTAB violates Sections 3 and 7.1 of the Protective Order.

/ / /

842\3723391.1 - 3 - [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO ENFORCE PROTECTIVE ORDER AND FOR LEAVE TO SEEK THEIR ATTORNEYS' FEES; CASE NOS. 5:18-CV-07182-EJD

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

2. Defendants and their counsel shall not use the Intracompany Agreement produced in this litigation by Plaintiffs and designated by them as "Highly Confidential – Attorneys' Eyes Only" under the Protective Order for Defendants for any purpose other than in connection with this litigation as provided in Sections 3 and 7.1 of the Protective Order.

3. Defendants' use of that Intracompany Agreement to oppose Neo4j, Inc.'s pending trademark application before the TTAB is violation of Sections 3 and 7.1 of the Protective Order was willful and without substantial justification. Accordingly, the Court will require Defendants to pay all of Plaintiffs' attorneys' fees and costs incurred in connection with compelling Defendants' compliance with the Protective Order.

4. Plaintiffs shall submit a declaration of their attorneys' fees and costs incurred in obtaining Defendants' compliance with the Protective Order within seven (7) days of entry of this order, and a proposed order awarding such fees and costs.

**IT IS SO ORDERED.**

Dated:_____

SUSAN VAN KEULEN
United States Magistrate Judge