Adron W. Beene SB# 129040
Adron G. Beene SB# 298088
Attorney at Law
1754 Technology Drive, Suite 228
San Jose, CA 95110
Tel: (408) 392-9233
adron@adronlaw.com

Attorneys for defendants:
PURETHINK LLC, a Delaware limited
liability company, IGOV INC., a Virginia
corporation, and JOHN MARK SUHY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation,<br>Plaintiffs,<br>v.<br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. 5:18-CV-7182 EJD<br><br>**DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Date: April 15, 2021<br>Time: 9:00 a.m.<br>Dept. Courtroom 4, 5th floor<br>Judge: Hon. Edward J. Davila |

I.  **Introduction**

Neo4J Inc. "USA" has filed a 24 page reply and a 1 page (a paragraph) opposition to Purethink, LLC, Igov, Inc. and John Mark Suhys ("Defendants")' motion for summary judgment. At the same time, they have settled out with the GFI defendants. They are no longer part of this motion. USA presses it registration

to support standing and ownership. But ownership is a separate and distinct issue from registration. As USA does not own the Neo4J trademark, they cannot proceed with the Trademark and False Designation of Origin claims. While USA does not need to own the trademark for false advertising standing, they lack the materiality element for the claim. This is fatal to the claim. As they cannot establish a necessary element for the claim, the Lanham Act 43(a) and UCL claims should be dismissed.

## II.     Trademark and False Advertising claims

Summary judgment should be granted in defendants favor on the First and Second Causes of Action for Trademark Infringement and False Designation of Origin claims.

A party seeking summary judgment always bears the initial burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party can satisfy this burden by: (1) presenting evidence that negates an essential element of the non-moving party's case or (2) demonstrating that the non-moving party failed to establish an essential element of the non-moving party's case on which the non-moving party bears the burden of proving at trial. *Id.* at 322–23, 106 S.Ct. 2548. Once the moving party establishes the absence of genuine issues of material fact, the burden shifts to the non-moving party to set forth facts showing that a genuine issue of disputed fact remains. *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548.

Defendants moved for summary judgment on the trademark infringement and false designation of origin claims because USA does not own the Neo4J mark. Ownership of the mark is a required element of USA's trademark infringement claim. *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 841 (9th Cir.1987);

*Rearden LLC v. Rearden Commerce, Inc.* (9th Cir. 2012) 683 F.3d 1190, 1202–1203. *Dahon North America, Inc. v. Hon* (C.D. Cal., Apr. 24, 2012, No. 2:11-CV-05835-ODW) 2012 WL 1413681 (A party lacks standing to sue for trademark infringement if it does not own the trademark at issue).

While USA relies on its registration, "To prevail in the infringement action, [Plaintiff] had to establish his exclusive right to use the trademark **independent** of the registration." [Emphasis added] [citations omitted]. *Wrist-Rocket Mfg. Co., Inc. v. Saunders Archery Co.* (8th Cir. 1975) 516 F.2d 846, 850.[1] "[T]he Lanham Act creates at least two adjudicative mechanisms to help protect marks. First, a trademark owner can register its mark with the PTO. Second, a mark owner can bring a suit for infringement in federal court. *B & B Hardware, Inc. v. Hargis Industries, Inc.* (2015) 575 U.S. 138, 142. The anomaly in this case is USA does not own the trademark yet owns the registration. This motion does not deal with registration[2]. This motion addresses the second adjudicative mechanism: the right of a mark owner to bring a suit.

USA's reliance on its registration to prove ownership (D Fact 125) fails. Registration does not confer ownership. *Allard Enterprises v. Advanced Program*, 146 F.3d 350, 356 (6th Cir. 1998) ("One of the bedrock principles of trademark law is that trademark or "service mark" ownership is not acquired by federal or state

---

[1] The Wrist-Rocket test for determination of ownership of a mark is not applicable as there is a license agreement establishing Sweden's ownership of the mark. The test is applied in absence of an agreement. See *Sengoku Works Ltd. v RMC International, Ltd.* 96 F.3d 1217 (9th Cir. 1996) (applying Wrist-Rocket test).
[2] Given this Courts recent Order Granting Motion to Strike, Dkt. 110, defendant's affirmative defenses for Cancellation of Trademark Procured by Fraud and Naked License Abandonment of Trademark are withdrawn. D Facts 130, 131 and 132 are withdrawn. Those issues were not raised as part of defendants' motion for summary judgment.

1  registration.").

2  The undisputed fact shows USA does not own the NEO4J mark. (D Facts
3  125). Since USA does not own the Neo4J trademark, it cannot bring a trademark
4  infringement claim or False Designation of Origin claim. *Kythera*
5  *Biopharmaceuticals, Inc. v. Lithera, Inc.*, 998 F.Supp.2d 890, 897 (C.D. Cal. 2014)
6  ("A claim for false designation of origin under 15 U.S.C. § 1125 requires proof of the
7  same elements as a claim for trademark infringement under 15 U.S.C. § 1114.")

