**hopkins carley**

San Jose
70 South First Street
San Jose, CA 95113
T. 408.286.9800
F. 408.998.4790

March 11, 2021

Magistrate Judge Susan van Keulen
United States District Court
280 South 1st Street
Courtroom 6, 4th Floor
San Jose, CA 95113

      Re:    *Neo4j, Inc. v. PureThink LLC, et al.*, Case No.: 5:18-cv-07182-EJD, Plaintiffs' Response to Order Re Joint Discovery Letter Brief (DKT. NO. 113)

Plaintiffs submit this supplemental brief as requested by the Court. *See* Dkt. No. 113. Per the TTAB's rules, Defendants are required to establish good cause to obtain an extension of time until April 7, 2021 to file an opposition to Neo4j USA's new application for the Neo4j® Mark. Exhibit 1 discloses that Defendants' are using the same AEO documents to oppose the new registration for the Neo4j® Mark that they filed under seal with their opposition to Plaintiffs' Motion for Summary Judgment. *See* Dkt. Nos. 100 and 100-1, ¶¶ 4, 6 and Exhs. 1-2 (filed under seal); *see also* Dkt. No. 102, ¶¶ 3(a)-(b), 4 (confirming the highly confidential nature of the same). Specifically, Defendants argued to the TTAB that there are "important" documents in this case that are material to Mr. Suhy's opposition before the TTAB. *See* Dkt. No. 110, Exh. 1. The fact that Suhy averred that these AEO documents are relevant and material to his opposition confirms that he has knowledge of the confidential information contained therein. Defendants have since reconfirmed that their opposition at the TTAB is based on the same argument that Judge Davila held was insufficient to challenge the validity of the Neo4j® Mark (Dkt. No. 110), and the sole evidentiary basis of which is the highly confidential Intercompany Agreement that they were only able to obtain under the Protective Order in this action (Dkt. No. 111, pp. 4-5).

Whether Suhy possesses the AEO documents is not the dispositive question, rather it is whether Suhy *used* confidential information in the AEO materials outside this litigation. Courts in this District have made clear that parties cannot use confidential information obtained under a protective order to initiate legal proceedings in another forum. *See, e.g., On Command Video Corp. v. LodgeNet Entm't Corp.*, 976 F.Supp. 917, 921-22 (N.D. Cal. 1997). In that case, plaintiff in obtained confidential materials from defendant under a protective order in a patent infringement suit to file a state court trade secret action, using confidential material disclosed under the protective order in the federal case. Judge Armstrong found that the plaintiff's actions violated the protective order because the purpose of the provision was to "limit the use of confidential information to this case. By using such information to file a separate lawsuit in another forum, plaintiff violated the plain terms of the [p]rotective [o]rder." *On Command*, 976 F.Supp. at 922. Similar to plaintiff in *On Command*, Defendants' use of Protected Material as the basis to oppose Neo4j USA's trademark application at the TTAB "opposed to *this* litigation—is tantamount to no compliance at all" with Sections 3.1 and 7 of the Protective Order *Id.* at 922.

Respectfully Submitted,

HOPKINS & CARLEY

  /s/ *Jeffrey M. Ratinoff*

Attorneys for Plaintiffs and Counter-Defendants NEO4J, INC. and NEO4J SWEDEN AB

842\3727171.1