UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>PURETHINK, LLC, et al.,<br><br>    Defendants. | Case No. 18-cv-07182-EJD  (SVK)<br><br>**ORDER DENYING RELIEF REQUESTED IN JOINT DISCOVERY SUBMISSION**<br><br>Re: Dkt. Nos. 111, 114 |

In the Parties' Joint Discovery submission (Dkt. 111), Plaintiffs allege a violation of the Protective Order in this case (Dkt. 34) and request enforcement of same and attorneys' fees. The request is DENIED.

In support of the sole allegation that Defendants mis-used a document marked "Attorneys Eyes Only," Plaintiffs submit a filing made by Defendants to the TTAB, which states in relevant part:

> *An ongoing federal lawsuit CASE NO. 5:18-cv-07182-EJD involving the opposer and the trademark applicant has documents which are important to the opposition filing but are currently marked as attorney eyes only. iGov Inc needs additional time to confer with counsel involved in the lawsuit to identify the best approach to get the documents unsealed for the USPTO opposition response. Note the counsel for the lawsuit do not yet represent opposer in the opposition. (See: Filing document 100 from pacer.gov for case 5:18-cv-07182-EJD).*

Dkt. 111, Ex. 1. The only reference in this TTAB filing to a document in this case is the non-specific reference to Dkt. 100, which is Defendants' motion for summary judgment. Even a cursory review of Dkt. 100 demonstrates that it contains no AEO documents. There are redacted exhibits at Dkt. 100, including the AEO document Plaintiffs claim was improperly used, which appear in unredacted form only in connection with a pending motion to seal (Dkt. 101; 101-3). The mere reference to "document 100" does not, by any stretch of the imagination, violate the

Protective Order. To the contrary, in the same TTAB filing that Plaintiffs now cite as a violation of the Protective Order, Defendants readily acknowledge the AEO status of documents in the litigation before this Court and the need to address their confidential nature before filing those documents with the TTAB. Dkt. 111, Ex. 1.

Plaintiffs' complaint that Defendants "intend" to use AEO documents may be correct, but such an intention is in fact anticipated by and provided for in the Protective Order. Dkt. 34, ¶ 6 ("Challenging Confidentiality Designations"). Should Defendants proceed as indicated in their filing before the TTAB, they must do so as directed by the Protective Order; if and when such a motion to challenge confidentiality designations is filed, Plaintiffs will have an opportunity to argue for the continuation of AEO protection.

Finally, Plaintiffs' suggestion that the Defendants' mere reference to an "important document" in the TTAB filing supports a finding that an individual Defendant had improper access to an AEO document in this case is insupportable.

In presenting this issue to this Court, neither Party could resist arguing, extensively, the merits of their positions before the trial court. Those arguments are wholly misplaced in a discovery dispute and a waste of judicial resources. The Parties are cautioned against such arguments in the future.

**SO ORDERED.**

Dated: March 11, 2021

SUSAN VAN KEULEN
United States Magistrate Judge