1  John V. Picone III, Bar No. 187226
   jpicone@hopkinscarley.com
2  Jeffrey M. Ratinoff, Bar No. 197241
   jratinoff@hopkinscarley.com
3  HOPKINS & CARLEY
   A Law Corporation
4  The Letitia Building
   70 South First Street
5  San Jose, CA  95113-2406

6  *mailing address:*
   P.O. Box 1469
7  San Jose, CA 95109-1469
   Telephone:    (408) 286-9800
8  Facsimile:     (408) 998-4790

9  Attorneys for Plaintiffs and Counter-Defendants
   NEO4J, INC. and NEO4J SWEDEN AB
10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13 | NEO4J, INC., a Delaware corporation, NEO4J SWEDEN AB, a Swedish corporation, | CASE NO.  5:18-cv-07182-EJD |

14

15                    Plaintiff,

16            v.

17 PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,

18

19

20                  Defendants.

21 AND RELATED COUNTERCLAIM.

**PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS FOR SUMMARY JUDGMENT AND TO SET A CASE MANAGEMENT CONFERENCE**

[Civil L.R. 7-11 and Civil L.R. 16-10(c)]

22

23

24

25

26

27

28

842\3784189.1
PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS FOR SUMMARY JUDGMENT AND TO SET A CASE MANAGEMENT CONFERENCE; CASE NO. 5:18-CV-07182-EJD

Pursuant to Civ. L.R. 7-11 and 16-10(c), Plaintiffs Neo4j, Inc. and Neo4j Sweden AB ("Plaintiffs" or "Neo4j") submit this Administrative Motion to request that the Court grant Plaintiffs further leave from the Court's one-summary judgment rule and allow them to file a partial motion for summary judgment on their DMCA claim asserted against Defendants and on their related counterclaims and defenses, as well as to specially schedule a case management conference.

**The Court Should Schedule a Motion for Summary Judgment on Plaintiffs' DMCA Claim**

**A.      The Parties' Remaining Claims and Defenses**

On April 10, 2020, the Court granted the parties' stipulation concerning bifurcating the case into two phases.  Dkt. Nos. 66, 68.  Phase 1 was to adjudicate Plaintiffs' claims pursuant to the Lanham Act and California's unfair competition law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL") and Defendants' counterclaims and defenses relating thereto.[1]  *See* Dkt. No. 68, ¶ 3.  The Court also permitted the parties to depart from its one-summary judgment motion rule by allowing them file a motion at the conclusion of Phase 1 and a motion during Phase 2.  *See* Dkt. Nos. 66 and 68, ¶ 5 and ¶ 7.  The Court found in favor of Plaintiffs on all such claims and defenses via a motion for judgment on the pleadings and motions to dismiss and to strike (Dkt. Nos. 70, 85, 110), and ultimately on a motion for summary judgment that was granted in favor of Plaintiffs on all issues of liability pertaining to Plaintiffs' Lanham Act and UCL claims (Dkt. No. 118).  As a result, the only question left unresolved by Phase 1 is the amount of damages and attorneys' fees Plaintiffs are entitled to recover with respect to their Lanham Act claims, the amount of restitution Plaintiffs are entitled to recover under the UCL, and whether a permanent injunction should be entered.

Plaintiffs' claims that remain to be adjudicated during Phase 2 are their Fifth Cause of Action for Breach of Contract, Sixth Cause of Action for Invasion of Privacy, Seventh Cause of Action for Defamation and Eighth Cause of Action for the Unauthorized Distribution of Altered Copyright Management in violation of 17 U.S.C. § 1202(b) of the Digital Millennium Copyright

---

[1] This included alleged procurement of the Neo4j® Mark by fraud, naked license abandonment, and fair use of the Neo4j® Mark, but did not include Defendants' unclean hands defense.  Plaintiffs contend that the latter is inapplicable to Plaintiffs' Lanham Act and UCL claims, while Defendants have argued to the contrary.  Nonetheless, the parties agreed to have the merits of Defendants' unclean hands defense resolved in Phase 2.  *See* Dkt. Nos. 68, ¶ 6 and Dkt. No. 82, ¶ 3.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

842\3784189.1

Act (DMCA).  *See* Dkt. No. 90, ¶¶ 134-173.  Defendants' remaining counterclaims and affirmative defenses include:

(a)     First Cause of Action for intentional interference with prospective economic advantage based on Neo4j, Inc. allegedly telling potential customers that Section 4.3.2 of the Partner Agreement imposed a 36-month restriction on Defendants from offering commercial support for open source Neo4j software after termination thereof (Dkt. No. 72, ¶¶ 22-34).

