John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Bar No. 197241
jratinoff@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:     (408) 286-9800
Facsimile:      (408) 998-4790

Attorneys for Plaintiffs and Counter-Defendants
NEO4J, INC. and NEO4J SWEDEN AB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation,<br><br>Plaintiff,<br><br>v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | CASE NO.  5:18-cv-07182-EJD<br><br>**DECLARATION OF JEFFREY M. RATINOFF IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE ADDITIONAL MOTIONS FOR SUMMARY JUDGMENT AND TO SET A CASE MANAGEMENT CONFERENCE** |

I, Jeffrey M. Ratinoff, declare:

1. I am an attorney at law and duly licensed to practice before all courts of the State of California, and am an attorney with Hopkins & Carley, a Law Corporation, attorneys of record for Plaintiffs and Counter-Defendants Neo4j, Inc. and Neo4j Sweden AB (collectively "Plaintiffs"). I make this declaration in support of Plaintiffs' Administrative Motion for Leave to File Additional Motions for Summary Judgment and to Set a Case Management Conference.

2. The facts stated herein are based on my personal knowledge and if called upon to testify as a witness in this matter, I could and would do so competently.

3. On June 9, 2021, I wrote to counsel for Defendants requesting that due to the Court's Summary Judgment Order on Plaintiffs' Lanham Act claims and in the interest of judicial economy that they (a) stipulate to summary judgment on all liability issues on Plaintiffs' DMCA claims; and (b) agree to a summary proceeding that would allow the Court to determine Plaintiffs' damages they are entitled to recover under the DMCA and Lanham Act. Alternatively, Plaintiffs requested that Defendants confirm that they would either not oppose or would join in a request for further leave from the Court's one summary judgment rule and to specially set a schedule for this motion to be briefed. A true and correct copy of my June 9, 2021 correspondence is attached hereto as **Exhibit A**.

4. On June 10, 2021, I received a response from Adron W. Beene, counsel for Defendants, wherein Defendants refused to acknowledge the Court's conclusive rejection of their interpretation of the Neo4j Sweden Software License, and dismissed Plaintiffs' proposal to further streamline the case. Defendants also did not respond to Plaintiffs' request that they either join in or confirm their non-opposition to a request for further leave from the Court's one summary judgment rule to resolve the DMCA claim and related claims and defenses. A true and correct copy of this correspondence is attached hereto as **Exhibit B**.

5. I believe there is good cause to further depart from the Court's one summary judgment rule to where the Court hears Plaintiffs' motion for summary judgment on their DMCA claim and Defendants counterclaims and defenses tied to the interpretation of the AGPL and the Neo4j Sweden Software License in an abbreviated Phase 2 proceeding because the disposition of these claims and defenses would turn on questions of law for which no further discovery is necessary.

6. Dividing the case into Phase 2 and Phase 3 is in the interest of judicial economy because it would substantially narrow the scope of the case via summary judgment and leave the remainder of the parties' claims and defenses relating to their prior contractual relationship in a

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3785469.1

- 2 -

DECLARATION OF JEFFREY M. RATINOFF IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION;
CASE NO. 5:18-CV-07182-EJD

1  Phase 3 proceeding, which would be resolved via a final round of summary judgment motions,
2  and if necessary, a trial on all remaining liability and damages issues.
3      I declare under penalty of perjury under the laws of the United States of America that the
4  foregoing is true and correct and that this declaration was executed on this 15th day of June 2021,
5  at San Jose, California.

