John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Bar No. 197241
jratinoff@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA 95113-2406
***mailing address:***
P.O. Box 1469
San Jose, CA 95109-1469
Telephone: (408) 286-9800
Facsimile: (408) 998-4790

Attorneys for Plaintiffs and Counter-Defendants
NEO4J, INC. and NEO4J SWEDEN AB

Adron W. Beene, Bar No. 129040
adron@adronlaw.com
Adron G. Beene SB# 298088
adronjr@adronlaw.com
Attorney at Law
1754 Technology Drive, Suite 228
San Jose, CA 95110
Tel: (408) 392-9233
Fax: (866) 329-0453

Attorneys for Defendants and Counterclaimants
PURETHINK LLC, IGOV INC., and JOHN MARK SUHY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

NEO4J, INC., a Delaware corporation, NEO4J SWEDEN AB, a Swedish corporation,

Plaintiffs,

v.

PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,

Defendants.

AND RELATED COUNTERCLAIMS.

CASE NO. 5:18-cv-07182-EJD

**JOINT STATEMENT FOR SUBSEQUENT CASE MANAGEMENT CONFERENCE**

Date: July 22, 2021
Time: 10:00 a.m.
Judge: Hon. Edward J. Davila
Courtroom 4, 5th Floor

Action Filed: November 28, 2018
Trial Date: None

Plaintiffs and Counter-Defendants Neo4j, Inc. and Neo4j Sweden AB (collectively "Plaintiffs" or "Neo4j") and Defendants and Counterclaimants PureThink LLC and iGov, Inc. and Defendant John Mark Suhy (collectively "Defendants"), by and through the parties' respective attorneys, hereby submit this joint statement in advance of the July 22, 2021 Case Management and Status Conference.

**1. Procedural and Factual Background, Remaining Claims and Case Status**

Defendants disputes all claims in the Complaint. Plaintiffs dispute all the counterclaims and affirmative defenses asserted by Defendants. The following summary is being provided to the Court for informational purposes only, and by submitting this statement no party is conceding or admitting to the validity of any other party's claims or factual assertions.

On November 28, 2018, Neo4j, Inc. filed suit against PureThink and its successor-in-interest iGov, along with their founder John Mark Suhy (collectively "Defendants") for violations of the Lanham Act and California's Unfair Competition Law, Cal. Bus. Prof. Code §§ 17200 et seq. Dkt. No. 1. These claims were primarily based on Defendants' infringement of Neo4j USA's federally registered Neo4j mark and the false advertising in relation thereto that occurred between July 2017 and the time of filing. Neo4j, Inc. also asserted a claim for breach of a reseller agreement that Defendants had entered into in September 2014 (the "Partner Agreement") and was terminated in July 2017 due to that breach. *See* Dkt. No. 1.

On February 9, 2019, Defendants filed their original counterclaim. Dkt. No. 22. Defendants, *inter alia*, asserted causes of actions for (1) intentional interference with prospective economic advantage; (2) intentional interference with contract; (3) declaratory relief on whether certain post-termination restrictions in the Partner Agreement violated Cal. Bus. & Prof. Code § 16000 and the AGPL; and (6) Declaratory Relief Abandonment of Trademark.

Neo4j, Inc. filed its First Amended Complaint ("FAC") on October 23, 2019. *See* Dkt. Nos. 35, 37. The FAC provided, *inter alia*, additional and more recent examples of Defendants' continuing violations of the Lanham Act. The FAC also added Neo4j Sweden AB as a plaintiff, which in turn asserted claims against for violations of the DMCA. Defendants filed their First Amended Counterclaims on December 9, 2019 adding additional declaratory relief claims

relating to the AGPL and an unfair competition claim pursuant to Cal. Bus. & Prof. Code § 17200. *See* Dkt. No. 55. At that time, the case had expanded well beyond the original scope of the parties' initial pleadings and involved the related (and now settled) GFI Action.

