John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Bar No. 197241
jratinoff@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:     (408) 286-9800
Facsimile:      (408) 998-4790

Attorneys for Plaintiffs and Counter-Defendants
NEO4J, INC. and NEO4J SWEDEN AB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, NEO4J SWEDEN AB, a Swedish corporation,<br><br>Plaintiffs,<br><br>v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO.  5:18-cv-07182-EJD<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS RE: DEFENDANTS' SECOND AMENDED COUNTERCLAIMS AND ANSWER TO THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Fed. R. Civ. P. 12(c)]**<br><br>Date:          January 13, 2022<br>Time:         9:00 a.m.<br>Dept.:         Courtroom 4, 5th Floor<br>Judge:        Hon. Edward J. Davila |

Hopkins & Carley
Attorneys At Law
San Jose ♦ Palo Alto

842\3742654.7

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

**TO ALL PARTIES AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on January 13, 2022, at 9:00 a.m., Courtroom 4, 5th Floor, at the United States District Court located at 280 South First Street, San Jose, CA 95113 before the Honorable Edward J. Davila, Plaintiffs and Counter-Defendants Neo4j, Inc. ("Neo4j USA") and Neo4j Sweden ("Neo4j Sweden") will, and hereby do, move for a judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) ("Rule 12(c)") on the First Cause of Action for Interference with Prospective Economic Advantage, and Fifth and Sixth Causes of Action for Declaratory Relief asserted by Defendants John Mark Suhy, PureThink LLC, and iGov Inc. (collectively "Defendants") in their Second Amended Counterclaim (Dkt. No. 72).

Neo4j USA and Neo4j Sweden (collectively "Plaintiffs") further will, and hereby do, move for a judgment on the pleadings pursuant to Rule 12(c) on the First, Second and Sixth Affirmative Defenses asserted in Defendants' Answer to the Third Amended Complaint (Dkt. No. 91), which are based on the same theories as and/or seek the same relief sought in Defendants' their Fifth and Sixth Causes of Action for Declaratory Relief.

This Motion is based on this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Jeffrey M. Ratinoff ("Ratinoff Decl.") filed herewith, all records and pleadings on file in this action, and all other matters that the Court may take judicial notice or otherwise properly consider.

## **WAIVER OF ORAL ARGUMENT**

If the Court is inclined to grant this Motion for Judgment on the Pleadings, in whole or in part, it will significantly narrow the scope of discovery and reduce the costs incurred by the parties associated therewith.  As such Plaintiffs waive oral argument and agree to have the Court take this Motion under submission once it is fully briefed by the Parties to expedite its disposition.

## **REQUESTED RELIEF**

Neo4j USA respectfully requests that the Court dismiss Defendants' First, Fifth and Sixth Causes of Action in their Second Amended Counterclaim (Dkt. No. 72); and First, Second and Sixth Affirmative Defenses asserted in Defendants' Answer to the Third Amended Complaint (Dkt. No. 91) with prejudice.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO

842\3742654.7

- 1 -

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

<u>**STATEMENT OF ISSUES TO BE DECIDED**</u>

1.    Whether Defendants can continue to maintain their First Cause of Action for Intentional Interference with Prospective Economic Advantage after the California Supreme Court held that competitive restrictions in contracts between businesses, such as Section 4.3.2 of the Partner Agreement, are not invalid or void as a matter of public policy pursuant to Cal. Bus. & Prof. Code § 16600.

2.    Whether Defendants have otherwise alleged a legally viable claim for Intentional Interference with Prospective Economic Advantage in their First Cause of Action.

3.    Whether there is an actual case and controversy over the validity and enforceability of the 36-month restriction in Section 4.3.2 of the Partner Agreement as alleged in Defendants' Fifth Cause of Action for Declaratory Relief and First Affirmative Defense given the aforementioned decision by the California Supreme Court.

4.    Whether there is an actual case and controversy over whether Sections 4.3.1 and 4.3.2 of the Partner Agreement violate Defendants' right to use source code underlying the Neo4j Software under the Affero General Public License ( "AGPL" ) as alleged in Defendants' Sixth Cause of Action and Second and Sixth Affirmative Defenses.

5.    Whether the Court should dismiss the foregoing counterclaims and affirmative defenses with prejudice.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO

842\3742654.7

- 2 -

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION .................................................................................................. 1

II.    FACTUAL AND PROCEDURAL BACKGROUND.......................................... 2

    A.     The Parties' Prior Relationship ................................................................. 2

    B.     PureThink Enters Into the Partner Agreement with Neo4j USA ............. 2

    C.     PureThink Breaches the Partner Agreement and Forms iGov to Evade the
           Post-Termination Restrictions on Supporting Open Source Neo4j Software ........ 3

    D.     Defendants' Intentional Interference Claim Based on the Partner
           Agreement ................................................................................................. 4

    E.     Defendants' Related Declaratory Relief Claims and Affirmative Defenses.......... 4

    F.     Defendants Fail to Reconcile the Fatal Defects in Their Counterclaims ............. 4

III.   APPLICABLE LEGAL STANDARDS ON A RULE 12(c) MOTION ........................... 5

IV.    LEGAL ARGUMENT ............................................................................................. 7

    A.     Defendants Fail To State a Viable Counterclaim for Intentional
           Interference with Prospective Economic Advantage ............................... 7

           1.     The SACC Fails to Establish an Independently Wrongful Act.................. 7

           2.     Defendants Fail to Allege Facts Plausibly Establishing that Neo4j
                USA Caused the Disruption of an Actual Business Relationship
                with the Probability of Future Economic Benefit ............................. 9

    B.     Defendants' Declaratory Relief Claims Fail as a Matter of Law......................... 11

           1.     Defendants' Declaratory Relief Claim and Affirmative Defense
                Regarding the Section 4.3.2 of the Partner Agreement Violating
                Section 16600 are No Longer Viable ............................................. 12

           2.     Defendants' Sixth Cause of Action and Affirmative Defenses
                  Seeking a Declaratory Judgment that Restrictions in the Partner
                Agreement Violate Section 10 of the AGPL are Not Legally
                Cognizable ...................................................................................... 13

