1  John V. Picone III, Bar No. 187226
   jpicone@hopkinscarley.com
2  Jeffrey M. Ratinoff, Bar No. 197241
   jratinoff@hopkinscarley.com
3  HOPKINS & CARLEY
   A Law Corporation
4  The Letitia Building
   70 South First Street
5  San Jose, CA  95113-2406

6  *mailing address:*
   P.O. Box 1469
7  San Jose, CA 95109-1469
   Telephone:      (408) 286-9800
8  Facsimile:      (408) 998-4790

9  Attorneys for Plaintiffs and Counter-Defendants
   NEO4J, INC. and NEO4J SWEDEN AB
10

11                 UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13  NEO4J, INC., a Delaware corporation, and      CASE NO.  5:18-cv-07182-EJD
    NEO4J SWEDEN AB, a Swedish
14  corporation,                                   **DECLARATION OF JEFFREY M.
                                                   RATINOFF IN SUPPORT OF
15                 Plaintiff,                       PLAINTIFFS' MOTION FOR JUDGMENT
                                                   ON THE PLEADINGS**
16          v.

17  PURETHINK LLC, a Delaware limited
    liability company, IGOV INC., a Virginia
18  corporation, and JOHN MARK SUHY, an
    individual,
19
                   Defendants.
20

21  AND RELATED COUNTERCLAIM.

22

23

24

25

26

27

28

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO

I, Jeffrey M. Ratinoff, declare:

1.     I am an attorney at law and duly licensed to practice before all courts of the State of California, and am an attorney with Hopkins & Carley, a Law Corporation, attorneys of record for Plaintiffs and Counter-Defendants Neo4j, Inc. and Neo4j Sweden AB (collectively "Plaintiffs").  I make this declaration in support of Plaintiffs' Motion for Judgment on the Pleadings Re: Defendants' Second Amended Counterclaims and Answer to Third Amended Complaint.

2.     The facts stated herein are based on my personal knowledge and if called upon to testify as a witness in this matter, I could and would do so competently.

3.     On or about July 29, 2021, I met and conferred with Adron Beene, counsel for Defendants, over the Phase 2 schedule.  During that discussion, I raised concerns regarding the scope of discovery since Defendants' intentional interference claims would potentially require more than 20 third party depositions, and that after the parties conducted discovery there did not appear to be any evidence to support time.  I also noted that some of Defendants' declaratory relief claims appeared moot in light of the California Supreme Court's ruling in *Ixchel Pharma, LLC v. Biogen, Inc*.  In response, Defendants seemed open to potentially narrowing the scope of their claims and would review them.  As such, I indicated Plaintiffs would also attempt to identify what it believed to be incurable deficiencies in these counterclaims.

4.     On or about August 6, 2021, a substantive letter was sent to Mr. Beene detailing the legal defects in Defendants' counterclaims and defenses subject to the present motion for judgment on the pleadings.  A true and correct copy of that letter is attached hereto as **Exhibit 1**.  In that letter, I offered to further meet and confer about the issues raised in the letter, and asked Mr. Beene to confirm whether they open to reaching some sort of stipulated dismissal of these claims by August 11, 2021.  Mr. Beene did not respond to my letter.

5.     On August 23, 2021, I reached out to Mr. Beene to inform him that due to his failure to timely respond, Plaintiffs would proceed with filing their motion for judgment on the pleadings. After Mr. Beene finally responded, we engaged in further email communications and were able to come to an agreement on the dismissal of two of the claims Plaintiffs had identified as legally defective.  *See* Dkt. No. 131.  With respect to the claims and affirmative defenses subject to

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO

842\3829854.1                                    - 2 -
DECLARATION OF JEFFREY M. RATINOFF IN SUPPORT OF PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS;
CASE NO. 5:18-CV-07182-EJD

1    Plaintiffs' motion, Defendants did not provide any substantive or meaningful response to the legal

2    defects identified in my initial letter.  Defendants also did not identify any addition facts they could

3    allege that would justify Defendants' continued assertion of such claims and defenses.

4          6.       A true and correct copy of the email exchange between myself and Mr. Beene

5    reflecting our meet and confer efforts is attached hereto as **Exhibit 2**.

