John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Bar No. 197241
jratinoff@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA  95113-2406
*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:     (408) 286-9800
Facsimile:      (408) 998-4790

Attorneys for Plaintiffs and Counter-Defendants
NEO4J, INC. and NEO4J SWEDEN AB

Adron W. Beene, Bar No. 129040
adron@adronlaw.com
Adron G. Beene Bar No. 298088
adronjr@adronlaw.com
Attorney at Law
1754 Technology Drive, Suite 228
San Jose, CA 95110
Tel: (408) 392-9233
Fax: (866) 329-0453

Attorneys for Defendants and Counterclaimants
PURETHINK LLC, IGOV INC., and JOHN MARK SUHY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, NEO4J SWEDEN, AB,<br><br>Plaintiffs,<br><br>v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br><br>Defendants. | CASE NO.  5:18-cv-07182-EJD<br><br>**STIPULATION AND [PROPOSED] ORDER RE DISMISSAL OF CLAIMS** |
| AND RELATED COUNTERCLAIMS. | |

**STIPULATION**

This Stipulation is made between Plaintiffs and Counter-Defendants Neo4j, Inc. and Neo4j Sweden AB (collectively "Plaintiffs") and Defendants and Counterclaimants PureThink LLC, iGov Inc. and John Mark Suhy (collectively, "Defendants") through their respective attorneys:

WHEREAS, on July 29, 2021, the parties met and conferred over the Phase 2 schedule. The parties also discussed potentially narrowing the scope of their claims to streamline discovery in Phase 2.  Such discusses have continued after Plaintiffs sent Defendants a substantive letter detailing what Plaintiffs believed to be legal defects in certain claims asserted in Defendants' Second Amended Counterclaim (Dkt. No. 72) and affirmative defenses asserted in Defendants' Answer to Plaintiffs' Third Amended Complaint (Dkt. No. 91).

WHEREAS, Fed. R. Civ. P. 41 only permits the complete dismissal of a complaint or counterclaim, and does not permit the dismissal of only certain claims "from a multi-claim complaint." *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988).  Instead, where a party seeks to drop certain claims, the proper procedure is to either amend the complaint pursuant to Fed. R. Civ. P. 15(a) or that certain claims will not be pursued or will be dismissed. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 688 (9th Cir. 2005) ("Federal Rule of Civil Procedure 15(a) is the appropriate mechanism '[w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants'") (internal citations omitted).

WHEREAS, Defendants have agreed to no longer pursue and to dismiss their (a) Second Cause of Action for Intentional Interference with Contract (Dkt. No. 72, ¶¶ 35-43), and (b) Twelfth Cause of Action for Unfair Business Practices (Dkt. No. 72, ¶¶ 99-128).

WHEREAS, Defendants acknowledge that Plaintiffs will be filing a motion for judgment on the pleadings on the remaining counterclaims that Defendants were unwilling to dismiss.  As a result, within twenty-one (21) days after the Court issues an order on that motion, Defendants will amend their counterclaims in accordance with this stipulation and in a manner consistent with the Court's rulings in that order.

WHEREAS, Defendants have appealed the Court's Preliminary Junction, which is based in part on the Court's determination that the Neo4j Sweden Software License did not permit Defendants to remove the Commons Clause from that License.  *See* Dkt. No. 118 at 6:18-26, 24:7-25:19.  As such, should the Court of Appeal affirm that ruling, Defendants agree that they will no longer pursue and take all necessary steps to dismiss their Seventh Cause of Action for Declaratory Relief, which seeks a determination as to whether Neo4j Sweden AB's inclusion of Common Clause in the Neo4j Sweden Software License violated its terms (Dkt. No. 72, ¶¶ 62-69), and similarly pled Fifth, Sixth and Thirteenth Affirmative Defenses (Dkt. No. 91 at 19:9-20:9, 22:22-24:5).

WHEREAS, Plaintiffs have agreed to no longer pursue and to dismiss their Sixth Cause of Action for Invasion of Privacy (Cal. Penal Code §§ 632, 637.2). Dkt. No. 90, ¶¶ 148-156.  Since Plaintiffs' motion for judgment on the pleadings will also seek the dismissal of certain affirmative defenses, Plaintiffs will seek leave to file an amended complaint that omits their Sixth Cause of Action within twenty-one (21) days after the Court issues an order on that motion, and Defendants will file an answer thereto that is consistent with the Court's ruling on that motion, and will not assert new or different affirmative defenses.

IT IS HEREBY STIPULATED THAT:

1. Defendants will no longer pursue and agree to dismiss their Second Cause of Action for Intentional Interference with Contract (Dkt. No. 72, ¶¶ 35-43), and Twelfth Cause of Action for Unfair Business Practices (Dkt. No. 72, ¶¶ 99-128) asserted in their Second Amended Counterclaim.

2. Defendants will amend their Second Amended Counterclaim to omit their Second Cause of Action for Intentional Interference with Contract, and Twelfth Cause of Action for Unfair Business Practices (Dkt. No. 72, ¶¶ 99-128), and in a manner consistent with the Court's ruling on Plaintiffs' Motion for a Judgment on the Pleadings within twenty-one (21) days after the Court issues an order ruling on that motion.

3. Plaintiffs will no longer pursue and agree to dismiss their Sixth Cause of Action for Invasion of Privacy (Cal. Penal Code §§ 632, 637.2). Dkt. No. 90, ¶¶ 148-156.  Plaintiffs will

1  seek leave to file an amended complaint that omits their Sixth Cause of Action within twenty-one
2  (21) days after the Court issues an order on that motion.
3       4.   Defendants will file an answer to Plaintiffs' further amended complaint that is
4  consistent with this stipulation and the Court's ruling on Plaintiffs' Motion for a Judgment on the
5  Pleadings, and will not assert any new or different affirmative defenses.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  September 2, 2021

HOPKINS & CARLEY
A Law Corporation

By: */s/ Jeffrey M. Ratinoff*
John V. Picone III
Jeffrey M. Ratinoff
Attorneys for Plaintiffs and
Counter-Defendants
NEO4J, INC. and NEO4J SWEDEN AB

Dated:  September 2, 2021

 */s/ Adron W. Beene*
Adron W. Beene
Adron G. Beene
Attorneys for Defendants and Counter-Claimants
PURETHINK LLC, IGOV INC., and
JOHN MARK SUHY

**IT IS SO ORDERED.**

Dated:  September 3, 2021

EDWARD J. DAVILA
United States District Court Judge

842\3836151.2

- 4 -

STIPULATION AND [PROPOSED] ORDER RE DISMISSAL OF CLAIMS     5:18-CV-07182-EJD