Adron W. Beene SB# 129040
Adron G. Beene SB# 298088
Attorney at Law
7960 Soquel Drive, Suite B#296
Aptos, CA 95003
Tel: (408) 392-9233
adron@adronlaw.com
adronjr@adronlaw.com

Attorneys for defendants and counterclaimants:
PURETHINK LLC, a Delaware limited
liability company, IGOV INC., a Virginia
corporation, and JOHN MARK SUHY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation,<br>Plaintiff,<br><br>v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br>Defendants. | CASE NO. 5:18-cv-7182 EJD<br><br>**DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO NEO4J, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Date: January 13, 2022<br>Time: 9:00 a.m.<br>Dept. Courtroom 4, 5th floor<br>Judge: Hon. Edward J. Davila |

## I. Introduction

Defendants and Counterclaimants PURETHINK LLC, John Mark Suhy and IGOV INC., oppose Plaintiff and Counter defendant NEO4J, INC.'s motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff's motion seeks dismissal of the Defendants First, Fifth and Sixth causes of action in the Second Amended Counterclaim ("SACC") (Dkt. No.72), and the First, Second and Sixth affirmative defenses in Defendants' Answer to Third Amended Complaint (Dkt. No.91) ("ATAC"). As the pleadings allege proper claims and defenses, the motion should be denied.

## II. Standard on a Rule 12(c) Motion

In deciding a Rule 12(c) motion, the court applies the same standards applicable to a Rule 12(b)(6) motion. Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc. (9th Cir. 2011) 637 F3d 1047, 1054, fn. 4.

Plaintiff's motion cannot be granted, however, if the answer raises a fact or an affirmative defense that, if true, would defeat recovery. General Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church (9th Cir. 1989) 887 F2d 228, 230.

## III. First Cause of Action

### a. Interference with Prospective Economic Advantage.

> The elements of an interference with Prospective Economic Advantage claim are (1) an economic relationship between the plaintiff and some third party, with the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge of the relationship; (3) defendant engaged in wrongful conduct designed to interfere with or disrupt or disrupt this relationship; (4) The defendant did so with the intent to interfere with or disrupt this relationship, or with the knowledge that the interference or disruption was certain or substantially certain to occur as a result of [his] [her] [its] action (5) The economic relationship was actually interfered with or disrupted; and (6) The wrongful conduct

of the defendant which was designed to interfere with or disrupt this relationship caused damage to the plaintiff.

BAJI 7.82 approved in <u>Della Penna v. Toyota Motor Sales, U.S.A., Inc.</u> (1995) 11 Cal.4th 376, See, <u>Korea Supply Co. v. Lockheed Martin Corp.</u> (2003) 29 Cal.4th 1134, 1153.

Purethink alleges the required elements of the claim. Purethink alleges it had an economic relationship with the possibility of future economic relationships and business opportunities in ¶¶ 23, 24 and 25 of the SACC. Purethink alleges NEO4J was aware of these relationships, in ¶26 of the SACC. Purethink alleges NEO4J intentionally interfered with the relationships and the interference was indended to disrupt the economic relationships ¶¶27 and 28 of the SACC. Purethink alleges the conduct was wrongful in violation of California Business and Professions Code §16600. ¶29 of the SACC. Purethink alleges that the relationships were disrupted by NEO4J's wrongful conduct. ¶31 of the SACC. Purethink alleges is was damaged and and suffered damages caused by NEO4J's wrongful interference. ¶32 and 33 of the SACC.

These allegations do not come from thin air. In ¶ 21 of the SACC, Purethink provides details of an example of this misconduct in Exhibit D (Dkt. 72, pgs 61-63.) NEO4J 's letter to the IRS shows NEO4J clearly knew about the relationship and asserted the unlawful contract term with the intent to disrupt that relationship. This conduct ended the Purethink/IRS relationship abruptly and caused Purethink damages. The claim is properly plead.

**b. Purethink Has Establish The Wrongful Independent Act Element Of The Claim.**

**i. Signing An Unlawful Contract Does Not Evade A Wrongful Act**

NEO4J claims because Purethink signed a contract, it does not matter if it was unlawful to enforce. Yet firing a person who refuses to sign an agreement with a

restrictive covenant is actionable. D'sa v. Playhut, Inc. (2000) 85 Cal.App.4th 927, 933. NEO4J has no right to demand an unlawful restrictions and is not immune from liability for successfully enforcing the unlawful term.

