John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Bar No. 197241
jratinoff@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA  95113-2406
*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone: (408) 286-9800
Facsimile: (408) 998-4790

Attorneys for Plaintiffs and Counter-Defendants
NEO4J, INC. and NEO4J SWEDEN AB

Adron W. Beene, Bar No. 129040
adron@adronlaw.com
Adron G. Beene Bar No. 298088
adronjr@adronlaw.com
Attorney at Law
7960 Soquel Drive, Suite B #296
Aptos, CA 95003
Tel: (408) 392-9233
Fax: (866) 329-0453

Attorneys for Defendants and Counterclaimants
PURETHINK LLC, IGOV INC., and JOHN MARK SUHY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, NEO4J SWEDEN, AB,<br><br>Plaintiffs,<br><br>v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO.  5:18-cv-07182-EJD<br><br>**SECOND STIPULATION AND [PROPOSED] ORDER RE DISMISSAL OF DEFENDANTS' COUNTERCLAIMS AND AFFIRMATIVE DEFENSES** |

**STIPULATION**

This Stipulation is made between Plaintiffs and Counter-Defendants Neo4j, Inc. and Neo4j Sweden AB (collectively "Plaintiffs") and Defendants and Counterclaimants PureThink LLC, iGov Inc. and John Mark Suhy (collectively "Defendants") through their respective attorneys:

WHEREAS, Defendants appealed the Court's Order Granting Plaintiffs' Motion for Partial Summary Judgment; Denying Defendants' Cross-Motion For Summary Judgment ("Preliminary Injunction Order"), which is based, in part, on this Court's determination that the Neo4j Sweden Software License did not permit Defendants to remove the Commons Clause from that license. *See* Dkt. No. 118 at 6:18-26, 24:7-25:19; Dkt. No. 121.

WHEREAS, on September 2, 2021, the parties stipulated to narrowing the scope of their claims to streamline Phase 2, and the Court adopted that stipulation as an order. Dkt. No. 133. Defendants therein agreed that should the Court of Appeal affirm that ruling, Defendants would no longer pursue and take all necessary steps to dismiss their Seventh Cause of Action for Declaratory Relief, which seeks a determination as to whether Neo4j Sweden AB's inclusion of Common Clause in the Neo4j Sweden Software License violated its terms, and similarly pled Fifth, Sixth and Thirteenth Affirmative Defenses. *Id.* at 3:1-9.

WHEREAS, on February 18, 2022, the Ninth Circuit issued a Memorandum Disposition, affirming the Preliminary Injunction Order. Dkt. No. 140. The Ninth Circuit further indicated this Memorandum Disposition was subject to Ninth Circuit Rule 36-3, which provides that such a decision is precedential for purposes of the doctrine of law of the case, or rules of claim preclusion and/or issue preclusion. CTA9 Rule 36-3(a).

WHEREAS, in light of the Ninth Circuit's Memorandum Disposition affirming this Court's interpretation of the Neo4j Sweden Software license (Dkt. No. 140) and the Ninth Circuit's denial of Defendants' petition for rehearing (Dkt. No. 141), and as previously stipulated, Defendants' Seventh Cause of Action for Declaratory Relief (Dkt. No. 72, ¶¶ 62-69), and Fifth, Sixth and Thirteenth Affirmative Defenses (Dkt. No. 91 at 19:9-20:9, 22:22-24:5) are no longer legally viable.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

4875-8812-7506.2
SECOND STIPULATION AND [PROPOSED] ORDER RE DISMISSAL OF DEFENDANTS' COUNTERCLAIMS AND AFFIRMATIVE DEFENSES; CASE NO. 5:18-CV-07182-EJD

WHEREAS, Fed. R. Civ. P. 41 only permits the complete dismissal of a complaint or counterclaim, and does not permit the dismissal of only certain claims "from a multi-claim complaint." *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988). Instead, where a party seeks to drop certain claims, the proper procedure is to either amend the complaint pursuant to Fed. R. Civ. P. 15(a) or stipulate that certain claims will not be pursued or will be dismissed. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 688 (9th Cir. 2005) ("Federal Rule of Civil Procedure 15(a) is the appropriate mechanism '[w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants'") (internal citations omitted).

