1  John V. Picone III, Bar No. 187226
   jpicone@hopkinscarley.com
2  Jeffrey M. Ratinoff, Bar No. 197241
   jratinoff@hopkinscarley.com
3  HOPKINS & CARLEY
   A Law Corporation
4  The Letitia Building
   70 South First Street
5  San Jose, CA  95113-2406
   *mailing address:*
6  P.O. Box 1469
   San Jose, CA 95109-1469
7  Telephone: (408) 286-9800
   Facsimile: (408) 998-4790
8
   Attorneys for Plaintiffs and Counter-Defendants
9  NEO4J, INC. and NEO4J SWEDEN AB

10 Adron W. Beene, Bar No. 129040
   adron@adronlaw.com
11 Adron G. Beene Bar No. 298088
   adronjr@adronlaw.com
12 Attorney at Law
   7960 Soquel Drive, Suite B #296
13 Aptos, CA 95003
   Tel: (408) 392-9233
14 Fax: (866) 329-0453

15 Attorneys for Defendants and Counterclaimants
   PURETHINK LLC, IGOV INC., and JOHN
16 MARK SUHY

17                    UNITED STATES DISTRICT COURT

18                   NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 19  NEO4J, INC., a Delaware corporation, NEO4J SWEDEN, AB, | CASE NO.  5:18-cv-07182-EJD |
| 20                         Plaintiffs, | **SECOND STIPULATION AND [PROPOSED] ORDER RE DISMISSAL OF DEFENDANTS' COUNTERCLAIMS AND AFFIRMATIVE DEFENSES** |
| 21      v. | |
| 22  PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual, | |
| 25                         Defendants. | |
| 26  AND RELATED COUNTERCLAIMS. | |

## **STIPULATION**

This Stipulation is made between Plaintiffs and Counter-Defendants Neo4j, Inc. and Neo4j Sweden AB (collectively "Plaintiffs") and Defendants and Counterclaimants PureThink LLC, iGov Inc. and John Mark Suhy (collectively "Defendants") through their respective attorneys:

WHEREAS, Defendants appealed the Court's Order Granting Plaintiffs' Motion for Partial Summary Judgment; Denying Defendants' Cross-Motion For Summary Judgment ("Preliminary Injunction Order"), which is based, in part, on this Court's determination that the Neo4j Sweden Software License did not permit Defendants to remove the Commons Clause from that license. *See* Dkt. No. 118 at 6:18-26, 24:7-25:19; Dkt. No. 121.

WHEREAS, on September 2, 2021, the parties stipulated to narrowing the scope of their claims to streamline Phase 2, and the Court adopted that stipulation as an order. Dkt. No. 133. Defendants therein agreed that should the Court of Appeal affirm that ruling, Defendants would no longer pursue and take all necessary steps to dismiss their Seventh Cause of Action for Declaratory Relief, which seeks a determination as to whether Neo4j Sweden AB's inclusion of Common Clause in the Neo4j Sweden Software License violated its terms, and similarly pled Fifth, Sixth and Thirteenth Affirmative Defenses. *Id.* at 3:1-9.

WHEREAS, on February 18, 2022, the Ninth Circuit issued a Memorandum Disposition, affirming the Preliminary Injunction Order. Dkt. No. 140. The Ninth Circuit further indicated this Memorandum Disposition was subject to Ninth Circuit Rule 36-3, which provides that such a decision is precedential for purposes of the doctrine of law of the case, or rules of claim preclusion and/or issue preclusion. CTA9 Rule 36-3(a).

