June 16, 2022

Magistrate Judge Susan van Keulen
United States District Court
280 South 1st Street
Courtroom 6, 4th Floor
San Jose, CA 95113

> **Re:    *Neo4j, Inc. v. PureThink LLC, et al., Case No.: 5:18-cv-07182-EJD*, Joint Statement re iGov's Refusal to Produce Tax Returns, Bank Statements and other Information**

Dear Magistrate van Keulen:

This letter brief concerns a dispute over Defendant iGov Inc.'s continuing obligation to supplement its production of sales and financial information, and produce its tax returns and bank statements withheld from production.  On May 21, 2021, Judge Davila granting summary judgment in favor of Plaintiff Neo4j, Inc. on its Lanham Act claims leaving only the issue of damages to be tried.  Dkt. 118.  After iGov appealed, the Ninth Circuit upheld that decision on February 18, 2022, and denied their petition for rehearing on March 14, 2022.  Dkt. 140-142. The discovery cut-off is currently **August 26, 2022 (71 days.)**  There is no trial date currently set.

1.    **Plaintiff Neo4j, Inc.'s Position on the Parties' Discovery Dispute**

   a.  **Defendant iGov Inc.'s Failure to Produce Financial Documents and Tax Returns:**

On August 15, 2019, Plaintiff Neo4j, Inc. ("Neo4j") propounded its Second Set of Document Requests to iGov Inc. ("iGov") that directly relate to its attempt to profit off the infringement of the Neo4j Mark and the selling of support services for their improperly licensed versions of "Neo4j Enterprise" and ONgDB.  These included sales related documents and invoices (RFP Nos. 45-47), general ledgers, P&L statements, balance sheets and other financial statements (RFP Nos. 48-51, 72); bank statements and other documents reflecting income and expenses (RFP Nos. 48-51, 65) and tax returns (RFP No. 73).  Neo4j also served Interrogatory No. 26 that sought the identification of all facts and documents describing the profits derived from the sales of products or services in connection with the aforementioned software **and an explanation of how such profits were calculated**.  iGov served a response wherein it opted to produce documents pursuant to F.R.Civ.P. 33(d), "sufficient to show the profits derived from the sales of products or services in connection with [ONgDB] or Neo4j Government Edition."

iGov first produced responsive documents on November 19, 2019, which included P&L statements and balance sheets for 2017-2019, as well as Invoice Nos. 200 and 214.  iGov did not produce Invoice Nos. 201-213 and the gross revenues reported in its 2018 and 2019 P&L statements did not match the amounts reflected in those invoices.  In addition, iGov failed to produce a general ledger for these years that would verify all of its yearly income and expenses. While iGov served non-substantive amended responses a month later, it **never supplemented its production as required by FRCP 26(e)(1)(A)** by producing financial statements, invoices, and all other requested financial information for the years 2020-2022. iGov also continued its refusal to produce bank statements and tax returns for all years.

After Plaintiffs sent a letter raising these deficiencies and its failure to timely supplement its production as required by Rule 26(e)(1)(A), iGov produced additional invoices spanning 2019-2021.  However, these invoices did not account for the noted gaps, and also revealed additional substantial gaps. iGov also failed to produce general ledgers for 2017-2022, balance sheets for 2020-2022 and P&L statements for 2021-

Magistrate Judge Susan van Keulen
June 16, 2022
Page 2

2022.  The parties then met and conferred via telephone where iGov claimed that the gaps in the newly produced invoices were a result of it being small business with sloppy accounting practices, and that it inexplicably did not keep a general ledger.  iGov also refused to produce its tax returns, claiming there was no compelling reason, such as discrepancy in the invoices and the financial statements it did produce.

After that call, iGov produced a P&L statement for 2020 (with a create date of April 26, 2022) and claimed that its 2021 financials would not be available until ***October 17, 2022.***  Even after producing additional invoices there are now large discrepancies between iGov's annual total of the invoices produced and corresponding P&L statements, including over $140,000 for 2018 and $120,000 for 2019 that was unaccounted for by the invoices produced by iGov for those years.  The piecemeal financial statements produced by iGov, the gaps in the additional invoices and the resulting discrepancies between the two raises a strong inference that it had withheld or failed to account for sources of income generated from its Lanham Act violations, while also confirming that it can create financial statements on demand. Indeed, it is unbelievable that a business that purports to specialize in working with the US Government would employ such haphazard accounting practices that could be subject to an audit.

The aforementioned missing financial information is directly relevant to Neo4j's right to recover damages based on Defendants' sales pursuant to 15 U.S.C. § 1117(a)(1). *See Jerry's Famous Deli, Inc. v. Papanicolaou*, 383 F.3d 998, 1004-05 (9th Cir. 2004).  In the case of the bank statements and similar document, they are necessary to confirm the accuracy of the income and liabilities identified in iGov's financial statements, especially since the invoices appear to be incomplete, and cannot be withheld simply on the basis of privacy. *Garraway v. Ciufo*, 2020 WL 1263562, at *8 (E.D. Cal. Mar. 16, 2020) (general concerns of privacy are insufficient to justify the refusal to answer Plaintiff's discovery requests").  Any legitimate concerns about donor privacy can be sufficiently protected by the dissemination restrictions offered by the Protective Order (Dkt. 34) in this case. *See Oakes v. Halvorsen Marine Ltd*., 179 F.R.D. 281, 284 (C.D. Cal. 1998). This motion is also timely and does not amount to an unreasonable delay as argued by iGov because it was made ***before*** the close of fact discovery and relates to deficiencies and discrepancies in iGov's ***supplemental production made in April 2022***. *See Shopify Inc. v. Express Mobile, Inc.*, No. 20-MC-80091-JSC, 2020 WL 4732334, at *2 (N.D. Cal. Aug. 14, 2020) ("the filing of a motion to compel discovery prior to the ordered deadline supports a finding the motion is timely, and a finding of untimeliness in that scenario will be rare") (internal quotes and citation omitted).

Likewise, iGov cannot refuse to produce its tax returns based on "privilege and privacy rights" in a Lanham Act case, which is governed by federal privilege law, not state law. *See St. Regis Paper Co. v. United States*, 368 U.S. 208, 218–19 (1961) (tax returns are generally discoverable under federal law where they are in the possession of the taxpayer and not the government); *see Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975) (tax returns "do not enjoy an absolute privilege from discovery"); *see also Heathman v. U. S. Dist. Ct. for Cent. Dist. of Calif.*, 503 F.2d 1032, 1035 (9th Cir. 1974).  Any legitimate concerns about privacy can be sufficiently protected by the disclosure restrictions of the Protective Order (Dkt. 34) entered in this case. *See Farber & Partners, Inc. v. Garber*, 234 F.R.D. 186, 191 (C.D. Cal. 2006) (privacy concerns relating to disclosure of tax returns can be addressed by a protective order); *Del Campo v. Am. Corrective Counseling Servs., Inc*., 2008 WL 4858502, at *3 (N.D. Cal. Nov. 10, 2008) (same).  In similar Lanham Act cases, courts have found that plaintiffs are entitled to obtain defendants' federal tax returns in discovery in order to ascertain their damages.  *See, e.g., Playboy Enterprises, Inc. v. Welles*, 60 F. Supp. 2d 1050, 1056 (S.D. Cal. 1999)

Magistrate Judge Susan van Keulen
June 16, 2022
Page 3

(compelling production of defendants' tax returns because they are "generally discoverable where necessary," not privileged under federal law and relevant to damages sought via the Lanham Act).

