John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Bar No. 197241
jratinoff@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:     (408) 286-9800
Facsimile:      (408) 998-4790

Attorneys for Plaintiff
NEO4J, INC. and NEO4J SWEDEN AB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, NEO4J SWEDEN AB a Swedish corporation,<br><br>Plaintiffs,<br><br>v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br><br>Defendant. | CASE NO.  5:18-cv-07182-EJD<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL**<br><br>Action Filed:     November 28, 2018<br>Trial Date:        None |

4867-2225-8981.1

ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

Now before the Court is the joint discovery letter brief concerning Plaintiff Neo4j, Inc.'s ("Neo4j") requests to compel Defendant iGov Inc. ("GFI") to provide further responses to Request for Production (RFP) Nos. 45-51, 65 and 72-73 and Interrogatory No. 26. For the reasons discussed at the hearing, the Court ORDERS as follows:

1. iGov's objections in response to RFP Nos. 45-47 on the basis of relevancy, burden, over breadth, vagueness and privacy are OVERRULED. Neo4j has made a sufficient showing of relevance at this stage of the proceedings, while iGov has failed to make the required showing to support such objections.. Accordingly, Neo4j's request to compel further responses to those RFPs is GRANTED. iGov shall conduct a diligent search for and reasonable inquiry to locate responsive documents, including all invoices, purchase orders, sales orders, contracts, and/or agreements, and produce all such documents subject to the Protective Order and amend its response in conformance with FRCP 34(b)(2)(B).

2. iGov's objections in response to RFP Nos. 48-49 on the basis of relevancy, burden, over breadth, vagueness and privacy are OVERRULED. Neo4j has made a sufficient showing of relevance at this stage of the proceedings, while iGov has failed to make the required showing to support such objections. Accordingly, Neo4j's request to compel further responses to those RFPs is GRANTED. iGov shall conduct a diligent search for and produce its bank statements and all other documents evidencing its profits and/or used to calculate its profits in its financial statements for 2017 through 2021 subject to the Protective Order and amend its response in conformance with FRCP 34(b)(2)(B).

3. iGov's objections in response to RFP Nos. 50-51 and 65 on the basis of relevancy, burden, vagueness and privacy are OVERRULED. Neo4j has made a sufficient showing of relevance at this stage of the proceedings, while iGov has failed to make the required showing to support such objections. Accordingly, Neo4j's request to compel further responses to those RFPs is GRANTED. iGov shall conduct a diligent search for and produce its bank statements and all other documents evidencing its profits and/or used to calculate its profits and losses in its financial statements for 2017 through 2021 subject to the Protective Order and amend its response in conformance with FRCP 34(b)(2)(B).

4. iGov's objections in response to RFP No. 72 on the basis of relevancy, burden, vagueness and privacy are OVERRULED. Neo4j has made a sufficient showing of relevance at this stage of the proceedings, while iGov has failed to make the required showing to support such objections. Accordingly, Neo4j's request to compel further responses to this RFP is GRANTED. iGov shall produce its financial statements for 2021 subject to the Protective Order and amend its response in conformance with FRCP 34(b)(2)(B).

5. iGov's objections in response to RFP No. 73 on the basis of relevancy, burden, vagueness, privilege and privacy are OVERRULED. Neo4j has established a compelling need for the production of iGov's tax returns based on the discrepancies in the financial statements and substantial gaps in the invoices previously produced by iGov. *See Koninklijke Philips Elecs. N.V. v. KXD Tech.*, Inc., 2007 WL 778153, at *6 (D. Nev. Mar. 12, 2007) (compelling defendants to produce all financial records and tax returns so that plaintiff could make its own determination as to the profits or income that defendants generated from their infringement of plaintiff's trademark); *United Artists Corp. v. United Artist Studios LLC*, 2020 WL 5370615, at *4 (C.D. Cal. Apr. 27, 2020) (citing same in compelling defendants accused of infringement plaintiff's trademark to produce tax returns after they selectively produced financial information). Accordingly, Neo4j's request to compel the production of iGov's tax returns is GRANTED. iGov shall produce its complete tax returns for the years 2017 through 2021 subject to the Protective Order and amend its response in conformance with FRCP 34(b)(2)(B).

6. To the extent that iGov is unable to locate responsive documents to the foregoing RFPS, it must provide a declaration what steps were taken to locate sources of potentially responsive documents, what parameters were used to search for responsive documents in those source, whether such documents existed, and if so, why they were no longer available for production. *See Apple, Inc. v. Samsung Elecs. Co. Ltd.*, Case No. 12-cv-0630-LHK (PSG), 2013 WL 1942163, at *3 (N.D. Cal. May 9, 2013) (recipients of discovery requests must be transparent in the manner in which they search for ESI, including providing the search terms used*); V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 367 (D. Nev. 2019) (ordering a sworn declaration from a proper custodian identifying with particularity the details of each of the searches conducted and

supplemental production of all non-privileged responsive documents located in the search).

7. iGov's response to Interrogatory No. 26 is incomplete. Accordingly, Neo4j's request to compel further responses to this interrogatory is GRANTED. iGov must provide a verified supplemental response to Interrogatory No. 26 that fully explains and details (1) its accounting and book keeping practices, including how its profits and losses were calculated in its financial statements; (2) the discrepancy in the numbering of its invoices; and (3) the discrepancy between its financial statements and invoices. iGov must also identify all person(s) responsible for keeping iGov's books and preparing its financial statements and tax returns.

**SO ORDERED.**

Dated: _____, 2022

_____
Judge Susan van Keulen
U.S. Magistrate Judge