John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Bar No. 197241
jratinoff@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:    (408) 286-9800
Facsimile:     (408) 998-4790

Attorneys for Plaintiff and Counter-Defendant
NEO4J, INC., NEO4J SWEDEN AB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, NEO4J SWEDEN AB, a Swedish corporation,<br><br>Plaintiffs,<br><br>v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | CASE NO.  5:18-cv-07182-EJD<br><br>**JOINT STIPULATION FOR ESI EXTRACTION FROM DEFENDANTS' EMAIL ACCOUNTS** |

Plaintiffs Neo4j, Inc. and Neo4j Sweden AB (collectively "Plaintiffs") and Defendants PureThink LLC, iGov Inc., and John Mark Suhy (collectively "Defendants") (collectively, the "Parties" or individually, a "Party") hereby stipulate and agree, by and through their undersigned counsel, that the following specifications shall govern production of the electronically stored information ("ESI") in Mr. Suhy's email accounts.

## RECITALS

WHEREAS, on October 6, 2022, Plaintiffs identified certain categories of documents and electronically stored information (ESI) and requested access to them;

WHEREAS, on October 13, 2022, Plaintiffs' counsel met and conferred with Defendants' counsel to discuss providing such access;

WHEREAS, Defendants agreed to provide Plaintiffs' e-discovery vendor access to certain email and cloud accounts that are within the possession, custody, or control of Defendants subject to agreed-upon search protocols to ensure that non-relevant and privileged or work product documents are not inadvertently produced.

WHEREAS, the Parties hereby agree upon the following protocols to govern the search for responsive documents and ESI in the possession, custody, or control of Defendants.

## STIPULATION

### I.   PROTOCOL FOR SEARCH OF DEFENDANTS' ESI

Within three (3) days of execution of this Stipulation, Defendants agree to provide Plaintiff's eDiscovery vendor, Open Text Corporation ("OpenText"), with all credentials, excluding two-factor authentication, necessary to access and extract ESI from the sources identified in Section I.A. Defendants agree to coordinate with OpenText and use reasonable and diligent efforts to resolve any impediments (excluding travel by Defendants), that would prevent OpenText from conducting the agreed upon searches, including, but not limited to, providing two-factor authentication. OpenText shall not access, search, or produce any Google calendar, Google drive, or other Google suite applications except Gmail, accessible through the credentials provided by Defendants.

///

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

4888-3086-2140.4 — - 1 -
JOINT STIPULATION FOR ESI EXTRACTION FROM DEFENDANTS' EMAIL ACCOUNTS; CASE NO. 5:18-CV-07182-EJD

A.   **Sources of ESI to be Searched**

Defendants have identified the following email accounts for OpenText's collection efforts:

| Account | Location (Cloud/Local) | Controller | Accessible to OpenText? |
|---|---|---|---|
| jmsuhy@igovsol.com | Cloud - Google Hosted | JMS | Yes |
| jmsuhy@purethink.com | Cloud - Google Hosted | JMS | Yes |
| jmsuhy@graphstack.io | Cloud - Google Hosted | JMS | Yes |
| jmsuhy@gmail.com | Cloud - Google Hosted | JMS | Yes |
| jmsuhy@egovsol.com | Cloud - Google Hosted | JMS[1] | Yes, after Two-Factor Authentication |
| jmsuhy@graphfoundation.org | Cloud - Google Hosted | Graph Foundation | Yes, after Two-Factor Authentication |

B.   **List of Search Terms and Phrases**

OpenText will run the following non-case sensitive Boolean searches on the sources of ESI identified above:

- "Neo4j enterprise" OR "Neo4j EE"

- ONgDB AND (GFI OR "Graph Foundation" OR Nussbaum OR "graph database" OR Neo4j OR graphstack OR GraphGrid)

- ("ONgDB" OR "GraphStack" OR "GraphGrid" OR "NEO4J") AND "@irs.gov"

- ("ONgDB" OR "GraphStack" OR "GraphGrid") AND "@atomrain.com"

- ("ONgDB" OR "GraphStack" OR "GraphGrid") AND "@graphfoundation.com"

- ("ONgDB" OR "GraphStack") AND "@graphgrid.com"

- ("ONgDB" OR "GraphStack" OR "GraphGrid") AND "@analytica.com

---

[1] eGovernment Solutions testifying during its deposition that Mr. Suhy controls this account and had to provide eGovernment Solutions with access thereto.

