John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Bar No. 197241
jratinoff@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:     (408) 286-9800
Facsimile:     (408) 998-4790

Attorneys for Plaintiffs
NEO4J, INC. and NEO4J SWEDEN AB

Adron W. Beene, Bar No. 129040
adron@adronlaw.com
Adron G. Beene SB# 298088
adronjr@adronlaw.com
Attorney at Law
1754 Technology Drive, Suite 228
San Jose, CA 95110
Tel: (408) 392-9233
Fax: (866) 329-0453

Attorneys for Defendants and
Counterclaimants PURETHINK LLC,
IGOV INC., and JOHN MARK SUHY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation,<br><br>    Plaintiffs,<br><br> v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br><br>    Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO.  5:18-cv-07182-EJD<br><br>**JOINT TRIAL SETTING CONFERENCE STATEMENT** |

Plaintiffs and Counter-Defendants Neo4j, Inc. and Neo4j Sweden AB (collectively "Plaintiffs" or "Neo4j") and Defendants and Counterclaimants PureThink LLC and iGov, Inc., and Defendant John Mark Suhy (collectively "Defendants"), by and through their undersigned attorneys, and in accordance with the Clerk's Notice continuing the Trial Setting Conference (Dkt. 151) and Judge Davila's Standing Order for Civil Cases, respectfully submit this Joint Trial Setting Conference Statement as follows:

**I.   JURISDICTION**

*Plaintiffs' Statement*: The Court's jurisdiction over the subject matter of this action is predicated, pursuant to 28 U.S.C. § 1331, on Plaintiffs asserting claims pursuant to the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. § 1051 et seq., and the Digital Millennium Copyright Act (DMCA), 17 U.S.C. § 1201 et seq.  The remainder of Plaintiffs' claims are subject to the supplement jurisdiction of this Court, pursuant to 28 U.S.C. §§ 1338(b) and 1367.

*Defendants' Statement*: The counterclaim filed by Defendants PureThink LLC and iGov, Inc. is compulsory under Federal Rule of Civil Procedure §13(a) and this Court has supplemental jurisdiction under 28 USC § 1367(a).

**II.   SUBSTANCE OF THE ACTION**

On November 28, 2018, Neo4j, Inc. filed suit against PureThink and its successor-in interest iGov, along with their founder John Mark Suhy (collectively "Defendants") for violations of the Lanham Act and California's Unfair Competition Law, Cal. Bus. Prof. Code §§ 17200 et seq. Dkt. No. 1. These claims were primarily based on Defendants' infringement of Neo4j USA's federally registered Neo4j mark and the false advertising in relation thereto that occurred between July 2017 and the time of filing. Neo4j, Inc. also asserted a claim for breach of a reseller agreement that Defendants had entered into in September 2014 (the "Partner Agreement") and was terminated in July 2017 due to that breach. *See* Dkt. No. 1.

On February 9, 2019, Defendants filed their original counterclaim. Dkt. No. 22. Defendants, *inter alia*, asserted causes of actions for (1) intentional interference with prospective economic advantage; (2) intentional interference with contract; (3) declaratory relief on whether certain post-termination restrictions in the Partner Agreement violated Cal. Bus. & Prof. Code

§16000 and the AGPL; and (6) Declaratory Relief Abandonment of Trademark. Neo4j, Inc. filed its First Amended Complaint ("FAC") on October 23, 2019. *See* Dkt. Nos. 35, 37. The FAC provided, *inter alia*, additional and more recent examples of Defendants' continuing violations of the Lanham Act. The FAC also added Neo4j Sweden AB as a plaintiff, which in turn asserted claims against for violations of the DMCA. Defendants filed their First Amended Counterclaims on December 9, 2019 adding additional declaratory relief claims legal issues.

