**EXHIBIT A**

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| NEO4J, INC., et al. | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 5:18-cv-07182-EJD |
| PURETHINK LLC, et al. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Greystones Consulting Group, LLC
300 M St. SE, Suite 325, Washington, DC 20003

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Inabnet Court Reporting<br>8551 Rixlew Lane, Suite 330<br>Manassas, VA 20109 | Date and Time:<br>November 4, 2022, 11:00 a.m. ET |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 10/14/2022

*CLERK OF COURT*

OR

_____     /s/ Jeffrey M. Ratinoff
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Neo4j, Inc.
Jeffrey M. Ratinoff / Hopkins & Carley, a Law Corporation , who issues or requests this subpoena, are:

70 S. First Street, San Jose, CA 95113 (408) 286-9800; jratinoff@hopkinscarley.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 5:18-cv-07182-EJD

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* <u>Greystones Consulting Group, LLC</u> on *(date)* <u>Oct 18, 2022, 3:13 pm</u>.

[X] I served the subpoena by delivering a copy to the named individual as follows: <u>Authorized person served</u> on *(date)* <u>Wed, Oct 19 2022</u>; or

[ ] I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ <u>0.00</u>.

My fees are $ <u>0.00</u> for travel and $ <u>110.00</u> for services, for a total of $ <u>110.00</u>.

I declare under penalty of perjury that this information is true.

Date: 10/24/2022

*Server's signature*

Patricia Beard          ARRAY

*Printed name and title*

18013 Sky Park Circle, Suite C, Irvine CA 92614

*Server's address*

Additional information regarding attempted service, etc.:
1) Successful Attempt: Oct 19, 2022, 10:40 am PDT at 604 Cameron St, Alexandria, VA 22314 received by Elaine Nelson, Authorized to accept service ( Employee of Damiani & Damiani ) .
Authorized person served

Case 5:18-cv-07182-EJD   Document 159   Filed 12/06/22   Page 4 of 14

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs Neo4j, Inc. and Neo4j Sweden AB (collectively "Plaintiffs") request that Greystones Consulting Group, LLC electronically produce for inspection and copying the documents set forth below at the location, date, and time specified within the attached subpoena, or at a location, date, and time mutually agreed upon between counsel.

## **DEFINITIONS**

The following definitions and instructions are applicable to and incorporated by reference in each Document Request.

1. The terms "YOU" and YOUR" refers to Greystones Consulting Group, LLC as well as its divisions, departments, subdivisions, groups, agents, servants, mangers, members, employees, representatives (including attorneys), contractors, subcontractors, and other persons or entities directly or indirectly subject to Greystones Consulting Group, LLC's control.

2. The terms "PLAINTIFFS" or "NEO4J" refers to Plaintiffs Neo4j, Inc. and Neo4j Sweden AB, and their direct and indirect parents, subsidiaries, business units, officers, directors, employees, attorneys, agents, representatives, successors or assigns, and all other persons acting on behalf of any of them.

3. The term NEO4J SOFTWARE refers to any and all versions of Neo4j® graph database software, including but not limited to Neo4j® Enterprise Edition, Neo4j® Core and Neo4j® Community Edition and Neo4j Government Edition.

4. The term "SUHY" refers to Defendant John Mark Suhy, and the following email accounts: jmsuhy@igovsol.com, jmsuhy@purethink.com, jmsuhy@graphstack.io,

1

jmsuhy@egovsol.com, jmsuhy@gmail.com, jmsuhy@graphfoundation.org and John.M.SuhyJr@irs.gov.

5. The term "PURETHINK" refers to PureThink LLC (https://purethink.com/) and its direct and indirect parents, subsidiaries, divisions, business units, directors, officers, employees, attorneys, agents, representatives, successors or assigns, and all other persons acting on behalf of any of them, including but not limited to SUHY and Tim Brown.

6. The term "IGOV" refers to iGov, Inc. (https://igovsol.com/), GraphStack (https://graphstack.io/) and its direct and indirect parents, subsidiaries, divisions, business units, directors, officers, employees, attorneys, agents, representatives, successors or assigns, and all other persons acting on behalf of any of them, including but not limited to SUHY, Tim Brown, Benjamin Nussbaum, and Bradley Nussbaum.

7. The term "EGOV SOLUTIONS" shall mean shall mean eGovernment Solutions Inc., and its direct and indirect parents, subsidiaries, divisions, business units, directors, officers, employees, attorneys, agents, representatives, successors or assigns, and all other persons acting on behalf of any of them, including but not limited to SUHY and Ashwani Mayur (ashwani@egovsol.com and ash@egovsol.com).

8. The term "GFI" shall mean Graph Foundation, Inc. and its direct and indirect parents, subsidiaries, divisions, business units, directors, officers, employees, attorneys, agents, representatives, successors or assigns, and all other persons acting on behalf of any of them, including but not limited to Bradley Nussbaum (brad@graphfoundation.org), Benjamin Nussbaum (ben@graphfoundation.org) and SUHY.

