John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Bar No. 197241
jratinoff@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:     (408) 286-9800
Facsimile:     (408) 998-4790

Attorneys for Plaintiff and Counter-Defendant
NEO4J, INC., NEO4J SWEDEN AB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, NEO4J SWEDEN AB, a Swedish corporation,<br><br>Plaintiffs,<br><br>v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br><br>Defendants. | CASE NO.  5:18-cv-07182-EJD<br><br>**REVISED JOINT STIPULATION AND [PROPOSED] ORDER FOR GREYSTONES CONSULTING GROUP, LLC'S PRODUCTION OF DOCUMENTS** |
| AND RELATED COUNTERCLAIM. | |

4871-2444-4994.3

1    Plaintiffs Neo4j, Inc. and Neo4j Sweden AB (collectively "Plaintiffs") and Non-Party

2  Greystones Consulting Group, LLC's ("Greystones") hereby stipulate and agree, by and through

3  their undersigned counsel, that the following specifications shall govern production of the

4  electronically stored information ("ESI") in Greystones email accounts in response to a

5  Document Subpoena attached hereto as **Exhibit A** ("Subpoena").

6                              **RECITALS**

7    WHEREAS, Greystones previously marketed its GreyRAVEN platform as being based on

8  ONgDB (the software accused of violating the Digital Millennial Copyright Act (DMCA) in the

9  above-entitled action) before developing its Greystones Analytics Platform (collectively,

10  "GreyRAVEN").

11    WHEREAS, Neo4j served the Subpoena on Greystones on October 19, 2022 with a

12  compliance date of November 4, 2022.  The Subpoena, *inter alia,* sought documents relating to

13  Greystones' development and use of GreyRAVEN in conjunction with two contracts that

14  Greystones received from the United States Air Force (USAF).  Such information is relevant to

15  assessing Plaintiffs' damages in relation to its Lanham Act and DMCA claims asserted against

16  Defendants PureThink LLC, iGov, Inc., and John Mark Suhy (collectively, "Defendants").

17    WHEREAS, Neo4j also served a deposition subpoena on Greystones on October 19, 2022

18  so that their deposition would be taken after their production of the aforementioned documents.

19    WHEREAS, Greystones has consented to this Court's jurisdiction to resolve any and all

20  disputes in relation to the subpoenas served by Plaintiffs.

21    WHEREAS, on November 20, 2022, Greystones produced 660 pages of contract

22  documents with financial information redacted and refused to search for and produce responsive

23  emails based on its concerns over the potential burden of searching its emails for responsive

24  documents.  As a result, Greystones, did not produce any responsive emails prior to the

25  deposition of its company representative.

26    WHEREAS, on December 1, 2022, Plaintiffs took the deposition of Greystones' Rule

27  30(b)(6) witness without the benefit of any responsive emails.

28  / / /

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO

4871-2444-4994.3

REVISED JOINT STIPULATION AND [PROPOSED] ORDER FOR GREYSTONES CONSULTING GROUP, LLC'S PRODUCTION OF
DOCUMENTS; CASE NO. 5:18-CV-07182-EJD

1    WHEREAS, Greystones testified during its deposition that Greystones had hired

2  Benjamin Nussbaum to develop GreyRAVEN (potentially utilizing ONgDB) in connection with

3  their USAF Small Business Innovative Research (SBIR) Phase II project.  Greystone further

4  testified that the only person who had actual knowledge of the use of ONgDB in GreyRAVEN

5  was Greystones' now former employee, Mr. Nussbaum.

6    WHEREAS, Mr. Nussbaum is also the co-owner of the three Defendants in a related

7  action entitled *Neo4j, Inc. v. Graph Foundation, Inc.*, Case No. 3:19-cv-06226-EJD ("GFI

8  Action"), where a judgment and permanent injunction was entered against them for the same

9  aforementioned DMCA violations.  *See* GFI Action, Dkt. No. 110.

10    WHEREAS, Greystones has identified approximately 8,000 emails within its email

11 system containing the term "ONgDB," 1,124 of those emails reside in Mr. Nussbaum's

12 Greystones email account.

13    WHEREAS, Plaintiffs and Greystones have met and conferred regarding Greystones'

14 compliance with the Subpoena and have reached an agreement on a two-phase process for the

15 search and production of responsive ESI as set forth below.

