December 8, 2022

Magistrate Judge Susan van Keulen
United States District Court
280 South 1st Street
Courtroom 6, 4th Floor
San Jose, CA 95113

> Re: *Neo4j, Inc. v. PureThink LLC, et al.*, Case No.: 5:18-cv-07182-EJD,
> *Statement re Defendants' Noncompliance with ESI Stipulation*

Dear Magistrate van Keulen:

Plaintiffs Neo4j Sweden AB and Neo4j Inc. (collectively, "Neo4j") and Defendants John Mark Suhy ("Suhy"), iGov Inc.'s ("iGov"), and PureThink LLC (collectively, "Defendants") have a dispute concerning their compliance with the November 8, 2022 Joint Stipulation for ESI Extraction from Defendants' Email Accounts ("ESI Stipulation"). Dkt 154. Specifically, Defendants agreed to permit Neo4j's e-discovery vendor, OpenText, access to Suhy's jmsuhy@egovsol.com email account but never took all the necessary steps to allow OpenText access ahead of Suhy's November 28 deposition. The discovery cut-off was **December 1, 2022,** and the last day to file this letter brief is **December 8, 2022.** Dkt. Nos. 146-147. There is no trial date set.

1. **Neo4j's Position on the Parties' Discovery Dispute**

   a. **Neo4j Obtained the ESI Stipulation After Defendants Misrepresented the Completeness of their Search of ESI and Failed to Comply with Their Discovery Obligations**

The emails produced by eGovernment Solutions ("eGov Sol"), Analytica LLC and ASR Analytics LLC and their depositions taken in response to Neo4j's subpoenas made it clear that Defendants had misrepresented the non-existence of those same emails in their discovery responses and Suhy's June 3, 2022 declaration of his purported diligent and reasonable searches for responsive documents. On whole, Neo4j learned that Defendants failed to conduct searches of their email accounts as claimed under oath, including from Suhy's numerous email accounts, including his jmsuhy@egovsol.com account. In particular, eGov Sol testified that only Suhy could provide access to his jmsuhy@egovsol.com via two-factor authentication. This partially explained why eGov Sol had failed to make a meaningful production from that account in response to the subpoena propounded by Neo4j.

Neo4j engaged in extensive email and telephonic meet and confer discussions with Defendants, and seemingly had resolved the issue of Defendants' gross non-compliance via the ESI Stipulation. These discussions continued for weeks after this Court signed the ESI Stipulation

as an order. Defendants, however, are still refusing to grant Neo4j and its e-discovery vendor, OpenText, access to Suhy's jmsuhy@egovsol.com email account to conduct a forensically sound extraction of responsive emails.

### b. Defendants Failed to Complying with the ESI Stipulation

Under the ESI Stipulation Defendants agreed to "use reasonable and diligent efforts to resolve any impediments…that would prevent OpenText [Neo4j's e-Discovery vendor] from conducting the agreed upon searches, including…providing two-factor authentication" but, instead, engaged in a pattern and practice of delay to run out the discovery clock. Dkt. 154 at 1:22-25. To start, Defendants agreed to provide OpenText with all necessary credentials to extract ESI from six of Suhy's email accounts by November 11, 2022. *Id.* at 1:19-22. Suhy was also required to coordinate with OpenText to grant access to the email accounts that required two-factor authentication, such as the jmsuhy@egovsol.com. *Id.* at 1:22-25. However, Suhy's lack of cooperation and obstructionist tactics prevented OpenText from conducting forensically sound extractions.

