1   John V. Picone III, Bar No. 187226
    jpicone@hopkinscarley.com
2   Jeffrey M. Ratinoff, Bar No. 197241
    jratinoff@hopkinscarley.com
3   HOPKINS & CARLEY
    A Law Corporation
4   The Letitia Building
    70 South First Street
5   San Jose, CA  95113-2406

6   *mailing address:*
    P.O. Box 1469
7   San Jose, CA 95109-1469
    Telephone:      (408) 286-9800
8   Facsimile:      (408) 998-4790

9   Attorneys for Plaintiffs
    NEO4J, INC. and NEO4J SWEDEN AB
10
    Adron W. Beene, Bar No. 129040
11  adron@adronlaw.com
    Adron G. Beene SB# 298088
12  adronjr@adronlaw.com
    Attorney at Law
13  7960 Soquel Drive Suite #296
    Aptos, CA 95003
14  Tel: (408) 392-9233

15  Attorneys for Defendants and
    Counterclaimants PURETHINK LLC,
16  IGOV INC., and JOHN MARK SUHY

17              UNITED STATES DISTRICT COURT

18             NORTHERN DISTRICT OF CALIFORNIA

19  NEO4J, INC., a Delaware corporation, and      CASE NO.  5:18-cv-07182-EJD
    NEO4J SWEDEN AB, a Swedish
20  corporation,                                  **UPDATED JOINT TRIAL SETTING
                                                  CONFERENCE STATEMENT**
21                  Plaintiffs,

22          v.

23  PURETHINK LLC, a Delaware limited
    liability company, IGOV INC., a Virginia
24  corporation, and JOHN MARK SUHY, an
    individual,
25
                    Defendants.
26
    AND RELATED COUNTERCLAIMS.
27

28

4861-5933-9072.6

UPDATED JOINT TRIAL SETTING CONFERENCE STATEMENT                    5:18-CV-07182-EJD

Plaintiffs and Counter-Defendants Neo4j, Inc. and Neo4j Sweden AB (collectively "Plaintiffs" or "Neo4j") and Defendants and Counterclaimants PureThink LLC and iGov, Inc., and Defendant John Mark Suhy (collectively "Defendants"), by and through their undersigned attorneys, and in accordance with the Clerk's Notice regarding the Order Continuing the Trial Setting Conference (Dkt. 166) and this Court's Standing Order for Civil Cases, respectfully submit this Joint Trial Setting Conference Statement as follows:

## I.    JURISDICTION

*Plaintiffs' Statement*: The Court's jurisdiction over the subject matter of this action is predicated, pursuant to 28 U.S.C. § 1331, on Plaintiffs asserting claims pursuant to the Federal Trademark Act (the "Lanham Act"), 15 U.S.C. § 1051 et seq., and the Digital Millennium Copyright Act (DMCA), 17 U.S.C. § 1201 et seq.  The remainder of Plaintiffs' claims are subject to the supplement jurisdiction of this Court, pursuant to 28 U.S.C. §§ 1338(b) and 1367.

*Defendants' Statement*: The counterclaim filed by Defendants PureThink LLC and iGov, Inc. is compulsory under Federal Rule of Civil Procedure §13(a) and this Court has supplemental jurisdiction under 28 USC § 1367(a).

## II.    SUBSTANCE OF THE ACTION

On November 28, 2018, Neo4j, Inc. filed suit against PureThink and its successor-in-interest iGov, along with their founder John Mark Suhy (collectively "Defendants") for violations of the Lanham Act and California's Unfair Competition Law, Cal. Bus. Prof. Code §§ 17200 et seq. Dkt. No. 1. These claims were primarily based on Defendants' infringement of Neo4j USA's federally registered Neo4j mark and the false advertising in relation thereto that occurred between July 2017 and the time of filing. Neo4j, Inc. also asserted a claim for breach of a reseller agreement that Defendants had entered into in September 2014 (the "Partner Agreement") and was terminated in July 2017 due to that breach. *See* Dkt. No. 1.

