John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Bar No. 197241
jratinoff@hopkinscarley.com
Arthur E. Rothrock, Bar No. 312704
arothrock@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:     (408) 286-9800
Facsimile:     (408) 998-4790

Attorneys for Plaintiffs and Counter-Defendants
NEO4J, INC. and NEO4J SWEDEN AB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, NEO4J SWEDEN, AB,<br><br>Plaintiffs,<br><br>v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO.  5:18-cv-07182-EJD<br><br>**PLAINTIFF AND COUNTER-DEFENDANTS NEO4J, INC. AND NEO4J SWEDEN AB'S ANSWER TO DEFENDANTS PURETHINK LLC, IGOV, INC. AND JOHN MARK SUHY'S FOURTH AMENDED COUNTERCLAIM**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs and Counter-Defendants Neo4j, Inc. ("Neo4j USA") and Neo4j Sweden AB ("Neo4j Sweden") (collectively, "Plaintiffs" or "Counter-Defendants") respond to Defendants and Counterclaimants PureThink, LLC ("PureThink"), iGov, Inc. ("iGov") and John Mark Suhy ("Suhy") (collectively, "Counterclaimants") Fourth Amended Counterclaim, Dkt. No. 177 (the "Counterclaims"), as follows:

## ANSWER TO COUNTERCLAIM

### I.     Jurisdiction

1. The allegations in Paragraph 1 call for a legal conclusion; therefore no response is required. To the extent an answer is required, Counter-Defendants deny the allegations contained in this paragraph.

### II.     Parties

2. Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 2 and on that basis deny them.

3. Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3 and on that basis deny them.

4. Counter-Defendants admit that John Mark Suhy is an individual. The remainder of the allegations in Paragraph 4 call for a legal conclusion. Therefore, no response is required.

5. Counter-Defendants admit that Neo4j USA is a Delaware corporation.

6. Counter-Defendants admit that Neo4j Sweden AB is a Swedish corporation.

### III.     Introduction

7. Counter-Defendants admit that the GNU General Public License "GPL" license has several distinct versions. Counter-Defendants further admit that GNU Affero General Public License "AGPL" license has several distinct versions. The remaining allegations lack specificity and are vague as to the particular NEO4J® software and version thereof, as well as which particular license applies to a particular version of software, and on that basis Counter-Defendants deny the allegations in Paragraph 7. Except as expressly admitted, Counter-Defendants deny the remaining allegations contained in Paragraph 7.

/ / /

8. Counter-Defendants admit that Github.com is an open source software repository. The allegations in Paragraph 8 lack specificity and are vague as to the particular software and version thereof referenced as "Neo4j open source software," and on that basis Counter-Defendants deny the allegations related thereto in Paragraph 8. Except as expressly admitted, Counter-Defendants deny the remaining allegations contained in Paragraph 8.

9. The allegations in Paragraph 9 lack specificity and are vague as to which version or versions of the GPL and/or AGPL license, as well as which version or versions of "the Neo4j source code" and "source code" are referred to therein, and on that basis Counter-Defendants deny the allegations related thereto in Paragraph 9. Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and on that basis deny them.

10. The allegations in Paragraph 10 lack specificity and are vague as to which version or versions of the NEO4J® software and GPL and AGPL licenses are being referred to and what period of time is being referred to as Neo4j Sweden's licensing model has evolved over the years, and on that basis Counter-Defendants deny the allegations related thereto in Paragraph 10. Counter-Defendants deny the remaining allegations contained in Paragraph 10.

11. Counter-Defendants deny the allegations contained in Paragraph 11.

12. Counter-Defendants deny the allegations contained in Paragraph 12.

13. The allegations in Paragraph 13 call for a legal conclusion and are irrelevant now that Defendants have dismissed their claims relating to Section 4.3.1 of the Partner Agreement entered into by PureThink and Neo4j USA with prejudice (Dkt. No. 176); therefore no response is required. To the extent any further answer is required, however, Counter-Defendants deny the allegations contained in Paragraph 13.

14. On information and belief, Counter-Defendants admit that during 2014 Neo4j USA was in discussions with the Maryland Procurement Office (MPO) about NEO4J® software products. Counter-Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 14 and on that basis deny them.

