John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Bar No. 197241
jratinoff@hopkinscarley.com
Arthur E. Rothrock, Bar No. 312704
arothrock@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:    (408) 286-9800
Facsimile:    (408) 998-4790

Attorneys for Plaintiffs and Counter-Defendants
NEO4J, INC. and NEO4J SWEDEN AB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation, <br><br> Plaintiff, <br><br> v. <br><br> PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIM. | CASE NO.  5:18-cv-07182-EJD <br><br> **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE THE REPORT AND EXCLUDE THE TESTIMONY OF DEFENDANTS' EXPERT WITNESS BRADLEY M. KUHN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date:        July 27, 2023 <br> Time:        9:00 AM <br> Dept.        Courtroom 4, 5th Floor <br> Judge:       Hon. Edward J. Davila <br><br> Trial Date: November 14, 2023 |

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ REDWOOD CITY

4871-5160-8137.5

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE THE REPORT AND EXCLUDE THE TESTIMONY OF BRADLEY M. KUHN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

<u>**NOTICE OF MOTION AND MOTION**</u>

TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on July 27, 2023, at 9:00 a.m., before the Honorable Edward J. Davila, in Courtroom 4, 5th floor, 280 S. First Street, San Jose, CA 95113, Plaintiffs and Counter-Defendants Neo4j, Inc., and Neo4j Sweden AB ("Plaintiffs") will and hereby do move the Court for an order striking the December 22, 2022 Expert Report of Bradley M. Kuhn served by Defendants and Counterclaimants PureThink LLC, iGov Inc. and John Mark Suhy (collectively "Defendants") and excluding the testimony and opinions of Bradley M. Kuhn identified and expressed therein on both summary judgment and at trial.

This motion is made pursuant to Fed. R. Evid. 702 and 703 and *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) on the grounds that the opinions Mr. Kuhn expresses in his report fail under the standard set by the Supreme Court in *Daubert* as they are irrelevant, are inadmissible, not helpful to the jury, and not reliably applied to the facts and remaining issue in the case. Mr. Kuhn opines on issues previously decided on summary judgment and affirmed by the Ninth Circuit Court of Appeals, and are thus barred by the law of the case doctrine.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities below, the accompanying Declaration of Jeffrey M. Ratinoff, all pleadings, records and papers on file in this action, and upon such further oral and documentary evidence as may be presented at the hearing on this Motion.

<u>**REQUESTED RELIEF**</u>

Plaintiffs respectfully requests that the Court strike the entirety of Mr. Kuhn's December 22, 2022 Expert Report and exclude him from testifying on all opinions express in or contemplated by that report.

<u>**STATEMENT OF ISSUES TO BE DECIDED**</u>

1.    Whether Mr. Kuhn's expert report and proposed testimony improperly seeks to relitigate the interpretation of Sections 7 and 10 of the Neo4j Sweden Software License, the interpretation of which was previously decided by this Court and affirmed by the Ninth Circuit.

2.    Whether the law of the case doctrine prohibits Defendants' from offering expert

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ◆ REDWOOD CITY

4871-5160-8137.5                                          - 2 -
PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE THE REPORT AND EXCLUDE THE TESTIMONY OF BRADLEY M. KUHN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

testimony on the interpretation of the Neo4j Sweden Software License and thereby renders Mr. Kuhn's proposed testimony irrelevant to the remaining issues in the case.

3. Whether Mr. Kuhn's opinions are inadmissible because they impinge on the Court's exclusive province of interpreting the contractual language of the Neo4j Sweden Software License.

4. Whether Mr. Kuhn's opinions are inadmissible because he impermissibly opines on and speculates about Defendants' intent, motive and knowledge in removing the Commons Clause from the Neo4j Sweden Software License.

5. Whether Mr. Kuhn's opinions are inadmissible because he impermissibly opines on and speculates about Neo4j Sweden's state of mind at the time it drafted the Neo4j Sweden Software License.

6. Whether Mr. Kuhn seeks to introduce inadmissible hearsay evidence regarding the drafting of the GPLv3 and AGPLv3.

7. Whether the Court should exclude Mr. Kuhn's testimony pursuant to Federal Rule of Evidence 403 because he is acting as an advocate rather than as an independent expert, which will confuse the jury and is more prejudicial than probative.

8. Whether Defendants can offer Mr. Kuhn's testimony to justify filing a motion pursuant to Rule 59(e) for the reconsideration of the Court's summary judgment order.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ REDWOOD CITY

4871-5160-8137.5

- 3 -

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE THE REPORT AND EXCLUDE THE TESTIMONY OF BRADLEY M. KUHN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ................................................................................................... 1

II.   FACTUAL AND PROCEDURAL BACKGROUND ........................................... 2

      A.   Plaintiffs' Lanham Act, UCL and Digital Millennium Copyright Act
           Claims .......................................................................................................... 2

      B.   The Court Finds Defendants Engaged in False Advertising ....................... 3

      C.   Defendants Appeal the Summary Judgment and Preliminary Injunction .... 3

      D.   Defendants Seek to Circumvent the Ninth Circuit's Affirmation of this
           Court's Interpretation of the Neo4j Sweden Software License via Purported
           Expert Testimony from Bradley M. Kuhn ................................................... 3

      E.   Defendants Refuse to Voluntarily Withdraw Mr. Kuhn's Report ............... 5

III.  APPLICABLE LEGAL STANDARDS ................................................................. 6

IV.   ARGUMENT ......................................................................................................... 7

      A.   The Law of the Case Doctrine Bars Defendants From Using Expert
           Testimony to Relitigate Whether Sections 7 and 10 of the Neo4j Sweden
           Software License Permitted Defendants to Remove the Commons Clause .......... 7

      B.   Mr. Kuhn Cannot Opine on the Meaning of Contractual Provisions ................... 13

      C.   Mr. Kuhn's Opinions on Defendants' State of Mind is Inadmissible ................. 14

      D.   Mr. Kuhn Improperly Speculates on Neo4j Sweden's State of Mind ................. 15

      E.   Mr. Kuhn's Report Seeks to Introduce Inadmissible Hearsay Evidence ............. 17

      F.   Mr. Kuhn is Acting as an Advocate Rather than an Independent Expert ............. 18

      G.   Defendants Cannot Use Mr. Kuhn's Opinion to Bolster a FRCP 59(e)
           Motion ....................................................................................................... 19

V.    CONCLUSION ...................................................................................................... 21

4871-5160-8137.5                                        - i -

# TABLE OF AUTHORITIES

**Page**

**Cases**

*AMTAX Holdings 279, LLC v. Montalvo Assocs.*,
  LLC, 2022 WL 2784456 (S.D. Cal. June 6, 2022) ................................................................ 13

*Aquino v. Cnty. of Monterey Sheriff's Dep't*,
  No. 5:14-CV-03387-EJD, 2018 WL 3845718 (N.D. Cal. Aug. 12, 2018) ............................ 12

*Arista Networks, Inc. v. Cisco Sys. Inc.*,
  No. 16-CV-00923-BLF, 2018 WL 8949299 (N.D. Cal. June 15, 2018) ........................ 15, 16

*Backlund v. Barnhart*,
  778 F.2d 1386 (9th Cir. 1985) .............................................................................................. 20

*CZ Servs., Inc. v. Express Scripts Holding Co.*,
  No. 3:18-CV-04217-JD, 2020 WL 4518978 (N.D. Cal. Aug. 5, 2020) ................................. 7

*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 (1993) ....................................................................................... 6, 7, 16, 18, 21

*Dolby Labs. Licensing Corp. v. Adobe Inc.*,
  No. 18-CV-01553-YGR, 2019 WL 6327210 (N.D. Cal. Nov. 26, 2019) ........................ 13, 14

*Exxon Shipping Co. v. Baker*,
  554 U.S. 471 (2008) .............................................................................................................. 20

*Garcia v. Biter*,
  195 F. Supp. 3d 1131 (E.D. Cal. 2016) ................................................................................. 20

*Herrington v. County of Sonoma*,
  12 F.3d 901 (9th Cir. 1993) ............................................................................................. 7, 12

*Ins. Grp. Comm. v. Denver & R. G. W. R. Co.*,
  329 U.S. 607 (1947) .............................................................................................................. 12

