# EXHIBIT 2

# hopkins carley

**San Jose**
70 South First Street
San Jose, CA 95113
T. 408.286.9800
F. 408.998.4790

January 13, 2023

Jeffrey M. Ratinoff
jratinoff@hopkinscarley.com
T. 408.299.1336
F. 408.998.4790

*Via Electronic Mail*

Adron W. Beene
Adron G. Beene
Law Offices of Adron W. Beene
7960 Soquel Drive, Suite B #296
Aptos, CA 95003

> **Re:**   *Neo4j, Inc. v. PureThink LLC, et al.,* Case No.: 5:18-cv-07182-EJD

Dear Counsel:

I am writing regarding the purported "expert" report authored by Bradley M. Kuhn and to meet and confer in the hope of avoiding the need for Plaintiffs to file a *Daubert* motion to exclude Mr. Kuhn's proposed testimony.

## Mr. Kuhn's Opinions Violate the Law of the Case Doctrine

Mr. Kuhn's opinions are squarely premised on his interpretation of the language in Section 7 of the AGPLv3 (which he calls the "Further Restriction Clause") and the propriety of Defendants' removal of the Commons Clause from the Neo4j Sweden Software License as a "further restriction." For example, in Paragraph 61, Mr. Kuhn states "I conclude … that the Further Restrictions Clause [in Section 7] was specifically design [sic] to allow removal of an additional term when a licensor chose to use the text of the GPLv3 and/or AGPLv3 along with a term that the licensee viewed as a 'Further Restriction'."

The following further confirms that Mr. Kuhn is merely providing his interpretation of Section 7 of the Neo4j Sweden Software License under the guise of "industry custom" and that Mr. Suhy's removal of the Commons Clause is consistent with his understanding thereof:

> In my professional opinion, the Neo4j Sweden Software License is structured and presented precisely in the manner that the Further Restrictions Clause anticipated.

> Specifically, I believe that the AGPLv3 contemplated this precise situation: namely, a licensor licenses under the unmodified text of the AGPLv3, but also includes another term that contradicts, limits, and/or restricts the permissions granted under the AGPLv3.

Adron W. Beene
Adron G. Beene
January 13, 2023
Page 2

> If I had encountered the "Neo4j Sweden Software License" during the normal course of my work as a FOSS activist and FOSS licensing expert, I would have felt removal of the CC portion, upon redistribution of the software, was permitted by the AGPLv3's Further Restrictions Clause.

> In my opinion, when John Mark Suhy encountered the Neo4j Sweden Software License, his removal of the CC and redistribution of the Covered Work under pure AGPLv3 would be considered customary, permissible, and even widely encouraged in the field of FOSS.

Kuhn Report, ¶¶ 72-76.

Under the law of the case doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case." *Richardson v. United States*, 841 F.2d 993, 996 (9th Cir.1988).  Likewise, a party may neither "revisit theories that it raises but abandons," nor "offer up successively different legal or factual theories that could have been presented in a prior request for review." *Sec. Investor Prot. Corp. v. Vigman*, 74 F.3d 932, 937 (9th Cir.1996) (quotations and citations omitted).

As you know, the parties fully and completely litigated the meaning of "further restrictions" within the Neo4j Sweden Software License on summary judgment.  *See* Dkt. No. 98 at 30:19-31:9; Dkt. No. 100 at 27:18-30:16; Dkt. No. 109 at 18:13-22:3.  Judge Davila considered Defendants' arguments and rejected them: "Defendants argue that there is a reasonable interpretation of the Neo4j Sweden Software License that permits licensees, like GFI or Defendants, to remove the Commons Clause and redistribute the software under the standardized AGPL license. Cross-Motion at 27-30. The Court disagrees."  Dkt. No. 118 at 24:7-25:12.  Judge Davila further found that Defendants failed to address the Court's reasoning in *Neo4j, Inc. v. Graph Found., Inc.*, No. 5:19-CV-06226-EJD, 2020 WL 6700480, at *4 (N.D. Cal. Nov. 13, 2020) "that 'further restriction' refers only to further restrictions imposed by a licensee, not the licensor." Dkt. No. 118 at 25:16-19.

