# EXHIBIT 3

ADRON W. BEENE
ATTORNEY AT LAW

7960 SOQUEL DRIVE
SUITE B #296
APTOS, CALIFORNIA 95003
(408) 392-9233
adron@adronlaw.com

January 20, 2023

Jeffrey M. Ratinoff, Esq.
Hopkins Carley
70 South First Street
San Jose, CA 95113

Re: Neo4j, Inc. v. Pure Think LLC, et al., Case No.: 5:18-cv-07182-EJD

Mr. Ratinoff:

This letter is in response to yours dated 1-13-2023. Your letter was sent on 3:14 pm on Friday before the three-day weekend then demanded a response by January 20, 2023. We assume you intended to force defendants to immediately reply in a limited time frame or face a suggestion we did not meet and confer. Still, we will not withdraw Mr. Kuhn's opinion. Without waiver of other positions, because we have had limited time to respond to your 5 page letter, we provide these points which seem the most material to your position. If there is more you wish to know, let me know.

**The Law of the Case Doctrine does not apply as the partial summary judgment ruling is an interlocutory order.**

You suggest the Law of the Case Doctrine prevents Mr. Kuhn's testimony. The ruling on the summary judgment motion was a partial ruling. As the standard authority explains, this is an interlocutory order:

[14:35] **Effect of "partial summary judgment":** Unlike a summary judgment, a "partial summary judgment" does not terminate the action. It is merely an interlocutory order and is subject to revision. It is *not* immediately appealable without a specific judicial finding (FRCP 54(b), ¶ 14:377); and is *not* entitled to res judicata or collateral estoppel effect in other litigation. [*Information Resources, Inc. v. Dun & Bradstreet Corp.* (2nd Cir. 2002) 294 F3d 447, 452-453; *Solis v. Jasmine Hall Care Homes, Inc.* (9th Cir. 2010) 610 F3d 541, 543-544; *Burge v. Parish of St. Tammany* (5th Cir. 1999) 187 F3d 452, 467]

A. General Considerations, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 14-A

The Law of the Case Doctrine does not apply to interlocutory orders. *Langevine v. District of Columbia* (D.C. Cir. 1997) 106 F.3d 1018, 1023. ( Interlocutory orders are not subject to the law of the case doctrine and may always be reconsidered prior to final judgment.) This follows FRCP 54. The Court's interlocutory ruling may be revised. The other rulings in this case are not final and are not subject to the Law of the Case Doctrine either.

We have a further anomaly, as the AGPL Further Restrictions Clause issue was relegated to Phase 2, yet Neo4J moved forward on the issue in Phase 1 over defendant's objection. The Court relied on a pleading motion in another case and noted nothing new was added. That is because Neo4J jumped the gun and moved forward with an issue for Phase 2 in Phase 1. The party in the other settled out and added nothing new. This procedure is not appropriate. We are intent to address that in our Rule 59 motion unless the court is inclined to consider the issue earlier.

Defendants are not seeking a second or third bite at the apple. They will seek due process and a first bite at the phase 2 issue under FRCP Rule 59 armed with the author of the AGPL clause and the person involved in the Further Restrictions Clause. Nothing is improper in defendant's efforts to raise an issue not fully litigated to date. As Mr. Kuhn is the author of the AGPL clause and was part of the Further Restrictions Clause addition to the AGPL, his opinion and the extensive factual support for it are clear.

Mr. Kuhn's opinion is relevant and supports the Unclean Hands Defense and the DCMA claim. It will also be used for our post trial Rule 59 motion. On the DCMA claim, Mr. Suhy did not engage in some improper intentional act in removing the non-permissive additional clause from the AGPL. Neo4J Sweden choose to use the Free Software Foundation, Inc.'s copyrighted AGPL license agreement. Neo4J Sweden has the burden of proof to show that Mr. Suhy intended to violate Neo4J's copyright. Mr. Kuhn's opinion is Mr. Suhy's conduct was permissible:

75. In my opinion, when John Mark Suhy encountered the Neo4j Sweden Software License, his removal of the CC and redistribution of the Covered Work under pure AGPLv3 would be considered customary, permissible, and even widely encouraged in the field of FOSS.

This follows your position stated in DKT No. 62 pg 6:8-9. "Rather, he claims to have a legal right to do so pursuant to the terms of an underlying open source license agreement." Mr. Kuhn's opinion support's Mr. Suhy's position.  Mr. Suhy was legally correct in removing the terms as the AGPL provides.  Neo4J's copyright infringement of the Free Software Foundation, Inc's copyrighted license agreement, was prevented.

**Mr. Kuhn's opinion is based on his own acts and personal knowledge as he is not some so called expert guessing at the AGPL agreement.**

Mr. Kuhn wrote the AGPL term. He was involved in the Further Restriction Clause addition to the revised AGPL. His testimony is not only well supported, but it is also based on personal knowledge which may allow the Court and tryer of fact to understand the issue. The AGPL term at issue is "**All other non-permissive additional terms are considered "further restrictions" within the meaning of section 10. If the Program as you received it, or any part of it, contains a notice stating that it is governed by this License along with a term that is a further restriction, you may remove that term**." There are two interpretations of that term. The question is who is the "you" who may remove further restrictions. The court ruled on this issue based on a pleading motion in another case without the benefit of evidence on this ambiguous term. In determining the admissibility of expert testimony, including testimony intended to aid the jury to understand the meaning of an ambiguous, disputed contractual term, a district court must "determine whether the proffered expert testimony 'is sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute.' " *Ambrosini*, 101 F.3d at 134 (quoting *Daubert*, 509 U.S. at 591, 113 S.Ct. 2786). *Bazarian International Financial Associates, LLC v. Desarrollos Aerohotelco, C.A.* (D.D.C. 2018) 315 F.Supp.3d 101, 117

Mr. Kuhn's opinion is based on his personal involvement in the AGPL license and the Further Restriction Clause.  His opinion is directly tied to the facts and will aid a jury resolve the factual dispute. His expert testimony is appropriate.

**Mr. Kuhn is not testifying about Mr. Suhy's state of mind.**


Part of Mr. Kuhn opinion is stating the nature of the AGPL license agreement and the way it was changed to prevent further clauses. His opinion support's the basis for Mr. Suhy's removal non-permissive terms Neo4J Sweden added to Free Software Foundation, Inc.'s copyrighted AGPL license agreement. Mr. Kuhn does not opine on Mr. Suhy's state of mind. It is up to the jury to decide if Neo4J can meet the elements of the DCMA claim.

**Mr. Kuhn is not testifying about Neo4J Sweden's state of mind.**

Mr. Kuhn's opinions on Neo4J's conduct is based on conclusions from the evidence and Neo4J Sweden's election to use Free Software Foundation, Inc.'s copyrighted AGPL license agreement. With limited time in this response, we could change some points you raise. Perhaps you could point out the material issues you have and we could amend the report to change material issues you may have.


**Sanctions**

As for your threat of sanctions, as we have explained before, the 9th circuit has expressed concerns that litigants should not face threats of sanctions to preserve matters on appeal.

3

*Lacey v. Maricopa County* (9th Cir. 2012) 693 F.3d 896, 927. As the law states interlocutory rulings are not subject to the Law of the Case Doctrine, your use of the doctrine and the results achieved, as a matter of law, are wrong. Threatening sanctions against defendants for your improper use of the doctrine is inappropriate.

Sincerely,

Adron W. Beene

4