# EXHIBIT 5

**No. 21-16029**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

---

NEO4J, INC., NEO4J SWEDEN AB,

*Plaintiffs-Appellees*,

v.

PURETHINK, LLC, IGOV, INC., JOHN MARK SUHY,

*Defendants-Appellants*.

On Appeal from the United States District Court
For the Northern District of California
No. 5:18-cv-07182-EJD
Hon. Edward J. Davila

---

# APPELLEES' ANSWERING BRIEF

---

Allonn E. Levy (State Bar No. 187251)
appeals@hopkinscarley.com
John V. Picone III (State Bar No. 187226)
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff (State Bar No. 197241)
jratinoff@hopkinscarley.com
HOPKINS & CARLEY, ALC
70 S First Street
San Jose, CA 95113-2406
Telephone: (408) 286-9800

*Attorneys for Appellees*
Neo4j, Inc. and Neo4j Sweden AB

**DISCLOSURE STATEMENT**

Pursuant to FRAP 26.1, the undersigned, counsel of record for Neo4j, Inc. ("Neo4j") certifies that Neo4j, Inc., as of this date, does not have a parent corporation and that no publicly held corporation holds 10% or more of its stock

The undersigned, counsel of record for Neo4j Sweden AB ("Neo4j Sweden") certifies that Neo4j, Inc., as of this date, is the parent corporation of Neo4j Sweden and that no publicly held corporation holds 10% or more of Neo4j Sweden's stock.

Date: October 28, 2021

HOPKINS & CARLEY
A Law Corporation

*/s/ Allonn E. Levy*

Allonn E. Levy, Esq.

*Attorneys for Appellee*
Neo4j, Inc. and Neo4j Sweden AB

Case: 21-16029, 10/28/2021, ID: 12272465, DktEntry: 23, Page 3 of 9

## STATEMENT REGARDING ORAL ARGUMENT

Appellees do not believe oral argument would aid in the Court's decisional process and therefore does not request oral argument. However, if the Court finds oral argument would be beneficial, Appellees would be honored to attend and present argument.

Date: October 28, 2021

HOPKINS & CARLEY
A Law Corporation

*/s/ Allonn E. Levy*

Allonn E. Levy, Esq.

*Attorneys for Appellee*
Neo4j, Inc. and Neo4j Sweden AB

**TABLE OF CONTENTS**

**Page**

DISCLOSURE STATEMENT .......... i
STATEMENT REGARDING ORAL ARGUMENT .......... ii
TABLE OF CONTENTS .......... iii
TABLE OF AUTHORITIES .......... vi
I. INTRODUCTION .......... 1
II. JURISDICTIONAL STATEMENT .......... 1
III. STATUTORY AUTHORITIES .......... 1
IV. STATEMENT OF THE CASE .......... 2
A. Procedural Facts .......... 2
B. Substantive Undisputed Facts .......... 2
1. Identification of Relevant Entities and Individuals .......... 2
2. Evolution of Neo4j-Branded Software and Appellants' Pirated Versions Thereof .......... 4
3. Appellees Registered the NEO4J Mark .......... 8
4. It is Undisputed that Appellants Use Appellees' Source-Identifying NEO4J Mark to Market their Inferior Software .......... 8
5. Appellants Falsely Advertise That ONgDB Replaces Neo4j® EE And Is Free and Open Source .......... 12
6. Appellants Appeal the Interim Order Based Upon The Ordered Injunctive Relief .......... 13
V. SUMMARY OF THE ARGUMENT .......... 14
VI. STANDARD OF REVIEW .......... 16
VII. ARGUMENT .......... 17
A. Appellants Demonstrate No Error in the Trial Court's Finding That Neo4j USA had Standing to Assert its Lanham Act Claims .......... 17
1. Standing Exists Under §1114(1) of the Lanham Act Based Upon the Unchallenged Finding That Neo4j USA is the Owner of the Registration for the NEO4J Mark .......... 18

