# EXHIBIT 6

No. 21-16029

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

NEO4J, INC., et al.,

*Plaintiff and Appellee,*

v.

PURETHINK, LLC, et al.,

*Defendant and Appellant.*

---

Appeal From a Judgment of the United States District Court
For the Northern District of California
Hon. Edward J. Davila
United States District Judge
N. D. Cal. No. 5:18-cv-07182 EJD

---

### APPELLANTS' REPLY BRIEF

---

ADRON W. BEENE, CA Bar # 129040
ADRON G. BEENE, CA Bar # 298088
1754 Technology Drive, Ste. 228
San Jose, CA  95110
Tel.: (408) 392-9233
Fax: (866) 329-0453
adron@adronlaw.com

Joseph A. Hearst, CA Bar # 130286
1569 Solano Ave. #525
Berkeley, CA  94707
Telephone: (510) 528-6863
Facsimile: (510) 280-2556
jahearst@pacbell.net

Attorneys for defendants, cross-complainants and appellants John Mark Suhy, PureThink, LLC and iGov, Inc.

# **TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................1
II. ARGUMENT .......................................................................................................2
    A. NEO4J USA IS NOT THE OWNER OF THE NEO4J MARK AND THUS IS NOT ENTITLED TO SUE UNDER 15 U.S.C. § 1114.............2
    B. USES OF THE NEO4J NAME BY IGOV WERE NOMINATIVE FAIR USE........................................................................................................6
    C. THE TRIAL COURT'S FINDING THAT DEFENDANTS HAD ENGAGED IN FALSE ADVERTISING OVERLOOKED FACTUAL DISPUTES. ........................................................................................14
    D. THE COURT ERRED IN FINDING A LIKELIHOOD OF CONSUMER CONFUSION. ...................................................................19
III. CONCLUSION ..................................................................................................21

'ONgDB Enterprise' and 'Neo4j Enterprise' on its website." Appellees' Br., 45. The pages on the website which Neo4j USA cites for this claim include statements that ONgDB and Neo4j Enterprise were "free and open-source" versions of the Neo4j graph databases. *See* 3-SER 269. The website is replete with statements that ONgDB and Neo4j Enterprise are free and open-source, in contrast with the Neo4j commercially licensed versions. In fact, the pages to which Neo4j refers are intended to let customers "know your options" and discusses the "3 main Neo4j offerings available including the free open-source option." *See e.g.*, 3 SER 270-72, 274.

The claim that the content on web pages intended to show why customers should choose ONgDB or Neo4j Enterprise *instead of* the commercial builds of Neo4j "impermissibly suggested affiliation with and endorsement by Appellees" (Appellees' Br., 46) is thus far-fetched. The issue of whether the website suggested endorsement is one that a jury should make.

      **C.    The Trial Court's Finding That Defendants Had Engaged In False Advertising Overlooked Factual Disputes.**

In the opening brief, defendants argued that the court wrongly determined that defendants had engaged in false advertising when they asserted that ONgDB was a "free and open-source" version of Neo4j. Defendants also attacked the court's contention that defendants' description of OngDB as a "drop in"

14

replacement for Neo4j commercial versions was false advertising. Plaintiffs' responses to these arguments do not withstand analysis.

### 1. Defendants Were Permitted—Indeed, Obligated—To Remove The "Commons Clause."

Neo4j USA argues that ONgDB is not a "free and open-source" version of Neo4j EE because GFI was not permitted to remove the "Commons Clause" Neo4j Sweden added to the Affero General Public License ("AGPL") that governed versions of Neo4j EE prior to version 3.5. Appellees' Br., 48-52. Neo4j USA asserts that the AGPL license "must be interpreted as a whole … 'so as to give effect to every part … each clause helping to interpret the other.'" Appellees' Br., 49, *quoting* Cal. Civ. Code § 164. Then Neo4j USA simply parrots the trial court's statement that Neo4j Sweden was permitted to impose the Commons Clause because it was a "licensor," while the prohibition against removal or addition of any terms refers only to a "licensee."

