John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Bar No. 197241
jratinoff@hopkinscarley.com
Arthur E. Rothrock, Bar No. 312704
arothrock@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:      (408) 286-9800
Facsimile:       (408) 998-4790

Attorneys for Plaintiffs and Counter-Defendants
NEO4J, INC. and NEO4J SWEDEN AB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, NEO4J SWEDEN, AB,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br><br>　　　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO.  5:18-cv-07182-EJD<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>[CIVIL L.R. 79-5(f)] |

4889-6883-6954.1

PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 5:18-CV-07182-EJD

TO ALL PARTIES AND COUNSEL OF RECORD:

Plaintiffs Neo4j, Inc. and Neo4j Sweden AB (collectively "Plaintiffs") file this Administrative Motion to Consider Whether Another Party's Material Should be Sealed pursuant to Civil L.R. 79-5(f) in conjunction with its Motion for Summary Judgment on Their DMCA Claim and Defendants' Breach of Contract Counterclaim and Unclean Hands Defense. Plaintiffs are provisionally filing under seal documents and deposition testimony as evidentiary support thereto that either Defendants PureThink LLC, iGov Inc. and John Mark Suhy (collectively the "Defendants") or Non-Parties have designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the Stipulated Protective Order (Dkt. No. 34) as follows:

1. Plaintiffs request to provisionally file Exhibit 1 to the Declaration of Jeffrey M. Ratinoff in support of Plaintiffs' Motion for Summary Judgment ("Ratinoff MSJ Declaration") under seal in the interest of caution. Exhibit 1 constitutes excerpts from the deposition transcription from the October 22, 2020 Rule 30(b)(6) deposition of Defendant iGov Inc. Dkt. No. 97-1, ¶ 8. During the deposition, Defendants conditionally designated this transcript under Section 5.2 of the Protective Order pending their review and specific designation of the portions of the transcript they believed warranted protection under the Protective Order. *Id*., ¶ 8. The transcript was provided to counsel for Defendants on November 13, 2020, and thus the deadline to provide specific designations was December 4, 2020. *Id*., ¶ 9. Despite Plaintiffs' repeated requests – both before and after the expiration of the deadline –Defendants failed to provide their specific designations. *Id*., ¶ 10. As a result, Defendants waived their right to designate any of the transcript under the Protective Order. Id., ¶ 11. Defendants also failed to submit the required declaration to maintain the confidential of other excerpts from this deposition that were conditionally lodged in conjunction with its prior motion for summary judgment. Nonetheless, Plaintiffs are conditionally lodging these excerpts under seal in the interest of caution.

2. Plaintiffs request to provisionally file under seal unredacted versions of Exhibits 43-47 to the Ratinoff MSJ Declaration under seal. The IRS produced these documents in response to subpoena served by Plaintiffs, and designated them as "Confidential" under the Stipulated Protective Order. The IRS has narrowed that designation down to the redacted portion

4889-6883-6954.1

PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 5:18-CV-07182-EJD

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

of these exhibits, which constitutes Sensitive But Unclassified (SBU) Information in accordance with IRS/Treasury regulations. Thus, Plaintiffs are filing the IRS's designated materials in a manner that is narrowly tailored to protect them, while minimizing the infringement of the public's right of access to documents filed with the Court.

Plaintiffs are herewith providing notice to Defendants and the IRS of their respective obligations under Civil L.R. 79-5(f)(3) to file a declaration in support of sealing these documents if they wish to avoid their disclosure to the public by serving this Motion on them as required by Civil L.R. 79-5(f)(2).

Dated: April 20, 2023

HOPKINS & CARLEY
A Law Corporation


By: */s/ Jeffrey M. Ratinoff*
    John V. Picone III
    Jeffrey M. Ratinoff
    Arthur E. Rothrock
    Attorneys for Plaintiffs and
    Counter-Defendants
    NEO4J, INC. and NEO4J SWEDEN AB

4889-6883-6954.1     - 3 -
PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED
CASE NO. 5:18-CV-07182-EJD

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO