Adron W. Beene SB# 129040
Adron G. Beene SB# 298088
Attorneys at Law
7960 Soquel Drive, Suite B #296
Aptos, CA 95003
Tel: (408) 392-9233
adron@adronlaw.com

Attorneys for defendants:
PURETHINK LLC, a Delaware limited
liability company, IGOV INC., a Virginia
corporation, and JOHN MARK SUHY

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation, Plaintiffs, v. PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual, Defendants. | CASE NO. 5:18-cv-7182 EJD **DEFENDANTS AND COUNTERCLAIMANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE THE REPORT AND EXCLUDE THE TESTIMONY OF BRADLEY M. KUHN** Date: July 27, 2023 Time: 9:00 a.m. Dept. Courtroom 4, 5th floor Judge: Hon. Edward J. Davila **Trial Date November 14, 2023** |
| AND RELATED COUNTERCLAIM | |

# TABLE OF CONTENTS

I.   Introduction ................................................................................ 1

II.  The Legal Standard for Expert Testimony ................................................. 2

III. Argument ................................................................................. 4

   a.   The Law Of The Case Doctrine Does Not Apply To Interim Orders ....... 4

   b.   Mr. Kuhn's Opinion is relevant to several issues in this case. ............... 6

   c.   Removal of the Common Clause prevents further infringement of FSF's copyright. ............................................................................. 8

   d.   Mr. Kuhn's opinion is relevant to more than the Further Restrictions clause issue. .............................................................................. 9

   e.   Mr. Kuhn's opinion is based on his own acts and personal knowledge as he is not some so called expert guessing at the AGPL agreement. ............ 11

   f.   Mr. Kuhn is not testifying about Mr. Suhy's state of mind. ................. 14

   g.   Mr. Kuhn is not testifying about Neo4J Sweden's state of mind........... 14

   h.   An Expert may use inadmissible evidence............................................. 15

   i.   Mr. Kuhn is not an appointed expert advocating for a party; he is advocating for open source software. .......................................................... 15

   j.   Mr. Kuhn's opinion may be used in a FRCP 59(e) motion .................... 16

IV. Conclusion ................................................................................ 16

# TABLE OF AUTHORITIES

**Cases**

*Ambrosini* v. Labarraque 101 F.3d 129 (D.C. Cir. 1996)................................. 12

*Bazarian International Financial Associates, LLC v. Desarrollos Aerohotelco, C.A.* 315 F.Supp.3d 101 (D.C. Cir. 2018)........................................................ 12

*Burge v. Parish of St. Tammany* 187 F3d 452, 467 (5th Cir. 1999................5

*Chutter v. Great Mgmt. Group*, 2021 U.S.P.Q.2d 1001 (T.T.A.B 2021) .......... 11

*Columbia Pictures Industries v. Redd Horne*, 749 F.2d 154 (3d Cir. 1984) ..... 8

*Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) ..... 2, 3, 12

*Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165 (9th Cir.1989) ........ 9

*Ellis v. Costco Wholesale Corp.*, 657 F.3d 970 (9th Cir. 2011)........................... 3

*Fair Isaac Corporation v. Federal Insurance Company*  447 F.Supp.3d 857 (D. Minn. 2020) ........................................................................................................ 13

*Faletogo v. Moya* (S.D. Cal., Feb. 12, 2013, No. 12CV631 GPC WMC) 2013 WL 524037 ....................................................................................................... 15

*Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837 (9th Cir.1987)........ 9

*Gershwin Publishing Corp. v. Columbia Artists Management, Inc.*, 443 F.2d 1159 (2d Cir. 1971) ......................................................................................... 8

*Gordon v. Nextel Commc'ns. & Mullen Advert., Inc.*, 345 F.3d 922 (6th Cir. 2003) ...................................................................................................................... 7

*Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998 (9th Cir. 2004) ....... 4

*In re Rezulin Prod. Liab. Litig.*, 309 F. Supp. 2d 531 (D.C. S.D.N.Y. 2004) .. 16

