John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Bar No. 197241
jratinoff@hopkinscarley.com
Arthur E. Rothrock, Bar No. 312704
arothrock@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:     (408) 286-9800
Facsimile:      (408) 998-4790

Attorneys for Plaintiffs and Counter-Defendants
NEO4J, INC. and NEO4J SWEDEN AB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, NEO4J SWEDEN AB, a Swedish corporation,<br><br>Plaintiffs,<br><br>v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO.  5:18-cv-07182-EJD<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE THE REPORT AND EXCLUDE THE TESTIMONY OF DEFENDANTS' EXPERT WITNESS BRADLEY M. KUHN**<br><br>Date:        July 27, 2023<br>Time:        9:00 a.m.<br>Dept.:       Courtroom 4, 5th Floor<br>Judge:      Hon. Edward J. Davila<br><br>Trial Date: November 14, 2023 |

4865-9680-8293.5

1

**TABLE OF CONTENTS**

2

**Page**

3
I.      INTRODUCTION ................................................................................................. 1

4
II.     LEGAL ARGUMENT ......................................................................................... 2

5
        A.      Defendants Cannot Avoid the Law of the Case Doctrine Due to their
                Unsuccessful Appeal of the Court's Summary Judgment Order ........................... 2

6
        B.      Defendants Cannot Offer Mr. Kuhn's Testimony at Trial as a Means to
                Seek Reconsideration of the Summary Judgment Order Pursuant to FRCP
7
                59(e) ....................................................................................................................... 4

8
        C.      Mr. Kuhn's Opinions are Not Relevant to Plaintiffs' DMCA Claim, and
                Impermissibly Provide a Legal Interpretation of the Provisions in the Neo4j
                Sweden Software License and Mr. Suhy's Understanding Thereof ...................... 7

9
        D.      Mr. Kuhn's Opinions are Not Relevant to Defendants' Unclean Hands
10
                Defense to Neo4j USA's Trademark Infringement Claims ................................... 9

11
        E.      Mr. Kuhn's Personal Knowledge of FOSS Licensing and Prior Work at the
                FSF Does Not Allow Him to Opine on the Legal Interpretation of Sections
                7 and 10 in the Neo4j Sweden Software License................................................. 11

12
        F.      Defendants Concede that Mr. Kuhn's Opinions on Neo4j Sweden's State of
13
                Mind are Inadmissible and Should Be Excluded ................................................ 13

14
        G.      Defendants Fail to Address Mr. Kuhn's Reliance on Inadmissible Hearsay........ 14

15
        H.      Defendants Confirm Mr. Kuhn is an Advocate, Not an Expert, Rendering
                His Opinions Inadmissible Under Daubert and Federal Rule of Evidence
                403 ...................................................................................................................... 14

16
III.    CONCLUSION .................................................................................................. 15

17

18

19

20

21

22

23

24

25

26

27

28

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ REDWOOD CITY

4865-9680-8293.5

- i -

1

**TABLE OF AUTHORITIES**

2

**Page**

3

**Cases**

4

*Ambrosia v. Cogent Commc'ns, Inc.*,
  312 F.R.D. 544 (N.D. Cal. 2016) ........................................................................................ 14

*AMTAX Holdings 279, LLC v. Montalvo Assocs., LLC*,
  No. 320CV02478BENAGS, 2022 WL 2784456 (S.D. Cal. June 6, 2022) ............................ 8

*Aquino v. Cnty. of Monterey Sheriff's Dep't*,
  No. 5:14-CV-03387-EJD, 2018 WL 3845718 (N.D. Cal. Aug. 12, 2018) ..................... 2, 3, 6

*Arista Networks, Inc. v. Cisco Sys. Inc.*,
  No. 16-CV-00923-BLF, 2018 WL 8949299 (N.D. Cal. June 15, 2018) ................................ 9

*Daubert v. Merrell Dow Pharm., Inc.*,
  43 F.3d 1311 (9th Cir. 1995) ..................................................................................... 10, 11

*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 (1993) ................................................................................... 9, 11, 14, 15

*Dolby Labs. Licensing Corp. v. Adobe Inc.*,
  No. 18-CV-01553-YGR, 2019 WL 6327210 (N.D. Cal. Nov. 26, 2019) ......................... 8, 13

*F.B.T. Prods., LLC v. Aftermath Records*,
  621 F.3d 958 (9th Cir. 2010) ............................................................................................ 13

*F.B.T. Prods., LLC v. Aftermath Recs.*,
  No. CV073314PSGMANX, 2009 WL 10671243 (C.D. Cal. May 12, 2009) ....................... 13

*Herrington v. County of Sonoma*,
  12 F.3d 901 (9th Cir. 1993) ............................................................................................. 2, 3

*Ins. Grp. Comm. v. Denver & R. G. W. R. Co.*,
  329 U.S. 607 (1947) .......................................................................................................... 3

*Interior Glass Sys., Inc. v. United States*,
  No. 5:13-CV-05563-EJD, 2017 WL 1153012 (N.D. Cal. Mar. 28, 2017) ............................ 6

*Jacobsen v. Katzer*,
  535 F.3d 1373 (Fed. Cir. 2008) ......................................................................................... 8

*Kamakahi v. Am. Soc'y for Reprod. Med.*,
  305 F.R.D. 164 (N.D. Cal. 2015) ...................................................................................... 14

*United States ex rel. Kelly v. Serco, Inc.*,
  846 F.3d 325 (9th Cir. 2017) ............................................................................................. 6

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4865-9680-8293.5

- ii -

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE THE REPORT AND EXCLUDE THE TESTIMONY OF
DEFENDANTS' EXPERT WITNESS BRADLEY M. KUHN

1

**TABLE OF AUTHORITIES**
(continued)

2

Page

3

*Kona Enters., Inc. v. Estate of Bishop,*

4

229 F.3d 877 (9th Cir. 2000) .................................................................................... 6

5

*Mango v. BuzzFeed, Inc.,*
970 F.3d 167 (2nd Cir. 2020) ................................................................................... 9

6

*McHugh v. United Serv. Auto. Ass'n,*

7

164 F.3d 451 (9th Cir. 1999) ............................................................................... 8, 13

8

*Neo4j, Inc. v. Graph Found., Inc.,*
No. 5:19-CV-06226-EJD, 2020 WL 6700480 (N.D. Cal. Nov. 13, 2020) .................... 7, 8, 10

9

*Nucor Corp. v. Neb. Pub. Power Dist.,*

10

891 F.2d 1343 (8th Cir. 1989) ................................................................................. 13

11

*O'Neill v. United States,*

12

50 F.3d 677 (9th Cir. 1995) ...................................................................................... 5

13

*Ollier v. Sweetwater Union High Sch. Dist.,*
768 F.3d 843 (9th Cir. 2014) ................................................................................... 15

