**EXHIBIT A**

No. 21-16029

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

NEO4J, INC., et al.,

*Plaintiff and Appellee,*

v.

PURETHINK, LLC, et al.,

*Defendant and Appellant.*

---

Appeal From a Judgment of the United States District Court
For the Northern District of California
Hon. Edward J. Davila
United States District Judge
N. D. Cal. No. 5:18-cv-07182 EJD

---

## APPELLANTS' OPENING BRIEF

---

ADRON W. BEENE, CA Bar # 129040
ADRON G. BEENE, CA Bar # 298088
1754 Technology Drive, Ste. 228
San Jose, CA 95110
Tel.: (408) 392-9233
Fax: (866) 329-0453
adron@adronlaw.com

Joseph A. Hearst, CA Bar # 130286
1569 Solano Ave. #525
Berkeley, CA 94707
Telephone: (510) 528-6863
Facsimile: (510) 280-2556
jahearst@pacbell.net

Attorneys for defendants, cross-complainants and appellants John Mark Mr. Suhy, PureThink,LLC and iGov, Inc.

software and sometimes on commercial versions, as well as the scope of defendants' undisputed right to use and describe the open-source versions of Neo4j. This complexity is especially apparent with respect to the question whether defendants engaged in nominative fair use of the mark to describe their own use of the open-source versions of the software. The court should have denied the summary judgment and should not have enjoined defendants based upon that summary judgment.

## II. JURISDICTIONAL STATEMENT

This is an action brought under the Lanham Act and federal copyright statutes. The court had federal question jurisdiction pursuant to 28 U.S.C. § 1331. The court had pendent jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

The appeal is from a preliminary injunction; jurisdiction lies in this Court under 28 U.S.C. § 1292(a)(1). The appeal was filed within 30 days of entry of the preliminary injunction and is timely under Rule 4, Fed. Rules App. Proc. *See* 9-ER-2160.

## III. ISSUES PRESENTED

1. Where the evidence shows that a non-exclusive licensee has registered a trademark, but the actual owner of the mark does not control the use of the mark, does the licensee have standing to assert trademark infringement?

3

2. Where the authors of a "fork" of open-source software use the trademark identifying the core of that software to describe their own fork, does the use of the trademark constitute nominative fair use?

3. Where authors of a fork of software describe the fork as an open-source version of named commercial software which also has open-source versions, is there consumer confusion that would justify an injunction against the use of the name that describes both the open-source and commercial versions?

4. Does a description of an open-source fork stating that it uses open source versions of named software and that the products with which defendants worked were drop in replacements for the commercial version mislead consumers, where it is undisputed that defendants' fork *was* based upon open-source versions of the named software and that the products with which defendants worked could run queries just as the commercial version of the software did?

## IV. STATEMENT OF THE CASE

Neo4j USA commenced this action in November 2018. Neo4j Sweden later joined in the copyright cause of action. They filed their third amended complaint ("TAC"), the operative complaint in this appeal, in September 2020. The TAC states claims for trademark infringement under 15 U.S.C. § 1114 (Lanham Act § 32), false designation of origin and false advertising under 15 U.S.C. § 1125(a)

4

of consumer confusion. For that reason, the court should not have held defendants liable for false designation of origin.

## VII. ARGUMENT

### A. Standard Of Review.

> A grant of summary judgment is reviewed de novo. We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. … The court must not weigh the evidence or determine the truth of the matter but only determine whether there is a genuine issue for trial.

*MAI Systems Corp. v. Peak Computing, Inc.*, 991 F.2d 511, 516 (9th Cir. 1993). "Because of the intensely factual nature of trademark disputes, summary judgment is generally disfavored in the trademark arena." *Interstellar Starship Servs, Ltd. v. Epix Inc.*, 184 F.3d 1107, 1109 (9th Cir. 1999).

This Court usually reviews a preliminary injunction under an abuse of discretion standard, which means that it reviews questions of law *de novo* and determinations of fact under the clearly erroneous standard. *E.g.*, *Pom Wonderful LLC v. Hubbard*, 775 F.3d 1118, 1123 (9th Cir. 2014). In this instance, however, the court's preliminary injunction is "inextricably bound up" with its legal resolution of the summary judgment; this Court therefore exercises plenary review. *MAI Systems*, 991 F.2d at 516.

17

*Sleekcraft*. This Court should therefore remand for a determination of the likelihood of consumer confusion under *Sleekcraft*.

## VIII. CONCLUSION

For the foregoing reasons this Court should reverse the summary judgment entered against appellants and vacate the preliminary injunction based upon it, with a remand to the district court to set the issues for trial.

Respectfully submitted,

Dated: August 16, 2021    _____/s/_____
                          Joseph A. Hearst

                          Counsel for Appellants John
                          Mark Mr. Suhy, PureThink, LLC
                          And iGov, Inc.

47