John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Bar No. 197241
jratinoff@hopkinscarley.com
Arthur E. Rothrock, Bar No. 312704
arothrock@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA 95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:  (408) 286-9800
Facsimile:  (408) 998-4790

Attorneys for Plaintiffs and Counter-Defendants
NEO4J, INC. and NEO4J SWEDEN AB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, NEO4J SWEDEN, AB,<br><br>Plaintiffs,<br><br>v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO. 5:18-cv-07182-EJD<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE REGARDING DEFENDANTS' UNCLEAN HANDS DEFENSE**<br><br>Date:  October 12, 2023<br>Time:  11:00 a.m.<br>Dept.:  Courtroom 4, 5th Floor<br>Judge:  Hon. Edward J. Davila |

PLAINTIFFS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE REGARDING DEFENDANTS' UNCLEAN HANDS DEFENSE
CASE NO. 5:18-CV-07182-EJD

Plaintiffs Neo4j, Inc. and Neo4j Sweden AB (collectively "Plaintiffs") file this Motion in Limine No. 1 to Exclude Evidence Regarding Defendants' Unclean Hands Defense pursuant to Federal Rules of Evidence 402, 403 and 404.

## I. INTRODUCTION

Absent the Court granting summary judgment in favor of Plaintiffs on Defendants' unclean hands affirmative defense (Dkt. No. 183), Defendants intend to proceed at trial with that defense. However, much of the evidence Defendants intend to present is immaterial and irrelevant. Defendants also indicated they intend to present evidence of Neo4j USA's alleged fraud before the PTO. Since this "evidence" is identical to the facts underlying their cancelation counterclaim and defense that the Court dismissed with prejudice, Defendants cannot reassert them as unclean hands.

## II. PROCEDURAL BACKGROUND

Neo4j USA filed suit against PureThink LLC for its breaches of the confidentiality and trademark licensing provisions in the Neo4j Solutions Partner Agreement ("SPA"), which the parties had entered into in September 2014 and was terminated for cause by Neo4j USA in July 2017. *See* Dkt. No. 90 at ¶¶ 29-38, 134-147. Neo4j USA also asserted claims against Defendants based on their subsequent violations of the Lanham Act and California's Unfair Competition Law, Cal. Bus. Prof. Code §§ 17200 et seq. ("UCL"). These violations included infringing Neo4j USA's federally registered Neo4j mark in the promotion of their "Neo4j for Government Packages" dating back to November 2017 and a pirated version of Neo4j® EE software they called ONgDB. *See* Dkt. No. 90 at ¶¶ 41-75, 99-111. Defendants' violations also included the falsely advertising ONgDB as a "free and open" version of Neo4j® EE and a drop-in replacement for the same after releasing that software in July 2018. *See id.* at ¶¶ 55-75, 112-133.

In addition, Plaintiffs asserted a claim under 17 U.S.C. § 1202(b) of the Digital Millennium Copyright Act (DMCA). *See* Dkt. No. 90 at ¶¶ 76-78, 166-173. This claim is based on Defendants' unauthorized removal and alteration of the commercial restrictions and Neo4j Sweden's other copyright management information (CMI) from the software license governing the source code for Neo4j® EE v3.4 and Neo4j® EE v3.5. *Id.* Defendants then redistributed that source code containing the DMCA violations as the aforementioned ONgDB software.

4895-8190-0405.4

PLAINTIFFS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE REGARDING DEFENDANTS' UNCLEAN HANDS DEFENSE
CASE NO. 5:18-CV-07182-EJD

Defendants assert an unclean hands defense to Neo4j USA's Lanham Act and UCL claims, as well as Neo4j USA's breach contract claim.[1]  *See* Dkt. No. 91 at 16:20-19:7.  They do not assert this defense in response to Plaintiffs' DMCA claim.  *See* Dkt. No. 169 at 10:4-8 ("[t]he unclean hands defense applies to the breach of [the SPA] and the trademark claims").

Neo4j USA sought partial summary judgment on its Lanham Act and UCL claims during Phase 1 of this action, while reserving the issue of damages for trial after Phase 2.  Despite asserting their unclean hands defense in response to these claims, Defendants also deferred a determination of the applicability of that defense until Phase 2.  *See* Dkt. Nos. 66, 68 and 82.

The Court granted summary judgment in favor of Plaintiffs on all issues of liability pertaining to their Lanham Act and UCL claims and issued a Preliminary Injunction against Defendants prohibiting more unlawful conduct.  Dkt. No. 118.  After Defendants appealed the Court's order, the Ninth Circuit and affirmed the Court's rulings. Dkt. Nos. 140-141.

At the conclusion of Phase 2, Plaintiffs filed a motion for partial summary judgment on their DMCA claim, as well as on Defendants' breach of exclusivity contract claim and unclean hands defense.  Dkt. No. 183.  With respect to the latter, Plaintiffs argued that the none of Neo4j USA's alleged bad acts bear any substantive relationship to its Lanham Act and UCL claims since the alleged bad acts relate to Neo4j Sweden's copyright licensing practices, and not Neo4j USA's acquisition or use of the Neo4j Mark. *Id.* at 16:17-20:16.  Neo4j USA's alleged bad acts also occurred in 2017, predating the Defendants' subsequent Lanham Act violations.  Defendants also could not establish by clear and convincing evidence that Neo4j USA engaged in any inequitable conduct.  Plaintiffs' motion is currently under submission thus necessitating the present motion.