8  USA's non-exclusive license to the Neo4J mark (D fact 126), does not support
9  standing to bring an infringement action. *Quabang Rubber Co. v. Fabiano Shoe Co.*,
10 567 F.2d 154, 159-60 (1st Cir. 1977); *Int'l Soc'y for Krishna Consciousness of*
11 *Western Pennsylvania v. Stadium Authority*, 479 F. Supp. 792, 797 (W.D. Pa. 1979)).

12 As USA does not own the mark, they instead try to confuse and misdirect the
13 Court to affirmative defenses, its registration, and its relationship with NEO4J
14 SWEDEN AB "Sweden". The ownership of the mark is jurisdictional and an element
15 of USA's claim, not defendant's dismissed affirmative defense. Defendants are
16 demanding USA prove the ownership element of its claim. USA has the burden to
17 prove they own the mark for an element of the claim and for this court's
18 jurisdiction. It is undisputed that they cannot establish ownership. Registration is a
19 procedural issue and confers only a presumption of ownership which disappears
20 with contrary evidence. *Hokto Kinoko Co. v. Concord Farms, Inc.* (C.D. Cal. 2011)
21 810 F.Supp.2d 1013, 1022, aff'd (9th Cir. 2013) 738 F.3d 1085.

22 As defendants have shown, USA does not own the Neo4J trademark, the
23 presumption of ownership through registration is gone. USA cannot rest on its
24 procedural presumption of registration to prove an element of thier claim.
25 Registration is not a conclusive presumption. It is rebuttable. Defedants have

rebutted it and USA must prove it is the owner of the Neo4J mark. But USA presents no evidence it owns the mark because it is undisputed Sweden owns the mark.

Reliance on Sweden's prior use for registration of the mark under 15 U.S.C. §1055 does not shore up the ownership element for USA. The registration process does allow the **owner** of a mark to use a subsidiaries prior use of the mark for registration purposes. *In re Wella A.G.* 787 F.2d 1549. (Fed. Cir. 1986) "Wella I"[3]. ("Regardless of their being related companies, only one is the owner.") The related company doctrine is only applied for prior use on a registration issue. Defendants are not attacking the registration. See fnt. 2. 15 U.S.C. §1055 does nothing to confer ownership of the trademark on a related company. There can be only one owner of the Neo4J mark and the License Agreement (Dkt. No. 100-3, Beene Dec ¶ 4, Exhibit 1) clearly states the Neo4J mark is owned by Sweden.

As USA does not own the Neo4J mark, an element of its infringement and false designation of origin claim, summary judgment on those two[4] claims should be granted in favor of Defendants.

---

[3] The court in Wella II (*In re Wella A.G.* 858 F.2d 725 (Fed. Cir. 1988) did not reject Judge Nies' additional view in Wella I as USA stated Dkt. 109 7:13-15. Wella II rejected the Trademark Trial and Appeal Board's failure to follow the Court's instructions in Wella I. Judge Nies additional views were favorably cited in the Federal Circuit's later opinion, *Lincoln Logs Ltd. v. Lincoln Pre-Cut Log Homes, Inc.* (Fed. Cir. 1992) 971 F.2d 732, 734 :"see also *In re Wella, A.G.*, 787 F.2d 1549, 1554, 229 USPQ 274, 278 (Fed.Cir.1986) (Nies, J., additional views) (right to use and right to register are "separate and distinct").

[4] The ownership standard does not apply to the Lanham Act 43(a) false advertising claims. *Silverstar Enterprises, Inc. v. Aday* (S.D.N.Y. 1982) 537 F.Supp. 236, 241. (standing under this section [15 USC §1125] may lie with users of trademarks who are not owners of the marks.)

### III. Nominative Use

Even if USA has standing and can raise an issue on ownership, they cannot prove infringement by defendants. Defendants' use of the Neo4J mark is to identify Neo4J software, USA, and Sweden. The use is permissible nominative fair use. Its not infringement. Fundamentally, it's defendants' First Amendment right to free speech. USA may want to stop defendants from telling people they can use free software instead of paying money for it, but a trademark cannot stop that. USA bears the burden of establishing that the use of the mark was not nominative fair use. *Toyota Motor Sales, U.S.A., Inc. v. Tabari* (9th Cir. 2010) 610 F.3d 1171, 1182–1183. The test for nominative fair use is three part determine whether: (1) the product was "readily identifiable" without use of the mark; (2) defendant used more of the mark than necessary; or (3) defendant falsely suggested he was sponsored or endorsed by the trademark holder. *Toyota* at 1165-1176. USA cannot meet its burden to show defendants' use of the Neo4J mark was not nominative. *Toyota* at 1182.