(b)     Second Cause of Action for intentional interference with contract based on Neo4j, Inc. allegedly interfering with Defendants' alleged right to offer Neo4j® Enterprise Edition software under the AGPL and Neo4j Sweden Software License for free and enter into paid support agreements with government agencies (*id.*, ¶¶ 35-43).

(c)     Third Cause of Action for failure to pay PureThink $26,020 in breach of the Partner Agreement (*id.*, ¶¶ 44-48).

(d)     Fourth Cause of Action for breach of an alleged "exclusive agreement" separate from the Partner Agreement to sell Neo4j® Government Edition software (Dkt. No. 72, ¶¶ 49-53) and Tenth Affirmative Defense alleging that Neo4j, Inc. waived PureThink's modification of open source Neo4j® software to create Neo4j® Government Edition (Dkt. No. 91 at 22:11-15).

(e)     Fifth Cause of Action for declaratory relief on whether the restrictions on Defendants offering paid commercial support for Neo4j® open source software imposed by Section 4.3.2 of the Partner Agreement are void as a matter of public policy pursuant to Cal. Bus. & Prof. Code §16600 (Dkt. No. 72, ¶¶ 54-57) and First Affirmative Defense alleging the same (Dkt. No. 91 at 14:4-22).

(f)     Sixth Cause of Action declaratory relief on whether the restrictions in Sections 4.3.1 and 4.3.2 of the Partner Agreement violate the terms of the AGPL and Neo4j Sweden Software License, and that Defendants may provide paid support services (Dkt. No. 72, ¶¶ 58-61) and Second Affirmative Defense alleging the same (Dkt. No. 91 at 14:23-16:6).

(g)     Seventh Cause of Action for declaratory relief on whether Neo4j Sweden AB's inclusion of the Commons Clause in the Neo4j Sweden Software License violates Sections 7 and

10 of that license and the Free Software Foundation's copyright in the AGPL (Dkt. No. 72, ¶¶ 62-69) and Second, Fifth, Sixth and Thirteenth Affirmative Defenses effectively alleging the same (Dkt. No. 91 at 14:23-16:6, 19:9-24:5).

(h)     Eighth Cause of Action for declaratory relief on whether the Commons Clause prevents Defendants from providing paid commercial support services to end-users of Neo4j® Enterprise Edition licensed under the Neo4j Sweden Software License (Dkt. No. 72, ¶¶ 70-61).

(i)     Ninth Cause of Action for declaratory relief on whether Defendants had a right to fork Neo4j Sweden's "content" on Github, including the Neo4j® Mark, per the terms of Github's terms of service (Dkt. No. 72, ¶¶ 70-61) and Third Affirmative Defense alleging the same (Dkt. No. 91 at 16:7-19).[2]

(j)     Eleventh Cause of Action for Unfair Business Practices and Fourth Affirmative Defenses for unclean hands, which appear to be based on Plaintiffs not allegedly having the right to first license Neo4j® software under both the GLP and the AGPL and later add the Commons Clause to the latter, or convert later versions of Neo4j® Enterprise Edition to proprietary licensed software that was previously licensed under the AGPL.  *See* Dkt. No. 72, ¶¶ 99-128 at 16:20-19:7.

**B.     Plaintiffs Request that Defendants Stipulate to Summary Judgment**

While Plaintiffs' DMCA claim was not subject to Phase 1, the question of whether Neo4j Sweden AB had the right as the copyright holder to include the Commons Clause and its commercial restrictions in the Neo4j Sweden Software License and whether Defendants had the right to remove it under Sections 7 and 10 of that license, were before the Court in the context of Plaintiffs' Lanham Act and UCL claims.  *See* Dkt. No. 110 at 23:22-25:19.  In granting summary judgment in favor of Plaintiffs, the Court rejected Defendants' position that "the Neo4j Sweden Software License that permits licensees, like GFI or Defendants, to remove the Commons Clause and redistribute the software under the standardized AGPL license."  *See id.*

---

[2] This cause of action and affirmative defense was subject to Phase 1 (Dkt. No. 68, ¶ 3(c)), and fully litigated and resolved in favor the Plaintiffs to the extent that Defendants relied upon the Github terms of service to argue their alleged fair use of the Neo4j® mark (Dkt. No. 100 at 16:16-17:3, 31:9-19, Dkt. No. 109 at 10:27-11:14; Dkt. No. 110 at 18:2-22:21).  It is unclear whether there is any other facts alleged that would make this counterclaim and defense still viable.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

842\3784189.1                                    - 3 -
PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS FOR SUMMARY JUDGMENT AND TO SET A CASE MANAGEMENT CONFERENCE; CASE NO. 5:18-CV-07182-EJD

The Court's ruling had an undeniable ripple effect on both Plaintiffs' DMCA claim and Defendants' counterclaims and defenses based on Neo4j Sweden's inclusion of the Commons Clause. Likewise, it is undisputed that Defendants intentionally removed the Commons Clause without Neo4j Sweden's authorization. In the hope of further streamlining the case, Plaintiffs requested that Defendants stipulate to violating the DMCA and agree to have the Court hear evidence on Plaintiffs' damages and fashion an award for both their DMCA and Lanham Act claims. *See* Ratinoff Decl., ¶ 3, Exh. A. This would also necessarily dispose of Defendants' counterclaims and defenses that are based on Neo4j Sweden's inclusion of the Commons Clause.