                        */s/ Jeffrey M. Ratinoff*
                        Jeffrey M. Ratinoff

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3785469.1     - 3 -
DECLARATION OF JEFFREY M. RATINOFF IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION;
CASE NO. 5:18-CV-07182-EJD

**EXHIBIT A**

**hopkins carley**

San Jose
70 South First Street
San Jose, CA  95113
T.   408.286.9800
F.   408.998.4790

June 9, 2021

Jeffrey M. Ratinoff
jratinoff@hopkinscarley.com
T. 408.299.1336
F. 408.998.4790

*Via Electronic Mail*

Adron W. Beene, Sr.
Email: adron@adronlaw.com
Law Offices of Adron W. Beene
1754 Technology Drive, Suite 228
San Jose, CA 95110

Richard E. Starr
Email: richardestarr@starrlaw.biz
2503 Childs Lane
Alexandria, VA 22308

*Re:     Neo4j, Inc. v. PureThink LLC, et al., Case No.: 5:18-cv-07182-EJD*

Dear Counsel:

I am writing about two important issues that require immediate attention. The first is Defendants' violations of the Court's Preliminary Injunction. The second is obtaining an expedited resolution of Plaintiffs' DMCA and Lanham Act claims.

**Defendants are Violating the Preliminary Injunction Via their Graphstack Website**

On May 18, 2021, the Court expressly enjoined Defendants from

> Advertising, promoting, representing or referring to ***ONgDB as a free and open source drop-in replacement of Neo4j Enterprise Edition distributions with the same version number, <u>and any similar statement</u>*** that may lead consumers to believe that ONgDB is … *identical to a Neo4j USA or Neo4j Sweden product.*

> Advertising, displaying or distributing products, literature or any other materials that use the Neo4j Mark to advertise or promote ONgDB in any way … ***that may lead consumers to believe that ONgDB*** … ***is identical to a Neo4j USA or Neo4j Sweden product***.

> Affixing, applying, annexing, or using in connection with the sale of any goods, ***a false description or representation*** … ***tending to falsely describe or represent such goods as being Neo4j products and from offering such goods in commerce***.

Adron W. Beene
Richard E. Starr
June 9, 2021
Page 2

Dkt. No. 118 at 34:26-36:5 (emphasis added).  The Court gave Defendants three business days to "remove all infringing material and enjoined uses of the Neo4j Mark *from all websites, webpages, and GitHub repositories owned or managed by the Enjoined Parties*." *Id*. at 36:3-5 (emphasis added).

Notwithstanding the Court's clear directives, Defendants continue to engage in prohibited conduct by promoting ONgDB 3.5.x software via their Graphstack website, located at https://graphstack.io/, as being the free equivalent of Neo4j Enterprise 3.5.x. For example, Defendants state:

> Starting with 3.5.26 …. users will have the option to download graphstack full enterprise distros or download a single plugin *that turns your Neo4j community edition distribution into an enterprise powerhouse. As always there are no limitations on cores or number of cluster instances. Clustering, security, and more are included. 100% Free.*
>
> * * *
>
> *We simply build Neo4j Core directly from the Neo4j GitHub Repo, then package the enterprise plugin source code into a single distribution.* These distributions have *clustering, security, enterprise cypher*, and *everything you would expect from an enterprise graph database*.  Using these distributions is as simple as copying your data and plugins folder from your Neo4j Enterprise or community version over and starting it up.
>
> * * *
>
> Starting 3.5.26 - We started packaging both an enterprise distribution as well as a 'library plugin' that *simply drops into the lib directory of your Neo4j Community distribution, turning it into an enterprise workhorse. All free and no limits on cores or cluster instances*.

Defendants also make statements via the Graphstack Twitter profile, stating "GraphStack™ is the name for the free Neo4j Enterprise open source distributions we compile and package from the official Neo4j Github Repository."