On April 10, 2020, the Court granted the parties' stipulation concerning bifurcating the case into two phases. Dkt. Nos. 66, 68. Phase 1 was to adjudicate Plaintiffs' claims pursuant to the Lanham Act and California's unfair competition law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL") and Defendants' counterclaims and related defenses (excluding their unclean hands defense).[1] *See* Dkt. No. 68, ¶ 3. The Court also permitted the parties to depart from its one-summary judgment motion rule by allowing them file a motion at the conclusion of Phase 1 and a motion during Phase 2. *See* Dkt. Nos. 66 and 68, ¶ 5 and ¶ 7. The Court found in favor of Plaintiffs on several claims and defenses via a motion for judgment on the pleadings and motions to dismiss and to strike (Dkt. Nos. 70, 85, 110), and ultimately on a motion for summary judgment that was granted in favor of Plaintiffs on all issues of liability pertaining to Plaintiffs' Lanham Act and UCL claims (Dkt. No. 118). As a result, the only issues left unresolved on those claims are Defendant's unclean hand defense, the amount of damages Plaintiffs are entitled to recover on their Lanham Act claims, Plaintiffs' entitlement to attorneys' fees, the amount of restitution Plaintiffs are entitled to recover under the UCL, and whether a permanent injunction should be entered.[2]

Defendants have appealed the Court's issuance of a preliminary injunction in conjunction with the granting of partial summary judgment on Plaintiffs' Lanham Act and UCL claims. *See* Dkt. No. 121. The Ninth Circuit is hearing the appeal on an expedited basis pursuant to its rules on appeals of preliminary injunctions. This does not divest the Court's jurisdiction over the parties' Phase 2 claims since they were not at issue. *See Mayweathers v. Newland*, 258 F.3d 930, 935 (9th

[1] This included alleged procurement of the Neo4j® Mark by fraud, naked license abandonment, and fair use of the Neo4j® Mark, but did not include Defendants' unclean hands defense. Plaintiffs argued that the latter is inapplicable to Plaintiffs' Lanham Act and UCL claims, while Defendants have argued to the contrary. Nonetheless, the parties agreed to have the merits of Defendants' unclean hands defense resolved in Phase 2. *See* Dkt. Nos. 68, ¶ 6 and Dkt. No. 82, ¶ 3. Plaintiffs have not waived and are not waiving their position that Defendants' unclean defense is inapplicable to Plaintiffs' Lanham Act and UCL claims.

[2] Defendants does not waive its position that Plaintiffs, plural, are entitled to damages, attorney's fees restitution or an injunction as one of the plaintiffs, Neo4J Sweden AB, is not a party to the causes of action in Phase 1.

Cir. 2001) (recognizing that "when a notice of appeal is filed, jurisdiction over the matters being appealed normally transfers from the district court to the appeals court").

Plaintiffs' claims that remain to be adjudicated during Phase 2 are their Fifth Cause of Action for Breach of Contract, Sixth Cause of Action for Invasion of Privacy, Seventh Cause of Action for Defamation and Eighth Cause of Action for the Unauthorized Distribution of Altered Copyright Management in violation of 17 U.S.C. § 1202(b) of the Digital Millennium Copyright Act (DMCA).  *See* Dkt. No. 90, ¶¶ 134-173.  Plaintiffs' affirmative Defenses to Defendants' remaining counterclaims and affirmative defenses also remain.

Defendants' remaining counterclaims and affirmative defenses for Phase 2 include:

(a) First Cause of Action for intentional interference with prospective economic advantage asserted against Neo4j, Inc. (Dkt. No. 72, ¶¶ 22-34).

(b) Second Cause of Action for intentional interference with contract based on Neo4j, Inc. allegedly interfering with defendant's contracts by improperly telling the government agencies and companies, PureThink and iGov could not support open source versions of Neo4J based on void terms of the Partner Agreement.  (*id.*, ¶¶ 35-43).

(c) Third Cause of Action for failure to pay PureThink $26,020 in breach of the Partner Agreement (*id.*, ¶¶ 44-48).

(d) Fourth Cause of Action for breach of Exclusive Contract for Government (Dkt. No. 72, ¶¶ 49-53) and Tenth Affirmative Defense alleging that Neo4j, Inc. waived PureThink's modification of open source Neo4j® software to create Neo4j® Government Edition (Dkt. No. 91 at 22:11-15).

(e) Fifth Cause of Action for Declaratory Relief (Void Restrictions) on whether the restrictions imposed by Section 4.3.2 of the Partner Agreement are void as a matter of public policy pursuant to Cal. Bus. & Prof. Code §16600 (Dkt. No. 72, ¶¶ 54-57) and First Affirmative Defense alleging the same (Dkt. No. 91 at 14:4-22).