    C.     The Court Should Deny Defendants Leave to Amend......................................... 15

V.     CONCLUSION ...................................................................................................... 15

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Albrecht v. Lund*,
   845 F.2d 193 (9th Cir. 1988)...................................................................................... 15

*Am. States Ins. Co. v. Kearns*,
   15 F.3d 142 (9th Cir. 1994)........................................................................................ 11

*Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.*,
   47 Cal.App.4th 464 (1996) ........................................................................................... 9

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...................................................................................................... 6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...................................................................................................... 6

*Cath. Charities CYO v. Chertoff*,
   622 F.Supp.2d 865 (N.D. Cal. 2008), *aff'd sub nom.*
   *Cath. Charities CYO v. Napolitano*, 368 F. App'x 750 (9th Cir. 2010)................................. 13

*Chavez v. United States*,
   683 F.3d 1102 (9th Cir. 2012)................................................................................... 5, 6

*City of Erie v. Pap's A.M.*,
   529 U.S. 277 (2000).................................................................................................... 11

*Della Penna v. Toyota Motor Sales, U.S.A., Inc.*,
   11 Cal.4th 376 (1995) .................................................................................................... 7

*E.D.C. Techs., Inc. v. Seidel*,
   216 F.Supp.3d 1012 (N.D. Cal. 2016) ......................................................................... 9

*Edwards v. Arthur Andersen LLP*,
   44 Cal.4th 937 (2008) .................................................................................................... 8

*Epstein v. Wash. Energy Co.*,
   83 F.3d 1136 (9th Cir. 1996)........................................................................................ 6

*Expensify, Inc. v. White*,
   2019 WL 5295064 (N.D. Cal. Oct. 18, 2019),
   *aff'd*, 831 F. App'x 268 (9th Cir. 2020)..................................................................... 12

*Feldman v. Bomar*,
   518 F.3d 637 (9th Cir. 2008)...................................................................................... 12

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO

842\3742654.7

- ii -

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

**TABLE OF AUTHORITIES**
(continued)

Page

*Fleming v. Pickard,*
   581 F.3d 922 (9th Cir. 2009)............................................................................. 5, 6

*Foster v. Carson,*
   347 F.3d 742 (9th Cir.2003).............................................................................. 11

*Gov't Emps. Ins. Co. v. Dizol,*
   133 F.3d 1220 (9th Cir. 1998)........................................................................... 11

*Harris v. Cnty. of Orange,*
   682 F.3d 1126 (9th Cir. 2012)........................................................................... 15

*Imperial Ice Co. v. Rossier,*
   18 Cal.2d 33 (1941) .......................................................................................... 12

*Innovation Ventures, LLC v. Pittsburg Wholesale Grocers, Inc.,*
   2013 WL 4519805 (N.D. Cal. Aug. 23, 2013)..................................................... 6

*Ixchel Pharma, LLC v. Biogen, Inc.,*
   9 Cal.5th 1130 (2020) ....................................................................... 1, 9, 12, 14

*King v. Gerold,*
   109 Cal.App.2d 316 (1952)................................................................................. 8

*Korea Supply Co. v. Lockheed Martin Corp.,*
   29 Cal.4th 1134 (2003) ...................................................................................... 7

*Kremens v. Bartley,*
   431 U.S. 119 (1977)......................................................................................... 11

*Low v. LinkedIn Corp.,*
   900 F.Supp.2d 1010 (N.D. Cal. 2012) .............................................................. 15

*Moran v. Peralta Community College Dist.,*
   825 F.Supp. 891 (N.D. Cal. 1993) ...................................................................... 6

*Perez v. Wells Fargo & Co.,*
   75 F.Supp.3d 1184 (N.D. Cal. 2014) .................................................................. 5

*Principal Life Ins. Co. v. Robinson,*
   394 F.3d 665 (9th Cir. 2005).............................................................................. 11

*Ramachandran v. City of Los Altos,*
   359 F.Supp.3d 801 (N.D. Cal. 2019) .................................................................. 6

*Ross v. U.S. Bank Nat. Ass'n,*
   542 F.Supp.2d 1014 (N.D. Cal. 2008) ................................................................ 5

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3742654.7                              - iii -

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page**

3
*Silicon Knights, Inc. v. Crystal Dynamics, Inc.*,
4
    983 F.Supp. 1303 (N.D. Cal. 1997) ................................................................ 10

*Sprewell v. Golden State Warriors*,
5
    266 F.3d 979 (9th Cir. 2001) ............................................................................ 6

6
*Steffel v. Thompson*,
7
    415 U.S. 452 (1974) ........................................................................................ 11

8
*Strigliabotti v. Franklin Res., Inc.*,
    398 F.Supp.2d 1094 (N.D. Cal. 2005) .............................................................. 6

9
*Sybersound Recs., Inc. v. UAV Corp.*,
10
    517 F.3d 1137 (9th Cir. 2008) ........................................................................ 10

11
*Telesaurus VPC, LLC v. Power*,
    623 F.3d 998 (9th Cir. 2010) .......................................................................... 15

12
*United Nat. Ins. Co. v. R&D Latex Corp.*,
13
    242 F.3d 1102 (9th Cir. 2001) ........................................................................ 11

14
*Universal Gym Equip., Inc. v. ERWA Exercise Equip. Ltd.*,
    827 F.2d 1542 (Fed. Cir. 1987) ................................................................. 8, 14

15
*Vernon v. Drexel Burnham & Co.*,
16
    52 Cal. App. 3d 706 (1975) ............................................................................ 12

17
**Statutes**

18
28 U.S.C. § 2201(a) ............................................................................................ 11

19
Cal. Bus. & Prof. Code § 16600 ................................................................... *passim*

20
Cal. Bus. & Prof. Code § 17200 et seq. ............................................................... 5

21
**Rules**

22
Fed. R. Civ. P. 12(b)(6) ........................................................................................ 5

23
Fed. R. Civ. P. 12(c) ......................................................................................... 5, 6

24

25

26

27

28

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3742654.7                              - iv -