6          I declare under penalty of perjury under the laws of the United States of America that the

7    foregoing is true and correct and that this declaration was executed on this 3rd day of September

8    2021, at San Jose, California.

9

10                                                      */s/ Jeffrey M. Ratinoff*
                                                       Jeffrey M. Ratinoff
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

842\3829854.1                                      - 3 -
DECLARATION OF JEFFREY M. RATINOFF IN SUPPORT OF PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS;
CASE NO. 5:18-CV-07182-EJD

**EXHIBIT 1**

# hopkins carley

**San Jose**
70 South First Street
San Jose, CA  95113
T.   408.286.9800
F.   408.998.4790

August 6, 2021

Jeffrey M. Ratinoff
jratinoff@hopkinscarley.com
T. 408.299.1336
F. 408.998.4790

***Via Electronic Mail***

Adron W. Beene, Sr.
Email: adron@adronlaw.com
Law Offices of Adron W. Beene
1754 Technology Drive, Suite 228
San Jose, CA 95110

> ***Re:   Neo4j, Inc. v. PureThink LLC, et al., Case No.: 5:18-cv-07182-EJD***

Dear Adron:

Following up on our discussion last week regarding potentially narrowing down the scope of Phase 2, I wanted to identify some legal deficiencies with several claims asserted in Defendants' Second Amended Counterclaim ("SACC") and related affirmative defenses.  As discussed below, these claims and defenses are no longer viable.

## Defendants' Intentional Interference with Prospective Economic Relations Claim

Defendants' First Cause of Action for Intentional Interference with Prospective Economic Advantage (IIPEA) is no longer viable as pled.  To prevail on such a claim Defendants must establish, *inter alia*, that Neo4j USA engaged in acts designed to disrupt Defendants' prospective relationships with third parties.  In order to do so, Defendants "must plead and prove that [Neo4j USA's] acts are wrongful apart from the interference itself." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal.4th 1134, 1154 (2003) (*citing Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal.4th 376, 393 (1995)).  An act "is independently wrongful if it is unlawful, that is, if it is proscribed by some constitutional, statutory, regulatory, common law, or other determinable legal standard."  *Id*. at 1159.

The only act of interference alleged by Defendants is that Neo4j USA told potential customers that Defendants could not support open source versions of Neo4j software for a period of 36 months after the termination of the Partner Agreement.  SACC, ¶ 27.  Defendants allege that this was an independently wrongful act because the underlying contractual provision, i.e. Section 4.3.2 of the Partner Agreement, was void as a matter of public policy pursuant to Bus. & Prof. Code § 16600 ("Section 16600").  SACC, ¶ 29.

Adron W. Beene
August 6, 2021
Page 2


Defendants' allegations predate the California Supreme Court's decision in *Ixchel Pharma, LLC v. Biogen, Inc.*, 9 Cal.5th 1130 (2020), in which it rejected the same presumption that Section 16600 renders contractual restraints on business-to-business dealings void as a matter of public policy. *Id.* at 1150, 1160-1162. As the *Ixchel* court explained, businesses routinely enter into contracts that limit their ability to conduct business because "[s]uch arrangements can help businesses leverage complementary capabilities, ensure stability in supply or demand, and protect their research, development, and marketing efforts from being exploited by contractual partners." *Id.* at 1160-61. As a result, Defendants' conclusory allegations that Section 4.3.2 of the Partner Agreement is void *per se* does cannot establish an independent wrong as a matter of law. Accordingly, please confirm whether Defendants will agree to dismiss their IIPEA claim, which is no longer legally viable in light of *Ixchel*.

**Defendants' Intentional Interference with Contractual Relations Claim**

In their Second Cause of Action for Intentional Interference with Contract, Defendants allege that Neo4j USA interfered with the AGPL license that Defendants purportedly "entered" into with Neo4j Sweden. SACC, ¶ 38. To succeed on their intentional interference claim, Defendants must therefore allege, *inter alia*, that Neo4j USA induced a breach of that contract or disrupted the contractual relationship between Neo4j Sweden and Defendants. *See Pac. Gas & Elec. Co. v. Bear Stearns & Co.*, 50 Cal. 3d 1118, 1126 (1990) (plaintiff must plead and prove defendant engaged in "intentional acts designed to induce a breach or disruption of the contractual relationship" and that such acts resulted in an actual breach or disruption of the contractual relationship").