The case NEO4J relies on is a patent case about the Sears/Compco doctrine which nullifies a private contract only if enforcement of the contract would conflict with the patent law. Universal Gym Equipment, Inc. v. ERWA Exercise Equipment Ltd. (Fed. Cir. 1987) 827 F.2d 1542, 1550. This case was not about an unlawful restrictive covenant. NEO4J 's wrongful conduct was enforcing a restriction which violates BPC §16600. If the restriction violates that law, it may not be enforced and NEO4J 's conduct is a wrongful act which supports an interference claim. Ixchel Pharma, LLC v. Biogen, Inc. (2020) 9 Cal.5th 1130.  (Validity of BPC §16600 restriction against an entity should be considered under the rule of reason.)

### ii. The Restrictions Do Not Protect Intellectual Property Rights

NEO4J next claims the restrictions are to protect its intellectual property. NEO4J's restriction only seeks to prevent Purethink from using and supporting the open source software which does nothing to protect any trade secrets or confidential information NEO4J claims its has.

NEO4J asserts the trade secret defense claiming the restriction is similar to those in King v. Gerold, 109 Cal.App.2d 316 (1952). In that case, King invented a house trailer. King licensed Gerold the right to make the proprietary design for 6 months but he could not make the trailer after termination. The legal point of this defense is "agreements designed to protect an employer's proprietary information do not violate section 16600." (*Gordon v. Landau* (1958) 49 Cal.2d 690, 694, 321 P.2d 456.)" Fowler v. Varian Associates, Inc. (1987) 196 Cal.App.3d 34, 44. "Such clauses are enforceable, however, to the extent they "relate[ ] to ideas and concepts

which were based upon secrets or confidential information of the employer...." Armorlite Lens Co. v. Campbell, 340 F.Supp. 273, 275 (S.D.Cal.1972)." Applied Materials, Inc. v. Advanced Micro-Fabrication Equipment (Shanghai) Co. (N.D. Cal. 2009) 630 F.Supp.2d 1084, 1090.

But the restriction prevents defendants from using and supporting open source software owned by Neo4j Sweden. Open source software not a trade secret. It is not kept secret. There are no secrets or confidential information of NEO4J in the Neo4j Sweden open source software. Purethink was a reseller under the Partner Agreement. Purethink had the clients and the knowhow how to support the software who became NEO4J customers.

### iii. Rule of Reason

Ixchel Pharma, LLC v. Biogen, Inc. (2020) 9 Cal.5th 1130 determined that restrictive business agreements under BPC 16600 are considered under a rule of reason. Contracts are invalid when their purpose is to restrain trade. NEO4J's term restricts trade by preventing defendants from using or supporting the a third party's open source version of software. By preventing knowledge people from supporting the open source software, NEO4J can charge money for the same software. This is a total suppression of competition. There is no justification for the restriction as all it does is restrict competition.

> "Under the traditional rule of reason, "inquiry is limited to whether the challenged conduct promotes or suppresses competition." (Fisher v. City of Berkeley (1984) 37 Cal.3d 644, 672, 209 Cal.Rptr. 682, 693 P.2d 261, affd. sub nom. Fisher v. Berkeley (1986) 475 U.S. 260, 106 S.Ct. 1045, 89 L.Ed.2d 206.) To determine whether an agreement harms competition more than it helps, a court may consider "the facts peculiar to the business in which the restraint is applied, the nature of the restraint and its effects, and the history of the restraint and the reasons for its adoption."

Defendants' Opposition to Plaintiff's Rule 12(c) Motion
CASE NO. 5:18-cv-7182 EJD

5

In re Cipro Cases I & II (2015) 61 Cal.4th 116, 146. Cited in Ixchel Pharma, LLC v. Biogen, Inc. (2020) 9 Cal.5th 1130, 1154.

NEO4J states the pleadings do not state a claim because Purethink alleged it's a per se violation. That is not actually alleged in the First Cause of Action. And it is unclear if claims by entities must now allege the restriction violates the rule of reason. If such an element must be plead, Purethink should be permitted to do so. The restriction is purely anti-competitive and was, as shown by Exhibit D to the SACC, an unlawful restriction used to destroy competition.

Likewise, as NEO4J claims Purethink is Mr. Suhy and the restriction should be construed as a per se violation. NEO4J relied on the alter ego theory claiming Purethink is nothing more than Mr. Suhy to obtain an injunction against him. (Dkt. No. 118, pg. 34-36). Restrictions against individuals are per se violations. The knife should cut both ways. Reynolds Metal Company v. Alperson 25 Cal.3d 124 (1979) (individual sued as alter ego can recover attorneys fees even though not a signatory to the contract) Having taken a position Purethink and Suhy are the same, the standards applied against individuals should apply.