WHEREAS, on September 3, 2021, Plaintiffs filed a motion for a judgment on the pleadings on (a) the First, Fifth and Sixth Causes of Action asserted by Defendants in their Second Amended Counterclaim ("SACC"); and (b) the First, Second and Sixth Affirmative Defenses asserted in Defendants' Answer to the Third Amended Complaint ("Answer"), which are based on the same theories as and/or seek the same relief sought in their Fifth and Sixth Causes of Action. *See* Dkt. No. 132.

WHEREAS, after being fully briefed by the parties, the Court took Plaintiffs' Motion for a Judgment on the Pleadings under submission on January 4, 2022. *See* Dkt. No. 139.

ACCORDINGLY, IT IS HEREBY STIPULATED THAT:

1. Defendants will no longer pursue and agree to dismiss with prejudice their (a) Seventh Cause of Action for Declaratory Relief asserted in their SACC (Dkt. No. 72, ¶¶ 62-69); and (b) Fifth, Sixth and Thirteenth Affirmative Defenses asserted in Defendants' Answer (Dkt. No. 91 at 19:9-20:9, 22:22-24:5).

2. Defendants stipulate to a judgment on the pleadings in favor of Plaintiffs with respect to Defendants' Sixth Affirmative Defense (*id*. at 20:2-9), and a dismissal of that defense with prejudice.

/ / /

/ / /

/ / /

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

4875-8812-7506.2                                                      - 3 -
SECOND STIPULATION AND [PROPOSED] ORDER RE DISMISSAL OF DEFENDANTS' COUNTERCLAIMS AND AFFIRMATIVE DEFENSES; CASE NO. 5:18-CV-07182-EJD

3. Plaintiffs' Motion for a Judgment on the Pleadings as to (a) the First, Fifth and Sixth Causes of Action asserted by Defendants in the SACC; and (b) the First and Second Affirmative Defenses asserted in Defendants' Answer remains under submission and is still subject to being ruled on by the Court in conjunction with that Motion.

4. Plaintiffs and Defendants will further amend their pleadings consistent with the foregoing stipulation and the parties' prior stipulation (Dkt. No. 133), and in a manner consistent with the Court's forthcoming ruling on Plaintiffs' Motion for a Judgment on the Pleadings within twenty-one (21) days after the Court issues an order ruling on that motion.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated:  March 30, 2022

HOPKINS & CARLEY
A Law Corporation


By: */s/ Jeffrey M. Ratinoff*
    John V. Picone III
    Jeffrey M. Ratinoff
    Attorneys for Plaintiffs and
    Counter-Defendants
    NEO4J, INC. and NEO4J SWEDEN AB

Dated:  March 30, 2022

  */s/ Adron W. Beene*
Adron W. Beene
Adron G. Beene
Attorneys for Defendants and Counter-Claimants
PURETHINK LLC, IGOV INC., and JOHN MARK SUHY

**IT IS SO ORDERED.**

Dated:_____

EDWARD J. DAVILA
United States District Court Judge

**ATTESTATION OF E-FILED SIGNATURE**

Pursuant to Local Rule 5-1(i)(3), I hereby certify that I have obtained the concurrence in the filing of this document from all signatories for whom a signature is indicated by a "conformed" signature (/s/) within this electronically filed document and I have on file records to support this concurrence for subsequent production to the Court if so ordered or for inspection upon request.

Dated:  March 30, 2022

HOPKINS & CARLEY
A Law Corporation

By: */s/ Jeffrey M. Ratinoff*
   John V. Picone III
   Jeffrey M. Ratinoff
   Attorneys for Plaintiffs and
   Counter-Defendants
   NEO4J, INC. and NEO4J SWEDEN AB

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

4875-8812-7506.2
SECOND STIPULATION AND [PROPOSED] ORDER RE DISMISSAL OF DEFENDANTS' COUNTERCLAIMS AND AFFIRMATIVE DEFENSES; CASE NO. 5:18-CV-07182-EJD