WHEREAS, in light of the Ninth Circuit's Memorandum Disposition affirming this Court's interpretation of the Neo4j Sweden Software license (Dkt. No. 140) and the Ninth Circuit's denial of Defendants' petition for rehearing (Dkt. No. 141), and as previously stipulated, Defendants' Seventh Cause of Action for Declaratory Relief (Dkt. No. 72, ¶¶ 62-69), and Fifth, Sixth and Thirteenth Affirmative Defenses (Dkt. No. 91 at 19:9-20:9, 22:22-24:5) are no longer legally viable.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

4875-8812-7506.2
SECOND STIPULATION AND [PROPOSED] ORDER RE DISMISSAL OF DEFENDANTS' COUNTERCLAIMS AND AFFIRMATIVE DEFENSES; CASE NO. 5:18-CV-07182-EJD

1  WHEREAS, Fed. R. Civ. P. 41 only permits the complete dismissal of a complaint or counterclaim, and does not permit the dismissal of only certain claims "from a multi-claim complaint." *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988). Instead, where a party seeks to drop certain claims, the proper procedure is to either amend the complaint pursuant to Fed. R. Civ. P. 15(a) or stipulate that certain claims will not be pursued or will be dismissed. *See Hells Canyon Pres. Council v. U.S. Forest Serv*., 403 F.3d 683, 688 (9th Cir. 2005) ("Federal Rule of Civil Procedure 15(a) is the appropriate mechanism '[w]here a plaintiff desires to eliminate an issue, or one or more but less than all of several claims, but without dismissing as to any of the defendants'") (internal citations omitted).

WHEREAS, on September 3, 2021, Plaintiffs filed a motion for a judgment on the pleadings on (a) the First, Fifth and Sixth Causes of Action asserted by Defendants in their Second Amended Counterclaim ("SACC"); and (b) the First, Second and Sixth Affirmative Defenses asserted in Defendants' Answer to the Third Amended Complaint ("Answer"), which are based on the same theories as and/or seek the same relief sought in their Fifth and Sixth Causes of Action. *See* Dkt. No. 132.

WHEREAS, after being fully briefed by the parties, the Court took Plaintiffs' Motion for a Judgment on the Pleadings under submission on January 4, 2022. *See* Dkt. No. 139.

ACCORDINGLY, IT IS HEREBY STIPULATED THAT:

1.  Defendants will no longer pursue and agree to dismiss with prejudice their (a) Seventh Cause of Action for Declaratory Relief asserted in their SACC (Dkt. No. 72, ¶¶ 62-69); and (b) Fifth, Sixth and Thirteenth Affirmative Defenses asserted in Defendants' Answer (Dkt. No. 91 at 19:9-20:9, 22:22-24:5).

2.  Defendants stipulate to a judgment on the pleadings in favor of Plaintiffs with respect to Defendants' Sixth Affirmative Defense (*id*. at 20:2-9), and a dismissal of that defense with prejudice.

/ / /

/ / /

/ / /

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

4875-8812-7506.2                                  - 3 -
SECOND STIPULATION AND [PROPOSED] ORDER RE DISMISSAL OF DEFENDANTS' COUNTERCLAIMS AND AFFIRMATIVE DEFENSES; CASE NO. 5:18-CV-07182-EJD

3. Plaintiffs' Motion for a Judgment on the Pleadings as to (a) the First, Fifth and Sixth Causes of Action asserted by Defendants in the SACC; and (b) the First and Second Affirmative Defenses asserted in Defendants' Answer remains under submission and is still subject to being ruled on by the Court in conjunction with that Motion.

4. Plaintiffs and Defendants will further amend their pleadings consistent with the foregoing stipulation and the parties' prior stipulation (Dkt. No. 133), and in a manner consistent with the Court's forthcoming ruling on Plaintiffs' Motion for a Judgment on the Pleadings within twenty-one (21) days after the Court issues an order ruling on that motion.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: March 30, 2022

HOPKINS & CARLEY
A Law Corporation

By: */s/ Jeffrey M. Ratinoff*
John V. Picone III
Jeffrey M. Ratinoff
Attorneys for Plaintiffs and
Counter-Defendants
NEO4J, INC. and NEO4J SWEDEN AB

Dated: March 30, 2022

*/s/ Adron W. Beene*
Adron W. Beene
Adron G. Beene
Attorneys for Defendants and Counter-Claimants
PURETHINK LLC, IGOV INC., and JOHN MARK SUHY

**IT IS SO ORDERED.**

Dated: March 30, 2022

EDWARD J. DAVILA
United States District Court Judge