While Neo4j disagreed with iGov's position that Neo4j must first show a compelling need for federal corporate tax returns in a Lanham Act case, a compelling need exists here. Judge Davila conclusively found iGov is liable for trademark infringement and for falsely advertising that ONgDB is "free and open" Neo4j EE by virtue of Defendants improperly altering the license for the underlying source code. There are now serious questions about the accuracy and completeness of iGov's recently produced financial records.  In such instances, courts have required the production of tax returns because "Plaintiff should not be forced to rely on what Defendants selectively identify as relevant financial information" in determining damages from their acts of infringement."  *Koninklijke Philips Elecs. N.V. v. KXD Tech.*, Inc., 2007 WL 778153, at *6 (D. Nev. Mar. 12, 2007) (compelling defendants to produce all financial records and tax returns so that plaintiff could make its own determination as to the profits or income that defendants generated from their infringement of plaintiff's trademark); *accord United Artists Corp. v. United Artist Studios LLC*, 2020 WL 5370615, at *4 (C.D. Cal. Apr. 27, 2020) (citing same in compelling defendants accused of infringement plaintiff's trademark to produce tax returns after they selectively produced financial information).  Such is the case here.  Neo4j is thus entitled to obtain iGov's tax returns and bank statements to verify *all* income iGov generated from its violations of the Lanham Act.

### b.  Plaintiff Neo4j, Inc.'s Proposed Compromise

In light of the foregoing, Plaintiffs proposed compromise is that iGov withdraw its unsubstantiated boilerplate objections and (1) supplement its responses to RFP Nos. 45-51 and 65 in compliance with Rule 34 and produce all missing invoices, bank statements and other evidence of income used to prepare its financial statements under the Protective Order; and (2) respond to RFP No. 73 and produce all tax returns from 2017 to the present under the Protective Order.  Further, iGov must provide a verified response to Interrogatory No. 26 explaining (1) its accounting and book keeping practices, including how its profits were calculated; (2) the identity of its book keeper(s) and accountant(s); (3) the discrepancy in the numbering of its invoices; and (4) the discrepancy between its financial statements and invoices.

### 2.  Defendant iGov Inc.'s Position:

### a.  iGov has produced its invoices and financials, it should not be required to produce its tax filings.

iGov is a solo operation run by John Mark Suhy, it does not have an accountant. The invoices produced to Neo4j will not align with the financials as not all invoices underlying the financials have been requested. iGov maintains its objections. iGov has met its requirements to respond to the requests and produce documents under Rule 34:

- RFP Nos. 45, 46, 48, and 49: iGov has no documents responsive to these requests. iGov never sold a single software license of any sort and has never sold any graph support packages or graph consulting packages.
- RFP No. 47: iGov produced all invoices evidencing its provision of consulting, support and/or development services relating to ONgDB Enterprise software. Note Neo4j did not ask for every invoice.

Magistrate Judge Susan van Keulen
June 16, 2022
Page 4

- RFP Nos. 50, 51: iGov produced its balance sheets and profit & loss statements through 2020. As discussed in meet and confer, iGov will provide balance sheets and profit & loss statements for 2021, which will be available this October.
- RFP No. 65: iGov objects to the production of all its credit card statements, bank account statements, telephone bills, utility bills and payroll statements and invoices for normal business expenses. This request is not relevant to this matter, is harassing, oppressive and burdensome. Further, operating expenses are provided in the profit and loss statements.
- RFP No. 72: iGov produced its balance sheets and profit & loss statements through 2020. As discussed in meet and confer, iGov will provide balance sheets and profit & loss statements for 2021, which will be available this October. iGov does not maintain a general ledger.
- RFP No. 73: iGov maintains its objections to production of its tax returns.

Tax returns are privileged. *Webb v. Standard Oil Co.* (1957) 49 Cal.2d 509, 512-513. The financial information related to Lantham Act damages has been provided. The Profit & Loss statements show all income, iGov should not be required to produce tax returns showing the same information. "The interests of justice do not require production of tax returns when other discovery methods are available to convey the same information." *Terwilliger v. York Int'l Corp.*, 176 F.R.D. 214, 218 (W.D. Va. 1997).

iGov has met its requirements to respond to the requests and produce documents under Rule 33(d) for Neo4j Interrogatory No. 26. In response to this request, iGov produced invoices and Profit & Loss statements which show how profit was calculated.

**b. Neo4j's enforcement of these requests is untimely.**

Plaintiff attempts to resurrect nearly three-year-old (over 1000 days) request for production, and a nearly as old interrogatory. These requests were part of discovery that was subject to substantial meet and confer efforts back in 2019 and 2020. As part of this meet and confer process, amended responses and supplemental production was made. Neo4j had the opportunity then to raise the issues discussed here but did not. Neo4j has made 17 discovery demands containing well over 300 requests, the discovery costs incurred by iGov are substantial. iGov is substantially prejudiced in that the effort spent in multiple meet and confer efforts, along with considerations granted in making amendments and supplemental productions, are wiped away through this late enforcement effort attempt, just a few months before the discovery cutoff.

> "If the moving party has unduly delayed, the court may conclude that the motion [to compel] is untimely." 8A Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2285 (1994 & Supp.1998). "[T]he requesting party cannot delay a motion to compel with impunity." The Rutter Group, Federal Civil Procedure Before Trial, ¶ 11.753 (1998). This latter treatise further opines that "[i]f the delay results in 'substantial prejudice' to the party to whom it was directed ..., the court may hold that the requesting party has waived the right to compel response and disclosure. [See, Kendrick v. Heckler (5th Cir.1985) 778 F.2d 253; Byrnes v. Jetnet Corp. (M.D.N.C.1986) 111 F.R.D. 68]." Id.

> *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999)

Magistrate Judge Susan van Keulen
June 16, 2022
Page 5

iGov's supplemental production made in April 2022 was following meet and confer efforts on the 2019 requests, in part to help avoid this briefing. The supplemental production should not act as a restarting of the clock of the 2019 request, to do so would penalize iGov for meet and conferring.  Further, Neo4j seeks to extend the discovery cutoff at the same time it brings this brief. Whether or not iGov agrees to such extension should not be considered a waiver by iGov. If it does, it would award Neo4j's gamesmanship.

Neo4j has provided no excuse for the delay in enforcing its demands. The court should deem Neo4j to have waived its right to enforce them.

### c.  iGov's Proposed Compromise

iGov agrees to provide its profit and loss statement, and balance sheet for 2021 in October of this year.

Respectfully Submitted,

HOPKINS & CARLEY
A Law Corporation

/s/ *Jeffrey M. Ratinoff*
John V. Picone III
Jeffrey M. Ratinoff
Attorneys for Plaintiffs and Counter-
Defendants NEO4J, INC. and NEO4J
SWEDEN AB

/s/ *Adron G. Beene*
Adron W. Beene
Adron G. Beene
Attorneys for Defendants and
Counterclaimants PURETHINK LLC,
IGOV INC., and JOHN MARK SUHY

Enclosures (Joint Charts of the Discovery Responses in Dispute and Discovery Responses)

Magistrate Judge Susan van Keulen
June 16, 2022
Page 6

## ATTESTATION OF E-FILED SIGNATURE

Pursuant to Local Rule 5-1(i)(3), I hereby certify that I have obtained the concurrence in the filing of this document from all signatories for whom a signature is indicated by a "conformed" signature (/s/) within this electronically filed document and I have on file records to support this concurrence for subsequent production to the Court if so ordered or for inspection upon request.