- ("ONgDB" OR "GraphStack" OR "GraphGrid") AND ("@asranalytics.com" and "@gcomsoft.com")

- ("ONgDB" OR "GraphStack" OR "GraphGrid") AND "@tylordata.com"

- ("ONgDB" OR "GraphStack" OR "GraphGrid") AND ("greystones" OR "@greystonesgroup.com")

- ("ONgDB" OR "GraphStack" OR "GraphGrid") AND "@fbi.gov"

- ("ONgDB" OR "GraphStack" OR "GraphGrid") AND ("dhs.gov" OR "@uscis.dhs.gov" OR "@cdp.dhs.gov")

- ("ONgDB" OR "GraphStack" OR "GraphGrid") AND ("@mail.mil" OR "@us.af.mil" OR "Air Force" OR "USAF" OR "DOD" OR "@army.mil" OR "Army")

- ("ONgDB" OR "GraphStack" OR "GraphGrid") AND ("consulting" OR "support" OR "services" OR "deployment" OR "development")

- ("RAAS" OR "CDW" OR "YK1" OR "CKGE" OR "KG_API") AND ("ONgDB" OR "GraphStack" OR "GraphGrid" OR "Neo4j")

- "ONgDB" AND (AGPL OR restriction OR license OR server OR cpu OR memory OR ram OR core OR cluster OR causal OR "commons clause")

- "GraphStack" AND (AGPL OR restriction OR license OR server OR cpu OR memory OR ram OR core OR cluster OR causal OR "commons clause")

- "Neo4j" AND (AGPL OR restriction OR license OR server OR cpu OR memory OR ram OR core OR cluster OR causal OR "commons clause")

- ("ONgDB" OR "GraphStack" OR "GraphGrid" OR "Neo4j") AND ("consulting" OR "support" OR "services" OR "deployment" OR "development") AND ("contract" OR "task order" OR "subcontract" OR "paid" OR "payment" OR "invoice")

The date limitation for the foregoing searches shall be from January 1, 2017 to the present. These searches shall not be run directly from the Google Gmail application as that search tool does not honor the Boolean search logic defined above.

### C. Processing and Sequestering of Potentially Privileged ESI

After the results are generated by the search parameters identified in Section II.A., OpenText will identify potentially privileged ESI for Defendants review by running the following search terms across those results:

- @adronlaw.com
- Adron
- Beene
- @starrlaw.biz
- Starr
- jahearst@pacbell.net
- Hearst
- Dorothee.suhy@gmail.com
- Dorotheesuhy@gmail.com
- Dorothee
- @TPIgroupinc.com
- jmsuhy@* to jmsuhy@* (excluding emails where the subject line begins with "FW:")

OpenText will sequester those documents for Defendants to review. Within ten (10) days of receiving the sequestered ESI, Defendants will produce a privilege log of any withheld ESI on the basis of privilege or work product doctrine that is compliant with the Federal Rules of Civil Procure 26(b)(5), applicable case law, or any other recognized privilege. The Parties agree that Defendants will not need to identify the following communications in the privilege log (the "Litigation Counsel Communications"):

1. Communications between Defendants and any employee(s) at the Law Offices of Adron W. Beene;

2. Communications between Defendants and any employee(s) at the Law Offices of Richard E. Starr; and

3. Communications between Defendants and any employee(s) at the Law Offices of Joseph A. Hearst.

**D.   Production of ESI**

The production of ESI will be handled as follows:

1. First, Defendants will provide OpenText with all the credentials necessary for accessing the accounts identified in Section I.A. and OpenText will perform a remote extraction of all ESI. At no point shall OpenText provide any of Defendant's credentials to Plaintiffs or their counsel.

2. OpenText will execute the searches listed in Section I.B. on the extracted ESI to generate an initial hit report ("Initial Report") of responsive documents.

3. OpenText shall de-duplicate the results of the searches listed in Section I.B. and generate a report of responsive documents ("Second Report").[2]

4. OpenText will execute the privilege searches listed in Section I.C. on the Initial Report to generate a report of potentially privileged documents ("Privilege Report") and produce those documents to Defendants for review. Defendants will have ten (10) days from receipt of the documents identified by the Privilege Report to produce a privilege log pursuant to Section I.C. If Plaintiffs do not receive a timely privilege log, all privilege objections are waived and OpenText will produce to Plaintiffs the documents identified in the Privilege Report, excluding Litigation Counsel Communications, which shall continue to be privileged and not produced to Plaintiffs.