On April 10, 2020, the Court granted the parties' stipulation concerning bifurcating the case into two phases. Dkt. Nos. 66, 68. Phase 1 was to adjudicate Plaintiffs' claims pursuant to the Lanham Act and California's unfair competition law, Cal. Bus. & Prof. Code § 17200 et seq. ("UCL") and Defendants' counterclaims and related defenses (excluding their unclean hands defense).[1] See Dkt. No. 68, ¶ 3. The Court also permitted the parties to depart from its one-summary judgment motion rule by allowing them file a motion at the conclusion of Phase 1 and an additional motion during Phase 2. *See* Dkt. Nos. 66 and 68, ¶ 5 and ¶ 7. The Court found in favor of Plaintiffs on several claims and defenses via a motion for judgment on the pleadings and motions to dismiss and to strike (Dkt. Nos. 70, 85, 110), and ultimately on a motion for partial summary judgment that was granted in favor of Plaintiffs on all issues of liability pertaining to Plaintiffs' Lanham Act and UCL claims and issued a Preliminary Injunction against Defendants prohibiting more unlawful conduct (Dkt. No. 118).

Defendants appealed the Court's issuance of a preliminary injunction in conjunction with the granting of partial summary judgment on Plaintiffs' Lanham Act and UCL claims. *See* Dkt. No. 121. The Ninth Circuit heard the appeal on an expedited basis pursuant to its rules on appeals of preliminary injunctions and affirmed the Court's ruling. Dkt. No. 141.

///

---

[1] This included alleged procurement of the Neo4j® Mark by fraud, naked license abandonment, and fair use of the Neo4j® Mark, but did not include Defendants' unclean hands defense. Plaintiffs contend that the latter is inapplicable to Plaintiffs' Lanham Act and UCL claims, while Defendants have argued to the contrary. Nonetheless, the parties agreed to have the merits of Defendants' unclean hands defense resolved in Phase 2. *See* Dkt. Nos. 68, ¶ 6 and Dkt. No. 82, ¶ 3. Plaintiffs have not waived and are not waiving their position that Defendants' unclean defense is inapplicable to Plaintiffs' Lanham Act and UCL claims.

The parties have also entered into a series of stipulations wherein they agreed to dismiss certain claims, counterclaims and defenses to streamline this action as follows:

1. Defendants stipulated to no longer pursue and agree to dismiss with prejudice their (a) Seventh Cause of Action for Declaratory Relief asserted in their Second Amended Counterclaim (Dkt. No. 72, ¶¶ 62-69); and (b) Fifth, Sixth and Thirteenth Affirmative Defenses asserted in Defendants' Answer (Dkt. No. 91 at 19:9-20:9, 22:22-24:5). *See* Dkt. No. 133.

2. Plaintiffs stipulated to no longer pursue and agree to dismiss their Sixth Cause of Action for Invasion of Privacy in their TAC (Dkt. No. 90, ¶¶ 148-156). *See* Dkt. No. 133.

3. Defendants stipulated to no longer pursue and dismiss with prejudice their (a) Seventh Cause of Action for Declaratory Relief asserted in their SACC (Dkt. No. 72, ¶¶ 62-69); and (b) Fifth, Sixth and Thirteenth Affirmative Defenses asserted in Defendants' Answer to the TAC (Dkt. No. 91 at 19:9-20:9, 22:22-24:5). *See* Dkt. No. 144.

4. Defendants stipulate to a judgment on the pleadings in favor of Plaintiffs with respect to Defendants' Sixth Affirmative Defense (Dkt. No. 91 at 20:2-9), and a dismissal of that defense with prejudice. *See* Dkt. No. 144.

Plaintiffs' Motion for a Judgment on the Pleadings as to (a) the First, Fifth and Sixth Causes of Action asserted by Defendants in their Second Amended Counterclaim; and (b) the First and Second Affirmative Defenses asserted in their Answer remains under submission and is still subject to being ruled on by the Court in conjunction with that Motion. *See* Dkt. No. 132.

### III. LEGAL AND FACTUAL ISSUES THAT REMAIN IN DISPUTE

***Plaintiffs' Statement***:

Without the parties waiving any of their respective remaining claims or defenses, the following legal issues remain in dispute with respect to Plaintiffs' claims:

(a) The amount of damages Neo4j, Inc. is entitled to recover as a result of Defendants' infringement of the NEO4J® mark in violation of 15 U.S.C. § 1114.