9. The term "ATOMRAIN" shall mean AtomRain, Inc. and its direct and indirect parents, subsidiaries, divisions, business units, directors, officers, employees, attorneys, agents,

2

representatives, successors or assigns, and all other persons acting on behalf of any of them, including but not limited to Bradley Nussbaum (brad@atomrain.com), Benjamin Nussbaum (ben@atomrain.com), Mike Woo, Tyler Friddle, Amanda Bouman and James Soliman.

10. The term "GRAPHGRID" shall mean GraphGrid, Inc. and its direct and indirect parents, subsidiaries, divisions, business units, directors, officers, employees, attorneys, agents, representatives, successors or assigns, and all other persons acting on behalf of any of them, including but not limited to Bradley Nussbaum (brad@graphgrid.com), Benjamin Nussbaum (ben@graphgrid.com), Mike Woo, Tyler Friddle, Amanda Bouman and James Soliman.

11. "COMMUNICATION" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

12. "DOCUMENT" means all "WRITINGS" and "RECORDINGS" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, ELECTRONIC DATA, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved. Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to,

all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

13. Whenever used herein the singular includes the plural and vice versa; the words "and," "and/or," and "or" are each deemed to refer to both their conjunctive and disjunctive meanings; the words "all" or "any" shall mean "any and all;" the word "including" means "including without limitation." Each of the terms in this paragraph should be interpreted as necessary in order to bring within the scope of the discovery request all responses or information that otherwise might be construed outside its scope.

## INSTRUCTIONS

1. Electronically stored information (ESI) must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligible. All ESI should be electronically searchable (i.e. OCR) and all Excel spreadsheets shall be produced in native format. All documents currently in electronic form shall be produced electronically in a single-page tiff, multi-page tiff, or multi-page pdf format with a database (.dat) load file complete with OCR as well as metadata for the following fields if available: To; From; cc; bcc; Subject; Email Body; Date Sent; Time Sent; Date Created; Date Modified; File Author; and MD5 Hash Value. NEO4J further requests that for image formatting, documents be produced in either as (a) PDFs with embedded text; or (b) PDFs with associated OCR text files where the OCR text is delivered in a separate file with the same name as the PDF file (ABC001.PDF and ABC001.TXT, for example). For all emails, please include their corresponding attachments and each individual email in a thread/chain/exchange. For files that are searchable in the native format (.DOC, .XLS, etc.), extracted text files are not required.

4893-0944-1061.3

If the files are not searchable (.TIF, .JPG, etc.) then OCR text files are needed in order to make the documents searchable. Requirements for delivering text files are as follows:

- Load files should not contain OCR or extracted text (i.e., text should not be submitted in a field within a Concordance DAT file). OCR or extracted text must be submitted as separate text files.
- Text files must be in multi-page format (one text file per document, not one text file per page).
- Page breaks in the text files are preferred but not necessary.
- Text files must have UTF-8 encoding to ensure proper indexing.

Please provide a Concordance .DAT load file with all metadata and production values.

2.   Produce entire DOCUMENTS, including attachments, enclosures, cover letters, memoranda, and appendices, with all staples and clips attached and with all associated file folders, dividers, and file labels. All DOCUMENTS shall be produced in the order and manner that they are kept in the usual course of business, or shall be organized and labeled to correspond with the categories of this subpoena. Whenever a DOCUMENT or group of DOCUMENTS is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label or other means of identification of such cover or other container shall be attached to the DOCUMENT. Each DOCUMENT is to be produced along with all drafts, without abbreviation or redaction. To the extent DOCUMENTS are maintained in both hard copy and electronic form, produce both forms.

3.   If any responsive DOCUMENT or thing was previously possessed directly by YOU, or any parent, subsidiary or affiliated corporation, or any of YOUR officers, directors, employees, agents representatives, or attorneys or in YOUR custody or control, but is no longer,

then identify the DOCUMENT or thing, and state why it is no longer in YOUR possession, custody or control and identify who currently has such possession, custody or control.

  4. For any DOCUMENT or thing otherwise responsive to these requests that YOU withhold based on a claim of attorney/client privilege, work product immunity, or some other privilege or immunity, then a privilege log must be provided that provides sufficient detail to enable the claim of privilege or immunity to be adjudicated, including:

  a. The identity of each DOCUMENT's author(s), writer(s), sender(s), or initiator(s);

  b. The identity of each DOCUMENT's recipient(s), addressee(s), carbon copy recipient(s), or party(ies) for whom it was intended;

  c. The date of creation or transmittal indicated on each DOCUMENT, or an estimate of that date, indicated as such, if no date appears on the DOCUMENT;

  d. The general subject matter as described on each DOCUMENT, or, if no such description appears, then some other description sufficient to identify the DOCUMENT; and

  e. The type of DOCUMENT or thing (e.g., letter or memorandum); and

  f. The claimed ground(s) for limitation of discovery (e.g., "attorney-client privilege" or "work product privilege").

  5. If no DOCUMENTS or things are responsive to a particular request, YOU are to state that no responsive DOCUMENTS or things exist.

  6. Any redacted DOCUMENT should be clearly stamped with the word "REDACTED," and the portions redacted should be clearly indicated.