16                        **STIPULATION**

17 **I.     PROTOCOL FOR PHASE I SEARCH FOR GREYSTONES ESI**

18    1.     On or before **December 13, 2022**, Greystones will run and produce emails

19 responsive to the following non-case sensitive Boolean searches of ESI residing in all email

20 accounts assigned to and/or used by Benjamin Nussbaum:

21 - ("ONgDB" OR "NEO4J") AND ("AtomRain" OR "GraphGrid")

22 - ("ONgDB" OR "GraphStack" OR "GraphGrid" OR "NEO4J") AND
23   ("GreyRAVEN" OR "Grey Raven")

24 - ("ONgDB" OR "GraphStack" OR "GraphGrid" OR "NEO4J" OR "GreyRAVEN"
     OR "Grey Raven") AND ("USAF" OR "Air Force" OR "SBIR" OR "Phase" OR
25   "AFWIC")

26 - ("ONgDB" OR "GraphStack" OR "GraphGrid" OR "NEO4J" OR "GreyRAVEN"
     OR "Grey Raven") AND (@mail.mil OR @us.af.mil)

27 - ("ONgDB" OR "GraphStack" OR "GraphGrid" OR "NEO4J" OR "GreyRAVEN"
     OR "Grey Raven") AND ("consulting" OR "support" OR "services" OR
28   "deployment" OR "development" OR "prototype" OR "environment")

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO

4871-2444-4994.3

- 1 -

REVISED JOINT STIPULATION AND [PROPOSED] ORDER FOR GREYSTONES CONSULTING GROUP, LLC'S PRODUCTION OF
DOCUMENTS; CASE NO. 5:18-CV-07182-EJD

- ("ONgDB" OR "GraphStack" OR "GraphGrid" OR "NEO4J" OR "GreyRAVEN" OR "Grey Raven") AND ("dashboard" OR "graph" OR "knowledge" OR "model" OR "data" OR "CSV" OR "customize" OR "configure" OR "visualization" OR "architecture" OR "micro-service" OR "analyst OR "analyze" OR "node")

- ("ONgDB" OR "GraphStack" OR "GraphGrid" OR "NEO4J" OR "GreyRAVEN" OR "Grey Raven") AND ("AGPL" OR "restriction" OR "license" OR "open source" OR "server" OR "cpu" OR "memory" OR "ram" OR "core" OR "cluster" OR "causal" OR "commons clause" OR "free" OR "open source")

2.      The date limitation for the foregoing searches shall be from May 1, 2018 to the present.  Within five (5) days of running the forgoing searches on all email accounts assigned to and/or used by Benjamin Nussbaum, Greystones shall (a) provide a search report of the number of hits for each of the foregoing parameters; (b) produce all such non-privileged emails in accordance with Section III below; and (c) produce a privilege log of all emails withheld based on attorney-client privilege or the attorney work product doctrine.

3.      Plaintiffs shall have until **January 6, 2023** to provide notice to Greystones that the resulting production is insufficient to ascertain: (a) the acquisition, integration, implementation and use of ONgDB and/or Neo4j source code in GreyRAVEN; (b) how ONgDB was or is being used in GreyRAVEN; (c) the version(s) used; (d) the number of computers and servers running ONgDB; (e) the numbers of CPU cores and memory per server or computer; and (f) the number of clusters and number of servers or computers per cluster, then Plaintiffs shall provide written notice to Greystones.

4.      Within five (5) days of receiving such notice, Greystones shall produce all 1,124 emails containing the term "ONgDB" from the accounts assigned to and/or used by Benjamin Nussbaum in accordance with Section III.  To the extent that any such emails are subject a claim of privilege based on the attorney-client privilege or the attorney work product doctrine, Greystones shall also produce a privilege log of all emails withheld on that basis.

5.      Upon receiving the foregoing second production, Plaintiffs shall have until **February 3, 2023** to provide notice to Greystones that it is insufficient to ascertain: (a) the acquisition, integration, implementation and use of ONgDB and/or Neo4j source code in GreyRAVEN; (b) how ONgDB was or is being used in GreyRAVEN; (c) the version(s) used; (d) the number of computers and servers running ONgDB; (e) the numbers of CPU cores and

Hopkins & Carley
Attorneys At Law
San Jose ◆ Palo Alto

4871-2444-4994.3                                      - 2 -
REVISED JOINT STIPULATION AND [PROPOSED] ORDER FOR GREYSTONES CONSULTING GROUP, LLC'S PRODUCTION OF DOCUMENTS; CASE NO. 5:18-CV-07182-EJD

1   memory per server or computer; and (f) the number of clusters and number of servers or

2   computers per cluster, Plaintiffs shall provide written notice to Greystones and proceed with the

3   protocols of Section II below.