On November 15, OpenText discovered that two email addresses were not recognized by Google and two other email addresses had incorrect passwords. Over the next week the parties met and conferred regarding Suhy (1) generating passwords with locked down rights that interfered with OpenText forensic tools; (2) requesting instructions so he could collect the emails himself when his generated passwords interfered with OpenText forensic tools; (3) demanding that label and folder metadata be excluded from collection; (4) demanding that all data collected be made available to him first for his review; (5) claiming that one of the email accounts was no longer active and would require reactivation; and (6) representing in the ESI Stipulation that all six email accounts were located on the Cloud (IMAP) when some were actually hosted locally on a single PC (POP) and then falsely claiming that OpenText's forensic tools could not use POP. None of these issues were raised prior to entering the ESI Stipulation

Suhy's attempt to limit OpenText's access to POP collection instead of the initially agreed upon Cloud/IMAP collection (Dkt. 154 at 2:1-15) is worrisome as it is prone to discovery abuse. POP is not used for forensically collecting data except as a last resort because of the significant issues with the way it treats data – meaning OpenText cannot be sure they have collected all relevant data that the ESI Stipulation directed to be preserved. POP does not allow for metadata such as folders or labels to be captured and is thus not considered a forensically sound means of collecting emails when other methods such as Cloud/IMAP collection exist. Yet, Suhy insisted OpenText conduct a POP collection.

On November 21, 2022, the parties met and conferred where Neo4j was led to believe these issues were resolved when Defendants agreed to provide updated credentials and cooperate with a forensically sound IMAP collection. On December 1, 2022, after having completed all other collections, OpenText discovered it could not access the jmsuhy@egovsol.com account. The next day, OpenText informed Neo4j of this issue and requested that Suhy provide the required App specific password and enable IMAP as he had done for his other email accounts. Counsel for Neo4j

immediately raised this issue with counsel for Defendants, while OpenText continued to request that Suhy provide access as stipulated. These requests were ignored.

On December 7, counsel for Defendants confirmed they were refusing to comply and sought to shift the blame to Neo4j and OpenText based on claims that Suhy provided credentials on November 11 and that OpenText had access until the December 1 discovery cut-off. Neither claim is true. As detailed above, OpenText did not have a means to conduct a forensically sound extraction from the jmsuhy@egovsol.com account between November 11 and November 21. Likewise, OpenText's attempt to again access the jmsuhy@egovsol.com account on December 1 revealed that the credentials to access this account expired on or about November 18, 2022, which means that Suhy never changed the account to an App specific password nor enabled IMAP on November 21 as previously represented. Thus, Defendants' assertion that Neo4j could have conducted a forensically sound collection from the jmsuhy@egovsol.com account prior to the cutoff was made impossible by Suhy's refusal to "use reasonable and diligent efforts to resolve any impediments" as required by the ESI Stipulation.

Contrary to Defendants, Plaintiffs are not attempting to "extend" the discovery cut-off or obtain indefinite access to the jmsuhy@egovsol.com account. Rather, Plaintiffs are simply seeking the one-time extraction and search they were entitled to under the ESI Stipulation that was entered as an order of the Court *before* the fact discovery cut-off. In that regard, the only ones that shoulder any blame in delaying compliance therewith is Defendants. Had they initially complied with their discovery obligations, the ESI Stipulation would not have been necessary. Had Defendants adhered to their agreement under the ESI Stipulation at the outset, OpenText would have been able to complete its collection weeks ago before the discovery cut-off. Defendants cannot use problems of their own making to run out the clock and escape their agreed-upon obligations under the ESI Stipulation. *ProDox, LLC v. Pro. Document Servs., Inc.*, 341 F.R.D. 679, 685–86 (D. Nev. 2022) ("the Court will not countenance an attorney's attempt to renege on his prior agreement as a means to gain a litigation advantage"). Their systematic efforts to prevent Neo4j access to the jmsuhy@egovsol.com account raises a reasonable inference they are attempting to hide unfavorable evidence that resides in that account. Accordingly, Neo4j respectfully requests that Your Honor compel Defendants to provide the credentials that will enable OpenText to conduct a forensically sound collection of that email account.

### c. Neo4j's Proposed Compromise

Neo4j proposes that the Defendants comply with their obligations as contemplated by the ESI Stipulation, providing OpenText the credentials necessary to access the jmsuhy@egovsol.com, enabling IMAP for this account, and requiring that Defendants use their best efforts to resolve any other issues that impede forensically sound collection efforts. Defendants will suffer no prejudice if Your Honor orders this compromise, as they had already agreed to provide access to this account and allow the extraction of responsive emails pursuant to the ESI Stipulation.