On February 9, 2019, Defendants filed their original counterclaim. Dkt. No. 22. Defendants, *inter alia*, asserted causes of actions for (1) intentional interference with prospective economic advantage; (2) intentional interference with contract; (3) declaratory relief on whether certain post-termination restrictions in the Partner Agreement violated Cal. Bus. & Prof. Code

1    §16000 and the AGPL; and (6) Declaratory Relief Abandonment of Trademark. Neo4j, Inc. filed

2    its First Amended Complaint ("FAC") on October 23, 2019. *See* Dkt. Nos. 35, 37. The FAC

3    provided, *inter alia*, additional and more recent examples of Defendants' continuing violations of

4    the Lanham Act. The FAC also added Neo4j Sweden AB as a plaintiff, which in turn asserted

5    claims against for violations of the DMCA. Defendants filed their First Amended Counterclaims

6    on December 9, 2019 adding additional declaratory relief claims legal issues.

7            On April 10, 2020, the Court granted the parties' stipulation concerning bifurcating the

8    case into two phases. Dkt. Nos. 66, 68. Phase 1 was to adjudicate Plaintiffs' claims pursuant to

9    the Lanham Act and California's unfair competition law, Cal. Bus. & Prof. Code § 17200 et seq.

10   ("UCL") and Defendants' counterclaims and related defenses (excluding their unclean hands

11   defense).[1] See Dkt. No. 68, ¶ 3. The Court also permitted the parties to depart from its one-

12   summary judgment motion rule by allowing them file a motion at the conclusion of Phase 1 and

13   an additional motion during Phase 2. *See* Dkt. Nos. 66 and 68, ¶ 5 and ¶ 7. The Court found in

14   favor of Plaintiffs on several claims and defenses via a motion for judgment on the pleadings and

15   motions to dismiss and to strike (Dkt. Nos. 70, 85, 110), and ultimately on a motion for partial

16   summary judgment that was granted in favor of Plaintiffs on all issues of liability pertaining to

17   Plaintiffs' Lanham Act and UCL claims and issued a Preliminary Injunction against Defendants

18   prohibiting more unlawful conduct (Dkt. No. 118).

19           Defendants appealed the Court's issuance of a preliminary injunction in conjunction with

20   the granting of partial summary judgment on Plaintiffs' Lanham Act and UCL claims. *See* Dkt.

21   No. 121. The Ninth Circuit heard the appeal on an expedited basis pursuant to its rules on appeals

22   of preliminary injunctions and affirmed the Court's ruling. Dkt. No. 141.

23   / / /

24   _____

25   [1] This included alleged procurement of the Neo4j® Mark by fraud, naked license abandonment,
     and fair use of the Neo4j® Mark, but did not include Defendants' unclean hands defense.

26   Plaintiffs contend that the latter is inapplicable to Plaintiffs' Lanham Act and UCL claims, while
     Defendants have argued to the contrary. Nonetheless, the parties agreed to have the merits of

27   Defendants' unclean hands defense resolved in Phase 2. *See* Dkt. Nos. 68, ¶ 6 and Dkt. No. 82,
     ¶ 3. Plaintiffs have not waived and are not waiving their position that Defendants' unclean

28   defense is inapplicable to Plaintiffs' Lanham Act and UCL claims.

The parties have also entered into a series of stipulations wherein they agreed to dismiss certain claims, counterclaims and defenses to streamline this action as follows:

1.      Defendants stipulated to no longer pursue and agree to dismiss with prejudice their (a) Seventh Cause of Action for Declaratory Relief asserted in their Second Amended Counterclaim (Dkt. No. 72, ¶¶ 62-69); and (b) Fifth, Sixth and Thirteenth Affirmative Defenses asserted in Defendants' Answer (Dkt. No. 91 at 19:9-20:9, 22:22-24:5).  *See* Dkt. No. 133.

2.      Plaintiffs stipulated to no longer pursue and agree to dismiss their Sixth Cause of Action for Invasion of Privacy in their TAC (Dkt. No. 90, ¶¶ 148-156).  *See* Dkt. No. 133.

3.      Defendants stipulated to no longer pursue and dismiss with prejudice their (a) Seventh Cause of Action for Declaratory Relief asserted in their SACC (Dkt. No. 72, ¶¶ 62-69); and (b) Fifth, Sixth and Thirteenth Affirmative Defenses asserted in Defendants' Answer to the TAC (Dkt. No. 91 at 19:9-20:9, 22:22-24:5). *See* Dkt. No. 144.