/ / /

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

4855-7239-3560.1 - 3 -
PLAINTIFF AND COUNTER-DEFENDANTS ANSWER TO FOURTH AMENDED COUNTERCLAIM; CASE NO. 5:18-CV-07182-EJD

15. Counter-Defendants admit that PureThink signed a Solutions Partner Agreement with Neo Technology, Inc. with an effective date of September 30, 2014. On information and belief, Counter-Defendants admit that Exhibit B appears to be a copy of the Solution Partner Agreement, which Counterclaimants attached to their original Counterclaim in complete disregard and breach of the confidentiality provision contained therein.

16. Counter-Defendants admit that John Mark Suhy had discussions with Lars Nordwall concerning obtaining business with entities within the United State Government. Counter-Defendants deny the remaining allegations in Paragraph 16.

17. Counter-Defendants deny the allegations in Paragraph 17.

18. Counter-Defendants admit that PureThink helped sell NEO4J® Enterprise Edition subscriptions to the Maryland Procurement Office, Sandia National Laboratories, and the FBI at one time with Neo4j USA's approval. However, PureThink provided NEO4J® Enterprise Edition to the IRS without the approval of Neo4j USA and without paying it the required fees in breach of the Partner Agreement. Counter-Defendants deny the remaining allegations in Paragraph 18.

19. Counter-Defendants deny the allegations contained in Paragraph 19.

20. Counter-Defendants admit that PureThink breached the NEO4J® Solution Partner Agreement in conjunction with PureThink's dealings with IRS. Counter-Defendants deny the remaining allegations in Paragraph 20.

21. Counter-Defendants admit that John Mark Suhy and PureThink formed iGov to evade PureThink's obligations under the NEO4J® Solution Partner Agreement. On information and belief, Counter-Defendants admit that Exhibit D appears to contain, in part, a July 11, 2017 email sent by Jason Zagalsky of Neo4j USA to Michael Dunn of the IRS that speaks for itself. Counter-Defendants deny Counterclaimants' interpretation thereof and deny the remaining allegations in Paragraph 21.

/ / /

/ / /

/ / /

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

4855-7239-3560.1                                                   - 4 -
PLAINTIFF AND COUNTER-DEFENDANTS ANSWER TO FOURTH AMENDED COUNTERCLAIM; CASE NO. 5:18-CV-07182-EJD

**IV.   Counterclaims**

**First Cause of Action**

**Interference With Prospective Economic Advantage**

**(Against Neo4j, Inc.)**

No response required to the omitted Paragraphs 22-47 as the First Cause of Action was dismissed with prejudice (Dkt. No. 176), and thus omitted by Counterclaimants.

**Second Cause of Action**

**Interference With Contract**

**(Against Neo4j, Inc.)**

No response required as the Second Cause of Action was dismissed with prejudice (Dkt. No. 133), and thus omitted by Counterclaimants.

**Third Cause of Action**

**Breach of Contract**

**(Against Neo4j, Inc.)**

48. Counter-Defendants incorporate by reference their answers to paragraphs 1 through 47 as if fully set forth herein.

49. Counter-Defendants admit that PureThink and Neo4j USA entered into the Solution Partner Agreement effective 9-30-2014.

50. Counter-Defendants deny the allegations contained in this paragraph.

51. Counter-Defendants deny the allegations contained in this paragraph.

52. Counter-Defendants deny the allegations contained in this paragraph.

**Fourth Cause of Action**

**Breach of Exclusive Contract to Government**

**(Against Neo4j, Inc.)**

53. Counter-Defendants incorporate by reference their answers to paragraphs 1 through 52 as if fully set forth herein.

54. Counter-Defendants deny the allegations contained in this paragraph.

55. Counter-Defendants deny the allegations contained in this paragraph.

56. Counter-Defendants deny the allegations contained in this paragraph.

57. Counter-Defendants deny the allegations contained in this paragraph.

**Fifth Cause of Action**

**Declaratory Relief**

**(Void Restrictions)**

**(Against Neo4j, Inc.)**

No response required as the Fifth Cause of Action was dismissed with prejudice (Dkt. No. 168), and thus omitted by Counterclaimants.

**Sixth Cause of Action**

**Declaratory Relief**

**(Restrictions Violate AGPL License)**

**(Against Neo4j, Inc.)**

No response required as the Sixth Cause of Action was dismissed with prejudice (Dkt. No. 168), and thus omitted by Counterclaimants.