*Interior Glass Sys., Inc. v. United States*,
  No. 5:13-CV-05563-EJD, 2017 WL 1153012 (N.D. Cal. Mar. 28, 2017) ............................ 21

*Kona Enters., Inc. v. Estate of Bishop*,
  229 F.3d 877 (9th Cir. 2000) ................................................................................................. 20

*Kumho Tire Co. v. Carmichael*,
  526 U.S. 137 (1999) ........................................................................................................... 6, 7

*Lust v. Merrill Dow Pharma., Inc.*,
  89 F.3d 594 (9th Cir. 1996) ..................................................................................................... 7

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ REDWOOD CITY

1

2

**TABLE OF AUTHORITIES**
(continued)

Page

3

4

*Magadia v. Wal-Mart Assocs., Inc.*,
    2018 WL 6003376 (N.D. Cal. Nov. 15, 2018)..........................................................................12

5

*MAI Sys. Corp. v. Peak Computing, Inc.*,
    991 F.2d 511 (9th Cir. 1993)....................................................................................................12

6

7

*Marvel Characters, Inc. v. Kirby*,
    726 F.3d 119 (2d Cir. 2013).....................................................................................................18

8

9

*McHugh v. United Serv. Auto. Ass'n*,
    164 F.3d 451 (9th Cir. 1999)....................................................................................................13

10

*Miranda v. U.S. Sec. Assocs., Inc.*,
    No. 18-CV-00734-LHK, 2019 WL 2929966 (N.D. Cal. July 8, 2019) ...................................12

11

12

*Nationwide Transport Fin. v. Cass Info. Sys., Inc.*,
    523 F.3d 1051 (9th Cir. 2008)........................................................................................13, 15, 17

13

14

*Neo4j, Inc. v. Graph Found., Inc.*,
    No. 5:19-CV-06226-EJD, 2020 WL 6700480 (N.D. Cal. Nov. 13, 2020) ........................3, 11

15

*Oracle Am., Inc. v. Hewlett Packard Enter. Co.*,
    No. 16-CV-01393-JST, 2018 WL 6511146 (N.D. Cal. Dec. 11, 2018) ..................................15

16

17

*In re Rezulin Products Liab. Litigation*,
    309 F. Supp. 2d 531 (S.D.N.Y. 2004).......................................................................................18

18

19

*Richardson v. United States*,
    841 F.2d 993 (9th Cir. 1988)......................................................................................................7

20

*Rissetto v. Plumbers and Steamfitters Local 343*,
    94 F.3d 597 (9th Cir. 1996).......................................................................................................11

21

22

*SA Music LLC v. Apple, Inc.*,
    592 F. Supp. 3d 869 (N.D. Cal. 2022) ..............................................................................15, 17

23

24

*Sec. Inv. Prot. Corp. v. Vigman*,
    74 F.3d 932 (9th Cir. 1996)........................................................................................................8

25

*Tessera, Inc. v. Toshiba Corp.*,
    No. 15-CV-02543-BLF, 2019 WL 5395158 (N.D. Cal. Oct. 22, 2019)...........................15, 17

26

27

*United States v. King Features Ent., Inc.*,
    843 F.2d 394 (9th Cir. 1988).....................................................................................................11

28

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ♦ REDWOOD CITY

**TABLE OF AUTHORITIES**
(continued)

Page

*United States v. Park Place Assoc.*,
   563 F.3d 907 (9th Cir. 2009) .................................................................. 7

*United States v. Shafi*,
   No. 15-CR-00582-WHO-1, 2018 WL 3159769 (N.D. Cal. June 28, 2018) .......................... 18

*White v. California*,
   No. 5:15-CV-03521-EJD, 2017 WL 4642571 (N.D. Cal. Oct. 17, 2017) ...................... 20, 21

**Statutes**

15 U.S.C. § 1114(1) ...................................................................................... 2

15 U.S.C. § 1125(a) ...................................................................................... 2

17 U.S.C. § 1202 ................................................................................. 2, 3, 15

**Other Authorities**

Ninth Circuit Rule 36-3 ............................................................................. 12

Fed. R. Civ. Proc. 59 ................................................................................. 6

Fed. R. Civ. Proc. 59(e) ................................................................ 1, 11, 20, 21

Fed. R. Evid. 403 ............................................................................... 18, 21

Fed. R. Evid. 702 .......................................................................... 6, 18, 21

Fed. R. Evid. 703 .............................................................................. 17, 21

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ REDWOOD CITY

4871-5160-8137.5

- iv -

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE THE REPORT AND EXCLUDE THE TESTIMONY OF BRADLEY M. KUHN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Defendants PureThink LLC, iGov Inc. and John Mark Suhy (collectively "Defendants") have disclosed Bradley Kuhn as a purported expert who will opine on: (1) the meaning of the provisions in the Neo4j Sweden Software License and the propriety of Defendants' removal of the Commons Clause from that license as a "further restriction;" (2) Defendants' purported understanding of Section 7 of that license was "reasonable, customary, in good faith, and correct;" (3) Defendants "acted in a reasonable, customary, good faith, and correct manner" when removing Commons Clause from the Neo4j Sweden Software License as a "further restriction;" and (4) Neo4j should have expected the Commons Clause to have been removed based on the same.  Defendants claim that they are entitled to offer his testimony to justify revisiting the Court's summary judgment order under Federal Rule of Civil Procedure 59(e) ("Rule 59(e)").  However, Mr. Kuhn's testimony amounts to an improper attempt by Defendants to seek a ***third*** bite at the apple.

This Court previously determined that Sections 7 and 10 of the Neo4j Sweden Software License ***precluded*** the removal of the Commons Clause.  Defendants agreed this issue could be decided as a matter of law and ultimately lost that argument on summary judgment. Mr. Kuhn's report parrots Defendants' incorrect interpretation of that license under the guise of "industry custom" and that Suhy's removal of the Commons Clause mirrored his understanding thereof.  In doing so, Mr. Kuhn exclusively relies on "evidence" that was available to Defendants at the time of summary judgment.  Defendants thus cannot use his proposed testimony to circumvent the law of the case doctrine, which precludes revisiting an issue previously decided by a higher court in the same case.  Likewise, they cannot use a Rule 59(e) motion to re-litigate old matters by raising arguments or presenting evidence that they could have raised in opposition to Plaintiffs' prior summary judgment motion.

Even if the meaning of the relevant provisions in the Neo4j Sweden Software License were not settled law of the case, Mr. Kuhn's opinions would still be inadmissible because his opinions all hinge on the interpretation of Section 7 of that license.  The Ninth Circuit has made clear that an expert witness cannot opine on the legal meaning of contracts as written.  It is also settled law

that an expert may not opine or speculate regarding a party's mental state, such as intent, motive, or knowledge.  Consequently, his opinions on Suhy's purported good-faith belief in removing the Commons Clause is inadmissible.  For the same reason, Mr. Kuhn's opinions about Neo4j Sweden's reasons for creating the Neo4j Sweden Software License and using the Commons Clause amounts to inadmissible gross speculation.

Finally, allowing Mr. Kuhn to testify would confuse the jury and would be prejudicial to Plaintiffs because Mr. Kuhn is not a qualified expert.  Rather, he is admittedly an open source software advocate that has been a vocal critic of this Court's interpretation of Neo4j Sweden Software License.  This is evident from an April 2022 online article Mr. Kuhn authored expressing his displeasure with the Ninth Circuit's affirmation of it.  He has also made his expert report publicly available on the internet via an open source advocacy website in a thinly veiled attempt to taint the jury pool.  Accordingly, the Court should strike Mr. Kuhn's improper and inadmissible report and preclude him from testifying on the matters discussed therein at trial.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

### A.    Plaintiffs' Lanham Act, UCL and Digital Millennium Copyright Act Claims

In this lawsuit, Plaintiffs assert Lanham Act claims against Defendants for trademark infringement, false advertising and false designation of origin claims under the Lanham Act (15 U.S.C. §§ 1114(1), 1125(a)) and mirror claims under California's Unfair Competition Law (UCL). See, generally, Dkt. No. 90.  Plaintiffs based these claims, in part, on Defendants' improper use of the NEO4J mark and falsely promoting ONgDB as a "free and open source" versions of or alternatives to commercially licensed Neo4j EE. *See id*., ¶¶ 99-133.