In their appeal, Defendants made similar arguments in challenging one of the underlying bases for Judge Davila's issuance of a preliminary injunction.  *See* Appellant's Opening Brief, pp. 37-40. Plaintiffs substantively addressed these in response.  *See* Appellees' Answering Brief, pp. 49-54.  The Ninth Circuit **conclusively affirmed** Judge Davila's findings regarding the disputed provisions of the Neo4j Sweden Software License, and expressly found that "Defendants' representation that ONgDB is a 'free and open-source' version of Neo4j® EE was literally false, because Section 7 of the Sweden Software License only permits a downstream licensee to remove "further restrictions" added by an upstream licensee to the original work." Memorandum Opinion, p. 3.

To be sure, the Memorandum Opinion indicated that it was precedential for purposes, *inter alia*, of the doctrine of law of the case.  *See id.* p. 1 ("This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3"). Consequently, Defendants' attempt to offer Mr. Kuhn's testimony at trial and then seek

Adron W. Beene
Adron G. Beene
January 13, 2023
Page 3

reconsideration of the Court's prior summary judgment order pursuant FRCP 59(e) is clearly for an improper purpose in violation of the law of the case.

**Mr. Kuhn Cannot Opine on the Meaning of Contractual Provisions**

Even if the meaning of the relevant provisions in the Neo4j Sweden Software License were not settled law of the case, Mr. Kuhn's proposed testimony would still be inadmissible because, his opinions all hinge on the interpretation of Section 7 thereof. The Ninth Circuit has made clear that an expert witness cannot give an opinion as to her legal conclusion, such as providing legal meaning to contracts as written. *See, e.g., McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999) ("[expert] testimony cannot be used to provide legal meaning or interpret the [contracts] as written."); *accord AMTAX Holdings 279, LLC v. Montalvo Assocs.*, LLC, 2022 WL 2784456, at *4 (S.D. Cal. June 6, 2022) ("[t]he interpretation of the contract is a matter of law, one this Court is more than capable of handling without the assistance of a so-called expert witness testimony") (citing *Nationwide Transport Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008)).

Mr. Kuhn's purported "expert" opinion about what is customary in the open source "industry" does not override the Court's exclusive province to determine the actual language concerning "further restrictions" as defined in Section 7 when read in conjunction with Section 10 as a matter of law.  Thus, the opinions in Paragraphs 51-61, 71-75, 76-78, 79-89, 97 and 109-110 in Mr. Kuhn's report are inadmissible because they are rooted in the legal interpretation of the provisions of the Neo4j Sweden Software License.

**Mr. Kuhn Cannot Offer an Opinion on the State of Mind of Mr. Suhy and Plaintiffs**

It is well-established in the Ninth Circuit and the Northern District of California that an expert may not opine or speculate regarding a party's mental state, such as intent, motive, or knowledge. *See, e.g, Nationwide Transp. Fin. v. Cass Info Sys. Inc.*, 523 F.3d 1051, 1058 (9th Cir. 2008) (excluding, *inter alia*, sections of expert report that identify the parties' actions as "wrongful" or "intentional" under the law); *SA Music LLC v. Apple, Inc.*, 592 F.Supp.3d 869, 903 (N.D. Cal. 2022) (excluding expert opinion that concluded infringement was willful because experts cannot opine about a party's mental state); *Tessera, Inc. v. Toshiba Corp.*, No. 15-CV-02543-BLF, 2019 WL 5395158, at *14 (N.D. Cal. Oct. 22, 2019) (striking portions of an expert report that plaintiff's intent, motive, and state of mind because "[s]uch testimony is not appropriate expert testimony").  The rationale for this rule is that juries are fully capable of deciding what inferences to draw from the evidence, and expert testimony on state of mind substitutes the expert's judgment for the judgment of the jury.  *See id.*

Mr. Kuhn has simply repackaged the same arguments made by Defendants under the guise of an expert opinion on his understanding of "further restrictions" as defined in Section 7 of the AGPLv3, what is "customary" in the open source software space on the removal of "further restrictions," and Suhy's purported good faith belief in removing the Commons Clause based on that same understanding. *See, e.g.,* Kuhn Report, ¶¶ 71-75, 76-78, 79-89, 97, 110, 112. However, Mr. Kuhn cannot opine on Mr. Suhy's subjective intent in removing the

Adron W. Beene
Adron G. Beene
January 13, 2023
Page 4

Commons Clause from the Neo4j Sweden Software license.  *See Nationwide Transp.*, 523 F.3d at 1058; *SA Music*, 592 F.Supp.3d at 903.