Case: 21-16029, 12/28/2021, ID: 12327465, DktEntry: 23, Page 5 of 91

## TABLE OF CONTENTS
## (continued)

Page

2. Standing Exists Under §1125(a) of the Lanham Act Based Upon the Unchallenged Finding That Neo4J is a "Nonowner With a Cognizable Interest" in the Mark .............19

3. The Related Companies Doctrine is Irrelevant to Appellant's Standing Challenge .............................................20

a. Had Appellants Properly Raised the Issue of Ownership, They Nevertheless Fail to Assign Error to the Legal Framework Used by the Trial Court .........................................................................21

b. Appellants' Sole Evidentiary Challenge – The Neo4J License – Fails to Overcome the Presumption of Validity................................................23

B. Appellants Demonstrate No Error In the Trial Court's Conclusion That Appellants Failed to Defeat Neo4j USA's Infringement Claim Through Nominative Fair Use...........................27

1. The Unchallenged Threshold Finding that Appellants Did Not Use the NEO4J Mark to Identify Appellees' Products is Dispositive...........................................................29

a. Appellants' Promotion of iGov "Neo4j Enterprise" and iGov "Government Package for Neo4j" Described Appellants' Products ....................................30

b. Appellants Other Uses of the NEO4J Mark on iGov's Website Similarly Did Not Describe Appellee's Products .....................................................34

2. Appellants Fail to Establish Any Error in the Trial Court's Analysis under the Three-Prong New Kids Test........36

a. Appellants Fail to Challenge the Trial Court's Finding that Appellants Used the NEO4J Mark More Than Was Reasonably Necessary ........................36

## TABLE OF CONTENTS
## (continued)

Page

b. The Trial Court's Finding that Appellants Used the NEO4J Mark to Suggest Endorsement of "Neo4j Enterprise" is Supported by Undisputed Record Evidence ....37

(1) Endorsement of iGov's "Neo4j Enterprise" ....39

(2) Endorsement of ONgDB ....43

C. The Trial Court's Finding of False Advertising in Appellants' Promotion of ONgDB Was Supported by Undisputed Record Evidence ....47

1. Appellants' Assertions that ONgDB was "Free and Open-Source" Neo4j EE Were False ....48

2. Appellants' Assertions that ONgDB was a "Drop-In" Replacement for Neo4j EE Were False or Misleading ....54

D. Appellants Demonstrate No Error in the Trial Court's Finding of Consumer Confusion in Granting Summary Judgment on False Designation of Origin ....59

VIII. CONCLUSION ....63

CERTIFICATE OF COMPLIANCE FOR BRIEFS

CERTIFICATE OF SERVICE

ADDENDUM

### C. The Trial Court's Finding of False Advertising in Appellants' Promotion of ONgDB Was Supported by Undisputed Record Evidence

A false advertising claim under § 1125(a) requires proof that (1) defendant made a false statement of fact in a commercial advertisement about its own or another's product; (2) the statement actually deceives or has the tendency to deceive a substantial segment of its audience; (3) the deception is material; (4) defendant caused the false statement to enter interstate commerce, and (5) plaintiff has been or is likely to be injured as a result of the false statement. *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997). Proof establishing this claim will also establish a violation of the UCL. *Cleary v. News Corp.*, 30 F.3d 1255, 1263 (9th Cir. 1994) (UCL claims are "substantially congruent to claims made under the Lanham Act").

The trial court found Appellants engaged in false advertising in the promotion of ONgDB by making: "(1) statements that ONgDB and Neo4j Enterprise are 'free and open source' versions of or alternatives to commercially licensed Neo4j EE; and (2) statements that ONgDB is a 'drop-in replacement for an existing commercial licensed distribution of the same version number' of Neo4j EE." 1-SER-26–32 (24:1-30:13). Appellants only assign error to its finding that such statements were false. AOB, pp.34-43.