Neo4j USA itself fails to discuss the entire contract, including in particular the clause at the beginning stating that the Free Software Foundation is the holder of the copyright, and that "[e]veryone is permitted to copy and distribute verbatim copies of this license document, but changing it is not allowed." 6-ER-1408. Neo4j USA is thus a licensee, because it is not a copyright holder. Indeed, Neo4j USA implicitly concedes this when it claims that "Section 7 [of the AGPL] only permits a ***downstream licensee*** to remove 'further restrictions' placed by an

15

*upstream licensee.*" Appellees' Br., 51. Neo4j USA is an upstream licensee, not an original licensor.

Moreover, Neo4j USA largely ignores that only Neo4j Sweden is the upstream licensee and has standing to complain about the removal of the Commons Clause, referring to the argument only in a footnote. Appellees' Br., 50, fn. 19. The issue is not simply that the interpretation of the terms of the Neo4j Sweden Software License [*i.e.*, the AGPL] is necessary to determine if defendants' advertisements were faulty, as Neo4j USA contends, but rather whether Neo4j USA is entitled to enforce rights that belong to Neo4j Sweden. In the same vein, the claim that defendants "lack standing to enforce FSF's copyright" (Appellees' Br., 53) is unavailing. Defendants are not attempting to enforce FSF's copyright—they are instead contending that the AGPL gave them permission to remove restrictive license terms not included in the AGPL.

Plaintiffs contend that reading the license in the manner defendants have suggested would "nullify Neo4j Sweden's exclusive right, as copyright holder, to license Neo4j® under the terms of its choosing." Appellees' Br., p. 52. But nothing prevented Neo4j Sweden from licensing using any terms it wished. What it could *not* do, however, was license its software pursuant to the AGPL under terms not permitted by the AGPL. If Neo4j Sweden did not like the AGPL's terms, it was under no obligation to use that license. Mixed in the morass of

16

licensing is a more fundamental issue. Free and open-source software may come with many different open-source license agreement types. There is GPL, AGPL, Apache, MIT, BSD, *etc*. *See* https://opensource.org/licenses/alphabetical. Some licenses are more restrictive and some more permissive. But the type of license does not change the fact the license is "free" and includes "open-source software."

        **2.     It Was, At Worst, A Jury Question Whether Describing ONgDB As A "Drop In Replacement" Was Accurate.**

Plaintiffs argue that descriptions of ONgDB as a "drop in replacement" were false or misleading because ONgDB is not a feature-for-feature copy of Neo4j EE 3.5 and later. Plaintiffs argue that there is "no evidence showing that a jury could find consumers did not understand their statements as at least assuring compatibility with Neo4j EE." Appellees' Br., 55. But of course it was plaintiffs' burden to show that no reasonable juror could believe that the statement had the meaning defendants ascribe to it. And plaintiffs do not even acknowledge that the claim that ONgDB does not replicate the features of Neo4j EE 3.5 and later is based solely on the say-so of Neo4j USA's Mr. Rathle, who did no empirical testing to confirm his opinion. *See* 6-ER-1375-76. Yet Neo4j was required to prove falsity with empirical evidence. *Presidio Enters., Inc. v. Warner Bros. Distrib. Corp.*, 784 F.2d 674, 679 (5th Cir.1986). There is no evidence in the record to show that data and queries on both versions do not work. Even though

17

and offered a product with "lesser features" (Appellees' Br., 62) has been dealt with above, but the court should note that defendants carefully explained to prospective users what features they would and would not get if they opted to purchase services from iGov. *E.g.*, 2-ER-268-273.

## III. CONCLUSION

For the foregoing reasons and for the reasons stated in the opening brief this Court should reverse the preliminary injunction and vacate the summary judgment on which it is based, with a remand to the district court to set the issues for trial.

Respectfully submitted,

Dated: December 3, 2021

_____/s/_____
Joseph A. Hearst

Counsel for Appellants John Mark Mr. Suhy, PureThink, LLC and iGov, Inc.