*Information Resources, Inc. v. Dun & Bradstreet Corp.* 294 F3d 447, 452-453 (2nd Cir. 2002)............................................................................................... 5

*Japan Telecom, Inc. v. Japan Telecom America Inc.* 287 F.3d 866 (9th Cir. 2002) ..................................................................................... 10

*Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) ........................................ 3

*Langevine v. District of Columbia* 106 F.3d 1018 (D.C. Cir. 1997) ................. 4

*Lippe v. Bairnco Corp.*, 288 B.R. 678 (S.D.N.Y. 2003) .................................. 16

*Lippe v. Bairnco Corp.*, 99 F. App'x 274 (2d Cir. 2004) ................................ 16

*McDowell v. Calderon,* 197 F.3d 1253 (9th Cir. 1999) .................................. 16

*Nucor Corp. v. Neb. Pub. Power Dist.*, 891 F.2d 1343 (8th Cir. 1989) ............ 12

*Obrey v. Johnson*, 400 F.3d 691, 696 (9th Cir. 2005) .................................... 3

*Richards v. Direct Energy Servs.*, LLC, 915 F.3d 88 (2d Cir. 2019)............... 13

*Solis v. Jasmine Hall Care Homes, Inc.* 610 F3d 541 (9th Cir. 2010)............5

*United States v. Shedlock*, 62 F.3d 214 (8th Cir. 1995) ................................. 13

*Wells Fargo & Co. v. Stagecoach Props., Inc.*, 685 F.2d 302 (9th Cir.1982) ...... 9

*Worden v. Cal. Fig Syrup Co.*, 187 U.S. 516 (1903) ........................................ 9

**Statutes**

17 U.S.C. § 1202(b)(1) .................................................................................. 6

FRCP 54 ......................................................................................................... 5

FRCP 59 ................................................................................................. 5, 6, 16

FRE 403 ......................................................................................................... 16

FRE 702 .............................................................................................. 2, 12, 15

FRE 703 ........................................................................................................... 2

FRE 706 ......................................................................................................... 15

**Treatises**

A. General Considerations, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 14-A ................................................................................................. 4

## I.      Introduction

Defendants and Counterclaimants Purethink LLC, John Mark Suhy and IGOV INC., ("Defendants") oppose Plaintiff and Counter defendant Neo4J, Inc.'s and Neo4j Sweden AB's motion to strike the report and exclude the testimony of Bradly M. Kuhn.

This case involved the use of a license agreement known as the AGPL and its related license agreement known as the GPL. These licenses were created, copyrighted, and trademarked by the Free Software Foundation ("FSF"). Neo4J Sweden uses FSF's GPL and AGPL licenses to license Neo4J software.

The primary difference between the two licenses is the GPL has a copyleft feature that applies to direct distribution of software. The AGPL was created to have copyleft protection when distribution is over a website.

Copyleft means, on distribution of the GPL/AGPL software, the licensee has the right to obtain the source code of the software distributed. This means that all changes to the software licensed under the AGPL must be licensed under the AGPL and allow licensees to obtain the source code. Under the terms of the AGPL, any licensee has the right to use and modify source code and may distribute the modified source code but only under the AGPL license. Neo4J software is licensed under the terms of FSF's GPL and AGPL licenses.

Neo4J Sweden took software licensed under the AGPL and licensed it to Neo4J USA but not under the terms of the AGPL. Then, Neo4J USA licenses the Neo4J software under a non AGPL license in binary code only and does

not provide the source code of modification to its licensees. This license structure violates the AGPL license requirements.

The copyleft structure of the AGPL prevents parties who elect to use that license from changing it. This protects all the contributors to the software code from a licensor changing the license structure to alter the AGPL to limit the use of the software.  As Neo4J does not own the complete code to the Neo4J software, licensing it to Neo4J USA with a non-AGPL license is a violation of the AGPL. Neo4J USA licensing only the binary code under a non AGPL license is a violation of the AGPL too.

Mr. Kuhn has extensive experience with these licenses and can help the trier of fact to understand the licenses as applied to the evidence and facts at issue. Plaintiffs offered no counter expert to rebut his testimony and instead seek to exclude him.