14

*Pinkette Clothing, Inc. v. Cosm. Warriors Ltd.,*

15

894 F.3d 1015 (9th Cir. 2018) ................................................................................. 10

16

*Rissetto v. Plumbers and Steamfitters Local 343,*

17

94 F.3d 597 (9th Cir. 1996) ..................................................................................... 12

18

*Rupert v. Bond,*
No. 12-CV-05292-BLF, 2015 WL 78739 (N.D. Cal. Jan. 6, 2015),

19

*aff'd,* 771 F. App'x 777 (9th Cir. 2019) .................................................................... 4

20

*S. Cal. Darts Ass'n v. Zaffina,*
762 F.3d 921 (9th Cir. 2014) ................................................................................... 10

21

*Sec. Investor Prot. Corp. v. Vigman,*

22

74 F.3d 932 (9th Cir. 1996) ...................................................................................... 6

23

*Solis v. Jasmine Hall Care Homes, Inc.,*

24

610 F.3d 541 (9th Cir. 2010) .................................................................................... 3

25

*Tessera, Inc. v. Toshiba Corp.,*
No. 15-CV-02543-BLF, 2019 WL 5395158 (N.D. Cal. Oct. 22, 2019) ...................... 9

26

*Tveter v. AB Turn–O–Matic,*

27

633 F.2d 831 (9th Cir. 1980) ................................................................................... 10

28

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ REDWOOD CITY

4865-9680-8293.5

- iii -

1
2

**TABLE OF AUTHORITIES**
**(continued)**

**Page**

3
4
*United States v. King Features Ent., Inc.*,
    843 F.2d 394 (9th Cir. 1988) ............................................................................ 5, 13

5
*United States v. Shafi*,
    No. 15-CR-00582-WHO-1, 2018 WL 3159769 (N.D. Cal. June 28, 2018) .......................... 14

6
7
*Wapato Heritage, L.L.C. v. United States*,
    637 F.3d 1033 (9th Cir. 2011) .............................................................................. 12

8
9
*White v. California*,
    No. 5:15-CV-03521-EJD, 2017 WL 4642571 (N.D. Cal. Oct. 17, 2017) ............................ 5, 6

10
**Statutes**

11
17 U.S.C. § 1202(b)(1) .......................................................................................... 9

12
28 U.S.C. § 1292(a) ............................................................................................ 4

13
28 U.S.C. § 1292(a)(1) ......................................................................................... 2, 4

14
**Other Authorities**

15
Ninth Circuit Rule 36-3 ......................................................................................... 3

16
Fed. R. Civ. Proc. § 56(e) ..................................................................................... 4

17
Fed. R. Civ. Proc. § 59(e) ..................................................................................... 1, 4, 6

18
Fed. Rule Evid. § 403 .......................................................................................... 14, 15

19
Fed. Rule Evid. § 702 .......................................................................................... 14, 15

20
Fed. Rule Evid. § 703 .......................................................................................... 14, 15

21
22
23
24
25
26
27
28

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ REDWOOD CITY

4865-9680-8293.5                                - iv -
PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE THE REPORT AND EXCLUDE THE TESTIMONY OF
DEFENDANTS' EXPERT WITNESS BRADLEY M. KUHN

1

## I.    INTRODUCTION

2

Defendants' Opposition to Plaintiffs' Motion to Strike confirms that that the sole purpose

3

of using Bradley Kuhn as a purported FOSS expert is to re-litigate this Court's interpretation of the

4

Neo4j Sweden Software License.  Defendants' insistence that the law of the case doctrine does not

5

bar them from offering Mr. Kuhn's opinions on the same issue because the Court only granted

6

partial summary judgment is divorced from the procedural history of this case.  Defendants cannot

7

ignore that their unsuccessful appeal of the Court's May 18, 2021 Summary Judgment Order and

8

the Ninth Circuit's affirmation thereof conclusively establishes that Section 7 of the Sweden

9

Software License did not permit Suhy as a downstream licensee to remove the Commons Clause

10

as a "further restriction" added by the original licensor, Neo4j Sweden.

11

For this same reason, there is nothing for this Court to reconsider under Rule 59(e).  Even

12

if there were, there was no "manifest injustice" since they agreed that the Court could interpret

13

Section 7 and decide Defendants' right to remove the Commons Clause from the Neo4j Sweden

14

Software License on summary judgment during Phase 1.  Defendants had a full and fair opportunity

15

to present evidence supporting their arguments at that time, including an expert declaration, and as

16

noted by this Court failed to do so.  Defendants also sought de novo review and lost thereby

17

foreclosing any attempt by them to reopen that issue via Mr. Kuhn in Phase 2.

18

Defendants also cannot use Mr. Kuhn to manufacture extrinsic evidence to support their

19

interpretation of the "further restrictions" provision, and the ultimate legal conclusions drawn to

20

justify Suhy's removal of the Commons Clause from that license.  Ninth Circuit precedent makes

21

clear that the interpretation of the contract is a question of law, and an expert witness thus cannot

22

opine on the legal meaning of contracts as written.  Defendants' attempt to obfuscate what amounts

23

to bare legal opinions by appending the words "custom and practice" to Mr. Kuhn's opinions

24

underscores the impropriety of Mr. Kuhn's proposed testimony.

25

Finally, Mr. Kuhn's opinions are not relevant to any remaining issues in this case.

26

Defendants cannot use Mr. Kuhn to support Suhy's belief that he could remove the Commons

27

Clause.  Nor can they use Mr. Kuhn to negate the intent element of Plaintiffs' DMCA claim under

28

controlling Ninth Circuit precedent.  More importantly, since Defendants' unclean hands defense

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ REDWOOD CITY

4865-9680-8293.5

- 1 -

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE THE REPORT AND EXCLUDE THE TESTIMONY OF
DEFENDANTS' EXPERT WITNESS BRADLEY M. KUHN

1    is limited to Neo4j USA's ***trademark*** infringement claims, Mr. Kuhn's opinions that Neo4j

2    Sweden's ***copyright*** licensing practices were somehow inequitable bear no logical relationship to

3    that defense.   There is simply no basis for Defendants to offer the personal opinions of self-

4    proclaimed open source activist into evidence as purported expert testimony.   The Court should

5    therefore strike Mr. Kuhn's report and prohibit him from testifying at trial, as well as make clear

6    the law of the case doctrine bars Defendants from re-litigating the interpretation of Sections 7 and

7    10 of the Neo4j Sweden Software License at trial.