## III. DEFENDANTS' EVOLVING UNCLEAN HANDS DEFENSE

In their operative answer, Defendants allege Neo4j USA engaged in "unlawful" licensing practices by "attempting to improperly use a dual licensing practice having a commercial version controlled by plaintiff and an open source software licensed under [the GPL]."  Dkt. No. 91 at

---

[1] The parties have reached a further agreement to dismiss certain ancillary claims. This includes Neo4j USA's breach of contract claim, which is duplicative of its Lanham Act claims.

4895-8190-0405.4   - 2 -
PLAINTIFFS' MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE REGARDING DEFENDANTS' UNCLEAN HANDS DEFENSE
CASE NO. 5:18-CV-07182-EJD

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

1    16:21-24, 17:16-19.  They cite to Neo4j USA and PureThink's dispute over whether the IRS needed
2    to purchase a commercial license for Neo4j® EE rather than use that software under the AGPL
3    license as evidence thereof.  *Id.*, 16:23-17:16.  Defendants then conclude that "plaintiff [could] not
4    lawfully operate a dual license model since the open source is based on GPL or AGPL, plaintiff
5    resorts to sharp and false practices with customers (lying about the difference between the
6    commercial versions and open source version) attempting to restrict partners from supporting the
7    open source Neo4j version with unlawful restrictions and interfering in attempts to use open source
8    Neo4j software."  *Id*. at 18:4-12.

9    After the close of fact discovery and well after the time to amend pleadings had passed,
10   Defendants improperly attempted to expand the factual basis for their unclean hands defense in
11   opposition to Plaintiffs' summary judgment motion.  Defendants accused Neo4j Sweden of acting
12   with unclean hands despite the fact that none of the claims subject to the defense were brought by
13   Neo4j Sweden.  Dkt. No. 188 at 3:11-12 ("[t]here is clear evidence that Neo4j USA and Neo4J
14   Sweden has acted with unclean hands").  Defendants then sought to impute Neo4j Sweden's alleged
15   improper licensing practices of the copyrights for the source code used in software bearing the
16   Neo4j® Mark.  *Id.* at 3:13-4:25, 5:23- 17:20-20:23.  This included using a "dual license" model
17   with the GPL and APGL, and **Neo4j Sweden**'s alleged violation of the Free Software Foundation's
18   copyright in the form AGPL license by adding the Commons Clause.  *Id.* at 5:22-6:20, 17:20-20:23.
19   Defendants further asserted "Neo4j Sweden had other license options" instead of simply adding the
20   Commons Clause to the AGPL.  Opp. at 19:20-20:3, 20:12-23.

21   Finally, Defendants argued that Neo4j USA's unclean hands included "misrepresentations
22   of time of use, ownership of trademark and failure to correct those misrepresentations is unclean
23   hands under the PTO's standards."  Dkt. No. 188 at 19:16-19; *see also id.* at 7:9-17, 21:5-6.  In
24   particular, Neo4j USA allegedly concealed from the PTO the fact that Neo4j Sweden had licensed
25   the Neo4j Mark to Neo4j USA on a nonexclusive basis. *Id*. at 7:10-13. It also allegedly misstated
26   the date it first used the mark in commerce in the application. *Id*. Defendants then asserted for the
27   first time that when these alleged misstatements were raised in Defendants' cross-motion for
28   summary judgment during Phase 1, Neo4j had an obligation to inform the PTO. *Id.* at 7:13-16.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

## IV. ARGUMENT

### A. Applicable Legal Standards

Federal Rule of Evidence 402 provides that evidence, which is not relevant, is not admissible. Fed. R. Evid. 402; *United States v. Schaff*, 948 F.2d 501 (9th Cir. 1991). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. Federal Rule of Evidence 403 authorizes the exclusion of relevant evidence when its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See* Fed. R. Evid. 403

Generally, evidence of dismissed claims is no longer relevant and should be excluded from trial pursuant to Rules 402 and 403. *See, e.g., Astudillo v. Cnty. of Los Angeles,* No. CV 03-4719 ABC (MCX), 2005 WL 5957822, at *3 (C.D. Cal. Apr. 18, 2005) (granting motion in limine to exclude evidence of dismissed claims); *Miranda v. U.S. Sec. Assocs., Inc.*, No. 18-CV-00734-LHK, 2019 WL 2929966, at *3 (N.D. Cal. July 8, 2019) (excluding all evidence contradicting the court's finding on summary judgment). Presenting evidence on testimony on issues resolved via a dispositive motion has "no probative value, and would merely waste time" at trial. *Magadia v. Wal-Mart Assocs., Inc.*, 2018 WL 6003376, at *2 (N.D. Cal. Nov. 15, 2018).