On the first element, that the product can be identified without reference to the mark, USA provides no facts to dispute D Fact 148. The services defendants provide for Neo4J software are properly identified and cannot be readily identified without reference to the mark. *Volkswagenwerk Aktiengesellschaft v. Church* (9th Cir. 1969) 411 F.2d 350, 352, supplemented (9th Cir. 1969) 413 F.2d 1126. They argue about the GFI's defendant use, but those defendants have settled out.[5] Defendants can comparatively advertise and there is no evidence to show how that

---

[5] USA suggest defendants ignore the fact the GFI defendants settled out with an agreed injunction. Dkt. No. 109. P.4, Ftn 2. It is plaintiffs who ignore the fact that settlement occurred long after Defendants' opposition was filed.

is done without using the mark. *Network Automation, Inc. v. Advanced Systems Concepts, Inc.* (9th Cir. 2011) 638 F.3d 1137, 1153.

There is no evidence defendants used the mark more than they should have to establish the second element and the third and most important element, that the use does not show sponsorship or endorsement. *Toyota*, at 1179. USA provides no facts to dispute D Fact 135. There is no genuine dispute that defendants' websites, taken as a whole suggest sponsorship or endorsement by USA.

As defendants' use of the Neo4J mark was nominative, within its First Amendment rights to identify its services, comparatively advertise, without any false suggestion they are sponsored or endorsed by USA, summary judgment on the Trade Mark and infringement claim should be granted.

## IV.  False Advertisement

Defendants moved for summary judgment on USA's False Advertising and UCL claims against defendants. While there are a number of disputed facts on this claim,[6] one required element of the claim is starkly not disputed: Sophisticated consumers of databases make purchase decisions based on price. (D Fact 151). USA concedes customers chose ONgDB based on pricing **alone**. (Emphasis added) Dkt. No. 98, p. 2:12-13; p. 32:6-10. USA offers no evidence that consumers made any material decisions based on what USA claims is false in the remaining defendants

---

[6] While USA claims defendants concede the other issues, this is not true. Dkt. No. 109 at 18:6-8. See Plaintiff's Facts 77-124. Most of which are disputed. Likewise, the facts were not segregated by the different defendant groups. Many are only addressed to the GFI defendants. A plaintiff may not mix and match statements (even some about dismissed defendants and others against the remaining) to satisfy all elements. *Verisign, Inc. v. XYZ.COM LLC* (4th Cir. 2017) 848 F.3d 292, 299. Likewise, there is a due process issue when a party overloads briefs with cases and over 100 alleged material issues of facts, and a party has a page limit to respond; concessions claimed based on omission should not apply.

advertising. False advertising must be material. *Pizza Hut, Inc. v. Papa John's Intern., Inc.* (5th Cir. 2000) 227 F.3d 489, 495. USA's failure to establish this element is fatal to the claim. *Verisign, Inc. v. XYZ.COM LLC* (4th Cir. 2017) 848 F.3d 292, 299. While USA attempts to distract the Court with argument on a play on the word "free", which is actually part of phase 2 in this case, they do not dispute the software is free. As in, it costs no money. The material decision for consumers is deciding to purchase USA's software for money or downloading software for free. There is no evidence to dispute this material issue, and none of the other claims arise to a material issue when price is the only purchasing issue. Since USA cannot prove a material false statement, summary judgment should be granted in defendants' favor on the false advertising claim and related UCL claim.

**V.    Evidence Objections**

Defendants object to USA's failure to include the evidence objection in the brief as required under Civil L.R. 7-3. "Any evidentiary and procedural objections to the motion must be contained within the brief or memorandum." All evidence objections not in the brief should be stricken. Likewise, the objections are improper. The standards for evidence on summary judgment are not the same as for trial. The standard is the evidence would be admissible at trial, not that it presently is. *Obesity Research Inst., LLC v. Fiber Research Int'l, LLC,* 310 F. Supp. 3d 1089, 1107 (S.D. Cal. 2018).

Dated: March 9, 2021

                                                                  */s/ Adron W. Beene*
Adron W. Beene SB# 129040
Adron G. Beene SB# 298088
Attorney At Law
Attorney for Defendants
PURETHINK LLC,
IGOV INC., and JOHN MARK SUHY

**FILER'S ATTESTATION**

I, Adron G. Beene, am the ECF user whose credentials were utilized in the electronic filing of this document. In accordance with N.D. Cal. Civil Local Rule 5-1(i)(3), I hereby attest that all signatories hereto concur in this filing.

Dated: March 9, 2021

                                                  */s/ Adron G. Beene*
                                          Adron G. Beene SB# 298088