Ignoring the law of case and issue preclusion doctrines, Defendants rejected Plaintiffs proposal. *Id.,* ¶ 2, Exh. B. Defendants also did not acknowledge Plaintiffs' request that they stipulate to having Plaintiffs' DMCA claim and Defendants' related counterclaims and defenses be subject to another round of summary judgment motions. *Id.* Thus, necessitating this Motion.

**C.     There is Good Cause to Further Depart from the Court's One-Summary Judgment Rule.**

Plaintiffs believe that creating a Phase 2 and Phase 3 in this litigation, which would include a further departure from the Court's one-summary judgment rule, is in the interest of judicial economy and will further converse the resources of the parties and the Court by narrowing the number of actual triable issues. Ratinoff Decl., ¶¶ 5-6. The Court has already made significant findings that eliminate any remaining dispute with respect to the issue of Defendants' liability under the DMCA. Likewise, the Court's interpretation of Sections 7 and 10 of the Neo4j Sweden Software license in the Summary Judgment Order effectively negated Defendants' Seventh Cause of Action and in their Second, Fifth, Sixth and Thirteenth Affirmative Defenses, which are premised on those sections allegedly precluding Neo4j Sweden from adding the Commons Clause.

The Summary Judgment Order also impacted the viability of Defendants' Eleventh Cause of Action for Unfair Business Practices and Fourth Affirmative Defenses for unclean hands, which assert that Plaintiffs somehow engaged in unfair competition by modifying the AGPL and eventually making Neo4j EE a commercial-only licensed product. To be sure, the Court held that it "rejects the notion that the terms drawn from the AGPLv3, on which the Neo4j Sweden Software

Hopkins & Carley
Attorneys At Law
San Jose

842\3784189.1                                          - 4 -
PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS FOR SUMMARY JUDGMENT AND TO SET A CASE MANAGEMENT CONFERENCE; CASE NO. 5:18-CV-07182-EJD

License is based, somehow limit the rights of Neo4j Sweden to include the Commons Clause *or any other additional restriction in its own copyright license*."   Dkt. No. 110 at 25:7-10.   In addition, Defendants' Eighth Cause of Action for declaratory relief presents the legal questions of interpreting whether the Commons Clause restricts Defendants from providing paid commercial support for software licensed under the Neo4j Sweden Software License.  To the extent Defendants' Ninth Cause of Action concerning their "right to fork" remains viable, it too revolves around the legal issue of interpreting Github's unambiguous terms of service.  Thus, no further discovery is needed and all these claims and defenses are ripe for summary judgment.  *See U.S. v. King Features Ent., Inc*., 843 F.2d 394, 398 (9th Cir. 1988) ("[i]nterpretation of a contract is a matter of law, including whether the contract is ambiguous").

Assuming the Court were to resolve the foregoing claims and defenses on summary judgment in Phase 2, then only the parties' dispute relating to the breakdown of their relationship under the Partner Agreement and the validity of the post-termination restrictions of the Partner Agreement would remain for Phase 3.  Several of these Phase 3 claims and defenses would also be ripe for summary judgment.  Thus, it would be in the interest of judicial economy to for the Court to further depart from its one-summary judgment rule.  *See* Ratinoff Decl., ¶¶ 5-6.

### The Court Should Set a Subsequent Case Management Conference

Pursuant to Civ. L.R. 16-10(c), the Court may "sua sponte or in response to a stipulated request or motion, schedule subsequent case management conferences during the pendency of an action."  Given that the Court has yet to consider the damages issue in relation to Phase 1 and aforementioned claims and defenses, Plaintiffs respectfully request that the Court schedule a subsequent case management conference to set a schedule and a trial for their final disposition.

Dated: June 15, 2021

HOPKINS & CARLEY
A Law Corporation

By: */s/ Jeffrey M. Ratinoff*
Jeffrey M. Ratinoff
Attorneys for Plaintiffs and Counter-
Defendants NEO4J, INC. and NEO4J
SWEDEN AB

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE

842\3784189.1                                    - 5 -

PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS FOR SUMMARY JUDGMENT AND TO SET A CASE MANAGEMENT CONFERENCE; CASE NO. 5:18-CV-07182-EJD