As held by the Court, it is not just the express "drop-in equivalent" statements that amount to false advertising, but also the *implication* that ONgDB 3.5.x is the same as Neo4j EE and can be used for free without a commercial license. Dkt. No. 118 at 23:21-29:11. Indeed, the Court expressly found that statements regarding ONgDB similar to those above to be false advertising, including:

- "I would recommend using the Neo4j Enterprise fork called ONgDB (Open Native Graph Database) if you want all the enterprise features with no limitations on cores,

Adron W. Beene
Richard E. Starr
June 9, 2021
Page 3

- cluster instances, etc. . . . It is Neo4j Core + Enterprise feature set added back in….”
- ONgDB Enterprise 3.5.5 is a "[d]rop in replacement for Neo4j Core and Enterprise 3.5.5 AGPLv3 Open Source License, no limitations on causal cluster instances, cores, or production usage."
- ONgDB "is just the Neo4j code … combined with the enterprise code."
- "We compile and packaged the open source licen[sed] distributions from the same official Neo4j Github Repositories as Neo4j Inc uses for their paid commercial licensed builds."
- ONgDB Enterprise 3.5.5 is a "[d]rop in replacement for Neo4j Core and Enterprise 3.5.5 AGPLv3 Open Source License, no limitations on causal cluster."

Dkt. No 118 at 27:6-28:11.

Defendants' continued use of the 3.5.x (and now 4.2.x) version numbers and suggestion that ONgDB (and now "Graphstack gdb") is Neo4j Core plus "enterprise features" also runs afoul of the Preliminary Injunction. The Court found that because "Neo4j EE v3.5 and later versions were all closed source, [Defendants'] representations that the equivalent versions of ONgDB were "drop-in replacements" could not be verified and were therefore false or misleading." Dkt. No. 118 at 26:12-24. Thus, Defendants cannot continue to state, whether expressly or by implication, that ONgDB 3.5.x is based on Neo4j Core (i.e. Community Edition) with the same enterprise features as Neo4j EE. While Defendants may have nuanced their descriptions of ONgDB, the fact still remains that it is not the same as or equivalent of Neo4j's commercial-only enterprise software.

There is no question that Defendants control that website and were obligated to bring it into compliance with the Preliminary Injunction. Indeed, Defendants publicly state that "iGov Inc is the company behind GraphStack" on the website. Consequently, there is no excuse for Defendants flouting the Court's findings and violating the Preliminary Injunction. Thus, if Defendants do not remove all references and suggestions to ONgDB 3.5.x being similar or equivalent to Neo4j Enterprise and otherwise comply with the Preliminary Injunction **by close of business on June 11, 2021**, Plaintiffs will seek an Order to Show Cause as to why Defendants should not be found in violation of the Preliminary Injunction and not be held in contempt of Court.

**The Court's Summary Judgment Order Resolved Plaintiffs' DMCA Claim**

Plaintiffs' Seventh Cause of Action for Removal of Copyright Management Information – 17 U.S.C. § 1202(b) asserted against John Mark Suhy. We believe that the Court's factual findings and legal holding that the Neo4j Sweden Software License (and the AGPLv3) does not permit a licensee, such as Mr. Suhy or his various entities, to remove restrictions imposed by the licensor conclusively establishes a violation Section

Adron W. Beene
Richard E. Starr
June 9, 2021
Page 4


1202(b)(1) of the DMCA.  *See* Dkt. No. 118 at 6:18-26, 24:7-25:19.  This is now law of the case and Defendants are not entitled to re-litigate Mr. Suhy's interpretation of Sections 7 and 10 of that license.  *See United States v. Park Place Assoc.*, 563 F.3d 907, 925 (9th Cir. 2009) ("when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case"); *Richardson v. United States*, 841 F.2d 993, 996 (9th Cir.1988) ("Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case.") (internal citation omitted).