/ / /

/ / /

/ / /

(f) Sixth Cause of Action Declaratory Relief (Restrictions Violate AGPL License) on whether the restrictions in Sections 4.3.1 and 4.3.2 of the Partner Agreement violate the terms of the AGPL (Dkt. No. 72, ¶¶ 58-61) and Second Affirmative Defense alleging the same (Dkt. No. 91 at 14:23-16:6).

(g) Seventh Cause of Action for Declaratory Relief against Neo4J Sweden AB (Commons Clause in AGPL is void) on whether the inclusion of the Commons Clause in the Neo4j Sweden Software License violates the terms of the AGPL and the Free Software Foundation's copyright in the AGPL (Dkt. No. 72, ¶¶ 62-69) and Second, Fifth, Sixth and Thirteenth Affirmative Defenses effectively alleging the same (Dkt. No. 91 at 14:23-16:6, 19:9-24:5).

(h) Eighth Cause of Action against Neo4J Sweden AB for Declaratory Relief The Commons Clause in the AGPL does not apply to Professional Services for the open source versions of Neo4j® Software (Dkt. No. 72, ¶¶ 70-61).

(i) Ninth Cause of Action for declaratory relief on whether Defendants had a right to fork Neo4j Sweden's "content" on Github, including the Neo4j® Mark, per the terms of Github's terms of service (Dkt. No. 72, ¶¶ 70-61) and Third Affirmative Defense alleging the same (Dkt. No. 91 at 16:7-19).[3]

(j) Twelfth Cause of Action for Unfair Business Practices pursuant to Cal. Bus. & Prof. Code § 17200 et seq. *See* Dkt. No. 72, ¶¶ 99-128.

(j) Defendants' remaining Phase 2 affirmative defenses: Affirmative Defense 1. (Void Restrictions), 2. License to use Neo4J Open Source Software, 3. Right to Fork and use Neo4J open source software under GitHub Terms of Service, 4. Unclean Hands, 5. The addition of the Commons clause is Unlawful Under the AGPL, 6. Neo4J USA Violated the AGPL, 10. Waiver, 11. Setoff, 12. Failure to State a Claim, 13. Estoppel, and 14. Truth And Information Provided To Those Who Had Reason To Know.

/ / /

[3] Plaintiff claims this cause of action and affirmative defense was subject to Phase 1 (Dkt. No. 68, ¶ 3(c)), and fully litigated and resolved in favor the Plaintiffs to the extent that Defendants relied upon the Github terms of service to argue their alleged fair use of the Neo4j® mark (Dkt. No. 100 at 16:16-17:3, 31:9-19, Dkt. No. 109 at 10:27-11:14; Dkt. No. 110 at 18:2-22:21).

**2. Additional Summary Judgment Motions and Further Bifurcation of This Action**

***Plaintiffs' Statement:***

Plaintiffs believe that this Action can be resolved most efficiently by further bifurcation and an additional departure from the Court's one dispositive motion rule with respect to Plaintiffs' DMCA claim and Defendants' Seventh Cause of Action and in their Second, Fifth, Sixth and Thirteenth Affirmative Defenses, all which are premised on the interpretation of the provisions in Neo4j Sweden Software License and the related AGPL license. This would also include of Defendants' Eleventh Cause of Action for Unfair Business Practices and Fourth Affirmative Defense for unclean hands, which assert that Plaintiffs somehow engaged in unfair competition by modifying the AGPL and eventually making Neo4j EE a commercial-only licensed product.

These claims and defenses present pure issues of contractual interpretation and the application of an equitable affirmative defense that are pure questions of law, thus no further discovery on these claims and defenses is necessary or required. Nonetheless, Defendants previously opposed Plaintiffs' request for leave to file a motion for summary judgment on these claims and defense based on vague "due process" concerns and an unspecified need for "phase 2 discovery." Dkt. No. 123. There is no basis for these concerns because Defendants will have a fair opportunity to offer evidence establishing a disputed issue of material fact for trial. *See* Fed.R.Civ.P. 56(e); *see also U. S. v. Gossett*, 416 F.2d 565 (9th Cir. 1969), *cert. denied* 397 U.S. 961 (1969) (the purpose of Rule 56 is to require a party opposing a motion for summary judgment to set forth specific facts showing that there is genuine issue for trial to eliminate sham issues of fact and to avoid otherwise lengthy trials). And, if Defendants believe additional discovery is necessary, they are entitled to submit a declaration purporting to establish that need. *See* Fed.R.Civ.P. 56(f); *see also Home Diagnostics, Inc. v. LifeScan, Inc.,* 120 F. Supp. 2d 864, 869 (N.D. Cal. 2000) (summary judgment opponent not entitled to continuance pending further discovery absent submission of requisite declarations stating specifically what information was sought, proffering sufficient facts to show that evidence sought existed, and how that information would preclude summary judgment).