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

**I.     INTRODUCTION**

3

      Defendants PureThink LLC, iGov Inc. and John Mark Suhy (collectively "Defendants")

4

filed their Second Amended Counterclaims ("SACC") on June 5, 2020.  The SACC contained

5

claims for intentional interference and declaratory relief that were based on allegations that a 3-

6

year contractual restriction on PureThink supporting open-source Neo4j Software, which it

7

voluntarily agreed to when it became a partner-reseller with Plaintiff Neo4j, Inc. ("Neo4j USA"),

8

violated Cal. Bus. & Prof. Code § 16600 ("Section 16600").  A month later, the restriction in

9

question expired.   In September 2020, the California Supreme Court held that non-compete

10

provisions in contacts entered into between businesses are ***not*** void as a matter of public policy

11

pursuant to Section 16600.  *See Ixchel Pharma, LLC v. Biogen, Inc.*, 9 Cal.5th 1130 (2020).

12

      Since that time, Defendants made no effort to amend their intentional interference and

13

declaratory relief claims, and even asserted identically plead affirmative defenses in their answer

14

to Plaintiffs' Third Amended Complaint filed a month ***after*** the *Ixchel* decision negated them.

15

Plaintiffs sought a voluntarily dismissal of these claims, but Defendants continued to insist that the

16

remained viable despite failing to identify any new or different facts that would save these claims

17

and defenses.  As a result, these claims and affirmative defenses are subject to a judgment on the

18

pleadings because they are based on the legally incorrect assumption that the contractual restriction

19

in question automatically violates Section 16600.

20

      Defendants also continue to maintain claims for declaratory relief on the theory that Neo4j

21

Sweden could not add the Commons Clause to a license based on the AGPL.  This Court already

22

determined that Neo4j Sweden could do so, and that Defendants' removal thereof was improper.

23

Consequently, the case law doctrine mandates their dismissal with prejudice.  Even if that doctrine

24

were not to apply, their interpretation of the contractual provisions at issue is legally untenable.

25

      Defendants have had ample opportunity to drop or reconstitute the foregoing claims, while

26

continuing to ignore what are now incurable legal defects.  Accordingly, the Court should enter a

27

judgment on the pleadings in favor of Plaintiffs on the counterclaims and defenses at issue and

28

dismiss them with prejudice.

Hopkins & Carley
Attorneys At Law
San Jose ♦ Palo Alto

842\3742654.7

- 1 -

PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   The Parties' Prior Relationship

Neo4j USA specializes in graph database management systems. Neo4j USA's graph database platform helps organizations make sense of their data by revealing how people, processes and digital systems are interrelated.  Dkt. No. 118 at 2:8-14.  Neo4j USA is the parent corporation of Neo4j Sweden, which in turn is a wholly owned subsidiary of Neo4j USA. Neo4j Sweden owns of all copyrights related to the Neo4j graph database platform, including the source code, and has licensed those copyrights to Neo4j USA.  *Id.* at 2:15-26; Dkt. No. 72, ¶ 87.

Plaintiffs originally offered a free and open source version of the source code for the Neo4j software, meaning that the source code was available to the public on GitHub pursuant to the GNU General Public License version 3 ("GPL").  Dkt. No. 72, ¶¶ 7-11.  This version is known as Neo4j® Community Edition ("Neo4j® CE"), which is limited in features set and does not come with technical support. *Id*. Plaintiffs also offered licenses to the source code for a more advanced commercial version with included additional features and support services, known as Neo4j® Enterprise Edition ("Neo4j® EE").  *Id*.  Neo4j® EE was originally offered under both a paid-for commercial license and the AGPL.  *Id.*

### B.   PureThink Enters Into the Partner Agreement with Neo4j USA

PureThink is a software and information technology consulting company founded by Suhy.  *See* Dkt. 72, ¶¶ 12-13.  On September 30, 2014, PureThink and Neo4j USA entered into the Neo4j Solution Partner Agreement ("Partner Agreement").  Dkt. No. 72, ¶ 15 and Exh. B.

Under this agreement, PureThink had a non-exclusive, non-transferable limited license to, inter alia, use the Neo4j Mark solely to market and resell commercial licenses to Neo4j Software and related support services in exchange for shared revenue for the licenses that it resold.  Dkt. No. 72, Exh. B at §4.1.  All rights and licenses would terminate upon the expiration or termination of the agreement.  *Id.,* Exh. B at §7.3.  PureThink further agreed that while the Partner Agreement was in effect and for a period of 36 months after termination thereof, it would not "develop, market, distribute or offer any services related to any [Neo4j® CE] Products, derivative works of such products, or any [Purethink] software code made to work with [Neo4j® CE] Products (including,

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO

842\3742654.7

- 2 -

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGEMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

1   without limitation, hosting services, training, technical support, configuration and customization

2   services, etc.)." *Id.*, Exh. B at § 4.3.2.

3       **C.**    **PureThink Breaches the Partner Agreement and Forms iGov to Evade the Post-Termination Restrictions on Supporting Open Source Neo4j Software**

4

5       In the hope of increasing sales, Suhy came up with the idea of rebranding Neo4j® EE as

6   Neo4j® Government Edition ("Gov't Edition").  *See* Dkt. No. 72, ¶ 16. Despite PureThink's

7   marketing efforts, its success was limited to convincing only three government agencies (MPO,

8   Sandia National Laboratories, and the FBI) to adopt the Gov't Edition and pay for support services

9   from PureThink.  By September 2016, the only new lead PureThink had was the IRS.  *See id.,* ¶¶

10  18-20.   However, the IRS indicated that they first needed a prototype built and that a full

11  commercial subscription would leave them with no development budget.  *See id.*  To make that

12  deal happen, Suhy told the IRS they could use Neo4j® EE under the AGPL for free and pay

13  PureThink for its consulting services.  *See id.*

14      Defendants allege that after Neo4j USA found about PureThink's contract with the IRS,

15  Neo4j USA falsely told the IRS that (1) there were differences between the open source and

16  commercial versions of Neo4j Software; and (2) it could not use Neo4j Software licensed under the

17  AGPL in a closed environment, and instead needed to purchase a commercial license.  *See* Dkt.

18  No. 72, ¶¶ 19-20.  When PureThink told the IRS that neither were true and insisted that it could

19  support the IRS' use of open source licensed Neo4j Software, Neo4j USA notified PureThink that

20  this was a material breach of Section 4.3.1 of the Partner Agreement on May 30, 2017.  *See id.*, ¶

21  21; *see also* Dkt. No. 90 at ¶ 33 and Dkt. No. 91 at ¶ 33 (admitting same).