Defendants allege that "NEO4J USA intentionally interfered with the [AGPL] by improperly telling the government agencies and companies, PureThink and iGov could not support open source versions of Neo4J based on void terms of the Partner Agreement." SACC, ¶ 40. Defendants further allege that "PureThink's and iGov's relationships with the Agencies and companies was actually and totally disrupted by NEO4J USA's interference with the License." These allegations do not establish that Neo4j USA induced Neo4j Sweden to breach the AGPL or intentionally disrupted the alleged contractual relationship **between Defendants and Neo4j Sweden**.

Rather, they echo Defendants' claim for intentional interference with Defendants' **prospective** contractual relations with potential customers. Due to this disconnect between the underlying contract (the AGPL), and the alleged acts of interference, Defendants fail to state a claim for intentional interference with contract. *See Ixchel,* 9 Cal.5th at 1141 (interference with contractual relations requires a valid contract between the plaintiff and a third party, and where there is no existing enforceable contract, only a

Adron W. Beene
August 6, 2021
Page 3

claim for interference with prospective advantage may lie); *see also DocMagic, Inc. v. Ellie Mae, Inc.*, 745 F.Supp.2d 1119, 1143 (N.D. Cal. 2010) (dismissing intentional interference with contract claim where allegations did not show that defendant had existing contracts—as opposed to mere economic relations—that were breached or disrupted as the result of plaintiff's actions).

It is also worth noting that the only act of interference alleged is based on Section 4.3.2 of the Partner Agreement being void as a matter of public policy pursuant to Section 16600. *See* SACC, ¶ 38. Since *Ixchel* negates this presumption, Neo4j USA cannot be automatically liable for intentional interference by telling third parties that Defendants are subject to that contractual restriction. *See Pankow Constr. Co. v. Advance Mortgage Corp.*, 618 F.2d 611, 616 (9th Cir.1980) (party may resort to inducing breach of another's contract in order to secure performance of its own contract); *see also Carstens Chevrolet, Inc. v. Gen. Motors, LLC*, 2017 WL 2654903, at *4 (E.D. Cal. June 20, 2017) (dismissing contractual interference claim because defendant exercised legitimate means to secure performance of its own contract with a third-party). Thus, please confirm whether Defendants will dismiss their Second Cause of Action.

## Defendants' Declaratory Relief Claim and Affirmative Defense Regarding the Section 4.3.2 of the Partner Agreement Violating Section 16600

Defendants' Fifth Cause of Action seeks declaratory relief on whether the restrictions on Defendants offering paid commercial support for Neo4j open source software imposed by Section 4.3.2 of the Partner Agreement are void pursuant to Section 16600. *See* SACC, ¶¶ 54-57. Defendants' First Affirmative Defense effectively alleges the same. *See* Dkt. No. 91 at 14:4-22. In addition to the ruling in *Ixchel*, this claim and defense are no longer viable because there is no ***present*** controversy over the validity of the restrictions in Section 4.3.2.

The determination of whether a court can or should exercise its discretion to entertain a claim for declaratory relief is not static. *See United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1111 (9th Cir. 2001) (whether to adjudicate declaratory relief claim need not be decided "on the facts as they existed at the time the complaint was filed"). When a case becomes moot, the resulting lack of such a case or controversy deprives the court of any ongoing jurisdiction. *See Kremens v. Bartley*, 431 U.S. 119, 128–29 (1977). As recently confirmed by Defendants, the Partner Agreement "terminated July 11, 2017" and the 36-month contract restrictions in § 4.3.2 of the Partner Agreement … "invalid or not, expired July 11, 2020." Dkt. No. 100 at 17:19-23. Defendants' request for a declaratory judgment deeming those restrictions void is thus moot. *See Cath. Charities CYO v. Chertoff*, 622 F.Supp.2d 865, 879 (N.D. Cal. 2008), *aff'd sub nom.*, 368 F. App'x 750 (9th Cir. 2010) (recognizing that "[a] federal court has no authority to give opinions on moot questions"). Accordingly, please confirm that Defendants will voluntarily dismiss their Fifth Cause of Action and First Affirmative Defense.