Likewise, by pealing off the entity, having Mr. Suhy under its control, performing work within NEO4J's course of business, and having Mr. Suhy obtain customers and then providing support services to them, Mr. Suhy should be considered an employee under Labor Code §2750.3. This results in the per se violation standard for the term. As the restriction is both a per se violation and violates the rule of reason, it is void and supports the wrongful act requirement of the claim.

### iv. Truthful Statements About An Unlawful Contract

NEO4J claims the law is: truthful statements about standard business practices are not actionable. They rely on Arntz Contracting Co. v. St. Paul Fire & Marine

1  Ins. Co. (1996) 47 Cal.App.4th 464. NEO4J relys on ellipeses in the citation to
2  avoid revealing the actual holding. The complete quote is "As discussed above, the
3  exercise of contractual rights (here, St. Paul's right to take over the project) and
4  truthful statements to interested parties about one's standard business practices
5  (here, putting Arntz "in claim") is not wrongful conduct actionable as intentional
6  interference with prospective economic relations." Arntz Contracting Co. v. St. Paul
7  Fire & Marine Ins. Co. (1996) 47 Cal.App.4th 464, 480.

8  Arntz does not permit the practice of enforcing an unlawful contract term.
9  There was no restrictive anti-competitive contract term being used as a sword in
10 Arntz. NEO4J specifically enforced an anti-competitive restrictive convenant to
11 interfer with defendants' business. See Exhibit D to the SACC. No law states that
12 is permitted.

### c. Plausible Facts Have Been Alleged

NEO4J next claims the pleadings do not state facts alleging that, because of NEO4J 's interference, deals or negotiations were lost. Purethink lists specific government agencies and businesses Purethink had relationships with and was working with on other potential business opportunities. SACC ¶¶ 23, 24 and 25. Further deals were described. SACC ¶18,  As alleged in ¶16, and Exhibit C to the SACC, Purethink has an exclusive agreement for government sales. In SACC ¶ 28, Purethink alleged NEO4J 's intereference disrupted those economic relationships. In SACC ¶31, the allegations are the relationships were totally disrupted. These are plead under the elements of the claim.

Further details are provided in Exhibit D to the SACC which shows NEO4J knew "the IRS has a relationship with Purethink…" That agreement was expiring September 22, 2017. Exhibit D is dated July 11, 2017-before the expiration-and

potential renewal. NEO4J told Mr. Dunn of the IRS "that Purethink is not authorized to provide consulting services and support on open source versions of Neo4J products." "… NEO's agreement with it partners, including PureThink, prohibit them for providing any consulting services on these products during the term of their agreement and for a period of thirty six (36) months following termination." In ¶ 31, the SACC alleges the relationship was totally disrupted. All elements of the claim are shown in NEO4J's intentionally disruptive email to the IRS.

In NEO4J's case, <u>Sybersound Records, Inc. v. UAV Corp.</u> (9th Cir. 2008) 517 F.3d 1137, 1151, the allegations were relationships were disrupted. Likewise, <u>Silicon Knights, Inc. v. Crystal Dynamics, Inc.</u> (N.D. Cal. 1997) 983 F.Supp. 1303, 1311, did not explain the nature of the relationship or how they were disrupted.

The underlying cases relied on for the federal authorities is important to consider: <u>Youst v. Longo</u> (1987) 43 Cal.3d 64, 71 and <u>Westside Center Associates v. Safeway Stores 23, Inc</u>., 42 Cal.App.4th 507, 522 (1996). <u>Youst</u> was about a horse race and it was speculative if the horse would have won. <u>Westside</u> was a shopping center case involving an interference with market with unnamed prospective buyers (anyone who would shop at the mall). These are cases that are too speculative because a horse may not win and no specific customers were named. If Purethink has to allege more detail it can describe the incidents in further detail, but the pleadings should be adequate as they state sufficient facts to apprise NEO4J of the conduct it already knows it engaged in.

**IV. Fifth Cause of Action and First Affirmative Defense**

As shown in Exhibit D to the SACC, NEO4J asserted a void term to destroy Purethink's business. NEO4J claims because the three year time on the term has

Defendants' Opposition to Plaintiff's Rule 12(c) Motion
CASE NO. 5:18-cv-7182 EJD

expired, the matter is no longer relevant. Yet the denigration to Purethink remains. With an ajudication of the unlawfulness, Purethink may revive its relationships long tarnished with NEO4J's clearly shown enforcement efforts. NEO4J has alleged a breach of the restrictive covenant in the Third Amended Complaint ¶138 at pg. 38 of the pleading. (Dkt. No. 90) The opponent of the contract may properly include illegality of the contract in the answer as an affirmative defense. FRCP Rule 8(c)(1) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including … illegality").