Dated:  June 16, 2022

HOPKINS & CARLEY
A Law Corporation


*/s/ Jeffrey M. Ratinoff*
John V. Picone III
Jeffrey M. Ratinoff
Attorneys for Plaintiffs and Counter-Defendants
NEO4J, INC. and NEO4J SWEDEN AB

# JOINT CHART FOR PLAINTIFF NEO4J, INC.'S REQUEST FOR PRODUCTION, SET 2 TO DEFENDANT iGOV INC. RFP NOS. 45-51, 65, 72-73

**Joint Chart for Plaintiff Neo4j, Inc.'s Request for Production, Set 2 to Defendant iGov Inc., RFP Nos. 45-51, 65, 72-73**

| Request for Production | iGov's Amended Response | Neo4j's Proposal | iGov's Proposal | For the Court's Use |
|---|---|---|---|---|
| **REQUEST FOR PRODUCTION NO. 45:** All DOCUMENTS, including but not limited to invoices, purchase orders, sales orders, contracts, and/or agreements, evidencing YOUR provision of consulting, support and/or development services relating to Neo4j software. | [iGov] objects this request is harassing, oppressive and burdensome. [iGov] objects to this request as it is not relevant to a party's claims or defenses nor likely to lead to discovery of admissible evidence. [iGov] objects to the request to the extent it seeks information protected by the attorney client privilege and work product doctrine. [iGov] objects to the request as the information sought is subject to privacy rights. [iGov] objects to the instructions for this request as the instructions exceed what is required under the federal rules, and any production will be in either .pdf or in the native format as maintained by [iGov]. [iGov] objects to the definition of "YOU," YOUR," or "iGOV" as vague and overbroad, and responds to this request as the [iGov] only. | Neo4j proposes that iGov: (a) withdraw its boilerplate burden and relevancy objections; (b) conduct a diligent search for and reasonable inquiry to locate responsive documents, including all invoices, and produce all such documents subject to the Protective Order (Dkt. No. 34); and (c) amend its response in conformance with FRCP 34(b)(2)(B). Neo4j further proposes that iGov provide a declaration detailing the nature of its efforts to locate responsive documents.  To the extent iGov does not have any additional responsive documents in its possession, custody, or control, it must state that it has conducted a diligent search and reasonable inquiry, including the sources and custodians searched, and the | iGov agrees to provide its profit and loss statement, and balance sheet for 2021 in October of this year. | |

Joint Chart for Plaintiff Neo4j, Inc.'s Request for Production, Set 2 to Defendant iGov Inc., RFP Nos. 45-51, 65, 72-73

| Request for Production | iGov's Amended Response | Neo4j's Proposal | iGov's Proposal | For the Court's Use |
|---|---|---|---|---|
| | Subject to and without waiver of the foregoing objections, [iGov] responds as follows:<br><br>Not aware of any documents responsive to this request. | steps undertaken in conducting the searching, including any search terms used. *See Apple, Inc. v. Samsung Elecs. Co. Ltd.*, Case No. 12-cv-0630-LHK (PSG), 2013 WL 1942163, at *3 (N.D. Cal. May 9, 2013) (recipients of discovery requests must be transparent in the manner in which they search for ESI, including providing the search terms used); *V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 367 (D. Nev. 2019) (ordering a sworn declaration from a proper custodian identifying with particularity the details of each of the searches conducted and supplemental production of all non-privileged responsive documents located in the search). | | |
| **REQUEST FOR PRODUCTION NO. 46:** All DOCUMENTS, including but not limited to invoices, purchase orders, | [iGov] objects this request is harassing, oppressive and burdensome. [iGov] objects to this request as it is not relevant to a party's claims | Same proposal as RFP No. 45. | Same proposal as RFP No. 45. | |

**Joint Chart for Plaintiff Neo4j, Inc.'s Request for Production, Set 2 to Defendant iGov Inc., RFP Nos. 45-51, 65, 72-73**

| Request for Production | iGov's Amended Response | Neo4j's Proposal | iGov's Proposal | For the Court's Use |
|---|---|---|---|---|
| sales orders, contracts, and/or agreements, evidencing YOUR provision of consulting, support and/or development services relating to iGov's Government Package for Neo4j and/or iGov's Government Development Packages for Neo4j. | or defenses nor likely to lead to discovery of admissible evidence. [iGov] objects to the request to the extent it seeks information protected by the attorney client privilege and work product doctrine. [iGov] objects to the request as the information sought is subject to privacy rights. [iGov] objects to the instructions for this request as the instructions exceed what is required under the federal rules, and any production will be in either .pdf or in the native format as maintained by [iGov]. [iGov] objects to the definition of "YOU," YOUR," or "iGOV" as vague and overbroad, and responds to this request as the [iGov] only.<br><br>Subject to and without waiver of the foregoing objections, [iGov] responds as follows: | | | |

**Joint Chart for Plaintiff Neo4j, Inc.'s Request for Production, Set 2 to Defendant iGov Inc., RFP Nos. 45-51, 65, 72-73**

| Request for Production | iGov's Amended Response | Neo4j's Proposal | iGov's Proposal | For the Court's Use |
|---|---|---|---|---|
| | Not aware of any documents responsive to this request. | | | |
| **REQUEST FOR PRODUCTION NO. 47:** All DOCUMENTS, including but not limited to invoices, purchase orders, sales orders, contracts, and/or agreements, evidencing YOUR provision of consulting, support and/or development services relating to ONgDB Enterprise software. | [iGov] objects this request is harassing, oppressive and burdensome. [iGov] objects to this request as it is not relevant to a party's claims or defenses nor likely to lead to discovery of admissible evidence. [iGov] objects to the request to the extent it seeks information protected by the attorney client privilege and work product doctrine. [iGov] objects to the request as the information sought is subject to privacy rights. [iGov] objects to the instructions for this request as the instructions exceed what is required under the federal rules, and any production will be in either .pdf or in the native format as maintained by [iGov]. [iGov] objects to the definition of "YOU," YOUR," or "iGOV" as vague and overbroad, and | Same proposal as RFP No. 45. | Same proposal as RFP No. 45. | |

**Joint Chart for Plaintiff Neo4j, Inc.'s Request for Production, Set 2 to Defendant iGov Inc., RFP Nos. 45-51, 65, 72-73**

| Request for Production | iGov's Amended Response | Neo4j's Proposal | iGov's Proposal | For the Court's Use |
|---|---|---|---|---|
| | responds to this request as the [iGov] only.<br><br>Subject to and without waiver of the foregoing objections, [iGov] responds as follows:<br><br>See folder entitled "RFP2-IGOV/47". | | | |
| **REQUEST FOR PRODUCTION NO. 48:** All DOCUMENTS which report, indicate, or identify YOUR gross profits generated from the sale or licensing of software. | [iGov] objects this request is harassing, oppressive and burdensome. [iGov] objects to this request as it is not relevant to a party's claims or defenses nor likely to lead to discovery of admissible evidence. [iGov] objects to the request to the extent it seeks information protected by the attorney client privilege and work product doctrine. [iGov] objects to the request as the information sought is subject to privacy rights. [iGov] objects to the instructions for this request as the instructions exceed what is required under the federal rules, and any | Neo4j proposes that iGov (a) withdraw its boilerplate burden and relevancy objections;<br><br>(b) produce its bank statements and all other documents evidencing its profits and/or used to calculate its profits in its financial statements for 2017 through 2021 subject to the Protective Order (Dkt. No. 34);<br><br>(c) immediately produce its financial statements for 2021 subject to the Protective Order (Dkt. No. 34); and | Same proposal as RFP No. 45. | |