5. OpenText will provide the ESI identified in the Initial Report minus the ESI identified from the Privilege Report to both Plaintiffs and Defendants in accordance with Sections II and III below.

6. The Parties will meet and confer regarding the need for any additional searches and/or the imaging of Defendants' ESI after Plaintiffs have had a reasonable opportunity to review the results of the foregoing searches.

7. Plaintiffs shall bear all costs of Plaintiff's eDiscovery Vendor, Open Text Corporation.

## II. PROTOCOL FOR PRODUCTION OF DEFENDANTS' ESI

The ESI collection shall be maintained in native form and all files will be assigned an electronic control number consistent with Defendants' prior ESI productions, i.e. Defendants' production will be assigned a unique control number with the prefix "CTRL" followed by a sequential ten-digit number, e.g. CTRL0008675309 ("Native Production Set"). To the extent that

---

[2] A "duplicate" is an identical copy of a document (i.e., the documents have the same hash value, such as MD5, SHA-1, or Relativity Processing Hash). A duplicate may also be an email that is sent from one of Mr. Suhy's accounts that is received by another of Mr. Suhy's accounts. Where one or more duplicates of a document exist, the Parties need only produce one copy of that document (but may produce Duplicates if less burdensome or if necessary for email threading).

a native file is converted to an OCR-capable .PDF file for use in the underlying litigation as a declaration, deposition or trial exhibit, it will be assigned a Bates number with an "IGOV" prefix and the same sequential ten-digit number, *e.g.* IGOV0008675309.  For multiple page documents or emails with attachments, such files will be sequentially numbered as follows IGOV0008675309.001, IGOV0008675309.002, IGOV0008675309.003, etc. and such Bates numbers will be affixed in the lower right hand corner where practical.

Plaintiffs shall provide the Native Production Set to Defendants.  Plaintiffs may provide the Native Production Set to Defendants on CD, DVD, thumb drive, hard drive, or via secure FTP.  Should Defendants want the complete production converted to OCR-capable .PDF files before being provided to them, Defendants shall be responsible for all associated costs.

To the extent that any ESI in the Native Production Set, whatever designation (if any) under the Protective Order (Dkt. No. 34) previously given shall continue to apply.  For any ESI in the Native Production Set that have not been previously produced by Defendants, it shall be temporarily designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order.  Defendants shall have forty-five (45) days from receipt of the Native Production Set to review the ESI in the Native Production Set and re-designate and/or designate such ESI in a manner consistent with the Protective Order's definitions of "CONFIDENTIAL" and HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and prohibitions on blanket designations.  *See* Dkt. No. 34 at ¶¶ 1, 2.8 and 2.9. The designations made to native documents shall also apply to their converted versions.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

### III. GOOD FAITH MEET AND CONFER REQUIREMENTS

The Parties shall make their reasonable and diligent efforts to comply with and resolve any differences concerning compliance with this Stipulation. If a dispute under this stipulation arises, the Parties shall thereafter conduct a live meet and confer before a Party seeks relief from the Court concerning compliance with the Stipulation.

IT IS SO STIPULATED.

Dated: November 8, 2022

HOPKINS & CARLEY
A Law Corporation

By: */s/ Jeffrey M. Ratinoff*
Jeffrey M. Ratinoff
Attorneys for Plaintiff and Counter-Defendant NEO4J, INC.

Dated: November 8, 2022

By: */s/ Adron G. Beene*
Adron W. Beene
Adron G. Beene
Attorneys for Defendants and Counterclaimants PURETHINK LLC, IGOV INC., and JOHN MARK SUHY

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: November 9, 2022

Hon. Susan van Keulen
UNITED STATES MAGISTRATE JUDGE

**FILER'S ATTESTATION**

I, Jeffrey M. Ratinoff, am the ECF user whose credentials were utilized in the electronic filing of this document. In accordance with N.D. Cal. Civil Local Rule 5-1(i)(3), I hereby attest that all signatories hereto concur in this filing.

Dated: November 8, 2022

HOPKINS & CARLEY
A Law Corporation

By: */s/ Jeffrey M. Ratinoff*
    Jeffrey M. Ratinoff
    Attorneys for Plaintiff and Counter-Defendant NEO4J, INC.