(b) The amount of damages Neo4j, Inc. is entitled to recover as a result of Defendants' violations of 15 U.S.C. § 1125(a).

///

   (c) Whether Defendants' violations of the Lanham constitutes an exceptional case where Plaintiff is entitled to its attorney's fees pursuant to 15 U.S.C. § 1117 (a).

   (d) Whether Defendants improperly removed Neo4j Sweden AB's copyright management information (CMI) from its Neo4j® Enterprise Edition Software and distributing said software knowing that the CMI has been removed in violation of 17 U.S.C. § 1202(b) and damages related thereto.

   (e) Whether Defendants breached the Partner Agreement by their unauthorized use of the NEOJ4® mark in conjunction with the sale and advertising of iGov's graph database solutions and software and related support services.

   (f) Whether Defendants breached the Partner Agreement by offering support and development services related to Neoj4® Community Edition Products and derivative works of such products.

   (g) Whether Defendants breached the Partner Agreement by falsely suggesting Plaintiff's authorization and/or sponsorship of PureThink and iGov's products and services and misleading consumers regarding their prior contributions to NEOJ4®-branded products.

   (h) Whether Defendants defamed Plaintiffs by accusing them of defrauding investors on social media.

***Defendants' Statement:***

Without the parties waiving any of their respective claims or defenses, the following legal issues remain in dispute with respect to Defendants' claims:

   (a) Whether restrictions in the Partner Agreement violate California Business and Professions Code §16600 and whether the standard should be as applied to individuals given the Courts' implied finding of a unity of interest in the entities to John Suhy, Dkt 118.

   (b) Whether Defendants' conduct in using and supporting the open source version of Neo4J software was allowed under the terms of the AGPL.

   (c) Whether Neo4J USA is barred from enforcing the Partner Agreement and trademarks because of its Unclean Hands.

///

      (d)      Whether Neo4J USA waived enforcement of the terms of the Partner Agreement be entering into an exclusive agreement for government contracts and allowing defendants to modify the open source version of Neo4J to satisfy government buyers.

      (e)      Whether Defendants are entitled to a set off on any damages claims brought by Plaintiffs based on Defendants Affirmative claims.

      (f)      Whether Mr. Suhy's statements were truthful based on Neo4j USA's statements and conduct in asking him to change a support fee to a licensee fee to alter Neo4J revenue reporting to potential investors and false statements to the US government constitutes a fraud and crime.

      (g)      Whether Neo4j USA interfered with Defendant's prospective economic advantage and damages based on such interference.

      (h)      Whether Neo4J USA breached the Partner Agreement by failing to pay PureThink $26,020.

      (i)      Whether Neo4j USA breached an exclusive contract for PureThink to resell Neo4J Government Edition to the government.

      (j)      Whether the Common Clause which Neo4J Sweden AB added to the AGPL bars or can bar professional services for the open source or whether the reference to services in the Commons Clause only applies bars using the as software as a service (SaaS).

      (k)      Whether Defendant may fork, use, display and perform all Content Neo4J Sweden has on the GitHub repository under the license terms for the GitHub repository.

      (l)      With respect to Neo4J Sweden's DCMA claim, whether removal of the Common's Clause on Neo4J Sweden's open source version of Neo4J software for the ONgDB was justified and authorized to avoid Neo4J Sweden's copyright violation in changing the terms of the AGPL-in violation of the license terms and based on the then standard application of the terms of the AGPL allowing removal of further restrictions. While the Court has ruled the standard application of the AGPL is not correct, DKT 118, it was standard at the time of removal supporting a lack of intentional misconduct on the part of Suhy in removing the restrictions.

///

### IV. MOTIONS

On September 3, 2021, Plaintiffs filed the aforementioned motion for judgment on the pleadings seeking to dismiss a number of counterclaims asserted in Defendants' Second Amended Counterclaims and Answer to Third Amended Complaint ("Plaintiffs' Motion"). *See* Dkt. No. 132. As of October 12, 2021, Plaintiffs' Motion was fully briefed and the parties agreed that the motion be submitted on the papers without oral argument. *See* Dkt. Nos. 136-138. On January 4, 2022, the Court notified the Parties that Plaintiffs' Motion would be taken under submission without oral argument. *See* Dkt. No. 139.