  7. In the event YOU claim a request is overbroad, YOU shall produce DOCUMENTS responsive to that portion of the request YOU believe is unobjectionable and

specifically identify the respect in which the request is allegedly overbroad. If YOU contend a request, definition, or instruction is vague or ambiguous, YOU should identify what language YOU consider ambiguous and state the interpretation YOU are using in responding.

8.      If YOU or YOUR attorney know of the existence, past or present, of a requested DOCUMENT but it is not currently in the possession, custody, or control of YOUR or YOUR agents, representatives, or attorneys, identify the DOCUMENT and the individual in whose possession, custody, or control the DOCUMENT was last known to reside. For any DOCUMENT that no longer exists or that cannot be located, identify the DOCUMENT, state how and when it passed out of existence, or when it could no longer be located, and the reason for the disappearance. Also, identify each person having knowledge about the disposition or loss of the DOCUMENT, and identify any other DOCUMENT evidencing the lost DOCUMENT's existence or any facts about the lost DOCUMENT.

9.      If subsequent to service of an answer or objection to any request, YOU obtain or become aware of further DOCUMENTS or things pertaining to said request, YOU are required to serve an amended response producing such DOCUMENTS or things, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. If you obtain or discover additional DOCUMENTS after the time of the initial production, you must make a further and supplemental production without delay.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

DOCUMENTS and COMMUNICATIONS sufficient to show, establish or evidence each installation, deployment, development, implementation and use of ONgDB, GraphStack GDB and/or the Greystones Analytics Platform from January 1, 2018 to the present, including (a) how

it was or is being used; (b) the number of users; (c) the version(s) used; (d) the number of computers and servers running the software; (e) the numbers of CPU cores and memory per server or computer; and (f) the number of clusters and number of servers or computers per cluster.

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS and COMMUNICATIONS sufficient to show, establish or evidence each installation, deployment, development, implementation and use of ONgDB, GraphStack GDB and/or the Greystones Analytics Platform at the Department of Defense, including the Defense Logistics Agency, United States Army, United States Air Force and Air Force Research Labs, from January 1, 2018 to the present, including (a) how it was or is being used; (b) the number of users; (c) the version(s) used; (d) the number of computers and servers running the software; (e) the numbers of CPU cores and memory per server or computer; and (f) the number of clusters and number of servers or computers per cluster.

**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS and COMMUNICATIONS sufficient to show, establish or evidence each installation, deployment development, implementation and use of ONgDB, GraphStack GDB and/or the Greystones Analytics Platform at the Department of the Treasury, including the Internal Revenue Service, from January 1, 2018 to the present, including (a) how it was or is being used; (b) the number of users; (c) the version(s) used; (d) the number of computers and servers running the software; (e) the numbers of CPU cores and memory per server or computer; and (f) the number of clusters and number of servers or computers per cluster.

**REQUEST FOR PRODUCTION NO. 4:**

DOCUMENTS sufficient to show (a) YOUR acquisition, integration, implementation and use of ONgDB source code in the Greystones Analytics Platform, including development logs, developer documentation, developer and user guides, software architecture diagrams, revision histories and software licenses; and (b) how and where the source code for each version of ONgDB in the Greystones Analytics Platform was obtained by YOU (i.e. record of downloads from GitHub, Docker, and similar repositories and development platforms).

**REQUEST FOR PRODUCTION NO. 5:**

All invoices, purchase orders, sales orders, contracts, awards, procurements and/or agreements reflecting, evidencing, discussing and/or referring to the installation and/or integration of ONgDB, GraphStack GDB and/or the Greystones Analytics Platform, or the provision of services relating to ONgDB, GraphStack GDB and/or the Greystones Analytics Platform from January 1, 2018 to the present.

**REQUEST FOR PRODUCTION NO. 6:**

All invoices, purchase orders, sales orders, contracts, awards, procurements and/or agreements reflecting, evidencing, discussing and/or referring to YOUR provision of installation, integration, deployment, consulting, technical and/or development services to the Department of Defense, including the Defense Logistics Agency, United States Army and United States Air Force relating to ONgDB, GraphStack GDB and/or the Greystones Analytics Platform from January 1, 2018 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

All invoices, purchase orders, sales orders, contracts, awards, procurements and/or agreements reflecting, evidencing, discussing and/or referring to YOUR provision of installation,

integration, deployment, consulting, technical and/or development services to the Department of the Treasury, including the Internal Revenue Service, relating to ONgDB, GraphStack GDB and/or the Greystones Analytics Platform from January 1, 2018 to the present.

**REQUEST FOR PRODUCTION NO. 8:**

ALL COMMUNICATIONS with SUHY, IGOV, PURETHINK, EGOV SOLUTIONS, ATOMRAIN, GRAPHGRID and/or GFI referring to, discussing and/or concerning ONgDB, GraphStack GDB and/or the Greystones Analytics Platform from January 1, 2018 to the present.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS and COMMUNICATIONS reflecting, evidencing and/or discussing SUHY, IGOV, PURETHINK, EGOV SOLUTIONS, ATOMRAIN, GRAPHGRID and/or GFI providing consulting, technical, support and/or development services in relation to ONgDB, GraphStack GDB and/or the Greystones Analytics Platform.