4   **II.      PROTOCOL FOR PHASE II SEARCH FOR GREYSTONES ESI**

5       1.      Within three (3) days of receiving written notice regarding the insufficiency of the

6   second production in Section II, Paragraph 5 above, Greystones will run and produce emails

7   responsive to the following non-case sensitive Boolean searches of ESI residing in all email

8   accounts:

9   - ("ONgDB" OR "NEO4J") AND ("AtomRain" OR "GraphGrid")

10  - ("ONgDB" OR "GraphStack" OR "GraphGrid" OR "NEO4J") AND
11    ("GreyRAVEN" OR "Grey Raven")

12  - ("ONgDB" OR "GraphStack" OR "GraphGrid" OR "NEO4J" OR "GreyRAVEN"
      OR "Grey Raven") AND ("USAF" OR "Air Force" OR "SBIR" OR "Phase" OR
13    "AFWIC")

14  - ("ONgDB" OR "GraphStack" OR "GraphGrid" OR "NEO4J" OR "GreyRAVEN"
      OR "Grey Raven") AND (@mail.mil OR @us.af.mil)

15  - ("ONgDB" OR "GraphStack" OR "GraphGrid" OR "NEO4J" OR "GreyRAVEN"
      OR "Grey Raven") AND ("consulting" OR "support" OR "services" OR
16    "deployment" OR "development" OR "prototype" OR "environment" )

17  - ("ONgDB" OR "GraphStack" OR "GraphGrid" OR "NEO4J" OR "GreyRAVEN"
      OR "Grey Raven") AND ("dashboard" OR "graph" OR "knowledge" OR "model"
18    OR "data" OR "CSV" OR "customize" OR "configure" OR "visualization" OR
      "architecture" OR "micro-service" OR "analyst OR "analyze" OR "node")
19

20  - ("ONgDB" OR "GraphStack" OR "GraphGrid" OR "NEO4J" OR "GreyRAVEN"
      OR "Grey Raven") AND ("AGPL" OR "restriction" OR "license" OR "open
      source" OR "server" OR "cpu" OR "memory" OR "ram" OR "core" OR "cluster"
21    OR "causal" OR "commons clause" OR "free" OR "open source")

22      2.      The date limitation for the foregoing searches shall be from May 1, 2018 to the

23  present.  Within ten (10) days of running the forgoing searches on all email accounts, Greystones

24  shall (a) provide a search report of the number of hits for each of the foregoing parameters; (b)

25  produce all such non-privileged emails in accordance with Section III below; and (c) produce a

26  privilege log of all emails withheld based on attorney-client privilege or the attorney work

27  product doctrine.

28  / / /

1    **III.    PROTOCOL FOR PRODUCTION OF GREYSTONES ESI**

2          The ESI collection shall be maintained in native form and all files will be assigned an

3    electronic control number, i.e. Greystones' production will be assigned a unique sequential

4    control number ("Native Production Set"). To the extent that a native file is converted to an OCR-

5    capable .PDF file for use in the underlying litigation as a declaration, deposition or trial exhibit, it

6    will be assigned a Bates number with a "GREY" prefix and the same sequential ten-digit number,

7    *e.g.* GREY0008675309.  For multiple page documents or emails with attachments, such files will

8    be sequentially numbered as follows GREY0008675309.001, GREY0008675309.002,

9    GREY0008675309.003, etc. and such Bates numbers will be affixed in the lower right hand

10   corner where practical.

11         Greystones will designate all produced documents appropriately under the Protective

12   Order. (Dkt. No. 34.) For all ESI in the Native Production Set, it shall be temporarily designated

13   as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order.

14   Greystones shall have thirty (30) days from the date of production to review the ESI and re-

15   designate and/or designate such ESI in a manner consistent with the Protective Order's definitions

16   of "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and

17   its prohibitions on blanket designations.  *See* Dkt. No. 34 at ¶¶ 1, 2.8 and 2.9. The designations

18   made to native documents shall also apply to their converted versions.

19         For any production of documents in connection with the Subpoena and this Stipulation,

20   Greystones will provide a declaration from a custodian of records authenticating the documents

21   produced. Greystones also agrees to de-duplicate its document productions to ensure that only

22   one unique copy of a document is produced. De-duplication will occur at the family level.