2. **Defendants' Position on the Parties' Discovery Dispute**

   a. **Defendants' have complied with the stipulation.**

   Defendants' provided a password to the jmsuhy@egovsol.com email account ("Account") to Plaintiffs on November 11th. That allowed Plaintiffs to access that email account long before discovery closed. Defendants provided exhaustive levels of support to OpenText to access the Account, well beyond the reasonable and diligent efforts required by the stipulation. These efforts are well documented and Mr. Suhy is prepared to testify on his compliance with the Plaintiffs who confirmed access to Mr. Suhy's email accounts on November 21st, stating "we have confirmation that the information provided this morning to OpenText allowed access to Mr. Suhy's email accounts." Defendants closed access to the Account following the December 1st close of fact discovery. OpenText had broad access rights to the Account and full assistance from Mr. Suhy from November 11th through December 1st. It appears Plaintiffs did not access the account during discovery and now seek an extension because of Plaintiff's failure to access the information during discovery.

   b. **Plaintiffs seek to extend the discovery cut-off through continued access to the account.**

   On December 2nd, after discovery closed, Plaintiffs requested that the access to the Account be renewed. Defendants denied this request as an impermissible extension of the discovery period. Following the Plaintiff's November 21st email, no requests for assistance to access the Account were made until after the discovery cut-off. Plaintiffs claim that the close of fact discovery does not apply to the Joint Stipulation for ESI Extraction from Defendants' Email Accounts (DKT 154) ("Stipulation"). The Stipulation does not provide for an extension of the close of fact discovery. Pursuant to Civil Local Rule 37-3, "Discovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown." The applicability of this principle to stipulations was shown by this Court in its denial of the open-ended Stipulation and Proposed Order for Greystones Consulting Group, LLC's production of documents (DKT 161). Plaintiffs request the court order that:

   1. Plaintiff's motion is denied in its entirety.

   2. The Joint Stipulation for ESI Extraction from Defendants' Email Accounts (DKT 154) does not require Defendants to provide access to any email accounts following the December 1, 2022 close of fact discovery.

   c. **Defendants' Compromises**

Defendants have made substantial discovery compromises in this litigation, including a six-month extension to the fact discovery period, over fifteen and a half hours of deposition testimony, direct access to Defendants' email accounts through Plaintiff's' vendor, and numerous supplemental productions and amended responses. Should Plaintiffs' motion be granted, Plaintiffs' will no doubt seek further written discovery and deposition testimony based on what Plaintiffs' will claim is

Magistrate Judge Susan van Keulen
December 8, 2022
Page 5

Defendants' late production of emails, and the over 3 years period of discovery in this case will continue to drag on. Defendants have compromised, but now ask this court to bring discovery to a close.

    Respectfully Submitted,

HOPKINS & CARLEY
A Law Corporation

| */s/ Jeffrey M. Ratinoff* | */s/ Adron G. Beene* |
|---|---|
| John V. Picone III | Adron W. Beene |
| Jeffrey M. Ratinoff | Adron G. Beene |
| Attorneys for Plaintiffs and Counter-Defendants NEO4J, INC. and NEO4J SWEDEN AB | Attorneys for Defendants and Counterclaimants PURETHINK LLC, IGOV INC., and JOHN MARK SUHY |

## ATTESTATION OF E-FILED SIGNATURE

  Pursuant to Local Rule 5-1(i)(3), I hereby certify that I have obtained the concurrence in the filing of this document from all signatories for whom a signature is indicated by a "conformed" signature (/s/) within this electronically filed document and I have on file records to support this concurrence for subsequent production to the Court if so ordered or for inspection upon request.

Dated:  December 8, 2022

HOPKINS & CARLEY
A Law Corporation


*/s/ Jeffrey M. Ratinoff*
John V. Picone III
Jeffrey M. Ratinoff
Attorneys for Plaintiffs and Counter-Defendants
NEO4J, INC. and NEO4J SWEDEN AB

4895-6143-6482.7