4.      Defendants stipulate to a judgment on the pleadings in favor of Plaintiffs with respect to Defendants' Sixth Affirmative Defense (Dkt. No. 91 at 20:2-9), and a dismissal of that defense with prejudice.  *See* Dkt. No. 144.

**III.    LEGAL AND FACTUAL ISSUES THAT REMAIN IN DISPUTE**

***Plaintiffs' Statement***:

Without the parties waiving any of their respective remaining claims or defenses, the following legal issues remain in dispute with respect to Plaintiffs' claims:

(a)      The amount of damages Neo4j, Inc. is entitled to recover as a result of Defendants' infringement of the NEO4J® mark in violation of 15 U.S.C. § 1114.

(b)      The amount of damages Neo4j, Inc. is entitled to recover as a result of Defendants' violations of 15 U.S.C. § 1125(a).

(c)      Whether Defendants' violations of the Lanham constitutes an exceptional case where Plaintiff is entitled to its attorney's fees pursuant to 15 U.S.C. § 1117 (a).

/ / /

/ / /

/ / /

(d) Whether Defendants improperly removed Neo4j Sweden AB's copyright management information (CMI) from its Neo4j® Enterprise Edition Software and distributing said software knowing that the CMI has been removed in violation of 17 U.S.C. § 1202(b) and damages related thereto.

(e) Whether Defendants breached the Partner Agreement by their unauthorized use of the NEOJ4® mark in conjunction with the sale and advertising of iGov's graph database solutions and software and related support services.

(f) Whether Defendants breached the Partner Agreement by offering support and development services related to Neoj4® Community Edition Products and derivative works of such products.

(g) Whether Defendants breached the Partner Agreement by falsely suggesting Plaintiff's authorization and/or sponsorship of PureThink and iGov's products and services and misleading consumers regarding their prior contributions to NEOJ4®-branded products.

(h) Whether Defendants defamed Plaintiffs by accusing them of defrauding investors on social media.

***Defendants' Statement:***

Without the parties waiving any of their respective claims or defenses, the following legal issues remain in dispute with respect to Defendants' claims:

(a) Whether restrictions in the Partner Agreement violate California Business and Professions Code §16600 and whether the standard should be as applied to individuals given the Courts' implied finding of a unity of interest in the entities to John Suhy, Dkt 118.

(b) Whether Defendants' conduct in using and supporting the open source version of Neo4J software was allowed under the terms of the AGPL.

(c) Whether Neo4J USA is barred from enforcing the Partner Agreement and trademarks because of its Unclean Hands.

(d) Whether Neo4J USA waived enforcement of the terms of the Partner Agreement be entering into an exclusive agreement for government contracts and allowing defendants to modify the open source version of Neo4J to satisfy government buyers.

(e)     Whether Defendants are entitled to a set off on any damages claims brought by Plaintiffs based on Defendants Affirmative claims.

(f)     Whether Mr. Suhy's statements were truthful based on Neo4j USA's statements and conduct in asking him to change a support fee to a licensee fee to alter Neo4J revenue reporting to potential investors and false statements to the US government constitutes a fraud and crime.

(g)     Whether Neo4j USA interfered with Defendant's prospective economic advantage and damages based on such interference.

(h)     Whether Neo4J USA breached the Partner Agreement by failing to pay PureThink $26,020.

(i)     Whether Neo4j USA breached an exclusive contract for PureThink to resell Neo4J Government Edition to the government.

(j)     Whether the Common Clause which Neo4J Sweden AB added to the AGPL bars or can bar professional services for the open source or whether the reference to services in the Commons Clause only applies bars using the as software as a service (SaaS).

(k)     Whether Defendant may fork, use, display and perform all Content Neo4J Sweden has on the GitHub repository under the license terms for the GitHub repository.

(l)     With respect to Neo4J Sweden's DCMA claim, whether removal of the Common's Clause on Neo4J Sweden's open source version of Neo4J software for the ONgDB was justified and authorized to avoid Neo4J Sweden's copyright violation in changing the terms of the AGPL-in violation of the license terms and based on the then standard application of the terms of the AGPL allowing removal of further restrictions. While the Court has ruled the standard application of the AGPL is not correct, DKT 118, it was standard at the time of removal supporting a lack of intentional misconduct on the part of Suhy in removing the restrictions.