**Seventh Cause of Action**

**Declaratory Relief**

**(Commons Clause in AGPL is void)**

**(Against NEO4J SWEDEN AB)**

No response required as the Seventh Cause of Action was dismissed with prejudice (Dkt. No. 144), and thus omitted by Counterclaimants.

**Eighth Cause of Action**

**Declaratory Relief**

**(The Commons Clause in AGPL does not apply to Professional Services for the open source versions of Neo4j)**

**(Against NEO4J SWEDEN AB)**

58. Counter-Defendants incorporate by reference their answers to paragraphs 1 through 57 as if fully set forth herein.

/ / /

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

4855-7239-3560.1                                - 6 -
PLAINTIFF AND COUNTER-DEFENDANTS ANSWER TO FOURTH AMENDED COUNTERCLAIM; CASE NO. 5:18-CV-07182-EJD

59. Counter-Defendants deny that there is a present controversy as alleged in this paragraph and that Counterclaimants lack standing to seek declaratory relief based thereon. To the extent an answer is required, Counter-Defendants deny the remaining allegations contained in this paragraph.

60. Counter-Defendants deny that there is a present controversy as alleged in this paragraph and that Counterclaimants lack standing to seek declaratory relief based thereon. To the extent an answer is required, Counter-Defendants deny the remaining allegations contained in this paragraph.

61. The allegations in Paragraph 61 call for a legal conclusion; therefore no response is required. To the extent an answer is required, Counter-Defendants deny the allegations contained in this paragraph.

62. The allegations in Paragraph 62 call for a legal conclusion; therefore no response is required. Counter-Defendants are also unable to verify the source or authenticity of the contents of this paragraph from the allegations made therein, and it does not appear that the statements referred to therein were made on behalf of either Neo4j USA or Neo4j Sweden. It also appears that the cited statement is not in reference to the specific license or licenses identified in this cause of action. Therefore, Counter-Defendants deny the allegations contained in this paragraph.

63. The allegations in Paragraph 63 call for a legal conclusion; therefore no response is required. To the extent an answer is required, Counter-Defendants deny the allegations contained in this paragraph.

64. The allegations in Paragraph 64 call for a legal conclusion; therefore no response is required. To the extent an answer is required, Counter-Defendants deny the allegations contained in this paragraph.

65. The allegations in Paragraph 65 call for a legal conclusion; therefore no response is required. To the extent an answer is required, Counter-Defendants deny the allegations contained in this paragraph.

/ / /

4855-7239-3560.1 - 7 -
PLAINTIFF AND COUNTER-DEFENDANTS ANSWER TO FOURTH AMENDED COUNTERCLAIM; CASE NO. 5:18-CV-07182-EJD

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

# Ninth Cause of Action

## Declaratory Relief

### (Users may use a fork content NEO4J SWEDEN put on a public GitHub repository)

### (Against NEO4J SWEDEN AB)

66. Counter-Defendants incorporate by reference their answers to paragraphs 1 through 52 as if fully set forth herein.

67. Counter-Defendants deny that there is a present controversy as alleged in this paragraph and that Counterclaimants lack standing to seek declaratory relief based thereon. To the extent an answer is required, Counter-Defendants deny the remaining allegations contained in this paragraph.

68. The allegations in Paragraph 68 call for a legal conclusion; therefore no response is required. To the extent an answer is required, Counter-Defendants deny the allegations contained in this paragraph.

69. The allegations in Paragraph 69 call for a legal conclusion; therefore no response is required. To the extent an answer is required, Counter-Defendants deny the allegations contained in this paragraph.

70. The allegations in Paragraph 70 call for a legal conclusion; therefore no response is required. Counter-Defendants are also unable to verify the source or authenticity of the contents of this paragraph from the allegations made therein, and it does not appear that the statements referred to therein were made on behalf of either Neo4j USA or Neo4j Sweden. Therefore, Counter-Defendants deny the allegations contained in this paragraph.

71. The allegations in Paragraph 71 call for a legal conclusion; therefore no response is required. To the extent an answer is required, Counter-Defendants deny the allegations contained in this paragraph.

/ / /

/ / /

/ / /

/ / /

**Tenth Cause of Action**

**Declaratory Relief**

**(Abandonment of Trademark)**

**(Against NEO4J USA)**

No response required as the claim was dismissed with prejudice (Dkt. No. 85), and thus omitted by Counterclaimants.