Plaintiffs also assert a claim against Defendants under Section 1202(b) of the Digital Millennium Copyright Act (DMCA). *See* Dkt. No. 90, ¶¶ 166-173.  Plaintiffs base their DMCA claim on Defendants' removal of the Commons Clause from the Neo4j Sweden Software License, as well was the removal and alteration of Neo4j Sweden's CMI in at least 28 separate source code files. *See id.*, ¶¶ 45, 68, 76-78, 112-115, 166-173.  Defendants also violated the DMCA by promoting and distributing altered versions of Neo4j® graph database platform with the knowledge that doing so would induce, enable, facilitate, or conceal an infringement of Neo4j Sweden's rights

1   under the DMCA.  *See id*.

2   **B.      The Court Finds Defendants Engaged in False Advertising**

3   After Phase 1 of this case, Neo4j USA moved for summary judgment on its Lanham Act

4   and mirror claims under the UCL.  On May 18, 2021, the Court granted the motion.  *See* Dkt. No.

5   118.  The Court held, *inter alia*, that Defendants' statements and advertisements - that ONgDB was

6   a free and open source version of Neo4j® EE with no limitations or restrictions - were false and

7   misleading.  *See* Dkt. No. 118 at 22:23-28:24.  The Court necessarily interpreted Sections 0, 7 and

8   10 of the Neo4j Sweden Software License to conclude that Defendants had engaged in false

9   advertising by wrongfully removing the Commons Clause and promoting ONgDB as free and open

10   source Neo4j® EE. *Id.* at 24:7-25:19 (citing *Neo4j, Inc. v. Graph Found., Inc.*, No. 5:19-CV-06226-

11   EJD, 2020 WL 6700480, at *4 (N.D. Cal. Nov. 13, 2020)).  Along with granting the motion, the

12   Court issued a preliminary injunction prohibiting Defendants from engaging in such false

13   advertising. Dkt. No. 118 at 32:16-36:5

14   **C.      Defendants Appeal the Summary Judgment and Preliminary Injunction**

15   On June 16, 2021, Defendants sought immediate appellate review of this Court's May 18,

16   2021 order.  *See* Dkt. No. 121.  After extensive briefing by the parties, the Ninth Circuit issued a

17   Memorandum Disposition affirming summary judgment for Plaintiffs and the issuance of the

18   preliminary injunction on February 18, 2022.  Dkt. No. 140.  Defendants then unsuccessfully sought

19   a rehearing, which resulted in the Ninth Circuit making minor amendments to its Memorandum

20   Disposition and issuing a formal mandate on March 22, 2022.  Dkt. Nos. 141-142.

21   **D.      Defendants Seek to Circumvent the Ninth Circuit's Affirmation of this
22           Court's Interpretation of the Neo4j Sweden Software License via Purported
         Expert Testimony from Bradley M. Kuhn**

23   On December 22, 2022, Defendants served the Export Report of Bradley M. Kuhn, which

24   "primarily discusses the issues of the removal of the Commons Clause ("CC") from the 'Neo4j

25   Sweden Software License' and Suhy's and/or PureThink, LLC's and/or IGOV, Inc.'s redistribution

26   of the Neo4j software under the AGPLv3 with CC removed."  Declaration of Jeffrey M. Ratinoff

27   ("Ratinoff Decl."), Ex. 1 ("Kuhn Report").

28   Mr. Kuhn claims to be an "expert" in "interpreting the requirements and details of [free and

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ REDWOOD CITY

4871-5160-8137.5                                    - 3 -
PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE THE REPORT AND EXCLUDE THE TESTIMONY OF BRADLEY M.
KUHN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

open source software] licenses." Kuhn Report, ¶ 13.  Yet Mr. Kuhn is not a licensed attorney nor has he ever attended law school.  Rather, his qualifications mainly consist of: (1) an undergraduate and graduate computer science degree [*id.*, ¶ 6, 11]; (2) working as a computer programmer [*id.*, ¶¶ 7-11]; (3) "work related to software licensing and compliance with the [GPL] … and other related and similar licenses" at the Free Software Foundation, Inc. ("FSF") between 2000 and 2005, as well as serving on its board between 2010 and 2019 [*id.*, ¶¶ 12-16, 19 and Exhibit I]; and (4) a founder and the president of the Software Freedom Conservancy ("SFC"), which "promotes and defends these rights through fostering free and open source software (FOSS) projects, driving initiatives that actively make technology more inclusive, and advancing policy strategies that defend FOSS (such as copyleft)" [*id.*, ¶¶ 4, 17  and Exhibit I].

Mr. Kuhn also claims to have participated first-hand in a public process to comment on, evaluate, and make suggestions for the new version of the GPL (version 3). Kuhn Report, ¶¶ 18, 21.  While not one of the actual authors of the GPLv3, he allegedly had discussions with unidentified persons responsible for drafting the GPLv3.  *Id.*, ¶ 23.  Though Mr. Kuhn's prior departure from the FSF meant he did not play an active role in the drafting of the AGPLv3, he claims that he is the author of its Section 13 – an irrelevant provision related to remote network interaction.  *See id.*, ¶¶ 21-26.

Mr. Kuhn further claims to be an "expert" on the issue of "further restrictions" in copyleft licenses. *See id.*, ¶¶ 27-28.  This is based on moderating "community discussions" about the imposition of non-military use restrictions with the GPLv2, which was later replaced by the aforementioned GPLv3.  *See id.*, ¶¶ 34-42.  Mr. Kuhn also cites to his participation in the public drafting process for the GPLv3 and the FSF's collection of <u>anonymous</u> comments on a least three drafts that took place between January 2006 and November 2007. *See id.*, ¶¶ 44-50.  Citing to specific comments on these drafts, Mr. Kuhn then summarizes his recollection of the evolution of the "further restrictions" clause in Section 7 of the GPLv3 through this process.  *See id.*, ¶¶ 51-59.

Mr. Kuhn finally concludes that the community discussions about drafts of the GPLv3 are somehow relevant to the AGPLv3 since it contains the same "further restrictions" clause, and

/ / /

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ REDWOOD CITY

4871-5160-8137.5

- 4 -

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE THE REPORT AND EXCLUDE THE TESTIMONY OF BRADLEY M. KUHN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

1
2
3
4

> conclude[s] based on these documents, plus my recollection of the GPLv3 and AGPLv3 drafting process in which I participated, and my extensive work with the FSF and SFC in copyleft licensing, that the Further Restrictions Clause [in Section 7] was specifically design to allow removal of an additional term when a licensor chose to use the text of the GPLv3 and/or AGPLv3 along with a term that the licensee viewed as a "Further Restriction".

5   Kuhn Report, ¶ 61.  Mr. Kuhn then provides additional opinions based on his interpretation of this

6   clause as it appears in the Neo4j Sweden Software License, of which he has no knowledge regarding

7   Neo4j Sweden's drafting thereof.   Without citing to any facts documents or evidence produced in

8   the underlying action, Mr. Kuhn further speculates that Neo4j Sweden would violate the APGLv3

9   if it failed to obtain permission from contributors to the source code licensed under Neo4j Sweden

10   Software License.  *See* Kuhn Report, ¶¶ 99-107, 113.

11   **E.**   **Defendants Refuse to Voluntarily Withdraw Mr. Kuhn's Report**

12   On January 13, 2023, Plaintiffs sent a letter requesting that they withdraw Mr. Kuhn's

13   report.  *See* Ratinoff Decl., Ex. 2.  In particular, Plaintiffs explained that Defendants' attempt to use

14   Mr. Kuhn's "expert opinions" to reargue that Section 7 of the Neo4j Sweden Software License

15   permitted the removal of the Commons Clause violated the law of the case doctrine.  *Id.*  This was

16   a settled issue as confirmed by the Ninth Circuit's affirmation of the Court's interpretation of

17   Sections 7 and 10 in granting summary judgment on Plaintiffs' false advertising claim.  *Id.*

18   Plaintiffs also explained that controlling authority makes clear that Mr. Kuhn's proposed

19   testimony was inadmissible because contractual interpretation is a question of law—one that the