Mr. Kuhn also provides the following impermissible opinions on Neo4j Sweden's state of mind:

- "In my opinion, it seems highly unlikely that the drafters of the Neo4j Sweden Software License were unaware of MongoDB's approach to their license change. As such, drafters of the Neo4j Sweden Software License was almost surely aware that they had the options presented under ¶ 85 to produce a fully modified AGPLv3 — sans the preamble and with no mention of FSF's trademark "GNU" — instead of the Neo4j Sweden Software License."  Kuhn Report, ¶ 96.
- "In my opinion, this speaks to clear intentionally [sic] in choosing a license that included the Further Restrictions Clause." *Id.* at ¶ 97.
- In my opinion … the Neo4j Sweden Software License was structured and promoted to give users the incorrect impression that the CC could not be removed from those terms — even though the Further Restrictions Clause was present."  *Id.*
- "In essence, my opinion is that the Neo4j Sweden Software License attempted to inappropriately capitalize on the goodwill, power, and notoriety of the "GNU" and 'AGPLv3' brands while also frightening commercial redistributors with the addition of the CC." *Id.*, ¶ 98
- "I firmly believe that Neo4j hoped that no one would notice the Further Restrictions Clause remained included, and thereby realize that CC could, in fact, be removed and that commercial activity by downstream redistributors could therefore continue under pure AGPLv3."  *Id.*
- "In my opinion, given the extensive publicity of MongoDB's SS Public License, FSF's FAQ, and other widely understood licensing knowledge regarding AGPLv3, those who promulgated the Neo4j Sweden Software License were (or should have been) aware that they could construct their own license, picking and choosing their preferred clauses from the AGPLv3 under the rules outlined by the FSF in ¶ 85." *Id.*, ¶ 111.
- "The authors of the Neo4j Sweden Software License should have expected that the Further Restrictions Clause would be used to remove CC from the Neo4j Sweden Software License. If they wanted to prevent that behavior, they should have (and could have, provided they had sufficient rights to all contributions to be licensed) removed the Further Restrictions Clause." *Id.*, ¶ 112.

For the same reasons stated above, Mr. Kuhn's gross speculation about Neo4j Sweden's intent, motive, and knowledge at the time it created the Neo4j Sweden Software License is improper and inadmissible.  *See Nationwide Transp.*, 523 F.3d at 1058; *SA Music*, 592 F.Supp.3d at 903.

Adron W. Beene
Adron G. Beene
January 13, 2023
Page 5

* * *

In sum, any attempt by Defendants to offer Mr. Kuhn's testimony at trial as disclosed in his expert report would be for an improper purpose and would be contrary to controlling law concerning inadmissibility.  While Plaintiffs are not required to meet and confer prior to filing a *Daubert* motion, we are hoping to avoid unnecessary motion practice and an accompanying request for sanctions.

This is not the first time Defendants have sought an end-around of a dispositive ruling. Recall that when Defendants attempted to reassert affirmative defenses for cancellation and abandonment that had been stricken/dismissed with prejudice, one of the arguments made by Plaintiffs was that Defendants ignored the law of the case doctrine in reasserting those defenses.  In granting Plaintiffs' motion, the Court noted that Defendants had ignored that doctrine in their opposition, which suggested "they had no good faith grounds for reasserting the stricken defenses."  *See* Dkt. No. 110 at 6:6-7:6.  Giving Defendants the benefit of the doubt in choosing not to issue an order to show cause for sanctions at that time, the Court warned that "[m]oving forward, the Court expects that Defendants will only advance claims and defenses that are supported by law and evidence and will generally adhere to the proper standard of practice in Federal Court."  *Id.* at 7:7-12.

Plaintiffs do not believe that the Court will give Defendants the benefit of the doubt in issuing sanctions under Rule 11 or its inherent powers should Plaintiffs be required to file a motion to exclude the testimony of Mr. Kuhn.  Accordingly, please confirm by January 20, 2023 whether Defendants will voluntarily withdraw Mr. Kuhn as an expert witness.  We are also available for a telephonic meet and confer should you wish to discuss any of the foregoing.

Sincerely,

HOPKINS & CARLEY
A Law Corporation

Jeffrey M. Ratinoff

JMR/dlh

cc:    Richard E. Starr (richardestarr@starrlaw.biz)

4876-3063-2264.2