Appellants first argue that trial court ignored ONgDB was GFI's product,

and Appellants were merely offering a support package for it. AOB, p.34. As detailed in Sect. VII.B.2. *et seq*., Appellants offered ONgDB via their website with that package. More importantly, § 1125(a) expressly states that liability attaches where a false statement is made "about its own ***or another's product***." *Southland Sod Farms*, 108 F.3d at 1139 (emphasis). Thus, it is irrelevant that ONgDB originated from GFI before Appellants marketed and offered it.

Next, Appellants argue the trial court's findings were primarily based on misstatements made on GFI's website. AOB, p.35. Separately from the implied concession that some misstatements *were* present on Appellant's site, the statement contradicts the record, which shows iGov's website was replete with express misstatements of ONgDB being a "drop in" replacement for Neo4j EE. 3-SER-368–455 (green highlights); 1-SER-26 (24:1-6); 1-SER-29–30 (27:6-28:11) (falsely stating ONgDB had same features as Neo4j® EE) (citing 2-ER-266–274, 2-SER-147–148, 2-SER-323–329, 2-SER-331–334, 3-SER-368–372, 3-SER-422–427). Suhy also published numerous Tweets making similar statements. 3-SER-486–495, 3-SER-497–501 (yellow highlights); 5-ER-1099–1100. These misstatements are analyzed below.

#### 1. Appellants' Assertions that ONgDB was "Free and Open-Source" Neo4j EE Were False

The trial court found that Appellants' representations regarding ONgDB as "'free and open source' versions of Neo4j EE" were false because the plain

Case: 21-16029, 10/28/2021, ID: 12272465, DktEntry: 32, Page 61 of 91

language of the Neo4j Sweden Software License did not permit them to remove the Commons Clause. 1-SER-26–27 (24:7-25:19). Appellants conceded that the falsity of their '"free and open source' versions" statements hinged on the interpretation of Section 7 of that license agreement. *Id.* at 24:11-15. They repeat that concession here. AOB, p.37-38.

Seeking to establish error, Appellants first argue that specific clauses in Sections 7 and 10 allowed them as licensees to remove "further restrictions" added by Neo4j Sweden. AOB, pp.37-38. This runs contrary to the express terms of the license, which must be interpreted as a whole to "so as to give effect to every part ... each clause helping to interpret the other." Cal. Civ. Code § 164; *Wapato Heritage, L.L.C. v. United States*, 637 F.3d 1033, 1039 (9th Cir. 2011).

Appellants isolate a clause within Section 10 that "***You*** may not impose any further restrictions on the exercise of the rights granted or affirmed under this License" and argue that this means that the licensor cannot add restrictions. AOB, pp.37-38. This ignores that the Neo4j Sweden Software License (and the AGPL) expressly defines "you" as ***the licensee***. 6-ER-1408 at §0 ("'The Program' refers to any copyrighted work under this License. Each licensee is addressed as 'you'"). Thus, Section 10 prohibits ***a licensee*** from imposing further restrictions, but does not prohibit Neo4j Sweden ***as the licensor*** of the Program from doing so. 6-ER-1413 at §10.

Appellants' assertion that Section 7 explicitly grants a licensee permission to remove further restrictions added by Neo4j Sweden as the licensor and copyright holder fares no better.[19] AOB, pp.37-38. In making that claim, they cite to the clause "If the Program as you received it, or any part of it, contains a notice stating that it is governed by this License along with a term that is a further restriction, you may remove that term." *Id*. This clause also cannot be read in isolation. Rather, it must be put in context within the surrounding clauses Section 7:

> Notwithstanding any other provision of this License, for material ***you*** add to a covered work, ***you*** may (if authorized by the copyright holders of that material) supplement the terms of this License with [the following six additional] terms ….
>
> * * *
>
> All other non-permissive additional terms are considered "***further restrictions***" within the meaning of section 10. If the Program as ***you*** received it, or any part of it, contains a notice stating that it is governed by this License along with a term that is a ***further restriction***, ***you*** may remove that term.

6-ER-1411–1412 at §7 (emphasis added).