As Mr. Kuhn meets the standards as an expert to testify under FRE §702 and the basis of his testimony meets FRE §703, his report should not be stricken, and he should be allowed to testify to help the trier of fact sort out the AGPL license as applied to this case.

## II.    The Legal Standard for Expert Testimony

FRE §702 permits a party to offer testimony by a "witness who is qualified as an expert by knowledge, skill, experience, training, or education."  This Rule embodies a "relaxation of the usual requirement of firsthand knowledge," *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592 (1993). And requires that certain criteria be met before expert

testimony is admissible. Rule sets forth four elements, allowing such testimony only if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

These criteria can be distilled to two overarching considerations: "reliability and relevance." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011). The inquiry does not, however, "require a court to admit or exclude evidence based on its persuasiveness." *Id.*

The reliability prong requires the court to "act as a 'gatekeeper' to exclude junk science," and grants the court "broad latitude not only in determining whether an expert's testimony is reliable, but also in deciding how to determine the testimony's reliability." *Id.* (citing *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 145, 147–49, 152, (1999)). Evidence should be excluded as unreliable if it "suffer[s] from serious methodological flaws." *Obrey v. Johnson*, 400 F.3d 691, 696 (9th Cir. 2005).

The relevance prong looks to whether the evidence "fits" the issues to be decided: "scientific validity for one purpose is not necessarily scientific validity for other, unrelated purposes," and "[e]xpert testimony which does not relate to any issue in the case is not relevant." *Daubert*, 509 U.S. 579 at 591 . Moreover, "an expert witness cannot give an opinion as to her *legal*

*conclusion*, i.e., an opinion on an ultimate issue of law[;] ... instructing the jury as to the applicable law is the distinct and exclusive province of the court." *Hangarter v. Provident Life & Acc. Ins. co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (citations and internal quotation marks omitted). An expert nevertheless may, in appropriate circumstances, rely on the expert's understanding of the law and refer to the law in expressing an opinion regarding professional norms. *Id.* At 1016–17.

### III.  Argument

#### a. The Law Of The Case Doctrine Does Not Apply To Interim Orders

Plaintiffs assert Mr. Kuhn's testimony on the Further Restrictions terms of the AGPL is not appropriate as the issues have been conclusively decided under the The Law of the Case Doctrine. This position is inaccurate. The Law of the Case Doctrine does not apply to interlocutory orders. *Langevine v. District of Columbia* 106 F.3d 1018, 1023 (D.C. Cir. 1997). Interlocutory orders are not subject to the law of the case doctrine and ma" always be reconsidered prior to final judgment.) The ruling on the summary judgment motion was a partial ruling. As the standard authority explains, this is an interlocutory order:

> [14:35] **Effect of "partial summary judgment":** Unlike a summary judgment, a "partial summary judgment" does not terminate the action. It is merely an interlocutory order and is subject to revision. It is *not* immediately appealable without a specific judicial finding (FRCP 54(b), ¶ 14:377); and is *not* entitled to res judicata or collateral estoppel effect in other litigation. [*Information Resources, Inc. v. Dun & Bradstreet Corp.* 294 F3d 447, 452-453 (2nd Cir. 2002); *Solis v. Jasmine Hall Care Homes, Inc.* 610 F3d 541, 543-544 (9th Cir. 2010); *Burge v. Parish of St. Tammany* 187 F3d 452, 467 (5th Cir. 1999)]

A. General Considerations, Rutter Group Prac. Guide Fed. Civ. Pro. Before Trial Ch. 14-A

This follows FRCP 54. The Court's interlocutory ruling may be revised before final judgment. The other rulings in this case are not final and are not subject to the Law of the Case Doctrine either.

Plaintiffs claim the summary judgment ruling was decided on appeal. They conflate the name of the order with the nature of the appeal. Defendants appealed the order on the preliminary injunction. A partial summary judgment ruling is not appealable.