8    **II.      LEGAL ARGUMENT**

9            **A.      Defendants Cannot Avoid the Law of the Case Doctrine Due to their
              Unsuccessful Appeal of the Court's Summary Judgment Order**

10

11           Defendants do not refute that they are seeking to re-litigate the interpretation of the Neo4j

12   Sweden Software via Mr. Kuhn's proposed testimony.   *Compare* Dkt. No. 181 at 7:16-13:8 *and*

13   Dkt. No. 186 at 4:12-6:8.   Instead, they argue that the law of the case doctrine does not bar them

14   from doing so because this Court only granted partial summary judgment.   *See id.*   Defendants

15   completely ignore their strategic decision to use the issuance of the preliminary injunction to seek

16   immediate appellate review of this Court's substantive findings underlying that injunction.   The

17   fact that their appeal was unsuccessful is inconsequential because "[t]he law of the case doctrine

18   states that the decision of an appellate court on a legal issue ***must be followed in all subsequent***

19   ***proceedings in the same case***." *Herrington v. County of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993)

20   (internal quotations omitted, emphasis added); *accord Aquino v. Cnty. of Monterey Sheriff's Dep't*,

21   No. 5:14-CV-03387-EJD, 2018 WL 3845718, at *1 (N.D. Cal. Aug. 12, 2018) (citing same in

22   recognizing the Ninth Circuit's decision on an interlocutory appeal of the summary judgment order

23   "was now law of the case").

24           The jurisdictional basis for Defendants' appeal further belies their assumption that the

25   Court's summary judgment ruling remains a non-appealable interlocutory order.   *See* Dkt. No. 186

26   at 5:6-9.   In Appellants' Opening Brief ("AOB"), Defendants asserted that the Ninth Circuit had

27   jurisdiction to hear an immediate appeal of that order under 28 U.S.C. § 1292(a)(1) because it was

28   an appeal of a preliminary injunction.   *See* Supplemental Declaration of Jeffrey M. Ratinoff ("Supp.

4865-9680-8293.5                                                            - 2 -

1  Ratinoff Decl."), Ex. A at 3 (Jurisdictional Statement) and 17 (Standard of Review).  Defendants

2  also represented that "the court's preliminary injunction is 'inextricably bound up' with its legal

3  resolution of the summary judgment; [the Ninth Circuit] therefore exercises plenary review." *Id.*

4  at 17.   Defendants then asked the Ninth Circuit to conduct ***de novo review*** of this Court's

5  substantive findings in the underlying Summary Judgment Order, including the interpretation of

6  Sections 7 and 10 of the Neo4j Sweden Software License.  *Id.*

7  As detailed in Plaintiffs' moving papers, the correctness of this Court's interpretation of the

8  Neo4j Sweden Software License was subject to extensive briefing before the Ninth Circuit.  *See,*

9  *e.g.,* Dkt. No. 181 at 11:19-12:20; Dkt. No. 181-1, Ex. 4 at 36-40; Ex. 5 at 47-54; Ex. 6 at 15-17.

10  The Ninth Circuit then ***conclusively affirmed*** that

11  Defendants' representation that ONgDB is a "free and open-source"
    version of Neo4j® EE was literally false, because Section 7 of the
12  Sweden Software License only permits a downstream licensee to
    remove "further restrictions" added by an upstream licensee to the
13  original work.

14  Dkt. No. 140 at 3.  In doing so, the Ninth Circuit stated that its opinion ***was precedential for the***

15  ***purpose of the law of the case*** pursuant to Ninth Circuit Rule 36-3.  *Id.* at 1.   Consequently,

16  Defendants' attempt to re-litigate the interpretation of the meaning of "further restrictions" in the

17  Neo4j Sweden Software License by offering the purported "expert" testimony of Mr. Kuhn is in

18  clear violation of the law of the case doctrine.  *See Herrington*, 12 F.3d at 904; *Aquino*, 2018 WL

19  3845718, at *1; *see also Ins. Grp. Comm. v. Denver & R. G. W. R. Co.*, 329 U.S. 607, 612 (1947)

20  ("When matters are decided by an appellate court, its rulings, unless reversed by it or a superior

21  court, bind the lower court.").

22  Finally, Defendants' reliance on a non-binding practice guide to argue that the Court's

23  summary judgment order remains an interlocutory order subject to a further challenge is misplaced.

24  Only one of the cases cited by that secondary authority, *Solis v. Jasmine Hall Care Homes, Inc.,*

25  610 F.3d 541, 543-544 (9th Cir. 2010), is precedential.  However, *Solis* is inapplicable in this case

26  because it merely addressed the gatekeeping issue of immediate appellate jurisdiction over

27  interlocutory orders, and if anything, undermines Defendants' position.  In *Solis*, the Ninth Circuit

28  dismissed an appeal of a partial summary judgment order for lack of jurisdiction, in part, because

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ REDWOOD CITY

4865-9680-8293.5                                                    - 3 -
PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE THE REPORT AND EXCLUDE THE TESTIMONY OF
DEFENDANTS' EXPERT WITNESS BRADLEY M. KUHN

1    none of the four exceptions to the interlocutory order rule under 28 U.S.C. § 1292(a) applied.

2          Defendants here relied upon one of those four exceptions—an appeal of a preliminary

3    injunction under 28 U.S.C. § 1292(a)(1) —to obtain interlocutory review of a partial summary

4    judgment order.  *See* Supplemental Ratinoff Decl., Ex. A at 3 (Jurisdictional Statement: "The appeal

5    is from a preliminary injunction; jurisdiction lies in this Court under 28 U.S.C. § 1292(a)(1)").

6    Defendants thus cannot now argue that this Court's Summary Judgment Order remains

7    interlocutory in nature.  Accordingly, the Court should strike the Kuhn report in its entirety and

8    preclude him from testifying at any further proceedings pursuant to the law of the case doctrine.

9
        **B.      Defendants Cannot Offer Mr. Kuhn's Testimony at Trial as a Means to Seek
                  Reconsideration of the Summary Judgment Order Pursuant to FRCP 59(e)**
10

11         Besides violating the law of the case doctrine, there is no basis for Defendants to offer

12   Mr. Kuhn's testimony to justify filing a motion for reconsideration pursuant to FRCP 59(e).

13   Defendants cite to no authority that would allow a trial court to revisit a ruling pursuant to

14   FRCP 59(e) already affirmed by an appellate court.  Even if the Ninth Circuit had affirmed this

15   Court's interpretation of the Neo4j Sweden Software License, Defendants' intent to seek

16   reconsideration under Rule 56(e) based on a "manifest injustice" is untenable.  A "manifest

17   injustice" is limited to an "error in the trial court that is direct, obvious and observable, such as a

18   defendant's guilty plea that is involuntary." *Rupert v. Bond*, No. 12-CV-05292-BLF, 2015 WL

19   78739, at *4 (N.D. Cal. Jan. 6, 2015), *aff'd*, 771 F. App'x 777 (9th Cir. 2019) (internal citation and

20   quotes omitted).  None of Defendants' arguments fall within the manifest injustice prong.