### B. The Court Should Exclude Evidence that Does Not Bear an Immediate and Necessary Relationship to Neo4j USA's Lanham Act Claims

To prevail on their unclean defense, Defendants must prove that Neo4j USA's allege bad conduct bears "an immediate and necessary relation" to the subject matter of the Lanham Act claims. *S. Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 932 (9th Cir. 2014); *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir. 1987). As detailed above, Defendants' unclean hands defense is based on Neo4j Sweden's dual licensing of Neo4j® EE under the GPL and AGPL, and the later addition of the Commons Clause to the AGPL in creating the Neo4j Sweden Software License. As previously recognized by the Court these licenses "are copyright licenses, not trademark licenses." Dkt. No. 85 at 7:27-8:7. It is undisputed that Neo4j Sweden rather than Neo4j

USA owned the copyright to Neo4j® EE and was licensor thereof at all relevant times. **Neo4j Sweden's** copyright-based licensing practices simply have no bearing on **Neo4j USA's** use of its trademark. Defendants conceded as much when the confirmed that their unclean hands defense is not asserted against the copyright-based DMCA claim. Consequently, the Court should exclude all evidence and testimony relating thereto as being immaterial and irrelevant to Defendants' unclean hands defense as applied to Neo4j USA's Lanham Act and UCL claims.

    **C.    The Court Should Preclude Defendants from Offering Evidence of Neo4j USA's Alleged Misrepresentations to the USPTO in Support of their Unclean Hands Defense**

Defendants inexplicably seek to recast their cancellation/fraud on the USPTO defense based on Neo4j USA falsely claiming a date of first use prior to its incorporation as unclean hands. As Defendants previously conceded, however, that theory was not viable as a matter of law because prior to and at the time of filing, the Neo4j® Mark was indisputably used in commerce by Neo4j USA. *See* Dkt. No. 60 at 10:11-11:24; Dkt. No. 63 at 3:7-25. As a result, the Court granted Plaintiffs' motion for judgment on the pleadings and dismissed that defense **with prejudice**. Dkt. No. 70 at 8:4-18. When Defendants subsequently sought to re-raise this same defense in their operative answer (Dkt. No. 91), the Court struck the defense **with prejudice again** and unequivocally stated "Defendants are not permitted to reassert **any affirmative defense** or counterclaim in this action based on the cancellation or abandonment theories asserted in the stricken defenses." Dkt. No. 110 at 5:16-6:4 (emphasis added). Thus, Defendants' attempt to assert the same facts in support of their unclean hands defense is in direct violation of the Court's order.

Similarly, the issue of whether Neo4j USA misrepresented to the PTO that it was the owner of the trademark rights to the Neo4j® Mark in the United States was conclusively resolved during Phase 1 on summary judgment. Relying on the same intercompany license between Neo4j Sweden and Neo4j USA, Defendants asserted the same facts and argument in their opposition and cross-motion that they are now asserting amount to unclean hands. *Compare* Dkt. No. 100 at 7:13-8:2, 12:13-14:9 *and* Dkt. No. 188 at 7:10-16, 19:16-19. In granting summary judgment on Neo4j USA's Lanham Act claims, the Court provided a detailed legal and factual analysis to reach the conclusion that Neo4j USA was the owner of the Neo4j Mark at the time of registration. Dkt. No. 118 at

11:16-12:26, 13:18-18:1 *aff'd* Dkt. Nos. 140-141. Accordingly, Neo4j USA neither could have engage in any inequitable conduct at the time of registration nor violated any subsequent obligation to inform the USPTO in relation to its ownership of the Neo4j Mark.

Since Defendants filed an interlocutory appeal, the resulting affirmation of that ruling is now the law of the case. *See Herrington v. County of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993) ("[t]he law of the case doctrine states that the decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case") (internal quotations omitted); *accord Aquino v. Cnty. of Monterey Sheriff's Dep't*, No. 5:14-CV-03387-EJD, 2018 WL 3845718, at *1 (N.D. Cal. Aug. 12, 2018) (citing same). Consequently, Defendants cannot reargue this under the guise of an unclean hands defense. *See Bob Barker Co. v. Ferguson Safety Prods., Inc.,* 2007 WL 4554012, at *1 (N.D. Cal. Dec. 4, 2007) (granting motion in limine "to disregard evidence probative of breach as it relates to issues already decided on summary judgment"); *Empress LLC v. City & Cty. of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005). The Court should therefore preclude Defendants from offering any testimony, evidence or argument at trial that Neo4j USA made false and misleading statements to the USPTO or that Neo4j USA is not the owner of the Neo4j Mark.

## V.     CONCLUSION

In light of the foregoing, the Court should exclude all evidence that does not bear an immediate and necessary relationship to the subject matter of Neo4j USA's Lanham Act and UCL claims. The Court should also preclude Defendants from re-raising their meritless fraud/cancelation defense as unclean hands as previously ordered.

Dated:  September 8, 2023                    HOPKINS & CARLEY
                                             A Law Corporation


                                             By: */s/ Jeffrey M. Ratinoff*
                                                 Jeffrey M. Ratinoff
                                                 Attorneys for Plaintiffs and
                                                 Counter-Defendants
                                                 NEO4J, INC. and NEO4J SWEDEN AB