In addition, Mr. Suhy's testimony during his deposition confirms that he knowingly and willfully removed Neo4j Sweden's copyright management information (CMI) without authorization (and without any reasonable or legal basis to do so).  To be sure, Mr. Suhy conceded that the Free Software Foundation (FSF) was not the actual licensor or a party to the Neo4j Sweden Software License.  Suhy Dep. at 187:12-188:15.  Further, the FSF did not and could not have authorized Suhy's removal of the Commons Clause.  *See* Dkt. No. 100-2, Exh. B.  Mr. Suhy even admitted that the FSF did not seem to understand his questions, which prompted him to send a second email.  Suhy Dep. at 183:2-184:10.  In response, the FSF did not agree with Mr. Suhy's interpretation and confirmed that it could not give him legal advice.  Dkt. No. 98-1, Exh. 34.  The FSF even told Suhy on August 21, 2018 that "[t]he copyright holder on a work is the one with the power to enforce the terms of the license" and "[i]f a work was previously available under a free license, and later that license is changed, users can always use that earlier version under the terms of the free license." *See id.*; *see also* Suhy Dep. at 189:1-191:3, 192:18-193:24.  Mr. Suhy further testified that he never sought a competent legal opinion before replacing the Neo4j Sweden Software License with the AGPL thereby removing the Commons Clause and its commercial restrictions.  *See* Suhy Dep. at 195:22-196:24, 199:22-200:12.

In light of the Court's Summary Judgment Order and aforementioned evidence of intent, we believe that the Court will also grant summary judgment in favor of Plaintiffs in both DMCA claims on all liability issues, and that the only remaining issue that would need to be determined is the amount of actual and/or statutory damages to be awarded. Accordingly, please confirm whether Defendants will stipulate to summary judgment in favor of Plaintiffs on liability on the DMCA claims, as well as to having the Court schedule a prove-up hearing on Plaintiffs' damages claims under the DMCA and Lanham Act.

When considering this proposal, please keep in mind that the Court previously rejected Defendants' attempt to re-litigate issues that had been conclusively resolved in the case, and "the Court expects that Defendants will only advance claims and defenses that are supported by law and evidence and will generally adhere to the proper standard of practice in Federal Court."  Dkt. No. 110 at 7:10-12. Further, both the Lanham Act and the DMCA have attorneys' fees provisions, and Plaintiffs are already the prevailing party on their Lanham Act claims.  We therefore hope that Defendants will agree to enter into such a stipulation to conserve the resources of both the parties and the Court, as well as

Adron W. Beene
Richard E. Starr
June 9, 2021
Page 5

speed up the resolution of the parties' dispute.  Otherwise, please confirm whether Defendants will either not oppose or will join in a request for further leave from the Court's one summary judgment rule and specially set a schedule for this motion to be briefed.

As you may recall, Mr. Picone outlined a similar proposal via his May 18, 2021 email, to which you failed to extend the courtesy of a response.  As a result, Defendants have now had ample time to consider this, and I trust Defendants will be able to provide an answer **before close of business on June 11, 2021**.

Sincerely,

HOPKINS & CARLEY
A Law Corporation

Jeffrey M. Ratinoff

JMR/dlh

cc:   Adron Beene Jr.

842\3772687.4

**EXHIBIT B**

**ADRON W. BEENE**
ATTORNEY AT LAW

7960 SOQUEL DRIVE
SUITE B #296
APTOS, CALIFORNIA 95003
(408) 392-9233
adron@adronlaw.com

June 10, 2021

Jeffrey M. Ratinoff, Esq.
Hopkins Carley
70 South First Street
San Jose, CA 95113

Re: Neo4j, Inc. v. Pure Think LLC, et al., Case No.: 5:18-cv-07182-EJD

Mr. Ratinoff:

Regarding your claimed violation of the injunction, and without conceding the validity of the injunction, please confirm that changes to the Graphstack.io website and GraphStack twitter profile satisfy any concerns. If you have any other concerns, please let me know. As your limited concerns show, defendants have attempted in good faith to comply with the preliminary injunction to avoid further concerns at the trial level.

On the DCMA issue, it is troubling you contend the Court has adjudicated the DCMA claim when that is a phase 2 issue subject to phase 2 claims and defenses. Regarding damages on the Lanham act claims, it may be premature to address those independent of the other claims and defenses and further review of the Court's Order. I think you would agree there would be a fundamental violation of due process to dispense with claims without first hearing them.

Sincerely,

*/s/ Adron W. Beene*
Adron W. Beene