/ / /

Assuming the Court were to resolve the foregoing claims and defenses on a separate summary judgment motion in what would be the new Phase 2 of this litigation, then only the parties' dispute relating to the breakdown of their relationship under the Partner Agreement, the validity of the post-termination restrictions of the Partner Agreement, and the amount of the parties' respective damages (if any) would remain for Phase 3. Plaintiffs believe that several of these Phase 3 claims and defenses would also be ripe for summary judgment, which would further narrow the scope of the case before trial. Thus, it would be in the interest of judicial economy to for the Court to further depart from its one-summary judgment rule and to add a third phase to this litigation.

***Defendants' Statement:***

There should be no trification of the case. Due process is not a vague concept. Plaintiff claims this Court already ruled on the DCMA claims in Phase 2, before there was any discovery and without an opportunity to raise the defenses. Parties should have discovery before summary judgment and not be limited to a Fed.R.Civ.P. 56(f) motion. Under Fed.R.Civ.P. 1 the rules are to be construed, administered, and employed to secure a just speedy and inexpensive determination of cases. Allowing a multi-million dollar multination company to bury an individual in briefing does not support that notion.

**3. Disclosures**

The parties exchanged initial disclosures on February 21, 2019. Neo4j, Inc. supplemented its initial disclosures on July 22, 2019, and Neo4j, Inc. and Neo4j Sweden AB filed Amended Initial Disclosures on April 22, 2020.

**4. Amendment of Pleadings**

***Plaintiffs' Statement:***

Plaintiffs anticipate that they will seek leave to file supplemental pleading pursuant to FRCP 15(d) to include additional defamatory statements about Plaintiffs, which Defendant Suhy has publicly made on Twitter since Plaintiffs filed the Third Amended Complaint. Plaintiffs believe that the Court should set a deadline for amending the pleadings for a reasonable time after Phase 3 discovery commences.

/ / /

***Defendants' Statement:***

Defendants agree to a deadline for further amended pleadings. Defendants will seek the settlement agreement in the related case as much of the conduct plaintiffs allege was done by the parties they have settled with. This would allow Defendants' to assert another defense that the claims have been settled depending on the extent of the settlement agreement.

**5. Discovery**

**a. Discovery Taken to Date**

The parties exchanged document requests, interrogatories and requests for admissions in relation to the parties' original claims, counterclaims and their respective defenses thereto between February 2019 and March 2020. After the Court bifurcated the case, the parties exchanged additional written discovery on Phase 1 issues. Plaintiffs also took the Rule 30(b)(6) Deposition of iGov, Inc. Plaintiffs contend that this deposition was limited to Plaintiffs' Lanham Act and UCL claims that were subject to Phase 1, and Plaintiffs claim it does not preclude the resumption of the deposition for the remaining claims and defenses subject to the next phase. Defendants contend Plaintiffs have taken Mr. Suhy's deposition on issues other than the Phase 1 issues for one day of 7 hours and no further deposition of him is appropriate.

**b. The Scope of Anticipated Discovery**

The topics provided below are not meant to be limiting. The parties retain the right to pursue discovery on any topic to which they are entitled under the Federal Rules of Civil Procedure ("FRCP"), the Local Rules of this Court, and the Orders entered by this Court.

***Plaintiffs' Statement:***

Plaintiff intends to seek additional discovery through interrogatories, requests for the production of documents, subpoenas for records, and depositions. Information that Plaintiff intends to seek from Defendants includes, but is not limited to, the following:

- Defendants' sales and financial information to support Plaintiffs' damages incurred in relation to their Lanham and DMCA claims;
- Defendants' allegations that Plaintiff allegedly interfered with its contractual relations and any alleged damages related thereto;

/ / /

- Defendants' allegations that Plaintiff allegedly interfered with its prospective economic relations with various third parties;
- Defendants' unfair competition and unclean hands defense to that extent they remain viable;
- Defendants' breaches of the Partner Agreement;
- PureThink's claims that Neo4j, Inc. allegedly breached the Partner Agreement; and
- Discovery relating to any additional affirmative defenses and counterclaims asserted by Defendants.