22      On or about July 11, 2017, Neo4j USA provided notice that it had terminated the Partner

23  Agreement.  *See* Dkt. No. 72, ¶ 21; *see also* Dkt. No. 90 at ¶ 35, Exh. 4 *and* Dkt. No. 91 at ¶ 35

24  (admitting same).  That same day, Neo4j USA informed the IRS that PureThink was not authorized

25  to provide consulting and support services for open source versions of Neo4j Software and was

26  precluded from doing so for 36 months due to the terms it had agreed to in the Partner Agreement.

27  *See* Dkt. No. 72, ¶ 21 and Exh. D.  Defendants then admitted to setting up iGov to evade

28  PureThink's remaining contractual obligations under the Partner Agreement.  *Id.,* ¶ 21.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3742654.7
- 3 -
PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGEMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

**D.    Defendants' Intentional Interference Claim Based on the Partner Agreement**

Defendants' First Cause of Action asserts an intentional interference with prospective economic advantage ("IIPEA") claim against Neo4j USA. Dkt. No. 72, ¶¶ 22-34.  Based on information and belief, Defendants allege that Neo4j USA told eighteen other potential customers in the government sector that "PureThink was terminated as a solution partner and could not support open source versions of Neo4j for a period of 36 months following termination." *Id.*, ¶¶ 23-24, 27. Defendants allege on information and belief that Neo4j USA informed six potential customers of iGov that it was subject to the same 36 month restriction. *Id.*, ¶¶ 25, 27.  Defendants do not allege any facts establishing the basis for its conclusory allegations that it had an actual economic relationship that was disrupted by Neo4j USA's statements regarding the Partner Agreement or its conclusory allegations that Neo4j USA had knowledge of such relationships. *Id.*, ¶¶ 23-26, 31.

Defendants further allege that Neo4j USA's alleged statements to their potential customers regarding the restrictions imposed by the Partner Agreement "was an independent wrongful act as it violated California Business and Professions Code §16600." Dkt. No. 72, ¶ 29.  As a result, Defendants allegedly suffered in excess of $1.3 million in damages. *Id.*

**E.    Defendants' Related Declaratory Relief Claims and Affirmative Defenses**

In addition to the foregoing tort claim, Defendants assert duplicative claims for declaratory relief in their Answer to the Third Amended Complaint filed on October 19, 2020.  In the Fifth Cause of Action, Defendants seek a declaratory judgment that post-termination restriction imposed by Section 4.3.2 of the Partner Agreement is void via Section 16600.  Dkt. No. 72, ¶¶ 54-57. Defendants' First Affirmative defense seeks identical relief.  *See* Dkt. No. 91 at 14:4-22.

Defendants' Sixth Cause of Action seeks a declaratory judgment that Sections 4.3.1 and 4.3.2 of the Partner Agreement violate their right to use Neo4j Software source code licensed under the AGPL as they see fit. Dkt. No. 72, ¶¶ 58-61.  Defendants' Second Affirmative Defense (Dkt. No. 91 at 14:23-16:5) and Sixth Affirmative Defenses seek similar relief (*id.* at 20:2-9).

**F.    Defendants Fail to Reconcile the Fatal Defects in Their Counterclaims**

On July 29, 2021, the parties met and conferred over the Phase 2 schedule as required by the Court.  Ratinoff Decl., ¶ 3.  During that discussion, Plaintiffs requested that Defendants consider

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3742654.7                                    - 4 -
PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGEMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

narrowing the counterclaims since their intentional interference claim would potentially require more than 20 third party depositions and that some of Defendants' declaratory relief claims were now moot. Plaintiffs indicated they would also attempt to identify the deficiencies in these counterclaims. *Id.* Defendants seemed open to potentially narrowing the scope of their claims. *Id.*

On August 6, 2021, Plaintiffs sent a 7-page substantive letter detailing the legal defects in Defendants' counterclaims and defenses subject to the present motion. Ratinoff Decl., ¶ 4 and Exh. 1. Given Defendants' concerns about litigation expenses conveyed to the Court on July 22, 2021, Plaintiffs offered to further meet and confer about the issues raised in the letter, and asked Defendants to confirm whether they were open to reaching some sort of stipulated dismissal of these claims. Only after Plaintiffs followed up with Defendants, did they finally respond on August 23, 2021. *See id.* Ultimately, the parties were able to reach an agreement on the dismissal of Defendants' intentional interference with contractual relations and unfair competition claim asserted pursuant to Cal. Bus. & Prof Code § 17200 et seq. *See* Dkt. No. 131. Defendants refused to dismiss the counterclaims and affirmative defenses subject to this motion, and did not provide any specific legal authority or additional facts that would justify the continued assertion of such claims and defenses. *See* Ratinoff Decl., ¶¶ 5-6 and Exh. 2.

## III.    APPLICABLE LEGAL STANDARDS ON A RULE 12(c) MOTION

Federal Rule of Civil Procedure 12(c) ("Rule 12(c)") provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Similar to Rule 12(b)(6) motion, a Rule 12(c) motion challenges the legal sufficiency of the opposing party's pleadings. *See Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012); *see also Perez v. Wells Fargo & Co.*, 75 F.Supp.3d 1184, 1187 (N.D. Cal. 2014). "Under either provision, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy, and dismiss the claim or enter judgment on the pleadings if the complaint fails to state a legally sufficient claim." *Ross v. U.S. Bank Nat. Ass'n*, 542 F.Supp.2d 1014, 1023 (N.D. Cal. 2008); *see also Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) (recognizing "[j]udgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law").