Adron W. Beene
August 6, 2021
Page 4

**Defendants' Declaratory Relief Claim and Affirmative Defenses Regarding the Validity of the Commons Clause**

Defendants' Seventh Cause of Action seeks declaratory relief on whether Neo4j Sweden AB's inclusion of the Commons Clause in the Neo4j Sweden Software License violates Sections 7 and 10 of that license and the original copyright to the AGPL.  SACC, ¶¶ 62-69.  Defendants' Fifth and Sixth Affirmative Defenses effectively allege the same (Dkt. No. 91 at 19:9-20:9), while its Thirteenth Affirmative Defense for Estoppel hinges on the insertion of the Commons Clause as being an "improper" attempt to prevent users and third parties from supporting Neo4j software (*id.* at 22:22-24:5).

This claim and defenses are negated by the Court's holding that the Neo4j Sweden Software License (and the AGPL) does not permit a licensee to remove restrictions imposed by the licensor.  *See* Dkt. No. 118 at 6:18-26, 24:7-25:19.  To be sure, the Court expressly rejected Defendants' interpretation of Sections 7 and 10 and argument that Neo4j Sweden's addition of the Commons Clause violates the "no further restrictions" language in these sections.  *See id.*  This is now the law of the case and Defendants are not entitled to re-litigate the interpretation of the Neo4j Sweden Software License and the AGPL.  *See United States v. Park Place Assoc.*, 563 F.3d 907, 925 (9th Cir. 2009) ("when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case"); *Richardson v. United States*, 841 F.2d 993, 996 (9th Cir.1988) ("Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case.") (internal citation omitted).

Further, as previously recognized by Judge Davila, "whether Plaintiffs acted in accordance with the copyright covering the AGPLv3 is not at issue before this Court, as Defendants are not entitled to enforce the FSF's copyright." *Neo4j, Inc. v. Graph Found., Inc.*, No. 5:19-CV-06226-EJD, 2020 WL 6700480, at *3 (N.D. Cal. Nov. 13, 2020) (citing *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997, 1002 (9th Cir. 2015)). Consequently, Defendants' allegations that Commons Clause violates the FSF's copyright cannot form the basis of any of their claims or defenses.  Accordingly, please confirm whether Defendants will agree to dismiss their Seventh Cause of Action and related Fifth, Sixth and Thirteenth Affirmative Defenses.

**Defendants Cannot Maintain Section 17200 Claim**

Defendants' Twelfth Cause of Action purports to allege that Plaintiffs engaged in unfair competition in violation of Cal. Bus. & Prof. Code § 17200 et seq. ("UCL"). In support of that claim, Defendants reassert that the inclusion of the restrictions in Section 4.3.2 of the Partner Agreement violates public policy and the inclusion of the Commons

Adron W. Beene
August 6, 2021
Page 5

Clause in the Neo4j Sweden Software License violates the terms of the AGPL. *See* SACC, ¶¶ 106, 109-111, 122.  As a result, contractual restrictions allegedly amount to unfair business practices.  For the reasons discussed above, neither the Commons Clause nor the restrictions in the Partner Agreement amount to "unlawful" conduct, and as a result do not violate the UCL.  *See Ajzenman v. Off. of Comm'r of Baseball*, 492 F. Supp. 3d 1067, 1080 (C.D. Cal. 2020) (recognizing that to establish an "unlawful" practice under the UCL, plaintiff must plead and prove a violation of some other law).

Defendants also fail to state a claim based on the "unfair" prong of the UCL. "When a plaintiff who claims to have suffered injury from a direct competitor's 'unfair' act or practice invokes section 17200, the word 'unfair' in that section means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 187 (1999).  Defendants allege that they compete with Neo4j USA in the government sector in providing development and support services for Neo4j software. *See* SACC at ¶¶ 63-64, 99.  They also allege that Neo4j USA allegedly misrepresented to the IRS that it needed to commercially license Neo4j Software rather than use the open source version for free. *See id.,* ¶¶ 20, 99, 117-119.  Defendants further allege that Neo4j USA told the IRS and other potential customers that they could not support open source versions of Neo4j software based on Section 4.3.2 of the Partner Agreement.  *See id.,* ¶¶ 21, 99, 117-119, 122.  As a result of these acts, Defendants allegedly lost sales of services to these customers. *See id.,* ¶¶ 111, 125.