Contrary to NEO4J's position that <u>Ixchel</u> dispenses with the claim or defense, the restriction is determined based on a rule of reason. Is the term pro-competitive or anti-competitive? As discussed above, the overriding, if not sole purpose of the clause, is anti-competitive. This renders the restriction void and a proper issue to resolve on declaratory relief and as an affirmative defense. <u>Applied Materials, Inc. v. Advanced Micro-Fabrication Equipment (Shanghai) Co.</u> (N.D. Cal. 2009) 630 F.Supp.2d 1084, 1090 (Declaratory relief granted on unlawful restrictive covenant that required post termination assignment of invention)

## V. Sixth Cause of Action and Second and Sixth Affirmative Defense

NEO4J seeks to evade its violations of the AGPL by attacking the Sixth Cause of Action and the Second and Sixth affirmative defenses. NEO4J's commercial version of Neo4j software is based on Neo4j Sweden's open source software licensed under the AGPL. ¶59 of the SACC. The open source version of Neo4j software is subject to joint author ownership rights as licensed under the GPL and AGPL. NEO4J is therefore bound by the AGPL license. The AGPL does not allow a licensee to add restrictions to use of the Software Licensed under the AGPL. ¶59 of the SACC. ATAC Affirmative Defense 2. License to Use Neo4J Open Source at pgs

14-16 and Affirmative Defense 6. NEO4J USA violated the AGPL at pg. 20 (Dkt. No. 91) of Defendant's Answer to TAC.

NEO4J, which is a licensee under the AGPL, cannot evade the limitations to restrictions in the AGPL by adding restrictions in a Partner Agreement. Because NEO4J is suing Defendants on those restrictions, claiming a breach as discussed above, a determination that the Partner Agreement restrictions violate the AGPL is proper to resolve through declaratory relief and as an affirmative defenses to NEO4J 's breach of contract claim.

**VI. If The Motion Is Granted, Leave to Amend Should be Too**

> Discretion to permit amendment: Although Rule 12(c) does not mention leave to amend, courts have discretion to grant a Rule 12(c) motion with leave to amend (and frequently do so where the motion is based on a pleading technicality). [Lonberg v. City of Riverside (CD CA 2004) 300 F.Supp.2d 942, 945 (finding Rule 12(c) motion "is functionally identical" to a Rule 12(b)(6) motion)] (1) [9:341.1] Amendment to conform to discovery: A dismissal without affording plaintiff an opportunity to amend to conform the allegations of the complaint to postfiling developments and evidence obtained during discovery may constitute an abuse of discretion. [Edwards v. City of Goldsboro (4th Cir. 1999) 178 F3d 231, 241-243; see Ideal Steel Supply Corp. v. Anza (2nd Cir. 2011) 652 F3d 310, 325—Rule 12(c) motion should not be granted after close of discovery when evidence produced would fill perceived gaps in complaint]

E. Motion for Judgment on the Pleadings, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 9-E

While Plaintiff suggests Defendants did not suggest ways to amend, not all of the issues raised in the motion were raised in meet and confer.[1] It is unclear if an entity claimant on an intereferece claim must also allege the restriction violates the rule of reason but that certainly can be done. Likewise, if more details of the

---

[1] While plaintiff takes liberties complaining of a slow response to meet and confer, it appears plaintiffs meet and confer timing was tactically made to interfere with the briefing schedule on the pending appeal of a prior order. Defense did meet and confer and several items were resolved.

Defendants' Opposition to Plaintiff's Rule 12(c) Motion       10
CASE NO. 5:18-cv-7182 EJD

interference are required, that too can be done. But this is not a horse race case or a shopping center case and the elements are plead and there is certainly sufficient detail on the IRS interference as shown in Exhibit D. If those details must be stated on the pleading instead of as an exhibit, that can be done too.

While Plaintiff complains the Defense pleadings have already been amended several times, that is a ruse. Plaintiff amended its pleadings thrice requiring Defendants to file multiple answers and counterclaims. This is not a situation where the court has dismissed the claims multiple times. This is the first time these issues have been addressed.

Dated: September 27, 2021

      /s/ *Adron W. Beene*
Adron W. Beene SB# 129040
Adron G. Beene SB# 298088
Attorney for Defendants and Counterclaimants
PURETHINK LLC, a Delaware limited
liability company, IGOV INC., a Virginia
corporation, and JOHN MARK SUHY

## **FILER'S ATTESTATION**

I, Adron G. Beene, am the ECF user whose credentials were utilized in the electronic filing of this document. In accordance with N.D. Cal. Civil Local Rule 5-1(i)(3), I hereby attest that all signatories hereto concur in this filing.

Dated: September 27, 2021

      */s/ Adron G. Beene*
Adron G. Beene SB# 298088