**Joint Chart for Plaintiff Neo4j, Inc.'s Request for Production, Set 2 to Defendant iGov Inc., RFP Nos. 45-51, 65, 72-73**

| Request for Production | iGov's Amended Response | Neo4j's Proposal | iGov's Proposal | For the Court's Use |
|---|---|---|---|---|
| | production will be in either .pdf or in the native format as maintained by [iGov]. [iGov] objects to the definition of "YOU," YOUR," or "iGOV" as vague and overbroad, and responds to this request as the [iGov] only.<br><br>Subject to and without waiver of the foregoing objections, [iGov] responds as follows:<br><br>Not aware of any documents responsive to this request. | (d) amend its response in conformance with FRCP 34(b)(2)(B).<br><br>Neo4j further proposes that iGov provide a declaration detailing the nature of its efforts to locate responsive documents.  To the extent iGov does not have any responsive documents in its possession, custody, or control, it must state that it has conducted a diligent search and reasonable inquiry, including the sources and custodians searched, and the steps undertaken in conducting the searching, including any search terms used.  *See, e.g., Apple,* 2013 WL 1942163, at *3 (N.D. Cal. May 9, 2013); *V5 Techs.,* 332 F.R.D. at 367. | | |
| **REQUEST FOR PRODUCTION NO. 49:** All DOCUMENTS which report, indicate, or identify YOUR net profits generated from the sale or licensing of | [iGov] objects this request is harassing, oppressive and burdensome. [iGov] objects to this request as it is not relevant to a party's claims or defenses nor likely to | Same proposal as RFP No. 48. | Same proposal as RFP No. 45. | |

**Joint Chart for Plaintiff Neo4j, Inc.'s Request for Production, Set 2 to Defendant iGov Inc., RFP Nos. 45-51, 65, 72-73**

| Request for Production | iGov's Amended Response | Neo4j's Proposal | iGov's Proposal | For the Court's Use |
|---|---|---|---|---|
| software, including but not limited to DOCUMENTS that show the means through which the net profit was calculated (such as the categories of reduction from gross profit and the amounts of reduction). | lead to discovery of admissible evidence. [iGov] objects to the request to the extent it seeks information protected by the attorney client privilege and work product doctrine. [iGov] objects to the request as the information sought is subject to privacy rights. [iGov] objects to the instructions for this request as the instructions exceed what is required under the federal rules, and any production will be in either .pdf or in the native format as maintained by [iGov]. [iGov] objects to the definition of "YOU," YOUR," or "iGOV" as vague and overbroad, and responds to this request as the [iGov] only.<br><br>Subject to and without waiver of the foregoing objections, [iGov] responds as follows: | | | |

**Joint Chart for Plaintiff Neo4j, Inc.'s Request for Production, Set 2 to Defendant iGov Inc., RFP Nos. 45-51, 65, 72-73**

| Request for Production | iGov's Amended Response | Neo4j's Proposal | iGov's Proposal | For the Court's Use |
|---|---|---|---|---|
| | Not aware of any documents responsive to this request. | | | |
| **REQUEST FOR PRODUCTION NO. 50:** All DOCUMENTS which report, indicate, or identify YOUR gross profits generated from the sale or provision of consulting, support and/or development services. | [iGov] objects this request is harassing, oppressive and burdensome. [iGov] objects to this request as it is not relevant to a party's claims or defenses nor likely to lead to discovery of admissible evidence. [iGov] objects to the request to the extent it seeks information protected by the attorney client privilege and work product doctrine. [iGov] objects to the request as the information sought is subject to privacy rights. [iGov] objects to the instructions for this request as the instructions exceed what is required under the federal rules, and any production will be in either .pdf or in the native format as maintained by [iGov]. [iGov] objects to the definition of "YOU," YOUR," or "iGOV" as vague and overbroad, and | Neo4j proposes that iGov (a) withdraw its boilerplate burden and relevancy objections; (b) produce its bank statements and all other documents evidencing its profits and/or used to calculate its profits in its financial statements for 2017 through 2021 subject to the Protective Order (Dkt. No. 34); (c) immediately produce its financial statements for 2021 subject to the Protective Order (Dkt. No. 34); and (d) amend its response in conformance with FRCP 34(b)(2)(B). | Same proposal as RFP No. 45. | |

**Joint Chart for Plaintiff Neo4j, Inc.'s Request for Production, Set 2 to Defendant iGov Inc., RFP Nos. 45-51, 65, 72-73**

| Request for Production | iGov's Amended Response | Neo4j's Proposal | iGov's Proposal | For the Court's Use |
|---|---|---|---|---|
| | responds to this request as the [iGov] only.<br><br>Subject to and without waiver of the foregoing objections, [iGov] responds as follows:<br><br>Responding Party will produce relevant non-privileged documents responsive to this request to the extent they have not already been produced by Plaintiff. | | | |
| **REQUEST FOR PRODUCTION NO. 51:** All DOCUMENTS which report, indicate, or identify YOUR net profits generated from the sale or provision of consulting, support and/or development services, including but not limited to DOCUMENTS that show the means through which the net profit was calculated (such as the categories of reduction from gross profit and the amounts of reduction). | [iGov] objects this request is harassing, oppressive and burdensome. [iGov] objects to this request as it is not relevant to a party's claims or defenses nor likely to lead to discovery of admissible evidence. [iGov] objects to the request to the extent it seeks information protected by the attorney client privilege and work product doctrine. [iGov] objects to the request as the information sought is subject to privacy rights. | Same proposal as RFP No. 50. | Same proposal as RFP No. 45. | |

**Joint Chart for Plaintiff Neo4j, Inc.'s Request for Production, Set 2 to Defendant iGov Inc., RFP Nos. 45-51, 65, 72-73**

| Request for Production | iGov's Amended Response | Neo4j's Proposal | iGov's Proposal | For the Court's Use |
|---|---|---|---|---|
| | [iGov] objects to the instructions for this request as the instructions exceed what is required under the federal rules, and any production will be in either .pdf or in the native format as maintained by [iGov]. [iGov] objects to the definition of "YOU," YOUR," or "iGOV" as vague and overbroad, and responds to this request as the [iGov] only.<br><br>Subject to and without waiver of the foregoing objections, [iGov] responds as follows:<br><br>See response for REQUEST FOR PRODUCTION NO. 72 below. | | | |
| **REQUEST FOR PRODUCTION NO. 65:** All credit card statements, bank account statements, telephone bills, utility bills and payroll statements and invoices for normal business expenses received | [iGov] objects this request is harassing, oppressive and burdensome. [iGov] objects to this request as it is not relevant to a party's claims or defenses nor likely to lead to discovery of admissible evidence. [iGov] | Neo4j proposes that iGov (a) withdraw its boilerplate burden and relevancy objections;<br><br>(b) produce its bank statements and all other documents evidencing its | Same proposal as RFP No. 45. | |