As of the time of this Statement, the Court has yet to rule on Plaintiffs' Motion. Should the Court grant some or all of Plaintiffs' Motion, the issues that can be determined on summary judgment, and the number of claims and defenses to be tried will be reduced.

Plaintiffs intend on filing a second Motion for Summary Judgment on or before the April 2023 deadline on the following: (1) Plaintiffs' DMCA claim; (2) Defendants iGov and PureThink's Intentional Interference with Prospective Economic Advantage counterclaim to the extent that it is not resolved by pending Plaintiffs' Motion for Judgment on the Pleadings; and (3) Defendant PureThink's Breach of Exclusivity Contract counterclaim. Defendants will not be filing a cross-motion for summary judgment.

### V. DISCOVERY

***Plaintiffs' Statement***

Fact discovery closed on December 1, 2022. The last day to file motions to compel related to fact discovery is December 8, 2022. *See* Dkt. No. 146. Presently, Plaintiffs are meeting and conferring with third-party Greystones Consulting Group, LLC, ("Greystones") regarding Greystones' failure to search for documents pursuant to a Rule 45 subpoena served on October 19, 2022. Greystones marketed and offered for sale its GreyRaven Platform that it touted as being based on infringing ONgDB and obtained significant contracts with the U.S. Air Force. Plaintiffs were forced to take Greystones' deposition on December 1, 2022 without such documents wherein it learned that the only person who had knowledge of the use of ONgDB in GreyRaven was its former employee, Ben Nussbaum (the co-owner of the three Defendants in the

1  related Graph Foundation case where a judgment and permanent injunction was entered against
2  them for the same aforementioned Lanham Act and DMCA violations). Apparently Greystones
3  terminated Mr. Nussbaum in May 2002, but still maintains his email account. If the parties are
4  unable to reach a stipulation on the production of his ONgDB-related emails, then Plaintiffs will
5  need to file a motion to compel the production of these emails and the additional deposition of
6  Greystones.

7  Through recent third party discovery, Plaintiffs learned that Defendants had no adequately
8  conducted searches of their email accounts. After Plaintiffs identified these significant
9  deficiencies that contradicted their prior discovery responses, Plaintiffs and Defendants reached a
10 stipulation for production of Defendant Suhy's accounts. *See* Dkt. No. 154. Due to technical
11 issues encountered in the collection (caused, in part, by Mr. Suhy) and delays associated with
12 Defendants imposing additional demands outside the scope of the stipulation, Plaintiffs were
13 unable to complete the collection and review it prior to Defendants' deposition and the fact
14 discovery cut-off. In this regard, Mr. Suhy has still not provided access to his
15 jmsuhy@egovsol.com account despite stipulating to do so. Once Plaintiffs are able to complete
16 the collection and have had a reasonable opportunity to review the resulting production, they may
17 need to seek leave from the Court to propound authentication requests for admission and/or
18 further depose Defendants on these documents.

19 ***Defendants' Statement***

20 Defendants reasonably searched email accounts and has allowed Plaintiffs to access
21 Defendants computer to see if they can find what they are looking for. Mr. Suhy disputes he has
22 not provided access to his jmsuhy@egovsol.com account. Plaintiffs have deposed Mr. Suhy for
23 two days well beyond what is required.

24 **VI.   SETTLEMENT AND ADR**

25 The parties engaged in preliminary settlement discussions, and then conducted mediation
26 at JAMS in September 2019. The parties have exchanged settlement proposals since that time,
27 including after the Court entered summary judgment in favor of Plaintiffs, but the parties remain
28 far apart to make additional ADR worthwhile at this time.