23   **IV.    FURTHER GREYSTONES DEPOSITION**

24         At Plaintiffs' election, Greystones will submit to an additional three (3) hour deposition of

25   Greystones Rule 30(b)(6) witness limited to the topic of documents produced pursuant to this

26   Stipulation. This deposition is exempt from the December 1, 2022, discovery cut-off and will

27   occur within fourteen (14) days after Greystones completes its final production pursuant to this

28   Stipulation.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

4871-2444-4994.3

- 4 -

REVISED JOINT STIPULATION AND [PROPOSED] ORDER FOR GREYSTONES CONSULTING GROUP, LLC'S PRODUCTION OF
DOCUMENTS; CASE NO. 5:18-CV-07182-EJD

1

**V.    GOOD FAITH MEET AND CONFER REQUIREMENTS**

2          The Parties shall make their reasonable and diligent efforts to comply with and resolve

3    any differences concerning compliance with this Stipulation.  If a dispute under this stipulation

4    arises, the Parties shall thereafter conduct a live meet and confer before a Party seeks relief from

5    the Court concerning compliance with the Stipulation. Greystones again expressly consents to the

6    jurisdiction of this Court to resolve any dispute related to this Stipulation and, as previously

7    agreed, consents to the jurisdiction of this Court to resolve any other discovery dispute related to

8    this action.

9          Any further dispute arising out of the production requirements in Sections II and III shall

10   be brought before the Court no later than **March 13, 2023**.  Any further dispute arising out of any

11   deposition that occurs pursuant to Section V shall be brought before the Court no later than

12   **March 31, 2023**.

13          IT IS SO STIPULATED.

14   Dated:  December 7, 2022              HOPKINS & CARLEY
                                          A Law Corporation
15

16
                                          By: _/s/ Jeffrey M. Ratinoff_____
17                                             Jeffrey M. Ratinoff
                                               Attorneys for Plaintiff and Counter-
18                                             Defendant NEO4J, INC.

19                                        MCMAHON, WELCH AND LEARNED,
                                          PLLC
20

21   Dated:  December 7, 2022              By: _/s/ Lewis P. Rhodes_____
                                               Lewis P. Rhodes
22                                             Attorneys for Non-Party GREYSTONES
                                               CONSULTANTS GROUPS, LLC
23

24

25   PURSUANT TO STIPULATION, IT IS SO ORDERED.

26

27   Dated: _____
                                          _____
28                                        Hon. Susan van Keulen
                                          UNITED STATES MAGISTRATE JUDGE

Hopkins & Carley
Attorneys At Law
San Jose ◆ Palo Alto

4871-2444-4994.3                                - 5 -
REVISED JOINT STIPULATION AND [PROPOSED] ORDER FOR GREYSTONES CONSULTING GROUP, LLC'S PRODUCTION OF
DOCUMENTS; CASE NO. 5:18-CV-07182-EJD

1

## **FILER'S ATTESTATION**

2          I, Jeffrey M. Ratinoff, am the ECF user whose credentials were utilized in the electronic

3   filing of this document. In accordance with N.D. Cal. Civil Local Rule 5-1(i)(3), I hereby attest

4   that all signatories hereto concur in this filing.

5   Dated:  December 7, 2022                    HOPKINS & CARLEY

6                                               A Law Corporation

7                                               By: */s/ Jeffrey M. Ratinoff*

8                                                   Jeffrey M. Ratinoff
                                                    Attorneys for Plaintiff and Counter-
9                                                   Defendant NEO4J, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4871-2444-4994.3

REVISED JOINT STIPULATION AND [PROPOSED] ORDER FOR GREYSTONES CONSULTING GROUP, LLC'S PRODUCTION OF
DOCUMENTS; CASE NO. 5:18-CV-07182-EJD

**EXHIBIT A**

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Northern District of California ▾

| | | |
|---|---|---|
| NEO4J, INC., et al. | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. 5:18-cv-07182-EJD |
| PURETHINK LLC, et al. | ) | |
| | ) | |
| | ) | |
| _Defendant_ | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:            Greystones Consulting Group, LLC
               300 M St. SE, Suite 325, Washington, DC 20003

_(Name of person to whom this subpoena is directed)_

☙ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment A

| Place: Inabnet Court Reporting | Date and Time: |
|---|---|
| 8551 Rixlew Lane, Suite 330 Manassas, VA 20109 | November 4, 2022, 11:00 a.m. ET |

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

        The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    10/14/2022

|  _CLERK OF COURT_ | | |
|---|---|---|
| | OR | |
| _____ | | /s/ Jeffrey M. Ratinoff |
| _Signature of Clerk or Deputy Clerk_ | | _Attorney's signature_ |

The name, address, e-mail address, and telephone number of the attorney representing _(name of party)_   Neo4j, Inc.
Jeffrey M. Ratinoff / Hopkins & Carley, a Law Corporation           , who issues or requests this subpoena, are:

70 S. First Street, San Jose, CA 95113 (408) 286-9800; jratinoff@hopkinscarley.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 5:18-cv-07182-EJD

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* <u>Greystones Consulting Group, LLC</u> on *(date)* <u>Oct 18, 2022, 3:13 pm</u>.