## IV.     MOTIONS

### Plaintiffs' Statement

On September 3, 2021, Plaintiffs filed the aforementioned motion for judgment on the pleadings seeking to dismiss a number of counterclaims asserted in Defendants' Second

Amended Counterclaims and Answer to Third Amended Complaint ("Plaintiffs' Motion").  *See* Dkt. No. 132.  On January 6, 2023, the Court granted Plaintiffs' Motion in part, but also granted Defendants leave to amend their counterclaim for intentional interference with prospective economic advantage ("IIPEA"). *See* Dkt. No. 168.  Plaintiffs do not believe that Defendants can credibly allege all the facts necessary to address the deficiencies identified in the Court's January 6, 2023 order.  Thus, Plaintiffs anticipate filing a motion to dismiss should Defendant attempt to revive their IIPEA counterclaim.

Plaintiffs also intend on filing a second Motion for Summary Judgment on or before the April 20, 2023 deadline on the following: (1) Plaintiffs' DMCA claim; (2) Defendants iGov and PureThink's IIPEA counterclaim to the extent that it is not resolved by a motion to dismiss; and (3) Defendant PureThink's Breach of Exclusivity Contract counterclaim.  Defendants will not be filing a cross-motion for summary judgment.

In addition, Plaintiffs intend to file a *Daubert* motion to exclude the testimony of Defendants' expert witness, Bradley Kuhn, who purports to opine on (1) the meaning of the provisions in the AGPLv3 and the propriety of Defendants' removal of the Commons Clause from the Neo4j Sweden Software License as a "further restriction;" (2) Defendants' purported understanding of Section 7 of the AGPLv3 was "reasonable, customary, in good faith, and correct"; (3) Defendants "acted in a reasonable, customary, good faith, and correct manner" when removing Commons Clause from the Neo4j Sweden Software License as a "further restriction"; and (4) Neo4j should have expected the Commons Clause to have been removed based on the same.  Such testimony is improper because contractual interpretation is a question of law and the Court has already ruled on the meaning of Section 7 (as affirmed by the Ninth Circuit), and expert testimony concerning the state of mind and/or intent of a party is inadmissible.

Finally, Plaintiffs will oppose Defendants' improper attempt to seek a third bite at the apple.  A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 fn 5 (2008) (internal quotations and citations omitted).  Similarly, "[u]nder the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue

1   previously decided by the same court, or a higher court, in the same case." *Richardson v. United*

2   *States*, 841 F.2d 993, 996 (9th Cir. 1988); *see also Sec. Investor Prot. Corp. v. Vigman*, 74 F.3d

3   932, 937 (9th Cir. 1996) (under the law of the case doctrine, a party may neither "revisit theories

4   that it raises but abandons," nor "offer up successively different legal or factual theories that

5   could have been presented in a prior request for review").

6          Defendants seek an end-around of these doctrines via Mr. Kuhn's proposed testimony,

7   which simply seeks to relitigate issues already decided by this Court on summary judgment and

8   ***affirmed*** by the Ninth Circuit.  While Defendants used the issuance of the preliminary injunction

9   to seek immediate appellate review, they characterized it as being "'inextricably bound up' with

10  its legal resolution of the summary judgment" and sought ***de novo review*** of the underlying legal

11  and factual basis of this Court's interpretation of the provisions of Neo4j Sweden Software

12  License.  *See Neo4j, Inc., et al. v. PureThink, LLC et al.*, No. 21-16029, Dkt. No. 14 (Appellants'

13  Opening Brief), p. 17.  The correctness of this Court's interpretation of the Neo4j Sweden

14  Software License was then subject to extensive briefing before the Ninth Circuit.  *Id.* at pp. 36-40;

15  Dkt. Entry No. 30 (Appellees' Answering Brief), pp. 49-54; Dkt. No. 39, pp. 15-17 (Appellants'

16  Rely Brief).  The Ninth Circuit then ***conclusively affirmed*** that "Defendants' representation that

17  ONgDB is a 'free and open-source' version of Neo4j® EE was literally false, because Section 7

18  of the Sweden Software License only permits a downstream licensee to remove 'further

19  restrictions' added by an upstream licensee to the original work." Dkt. No. 45-1 (Memorandum