**Eleventh Cause of Action**

No response required as the Eleventh Cause of Action was dismissed with prejudice (Dkt. No. 70), and thus omitted by Counterclaimants.

**Twelfth Cause of Action**

**Unfair Business Practices**

**(Against NEO4J SWEDEN and NEO4J USA)**

No response required as the Twelfth Cause of Action was dismissed with prejudice (Dkt. No. 133), and thus omitted by Counterclaimants.

**V.     Prayer for Relief**

Counter-Defendants deny that Counterclaimants are entitled to any relief as to any claim or counterclaim, and specifically deny any and all allegations and prayers for relief contained in Paragraphs 1 through 7 (and sub-paragraphs therein) of the "Prayer for Relief" section of the Counterclaims.

WHEREFORE, Counter-Defendants pray for relief, as follows:

1. That Counterclaimants take nothing by the Counterclaims;

2. To the extent there is any bases for declaratory relief, a declaratory judgment in favor of Counter-Defendants; and

3. For such other and further relief as the Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

# AFFIRMATIVE DEFENSES

Counter-Defendants allege the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

The Counterclaims fail to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Lack of Jurisdiction)

The Court lacks subject matter jurisdiction over Counterclaimants' causes of action for Declaratory Judgment, as there is no actual case and controversy.

### THIRD AFFIRMATIVE DEFENSE
### (Lack of Standing re AGPL version 3)

Counterclaimants' declaratory relief claim relating to the AGPL version 3 is barred, in whole or in part, on the grounds that they lack standing to create a justiciable controversy over a third party license agreement and/or a copyright owned by a third party.

### FOURTH AFFIRMATIVE DEFENSE
### (Lack of Standing re GitHub Terms of Service)

Counterclaimants' declaratory relief claim relating to GitHub's terms of service is barred, in whole or in part, on the grounds that they lack standing to create a justiciable controversy over a third party agreement.

### FIFTH AFFIRMATIVE DEFENSE
### (Lack of Standing re Partner Solution Agreement)

To the extent iGov claims that it is not subject to the Solution Partner Agreement, it lacks standing to assert the causes of action contained in the Counterclaim.

### SIXTH AFFIRMATIVE DEFENSE
### (Lack of Privity re Partner Solution Agreement)

To the extent iGov and Suhy claims that they are not subject to the terms of the Solution Partner Agreement, they lacks privity to assert the causes of action contained in the Counterclaim.

/ / /

## SEVENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The claims as alleged in the Counterclaim are barred by the applicable statutes of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Counterclaimants have unreasonably failed to mitigate, prevent and/or or reduce their alleged damages and injuries, if any, of which Counter-Defendants deny.

## NINTH AFFIRMATIVE DEFENSE

### (Intervening Cause/Lack of Causation)

The damages claimed in the Counterclaim, if any be found, are barred by the reason of the acts of others which proximately caused said damages. Counterclaimants cannot demonstrate that they suffered any losses as a result of any alleged wrongful conduct. Further, any injuries sustained by Counterclaimants were the results of its own acts or omissions and/or the acts or omissions of its agents, employees, managers, officers and directors, as well as any number of intervening and superseding causes, including the acts of Counterclaimants' agents, employees, managers, officers and directors.

## TENTH AFFIRMATIVE DEFENSE

### (Laches)

The claims as alleged in the Counterclaim are barred by the doctrine of laches in that Counterclaimants either knew or should have known about the alleged wrongdoing by Counter-Defendants well before the filing of the Counterclaim in this action, but unreasonably delayed in bringing said claims and severely prejudiced Counter-Defendants by doing so.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