20   Court again correctly determined as affirmed by the Ninth Circuit. *See* Ratinoff Decl., Ex. 2.

21   Likewise, his proposed testimony on Suhy's  the state of mind at the time he removed the Commons

22   Clause was inadmissible because courts in the Ninth Circuit have held that expert  testimony about

23   the state of mind and/or intent of a party is inadmissible.  For this same reason, Mr. Kuhn's proposed

24   testimony about Neo4j Sweden's intent, motive, and knowledge at the time it created the Neo4j

25   Sweden Software License was speculative and inadmissible. Finally, Plaintiffs warned Defendants

26   that attempting to offer Mr. Kuhn's testimony would constitute an improper end-around of a

27   dispositive ruling in the case.  This was not the first time that Defendants ignored the law of the

28   / / /

Hopkins & Carley
Attorneys At Law
San Jose ◆ Redwood City

4871-5160-8137.5                                    - 5 -

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE THE REPORT AND EXCLUDE THE TESTIMONY OF BRADLEY M. KUHN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

case doctrine in an attempt to revive a claim or defense that had been subject to a dispositive ruling.[1] *See* Dkt. No. 110 at 6:6-7:12.

On January 20, 2023, Defendants sent a letter in response where they refused to withdraw Mr. Kuhn's report.  *See* Ratinoff Decl., Ex. 3.  Their refusal was primarily based on ignoring the Ninth Circuit affirming the Court' summary judgment order, and then mischaracterizing it as an interlocutory order that was not subject to the law of case.  Defendants also argued that because partial summary judgments are interlocutory orders and the interpretation of Section 7 was "not fully litigated," they could offer Mr. Kuhn's testimony at trial and file a post-trial motion under FRCP 59.  Yet they addressed ***none*** of the controlling authority to the contrary.

Defendants even ***confirmed*** that they intended to offer Mr. Kuhn's testimony to establish that "Mr. Suhy was ***legally correct*** in removing the terms as the AGPL provides."  *See* Ratinoff Decl., Ex. 3 (emphasis added).  This was a remarkable admission given that Plaintiffs pointed Defendants to controlling Ninth Circuit case law that made clear that Mr. Kuhn opinions on the interpretation of the Neo4j Sweden Software License were clearly inadmissible.  Defendants also ignored the express language of Mr. Kuhn's report and claimed that he was not opining on the state of mind of either Plaintiffs or Suhy.  Plaintiffs thus had no other option than to file this motion.

## III.    APPLICABLE LEGAL STANDARDS

Rule 702 of the Federal Rules of Evidence requires that district court act as a "gatekeeper" to ensure that proposed expert testimony are valid and reliable, and will "assist the trier of fact to understand the evidence or to determine a fact in issue." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 590-91, 597 (1993) (quoting FRE 702).  This gatekeeping function "applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999).  Ultimately, the objective of *Daubert* is "to make certain that an expert, whether basing testimony upon

---

[1] As detailed in Plaintiff's previously filed motion to dismiss (Dkt. No. 172), Defendants have engaged in a pattern and practice of disregarding the Court's directives and ignoring controlling Ninth Circuit authority in attempt to maintain what are clearly frivolous legal theories and claims. *See* Dkt. No. 110 at 6:5-7:12.

Hopkins & Carley
Attorneys At Law
San Jose ♦ Redwood City

4871-5160-8137.5                                          - 6 -
PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE THE REPORT AND EXCLUDE THE TESTIMONY OF BRADLEY M. KUHN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* at 152. Expert testimony is only admissible if the expert is testifying as to knowledge of the "relevant discipline," which in turn must be more than "subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 589-590; *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

Relevance is as much a precondition of admissibility as reliability. Expert testimony must be "relevant to be admissible." *Daubert*, 509 U.S. at 589. "Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Id.* at 590-91. The testimony must "fit" the case, and be tied to the claims and facts in a way that helps the jury decide the parties' dispute. *Id.*; *accord CZ Servs., Inc. v. Express Scripts Holding Co.*, No. 3:18-CV-04217-JD, 2020 WL 4518978, at *1 (N.D. Cal. Aug. 5, 2020) (citing same). The party seeking to admit expert testimony bears the burden of proving that the proffered testimony of its expert is admissible. *Daubert*, 509 U.S. at 592 fn 10; *accord Lust v. Merrill Dow Pharma., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996).

## IV.   ARGUMENT

### A.   The Law of the Case Doctrine Bars Defendants From Using Expert Testimony to Relitigate Whether Sections 7 and 10 of the Neo4j Sweden Software License Permitted Defendants to Remove the Commons Clause

Mr. Kuhn's proposed expert testimony is irrelevant to the remaining issues here because it relates to matters that were decided on summary judgment and affirmed by the Ninth Circuit in Phase 1 of this action. Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *United States v. Park Place Assoc.*, 563 F.3d 907, 925 (9th Cir. 2009); *see also Richardson v. United States*, 841 F.2d 993, 996 (9th Cir. 1988) ("Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case."). Further, "[t]he law of the case doctrine states that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case." *Herrington v. County of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993) (internal quotations omitted). A party also cannot "offer up successively different legal or factual theories that could have been

Hopkins & Carley
Attorneys At Law
San Jose ♦ Redwood City

4871-5160-8137.5

- 7 -

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE THE REPORT AND EXCLUDE THE TESTIMONY OF BRADLEY M. KUHN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

presented in a prior request for review." *Sec. Inv. Prot. Corp. v. Vigman*, 74 F.3d 932, 937 (9th Cir. 1996) (quotations and citations omitted).  Defendants violate these principles by offering Mr. Kuhn as a purported expert witness in an effort to re-litigate whether Section 7 of the Neo4j Sweden Software License authorized their removal the Commons Clause.

Mr. Kuhn's opinions are premised on his layperson view of the language in Section 7 of the Neo4j Sweden Software License (derived from the AGPLv3), which he calls the "Further Restriction Clause," and the propriety of Defendants' removal of the Commons Clause as a "further restriction."  *See, e.g.,* Kuhn Report, ¶ 61 ("the Further Restrictions Clause [in Section 7] was specifically design [sic] to allow removal of an additional term when a licensor chose to use the text of the GPLv3 and/or AGPLv3 along with a term that the licensee viewed as a 'Further Restriction'").

The excerpts below from Mr. Kuhn's report reaffirms that he is providing his interpretation of Section 7 of the Neo4j Sweden Software License under the guise of "industry custom" and that Mr. Suhy's removal of the Commons Clause from the Neo4j Sweden Software License aligns with his understanding thereof:

> In my professional opinion, the Neo4j Sweden Software License is structured and presented precisely in the manner that the Further Restrictions Clause anticipated.
>
> Specifically, I believe that the AGPLv3 contemplated this precise situation: namely, a licensor licenses under the unmodified text of the AGPLv3, but also includes another term that contradicts, limits, and/or restricts the permissions granted under the AGPLv3.
>
> If I had encountered the "Neo4j Sweden Software License" during the normal course of my work as a FOSS activist and FOSS licensing expert, I would have felt removal of the [Commons Clause], upon redistribution of the software, was permitted by the AGPLv3's Further Restrictions Clause.
>
> In my opinion, when John Mark Suhy encountered the Neo4j Sweden Software License, his removal of the [Commons Clause] and redistribution of the Covered Work under pure AGPLv3 would be considered customary, permissible, and even widely encouraged in the field of FOSS.

Kuhn Report, ¶¶ 72-74. The rest of Mr. Kuhn's report is replete with opinions and conclusions based on his personal and unqualified interpretation of Section 7:

/ / /

- In my professional opinion, the Neo4j Sweden Software License is structured and presented precisely in the manner that the Further Restrictions Clause anticipated. Kuhn Report, ¶ 75.

- "In my opinion, the Neo4j Sweden Software License itself gave Suhy, PureThink, LLC, and IGOV, Inc. this permission explicitly. Specifically, even if one firm is the only copyright holder and therefore sole licensor of the work…." *Id.*, ¶ 76

- "In my opinion … any reasonable party would determine that the Neo4j Sweden Software License intends — given that it was intentionally drafted to include the Further Restrictions Clause — that the [Commons Clause] can be removed by anyone who engages in redistribution [] of the software covered by the Neo4j Sweden Software License." *Id.* at ¶ 78.