---

[19] Appellants also assert that Neo4j USA is improperly seeking to enforce Neo4j Sweden's copyright. AOB, pp.39-40. Not so. The interpretation of the terms of the Neo4j Sweden Software License are merely necessary to determine the falsity of the advertisements based thereon – another point Appellant conceded below. 1-SER-26 (24:10-15 [parties agree issue turns on the interpretation of Section 7 of the license]).

When read in full, Section 7 clearly governs the actions of licensees alone, ergo the repeated use of the defined term "you," and thus pertains to what additional restrictions licensees may place on a covered work when adding source code and redistributing it as required by the license. Indeed, the sentence relied upon by Appellants is immediately proceeded by a sentence stating that a licensee who adds material to the original work may add any of the six enumerated "additional restrictions" and that any other "nonpermissive additional terms" are "further restrictions" ***as defined by Section 10***. As noted above, Section 10 makes clear that only licensees are precluded from adding further restrictions. Thus, reading these provisions together, Section 7 only permits a ***downstream licensee*** to remove "further restrictions" placed by an ***upstream licensee*** that has added to the original work, which do not fall within the six enumerated additional terms.

Appellants' contrary read also contradicts Neo4j Sweden's expressed intent of precluding others from commercially benefiting from its software. 6-ER-1370 (¶11); 6-ER-1415 ("the grant of rights under the License will not include, and the License does not grant to you, the right to Sell the Software"); *see also* 6-ER-1370–1371 (¶12 ["Plaintiffs made the decision to modify the license terms used to distribute Neo4j® EE to prevent third parties from monetizing its software while not contributing back to the software or companies who are producers of the software"]). A licensor's intent to limit the commercialization of its software

should be given effect as intended by the ***licensor***, not the licensee. *Altera Corp. v. Clear Logic, Inc.*, 424 F.3d 1079, 1090-91 (9th Cir. 2005) (interpreting terms to effectuate licensor's intent to prevent competitors from benefitting from its software); *see also Micro Star v. Formgen Inc.*, 154 F.3d 1107 (9th Cir. 1998); *Storm Impact, Inc. v. Software of the Month Club*, 44 U.S.P.Q.2d 1441, 1997 WL 566378 (N.D. Ill. 1997) (distribution for commercial purposes infringes where license terms limit use to non-commercial purposes).

Appellants' strained reading is also illogical. It would nullify Neo4j Sweden's exclusive right, as copyright holder, to license Neo4j® EE under the terms of its choosing. *See Jacobsen v. Katzer*, 535 F.3d 1373, 1381 (Fed. Cir. 2008) ("[c]opyright holders who engage in open source licensing have the right to control the modification and distribution of copyrighted material"); 1-SER-26–27 (24:16-25:19) (citing same); *Apple Inc. v. Psystar Corp*., 658 F.3d 1150, 1159 (9th Cir. 2011) (copyright owners may condition use). Thus, just as the trial court previously held (*Neo4j, Inc. v. Graph Found., Inc.,* No. 5:19-CV-06226-EJD, 2020 WL 6700480, at *4 (N.D. Cal. Nov. 13, 2020)), it again correctly held that nothing in the license prohibited Neo4j Sweden from adding the Commons Clause, nor authorized Appellants to remove it. 1-SER-26–27 (24:7-25:12).

Appellants further suggest that the trial court's reasoning was "flawed" because Neo4j Sweden violated the terms of the Free Software Foundation's

Case: 21-16029, 12/28/2021, ID: 12327465, DktEntry: 30, Page 65 of 91

("FSF") copyright in the form AGPL license. AOB, pp.38-39. In doing so, Appellants argue "you" means Neo4j Sweden. This is not supported by the plain text, which clearly delineates that the license governs the rights of copyright holder of "the Program," and not copyright holder of the underlying form. 6-ER-1408 at §0 (Definitions), §2 (Basic Permissions). Even ignoring the inconsistencies Appellants create with the defined term "you," they lack standing to enforce FSF's copyright – and copyright enforcement in the form is not relevant to interpretation and enforcement of Neo4j Sweden's license. *See Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, 795 F.3d 997 (9th Cir. 2015) (only the copyright owner, assignee or an exclusive licensee of a right enumerated by §106 has standing to bring an infringement action); *see also* 2-SER-282 (FSF confirmed "[o]nly the copyright holder has the power to enforce the terms of the license"); 10-ER-2317–2319 (189:1-191:3) (Suhy admits that Neo4j Sweden is the copyright owner of Neo4j® EE).