There is a further anomaly, as the AGPL Further Restrictions Clause issue was relegated to Phase 2, yet Neo4J moved forward on the issue in Phase 1. The Court relied on a pleading motion in another case (Graph Foundation 5:19-CV-06226-EJD) and noted nothing new was added. That is because Neo4J prematurely moved forward with an issue for Phase 2 in Phase 1. The party in the other case settled out and added nothing new. This procedure is not appropriate.

Defendants intend to address this in a FRCP 59 motion, unless the Court is inclined to consider the issue earlier. Plaintiffs seek to exclude the evidence of why the further restriction clause allows removal of improper terms. Licensees may not be able to enforce FSF copyright violations but have permission to remove offending terms under the Further Restrictions clause. Mr. Kuhn created the concept that led to the Affero Clause which is the A in the AGPL. Declaration of Adron G. Beene, Exhibit A (the "Kuhn Expert Report") ¶22. Mr. Kuhn volunteered and worked at FSF since 1996,

became Executive Director of FSF and was on the Board of Directors of FSF. He was involved in over thirty resolutions of GPL violations.

Defendants are not seeking a second or third bite at the apple. They will seek due process and a first bite at the Phase 2 issue under FRCP Rule 59 with clear evidence from the author of the concept which lead to the AGPL clause and a person involved in the Further Restrictions Clause and enforcement of the FSF license. Nothing is improper in defendant's efforts to raise an issue not fully litigated to date.

**b. Mr. Kuhn's Opinion is relevant to several issues in this case.**

Mr. Kuhn's opinion is relevant and supports the Unclean Hands defense, the defense that Neo4J USA violated the AGPL, the Estoppel defense (Dkt. 91) and the defense to Neo4J's DMCA claim (Dkt. 177). It will also be used for the post trial Rule 59 motion because the opinion shows clear evidence of error on the prior ruling.

On the DMCA claim, even given the prior interim rulings of this court, Mr. Suhy did not engage in some improper intentional act in removing the non-permissive additional clause from the AGPL. Section 1202(b)(1) of the DMCA prohibits, *inter alia*, "intentionally remov[ing] or alter[ing] any copyright management information" with the knowledge, or with "reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title." 17 U.S.C. § 1202(b)(1).

"A section 1202(b)(1) violation occurs when a person (i) without authority of the copyright owner or the law (ii) intentionally removes or alters any copyright management information (iii) knowing or having reasonable grounds to know that it will induce, enable, facilitate, or conceal an

infringement of the federal copyright laws." *Gordon v. Nextel Commc'ns. & Mullen Advert., Inc.*, 345 F.3d 922, 927 (6th Cir. 2003).

FSF, in AGPL gives permission for the licensee to remove additional restrictions. The court has ruled that only the person using the license -the licensor-has that right. Mr. Kuhn explains the genesis and basis of the Further Restrictions clause and opines that Mr. Suhy followed the permission granted in the AGPL when removing the commons clause.

If the licensor is the only person who can remove and addition, as the court has ruled, then the license agreement has been changed by Neo4J Sweden. But, under the copyright license for the AGPL, FSF which owns the copyright, granted a license allowing only verbatim copies with no changes allowed:

GNU AFFERO GENERAL
PUBLIC LICENSE
Version 3, 19 November 2007

Copyright © 2007 Free Software Foundation, Inc. <http://fsf.org/> Everyone is permitted to copy and distribute verbatim copies of this license document, but changing it is not allowed.

Kuhn Expert Report, Exhibit G.

Neo4J Sweden's addition of the Commons Clause is not a verbatim copy of the AGPL and is change. This is a copyright violation of FSF's copyright to the AGPL. Neo4J was only licensed to use the AGPL form without change. Neo4J Sweden violated the terms of the AGPL license scope in the use of the FSF form.

Neo4J Sweden does not own the copyright to the AGPL. They cannot meet the requirements for a DCMA claim (ownership of the copyright). While

Suhy does not have standing to assert FSF's copyright[1], he does have a duty

to **not** contribute to Neo4J' Sweden's copyright infringement:

> " 'one who, with knowledge of the infringing activity, induces, causes or
> materially contributes to the infringing activity of another, may be held
> liable as a "contributory" infringer' "

*Columbia Pictures Industries v. Redd Horne*, 749 F.2d 154, 160 (3d Cir.