21         Instead, Defendants are seeking to revisit the Court's interpretation of the Neo4j Sweden

22   Software License based on Plaintiffs "prematurely" arguing the interpretation thereof during

23   Phase 1.  Dkt. No. 186 at 5:10-16, 16:5-14.  Defendants fail to cite to any stipulation or order that

24   precluded Plaintiffs from doing so.  Further dispelling any notion of a lack of due process is the

25   fact that they had ample notice and opportunity to argue their interpretation of the Neo4j Sweden

26   Software License in opposition to Plaintiffs' motion for summary judgment during Phase 1.  After

27   Plaintiffs raised the issue in their moving papers (Dkt. No. 98 at 30:19-28), Defendants filed a

28   cross-motion/opposition (Dkt. No. 100) and an additional reply brief (Dkt. No. 112).

4865-9680-8293.5
- 4 -

1      In their cross-motion/opposition, Defendants did not object and argue that it was premature

2  for the Court to resolve the parties' dispute over the meaning of "further restrictions" as used in the

3  Neo4j Sweden Software License.[1]  *See* Dkt. No. 100 at 28:15-29:7, 30:9-16.  Nor did they argue

4  that these provisions were ambiguous and attempt to bring in extrinsic evidence in the form of an

5  expert declaration.  *See id*.  Instead, Defendants **agreed** that the Court could decide the meaning of

6  "further restrictions" within the four-corners of the Neo4j Sweden Software License on summary

7  judgment during Phase 1.  Dkt. No. 118 at 24:7-15 ("The parties agree that the truth or falsity of

8  Defendants' statements hinge on 'the interpretation of Section 7 [of the Neo4j Sweden Software

9  License], and GFI's right to remove the Commons Clause from the Neo4j Sweden Software

10  License.'")  (quoting Defendants' cross-motion).

11      The Court then considered Defendants' arguments: "Defendants argue that there is a

12  reasonable interpretation of the Neo4j Sweden Software License that permits licensees, like GFI or

13  Defendants, to remove the Commons Clause and redistribute the software under the standardized

14  AGPL license. Cross-Motion at 27-30. The Court disagrees."  *Id.* at 24:7-25:12.  There was no

15  manifest injustice in the Court deciding that issue because "[s]ummary judgment is appropriate

16  when the contract terms are clear and unambiguous, even if the parties disagree as to their

17  meaning." *United States v. King Features Ent., Inc.*, 843 F.2d 394, 398 (9th Cir. 1988); *see also*

18  *O'Neill v. United States*, 50 F.3d 677, 682 (9th Cir. 1995) ("the determination of whether contract

19  language is ambiguous is a question of law").

20      As noted above, this Court's interpretation of the Neo4j Sweden Software License was the

21  subject of extensive briefing by the parties before the Ninth Circuit.  At no point during Defendants'

22  appeal did they argue that this Court committed reversible error by interpreting the key provisions

23  of that license during Phase 1.  *See, e.g.* Supp. Ratinoff Decl., Ex. A at 3-4 (Issues Presented).  As

24  explained in Plaintiffs' moving papers—and ignored by Defendants—" [a]rguments that a court

25  was in error on the issues it considered should be directed to the court of appeals." *White v.*

26

27      ———————————

[1] The only issue subject to the parties' bifurcation agreement identified in Defendants' opposition

28  was the resolution of their unclean hands defense in Phase 2. Dkt. No. 100 at 6:21-7:4.

4865-9680-8293.5               - 5 -

1  *California*, No. 5:15-CV-03521-EJD, 2017 WL 4642571, at *1 (N.D. Cal. Oct. 17, 2017) (internal

2  quotations and citation omitted). Since Defendants lost their appeal of the exact issue they seek to

3  revisit via Mr. Kuhn's testimony, there is nothing for this Court to reconsider under Rule 59(e).

4  *See United States ex rel. Kelly v. Serco, Inc.*, 846 F.3d 325, 336 (9th Cir. 2017) (a failure to

5  challenge particular grounds for a ruling on summary judgment in opening brief on appeal waives

6  a challenge to that ruling); *see also Aquino*, 2018 WL 3845718, at *1.

7        Notwithstanding the Ninth Circuit already affirming this Court's interpretation of the Neo4j

8  Sweden Software License, Defendants ***cannot*** seek relief under FRCP 59(e) "to raise arguments or

9  present evidence for the first time ***when they could reasonably have been raised earlier in the***

10 ***litigation***." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis

11 added); *accord Interior Glass Sys., Inc. v. United States*, No. 5:13-CV-05563-EJD, 2017 WL

12 1153012, at *3 (N.D. Cal. Mar. 28, 2017) (a party "cannot prevail under Rule 59(e) with new

13 arguments or evidence it could have submitted previously, but did not"). Plaintiffs cited evidence

14 in their moving papers establishing that Defendants could have offered this otherwise inadmissible

15 evidence in opposition to Plaintiffs' prior motion for summary judgment. Dkt. No. 181 at 20:2-

16 21:6. Plaintiffs also detailed how Mr. Kuhn's "opinions" amount to arguments that this Court ***and***

17 the Ninth Circuit already considered. *See, e.g., id.* at 8:5-11:18.

18       Defendants clearly did not heed the Court's previous warning that they could not "offer up

19 successively different legal or factual theories that could have been presented in a prior request for

20 review" under the law of the case doctrine. Dkt. No. 100 at 5:16–25 (quoting *Sec. Investor Prot.*

21 *Corp. v. Vigman*, 74 F.3d 932, 937 (9th Cir. 1996)) (quotations and citations omitted). To be sure,

22 Defendants fail to explain why they were unable to offer Mr. Kuhn's testimony on summary

23 judgment or how they are arguing anything new. As previously recognized by this Court, the

24 purpose of Rule 59(e) "is not to give an unhappy litigant one additional chance to sway the judge."

25 *White*, 2017 WL 4642571, at *1 (internal citation quotation omitted; emphasis preserved). This is

26 exactly what Defendants are now attempting to do with Mr. Kuhn. Accordingly, the Court should

27 strike the Kuhn Report in its entirety and exclude Mr. Kuhn from offering testimony base thereon.