Due to Defendants' claim that Neo4j, Inc. allegedly interference with over 20 prospective economic relations and contractual relations, Plaintiffs anticipate needing to conduct extensive third party discovery, including obtaining documents and depositions via subpoena. Since most of these relationships were with government entities, Plaintiffs believe that it will be a slow process as it took the IRS approximately six months to respond to Plaintiffs' subpoena.

***Defendants' Statement***

Defendants will seek discovery regarding its claims and defenses.

**c. Limits on Discovery**

The parties agree that discovery will not be conducted in phases or be limited to any particular issues other than as provided by this District's Local Rules (and as described in any potential separate stipulation concerning the reasonable and proportionate steps governing requests for and production of emails). Unless otherwise noted below, the parties agree that the limitations on discovery imposed by the Federal Rules of Civil Procedure shall apply, absent a stipulation by the parties and the Court's approval.

The parties initially agreed at the onset of this litigation that each side will be entitled to 10 depositions, excluding third party deposition subpoenas and expert depositions. The parties believe this agreement still makes sense and will accommodate numerous third party depositions that they may need to conduct.

**6. <u>Settlement and ADR</u>**

The parties engaged in preliminary settlement discussions, and then conducted mediation at JAMS in September 2019. The parties have exchange settlement proposals since that time,

including after the Court entered summary judgment in favor of Plaintiffs, but the parties remain far apart to make further ADR worthwhile.

**7. Narrowing of Issues**

***Plaintiffs' Statement***

As discussed above, Plaintiffs believe that further bifurcating the case and allowing them to file a summary judgment motion on their DMCA claim and Defendants' related counterclaims and affirmative defenses will reduce the number of issues for trial. Likewise, Plaintiffs believe that motion for judgment on the pleadings and/or motion for summary judgment will most likely resolve Defendants' counterclaims that are based purported violations of Cal. Bus. & Prof Code §16600 will further reduce the number of issues for trial.

***Defendants' Statement***

Defendants believe that there should be one more summary judgment motion and the case set for trial.

**8. Scheduling**

The parties are in disagreement as to the remaining case schedule, namely as it relates to the further bifurcation of the case.

***Plaintiffs' Statement***

Plaintiffs propose that Phase 2 commence after the CMC and that they have forty-five (45) days from that time to file a motion for summary judgment on their DMCA claim and Defendants' related counterclaims and defenses as proposed above. After the motion is fully briefed, Phase 3 discovery would open for nine motions. It is Plaintiffs' hope that the appeal will be resolved by that time since the Ninth Circuit is hearing it on an expedited basis and that the parties will have a better understanding of what issues remain in the case for trial.

***Defendants' Statement***

Defendants believe the case should not be trificated and that Phase 2 begin with discovery open for nine months. Defendants concur the appeal should be resolved within that time so the parties will have a better understanding of what is remaining.

/ / /

**9. Trial**

At the onset of the case, the parties originally proposed seven (7) days for a jury trial. However, it is now unclear whether additional days would be required given that the scope of this litigation has increased, and whether additional claims and defenses can be resolved via summary judgment. Whether Defendants are successful on their appeal could also affect the length of trial. Thus, the parties agree that would be premature to determine the number of days for trial and set a trial date at least until after the appeal is resolved.

Dated: July 12, 2021

HOPKINS & CARLEY
A Law Corporation

By: */s/ Jeffrey M. Ratinoff*
Jeffrey M. Ratinoff
Attorneys for Plaintiff and Counter-Defendants NEO4J, INC. and NEO4J SWEDEN AB

Dated: July 12, 2021

By: */s/ Adron W. Beene*
Adron W. Beene
Adron G. Beene
Attorneys for Defendants and Counterclaimants
PURETHINK LLC, IGOV INC., and JOHN MARK SUHY

**ATTESTATION OF E-FILED SIGNATURE**

Pursuant to Local Rule 5-1(i)(3), I hereby certify that I have obtained the concurrence in the filing of this document from all signatories for whom a signature is indicated by a "conformed" signature (/s/) within this electronically filed document and I have on file records to support this concurrence for subsequent production to the Court if so ordered or for inspection upon request.

Dated: July 12, 2021

HOPKINS & CARLEY
A Law Corporation


By: */s/ Jeffrey M. Ratinoff*
Jeffrey M. Ratinoff
Attorneys for Plaintiff and Counter-Defendant NEO4J, INC.