Hopkins & Carley
Attorneys At Law
San Jose ♦ Palo Alto

842\3742654.7                                   - 5 -
PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGEMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

It is common for courts to grant Rule 12(c) motions where a moving party seeks judgment on the pleadings with respect to individual causes of action. *See Strigliabotti v. Franklin Res., Inc.,* 398 F.Supp.2d 1094, 1097 (N.D. Cal. 2005); *see also Moran v. Peralta Community College Dist.*, 825 F.Supp. 891, 893 (N.D. Cal. 1993) (recognizing that "[c]ourts … may dismiss causes of action rather than grant judgment"). Likewise, courts may grant Rule 12(c) motions aimed at answers and dismiss individual affirmative defenses. *Innovation Ventures, LLC v. Pittsburg Wholesale Grocers, Inc.*, 2013 WL 4519805, at *1 (N.D. Cal. Aug. 23, 2013) (granting motion for judgment on the pleadings with respect to three of defendant's affirmative defenses).

In deciding a Rule 12(c) motion, courts use the same pleading standards articulated in *Twombly* and *Iqbal*. *Chavez*, 683 F.3d at 1108-1109. Thus, the Court must assess whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

In deciding whether to grant a motion for judgment on the pleadings, the Court accepts all material facts alleged as true and construes them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). However, this tenant "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678–79; *accord Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) ("conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim"). A court thus discounts conclusory statements, which are not entitled to the presumption of truth, before determining whether a claim is plausible. *Iqbal*, 556 U.S. at 678. The Court may also consider documents that are attached to the complaint, incorporated by reference when their authenticity is not contested, or are otherwise properly the subject to judicial notice. *See Ramachandran v. City of Los Altos*, 359 F.Supp.3d 801, 810 (N.D. Cal. 2019). However, the Court need not accept as true allegations contradicted by judicially noticeable facts, or by exhibits attached to or incorporated in the pleading. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Hopkins & Carley
Attorneys At Law
San Jose ♦ Palo Alto

842\3742654.7                                      - 6 -
PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGEMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

## IV.   LEGAL ARGUMENT

### A.   Defendants Fail To State a Viable Counterclaim for Intentional Interference with Prospective Economic Advantage

Defendants' First Cause of Action for Intentional Interference with Prospective Economic Advantage (IIPEA) is no longer viable as pled.  To prevail on their first cause of action for intentional interference with prospective economic advantage, Defendants must plead and prove (1) existence of an economic relationship between them and some third party, with the probability of future economic benefit to Defendants; (2) Neo4j USA's knowledge of the relationship; (3) intentional acts by Neo4j USA designed to disrupt the relationship; (4) actual disruption of the relationship; and (5) economic harm to the Defendants proximately caused by the acts of Neo4j USA.  *Korea Supply Co. v. Lockheed Martin Corp.,* 29 Cal.4th 1134, 1153 (2003) (*citing Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal.4th 376, 393 (1995)).  As discussed below, Defendants' counterclaim fails to allege facts that establish several of these elements.

### 1.   The SACC Fails to Establish an Independently Wrongful Act

To establish that Neo4j USA engaged in acts designed to disrupt Defendants' prospective relationships, it is critical for Defendants to "plead and prove that the defendant's acts are wrongful apart from the interference itself." *Korea Supply Co.,* 29 Cal.4th at 1154.  An act "is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard." *Id*. at 1159.  The only act of interference alleged by Defendants is that Neo4j USA told certain potential customers that Defendants could not provide support services to licensees of open source versions of Neo4j software for a period of 36 months after the termination of the Partner Agreement.  Dkt. No. 72, ¶ 27.  Defendants allege that this was an independently wrongful act because the underlying contractual provision, i.e. Section 4.3.2 of the Partner Agreement, was void as a matter of public policy pursuant to Section 16600.  *Id.*, ¶ 29.  This does not amount to an independent wrongful act for at least four reasons.

First, PureThink voluntarily entered into the Partner Agreement where it agreed to be bound by a specific license to support and distribute Neo4j Software.  *See* Dkt. No. 72, ¶ 15.  In doing so, it knowingly gave up any alleged right to offer or provide support services to licensees of open

source Neo4j Software it may have had under the AGPL in exchange for obtaining a 25% commission, a trademark license, a 20% discount on training, access to confidential sales and customer information and over a dozen other partnership benefits. *See* Dkt. No. 72, ¶ 12 and Exh. B (p. 53 of 63). As a result, Defendants cannot claim that these restrictions amount to an independent, unlawful act. *See Universal Gym Equip., Inc. v. ERWA Exercise Equip. Ltd.*, 827 F.2d 1542, 1550 (Fed. Cir. 1987) (parties to a contract subject to California law may limit their right to take action they previously had been free to take).

Second, the post-termination applicability of these restrictions is proper in this case because they pertain to protecting Neo4j USA's intellectual property rights. *See King v. Gerold*, 109 Cal.App.2d 316 (1952).[1] The holding in *King* is instructive here. In that case, a trailer designer granted a license to a trailer manufacturer to produce a particular trailer model. The parties agreed that if the license was not renewed on its initial expiration date, the manufacturer would "cease to produce said trailer for any purpose whatsoever." Even though the license was not renewed, the manufacturer persisted in producing the trailer and the designer sued to enforce the contract. The *King* court upheld the validity of the provision, and rejected the manufacturer's argument that it was an illegal restraint under Section 16600 because it was not prohibited from carrying on its lawful business of manufacturing trailers. Rather, the manufacturer was only barred from producing one particular model. *See King,* 109 Cal.App.2d at 318.