Neo4j USA's alleged acts do not amount to "unfair" business practices because "[i]njury to a competitor is not equivalent to injury to competition; only the latter is the proper focus of antitrust laws." *Cel-Tech*, 20 Cal.4th at 186.  These allegations mirror those supporting Defendants' intentional interference claims, and thus cannot be transformed into UCL claims. *See Stevenson Real State Servs., Inc. v. CB Richard Ellis Real Estate*, 138 Cal.App.4th 1215 (2006); *see also Asahi Kasei Pharma Corp. v. CoTherix, Inc.*, 204 Cal.App.4th 1, 20 (2012) (evidence of harm suffered by a competitor fails to support an antitrust claim requiring evidence of harm to competition instead).

To the extent that Defendants invoke the fraud prong, they are "required to prove actual reliance on the allegedly deceptive or misleading statements, and that the misrepresentation was an immediate cause of [the] injury-producing conduct." *Sateriale v. R.J. Reynolds Tobacco Co.*, 697 F.3d 777, 793 (9th Cir. 2012).  In particular, Defendants must allege "their own reliance—not the reliance of third parties—to have standing under the UCL." *L.A. Taxi Coop., Inc. v. Uber Techs., Inc.*, 114 F. Supp. 3d 852, 866 (N.D. Cal. 2015).  Absent from the Counterclaims are any allegations that Defendants relied on any purported false statements or advertising.  Thus, Defendants do not have

Adron W. Beene
August 6, 2021
Page 6

standing under the UCL to pursue a claim under the fraudulent prong. *See 23andMe, Inc. v. Ancestry.com DNA, LLC*, 356 F.Supp.3d 889, 911 (N.D. Cal. 2018) (dismissing claim under the fraudulent prong of the UCL where plaintiff merely alleged a competitor's misrepresentations deceived consumers).

Finally, Defendants' UCL claim fails because it seeks improper relief. Defendants allege that they "have suffered actual damages from NEO4J USA and NEO4J SWEDEN in lost sales of services to potential users…." SACC, ¶ 125. However, the UCL "is not an all-purpose substitute for a tort or contract action." *Korea Supply*, 29 Cal.4th at 1149-50 (holding that an UCL action is equitable in nature and damages cannot be recovered). Similarly, the injunctive relief sought by Defendants is virtually indistinguishable from what they seek in two declaratory relief claims: (1) that the Commons Clause Neo4j Sweden added to the AGPL is void [*compare* SACC, ¶ 69 *and id.* ¶ 127.a.i.]; and (2) that PureThink, iGov and "third parties" are not barred by the Commons Clause from providing support and development services users of the open source versions of Neo4J [*compare* Dkt. No. 71, ¶ 77 *and* ¶ 127.a.iii & iv.]. As a result, their UCL claim is subject to dismissal. *See Baugh v. CBS, Inc.*, 828 F.Supp. 745, 757-758 (N.D. Cal. 1993) (rejecting plaintiffs' attempt to re-characterize their claim for damages as claims for restitution and injunctive relief under the UCL).

Defendants also improperly seek restitution in the form of a "refund" to "all license and support fees paid by commercial licensees of Neo4j Software." SACC, ¶ 128. It is well-established that a party asserting a UCL claim is only entitled to an order of restitution for the return money obtained through an unfair business practice to that party. *In re Napster, Inc. Copyright Litig.*, 354 F. Supp. 2d 1113, 1126 (N.D. Cal. 2005). Defendants are improperly seeking non-restitutionary disgorgement that is unavailable in an individual UCL action. *See id.; see also Korea Supply*, 29 Cal.4th at 1151. As such, Defendants' UCL claim and the disgorgement remedy they seek is fatally defective.