**Joint Chart for Plaintiff Neo4j, Inc.'s Request for Production, Set 2 to Defendant iGov Inc., RFP Nos. 45-51, 65, 72-73**

| Request for Production | iGov's Amended Response | Neo4j's Proposal | iGov's Proposal | For the Court's Use |
|---|---|---|---|---|
| and/or paid by YOU at any time between January 1, 2014 and the present. | objects to the request to the extent it seeks information protected by the attorney client privilege and work product doctrine. [iGov] objects to the request as the information sought is subject to privacy rights. [iGov] objects to the instructions for this request as the instructions exceed what is required under the federal rules, and any production will be in either .pdf or in the native format as maintained by [iGov]. [iGov] objects to the definition of "YOU," YOUR," or "iGOV" as vague and overbroad, and responds to this request as the [iGov] only.<br><br>Based on these objections, all credit card statements, bank account statements, telephone bills, utility bills and payroll statements and invoices for normal business expenses received and/or paid by YOU at any time between January 1, | profits and losses and/or used to calculate its profits and loss in its financial statements for 2017 through 2021 subject to the Protective Order (Dkt. No. 34); and<br><br>(c) amend its response in conformance with FRCP 34(b)(2)(B). | | |

**Joint Chart for Plaintiff Neo4j, Inc.'s Request for Production, Set 2 to Defendant iGov Inc., RFP Nos. 45-51, 65, 72-73**

| Request for Production | iGov's Amended Response | Neo4j's Proposal | iGov's Proposal | For the Court's Use |
|---|---|---|---|---|
| | 2014 and the present are withheld. | | | |
| **REQUEST FOR PRODUCTION NO. 72:** YOUR general ledger, profit and loss statement and balance sheets from 2016 to the present. | [iGov] objects this request is harassing, oppressive and burdensome. [iGov] objects to this request as it is not relevant to a party's claims or defenses nor likely to lead to discovery of admissible evidence. [iGov] objects to the request to the extent it seeks information protected by the attorney client privilege and work product doctrine. [iGov] objects to the request as the information sought is subject to privacy rights. [iGov] objects to the instructions for this request as the instructions exceed what is required under the federal rules, and any production will be in either .pdf or in the native format as maintained by [iGov]. [iGov] objects to the definition of "YOU," YOUR," or "iGOV" as vague and overbroad, and | Neo4j proposes that iGov (a) withdraw its boilerplate burden and relevancy objections; and (b) immediately produce its financial statements for 2021 subject to the Protective Order (Dkt. No. 34). To the extent iGov claims it cannot provide its 2021 financial statements until October 17, 2022, it should provide declaration explaining who is responsible for preparing iGov's financial statements and explain why it cannot be done sooner. *See, e.g., Apple*, 2013 WL 1942163, at *3 (N.D. Cal. May 9, 2013); *V5 Techs.*, 332 F.R.D. at 367. | Same proposal as RFP No. 45. | |

**Joint Chart for Plaintiff Neo4j, Inc.'s Request for Production, Set 2 to Defendant iGov Inc., RFP Nos. 45-51, 65, 72-73**

| Request for Production | iGov's Amended Response | Neo4j's Proposal | iGov's Proposal | For the Court's Use |
|---|---|---|---|---|
| | responds to this request as the [iGov] only.<br><br>Subject to and without waiver of the foregoing objections, [iGov] responds as follows:<br><br>Responding Party will produce relevant non-privileged documents responsive to this request to the extent they have not already been produced by Plaintiff | | | |
| **REQUEST FOR PRODUCTION NO. 73:** YOUR state and federal tax returns from 2016 to the present. | Responding Party objects this request is harassing, oppressive and burdensome. Responding Party objects to this request as it is not relevant to a party's claims or defenses nor likely to lead to discovery of admissible evidence. Responding Party objects to the request to the extent it seeks information protected by the attorney client privilege and work product doctrine. Responding Party objects to the request as the | Neo4j proposes that iGov (a) withdraw its boilerplate burden and relevancy objections;<br><br>(b) amend its response in conformance with FRCP 34(b)(2)(B); and<br><br>(c) immediately produce its tax returns for the years 2016 through 2021 subject to the Protective Order (Dkt. No. 34). | Same proposal as RFP No. 45. | |

Joint Chart for Plaintiff Neo4j, Inc.'s Request for Production, Set 2 to Defendant iGov Inc., RFP Nos. 45-51, 65, 72-73

| Request for Production | iGov's Amended Response | Neo4j's Proposal | iGov's Proposal | For the Court's Use |
|---|---|---|---|---|
| | information sought is subject to privacy rights. Responding party objects to the instructions for this request as the instructions exceed what is required under the federal rules, and any production will be in either .pdf or in the native format as maintained by Responding Party. Responding party objects to the definition of "YOU," YOUR," or "iGOV" as vague and overbroad, and responds to this request as the Responding Party only. Responding Party objects to this request as tax returns are protected by privilege and privacy rights. *Strawn v. Morris, Polich & Purdy, LLP*, 30 Cal. App. 5th 1087, 1098–99, *Terwilliger v. York Int'l Corp.*, 176 F.R.D. 214, 216 (W.D. Va. 1997).<br><br>Based on these objections, tax returns from 2014 to present are withheld. | To the extent iGov claims it cannot immediately produce its 2021 tax returns, it should provide declaration explaining who is responsible for preparing those tax returns and why it cannot be prepared and produced sooner.  *See, e.g., Apple*, 2013 WL 1942163, at *3 (N.D. Cal. May 9, 2013); *V5 Techs.*, 332 F.R.D. at 367. | | |

# JOINT CHART FOR PLAINTIFF NEO4J, INC'S INTERROGATORY SET 2 TO DEFENDANT iGOV INC.

**Joint Chart for Plaintiff Neo4j, Inc.'s Interrogatory, Set 2 to Defendant iGov Inc.**

| Interrogatory | iGov's Response | Neo4j's Proposal | iGov's Proposal | For Court's Use |
|---|---|---|---|---|
| **INTERROGATORY NO. 26:** IDENTIFY all facts and DOCUMENTS describing the profits derived from the sales of products or services in connection with Open Native Graph Database (ONgDB) or Neo4j Government Edition and an explanation of how such profits were calculated and the three (3) persons most knowledgeable about such facts. | Subject to and without waiving its objections above and without waiving any applicable privilege, Responding Party responds as follows:<br><br>Per F.R.Civ.P. 33(d), Responding Party will produce documents sufficient to show the profits derived from the sales of products or services in connection with Open Native Graph Database (ONgDB) or Neo4j Government Edition. These documents are located at: ROGS-2-PureThink-and-IGOV/26<br><br>Discovery is ongoing and Responding Party reserves the right to supplement its response.<br><br>People knowledgeable about the facts:<br>John Mark Suhy<br>703-862-7780<br>jmsuhy@purethink.com<br>Alexandria, VA. | Neo4j proposes that iGov supplement its document production to include *all* documents evidencing its profits and/or used to calculate its profits in its financial statements for 2017 through 2021 subject to protections of Protective Order (Dkt. No. 34).<br><br>Neo4j further proposes that iGov amend its response and explain (1) its accounting practices and book keeping methods used to calculate its profits; (2) the identity of its book keeper(s) and accountant(s) used between 2017 and the present; (3) the discrepancy in the numbering of its invoices; and (4) the discrepancy between its financial statements and invoices.  *See Fresenius Medical Care Holding Inc. v. Baxter International, Inc.*, 224 F.R.D. 644, 651 (N.D. Cal. 2004) ("When responding to interrogatories, a party has a | iGov agrees to provide its profit and loss statement, and balance sheet for 2021 in October of this year. | |