## VII. BIFURCATION AND SEPARATE TRIAL OF ISSUES

*Plaintiffs' Statement*

Plaintiffs assert that Defendants' unclean defense is inapplicable to Plaintiffs' Lanham Act and UCL claims.  Plaintiffs' unclean hands affirmative defense is equitable in nature and generally the jury is asked to hear legal claims and it is within the Court's discretion to hear equitable claims.  *See Fuddruckers, Inc. v. Doc's B.R. Others, Inc*., 826 F.2d 837, 847 (9th Cir.1987) (finding that the trial court did not error in deciding applicability of unclean hands and refusing to present the defense to the jury).  Plaintiffs contend that if Defendants' unclean hands defense survives upcoming motion practice, that it and Defendants' other equitable declaratory judgment claims that only present questions of law should be resolved by the Court either at the conclusion of the jury phase or on post-trial motions.  It would be unduly prejudicial for the jury to hear Defendants' complaints about Plaintiffs' alleged bad behavior as it would cause confusion, would not be probative and relevant to the issues before the jury and could constitute inadmissible character evidence under FRE 404 or otherwise be prejudicial under FRE 403.

*Defendants' Statement*

The unclean hands defense applies to the breach of Partner Agreement and the trademark claims. The Lanham Act and UCL claims derive from the trademark claim and are impacted the same. See *Japan Telecom, Inc. v. Japan Telecom America Inc.* 287 F. 2d 866 (9th Cir 2002) (Affirming unclean hands defense in trademark and UCL case.)

## VIII. TRIAL

If Plaintiffs' pending and planned dispositive motions reduce the number of claims and defenses at issue in any material way, it is likely that the case could be tried in less than 5 full trial days.  If the case goes to trial as it is currently constituted the parties agree that it will require at least 7 full trial days.

## IX. SCHEDULING

Based on the current schedule set by Dkt. No. 146 and subject to the Court's availability, Plaintiffs' preference is that trial be set to commence on (a) July 10, 2023; (b) July 17, 2023; or (c) July 24, 2023.  Plaintiffs are unavailable for trial as follows:

- Lead counsel's pre-planned vacation from August 12, 2023 to September 3, 2023.
- Observance Rosh Hashanah September 15, 2023 by a key witness for Plaintiffs that resides in the Washington D.C. area.
- Observance Yom Kippur September 25-27 by a key witness for Plaintiffs that resides in the Washington D.C. area.
- Counsel for Plaintiffs have a pre-existing patent trial set for October 23, 2023 before Judge Tigar in *[24]7.ai, Inc. et al. v. LivePerson, Inc.,* Case No. 4:15-CV-02897-JST (KAW) and Case No. 4:15-CV-05585-JST (KAW).

Defendants preference is that trial be set to July 10 or 17, 2023. Lead Counsel for Defendants presently has a trial set in California Superior Court in San Mateo County on August 16 through August 23, 2023 and is unavailable in that time period.

X.  **OTHER MATTERS**

None.

Dated: December 5, 2022

HOPKINS & CARLEY
A Law Corporation


By: */s/ Jeffrey M. Ratinoff*
    Jeffrey M. Ratinoff
    Attorneys for Plaintiffs and Counter-Defendants NEO4J, INC. and NEO4J SWEDEN AB

Dated: December 5, 2022

By: */s/ Adron W. Beene*
    Adron W. Beene
    Adron G. Beene
    Attorneys for Defendants and Counterclaimants PURETHINK LLC, IGOV INC., and JOHN MARK SUHY

## ATTESTATION OF E-FILED SIGNATURE

Pursuant to Local Rule 5-1(i)(3), I hereby certify that I have obtained the concurrence in the filing of this document from all signatories for whom a signature is indicated by a "conformed" signature (/s/) within this electronically filed document and I have on file records to support this concurrence for subsequent production to the Court if so ordered or for inspection upon request.

Dated:  December 5, 2022

HOPKINS & CARLEY
A Law Corporation


By: */s/ Jeffrey M. Ratinoff*
    Jeffrey M. Ratinoff
    Attorneys for Plaintiffs and Counter-Defendants NEO4J, INC. and NEO4J SWEDEN AB