[X]   I served the subpoena by delivering a copy to the named individual as follows: <u>Authorized person served</u> on *(date)* <u>Wed, Oct 19 2022</u>; or

[ ]   I returned the subpoena unexecuted because: _____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ <u>0.00</u>.

My fees are $ <u>0.00</u> for travel and $ <u>110.00</u> for services, for a total of $ <u>110.00</u>.

I declare under penalty of perjury that this information is true.

Date: 10/24/2022

_____
*Server's signature*

Patricia Beard          ARRAY
_____
*Printed name and title*

18013 Sky Park Circle, Suite C, Irvine CA 92614
_____
*Server's address*

Additional information regarding attempted service, etc.:
1) Successful Attempt: Oct 19, 2022, 10:40 am PDT at 604 Cameron St, Alexandria, VA 22314 received by Elaine Nelson, Authorized to accept service ( Employee of Damiani & Damiani ) .
Authorized person served

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**ATTACHMENT A**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiffs Neo4j, Inc. and

Neo4j Sweden AB (collectively "Plaintiffs") request that Greystones Consulting Group, LLC

electronically produce for inspection and copying the documents set forth below at the location,

date, and time specified within the attached subpoena, or at a location, date, and time mutually

agreed upon between counsel.

## <u>DEFINITIONS</u>

The following definitions and instructions are applicable to and incorporated by reference

in each Document Request.

1.      The terms "YOU" and YOUR" refers to Greystones Consulting Group, LLC as

well as its divisions, departments, subdivisions, groups, agents, servants, mangers, members,

employees, representatives (including attorneys), contractors, subcontractors, and other persons

or entities directly or indirectly subject to Greystones Consulting Group, LLC's control.

2.      The terms "PLAINTIFFS" or "NEO4J" refers to Plaintiffs Neo4j, Inc. and Neo4j

Sweden AB, and their direct and indirect parents, subsidiaries, business units, officers, directors,

employees, attorneys, agents, representatives, successors or assigns, and all other persons acting

on behalf of any of them.

3.      The term NEO4J SOFTWARE refers to any and all versions of Neo4j® graph

database software, including but not limited to Neo4j® Enterprise Edition, Neo4j® Core and

Neo4j® Community Edition and Neo4j Government Edition.

4.      The term "SUHY" refers to Defendant John Mark Suhy, and the following email

accounts: jmsuhy@igovsol.com, jmsuhy@purethink.com, jmsuhy@graphstack.io,

1

jmsuhy@egovsol.com, jmsuhy@gmail.com, jmsuhy@graphfoundation.org and
John.M.SuhyJr@irs.gov.

5.      The term "PURETHINK" refers to PureThink LLC (https://purethink.com/) and
its direct and indirect parents, subsidiaries, divisions, business units, directors, officers,
employees, attorneys, agents, representatives, successors or assigns, and all other persons acting
on behalf of any of them, including but not limited to SUHY and Tim Brown.

6.      The term "IGOV" refers to iGov, Inc. (https://igovsol.com/), GraphStack
(https://graphstack.io/) and its direct and indirect parents, subsidiaries, divisions, business units,
directors, officers, employees, attorneys, agents, representatives, successors or assigns, and all
other persons acting on behalf of any of them, including but not limited to SUHY, Tim Brown,
Benjamin Nussbaum, and Bradley Nussbaum.

7.      The term "EGOV SOLUTIONS" shall mean shall mean eGovernment Solutions
Inc., and its direct and indirect parents, subsidiaries, divisions, business units, directors, officers,
employees, attorneys, agents, representatives, successors or assigns, and all other persons acting
on behalf of any of them, including but not limited to SUHY and Ashwani Mayur
(ashwani@egovsol.com and ash@egovsol.com).

8.      The term "GFI" shall mean Graph Foundation, Inc. and its direct and indirect
parents, subsidiaries, divisions, business units, directors, officers, employees, attorneys, agents,
representatives, successors or assigns, and all other persons acting on behalf of any of them,
including but not limited to Bradley Nussbaum (brad@graphfoundation.org), Benjamin
Nussbaum (ben@graphfoundation.org) and SUHY.