20  Opinion), p. 3. Thus, there is nothing for this Court to reconsider under Rule 59(e).

21          ***Defendants' Statement***

22          Defendants anticipate a Rule 59 motion to seek a correction to the Court's Summary

23  Judgment motion which is an interim ruling. It appears this is the procedure to review an interim

24  summary judgment ruling. The summary judgment ruling was not appealed as it is not an

25  appealable order. The Court's ruling on the AGPLv3 additional terms was based on a ruling in

26  another case, with different defendants on a Rule 12(b)(6) motion when the issue was stayed in

27  this case. Defendants were not allowed to present evidence on the stayed issue. Defendant's

28  expert, Mr. Kuhn, invented the Affero Clause which was used in the AGPL license. AGPL stands

1   for "Affero General Public License."  Mr. Kuhn was also an Executive Director and on the Board

2   of Directors of Free Software Foundation "FSF".  FSF owns the copyright to the AGPL license

3   Neo4J Sweden selected and uses with the open source version of Neo4J software.

4          Mr. Kuhn explained, in his 180 page expert report, among other points bearing on the

5   unclean hands defense, the history of the AGPL and the reasons and history of the changes to the

6   AGPL license. He was involved in revising the AGPL license terms to allow removal of

7   additional license terms added on to the AGPL license. FSF anticipated people adding terms to

8   the AGPL and changed the terms in the AGPL to prevent that. The change allows downstream

9   licensees to remove terms added by a party who use the AGPL license form (This change was

10  made in the GPL license form as well). This is a significant issue in this case and the open source

11  community at large. Defendants acknowledge this Court has ruled on the issue in the interim

12  summary judgment ruling. But that ruling was made when defendants did not have the

13  opportunity to provide the clear evidence on the issue as the issue was stayed. Defendants

14  acknowledge the Court's preliminary injunction was affirmed on appeal.

15         The timing of a Rule 59 motion is after trial which is unfortunate. This issue would be

16  better resolved before then but defendants are not aware of a procedure, short of this Court's sua

17  sponte granting the right to review the issue before.

18  **V.     DISCOVERY**

19         ***Plaintiffs' Statement***

20         Fact discovery closed on December 1, 2022.  The last day to file motions to compel

21  related to fact discovery is December 8, 2022.  *See* Dkt. No. 146.  The parties have exchanged

22  opening expert reports.  Rebuttal reports are currently due on January 23, 2023 and expert

23  discovery is set to close on February 23, 2023.

24         During fact discovery, Plaintiffs learned that Defendants had not adequately conducted

25  searches of their email accounts.  After Plaintiffs identified these significant deficiencies that

26  contradicted their prior discovery responses, Plaintiffs and Defendants reached a stipulation for

27  production of Defendant Suhy's accounts.  *See* Dkt. No. 154.  Due to technical issues encountered

28  in the collection (caused, in part, by Mr. Suhy) and delays associated with Defendants imposing

1  additional demands outside the scope of the stipulation, Plaintiffs were unable to complete the

2  collection and review it prior to Defendants' deposition and the fact discovery cut-off.  Plaintiffs

3  are currently reviewing the resulting production, they may need to seek leave from the Court to

4  propound authentication requests for admission and/or further depose Defendants on these

5  documents.

6           ***Defendants' Statement***

7           Defendants reasonably searched email accounts and has allowed Plaintiffs to access

8  Defendants computer to see if they can find what they are looking for. Mr. Suhy disputes he has

9  not provided access to his jmsuhy@egovsol.com account.  Plaintiffs have deposed Mr. Suhy for

10  two days well beyond what is required.

11  **VI.      SETTLEMENT AND ADR**

12          The parties engaged in preliminary settlement discussions, and then conducted mediation

13  at JAMS in September 2019. The parties have exchanged settlement proposals since that time,

14  including after the Court entered summary judgment in favor of Plaintiffs, but the parties remain

15  far apart to make additional ADR worthwhile at this time.