The claims as alleged in the Counterclaim are barred by the doctrine of estoppel. In particular, Counterclaimants' claims are based upon a failure to comply with their obligations under the Solution Partner Agreement and their attempts to circumvent the licensing restrictions

on certain NEO4J® software, and thus are estopped from claiming any alleged damages resulting therefrom.  Further, Counterclaimants are estopped from asserting their claims because they have wrongfully withheld monies due and owing under the Solution Partner Agreement.  Finally, Counterclaimants are estopped from asserting that any provision in the Solution Partner Agreement allegedly violates Bus. & Prof. Code § 16600 as they were fully advised of the nature of the transaction and with full knowledge thereof voluntarily participated in said transaction and agreed to the terms thereof, and as such Counterclaimants are estopped from obtaining the relief prayed for in the Counterclaims.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Counter-Defendants allege that any recovery on the claims asserted in the Counterclaims is barred by reason of Counterclaimants' unclean hands based on their wrongdoing as set forth in Counter-Defendants' Third Amended Complaint and in the Court granting summary judgment in favor of Counter-Defendants on their Lanham Act and California Unfair Competition Law Claims (Dkt. No. 118), which Counter-Defendants incorporate herein by reference.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Waiver)

The claims as alleged in the Counterclaim are barred by the doctrine of waiver, as alleged in the foregoing affirmative defenses and incorporated herein by reference.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Set-Off)

To the extent Counterclaimants have suffered any alleged damages, which Counter-Defendants specifically deny, any alleged damages suffered by Counterclaimants must be set-off by (1) the amounts Counterclaimants are wrongfully withholding from Counter-Defendants; (2) Counterclaimants' ill-gotten gains from their wrongful conduct; and/or (3) the damages suffered by Counter-Defendants as a result of Counterclaimants' acts and/or omissions as alleged in the Complaint.

/ / /

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Counter-Defendants allege that the causes of action alleged in the Counterclaim are barred, in whole or in part, as Counterclaimants would be unjustly enriched if allowed to recover any of the sums alleged in the Counterclaim because they have wrongfully withheld funds and/or payments due and owing to Neo4j USA under the Solution Partner Agreement, as well as profited off the infringement of Neo4j USA's trademark and goodwill and from removing Neo4j Sweden's copyright management information from copies of Neo4j Sweden's copyrighted software. Counterclaimants have wrongfully withheld payments from Neo4j USA in amounts similar to what they have claimed as their alleged damages. As a result, Counterclaimants suffered no damages and would be unjustly enriched if they were to recover on their counterclaims.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Performance of Contract Excused)

Counter-Defendants allege that Neo4j USA performance under the Solution Partner Agreement was excused and/or prevented by the acts and omissions of Counterclaimants, their non-performance under the Solution Partner Agreement, and Counterclaimant's material breaches thereof as alleged in the Third Amended Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Privilege/Justification)

The claims as alleged in the Counterclaim are based, in whole or in part, on acts that are and were privileged and/or justified, and, therefore, not actionable. Counter-Defendants acted only to protect their legitimate business and financial interests, and/or in furtherance of lawful competition.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (First Amendment Freedom of Petition)

The claims as alleged in the Counterclaim are based, in whole or in part, on acts that are and were subject to Counter-Defendants' constitutional right of freedom to petition under the

First Amendment, U.S. Const. amend. I, and the *Noerr-Pennington* doctrine based thereon, and, therefore, not actionable.

### NINETEENTH AFFIRMATIVE DEFENSE

**(Speculative Damages)**

Counter-Defendants allege that the purported causes of action in the Counterclaim are barred, in whole or in part, because the Counterclaimants' purported damages are speculative and uncertain and there is no reasonable basis to assume any of the alleged prospective economic relationships were allegedly disrupted by Neo4j USA and/or would otherwise been consummated. Counterclaimants' damages theories also fail because they are based upon uncertain future benefits that are too speculative to be ascertainable.

### TWENTIETH AFFIRMATIVE DEFENSE

**(Extent of Punitive Damages)**

The Counterclaim fails to state a cause of action for recovery or punitive damages. To the extent the amount of punitive damages sought by Counterclaimants is unconstitutionally excessive under the United States Constitution, it violates Excessive Fines Clause of the Eighth Amendment, U.S. Const. amend. VIII, and the Due Process Clause of the Fourteenth Amendment, U.S. Const. amend. XIV, Section 1.

### JURY DEMAND

Counter-Defendants demand a jury trial on all issues related to these counterclaims that are triable by jury.

Dated: March 24, 2023

HOPKINS & CARLEY
A Law Corporation


By: */s/ Jeffrey M. Ratinoff*
John V. Picone III
Jeffrey M. Ratinoff
Arthur E. Rothrock
Attorneys for Plaintiffs and
Counter-Defendants
NEO4J, INC. and NEO4J SWEDEN AB