- "Therefore, if a license that has the full text of the unmodified AGPLv3, users and/or redistributors have a good faith basis to exercise any and all clauses of the AGPLv3 — including the Further Restrictions Clause and its permission to strike and remove additional restriction clauses." *Id.* at ¶ 89.

- "In my opinion … the Neo4j Sweden Software License was structured and promoted to give users the incorrect impression that the [Commons Clause] could not be removed from those terms — even though the Further Restrictions Clause was present." *Id.* at ¶ 97.

- "In my opinion, there is widespread understanding in the FOSS community of the purpose and function of the Further Restrictions Clause. As such, Suhy acted in a reasonable, customary, good faith, and correct manner when removing [Commons Clause] from the Neo4j Sweden Software License and licensing the software under AGPLv3 to his customers and/or the public." *Id.* at ¶ 110.

- "In my opinion, it is reasonable, customary, in good faith, and correct for redistributors to believe that the Neo4j Sweden Software License intentionally included the Further Restrictions Clause. The authors of the Neo4j Sweden Software License should have expected that the Further Restrictions Clause would be used to remove [Commons Clause] from the Neo4j Sweden Software License." *Id.* at ¶ 112.

The trial court and appellate record here makes clear that the parties fully and conclusively litigated the meaning of "further restrictions" within the context Neo4j Sweden Software License as a whole. *See* Dkt. No. 98 at 30:19-31:9; Dkt. No. 100 at 27:18-30:16; Dkt. No. 109 at 18:13-22:3. In particular, Plaintiffs argued on summary judgment:

> The Neo4j Sweden Software License did not permit Defendants to remove the commercial restrictions imposed by the Commons Clause and replace that license with a "pure" AGPL. This is confirmed by the plain language of the license. Section 10 states: "You may not impose any further restrictions on the exercise of rights granted or affirmed under this License." Rathle Decl., Ex. 3. Section 7 states: "[i]f the Program as you received it, or any part of it, contains a notice stating that it is governed by this License along with a term that is a

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ♦ REDWOOD CITY

4871-5160-8137.5                                    - 9 -
PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE THE REPORT AND EXCLUDE THE TESTIMONY OF BRADLEY M. KUHN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

1     further restriction, you may remove that term." *Id*. Importantly, the AGPLv3

2     defines "you" as the licensee, not the licensor. *Id*., Ex. 3 at § 0 ("Each licensee
    is addressed as 'you'"). Thus, read correctly, Sections 7 and 10 did not prohibit

3     Neo4j Sweden as the copyright holder and licensor from adding the Commons
    Clause. *See* GFI Dkt. No. 88 at 5:23-8:9.

4    Dkt. No. 98 at 30:19-28.

5      In their opposition and cross-motion for summary judgment, Defendants argued:

6     the Neo4J Sweden Software License defines "you" as the "licensee." Neo4J

7     Sweden Software License, Section 0 ("Each licensee is addressed as 'you'.)

8                    * * *

9     Section 7 of the Neo4J Sweden Software License states: "If the Program as you
    received it, or any part of it, contains a notice stating that it is governed by this

10    License along with a term that is a further restriction, you may remove that
    term." Neo4J Sweden Software License, Section 7. Substituting the matching

11    language for the defined terms in this provision, Section 7 of the Neo4J [sic]
    Sweden Software License states: "If the Program as [GFI] received it, or any

12    part of it, contains a notice stating that it is governed by [the AGPLv3 license]
    along with a term that is a further restriction, [GFI] may remove that term."

13     The Neo4J Sweden Software License states that the software is "subject to the
    terms of the GNU AFFERO GENERAL PUBLIC LICENSE Version 3, with

14    the Commons Clause . . ." Therefore, the Neo4J Sweden Software License has
    a notice stating that the software is governed by the AGPLv3 license plus a

15    further restriction, i.e. the Commons Clause. Because the Neo4j software, i.e.
    "the Program", contained a notice stating that it is governed by "this License"

16    (the AGPLv3 license) along with a term that is a further restriction (the
    Commons Clause), then, under Section 7, GFI as the licensee, i.e. "you", may

17    remove that term. Removal of the Commons Clause is expressly permitted
    under the terms of the Neo4J Sweden Software License.

18                    * * *

19

20     Sweden chose to control is license under the AGPL license model. And, the
    AGPL, by its terms, allows a licensee to remove restrictive terms. If Sweden

21    did not want the Common Clause removed, they could have used a different
    license form. They chose to use the well-known AGPL license form and USA

22    cannot complain of the impact of the terms Sweden choose.

23    Dkt. No. 100 at 28:15-29:7, 30:9-16.

24      The Court held this was an issue of contractual interpretation properly decided as a matter

25 of law on summary judgment because "***[t]he parties agree*** that the truth or falsity of Defendants'

26 statements hinge on 'the interpretation of Section 7 [of the Neo4j Sweden Software License], and

27 / / /

28 / / /

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ◆ REDWOOD CITY

4871-5160-8137.5

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE THE REPORT AND EXCLUDE THE TESTIMONY OF BRADLEY M. KUHN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

GFI's right to remove the Commons Clause from the Neo4j Sweden Software License.'"[2]  Dkt.
No. 118 at 24:10-15 (quoting Defendants' cross-motion, emphasis added).  The Court then
considered Defendants' arguments and rejected them: "Defendants argue that there is a reasonable
interpretation of the Neo4j Sweden Software License that permits licensees, like GFI or
Defendants, to remove the Commons Clause and redistribute the software under the standardized
AGPL license. Cross-Motion at 27-30. The Court disagrees." *Id.* at 24:7-25:12.

     The Court agreed with Plaintiff's interpretation of relevant provisions of Neo4j Sweden
Software License, and reiterated that

> Neither of the two provisions in the form AGPLv3 that Defendants point to give
> licensees the right to remove [the Commons Clause]. Section 10 of the
> AGPLv3, which is incorporated into the Neo4J Sweden Software License,
> states: "You may not impose any further restrictions on the exercise of rights
> granted or affirmed under this License." . . . Section 7 states: "[i]f the Program
> as you received it, or any part of it, contains a notice stating that it is governed
> by this License along with a term that is a further restriction, you may remove
> that term." [] Defendants argue that these provisions mean that "there can be no
> liability for removing the further licensing restrictions which Neo4j
> incorporated into the license," namely the Commons Clause. [] As Plaintiffs
> point out, however, the AGPLv3 defines "you" as the licensee, not the licensor.
> Ex. 1 at § 0 ("Each licensee is addressed as 'you'"). Thus, read correctly,
> Sections 7 and 10 prohibit a licensee from imposing further restrictions, but do
> not prohibit a licensor from doing so.

Dkt. No. 118 at 25:16-19 (quoting *Neo4j, Inc. v. Graph Found., Inc.*, No. 5:19-CV-06226-EJD,
2020 WL 6700480, at *4 (N.D. Cal. Nov. 13, 2020)).

     Defendants did not wait until the conclusion of this case to file a motion pursuant to
Rule 59(e) and then file an appeal.  Rather, Defendants made a strategic decision to use the Court's

---

[2] This is consistent with the long-recognized principle that "[s]ummary judgment is appropriate
when the contract terms are clear and unambiguous, even if the parties disagree as to their
meaning." *United States v. King Features Ent., Inc.*, 843 F.2d 394, 398 (9th Cir. 1988).  Defendants
are also judicially estopped from taking a contrary position that the Court could not make that
determination on summary judgment simply because they did not like the outcome resulting from
their prior position.  *See Rissetto v. Plumbers and Steamfitters Local 343*, 94 F.3d 597, 600 (9th
Cir. 1996) (doctrine of judicial estoppel "precludes a party from gaining an advantage by taking
one position, and then seeking a second advantage by taking an incompatible position").

issuance of a preliminary injunction as a means to obtain immediate appellate review, *inter alia*, as to whether the provisions of the Neo4j Sweden Software License permitted Defendants to remove the Commons Clause as a further restriction.  To be sure, Defendants' opening appellate brief characterized the underlying legal and factual basis of this Court's interpretation of the provisions of Neo4j Sweden Software License as being "'inextricably bound up' with its legal resolution of the summary judgment" and therefore sought *de novo review* thereof.  *See* Ratinoff Decl., Ex. 4 at 17 (citing to *MAI Sys. Corp. v. Peak Computing, Inc*., 991 F.2d 511, 516 (9th Cir. 1993) and arguing that "the court's preliminary injunction is 'inextricably bound up' with its legal resolution of the summary judgment; this Court therefore exercises plenary review."); *see also id*. at 8, fn 3 ("The propriety of adding the Commons Clause to the AGPL license was a matter of dispute and is discussed further in the Argument").