Finally, Appellants argue its representations to the public were not misleading because iGov's website stated that ONgDB is a free fork of Neo4j® EE. AOB, p.36. Not only is this argument impermissibly raised for the first time here (7-ER-1539–1580, 7-ER-2149–2158), but it also contradicts the record.

Appellants did not develop ONgDB as an independent fork[20] from properly licensed open source Neo4j® EE in compliance with the terms analyzed above. Rather, Appellants simply ***stripped the restrictions*** they did not wish to follow and used the code to create ONgDB in violation thereof. 1-SER-8–9 (6:2-7:6); 10-ER-2265–2323 (28:25-29:11, 171:23-172:23, 187:12-188:5, 199:22-200:20); 2-SER-185–188 (87:24-90:9); 2-SER-199 (159:3-10); 2-SER-153–155; 4-ER-856–858; 3-SER-575 (19:9-25); 6-ER-1374–1375 (¶¶27-30).

In sum, Appellants misguided interpretation of the Neo4j Sweden Software License does not withstand scrutiny. The trial court was correct in concluding that Appellants' representations that ONgDB was a '"free and open source' versions of Neo4j EE" were false.

### 2. Appellants' Assertions that ONgDB was a "Drop-In" Replacement for Neo4j EE Were False or Misleading

To demonstrate falsity under the Lanham Act, "a plaintiff may show that the statement was literally false, either on its face or by necessary implication, or that the statement was literally true but likely to mislead or confuse consumers." *Southland Sod Farms*, 108 F.3d at 1139. The trial court found the undisputed

[20] "In software development, a fork is a new application developed from an existing one. When an application is "forked," it creates a new, separate program, rather than a new development branch." https://techterms.com/definition/fork

## VIII.

## CONCLUSION

The trial court correctly concluded that Appellants' unauthorized use of Appellee's Mark to promote their own products was a trademark violation. Their false and misleading representations, made to promote Appellants' products, created likely confusion, actual confusion, and suggested a false origin for Appellants' products. These conclusions were amply supported by undisputed evidence and no reasonable jury would have ruled otherwise. This Court should, therefore, affirm.

Respectfully submitted,

Dated: October 28, 2021

*/s/ Allonn E. Levy*

Allonn E. Levy (CA Bar No. 187251)
HOPKINS & CARLEY
70 S. First Street
San Jose, CA 95113
Telephone: (408) 286-9800
Facsimile: (408) 998-4790
appeals@hopkinscarley.com

*Attorneys for Appellees*
Neo4j, Inc. and Neo4j Sweden AB

## CERTIFICATE OF COMPLIANCE FOR BRIEFS

I hereby certify that this motion complies with the type-volume limitations of FED. R. APP. P. 27(d)(2)(A) because this motion contains 13,948 words, excluding the parts of the motion exempted by FED. R. APP. P. 32(f).

This motion complies with the typeface requirements of FED. R. APP. P. 32(a)(5) and the type style requirements of FED. R. APP. P. 32(a)(6) because this motion has been prepared in a proportionately spaced typeface using Microsoft Word in 14-point Times New Roman font.

Date: October 28, 2021

HOPKINS & CARLEY
A Law Corporation

*/s/ Allonn E. Levy*

Allonn E. Levy, Esq.

*Attorneys for Appellee*
Neo4j, Inc. and Neo4j Sweden AB

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on October 28, 2021. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Date: October 28, 2021

HOPKINS & CARLEY
A Law Corporation

*/s/ Allonn E. Levy*

Allonn E. Levy, Esq.

*Attorneys for Appellee*
Neo4j, Inc. and Neo4j Sweden AB