1984), *quoting Gershwin Publishing Corp. v. Columbia Artists Management,*

*Inc.*, 443 F.2d 1159, 1162 (2d Cir. 1971)

Neo4J Sweden violated FSF's copyright in the AGPL license by adding

the common clause. Suhy prevented further infringement by removing the

offending terms.

### c. Removal of the Common Clause prevents further infringement of FSF's copyright.

Neo4J Sweden choose to use the FSF copyrighted AGPL license

agreement. Neo4J Sweden has the burden of proof to show that Mr. Suhy

intended to violate Neo4J's copyright. But the copyright to the license is

owned by FSF. While Neo4J Sweden claims the license is its to do what it

wants. It is not. Neo4J Sweden could not change the license terms unless, as

Mr. Kuhn states, they complied with change provisions. Kuhn Expert Report,

¶85. (change the name of the license and delete the preamble).

Neo4J Sweden did not modify the license by removing references to the

AGPL and removing of the preamble. Exhibit G to Kuhn's Expert Report

shows the license Neo4J Sweden used. Neo4J Sweden references the GNU

---

[1] Neo4j suggests FSF silence is indicative of disagreement with Kuhn's opinion. The more likely implication is FSF is underfunded and cannot afford litigation with a multinational company. See Kuhn Expert Report ¶82. A more appropriate inference is derived from the fact Neo4J could find no expert to disagree with Kuhn as they did not disclose such an expert.

AFFERO GENERAL PUBLIC LICENSE VERSION  and includes the Preamble. Neo4J Sweden uses FSF trademark and copyrighted license in violation of the license terms. Mr. Kuhn's extensive background with the license can assist the trier of fact to determine this issue on whether Suhy's removal of the Common Clause protects FSF's copyright from Neo4J Sweden's infringement and avoids further contributory infringement of FSF's copyright. Mr Suhy did not conceal Neo4J's infringement, he stopped it. That is not a violation of the DMCA.

Mr. Kuhn's opinion is Mr. Suhy's conduct in removing the Common Clause was customary, permissible and widely encouraged:

> In my opinion, when John Mark Suhy encountered the Neo4j Sweden Software License, his removal of the CC and redistribution of the Covered Work under pure AGPLv3 would be considered customary, permissible, and even widely encouraged in the field of FOSS.

Kuhn Expert Report ¶75.

### d. Mr. Kuhn's opinion is relevant to more than the Further Restrictions clause issue.

Mr. Kuhn's opinion is also relevant on the unclean hands defense.

"Unclean hands is a defense to a Lanham Act infringement suit." *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir.1987).Trademark law's unclean hands defense springs from the rationale that "it is essential that the plaintiff should not in his trade mark, or in his advertisements and business, be himself guilty of any false or misleading representation." *Worden v. Cal. Fig Syrup Co.*, 187 U.S. 516, 528, 23 S.Ct. 161 (1903). To make out an unclean hands defense, a trademark defendant "must demonstrate that the plaintiff's conduct is inequitable and that the conduct relates to the subject matter of its claims." *Fuddruckers*, 826 F.2d at 847. To show that a trademark plaintiff's conduct is inequitable, defendant must show that plaintiff used the trademark to deceive consumers. *See Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 173 (9th Cir.1989) ("Bad intent is the essence of the defense of unclean hands.") (citing *Wells Fargo & Co. v. Stagecoach Props., Inc.*, 685 F.2d 302, 308 (9th Cir.1982)).

*Japan Telecom, Inc. v. Japan Telecom America Inc.* 287 F.3d 866, 870–871 (9th Cir. 2002).

Neo4J USA's business is built on a license of the Neo4J trademark and Neo4J software from Neo4J Sweden. That software is subject to the terms of the AGPL license. Neo4J USA is using the Neo4J trademark to sell the Neo4J software through the misuse of the AGPL license.

Mr. Kuhn contrasts Neo4J Sweden's' misuse of the AGPL with how MongoDB converted from open source to proprietary.  Kuhn Expert Report ¶¶90-98.