28 / / /

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ REDWOOD CITY

4865-9680-8293.5

- 6 -

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE THE REPORT AND EXCLUDE THE TESTIMONY OF
DEFENDANTS' EXPERT WITNESS BRADLEY M. KUHN

1

2

**C.      Mr. Kuhn's Opinions are Not Relevant to Plaintiffs' DMCA Claim, and Impermissibly Provide a Legal Interpretation of the Provisions in the Neo4j Sweden Software License and Mr. Suhy's Understanding Thereof**

3      Defendants further argue that Mr. Kuhn's opinions are relevant to their defense to Plaintiffs'

4      DMCA claim.  *See* Dkt. 186 at 6:9-9:14.  The premise of this argument is a misconceived notion

5      that Defendants (and Mr. Kuhn) are entitled to enforce the FSF's copyright in the underlying AGPL

6      by removing the Commons Clause as an impermissible "further restriction."  *Id.*  Defendants

7      specifically argue that "[i]f the licensor is the only person who can remove and addition [sic], as

8      the court has ruled, then the license agreement has been changed by Neo4J Sweden. But, under the

9      copyright license for the AGPL, FSF which owns the copyright, granted a license allowing only

10     verbatim copies with no changes allowed…." Dkt. No. 185 at 7:8-12.  Defendants conclude that

11     Suhy was entitled to remove the Commons Clause from the Neo4j Sweden Software License to

12     prevent "further infringement" of the FSF's copyright because Neo4j Sweden's "addition of the

13     Commons Clause is not a verbatim copy of the AGPL…." *Id.* at 7:18-8:10; *see also id.* at 8:20-9:8

14     ("Mr. Kuhn's extensive background with the license can assist the trier of fact to determine this

15     issue on whether Suhy's removal of the Commons Clause protects FSF's copyright from Neo4J

16     Sweden's infringement…."); *id.* at 8:16-19 ("Neo4J Sweden could not change the license terms

17     unless, as Mr. Kuhn states, they complied with change provisions. Kuhn Expert Report, ¶85.

18     (change the name of the license and delete the preamble).").

19     Defendants fail to expound how Mr. Kuhn's testimony on the FSF's copyright in the AGPL

20     is relevant to Plaintiffs' DMCA claim.  What is clear, however, is Defendants made the same

21     argument in opposition to Plaintiffs' motion for summary judgment during Phase 1.  Dkt. No. 100

22     at 5:23-6:3, 29:14-23 and Dkt. No. 100, Ex. A at 42-43 (Defendant's response to UDF 113).  This

23     Court then ***rejected*** "'the notion that the terms drawn from the AGPLv3, on which the Neo4j

24     Sweden Software License is based, somehow limit the rights of Neo4j Sweden to include the

25     Commons Clause or any other additional restriction in its own copyright license.'"  Dkt. No. 118

26     at 24:16-25:12, *quoting Neo4j, Inc. v. Graph Found., Inc*., No. 5:19-CV-06226-EJD, 2020 WL

27     6700480, at *4 (N.D. Cal. Nov. 13, 2020) ("Defendants argue that Plaintiffs were not permitted to

28     alter the form license agreement under the terms of the [FSF's] copyright over the form AGPLv3.

1    But whether Plaintiffs acted in accordance with the copyright covering the AGPLv3 is not at issue

2    before this Court, as Defendants are not entitled to enforce the FSF's copyright.").  Defendants thus

3    cannot use Mr. Kuhn to explain how and why Suhy believed he was preventing the infringement

4    of the FSF's copyright by removing the Commons Clause.[2]

5            Defendants also concede that they are seeking to use Mr. Kuhn's testimony to negate the

6    intent requirement of Plaintiffs' DMCA claim by explaining why Suhy understood the "further

7    restrictions" provision in Section 7 permitted him to remove the Commons Clause.  Dkt. No. 186

8    at 6:15-7:7 ("Mr. Kuhn explains the genesis and basis of the Further Restrictions clause and opines

9    that Mr. Suhy followed the permission granted in the AGPL when removing the commons

10   clause."); *id* at 13:6-9 ("Suhy relied on the standard of industry reading of the AGPL license. The

11   "you" in the further restrictions clause is the licensee, the person reading it. He did not think that

12   meant the person who uses the FSF license form. His understanding is supported by Mr. Kuhn.").

13   Defendants disregard the controlling case law cited in Plaintiffs' moving papers, which makes clear

14   that they cannot use an expert to interpret the provisions in the Neo4j Sweden Software License.

15   *See McHugh v. United Serv. Auto. Ass'n*, 164 F.3d 451, 454 (9th Cir. 1999) ("[expert] testimony

16   cannot be used to provide legal meaning or interpret the [contracts] as written."); *Dolby Labs.*

17   *Licensing Corp. v. Adobe Inc*., No. 18-CV-01553-YGR, 2019 WL 6327210, at *2 (N.D. Cal.

18   Nov. 26, 2019) ("[t]hat a dispute has arisen regarding contract interpretation does not mean that a

19   third party may offer "opinions" to support one party's interpretation"); *see also AMTAX*

20   *Holdings 279, LLC v. Montalvo Assocs., LLC,* No. 320CV02478BENAGS, 2022 WL 2784456,

21   at *4 (S.D. Cal. June 6, 2022) (rejecting argument that proposed expert testimony was helpful to

22

23   [2] Defendants also erroneously argue, "Neo4J Sweden does not own the copyright to the AGPL.
24   They cannot meet the requirements for a DCMA claim (ownership of the copyright)."  Dkt No. 186
     at 7:23-24.  Again, only Neo4j Sweden's copyright in the underlying source code subject to the
25   Neo4j Sweden Software License is relevant to Plaintiff's DMCA, not the FSF's copyright in the
26   form AGPL. *See Jacobsen v. Katzer*, 535 F.3d 1373, 1381 (Fed. Cir. 2008) ("[c]opyright holders
     who engage in open source licensing have the right to control the modification and distribution of
27   copyrighted material"); *accord Neo4j, Inc.*, 2020 WL 6700480, at *4 (citing same).
28

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ● REDWOOD CITY

4865-9680-8293.5                                          - 8 -
PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE THE REPORT AND EXCLUDE THE TESTIMONY OF
DEFENDANTS' EXPERT WITNESS BRADLEY M. KUHN

1   the trier of fact to gain pertinent factual background on the relevant portions of the disputed

2   agreements; and excluding the expert because the interpretation of the contract is a matter of law).