Similar to *King*, the Partner Agreement did not restrict Defendants' ability to provide consulting and support services to end-users that either purchase a commercial license for Neo4® Software or end users of any other graph database software. *See* Dkt. No. 72, Exh. B at § 4.3.2. Likewise, there were no restrictions on Defendants independently developing their own graph database software. *See id.* More importantly, in exchange for these limitations, PureThink obtained

---

[1] The California Supreme Court concluded that *King* was not authority for the proposition that noncompetition clauses imposing a limited or narrow-restraint did not violate Section 16600. *See Edwards v. Arthur Andersen LLP*, 44 Cal.4th 937, 950, at pp. 948–950 and fn 5 (2008). As discussed below, the California Supreme Court recently clarified that the holding in *Edwards* was limited to employee mobility cases, and did not apply to commercial agreements.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO

842\3742654.7                                          - 8 -
PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGEMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

access to Neo4j's proprietary customer database, sales and marketing material and pricing information pursuant to the confidentiality provisions in the Partner Agreement.  *See* Dkt. No. 72, Exh. B at § 3 and Dkt. No. 72 at p. 53 of 63.  As a result, even if this case involved an employee-employer relationship, which it does not, such post-termination restrictions would not violate Section 16600.  *See E.D.C. Techs., Inc. v. Seidel*, 216 F.Supp.3d 1012, 1015 (N.D. Cal. 2016) (recognizing that "[c]ourts have found an exception to section 16600 ... where the agreement is 'necessary to protect the employer's trade secrets' or confidential information").

Third, Defendants' IIPEA claim predated the California Supreme Court's decision in *Ixchel*, which rejected the presumption that Section 16600 renders contractual restraints on business-to-business dealings void as a matter of public policy.  *Ixchel*, 9 Cal.5th at 1150, 1160-1162.  As the *Ixchel* court explained, businesses routinely enter into contracts that limit their ability to conduct business because "[s]uch arrangements can help businesses leverage complementary capabilities, ensure stability in supply or demand, and protect their research, development, and marketing efforts from being exploited by contractual partners." *Id*. at 1160-61.  As a result, Defendants' conclusory allegations that Section 4.3.2 of the Partner Agreement is void as a matter of public policy per se cannot establish an independent wrong.

Finally, the exercise of contractual rights and "truthful statements to interested parties about one's standard business practices … [are] not wrongful conduct actionable as intentional interference with prospective economic relations." *Arntz Contracting Co. v. St. Paul Fire & Marine Ins. Co.*, 47 Cal.App.4th 464, 477 (1996).  The alleged statements made to the IRS and others that PureThink (and iGov as its successor-in-interest) was subject to a 36-month restriction on providing support services to licensees of open source Neo4j® Software were accurate statements concerning the restrictions that PureThink had ***voluntarily agreed to***, and as a result cannot support an intentional interference claim as a matter of law.  Because Defendants do not alleged any other independently wrongful act, the Court should dismiss their IIPEA claim with prejudice.

    **2.**    **Defendants Fail to Allege Facts Plausibly Establishing that Neo4j USA Caused the Disruption of an Actual Business Relationship with the Probability of Future Economic Benefit**

In addition to failing to allege any independent act, there are no facts alleged from which a

Hopkins & Carley
Attorneys At Law
San Jose ♦ Palo Alto

1    reasonable inference can be drawn that a specific economic relationship was actually disrupted or

2    impeded, or that Defendants suffered any damages as a result of Neo4j USA's alleged statements.

3    California law precludes recovery for overly speculative expectancies in action for interference

4    with prospective economic advantage by initially requiring proof of business relationships that had

5    a probability of future economic benefits.  *See Silicon Knights, Inc. v. Crystal Dynamics, Inc.*, 983

6    F.Supp. 1303, 1311-12 (N.D. Cal. 1997) (finding intentional interference claim was insufficient

7    where the complaint only alleged that the misrepresentations induced distributors not to deal with

8    plaintiffs without providing facts alleging an actual disruption to negotiations or potential

9    contracts).  Thus, Defendants must plausibly allege facts establishing that because of the alleged

10    acts by Neo4j USA, it either lost a specific contract, or was in the midst of negotiations with a

11    potential customer that pulled out of the negotiations or awarded business to another.  *See id.*; *see*

12    *also Sybersound Recs., Inc. v. UAV Corp.*, 517 F.3d 1137, 1151 (9th Cir. 2008) (affirming dismissal

13    of interference claim that set forth only general allegations of relationships being disrupted, as

14    opposed to a lost contract or failed negotiation) (citing *Silicon Knights,* 983 F.Supp. at 1313).

15       Defendants allege in a conclusory manner that they either had "relationship[s] with the

16    possibility of future economic relationships" or were working on "potential business opportunities"

17    with the numerous other government agencies identified in their SACC.  Dkt. No. 72, ¶¶ 23-25.

18    They also allege that PureThink and iGov's relationship with these agencies "was actually and

19    totally disrupted by NEO4J USA's wrongful interference," and as a result "lost sales, lost profits,

20    and future business with [sic]."  *Id.,* ¶¶ 31-32.  These vague and conclusory allegations fall well

21    short of what is required at the pleading stage.[2]  *See Silicon Knights*, 983 F.Supp. at 1312-13

22    (allegations that defendants' false statements to Microsoft, Activision and 3DO caused them not to

23    deal with plaintiff was insufficient because there were no facts establishing that Plaintiff had an

24

---

25    [2] While Defendants allege that PureThink had entered into a contract with the IRS, Defendants do

26    not allege any specific facts plausibly showing that Neo4j USA's alleged representation to IRS
   that PureThink could not provide professional services to the IRS for three years as a result of the

27    termination of the Partner Agreement disrupted or caused the IRS to terminate that contract.  *See,*

28    *e.g.*, Dkt. No. 72, ¶¶ 18, 20-21, and Exh. D.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3742654.7      - 10 -
PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGEMENT ON THE PLEADINGS; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

1    actual relationship with them that was disrupted as a result of defendants' conduct).  Accordingly,

2    the Court should dismiss Defendants' IIPEA claim on this additional ground.

3          **B.**      **Defendants' Declaratory Relief Claims Fail as a Matter of Law**

4          The Declaratory Judgment Act states that "[i]n a case of actual controversy within its

5    jurisdiction," federal courts "may declare the rights and other legal relations of any interested party

6    seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

7    However, declaratory relief "is discretionary, for the Declaratory Judgment Act is deliberately cast

8    in terms of permissive, rather than mandatory, authority." *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d

9    1220, 1223 (9th Cir. 1998) (internal quotation omitted).  In making such a determination, a court

10   first must determine whether there is an actual case or controversy within its jurisdiction. *Principal*

11   *Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005). The court then must decide whether

12   to exercise that jurisdiction. *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 143-44 (9th Cir. 1994).