\* \* \*

We believe the foregoing provides ample grounds for Plaintiffs to move for judgment on the pleadings and avoid engaging in expensive and protracted discovery in relation to these legally defective claims and defenses. Given Defendant's concerns about litigation expenses conveyed at the CMC, I presume they prefer to avoid motion practice and are open to reaching some sort of stipulated dismissal of these claims and

Adron W. Beene
August 6, 2021
Page 7


defenses.  To that end, I am happy to discuss the foregoing early next week to see if that is feasible.   Otherwise, please confirm before close of business on August 11, 2021 whether Defendants will voluntarily dismiss the foregoing claims and defenses.

Sincerely,

HOPKINS & CARLEY
A Law Corporation

Jeffrey M. Ratinoff

JMR/dlh

cc:    Adron Beene Jr.

**EXHIBIT 2**

**Jeffrey M. Ratinoff**

| | |
|---|---|
| **From:** | Jeffrey M. Ratinoff |
| **Sent:** | Wednesday, September 1, 2021 4:02 PM |
| **To:** | 'Adron Beene' |
| **Cc:** | 'jpicone@hopkinscarley.com' |
| **Subject:** | RE: Neo4j, Inc. v. PureThink LLC, et al.; Case No.: 5:18-cv-07182-EJD |

Adron,

Glad we've made some progress.  We can accept the dismissal of the 2nd COA and the 12th COA.  I've confirmed with Neo4j that it is agreeable to dismissing the invasion of privacy claim.  We'll have to agree to disagree on the remainder, and will still be filing a motion on those COAs and related defenses.  To keep the hearing date, I believe I need to get the motion on file this Friday.  If we can get a dismissal on file tomorrow, then I should be able to update the motion accordingly.

Thanks,
Jeff

---

**From:** Adron Beene <adron@adronlaw.com>
**Sent:** Wednesday, September 1, 2021 12:04 PM
**To:** Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>
**Subject:** Re: Neo4j, Inc. v. PureThink LLC, et al.; Case No.: 5:18-cv-07182-EJD

Jeffrey,
Here are our thoughts on this.
Following your August 6th letter,

1st cause of action. We disagree Ixchel's holding is as you stated. In that case, they apply the rule of reason which considers the anticompetitive nature of the restrictions. Preventing a company from working with the open source software licensed by Sweden for 3 years is nothing more than anticompetitive. Ixchel allowed the claim of a interference with prospective economic advantage using violation of BPC 16600 as the wrongful conduct. Likewise, as the Court is holding Suhy liable for the entity conduct, as if he is the company, the per se violation for an individual should apply in reverse.
2nd cause of action. We can agree to dismiss.
5th cause of action. See our comments on the 1st cause of action. And we can raise this as a defense to your breach of contract claim that the clause you seek to enforce is unlawful.
7th Cause of action. This would be best to consider after the pending appeal. This issue is raised as part of the appeal.
12. Cause of action. We can agree to dismiss.

I should point out that dismissal of the claims, does not mean we refrain from the facts as they are relevant to, for example the unclean hands defense. We are willing to dismiss claims not facts.

On the privacy claim. I think there is no evidence there was a recording. He said he was recording to prevent your client from continue lying to him. But whatever arguments you want to make, we have larger fish to fry and that claim is not that interesting to either party. You may want to consider what you are going after and consider if it's worth the effort so we can winnow this case down a bit. That would probably be best for the clients and I am sure the Court would appreciate it.

Let me know your thoughts.


Adron W. Beene
Attorney at Law
7960 Soquel Drive
Ste B #296
Aptos CA 95003
(408) 392-9233



This email, if sent to a client, is confidential. No tax or securities advice is provided or may be relied on.

---

**From:** "Jeffrey M. Ratinoff" <jratinoff@hopkinscarley.com>
**Date:** Friday, August 27, 2021 at 1:57 PM
**To:** Adron Beene <adron@adronlaw.com>
**Cc:** "John V. Picone III" <jpicone@hopkinscarley.com>
**Subject:** RE: Neo4j, Inc. v. PureThink LLC, et al.; Case No.: 5:18-cv-07182-EJD

Adron,

I appreciate the update.  From our prospective, it is the lack of merit that drives the request narrow the scope of the counterclaims.  Neo4j USA's claim for breach of contract has never been based on the non-trademark provisions in the Partner Agreement, which we clarified when we filed the Second Amended Complaint.  It's always been tied to the trademark claim, so we'd need to see how the appeal turns out as to whether we will agree to drop it.  So, I don't see why we'd need to drop that claim in order for your clients to drop their various declaratory relief claims related to the agreement, which are otherwise moot.