**Joint Chart for Plaintiff Neo4j, Inc.'s Interrogatory, Set 2 to Defendant iGov Inc.**

| Interrogatory | iGov's Response | Neo4j's Proposal | iGov's Proposal | For Court's Use |
|---|---|---|---|---|
|  |  | duty to respond with all the information under its custody and control.") |  |  |

2

# PAGES FROM IGOV INC.'S AMENDED RESPONSE TO NEO4J, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO IGOV INC.

Adron W. Beene SB# 129040
Adron G. Beene SB# 298088
Attorney at Law
1754 Technology Drive, Suite 228
San Jose, CA 95110
Tel: (408) 392-9233
Fax: (866) 329-0453
adron@adronlaw.com

Attorneys for defendants and Counter
Claimant:
PURETHINK LLC, a Delaware limited
liability company, IGOV INC., a Virginia
corporation, and JOHN MARK SUHY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | CASE NO.  5:18-cv-07182-EJD<br><br>**IGOV INC.'S AMENDED RESPONSE TO NEO4J, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO IGOV INC.** |

**PROPOUNDING PARTY:  Plaintiff and Counter-Defendant NEO4J, INC.**

**RESPONDING PARTY:     Defendant and Counter-Claimant IGOV INC.**

**DISCOVERY:                    Requests for Production of Documents**

**SET NO.:                          Two - Amended**

IGOV INC. responds to Plaintiff and Counter-Defendant Neo4j, Inc. Requests for

Production of Documents as follows:

1  Subject to and without waiver of the foregoing objections, Responding Party responds as

2  follows:

3

4  Not aware of any responsive documents that were not already produced in the responses

5  above.

6

7  **REQUEST FOR PRODUCTION NO. 45:**

8   *All DOCUMENTS, including but not limited to invoices, purchase orders, sales orders,*

9 *contracts, and/or agreements, evidencing YOUR provision of consulting, support and/or*

10 *development services relating to Neo4j software.*

11   **Response:**

12  Responding Party objects this request is harassing, oppressive and burdensome.

13  Responding Party objects to this request as it is not relevant to a party's claims or defenses

14  nor likely to lead to discovery of admissible evidence. Responding Party objects to the

15  request to the extent it seeks information protected by the attorney client privilege and

16  work product doctrine. Responding Party objects to the request as the information sought

17  is subject to privacy rights. Responding party objects to the instructions for this request as

18  the instructions exceed what is required under the federal rules, and any production will be

19  in either .pdf or in the native format as maintained by Responding Party. Responding

20  party objects to the definition of "YOU," YOUR," or "iGOV" as vague and overbroad,

21  and responds to this request as the Responding Party only.

22

23  Subject to and without waiver of the foregoing objections, Responding Party responds as

24  follows:

25

26  Not aware of any documents responsive to this request.

27

28  **REQUEST FOR PRODUCTION NO. 46:**

1      *All DOCUMENTS, including but not limited to invoices, purchase orders, sales orders,*

2 *contracts, and/or agreements, evidencing YOUR provision of consulting, support and/or*

3 *development services relating to iGov's Government Package for Neo4j and/or iGov's*

4 *Government Development Packages for Neo4j.*

5      **Response:**

6      Responding Party objects this request is harassing, oppressive and burdensome.

7      Responding Party objects to this request as it is not relevant to a party's claims or defenses

8      nor likely to lead to discovery of admissible evidence. Responding Party objects to the

9      request to the extent it seeks information protected by the attorney client privilege and

10      work product doctrine. Responding Party objects to the request as the information sought

11      is subject to privacy rights. Responding party objects to the instructions for this request as

12      the instructions exceed what is required under the federal rules, and any production will be

13      in either .pdf or in the native format as maintained by Responding Party. Responding

14      party objects to the definition of "YOU," YOUR," or "iGOV" as vague and overbroad,

15      and responds to this request as the Responding Party only.

16

17      Subject to and without waiver of the foregoing objections, Responding Party responds as

18      follows:

19

20      Not aware of any documents responsive to this request.

21

22      **REQUEST FOR PRODUCTION NO. 47:**

23      *All DOCUMENTS, including but not limited to invoices, purchase orders, sales orders,*

24 *contracts, and/or agreements, evidencing YOUR provision of consulting, support and/or*

25 *development services relating to ONgDB Enterprise software.*

26      **Response:**

27      Responding Party objects this request is harassing, oppressive and burdensome.

28      Responding Party objects to this request as it is not relevant to a party's claims or defenses

1   nor likely to lead to discovery of admissible evidence. Responding Party objects to the

2   request to the extent it seeks information protected by the attorney client privilege and

3   work product doctrine. Responding Party objects to the request as the information sought

4   is subject to privacy rights. Responding party objects to the instructions for this request as

5   the instructions exceed what is required under the federal rules, and any production will be

6   in either .pdf or in the native format as maintained by Responding Party. Responding

7   party objects to the definition of "YOU," YOUR," or "iGOV" as vague and overbroad,

8   and responds to this request as the Responding Party only.

9

10   Subject to and without waiver of the foregoing objections, Responding Party responds as

11   follows:

12

13   See folder entitled "RFP2-IGOV/47".

14

15   **REQUEST FOR PRODUCTION NO. 48:**

16   *All DOCUMENTS which report, indicate, or identify YOUR gross profits generated from*

17   *the sale or licensing of software.*

18   **Response:**

19   Responding Party objects this request is harassing, oppressive and burdensome.

20   Responding Party objects to this request as it is not relevant to a party's claims or defenses

21   nor likely to lead to discovery of admissible evidence. Responding Party objects to the

22   request to the extent it seeks information protected by the attorney client privilege and

23   work product doctrine. Responding Party objects to the request as the information sought

24   is subject to privacy rights. Responding party objects to the instructions for this request as

25   the instructions exceed what is required under the federal rules, and any production will be

26   in either .pdf or in the native format as maintained by Responding Party. Responding

27   party objects to the definition of "YOU," YOUR," or "iGOV" as vague and overbroad,

28   and responds to this request as the Responding Party only.

IGOV INC'S AMENDED RESPONSE TO NEO4J, INC.'S SECOND SET OF RFP

1

2      Subject to and without waiver of the foregoing objections, Responding Party responds as

3      follows:

4

5      Not aware of any documents responsive to this request.

6

7 **REQUEST FOR PRODUCTION NO. 49:**

8      *All DOCUMENTS which report, indicate, or identify YOUR net profits generated from*

9 *the sale or licensing of software, including but not limited to DOCUMENTS that show the means*

10 *through which the net profit was calculated (such as the categories of reduction from gross profit*

11 *and the amounts of reduction).*

12      **Response:**

13      Responding Party objects this request is harassing, oppressive and burdensome.

14      Responding Party objects to this request as it is not relevant to a party's claims or defenses

15      nor likely to lead to discovery of admissible evidence. Responding Party objects to the

16      request to the extent it seeks information protected by the attorney client privilege and

17      work product doctrine. Responding Party objects to the request as the information sought

18      is subject to privacy rights. Responding party objects to the instructions for this request as

19      the instructions exceed what is required under the federal rules, and any production will be

20      in either .pdf or in the native format as maintained by Responding Party. Responding

21      party objects to the definition of "YOU," YOUR," or "iGOV" as vague and overbroad,

22      and responds to this request as the Responding Party only.