9.      The term "ATOMRAIN" shall mean AtomRain, Inc. and its direct and indirect
parents, subsidiaries, divisions, business units, directors, officers, employees, attorneys, agents,

representatives, successors or assigns, and all other persons acting on behalf of any of them, including but not limited to Bradley Nussbaum (brad@atomrain.com), Benjamin Nussbaum (ben@atomrain.com), Mike Woo, Tyler Friddle, Amanda Bouman and James Soliman.

10. The term "GRAPHGRID" shall mean GraphGrid, Inc. and its direct and indirect parents, subsidiaries, divisions, business units, directors, officers, employees, attorneys, agents, representatives, successors or assigns, and all other persons acting on behalf of any of them, including but not limited to Bradley Nussbaum (brad@graphgrid.com), Benjamin Nussbaum (ben@graphgrid.com), Mike Woo, Tyler Friddle, Amanda Bouman and James Soliman.

11. "COMMUNICATION" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

12. "DOCUMENT" means all "WRITINGS" and "RECORDINGS" as those terms are defined in Rule 34 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence, including all writings and records of every type and description including, but not limited to, contracts, agreements, correspondence, memoranda, letters, facsimiles, electronic mail ("e-mail"), records of telephone conversations, handwritten and typewritten notes of any kind, statements, reports, minutes, recordings, transcripts and summaries of meetings, ELECTRONIC DATA, voice recordings, pictures, photographs, drawings, computer cards, tapes, discs, printouts and records of all types, studies, instruction manuals, policy manuals and statements, books, pamphlets, invoices, canceled checks and every other device or medium by which or through which information of any type is transmitted, recorded or preserved. Without any limitation on the foregoing, the term "DOCUMENT" shall include all copies that differ in any respect from the original or other versions of the DOCUMENT, including, but not limited to,

4893-0944-1061.3

all drafts and all copies of such drafts or originals containing initials, comments, notations, insertions, corrections, marginal notes, amendments or any other variation of any kind.

13.     Whenever used herein the singular includes the plural and vice versa; the words "and," "and/or," and "or" are each deemed to refer to both their conjunctive and disjunctive meanings; the words "all" or "any" shall mean "any and all;" the word "including" means "including without limitation." Each of the terms in this paragraph should be interpreted as necessary in order to bring within the scope of the discovery request all responses or information that otherwise might be construed outside its scope.

## INSTRUCTIONS

1.     Electronically stored information (ESI) must be produced in an intelligible format or together with a description of the system from which it was derived sufficient to permit rendering the materials intelligible.  All ESI should be electronically searchable (i.e. OCR) and all Excel spreadsheets shall be produced in native format.  All documents currently in electronic form shall be produced electronically in a single-page tiff, multi-page tiff, or multi-page pdf format with a database (.dat) load file complete with OCR as well as metadata for the following fields if available: To; From; cc; bcc; Subject; Email Body; Date Sent; Time Sent; Date Created; Date Modified; File Author; and MD5 Hash Value.  NEO4J further requests that for image formatting, documents be produced in either as (a) PDFs with embedded text; or (b) PDFs with associated OCR text files where the OCR text is delivered in a separate file with the same name as the PDF file (ABC001.PDF and ABC001.TXT, for example).  For all emails, please include their corresponding attachments and each individual email in a thread/chain/exchange.  For files that are searchable in the native format (.DOC, .XLS, etc.), extracted text files are not required.

4

If the files are not searchable (.TIF, .JPG, etc.) then OCR text files are needed in order to make the documents searchable.   Requirements for delivering text files are as follows:

- Load files should not contain OCR or extracted text (i.e., text should not be submitted in a field within a Concordance DAT file). OCR or extracted text must be submitted as separate text files.

- Text files must be in multi-page format (one text file per document, not one text file per page).

- Page breaks in the text files are preferred but not necessary.

- Text files must have UTF-8 encoding to ensure proper indexing.

Please provide a Concordance .DAT load file with all metadata and production values.

2.      Produce entire DOCUMENTS, including attachments, enclosures, cover letters, memoranda, and appendices, with all staples and clips attached and with all associated file folders, dividers, and file labels. All DOCUMENTS shall be produced in the order and manner that they are kept in the usual course of business, or shall be organized and labeled to correspond with the categories of this subpoena. Whenever a DOCUMENT or group of DOCUMENTS is removed from a file folder, binder, file drawer, file box, notebook, or other cover or container, a copy of the label or other means of identification of such cover or other container shall be attached to the DOCUMENT. Each DOCUMENT is to be produced along with all drafts, without abbreviation or redaction. To the extent DOCUMENTS are maintained in both hard copy and electronic form, produce both forms.