16  **VII.    BIFURCATION AND SEPARATE TRIAL OF ISSUES**

17          ***Plaintiffs' Statement***

18          Plaintiffs assert that Defendants' unclean defense is inapplicable to Plaintiffs' Lanham Act

19  and UCL claims.  Plaintiffs' unclean hands affirmative defense is equitable in nature and

20  generally the jury is asked to hear legal claims and it is within the Court's discretion to hear

21  equitable claims. *See Fuddruckers, Inc. v. Doc's B.R. Others, Inc*., 826 F.2d 837, 847 (9th

22  Cir.1987) (finding that the trial court did not error in deciding applicability of unclean hands and

23  refusing to present the defense to the jury).  Plaintiffs contend that if Defendants' unclean hands

24  defense survives upcoming motion practice, that it and Defendants' other equitable declaratory

25  judgment claims that only present questions of law should be resolved by the Court either at the

26  conclusion of the jury phase or on post-trial motions.  It would be unduly prejudicial for the jury

27  / / /

28  / / /

to hear Defendants' complaints about Plaintiffs' alleged bad behavior as it would cause confusion, would not be probative and relevant to the issues before the jury and could constitute inadmissible character evidence under FRE 404 or otherwise be prejudicial under FRE 403.

### Defendants' Statement

The unclean hands defense applies to the breach of Partner Agreement and the trademark claims. The Lanham Act and UCL claims derive from the trademark claim and are impacted the same. *See Japan Telecom, Inc. v. Japan Telecom America Inc.* 287 F. 2d 866 (9th Cir 2002) (Affirming unclean hands defense in trademark and UCL case.)

## VIII.   TRIAL

If Plaintiffs' planned dispositive motions reduce the number of claims and defenses at issue in any material way, it is likely that the case could be tried in less than 5 full trial days.  If the case goes to trial as it is currently constituted on all claims and counterclaims asserted, the parties agree that it will require at least 7 full trial days.

## IX.   SCHEDULING

Based on the current schedule set by Dkt. No. 146 and subject to the Court's availability, Plaintiffs' preference is that trial be set to commence on (a) July 10, 2023; (b) July 17, 2023; or (c) July 24, 2023.  Plaintiffs are unavailable for trial as follows:

- Lead counsel's pre-planned vacation from August 12, 2023 to September 3, 2023.
- Observance Rosh Hashanah September 15, 2023 by a key witness for Plaintiffs that resides in the Washington D.C. area.
- Observance Yom Kippur September 25-27 by a key witness for Plaintiffs that resides in the Washington D.C. area.
- Counsel for Plaintiffs have a pre-existing patent trial set for October 23, 2023 before Judge Tigar in *[24]7.ai, Inc. et al. v. LivePerson, Inc.,* Case No. 4:15-CV-02897-JST (KAW) and Case No. 4:15-CV-05585-JST (KAW).

Defendants preference is that trial be set to July 10 or 17, 2023. Lead Counsel for Defendants presently has a trial set in California Superior Court in San Mateo County on August 16 through August 23, 2023 and is unavailable in that time period.

/ / /

/ / /

1    **X.    OTHER MATTERS**

2         None.

3    Dated:  January 13, 2023                    HOPKINS & CARLEY
                                                  A Law Corporation
4

5
                                                  By: _/s/ Jeffrey M. Ratinoff_
6                                                     Jeffrey M. Ratinoff
                                                      Attorneys for Plaintiffs and Counter-
7                                                     Defendants NEO4J, INC. and NEO4J
                                                      SWEDEN AB
8

9    Dated:  January 13, 2023                    By: _/s/ Adron W. Beene_
                                                      Adron W. Beene
10                                                    Adron G. Beene
                                                      Attorneys for Defendants and
11                                                    Counterclaimants PURETHINK LLC,
                                                      IGOV INC., and JOHN MARK SUHY
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UPDATED JOINT TRIAL SETTING CONFERENCE STATEMENT                    5:18-CV-07182-EJD

1

**ATTESTATION OF E-FILED SIGNATURE**

2          Pursuant to Local Rule 5-1(i)(3), I hereby certify that I have obtained the concurrence in

3    the filing of this document from all signatories for whom a signature is indicated by a

4    "conformed" signature (/s/) within this electronically filed document and I have on file records to

5    support this concurrence for subsequent production to the Court if so ordered or for inspection

6    upon request.

7    Dated:  January 13, 2023                    HOPKINS & CARLEY
                                                  A Law Corporation
8

9
                                                  By:  /s/ Jeffrey M. Ratinoff
10                                                    Jeffrey M. Ratinoff
                                                      Attorneys for Plaintiffs and Counter-
11                                                    Defendants NEO4J, INC. and NEO4J
                                                      SWEDEN AB
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28