The correctness of this Court's interpretation of the relevant provisions of the Neo4j Sweden Software License was the subject of extensive briefing by the parties before the Ninth Circuit. Ratinoff Decl., Ex. 4 at 36-40; Ex. 5 at 47-54; Ex. 6 at 15-17.  The Ninth Circuit then ***expressly affirmed*** that "Defendants' representation that ONgDB is a 'free and open-source' version of Neo4j® EE was literally false, because ***Section 7 of the Sweden Software License only permits a downstream licensee to remove 'further restrictions' added by an upstream licensee to the original work***."  Dkt. No. 140 at 3 (emphasis added).  The Ninth Circuit also removed all doubt as to the conclusiveness of its decision by indicating that the opinion was precedential for the purpose of the doctrine of law of the case "as provided by Ninth Circuit Rule 36-3."  *See id.* at 1.

Defendants' attempt to offer testimony from Mr. Kuhn on the meaning of Section 7 is thus a blatant violation of the law of the case doctrine.  It is beyond inappropriate for Defendants to ask this Court to ignore the Ninth Circuit affirming its interpretation of the Neo4j Sweden Software License. *See Herrington*, 12 F.3d at 904; *accord Aquino v. Cnty. of Monterey Sheriff's Dep't*, No. 5:14-CV-03387-EJD, 2018 WL 3845718, at *1 (N.D. Cal. Aug. 12, 2018) (citing same); *see also Ins. Grp. Comm. v. Denver & R. G. W. R. Co.*, 329 U.S. 607, 612 (1947) ("When matters are decided by an appellate court, its rulings, unless reversed by it or a superior court, bind the lower court.").

Finally, even if the law of the case did not apply, courts in this District "exclude testimony

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ◆ REDWOOD CITY

4871-5160-8137.5

- 12 -

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE THE REPORT AND EXCLUDE THE TESTIMONY OF BRADLEY M. KUHN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

on issues already ruled on at summary judgment." *Miranda v. U.S. Sec. Assocs., Inc.*, No. 18-CV-00734-LHK, 2019 WL 2929966, at *3 (N.D. Cal. July 8, 2019) (collecting cases); *accord Magadia v. Wal-Mart Assocs., Inc.*, 2018 WL 6003376, at *2 (N.D. Cal. Nov. 15, 2018) (granting motion in limine because "the Court has already ruled on these matters in its summary judgment orders," thus "testimony on these issues would have no probative value, and would merely waste time").  The Court should therefore strike Mr. Kuhn's expert report in its entirety, as well as exclude him from testifying on his opinions therein because they have no probative value and are irrelevant to the remaining issues to be tried in this case.

### B.    Mr. Kuhn Cannot Opine on the Meaning of Contractual Provisions

Besides violating the law of the case doctrine, Mr. Kuhn's proposed testimony on the interpretation of the provisions detailed above are inadmissible. The Ninth Circuit has made clear that "[expert] testimony cannot be used to provide legal meaning or interpret the [contracts] as written." *McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999)); *accord Dolby Labs. Licensing Corp. v. Adobe Inc.*, No. 18-CV-01553-YGR, 2019 WL 6327210, at *2 (N.D. Cal. Nov. 26, 2019) ("[t]hat a dispute has arisen regarding contract interpretation does not mean that a third party may offer "opinions" to support one party's interpretation"); *AMTAX Holdings 279, LLC v. Montalvo Assocs.*, LLC, 2022 WL 2784456, at *4 (S.D. Cal. June 6, 2022) ("[t]he interpretation of the contract is a matter of law, one this Court is more than capable of handling without the assistance of a so-called expert witness testimony") (citing *Nationwide Transport Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008)).  "To claim that a person dressed as an expert can opine in court and seek to interpret the contracts at the core of the parties' dispute would usurp the [fact-finder's] role of resolving contract disputes and open the door to 'legal experts' frequenting the courtroom." *Dolby Labs.*, 2019 WL 6327210, at *2 (emphasis added).  This is exactly what Defendants are seeking to do with Mr. Kuhn's proposed testimony.

Mr. Kuhn's report leaves no doubt that his opinions are "merely attorney argument dressed in the guise of 'custom and practice.'" *Dolby Labs.*, 2019 WL 6327210, at *2.  As detailed above, his interpretation of Section 7 parrots Defendants' unsuccessful legal arguments made on summary judgment and on appeal – and are equally erroneous because he also fails to reconcile Section 7

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ◆ REDWOOD CITY

4871-5160-8137.5

- 13 -

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE THE REPORT AND EXCLUDE THE TESTIMONY OF BRADLEY M. KUHN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

with Sections 0 and 10 of the Neo4j Sweden License. Kuhn even repackages Defendants' failed argument that Neo4j Sweden could have used a different license form if it wanted to add the Commons Clause instead of simply adding it to the AGPLv3. *Compare* Kuhn Report, ¶¶ 76-89, 96 *and* Dkt. No. 100 at 30:9-16.

Mr. Kuhn's opinion on what is "customary" in the "open source community" and the correctness of removing "further restrictions" based thereon cannot override the Court's exclusive province to determine the meaning of this term within the context of Section 7 and Section 10. *See Dolby Labs.*, 2019 WL 6327210, at *2 (excluding expert opinion on whether plaintiff's "interpretation of the agreements at issue in this case is 'commercially reasonable relative to customs and practices in the software industry'"). Likewise, Mr. Kuhn's attempt to introduce his recollection of the drafting history of the GPLv3, as well hearsay from anonymous commenters and unnamed persons at the FSF does not override the Court's exclusive province of interpreting the plain language of the provisions in Neo4j Sweden Software License – especially after Defendants ***agreed*** that the Court could do so. Mr. Kuhn conceded as much in an article he authored that criticized the Ninth Circuit's affirmation of the Court's interpretation of the Neo4j Sweden Software License: "***the intent of the original drafter of a license text is not dispositive over the text as it actually appears in the license***." Ratinoff Decl., Ex. 7 at 4 (emphasis added). Accordingly, the opinions in Paragraphs 51-61, 71-75, 76-78, 79-89, 96-97, 109-110 and 112 in Mr. Kuhn's report are inadmissible because they are rooted in and dependent on the ***legal interpretation*** of provisions in the Neo4j Sweden Software License.

### C.     Mr. Kuhn's Opinions on Defendants' State of Mind is Inadmissible

Based on the same impermissible interpretation of "further restrictions" and what he speculates is a wide-spread understanding in the open source community, Mr. Kuhn concludes that "Suhy acted in a reasonable, customary, good faith, and correct manner when removing CC from the Neo4j Sweden Software License and licensing the software under AGPLv3 to his customers and/or the public." Kuhn Report, ¶ 110; *see also id.*, ¶ 75 ("In my opinion, when John Mark Suhy encountered the Neo4j Sweden Software License, his removal of the CC and redistribution of the Covered Work under pure AGPLv3 would be considered customary, permissible, and even widely

encouraged in the field of FOSS.").  Paragraphs 71-74, 76-78, 79-89 of Mr. Kuhn's report seek to support that conclusion or offer related opinions on Suhy's subjective intent in removing the Commons Clause from the Neo4j Sweden Software License.