Neo4J Sweden took the Neo4J software licensed under the AGPL and licensed it to Neo4J USA, but not under the terms of the AGPL. Then Neo4J USA licenses the Neo4J software under a non AGPL license in binary code only and does not provide the source code of modification. This is a violation of the AGPL. Neo4J USA licensing only the binary code under a non AGPL license is a violation of the AGPL too.

MondoDB used the terms of the AGPL but did not use FSF's trademark. They named the license a Server Side Public License. MongoDB did not include the AGPL preamble. See Exhibit K to Kuhn Expert Report. This means MondoDB complied with FSF rules for modifications of the AGPL. Kuhn Expert Report ¶90-93.

The evidence will also show, Neo4J Sweden does not own the complete code to the Neo4J software. They did not produce contribution agreements from all the authors of the code. Since Neo4J Sweden does not own the complete code, licensing it to Neo4J USA with a non AGPL license is a violation of the AGPL. Kuhn Expert Report ¶¶99-107.

Plaintiffs' violation of FSF trademark, copyright, the AGPL license terms and use of the Neo4J trademark to improperly license Neo4J software is unclean hands.  Neo4J USA misrepresentations of time of use, ownership of trademark and failure to correct those misrepresentation is unclean hands under the PTO's standards.[2] *Chutter v. Great Mgmt. Group*, 2021 U.S.P.Q.2d 1001 (T.T.A.B. 2021).

> **e. Mr. Kuhn's opinion is based on his own acts and personal knowledge as he is not some so called expert guessing at the AGPL agreement.**

Mr. Kuhn created the Affero concept used in the AGPL. He was involved in the Further Restriction Clause addition to the revised AGPL. His testimony is not only well supported, but it is also based on extensive background at FSF and knowledge of FOSS licensing which may very well help the jury understand the facts and issues on these points. Kuhn Expert Report ¶4-28.

The AGPL term at issue on the Further Restrictions aspect of his opinions is "**All other non-permissive additional terms are considered "further restrictions" within the meaning of section 10. If the Program as you received it, or any part of it, contains a notice stating that it is governed by this License along with a term that is a further restriction, you may remove that term.**" There are two interpretations of that term. The question is who is the "you" who may remove further restrictions. The Court ruled on this issue based on a

---

[2] While Defendants are presently foreclosed from invalidating the trademark, the facts remain to support an unclean hands defense.

1  pleading motion in another case without the benefit of evidence on this

2  ambiguous term. In determining the admissibility of expert testimony,

3  including testimony intended to aid the jury to understand the meaning of

4  an ambiguous, disputed contractual term, a district court must "determine

5  whether the proffered expert testimony 'is sufficiently tied to the facts of the

6  case that it will aid the jury in resolving a factual dispute.' " *Ambrosini v.*

7  *Labarraque* 101 F.3d 129,134 (D.C. Cir. 1996) (quoting *Daubert*, 509 U.S. at

8  591). *Bazarian International Financial Associates, LLC v. Desarrollos*

9  *Aerohotelco, C.A.* 315 F.Supp.3d 101, 117 (D.C. Cir. 2018).

10  Mr. Kuhn's opinion is based on his personal involvement in the AGPL

11  license the Further Restriction Clause, copyleft requirements, conversion to

12  proprietary software and the requirement that the licensor must have 100%

13  ownership of the software to remove the software from AGPL license

14  requirements.  His opinion is directly tied to the facts and issue and will aid a

15  jury resolve the factual dispute. His expert testimony is appropriate.

16  "[C]ourts have frequently recognized the value of expert testimony

17  defining terms of a technical nature and testifying as to whether such terms

18  have acquired a well-recognized meaning in the business or industry." *Nucor*

19  *Corp. v. Neb. Pub. Power Dist.*, 891 F.2d 1343, 1350 (8th Cir. 1989).

20  Therefore, a court may permit an expert to testify about industry practices

21  or standards and the meaning of ambiguous contract language that includes

22  terms of art. *Id.*; *see also Richards v. Direct Energy Servs., LLC*, 915 F.3d 88,

23  98 (2d Cir. 2019) (unless a contract includes "terms of art," expert testimony

24  as to the meaning of contractual provisions is irrelevant and inadmissible).