3          Likewise, Defendants ignore that Mr. Kuhn cannot opine on Suhy's mental state, such as

4   intent, motive, or knowledge.  *See, e.g., Tessera, Inc. v. Toshiba Corp.*, No. 15-CV-02543-BLF,

5   2019 WL 5395158, at *14 (N.D. Cal. Oct. 22, 2019) (striking portions of an expert report that

6   plaintiff's intent, motive, and state of mind because "[s]uch testimony is not appropriate expert

7   testimony"); *Arista Networks, Inc. v. Cisco Sys. Inc.*, No. 16-CV-00923-BLF, 2018 WL 8949299,

8   at *3 (N.D. Cal. June 15, 2018) (excluding expert testimony because "[e]xperts may not speculate

9   about the state of mind . . . of others").  Even Mr. Kuhn could offer such testimony, it would still

10  be irrelevant to Plaintiffs' DMCA claim because they need only prove that Suhy had reasonable

11  grounds to know that his activities would induce or enable an infringement of Neo4j Sweden's

12  copyright in Neo4j® EE.  17 U.S.C. § 1202(b)(1); *accord Mango v. BuzzFeed, Inc*., 970 F.3d 167,

13  171 (2nd Cir. 2020).  Consequently, as discussed above and in Plaintiffs' moving papers, the Court

14  should (a) strike Paragraphs 51-61, 71-75, 76-78, 79-89, 96-97, 109-110 and 112 in Mr. Kuhn's

15  report and preclude him from testifying on the legal interpretation of the Neo4j Sweden Software

16  License; and (b) strike Paragraphs 71-75, 76-78, 79-89, 96-98 and 110-112 of Mr. Kuhn's report

17  and preclude him from testifying on Suhy's state of mind in removing the Commons Clause from

18  the Neo4j Sweden Software License. *See* Dkt. No. 181 at 13:9-15:26.

19      **D.    Mr. Kuhn's Opinions are Not Relevant to Defendants' Unclean Hands
              Defense to Neo4j USA's Trademark Infringement Claims**

20

21          Defendants claim that the opinions in Paragraphs 90-98, 99-107 and 113 of the Kuhn report

22  are relevant to their unclean hands defense.  Dkt. No. 186 at 9:15-11:6.  In doing so, Defendants

23  reconfirm that this defense *only* applies to Neo4j USA's trademark infringement claims, and to

24  succeed thereon, they "must show that plaintiff used the trademark to deceive consumers."  Dkt.

25  No. 186 at 9:17-25.  None of Mr. Kuhn's opinions relate to Neo4j USA's use of the Neo4j Mark.

26  They are instead limited to interpreting the provisions of the AGPLv3 to justify Suhy's removal of

27  the Commons Clause. Thus, Mr. Kuhn's opinions are irrelevant to Defendants' unclean hands

28  defense, and as result are inadmissible. *See Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579,

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ REDWOOD CITY

4865-9680-8293.5                                                    - 9 -
PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE THE REPORT AND EXCLUDE THE TESTIMONY OF
DEFENDANTS' EXPERT WITNESS BRADLEY M. KUHN

1   590-91 (1993) ("[e]xpert testimony which does not relate to any issue in the case is not relevant

2   and, ergo, non-helpful"); *accord Daubert v. Merrell Dow Pharm., Inc*., 43 F.3d 1311, 1321 n.17

3   (9th Cir. 1995) (courts should exclude expert testimony unless it "speaks clearly and directly to an

4   issue in dispute in the case").

5        Nonetheless, Defendants try to connect *Neo4j USA's use of the Neo4j Mark* to sell software

6   based on source code licensed by Neo4j Sweden under the Neo4j Sweden Software License with

7   *Neo4j Sweden's use of the AGPL license*.  Dkt. No. 186 at 10:3-15, 11:1-6.  Their argument is

8   untenable for at least two reasons.

9        First, it is undisputed that Neo4j Sweden is the licensor of source code for Neo4j® graph

10  database software under the Neo4j Sweden Software License, and as previously recognized by the

11  Court, this license and the AGPL "are copyright licenses, not trademark licenses."  Dkt. No. 85 at

12  7:27-8:7.    Consequently, *Neo4j Sweden's* copyright-based licensing practices subject to

13  Mr. Kuhn's opinions do not bear the requisite "immediate and necessary" relationship to *Neo4j*

14  *USA's* trademark infringement claims as a matter of law.  *See S. Cal. Darts Ass'n v. Zaffina,* 762

15  F.3d 921, 932 (9th Cir. 2014); *see also Tveter v. AB Turn–O–Matic*, 633 F.2d 831, 839 (9th Cir.

16  1980) (plaintiff's use of "patent pending" in connection with trademark at issue when no patent

17  application was on file did not bar claims for trademark infringement and unfair competition).  For

18  this same reason, Mr. Kuhn's attempt to contrast Neo4j Sweden and MongoDB's respective use

19  and modification of the AGPL bears no relevancy to Neo4j USA's trademark infringement claims.

20  *See* Dkt. No. 186 at 10:7-9, 10:16-20; Kuhn Report, ¶¶ 90-99.

21       Second, as conclusively determined by this Court (and affirmed by the Ninth Circuit), Neo4j

22  Sweden did not "violate" the AGPL by adding the Commons Clause to create the Neo4j Sweden

23  Software License.  *See* Dkt. No. 118 at 22:23-28:24, *aff'd* Dkt. No. 140; *see also Neo4j, Inc. v.*

24  *Graph Found., Inc.*, 2020 WL 6700480, at *4.  Thus, even if Defendants could show an immediate

25  and necessary relationship with Neo4j USA's trademark usage and Neo4j Sweden's copyright

26  licensing practices, they still cannot show any inequitable conduct related thereto.  *See Pinkette*

27  *Clothing, Inc. v. Cosm. Warriors Ltd.*, 894 F.3d 1015, 1029 (9th Cir. 2018) ("only a showing of

28  wrongfulness, willfulness, bad faith, or gross negligence, proved by clear and convincing evidence,

1  will establish sufficient culpability for invocation of the doctrine of unclean hands.").