13         The determination of whether a court can or should exercise its discretion to entertain a

14   claim for declaratory relief is not static.  *See United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d

15   1102, 1111 (9th Cir. 2001) (whether to adjudicate declaratory relief claim need not be decided "on

16   the facts as they existed at the time the complaint was filed").  Indeed, "[n]o case has held that

17   changes to the scope or content of the federal litigation itself are not pertinent to the exercise of

18   Declaratory Judgment Act jurisdiction over that very action." *R & D Latex*, 242 F.3d at 1111; *see*

19   *also Steffel v. Thompson*, 415 U.S. 452, 459 n. 10 (1974) ("an actual controversy must be extant at

20   all stages of review, not merely at the time the complaint is filed"). As such, the Ninth Circuit

21   "encourage[s] district courts assessing discretionary jurisdiction to take note of all existing

22   circumstances internal to the lawsuit in front of them that bear on the jurisdictional issue." *R & D*

23   *Latex*, 242 F.3d at 111.

24         When a case becomes moot, the resulting lack of such a case or controversy deprives the

25   court of any ongoing jurisdiction. *See Kremens v. Bartley*, 431 U.S. 119, 128–29 (1977); *see also*

26   *Foster v. Carson*, 347 F.3d 742, 747 (9th Cir.2003) ("We do not have the constitutional authority

27   to decide moot cases."). Mootness occurs "when the issues presented are no longer 'live.'" *City*

28   *of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (internal citation omitted). "The basic question in

Hopkins & Carley
Attorneys At Law
San Jose ◆ Palo Alto

842\3742654.7

- 11 -

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGEMENT ON THE PLEADINGS; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

1     determining mootness is whether there is a present controversy as to which effective relief can be

2     granted." *Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008); *see also Expensify, Inc. v. White*,

3     2019 WL 5295064, at \*3 (N.D. Cal. Oct. 18, 2019), *aff'd*, 831 F. App'x 268 (9th Cir. 2020)

4     (recognizing that "[t]o determine whether an action has been rendered moot, courts in the Ninth

5     Circuit examine whether changes in the circumstances existing when the action was filed have

6     forestalled any meaningful relief").  As discussed in detail below, Defendants' declaratory relief

7     counterclaims and related affirmative defense are now moot or otherwise fail as a matter of law.

8
9

> **1.  Defendants' Declaratory Relief Claim and Affirmative Defense Regarding the Section 4.3.2 of the Partner Agreement Violating Section 16600 are No Longer Viable**

10     Defendants' Fifth Cause of Action seeks declaratory relief on whether the restrictions on

11     Defendants offering paid commercial support for Neo4j open source software imposed by Section

12     4.3.2 of the Partner Agreement are void as a matter of public policy pursuant to Cal. Bus. & Prof.

13     Code § 16600.  *See* Dkt. No. 72, ¶¶ 54-57.  Defendants' First Affirmative Defense effectively

14     alleges the same.  *See* Dkt. No. 91 at 14:4-22.  This claim and defense are no longer viable.

15     The California Supreme Court has long held that "[w]hatever interest society has in

16     encouraging free and open competition... contractual stability is generally accepted as of greater

17     importance than competitive freedom." *Imperial Ice Co. v. Rossier*, 18 Cal.2d 33, 36 (1941); *see*

18     *Vernon v. Drexel Burnham & Co.*, 52 Cal. App. 3d 706, 716 (1975) ("The sanctity of valid

19     contractual agreements in a free society... is of paramount importance.").  As discussed above, the

20     California Supreme Court re-affirmed that those principles in *Ixchel*, which Defendants

21     inexplicably ignore. As *Ixchel* explains, "[w]here economic relationships have solidified into

22     binding future promises, the stability of the contractual relationship takes precedence over business

23     competition." *Ixchel*, 9 Cal. 5th at 1147.  Based on those principles, the *Ixchel* court made clear that

24     a contractual provision restricting one contracting party from competing with the other is ***not*** void

25     as a matter of public policy pursuant to Section 16600 as alleged by Defendants.

26     There is also no present controversy over the validity of the restrictions in Section 4.3.2 that

27     would allow this Court to continue its exercise of discretionary jurisdiction under the Declaratory

28     Judgment Act.  This is confirmed by the SACC wherein Defendants allege that when Neo4j USA

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO

842\3742654.7

- 12 -

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGEMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

1   filed its Second Amended Complaint in November 2020, it removed allegations supporting a breach

2   of contract claim based on a violation of Section 4.3.2.  Dkt. No. 72, ¶ 13.  Defendants also admitted

3   in their opposition to Plaintiffs' motion for summary judgment that the Partner Agreement

4   "terminated July 11, 2017" and the 36 month contract restrictions in § 4.3.2 of the Partner

5   Agreement … "invalid or not, expired July 11, 2020."  Dkt. No. 100 at 17:19-23.  Because Neo4j

6   USA is not seeking to enforce the restrictions in Section 4.3.2, and it cannot do so due to the

7   expiration of those restrictions, Defendants' request for declaratory judgment deeming those

8   restrictions void is moot and must be dismissed for lack of jurisdiction.  *See Cath. Charities CYO*

9   *v. Chertoff*, 622 F.Supp.2d 865, 879 (N.D. Cal. 2008), *aff'd sub nom. Cath. Charities CYO v.*

10  *Napolitano*, 368 F. App'x 750 (9th Cir. 2010) (recognizing that "[a] federal court has no authority

11  to give opinions on moot questions").  The Court should therefore grant a judgment on the pleadings

12  on Defendants' Fifth Cause of Action and First Affirmative Defense in favor of Neo4j USA.