As for your client's Section 17200, we expect an unconditioned dismissal of that claim outright as your clients are competitors of Neo4j USA and thus do not have standing to assert a claim thereunder.  I think the Court's dismissal of Neo4j's 17200 claim against GFI on similar grounds is illustrative of how it will rule in this case.

As I previously mentioned during our meet and confer, the biggest time and cost issue is your clients' intentional interference claims.  I note that your clients allege on information and belief that Neo4j USA told numerous entities that they could not do business with iGov and PureThink due to the 36-month restriction in the Partner Agreement.  Since the underlying premise of that those claims is that the restriction is void as a matter of public policy was negated by the CA Supreme Court, it seems there is no longer a basis to assert the claim and require the parties to obtain discovery from 20+ third party entities.

As for reciprocity, I will talk to Neo4j about dropping the invasion of privacy claims since your client admittedly lied to Neo4j that he was recording those calls.

Thanks,
Jeff

**From:** Adron Beene <adron@adronlaw.com>
**Sent:** Friday, August 27, 2021 1:35 PM
**To:** Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>
**Subject:** Re: Neo4j, Inc. v. PureThink LLC, et al.; Case No.: 5:18-cv-07182-EJD

Jeff,
I am working through these and have not completed. But to show progress we will drop bpc 17200. Are you willing to drop your breach off contract claim?
Frankly this all about streamlining and not the merits. We do not need to attack the validity of the clauses if you are not bringing the claim. Also you likely have no damages. I make this as a suggestion. It's not something you need to argue about. Let's reduce the claims on a reasonable basis.

I hope you can imagine explaining this to a client. I want to clear out the underbrush.

Adron W. Beene
Sent from my iPhone

> On Aug 25, 2021, at 2:16 PM, Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com> wrote:
>
> Adron,
>
> We are reserved for 1/13/22.  I still would like to hear your thoughts this week on what claims/defenses identified in my August 6th letter your clients are willing to dismiss in the hope of narrowing the scope of discovery.
>
> Thanks,
> Jeff

**From:** Adron Beene <adron@adronlaw.com>
**Sent:** Wednesday, August 25, 2021 1:32 PM
**To:** Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>
**Subject:** Re: Neo4j, Inc. v. PureThink LLC, et al.; Case No.: 5:18-cv-07182-EJD

January! Yes reserve it. Yes we can figure out discovery.

Adron W. Beene
Attorney at Law
7960 Soquel Drive
Ste B #296
Aptos CA 95003
(408) 392-9233

<image001.png>
This email, if sent to a client, is confidential. No tax or securities advice is provided or may be relied on.

**From:** "Jeffrey M. Ratinoff" <jratinoff@hopkinscarley.com>
**Date:** Wednesday, August 25, 2021 at 12:28 PM
**To:** Adron Beene <adron@adronlaw.com>

3

**Cc:** "John V. Picone III" <jpicone@hopkinscarley.com>, "Diana L. Hodges" <dhodges@hopkinscarley.com>
**Subject:** RE: Neo4j, Inc. v. PureThink LLC, et al.; Case No.: 5:18-cv-07182-EJD

Hi Adron,

We heard back from the Court and the next hearing date is actually Jan 13, 2022.  I will go ahead and reserve that date, but I think we should stipulate to waiving the hearing so that we can get some clarity as to what the scope of discovery will be hopefully sooner than that.

Thanks,
Jeff

---

**From:** Jeffrey M. Ratinoff
**Sent:** Tuesday, August 24, 2021 10:39 AM
**To:** 'Adron Beene' <adron@adronlaw.com>
**Cc:** 'jpicone@hopkinscarley.com' <jpicone@hopkinscarley.com>; Diana L. Hodges <dhodges@hopkinscarley.com>
**Subject:** RE: Neo4j, Inc. v. PureThink LLC, et al.; Case No.: 5:18-cv-07182-EJD

Thanks, we're all busy (which is good) but I always try to at least acknowledge things within a few days as a professional courtesy. I'll go ahead and reserve.

---

**From:** Adron Beene <adron@adronlaw.com>
**Sent:** Tuesday, August 24, 2021 10:36 AM
**To:** Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>
**Subject:** Re: Neo4j, Inc. v. PureThink LLC, et al.; Case No.: 5:18-cv-07182-EJD

I also had a Summary Ajudication reply in another case. its been a brief month. Reserve the date and let me see what I can get back to you Thursday.

Adron W. Beene
Attorney at Law
7960 Soquel Drive
Ste B #296
Aptos CA 95003
(408) 392-9233

<image002.png>
This email, if sent to a client, is confidential. No tax or securities advice is provided or may be relied on.

---

**From:** "Jeffrey M. Ratinoff" <jratinoff@hopkinscarley.com>
**Date:** Monday, August 23, 2021 at 3:37 PM
**To:** Adron Beene <adron@adronlaw.com>
**Cc:** "John V. Picone III" <jpicone@hopkinscarley.com>, "Diana L. Hodges" <dhodges@hopkinscarley.com>
**Subject:** RE: Neo4j, Inc. v. PureThink LLC, et al.; Case No.: 5:18-cv-07182-EJD

Hi Adron,

I appreciate you had a brief due but it's been two weeks since we sent the letter, and I had previously flagged several deficiencies in mid-July.  Based on past history, I am not confident that your client will agree with everything we've flagged.  So, I don't want to risk losing a hearing date as we are already into October on his calendar and need to start conducting Phase 2 discovery.  So, I would propose that we reserve Oct 7 and file our motion this week.  I'd be happy to extend out the time for your opposition (and our reply) if we are able to make some progress in narrowing the claims and defenses down before then.

Thanks,
Jeff

---

**From:** Adron Beene <adron@adronlaw.com>
**Sent:** Monday, August 23, 2021 3:28 PM
**To:** Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>
**Subject:** Re: Neo4j, Inc. v. PureThink LLC, et al.; Case No.: 5:18-cv-07182-EJD

Jeff, your letter was sent while we were filing the AOB. I will work with the client and see what can be winnowed down. By friday.

Adron W. Beene
Attorney at Law
(408) 392-9233

> On Aug 23, 2021, at 3:02 PM, Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com> wrote:
>
> Adron,
>
> Based on your lack of response to my meet and confer letter on Defendants' various counterclaims and defenses that are legally insufficient, Plaintiffs will be filing a motion for judgment on the pleadings for the causes of action and defenses identified in that letter.  Based on the Court's prior history, I doubt it will hold oral argument on the motion.  However, we do need to reserve a hearing date to file the motion.  Please confirm that I can reserve October 7, 2021, which was the next available as of today, and if that is no longer available, October 21, 2021.
>
> Thanks,
> Jeff
>
> ---
>
> **From:** Diana L. Hodges <dhodges@hopkinscarley.com>
> **Sent:** Friday, August 6, 2021 11:06 AM
> **To:** 'adron@adronlaw.com' <adron@adronlaw.com>
> **Cc:** Jeffrey M. Ratinoff <jratinoff@hopkinscarley.com>
> **Subject:** Neo4j, Inc. v. PureThink LLC, et al.; Case No.: 5:18-cv-07182-EJD
>
> Counsel,
>
> Please refer to the attached correspondence from Jeffrey Ratinoff, related to the above case.

Thank you,

**Diana L. Hodges**
Legal Executive Assistant

<image001.gif>

**Hopkins & Carley** | A Law Corporation
San Jose | Palo Alto
70 South First Street | San Jose, CA 95113
Direct: 408.299.1344 |
**dhodges@hopkinscarley.com**

hopkinscarley.com

---

Any tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding tax-related penalties under federal, state or local tax law or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein. This email and any attachments thereto may contain private, confidential, and privileged material for the sole use of the intended recipient. Any review, copying, or distribution of this email (or any attachments thereto) by others is strictly prohibited.
If you are not the intended recipient, please contact the sender immediately and permanently delete the original and any copies of this email and any attachments thereto. For more information about Hopkins & Carley, visit us at http://www.hopkinscarley.com/.