23

24      Subject to and without waiver of the foregoing objections, Responding Party responds as

25      follows:

26

27      Not aware of any documents responsive to this request.

28

IGOV INC'S AMENDED RESPONSE TO NEO4J, INC.'S SECOND SET OF RFP

**REQUEST FOR PRODUCTION NO. 50:**

*All DOCUMENTS which report, indicate, or identify YOUR gross profits generated from the sale or provision of consulting, support and/or development services.*

**Response:**

Responding Party objects to the request as the information sought is subject to privacy rights. Responding party objects to the instructions for this request as the instructions exceed what is required under the federal rules, and any production will be in either .pdf or in the native format as maintained by Responding Party. Responding party objects to the definition of "YOU," YOUR," or "iGOV" as vague and overbroad, and responds to this request as the Responding Party only.

Subject to and without waiver of the foregoing objections, Responding Party responds as follows:

Responding Party will produce relevant non-privileged documents responsive to this request to the extent they have not already been produced by Plaintiff.

**REQUEST FOR PRODUCTION NO. 51:**

*All DOCUMENTS which report, indicate, or identify YOUR net profits generated from the sale or provision of consulting, support and/or development services, including but not limited to DOCUMENTS that show the means through which the net profit was calculated (such as the categories of reduction from gross profit and the amounts of reduction).*

**Response:**

Responding Party objects this request is harassing, oppressive and burdensome. Responding Party objects to this request as it is not relevant to a party's claims or defenses nor likely to lead to discovery of admissible evidence. Responding Party objects to the request to the extent it seeks information protected by the attorney client privilege and work product doctrine. Responding Party objects to the request as the information sought is subject to privacy rights. Responding party objects to the instructions for this request as

- 15 -

1    the instructions exceed what is required under the federal rules, and any production will be

2    in either .pdf or in the native format as maintained by Responding Party. Responding

3    party objects to the definition of "YOU," YOUR," or "iGOV" as vague and overbroad,

4    and responds to this request as the Responding Party only.

5

6    Subject to and without waiver of the foregoing objections, Responding Party responds as

7    follows:

8

9    See response for REQUEST FOR PRODUCTION NO. 72 below.

10

11    **REQUEST FOR PRODUCTION NO. 52:**

12    *All DOCUMENTS and COMMUNICATIONS reflecting, evidencing, relating to and/or*

13    *referring to YOUR use of a domain name and/or email address that incorporates the NEO4J*

14    *Mark, in whole or in part.*

15    **Response:**

16    Responding Party objects to the request to the extent it seeks information protected by the

17    attorney client privilege and work product doctrine. Responding party objects to the

18    instructions for this request as the instructions exceed what is required under the federal

19    rules, and any production will be in either .pdf or in the native format as maintained by

20    Responding Party. Responding party objects to the definition of "YOU," YOUR," or

21    "iGOV" as vague and overbroad, and responds to this request as the Responding Party

22    only.

23

24    Subject to and without waiver of the foregoing objections, Responding Party responds as

25    follows:

26    Responding Party will produce relevant non-privileged documents responsive to this request

27    to the extent they have not already been produced by Plaintiff.

28

1

2  **REQUEST FOR PRODUCTION NO. 65:**

3    *All credit card statements, bank account statements, telephone bills, utility bills and*

4  *payroll statements and invoices for normal business expenses received and/or paid by YOU at*

5  *any time between January 1, 2014 and the present.*

6    **Response:**

7    Responding Party objects this request is harassing, oppressive and burdensome.

8    Responding Party objects to this request as it is not relevant to a party's claims or defenses

9    nor likely to lead to discovery of admissible evidence. Responding Party objects to the

10    request to the extent it seeks information protected by the attorney client privilege and

11    work product doctrine. Responding Party objects to the request as the information sought

12    is subject to privacy rights. Responding party objects to the instructions for this request as

13    the instructions exceed what is required under the federal rules, and any production will be

14    in either .pdf or in the native format as maintained by Responding Party. Responding

15    party objects to the definition of "YOU," YOUR," or "iGOV" as vague and overbroad,

16    and responds to this request as the Responding Party only.

17

18    Based on these objections, all credit card statements, bank account statements, telephone

19    bills, utility bills and payroll statements and invoices for normal business expenses

20    received and/or paid by YOU at any time between January 1, 2014 and the present are

21    withheld.

22

23  **REQUEST FOR PRODUCTION NO. 66:**

24    *ALL DOCUMENTS that refer to, evidence or reflect YOUR incorporation including but*

25  *not limited to YOUR Articles of Incorporation and Bylaws and all amendments or changes*

26  *thereto.*

27    **Response:**

28    Responding Party objects this request is harassing, oppressive and burdensome.

- 26 -

definition of "YOU," YOUR," or "iGOV" as vague and overbroad, and responds to this request as the Responding Party only.

Subject to and without waiver of the foregoing objections, Responding Party responds as follows:

Responding Party will produce relevant non-privileged documents responsive to this request to the extent they have not already been produced by Plaintiff.

**REQUEST FOR PRODUCTION NO. 71:**

*All DOCUMENTS that evidence or reflect YOUR past and/or present organizational structure, including but not limited to organizational charts and employee lists.*

**Response:**

Responding party objects to the instructions for this request as the instructions exceed what is required under the federal rules, and any production will be in either .pdf or in the native format as maintained by Responding Party. Responding party objects to the definition of "YOU," YOUR," or "iGOV" as vague and overbroad, and responds to this request as the Responding Party only.

Subject to and without waiver of the foregoing objections, Responding Party responds as follows:

Responding Party will produce relevant non-privileged documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 72:**

*YOUR general ledger, profit and loss statement and balance sheets from 2016 to the present.*

**Response:**

Responding Party objects to the request as the information sought is subject to privacy rights. Responding party objects to the instructions for this request as the instructions

1   exceed what is required under the federal rules, and any production will be in either .pdf

2   or in the native format as maintained by Responding Party. Responding party objects to

3   the definition of "YOU," YOUR," or "iGOV" as vague and overbroad, and responds to

4   this request as the Responding Party only.

5

6   Subject to and without waiver of the foregoing objections, Responding Party responds as

7   follows:

8

9   Responding Party will produce relevant non-privileged documents responsive to this request to the

10   extent they have not already been produced by Plaintiff.

11   **<u>REQUEST FOR PRODUCTION NO. 73:</u>**

12   *YOUR state and federal tax returns from 2016 to the present.*

13   **Response:**

14   Responding Party objects this request is harassing, oppressive and burdensome.

15   Responding Party objects to this request as it is not relevant to a party's claims or defenses

16   nor likely to lead to discovery of admissible evidence. Responding Party objects to the

17   request to the extent it seeks information protected by the attorney client privilege and

18   work product doctrine. Responding Party objects to the request as the information sought

19   is subject to privacy rights. Responding party objects to the instructions for this request as

20   the instructions exceed what is required under the federal rules, and any production will be

21   in either .pdf or in the native format as maintained by Responding Party. Responding

22   party objects to the definition of "YOU," YOUR," or "iGOV" as vague and overbroad,

23   and responds to this request as the Responding Party only. Responding Party objects to

24   this request as tax returns are protected by privilege and privacy rights. *Strawn v. Morris,*

25   *Polich & Purdy*, LLP, 30 Cal. App. 5th 1087, 1098–99, *Terwilliger v. York Int'l Corp.*,

26   176 F.R.D. 214, 216 (W.D. Va. 1997).

27   Based on these objections, tax returns from 2014 to present are withheld.

28

IGOV INC'S AMENDED RESPONSE TO NEO4J, INC.'S SECOND SET OF RFP

request to the extent it seeks information protected by the attorney client privilege and
work product doctrine. Responding Party objects to the request as the information sought
is subject to privacy rights. Responding party objects to the instructions for this request as
the instructions exceed what is required under the federal rules, and any production will be
in either .pdf or in the native format as maintained by Responding Party. Responding
party objects to the definition of "YOU," YOUR," or "iGOV" as vague and overbroad,
and responds to this request as the Responding Party only.

Subject to and without waiver of the foregoing objections, Responding Party responds as
follows:

Not aware of any documents responsive to this request.

Dated:  December 13, 2019

_____
Adron W. Beene Sb# 129040
Adron G. Beene Sb# 298088
Attorney At Law
1754 Technology Drive, Suite 228
San Jose, CA 95110
Tel: (408) 392-9233
Fax: (866) 329-0453
adron@adronlaw.com

Attorney For Defendants and Counter
Claimant PURETHINK LLC, a Delaware
Limited Liability Company, IGOV INC., a
Virginia Corporation, and JOHN MARK
SUHY

IGOV INC'S AMENDED RESPONSE TO NEO4J, INC.'S SECOND SET OF RFP

# PAGES FROM PURETHINK LLC AND IGOV INC.'S RESPONSE TO NEO4J, INC.'S SECOND SET OF INTERROGATORIES TO PURETHINK LLC AND IGOV INC.

Adron W. Beene SB# 129040
Adron G. Beene SB# 298088
Attorney at Law
1754 Technology Drive, Suite 228
San Jose, CA 95110
Tel: (408) 392-9233
Fax: (866) 329-0453
adron@adronlaw.com

Attorneys for Defendants and Counter
Claimants:
PURETHINK LLC, a Delaware limited
liability company, IGOV INC., a Virginia
corporation, and JOHN MARK SUHY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, NEO4J SWEDEN AB<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br><br>　　　　　　Defendants. | CASE NO.  5:18-cv-07182-EJD<br><br>**PURETHINK LLC AND IGOV INC.'S RESPONSE TO NEO4J, INC.'S SECOND SET OF INTERROGATORIES TO PURETHINK LLC AND IGOV INC.** |
| AND RELATED COUNTERCLAIM. | |

　　　　**PROPOUNDING PARTY:**　　**NEO4J, INC.**

　　　　**RESPONDING PARTY:**　　**PURETHINK LLC and IGOV INC.**

　　　　**DISCOVERY:**　　　　　**Interrogatories**

　　　　**SET:**　　　　　　　　**Two**

**INTERROGATORY NO. 25:**

*IDENTIFY all facts and DOCUMENTS relating to any websites or social media pages displaying the Neo4j Mark, that are owned, operated, or controlled by YOU, and all persons who were or are responsible for or participating in, the creation and development of each website and content therewith.*

**RESPONSE:**

Subject to and without waiving its objections above and without waiving any applicable privilege, Responding Party responds as follows: Per F.R.Civ.P. 33(d), Responding Party will produce documents sufficient to show websites or social media pages displaying the Neo4j Mark, that are owned, operated, or controlled by Responding Party, and all persons who were or are responsible for or participating in, the creation and development of each website and content therewith. These documents are located at: ROGS-2-PureThink-and-IGOV/25

In addition, the following websites / social media pages are all owned, created, and run by John Mark Suhy.

https://graphstack.io
https://igovsol.com
https://purethink.com
https://github.com/jmsuhy
https://github.com/graphstackio
https://github.com/purethink
https://github.com/igovsol
https://twitter.com/jmsuhy
https://twitter.com/purethink
https://twitter.com/igovsol
https://www.facebook.com/graphstack

**INTERROGATORY NO. 26:**

*IDENTIFY all facts and DOCUMENTS describing the profits derived from the sales of products or services in connection with Open Native Graph Database (ONgDB) or Neo4j Government Edition and an explanation of how such profits were calculated and the three (3) persons most knowledgeable about such facts.*

- 5 -

1

 **RESPONSE:**

2

3

　　Subject to and without waiving its objections above and without waiving any applicable

4

privilege, Responding Party responds as follows: Per F.R.Civ.P. 33(d), Responding Party will

5

produce documents sufficient to show the profits derived from the sales of products or services in

6

connection with Open Native Graph Database (ONgDB) or Neo4j Government Edition. These

7

documents are located at: ROGS-2-PureThink-and-IGOV/26

8

　　Discovery is ongoing and Responding Party reserves the right to supplement its response.

9

10

People knowledgeable about the facts:

11

12

John Mark Suhy
703-862-7780

13

jmsuhy@purethink.com
Alexandria, VA

14

15

Dated:  January 2, 2020

16

　　　　　　　　　　　　　　　　　　　　　　_____

17

Adron W. Beene Sb# 129040
Adron G. Beene Sb# 298088

18

Attorney At Law
1754 Technology Drive, Suite 228

19

San Jose, CA 95110
Tel: (408) 392-9233
Fax: (866) 329-0453

20

adron@adronlaw.com

21

Attorney For Defendants and Counter
Claimant PURETHINK LLC, a Delaware

22

Limited Liability Company, IGOV INC., a
Virginia Corporation, and JOHN MARK

23

SUHY

24

25

26

27

28

- 6 -

1

### Verification

2

3

I, John Mark Suhy, am a defendant, and an officer for defendants Purethink LLC and IGOV Inc. in the above cause of action. I have read the following:

4     1.  **JOHN MARK SUHY'S RESPONSE TO PLAINTIFF AND COUNTER-**
          **DEFENDANT NE04J, INC.'S FIRST SET OF INTERROGATORIES TO JOHN**
5         **MARK SUHY**

6     2.  **JOHN MARK SUHY'S RESPONSE TO NE04J SWEDEN AB'S FIRST SET OF**
          **INTERROGATORIES TO JOHN MARK SUHY**

7
      3.  **JOHN MARK SUHY'S RESPONSE TO PLAINTIFF NEO4J, INC.'S REQUEST**
8         **FOR ADMISSION, SET ONE, TO**
          **DEFENDANT JOHN MARK SUHY**

9
      4.  **JOHN MARK SUHY'S RESPONSE TO NEO4J SWEDEN AB'S REQUEST FOR**
10        **ADMISSIONS, SET ONE, TO DEFENDANT JOHN MARK SUHY**

11    5.  **PURETHINK LLC AND IGOV INC.'S RESPONSE TO NE04J, INC.'S SECOND**
          **SET OF INTERROGATORIES TO PURETHINK LLC AND IGOV INC.**

12
    I am familiar with the contents of the above.
13

14          I declare under penalty of perjury under the laws of the United Stated of America that the

15  foregoing responses are true and correct, except as to those matters which are therin stated to be

16  on information or belief, and as to those matters, I believe them to be true.
17

18          Signed in Commonwealth of Virginia, County of Fairfax, on January 2, 2020.

19

20  Dated: 1/2/20

21                                                  John Mark Suhy

22

23

24

25

26

27

28