3.      If any responsive DOCUMENT or thing was previously possessed directly by YOU, or any parent, subsidiary or affiliated corporation, or any of YOUR officers, directors, employees, agents representatives, or attorneys or in YOUR custody or control, but is no longer,

4893-0944-1061.3

then identify the DOCUMENT or thing, and state why it is no longer in YOUR possession, custody or control and identify who currently has such possession, custody or control.

4.     For any DOCUMENT or thing otherwise responsive to these requests that YOU withhold based on a claim of attorney/client privilege, work product immunity, or some other privilege or immunity, then a privilege log must be provided that provides sufficient detail to enable the claim of privilege or immunity to be adjudicated, including:

a.     The identity of each DOCUMENT's author(s), writer(s), sender(s), or initiator(s);

b.     The identity of each DOCUMENT's recipient(s), addressee(s), carbon copy recipient(s), or party(ies) for whom it was intended;

c.     The date of creation or transmittal indicated on each DOCUMENT, or an estimate of that date, indicated as such, if no date appears on the DOCUMENT;

d.     The general subject matter as described on each DOCUMENT, or, if no such description appears, then some other description sufficient to identify the DOCUMENT; and

e.     The type of DOCUMENT or thing (e.g., letter or memorandum); and

f.     The claimed ground(s) for limitation of discovery (e.g., "attorney-client privilege" or "work product privilege").

5.     If no DOCUMENTS or things are responsive to a particular request, YOU are to state that no responsive DOCUMENTS or things exist.

6.     Any redacted DOCUMENT should be clearly stamped with the word "REDACTED," and the portions redacted should be clearly indicated.

7.     In the event YOU claim a request is overbroad, YOU shall produce DOCUMENTS responsive to that portion of the request YOU believe is unobjectionable and

6

specifically identify the respect in which the request is allegedly overbroad. If YOU contend a request, definition, or instruction is vague or ambiguous, YOU should identify what language YOU consider ambiguous and state the interpretation YOU are using in responding.

8.      If YOU or YOUR attorney know of the existence, past or present, of a requested DOCUMENT but it is not currently in the possession, custody, or control of YOUR or YOUR agents, representatives, or attorneys, identify the DOCUMENT and the individual in whose possession, custody, or control the DOCUMENT was last known to reside. For any DOCUMENT that no longer exists or that cannot be located, identify the DOCUMENT, state how and when it passed out of existence, or when it could no longer be located, and the reason for the disappearance. Also, identify each person having knowledge about the disposition or loss of the DOCUMENT, and identify any other DOCUMENT evidencing the lost DOCUMENT's existence or any facts about the lost DOCUMENT.

9.      If subsequent to service of an answer or objection to any request, YOU obtain or become aware of further DOCUMENTS or things pertaining to said request, YOU are required to serve an amended response producing such DOCUMENTS or things, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. If you obtain or discover additional DOCUMENTS after the time of the initial production, you must make a further and supplemental production without delay.

## **REQUESTS FOR PRODUCTION**

### **REQUEST FOR PRODUCTION NO. 1:**

DOCUMENTS and COMMUNICATIONS sufficient to show, establish or evidence each installation, deployment, development, implementation and use of ONgDB, GraphStack GDB and/or the Greystones Analytics Platform from January 1, 2018 to the present, including (a) how

4893-0944-1061.3

it was or is being used; (b) the number of users; (c) the version(s) used; (d) the number of computers and servers running the software; (e) the numbers of CPU cores and memory per server or computer; and (f) the number of clusters and number of servers or computers per cluster.

**REQUEST FOR PRODUCTION NO. 2:**

DOCUMENTS and COMMUNICATIONS sufficient to show, establish or evidence each installation, deployment, development, implementation and use of ONgDB, GraphStack GDB and/or the Greystones Analytics Platform at the Department of Defense, including the Defense Logistics Agency, United States Army, United States Air Force and Air Force Research Labs, from January 1, 2018 to the present, including (a) how it was or is being used; (b) the number of users; (c) the version(s) used; (d) the number of computers and servers running the software; (e) the numbers of CPU cores and memory per server or computer; and (f) the number of clusters and number of servers or computers per cluster.

**REQUEST FOR PRODUCTION NO. 3:**

DOCUMENTS and COMMUNICATIONS sufficient to show, establish or evidence each installation, deployment development, implementation and use of ONgDB, GraphStack GDB and/or the Greystones Analytics Platform at the Department of the Treasury, including the Internal Revenue Service, from January 1, 2018 to the present, including (a) how it was or is being used; (b) the number of users; (c) the version(s) used; (d) the number of computers and servers running the software; (e) the numbers of CPU cores and memory per server or computer; and (f) the number of clusters and number of servers or computers per cluster.

4893-0944-1061.3

**REQUEST FOR PRODUCTION NO. 4:**

DOCUMENTS sufficient to show (a) YOUR acquisition, integration, implementation and use of ONgDB source code in the Greystones Analytics Platform, including development logs, developer documentation, developer and user guides, software architecture diagrams, revision histories and software licenses; and (b) how and where the source code for each version of ONgDB in the Greystones Analytics Platform was obtained by YOU (i.e. record of downloads from GitHub, Docker, and similar repositories and development platforms).

**REQUEST FOR PRODUCTION NO. 5:**

All invoices, purchase orders, sales orders, contracts, awards, procurements and/or agreements reflecting, evidencing, discussing and/or referring to the installation and/or integration of ONgDB, GraphStack GDB and/or the Greystones Analytics Platform, or the provision of services relating to ONgDB, GraphStack GDB and/or the Greystones Analytics Platform from January 1, 2018 to the present.

**REQUEST FOR PRODUCTION NO. 6:**

All invoices, purchase orders, sales orders, contracts, awards, procurements and/or agreements reflecting, evidencing, discussing and/or referring to YOUR provision of installation, integration, deployment, consulting, technical and/or development services to the Department of Defense, including the Defense Logistics Agency, United States Army and United States Air Force relating to ONgDB, GraphStack GDB and/or the Greystones Analytics Platform from January 1, 2018 to the present.

**REQUEST FOR PRODUCTION NO. 7:**

All invoices, purchase orders, sales orders, contracts, awards, procurements and/or agreements reflecting, evidencing, discussing and/or referring to YOUR provision of installation,

integration, deployment, consulting, technical and/or development services to the Department of the Treasury, including the Internal Revenue Service, relating to ONgDB, GraphStack GDB and/or the Greystones Analytics Platform from January 1, 2018 to the present.

**REQUEST FOR PRODUCTION NO. 8:**

ALL COMMUNICATIONS with SUHY, IGOV, PURETHINK, EGOV SOLUTIONS, ATOMRAIN, GRAPHGRID and/or GFI referring to, discussing and/or concerning ONgDB, GraphStack GDB and/or the Greystones Analytics Platform from January 1, 2018 to the present.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS and COMMUNICATIONS reflecting, evidencing and/or discussing SUHY, IGOV, PURETHINK, EGOV SOLUTIONS, ATOMRAIN, GRAPHGRID and/or GFI providing consulting, technical, support and/or development services in relation to ONgDB, GraphStack GDB and/or the Greystones Analytics Platform.

10

1

<u>**PROOF OF SERVICE**</u>

2

I, Diana L. Hodges, declare:

3

I am a citizen of the United States and employed in Santa Clara County, California.  I am

4

over the age of eighteen years and not a party to the within-entitled action.  My business address

5

is The Letitia Building, 70 South First Street, San Jose, California  95113-2406.  On December 7,

6

2022, I served a copy of the following document:

7

8

**REVISED JOINT STIPULATION AND [PROPOSED] ORDER FOR GREYSTONES CONSULTING GROUP, LLC'S PRODUCTION OF DOCUMENTS**

9

10

11

☒      by electronically mailing a true and correct copy through Hopkins & Carley's electronic mail system to the email addresses set forth below, or as stated on the attached service list per agreement in accordance with Code of Civil Procedure section 1010.6(a)(6).

12

13

14

15

Lewis P. Rhodes
McMahon, Welch and Learned, PLLC
2100 Reston Parkway, Suite 450
Reston, VA 20191
*Email: lrhodes@mwllegal.com*

16

*Counsel for Greystones Consulting Group, LLC*

17

I declare under penalty of perjury under the laws of the State of California that the above

18

is true and correct.

19

Executed on December 7, 2022, at San Jose, California.

20

21

_____
Diana L. Hodges

22

23

24

25

26

27

28

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ PALO ALTO

4871-2444-4994.3

REVISED JOINT STIPULATION AND [PROPOSED] ORDER FOR GREYSTONES CONSULTING GROUP, LLC'S PRODUCTION OF DOCUMENTS; CASE NO. 5:18-CV-07182-EJD