It is well-settled law in the Ninth Circuit and this District that an expert may not opine or speculate regarding a party's mental state, such as intent, motive, or knowledge.  *See, e.g., Nationwide Transp. Fin. v. Cass Info Sys. Inc*., 523 F.3d 1051, 1058 (9th Cir. 2008) (excluding, *inter alia*, sections of expert report that identify the parties' actions as "wrongful" or "intentional" under the law); *SA Music LLC v. Apple, Inc*., 592 F. Supp. 3d 869, 903 (N.D. Cal. 2022) (excluding expert opinion that concluded infringement was willful because experts cannot opine about a party's mental state); *Tessera, Inc. v. Toshiba Corp.*, No. 15-CV-02543-BLF, 2019 WL 5395158, at *14 (N.D. Cal. Oct. 22, 2019) (striking portions of an expert report that plaintiff's intent, motive, and state of mind because "[s]uch testimony is not appropriate expert testimony"; *Arista Networks, Inc. v. Cisco Sys. Inc.*, No. 16-CV-00923-BLF, 2018 WL 8949299, at *3 (N.D. Cal. June 15, 2018) (excluding expert testimony because "[e]xperts may not speculate about the state of mind . . . of others").  "Expert testimony as to intent, motive, or state of mind offers no more than drawing an inference from the facts of the case," an exercise that the jury is "sufficiently capable" of doing without the help of expert testimony, and thus "permitting expert testimony on this subject . . . merely substitut[es] the expert's judgment for the jury's and would not be helpful to the jury." *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, No. 16-CV-01393-JST, 2018 WL 6511146, at *3 (N.D. Cal. Dec. 11, 2018) (internal citation and quotations omitted).

Removing all doubt that Defendants are using Mr. Kuhn's testimony for this improper purpose, Defendants admitted that Mr. Kuhn intends to testify that Suhy did not have the requisite intent to remove the Commons Clause in violation of the DMCA.  *See* Ratinoff Decl., Exh. 3 at p. 2.  The Court should therefore strike Paragraphs 71-75, 76-78, 79-89, 97, 110, and 112 of Mr. Kuhn's report and preclude him from testifying on Mr. Suhy's state of mind in removing the Commons Clause from the Neo4j Sweden Software license.

### D.    Mr. Kuhn Improperly Speculates on Neo4j Sweden's State of Mind

Mr. Kuhn also impermissibly seeks to opine on Neo4j Sweden's state of mind at the time it

drafted the Neo4j Sweden Software License:

- "In my opinion, ***it seems highly unlikely that the drafters of the Neo4j Sweden Software License were unaware*** of MongoDB's approach to their license change. As such, ***drafters of the Neo4j Sweden Software License was almost surely aware*** that they had the options presented under ¶ 85 to produce a fully modified AGPLv3 — sans the preamble and with no mention of FSF's trademark "GNU" — instead of the Neo4j Sweden Software License." Kuhn Report, ¶ 96 (emphasis added).

- "In my opinion, ***this speaks to clear intentionally [sic] in choosing*** a license that included the Further Restrictions Clause." *Id.* at ¶ 97 (emphasis added).

- In my opinion … the Neo4j Sweden Software License ***was structured and promoted to give users the incorrect impression*** that the [Commons Clause] could not be removed from those terms — even though the Further Restrictions Clause was present." *Id.* (emphasis added).

- "In essence, ***my opinion is that the Neo4j Sweden Software License attempted to inappropriately capitalize*** on the goodwill, power, and notoriety of the "GNU" and 'AGPLv3' brands while also frightening commercial redistributors with the addition of the [Commons Clause]." *Id.*, ¶ 98 (emphasis added).

- "***I firmly believe that Neo4j hoped that no one would notice the Further Restrictions Clause remained included***, and thereby realize that [Commons Clause] could, in fact, be removed and that commercial activity by downstream redistributors could therefore continue under pure AGPLv3." *Id.* (emphasis added).

- "In my opinion, given the extensive publicity of MongoDB's SS Public License, FSF's FAQ, and other widely understood licensing knowledge regarding AGPLv3, ***those who promulgated the Neo4j Sweden Software License were (or should have been) aware*** that they could construct their own license, picking and choosing their preferred clauses from the AGPLv3 under the rules outlined by the FSF in ¶ 85." *Id.*, ¶ 111 (emphasis added).

- "***The authors of the Neo4j Sweden Software License should have expected*** that the Further Restrictions Clause would be used to remove CC from the Neo4j Sweden Software License. ***If they wanted to prevent that behavior***, ***they should have*** (and could have, provided they had sufficient rights to all contributions to be licensed) removed the Further Restrictions Clause." *Id.*, ¶ 112 (emphasis added).

His proposed testimony on Neo4j Sweden's motivation and intent in using the AGPLv3 as a starting place, as well as its reasoning for adding the Commons Clause, is rife with gross speculation. Mr. Kuhn does not cite a single internal email produced by Plaintiffs that could support any of his assumptions or conclusions as to Plaintiffs' motives or intent. The Supreme Court has made clear that expert testimony cannot be based on "subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 590, 597; *see also Arista Networks, Inc. v. Cisco Sys. Inc.*, 2018 WL 8949299,

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ REDWOOD CITY

4871-5160-8137.5
- 16 -
PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE THE REPORT AND EXCLUDE THE TESTIMONY OF BRADLEY M. KUHN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

at *3 (N.D. Cal. June 15, 2018) (excluding expert testimony because "[e]xperts may not speculate about the state of mind . . . of others").  Even if he had cited to any such emails, as discussed above, his proposed testimony about Neo4j Sweden's intent, motive, and knowledge in drafting the Neo4j Sweden Software License remains inadmissible.  *See Nationwide Transp.*, 523 F.3d at 1058; *SA Music*, 592 F. Supp. 3d at 903; *Tessera*, 2019 WL 5395158, at *14.  Accordingly, the Court should strike Paragraphs 96-98 and 111-112 of Mr. Kuhn's report and exclude him from testifying on Neo4j Sweden's state of mind at the time it drafted the Neo4j Sweden Software License, and its alleged intent and motivation for adding the Commons Clause to the AGPLv3.

### E.  Mr. Kuhn's Report Seeks to Introduce Inadmissible Hearsay Evidence

Mr. Kuhn's opinions are largely based on inadmissible hearsay consisting of his internal discussions with unnamed "staff and Board members of the FSF" persons at the FSF, including "the GPLv3 drafters themselves" (Kuhn Report, ¶¶ 18, 23-24, 26, 52, 81), as well as comments from anonymous persons during that drafting process of the GPLv3 (*id.,* ¶¶ 44-48, 52-56, 58 and Exs. B-F).  Mr. Kuhn also speculates on how the FSF viewed Neo4j Sweden using the Commons Clause with the AGPLv3. *See id.* at ¶¶ 81-85.  Mr. Kuhn offers this testimony for the truth of the matters stated and no exception to the hearsay rule applies.

Expert opinions based on otherwise inadmissible hearsay are admissible **only** if the facts or data are "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject." Fed. R. Evid. 703.  There is nothing in Mr. Kuhn's report to suggest that hearsay statements from anonymous persons are the type of evidence that an industry expert or an expert in license agreements (of which he is neither) could reasonably rely on.  None of the markups and comments from the GPLv3 were produced by Defendants during discovery.  Ratinoff Decl., ¶ 12.  Defendants also did not subpoena the FSF to authenticate these materials and to obtain its views on the AGPLv3.  In fact, Mr. Suhy reached out to the FSF multiple times in the fall of 2020 where he attached this Court's initial ruling in the GFI action that Sections 7 and 10 did not permit the removal of the Commons Clause.  *Id.*, Exs. 7-9. Defendants did not produce any responses from the FSF.  *Id.*, ¶ 13.  Thus, it appears that FSF was not concerned about the Court's

/ / /

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ◆ REDWOOD CITY

4871-5160-8137.5                                              - 17 -
PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE THE REPORT AND EXCLUDE THE TESTIMONY OF BRADLEY M. KUHN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

interpretation of Sections 7 and 10, or had any interest in expressing any contrary viewpoint.[3]

Defendants cannot now offer Mr. Kuhn as an expert witness to fix these admissibility issues and substitute his personal views for those of the FSF after it chose to remain silent.  *See United States v. Shafi*, No. 15-CR-00582-WHO-1, 2018 WL 3159769, at *5 (N.D. Cal. June 28, 2018) ("[a]n expert may not serve 'simply as a conduit for introducing hearsay under the guise that the testifying expert used the hearsay as the basis of his testimony'") (internal citation omitted); *Marvel Characters, Inc. v. Kirby*, 726 F.3d 119, 136 (2d Cir. 2013) (excluding expert testimony on historical perspective concerning relationship between comic book publishers and freelance artist whose artworks depicted iconic characters where experts' testimony "was by and large undergirded by hearsay statements").

### F.    Mr. Kuhn is Acting as an Advocate Rather than an Independent Expert

When assessing a proffer of expert testimony for both reliability and relevance under Rule 702, courts must "be mindful of other applicable rules," including Rule 403. *Daubert*, 509 U.S. at 595. Because "[e]xpert evidence can be both powerful and quite misleading because of the difficulty in evaluating it[,] . . . the judge in weighing possible prejudice against probative force under Rule 403 . . . exercises more control over experts than over lay witnesses." *Id.* (citation and internal quotation marks omitted).  Courts must also be "mindful" of the other prongs of Rule 403, including waste of time and confusion of the issues, which each independently may warrant exclusion of expert testimony. Fed. R. Evid. 403.  When an expert's report is more accurately characterized as lawyerly advocacy, exclusion is appropriate. *See, e.g., In re Rezulin Products Liab. Litigation*, 309 F. Supp. 2d 531, 546 (S.D.N.Y. 2004) (excluding expert testimony where expert was acting as an advocate rather than as an expert who could assist the trier of fact).

Allowing Mr. Kuhn to testify would confuse the jury and would be prejudicial to Plaintiffs

---

[3] Plaintiffs are not conceding that the FSF's views on the AGPLv3 would be admissible or relevant for purposes of interpreting the Neo4j Sweden Software License.  However, the FSF's silence is indicative of Mr. Kuhn having contrary views to the FSF and is seeking a forum to express his personal views on open source licensing. As discussed below, his personal views not amount to admissible expert testimony.

because Mr. Kuhn is not acting an impartial expert witness.  Rather, he is a self-described "FOSS activist" and is acting as advocate for Defendants.  *See* Kuhn Report, ¶¶ 34, 74.  Mr. Kuhn is personally invested in this case as reflected by his March 30, 2022 article published on the SFC's website titled, "An Erroneous Preliminary Injunction Granted in Neo4j v. PureThink" and with the byline, "Bad Early Court Decision for AGPLv3 Has Not Yet Been Appealed." Ratinoff Decl., Ex. 10.  Mr. Kuhn first touts that "We at Software Freedom Conservancy proudly and vigilantly watch out for your rights under copyleft licenses such as the Affero GPLv3." *Id.* Mr. Kuhn then warns readers "we're not a law firm, our lawyers are not your lawyers, and this is not legal advice." *Id.* Reaffirming he is unqualified to provide an expert opinion on contractual provisions, Mr. Kuhn then provides an inaccurate assessment of the case and the impact of the Ninth Circuit's ruling.  *Id.* He eventually concludes from an admitted layperson's view "that Suhy's removal of the 'Commons Clause' was fully permitted by the terms of the AGPLv3, and that Neo4j gave him that permission in that license." *Id.*  Mr. Kuhn also offered similar unqualified views on how to interpret contracts to the author of a news article published days later, entitled "Court erred in Neo4j source license ruling, says Software Freedom Conservancy."  *Id.*, Ex. 11.

Finally, Defendants and Mr. Kuhn are proliferating his criticisms of this Court's rulings in an apparent effort to unduly influence witnesses and jurors.  Shortly after Mr. Kuhn published his opinion piece, Suhy sent a link to the article to Mike Dunn at the IRS.  Ratinoff Decl., Ex. 12.  On February 9, 2023, the SFC posted a "press release" about Mr. Kuhn's report (replete with mischaracterizations about this case) on its website, "SFC's Policy Fellow Files Expert Report in Neo4j v. PureThink." *Id.*, Ex. 13.  This article also includes a link to his expert report. *Id.*  Since his report was not publicly filed, it seems that Defendants and Mr. Kuhn are hoping to sway potential jurors in the Silicon Valley, which are likely to read tech-centric publications.  They appear to have already succeeded as evidenced by a recent article published by a technology news outlet, which also includes a link to his report.  *Id.,* Ex. 14.  The Court should thus exclude Mr. Kuhn's testimony because he is acting as an advocate for Defendants, rather than as an expert who could assist the jury on the remaining issues here.

/ / /

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ♦ REDWOOD CITY

4871-5160-8137.5
- 19 -
PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE THE REPORT AND EXCLUDE THE TESTIMONY OF BRADLEY M. KUHN; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; CASE NO. 5:18-CV-07182-EJD

**G.      Defendants Cannot Use Mr. Kuhn's Opinion to Bolster a FRCP 59(e) Motion**

Lastly, there is no basis for Defendants to offer Mr. Kuhn's testimony to justify filing a motion pursuant to Rule 59(e).  As detailed above, the Court already decided on summary judgment the issues on which he opines.  As recognized by this Court, "[a]rguments that a court was in error on the issues it considered should be directed to the court of appeals." *White v. California*, No. 5:15-CV-03521-EJD, 2017 WL 4642571, at *1 (N.D. Cal. Oct. 17, 2017) (internal quotations and citation omitted).  Since Defendants did exactly that—and lost—there is nothing for this Court to reconsider under Rule 59(e).

Even if this were not the case, Defendants still cannot meet the requirements of Rule 59(e).  A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 fn 5 (2008) (internal quotations and citations omitted); *accord White*, 2017 WL 4642571, at *1 (citing same). The rule's purpose "is ***not*** to give an unhappy litigant one additional chance to sway the judge." *Garcia v. Biter*, 195 F. Supp. 3d 1131, 1133 (E.D. Cal. 2016), (internal quotation omitted; emphasis preserved); *accord White*, 2017 WL 4642571, at *1  (citing same); *Backlund v. Barnhart*, 778 F.2d 1386, 1388 (9th Cir. 1985) (affirming denial of Rule 59(e) motion which "presented no arguments that had not already been raised in opposition to summary judgment").  As detailed above, Mr. Kuhn's otherwise inadmissible opinions recycle arguments that this Court ***and*** the Ninth Circuit already considered.

A Rule 59(e) motion also "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Mr. Kuhn's alleged personal knowledge of the drafting of the GPLv3 and the drafting comments he relies on are not new evidence.  All were available when Defendants opposed Plaintiff's summary judgment motion filed in January 2021.  As confirmed by Mr. Kuhn, "the FSF has also continuously made available … [the] discussion drafts, license texts, and rationale documents" from 2016 to 2017 that he relies on "in an easily accessible and browsable format on the website https://gplv3.fsf.org — from their publication dates until present day."  Kuhn Report, ¶¶ 44-50.  As recognized by the Court, however, Defendants

*chose* to argue the plain meaning of the language in the Neo4j Sweden Software License as a matter of law.  *See* Dkt. No. 118 at 24:10-15.  Consequently, "[t]his new way to frame the evidence cannot be considered under Rule 59(e)."  *White*, 2017 WL 4642571, at *1; *accord Interior Glass Sys., Inc. v. United States*, No. 5:13-CV-05563-EJD, 2017 WL 1153012, at *3 (N.D. Cal. Mar. 28, 2017) (recognizing that a party "cannot prevail under Rule 59(e) with new arguments or evidence it could have submitted previously, but did not").

## V.    CONCLUSION

For the reasons discussed above, the Court should exclude Mr. Kuhn's expert report, testimony, and opinions in their entirety under Rules 702 and 703 and *Daubert* because they are unreliable, irrelevant and not within the proper scope of expert testimony.  The Court should also exclude them under Rule 403 because they will only confuse the issues and will waste the time and resources of the Court, the jury, and the parties.

Dated:  April 20, 2023

HOPKINS & CARLEY
A Law Corporation


By: */s/ Jeffrey M. Ratinoff*
    Jeffrey M. Ratinoff
    Attorneys for Plaintiffs and Counter-
    Defendants NEO4J, INC. and NEO4J
    SWEDEN AB

4871-5160-8137.5