25  Expert testimony also must be helpful to a jury. *See* Fed. R. Evid. 702.

"Expert testimony is helpful to a jury if it concerns matters beyond the knowledge of average individuals; however, it cannot supplant the jury's role in evaluating the evidence." *United States v. Shedlock*, 62 F.3d 214, 219 (8th Cir. 1995); *Fair Isaac Corporation v. Federal Insurance Company* 447 F.Supp.3d 857, 872–873 (D. Minn. 2020).

Mr. Suhy relied on the standard of industry reading of the AGPL license. The "you" in the further restrictions clause is the licensee, the person reading it. He did not think that meant the person who uses the FSF license form. His understanding is supported by Mr. Kuhn.

Mr. Kuhn was involved in the addition of the "Further Restriction" clause and reasons for it. Kuhn Expert Report ¶¶27-74.  He opines that Mr. Suhy's removal of the Commons Clause was customary and permissible and even widely encouraged in the field of FOSS. Kuhn Expert Report ¶75 and permitted under the terms of the "Neo4J Sweden license". Kuhn Expert Report ¶78.

Kuhn confirms Neo4J Sweden had other license options. Defendants agree Kuhn may not speculate on the reasons Neo4J choose to use FSF"s license. But they certainly had other license forms to choose-and could make up their own. That is what MongoDB did. MongoDB used the AGPL but latter changed to a SS Public license. That license complies with FSF's rules. Kuhn Expert Report ¶93. Neo4J Sweden' use of the FSF license does not.

Kuhn also explains that unless a licensor, such as Neo4J Sweden, has all the rights to the software, they cannot relicense on the software on a proprietary bases. Kuhn Expert Report ¶¶99-107. The evidence in this case is Neo4J did not have ownership of all code to allow license to Neo4J USA.

1    (Defendants asked for copies off each assignment from the other authors and
2    Neo4J Sweden did not produce them).  Neo4J's USA licensing of the software
3    on a commercial basis is a violation of the AGPL.

4       Neo4J Sweden choose to license and use FSF's license form.  FSF states
5    a party may use the GPL terms if they call the license another name and do
6    not include the GPL preamble or mention GNU. Kuhn Expert Report ¶85.
7    Neo4J Sweden did do that.  Neo4J Sweden used the FSF trademarks, the
8    entire FSF agreement and did not remove the preamble. With that election,
9    the terms of the FSF license (GPL and AGPL) apply to all Neo4J software
10   and Neo4J Sweden is not allowed, under the AGPL, to change the license or
11   license it other than through the AGPL.

12      **f.  Mr. Kuhn is not testifying about Mr. Suhy's state of mind.**

13      Part of Mr. Kuhn opinion is stating the nature of the AGPL license
14   agreement and the way it was changed to prevent further clauses. His
15   opinion supports the basis for Mr. Suhy's removal non-permissive terms
16   Neo4J Sweden added to FSF's copyrighted AGPL license agreement. Mr.
17   Kuhn does not opine on Mr. Suhy's state of mind. It is up to the jury to decide
18   if Neo4J can meet the elements of the DMCA claim.

19      **g.  Mr. Kuhn is not testifying about Neo4J Sweden's state of**
20         **mind.**

21      Mr. Kuhn's opinions on Neo4J's conduct is based on conclusions from
22   the evidence and Neo4J Sweden's election to use FSF, Inc.'s copyrighted
23   AGPL license agreement. To the extent the report has sections about Neo4J's
24   statement of mind,  defendants have no issue with striking that and Mr.
25   Kuhn will not testify about Neo4J's state of mind.

### h. An Expert may use inadmissible evidence.

Under FRE § 702, evidence which supports an opinion need not be admissible. The issue of admissibility at trial is based on probative value outweighing prejudicial effect. Mr. Kuhn's data and information relied on has no prejudicial effect. There is no basis to exclude it.

### i. Mr. Kuhn is not an appointed expert advocating for a party; he is advocating for open source software.

Plaintiffs complain Mr. Kuhn is an advocate for defendants and cannot testify. Mr. Kuhn is an advocate who works tirelessly to support the proliferation and protection of FOSS. (Free and Open Source Software). The rule against advocates is under court appointed experts. Rule 706(a) of the Federal Rules of Evidence does not contemplate court appointment and compensation of an expert witness as an advocate for one of the parties. *Faletogo v. Moya* (S.D. Cal., Feb. 12, 2013, No. 12CV631 GPC WMC) 2013 WL 524037.

Further, bias does not make Mr. Kuhn's testimony more prejudicial than probative. Plaintiffs argue that Mr. Kuhn's testimony is prejudicial under Rule 403 because "Mr. Kuhn is not acting an [sic] impartial expert witness." (Dkt. 181, 19:1) However, impartiality is not a requirement for an expert witness. *Lippe v. Bairnco Corp.*, 288 B.R. 678, 688 (D.C. S.D.N.Y. 2003), aff'd, 99 F. App'x 274 (2d Cir. 2004). What *Lippe*, and the cases following it, such as Plaintiffs' cited case *In re Rezulin Prod. Liab. Litig.*, 309 F. Supp. 2d 531, 545 (D.C. S.D.N.Y. 2004) address is when an expert acts as counsel, builds the case for the party, parrots the party's arguments, and fails to have an independent basis for their opinion. *Lippe*, 288 B.R. at 688.

But Mr. Kuhn has not acted as counsel to Defendants. Defendants are not paying him fees for his work. His opinions are based on his years of experience as a FOSS advocate, gathered over decades. His bias towards FOSS is not hidden and it is not grounds for exclusion.

### j.  Mr. Kuhn's opinion may be used in a FRCP 59(e) motion

Rule 59(e) motions can be sought on several grounds. *McDowell v. Calderon,* 197 F.3d 1253, 1255 (9th Cir. 1999). While Plaintiffs focus on a rule 59(e) motion sought under new evidence, Defendants intend to seek reconsideration under manifest error.  Plaintiffs improperly brought the review of the AGPL clauses into the Phase 1 dispositive motions. See Dkt. 100, 25:3-11. This has resulted in a chain of critical errors, which Defendants may properly seek to correct under Rule 59(e) through a review the AGPL on the merits. Mr. Kuhn's opinion has been brought into this case timely – in Phase 2, where the review of the AGPL was supposed to have happened.

## IV.   Conclusion

As Mr. Kuhn provides relevant testimony that is not prejudicial, the court should allow his testimony and deny plaintiffs' motion to exclude him in its entirety.

Dated: May 18, 2023

__/s/ Adron W. Beene_____
Adron W. Beene SB# 129040
Adron G. Beene SB# 298088
Attorneys At Law
7960 Soquel Drive, Suite B #296
Aptos, CA 95003
Tel: (408) 392-9233
adron@adronlaw.com

Attorneys for Defendants
PURETHINK LLC, a Delaware limited
liability company, IGOV INC., a Virginia
corporation, and JOHN MARK SUHY

1

## ATTESTATION OF E-FILED SIGNATURE

2  Pursuant to Local Rule 5-1(i)(3), I hereby certify that I have obtained the concurrence in the

3  filing of this document from all signatories for whom a signature is indicated by a "conformed"

4  signature (/s/) within this electronically filed document and I have on file records to support this

5  concurrence for subsequent production to the Court if so ordered or for inspection upon request.

6  Dated:  May 18, 2023

7                                                  /s/ Adron G. Beene
                                                   Adron W. Beene
8                                                  Adron G. Beene
                                                   Attorneys At Law
9                                                  7960 Soquel Drive, Suite B #296
                                                   Aptos, CA 95003
10                                                 Tel: (408) 392-9233

11                                                 Attorneys for Defendants and
                                                   Counter-Claimants
12                                                 PURETHINK LLC, IGOV INC., and
                                                   JOHN MARK SUHY

13

14

15

16

17

18

19

20

21

22

23

24

25