2        Lastly, Defendants argue that they intend to use Mr. Kuhn to establish that Neo4j Sweden

3  engaged in unclean hands because it allegedly "does not own the complete code to Neo4j, licensing

4  it to Neo4J USA with a non AGPL license is a violation of the AGPL." Dkt. No. 186 at 10:21-25,

5  13:22-14:3. Their argument is invalid since Defendants represented to the Court that they are ***not***

6  asserting an unclean hands defense to Neo4j Sweden's DMCA claim. Dkt. No. 91 at 16:20-19:7;

7  Dkt. No. 169 at 10:4-8. Even if Defendants had broadened their unclean hands defense, this theory

8  does not bear an "immediate and necessary" relationship to Neo4j Sweden's DMCA claim. The

9  only alleged DMCA violation is Defendants' unauthorized removal of CMI from 28 copies of the

10  Neo4j Sweden Software License that governed 182 source code files in Neo4j® EE. Dkt. No. 90

11  at ¶¶ 76-78, 166-173; Dkt. No. 183 at 6:18-7:4, 9:27-10:10. As confirmed by Defendants' verified

12  interrogatory response, Neo4j Sweden only released those files under the Neo4j Sweden Software

13  License. Dkt. No. 98-1, Ex. 38 at 6:23-16:24. In other words, Neo4j Sweden ***never released these***

14  ***files under the AGPL.*** Since no third party could have modified or contributed to them under the

15  AGPL, it is impossible for Neo4j Sweden to have "violated" that license as posited by Defendants.

16  The Court should therefore strike Paragraphs 90-98, 99-107 and 113 of the Kuhn Report as

17  irrelevant and inadmissible, and preclude him from testifying on the opinions disclosed therein.[3]

18  *Daubert,* 509 U.S. at 590-91; *Daubert,* 43 F.3d at 1321 n.17.

19      **E.**    **Mr. Kuhn's Personal Knowledge of FOSS Licensing and Prior Work at the**
20                  **FSF Does Not Allow Him to Opine on the Legal Interpretation of Sections 7**
                 **and 10 in the Neo4j Sweden Software License**

21        Defendants claim that Mr. Kuhn allegedly created the "Affero concept used in the AGPL"

22

---

23  [3] Even if Mr. Kuhn's opinion that Neo4j Sweden allegedly violated the AGPL was relevant, it

24  would still be inadmissible as rank speculation. *See Daubert*, 509 U.S. at 590, 597. Mr. Kuhn

25  merely posits that Neo4j Sweden may not have obtained contributor licenses from third parties that

26  authored source code used in Neo4j® software licensed under the AGPL. Mr. Kuhn does not cite

27  a single document produced by Plaintiffs in support of his opinion. *See* Kuhn Report, ¶¶ 99-107.

28  Yet, he still concludes that if Neo4j Sweden failed to obtain such licenses, its "distribution of the

Neo4j software under the Neo4j Sweden Software License is in violation of AGPLv3." *Id.*, ¶ 113.

4865-9680-8293.5         - 11 -

and "was involved in the Further Restriction Clause addition to the revised AGPL." Dkt. No. 186 at 11:10-15 (citing Kuhn Report, ¶¶ 4-28).[4]   Based on this knowledge and experience, they argue that Mr. Kuhn is qualified to interpret the "further restrictions" provision in the AGPL, and "who is the 'you' who may remove further restrictions." *Id.* at 11:16-23.  Defendants insist such testimony is admissible because this Court only reached this issue in the GFI Action "without the benefit of evidence on this ambiguous term." *Id.* 11:23-12:2.

Defendants intentionally misrepresent the procedural history in this case.   As detailed above, the parties fully litigated their respective interpretations of "further restrictions" provisions and whether Mr. Suhy could remove such restrictions ***in this case***.  *See* Dkt. No. 118 at 22:23-28:24, *aff'd* Dkt. No. 140.  Instead of arguing that these provisions in the Neo4j Sweden Software License were ambiguous, Defendants argued that the meaning of "you" could be ascertained from Section 0 of the Neo4j Sweden Software License, and that the Court could determine the meaning of "further restrictions" as used in Sections 7 and 10 on summary judgment. Dkt. No. 100 at 28:15-29:27.  Defendants are therefore judicially estopped from now taking a contrary position.  *See Rissetto v. Plumbers and Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir. 1996) (doctrine of judicial estoppel "precludes a party from gaining an advantage by taking one position, and then seeking a second advantage by taking an incompatible position").

Defendants' now-contrary position that these terms are ambiguous also does not make it so. *Wapato Heritage, L.L.C. v. United States*, 637 F.3d 1033, 1039 (9th Cir. 2011) ("[t]he fact that parties to a contract dispute its meaning does not, ipso facto, mean that the contract is ambiguous"). As recognized by this Court, the terms "you" and "further restrictions" were clearly defined in Section 0 and Sections 7 and 10, respectively.  Dkt. No. 24:19-25:18; *aff'd* Dkt. No. 140 at ¶ 3.

Defendants further argue that Mr. Kuhn should be able to testify that Suhy's removal of the

---

[4] While Mr. Kuhn may have been the author of the "Affero Clause", he does not claim to be the author of the AGPL or the further restrictions provision therein.  Instead, he claims to have been involved in the public comment process with GPLv3 that shares similar provisions with the AGPLv3.  Kuhn Report, ¶¶ 18, 23-25.

1   Commons Clause because it was "customary and permissible and even widely encouraged in the

2   field of FOSS." Dkt. No. 186 at 9:9-14, 13:10-14 (citing Kuhn Report, ¶¶ 27-75, 78). It is well-

3   established that experts cannot offer legal opinions regarding how to interpret a contract simply by

4   characterizing those opinions as being based on "custom and usage." *F.B.T. Prods., LLC v.*

5   *Aftermath Recs.*, No. CV073314PSGMANX, 2009 WL 10671243, at *7 (C.D. Cal. May 12, 2009);

6   *accord Dolby Labs*., 2019 WL 6327210, at *2. This is especially true here where the terms of the

7   Neo4j Sweden Software License are clear and unambiguous, and Mr. Kuhn's interpretation thereof

8   is clearly "attorney argument dressed in the guise of 'custom and practice.'" [5]  *See id.; see also*

9   *King Features Ent*., 843 F.2d at 398.

10         Finally, Defendants argue that Mr. Kuhn will testify that Suhy was justified in removing

11   the Commons Clause from the Neo4j Sweden Software License because "Neo4j Sweden had other

12   license options" instead of simply adding that clause to the AGPLv3. Dkt. No. 186 at 13:16-21,

13   14:4-11. Defendants unsuccessfully made the same argument in opposition to Plaintiffs' first

14   motion for summary judgment: "If Sweden did not want the Commons Clause removed, they could

15   have used a different license form. They chose to use the well-known AGPL license form and USA

16   cannot complain of the impact of the terms Sweden choose." Dkt. No. 100 at 30:9-16. The Court

17   rejected this argument. Dkt. No. 118 at 24:16-25:19. Defendants do not get second chance by

18   rebranding what amounts to attorney argument as an "expert opinion." *See F.B.T. Prods.*, 2009 WL

19   10671243, at *7; *Dolby Labs*., 2019 WL 6327210, at *2.

20         **F.      Defendants Concede that Mr. Kuhn's Opinions on Neo4j Sweden's State of**
         **Mind are Inadmissible and Should Be Excluded**
21

22         Plaintiffs argue in their moving papers that Paragraphs 96-98 and 111-112 of the Kuhn

23   Report amount to inadmissible opinions on Neo4j Sweden's alleged intent and motivation for

24   ───────────────

25   [5] Defendants cite to *Nucor Corp. v. Neb. Pub. Power Dist.*, 891 F.2d 1343 (8th Cir. 1989) to argue
    that Mr. Kuhn may testify and define "technical terms" used in a particular industry. *See* Dkt.
26   No. 186 at 12:16-25. That case is not controlling and conflicts with overriding principle that the
    language of the contract governs its interpretation where it is clear and explicit. *See F.B.T. Prods.,*
27   *LLC v. Aftermath Records*, 621 F.3d 958, 963 (9th Cir. 2010); *see also McHugh*, 164 F.3d at 454.

28

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ REDWOOD CITY

4865-9680-8293.5

- 13 -

adding the Commons Clause to the AGPLv3.  Dkt. No. 181 at 14:19-25.  Defendants concede this point and indicate that they "have no issue" with striking those paragraphs. Dkt. No. 186 at 14:19-25.  The Court should thus do so and exclude him from testifying on all matters pertaining to Neo4j Sweden's state of mind at the time it drafted the Neo4j Sweden Software License.

### G.    Defendants Fail to Address Mr. Kuhn's Reliance on Inadmissible Hearsay

Plaintiffs' moving papers identify specific instances where Mr. Kuhn's opinions rely on inadmissible hearsay consisting of his internal discussions with unnamed "staff and Board members of the FSF" persons at the FSF, including "the GPLv3 drafters themselves", as well as comments from anonymous persons during that drafting process of the GPLv3.  *See* Dkt. No. 181 at 17:10-18:10.  Defendants' opposition does not substantively address these infirmities and Mr. Kuhn's impermissible attempt to attempt to speak on behalf of the FSF. Dkt. No. 186 at 15:2-5.  Defendants simply conclude that "[u]nder FRE § 702, evidence which supports an opinion need not be admissible."  *Id.*  Their failure to explain how Mr. Kuhn's testimony would be admissible ***under FRE 703*** as the kind reasonably relied on to form opinions in the field warrants striking Paragraphs 18, 23-24, 26, 44-48, 52-56, 58 and 81 of the Kuhn Report. *See United States v. Shafi*, No. 15-CR-00582-WHO-1, 2018 WL 3159769, at \*5 (N.D. Cal. June 28, 2018).

### H.    Defendants Confirm Mr. Kuhn is an Advocate, Not an Expert, Rendering His Opinions Inadmissible Under *Daubert* and Federal Rule of Evidence 403

Defendants insist that Mr. Kuhn is an independent expert, while simultaneously admitting in a heading of their brief that Mr. Kuhn "is advocating for open source software."  Dkt. No. 186 at 15:6-9.  Defendants then argue only court-appointed experts are not allowed to be advocates for the party.  This ignores that under *Daubert* and FRE 403 and that courts may exclude an expert ***retained by a party*** where that expert is engaging in what amounts to lawyerly advocacy.  *See Daubert*, 509 U.S. at 595; *see also Kamakahi v. Am. Soc'y for Reprod. Med.*, 305 F.R.D. 164, 176 (N.D. Cal. 2015) (noting objection is appropriate "[w]here an 'expert report' amounts to written advocacy ... akin to a supplemental brief") (quotation marks omitted); *Ambrosia v. Cogent Commc'ns, Inc.*, 312 F.R.D. 544, 549 fn 3 (N.D. Cal. 2016) (excluding expert report that was "clearly is advocacy couched as expert opinion") (citing same).

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ REDWOOD CITY

4865-9680-8293.5

- 14 -

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE THE REPORT AND EXCLUDE THE TESTIMONY OF DEFENDANTS' EXPERT WITNESS BRADLEY M. KUHN

1    Defendants also fail to reconcile that Mr. Kuhn's opinions parrot the same legal arguments

2    Defendants made in opposition to Plaintiffs' motion for summary judgment and unsuccessful

3    appeal of the Court's order granting that motion.  Mr. Kuhn's arm-chair lawyering is also readily

4    apparent in his public criticism of the Ninth Circuit affirming this Court's findings that the Neo4j

5    Sweden Software License does not authorize downstream licensees to remove restrictions imposed

6    by the original licensor. Dkt. No. 181-1, Exs. 10-11. Mr. Kuhn is admittedly not a legal expert,

7    which reduces his report to the personal opinions of a self-described "FOSS activist."  *See* Kuhn

8    Report, ¶¶ 34, 74; *see also* Dkt. No. 181-1, Exs. 10-11. And the Ninth Circuit has stated that the

9    personal opinions of an expert witness are "inadmissible as a matter of law under [Federal] Rule

10   [of Evidence] 702." *Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 861 (9th Cir. 2014).

11   **III.    CONCLUSION**

12          For the reasons discussed above and in Plaintiffs' moving papers, the Court should strike

13   the Kuhn Report and preclude Mr. Kuhn from testifying on the opinions disclosed therein pursuant

14   to FRE 702, FRE 703 and *Daubert* because they are unreliable, irrelevant and not within the proper

15   scope of expert testimony.  The Court should also exclude them under FRE 403 because they will

16   only confuse the issues and will waste the time and resources of the Court, the jury, and the parties.

17   Plaintiffs also respectfully request that the Court exclude Mr. Kuhn's report to the extent that

18   Defendants cite to and rely upon it in opposition to Defendants' motion for summary judgment.

19   *See, e.g.,* Dkt. No. 188 at 11:18-13:19, 14:12-15:16, 16:12-25, 17:9-19:6, 19:20-20:23.

20   Dated:  June 5, 2023                    HOPKINS & CARLEY
                                             A Law Corporation
21

22                                           By: */s/ Jeffrey M. Ratinoff*
                                                John V. Picone III
23                                              Jeffrey M. Ratinoff
                                                Arthur E. Rothrock
24                                              Attorneys for Plaintiffs and Counter-
                                                Defendants
25                                              NEO4J, INC., NEO4J SWEDEN AB

26

27

28

4865-9680-8293.5                                   - 15 -
PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO STRIKE THE REPORT AND EXCLUDE THE TESTIMONY OF
DEFENDANTS' EXPERT WITNESS BRADLEY M. KUHN