13   **2.    Defendants' Sixth Cause of Action and Affirmative Defenses Seeking a**
        **Declaratory Judgment that Restrictions in the Partner Agreement**
14      **Violate Section 10 of the AGPL are Not Legally Cognizable**

15          Defendants' Sixth Cause of Action seeks a declaratory judgment that Sections 4.3.1 and

16  4.3.2 of the Partner Agreement constitute "additional restrictions" in violation of Section 10 of the

17  AGPL and that they have a right under Sections 2 and 4 of the AGPL to use and modify the Neo4j

18  Software and offer support services for a fee.  Dkt. No. 72, ¶¶ 58-61.  Defendants allege that Neo4j

19  USA "is subject to the license limitation on restricting use of the open source version of Neo4j

20  [software]" because Neo4j USA offers a commercially licensed version of source code to the

21  Neo4j® Software that is based in part on the open source version.  *See id.* Defendants' Second and

22  Sixth Affirmative Defenses seek similar relief that these restrictions violate these same sections.

23  *See* Dkt. No. 91 at 14:23-16:5, 20:2-9.  This is both a nonsensical and non-viable legal theory.

24          Nowhere do Defendants allege that ***Neo4j USA*** licensed source code to commercial version

25  of Neo4j® Software via the AGPL or added restrictions to that license.  To the contrary, they allege

26  that ***Neo4j Sweden*** used the AGPL to license source code for Neo4j® Software.  *See* Dkt. No. 72,

27  ¶¶ 7, 10.  Since Neo4j USA is admittedly not a party to the AGPL, it is not constrained by the terms

28  of that agreement and cannot be in breach thereof.  More importantly, since PureThink entered into

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3742654.7                                    - 13 -

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGEMENT ON THE PLEADINGS; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

the Partner Agreement and voluntarily gave up any unfettered rights that they claimed to have under the APGL, they cannot now claim there is any conflict between the terms of that agreement and the AGPL.  *See Universal Gym Equip.*, 827 F.2d at 1550; *see also Ixchel*, 9 Cal. 5th at 1147.

The express language of the AGPL also does not support this Defendants' position.  Section 10 states: "You may not impose any further restrictions on the exercise of rights granted or affirmed under this License."  Dkt. No. 72, Exh. A, § 10 (emphasis added).  Importantly, the AGPL defines "you" as the licensee under the AGPL. *Id.*, Exh. A at § 0 ("Each licensee is addressed as 'you'").  Thus, there is no way that Section 10 can be read to allow Defendants as a licensee under the AGPL to disregard restrictions they agreed to in an entirely separate agreement.  Even if Defendants were correct that the AGPL allowed them as licensees to remove "additional restrictions," which they are not, this language is limited to those that are actually added **to the AGPL**.  *See id.*, Exh. A, § 7 ("If the Program as you received it, or any part of it, contains a notice stating that it is governed by this License along with a term that is a further restriction, you may remove that term.").

There is also no current case and controversy regarding whether Section 4.3.1 of the Partner Agreement may be enforced against Defendants in a manner contrary to the terms of the AGPL.  Under Section 4.3.1 PureThink agreed to refrain from (a) developing, reverse engineering, distributing or otherwise using source code released on an open source basis for Neo4j® Software for its own internal use; and (b) forking the source code for Neo4j® Software released on an open source basis into a separately maintained source code repository **during the term of the Partner Agreement**.  *See* Dkt. No. 72, Exh. B.  Since the Partner Agreement was terminated in July 2017, this provision could no longer be enforced by its own terms at that time.  *See* Dkt. No. 72, Exh. D; Dkt. No. 90 at ¶ 35, Exh. 4 and Dkt. No. 91 at ¶ 35 (admitting same).  Defendants also do not allege Neo4j USA has sought to enforce Section 4.3.1 after the termination of the Partner Agreement.  Consequently, there is no current case or controversy upon which the Court can exercise its jurisdiction under the Declaratory Judgment Act.  The Court should therefore grant a judgment on Defendants' Sixth Cause of Action and Second and Sixth Affirmative Defenses in favor of Plaintiffs and dismiss them with prejudice.

/ / /

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3742654.7

- 14 -

PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGEMENT ON THE PLEADINGS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

**C.     The Court Should Deny Defendants Leave to Amend**

If the Court determines that judgment on the pleadings is warranted, it must then decide whether to grant leave to amend.  *See Harris v. Cnty. of Orange*, 682 F.3d 1126, 1131 (9th Cir. 2012).  In this regard, the Court should not grant leave to amend "where doing so would be an exercise in futility." *Low v. LinkedIn Corp.*, 900 F.Supp.2d 1010, 1033 (N.D. Cal. 2012).  The Court "may deny a plaintiff leave to amend if it determines that allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."  *Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).  Likewise, the Court should deny leave to amend where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law. *See Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

Defendants have already amended their counterclaims three times in this litigation and their affirmative defenses several times over the past three years – and did so well after discovery commenced.  Plaintiffs met and conferred with Defendants to see whether they could propose new or different facts to save the aforementioned counterclaims and affirmative defenses.  *See* Ratinoff Decl., ¶¶ 3-6 and Exhs. 1-2. The fact that Defendants failed to provide a substantive response as to why their claims and defenses could be saved suggests they cannot overcome the defects detailed above.  Moreover, the vast majority of the defects are legal in nature and cannot be overcome by alleging additional facts.  Thus, granting Defendants leave to amend would be futile.

**V.     CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that Court grant this motion for judgment on the pleadings and dismiss (a) the First, Fifth and Sixth Causes of Action asserted in the SACC; and (b) the First, Second, and Sixth Affirmative Defenses asserted in Defendants' Answer to the Third Amended Complaint with prejudice.

Dated: September 3, 2021                                HOPKINS & CARLEY
                                                        A Law Corporation


                                                        By: */s/ Jeffrey M. Ratinoff*
                                                        Jeffrey M. Ratinoff
                                                        Attorneys for Plaintiffs and Counter-
                                                        Defendants NEO4J, INC. and
                                                        NEO4J SWEDEN AB

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3742654.7                                    - 15 -
PLAINTIFF NEO4J, INC.'S NOTICE OF MOTION AND MOTION FOR JUDGEMENT ON THE PLEADINGS; MEMORANDUM OF
POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD