John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Bar No. 197241
jratinoff@hopkinscarley.com
Arthur E. Rothrock, Bar No. 312704
arothrock@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:     (408) 286-9800
Facsimile:      (408) 998-4790

Attorneys for Plaintiffs and Counter-Defendants
NEO4J, INC. and NEO4J SWEDEN AB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, NEO4J SWEDEN, AB,<br><br>Plaintiffs,<br><br>v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO.  5:18-cv-07182-EJD<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE RELATING TO DEFENDANTS' NOW-DISMISSED INTENTIONAL INTERFERENCE CLAIMS**<br><br>Date:      October 12, 2023<br>Time:     11:00 a.m.<br>Dept.:     Courtroom 4, 5th Floor<br>Judge:    Hon. Edward J. Davila |

Plaintiffs Neo4j, Inc. and Neo4j Sweden AB (collectively "Plaintiffs") file this Motion in Limine No. 2 to Exclude Evidence Regarding Defendants' Intentional Interference Claims pursuant to Federal Rule of Evidence 402 and 403.

## I. INTRODUCTION

Defendants recently revealed in opposition to Plaintiffs' motion for summary judgment that they intend to use the same meritless arguments and evidence that supported their now-dismissed Intentional Interference with Prospective Economic Advantage (IIPEA) counterclaim to bolster their unclean hands defense and breach of exclusivity contract counterclaims. By stipulating to the dismissal of their IIPEA claim with prejudice, Defendants confirmed that arguments and evidence purporting to establish that Neo4j USA interfered with their economic relationships with potential customers were meritless and thus rendered irrelevant. This is especially true with the Internal Revenue Service (IRS) where Defendants acknowledged that Neo4j USA had a constitutional right to file an official protest of its intent to award PureThink a $1.3 million sole-source support contract for its CKGE platform. Such argument and evidence no longer has any probative value as Defendants conceded this was not improper. The Court should thus preclude them from making the same arguments and offering the same evidence as it would be a waste of judicial resources.

## II. PROCEDURAL BACKGROUND

On June 4, 2020, Defendants filed their Second Amended Counterclaim ("SACC"), which continued to maintain a First Cause of Action for IIPEA against Neo4j USA. *See* Dkt. No. 72. In support of that claim, Defendants alleged that Neo4j USA told the IRS and over 20 other potential government customers "PureThink was terminated as a solution partner and could not support open source versions of Neo4j for a period of 36 months following termination." *Id.*, ¶¶ 23-24, 27. Neo4j USA based these statements on Section 4.3.2 of the Partner Agreement, which PureThink voluntarily consented to its restrictions when it became a partner-reseller with Neo4j USA. *Id.* at ¶¶ 13, 22-34. On January 6, 2023, the Court issued its order granting, in part, Plaintiffs' motion for judgment on the pleadings on Defendants' IIPEA claim. Dkt. No. 168.

Defendants filed their Third Amended Counterclaim, narrowing down their IIPEA to a single prospective economic relationship with the IRS. Dkt. No. 171 ("TACC"). In particular,

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

4886-6308-8502.2

PLAINTIFFS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE RELATING TO DEFENDANTS' NOW-DISMISSED INTENTIONAL INTERFERENCE CLAIMS                              CASE NO. 5:18-CV-07182-EJD

Defendants alleged that PureThink had a potential economic relationship with the IRS when it invited PureThink to provide a quote for a new 1-year professional services contract with four additional 1-year options for a potential total value of $1.1 million on July 27, 2017. *See id.*, ¶ 23. These services were for development and support of the CDW Knowledge Graph Environment ("CKGE") at the IRS, which was using an open source version of Neo4j® EE software as its main component. *See id.* On July 31, 2017, PureThink provided this quote to the IRS. *Id.* On September 5, 2017, the IRS posted a public notice of its intent to award a sole-source purchase order to PureThink based on that quote ("CKGE Contract"). *Id.*

Defendants alleged that Neo4j USA interfered "with PureThink's $1,100,000 potential contract" when it sent a July 11, 2017 email that PureThink was terminated as a solution partner and could not support open source versions of Neo4j for a period of 36 months following termination." TACC, ¶¶ 25-26 and Ex. D at p. 2. Defendants also identified a second email sent by Neo4j USA to the IRS on July 17, 2017, which "stated that until Neo receives such a purchase order, please be advised the IRS does not have a license to use the Government edition or Enterprise edition of Neo4j." *See* TACC, ¶ 27. Defendants asserted this was a false statement because the IRS already had a license for Neo4j® EE under the AGPL. *See id.* In the July 17, 2017 email, Neo4j USA also told the IRS that PureThink and iGov where prohibited from supporting open source Neo4j® software. *See* TACC, ¶ 28. Defendants alleged this was a false statement because iGov was not subject to such restrictions in the Partner Agreement and the restrictions against PureThink "were void under Business and Professions Code §16600." *See id.* It was also allegedly false because Plaintiffs had yet to add the Commons Clause to the license for Neo4j® EE. *See id.*

On September 19, 2017, Neo4j USA filed a Pre-Award Protest with the IRS on the basis that the IRS should not have awarded the CKGE Contract to PureThink on a sole source basis. TACC, ¶ 30; Dkt. No. 172-1, Ex. 3 at p. 3. Defendants alleged that this statement was not true because Neo4j USA is not the original developer of and does not own the copyright for Neo4j® software. *See* TACC, ¶¶ 30-31. Defendants also alleged that Neo4j USA made false statements in the Pre-Award Protest that PureThink was not authorized to provide the solicited open source Neo4j® software and related support services. TACC, ¶ 32; Dkt. No. 172-1, Ex. 3 at p. 2.

Defendants alleged that Neo4j USA's "other wrongful conduct" included (1) terminating the Partner Agreement because PureThink "would not lie to the IRS and tell them they could not use the free open source version" of Neo4j® software; (2) using the restrictions in Section 4.3.2 to prevent PureThink from providing support to the IRS; and (3) falsely claiming that Neo4j USA owned the copyright in Neo4j® software and threatening to "enforce it against the IRS if they went with PureThink and used the open source version of [Neo4j®] software." *Id.*, ¶¶ 40-41.

Finally, Defendants alleged that the statements made by Neo4j USA in the July 11 and 17, 2017 emails, as well as the September 19, 2017 Pre-Award Protest caused the IRS to not award the sole-source professional services contract to PureThink. TACC, ¶ 44. As a result, Defendants claimed to have lost $1.1 million in expected profits. *See id.*, ¶¶ 45-46. Defendants also concluded that they lost unspecified "future business," but fail to alleged any facts identifying such lost opportunities or explaining how Neo4j USA was the proximate cause thereof. *See id.*

Plaintiffs filed a motion to dismiss Defendants' IIPEA counterclaim on the grounds that Defendants failed to plead facts establishing that Section 4.3.2's restrictions amounted to an antitrust violation as required by controlling precedent. Dkt. No. 172 at 14:3-18:21. Plaintiffs also argued that the July 11 and July 17, 2017 emails were not the proximate cause for the IRS canceling the pending award to PureThink since IRS posting a notice of intent to award that contract ***over a month after*** Neo4j sent these emails. *See id.*

Defendants also could not rely on Neo4j USA's September 19, 2017 Pre-Award Protest as the proximate cause for the IRS canceling the award. *See* Dkt. No. 172 at 19:10-21:11. It was unreasonable to conclude that the same statements previously made in the July 11 and July 17, 2017 emails would later cause the IRS to change its mind. *See id.* The other alleged false statements in that protest, including that Neo4j USA would enforce that copyright against the IRS if they used open source Neo4j® software, also could not have been the reason for the cancellation. *See id.* This is because Defendants alleged that the "IRS continued to use the open source version of [Neo4j® software]" after it canceled the award to PureThink. *See id.* at 20:3-12 (quoting TACC, ¶¶ 30-31, 41.

/ / /

4886-6308-8502.2 - 3 -
PLAINTIFFS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE RELATING TO DEFENDANTS' NOW-DISMISSED INTENTIONAL INTERFERENCE CLAIMS                                                                                          CASE NO. 5:18-CV-07182-EJD

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

More importantly, *none* of the statements communicated by Neo4j USA to the IRS supported Defendants' IIPEA claim as a matter of law. Neo4j USA's Pre-Award Protest was based on the IRS failing to comply with sole-source requirements under Federal Acquisition Regulations. *See* Dkt No. 172 at 20:3-21:11; Dkt. No. 172-1, Ex. 3, p. 2. As result, Neo4j USA had an absolute First Amendment right to petition the federal government under the *Noerr–Pennington* doctrine. *See Octane Fitness, LLC v. ICON Health & Fitness, Inc.,* 572 U.S. 545, 555–56 (2014) (under the *Noerr–Pennington* doctrine "defendants are immune from antitrust liability for engaging in conduct … aimed at influencing decision making by the government").

Rather than oppose the motion to dismiss, Defendants stipulated to the dismissal of the IIPEA counterclaim with prejudice and that Plaintiffs were the prevailing party with respect to that claim. *See* Dkt. Nos. 175 and 176. Defendants also agreed that they would not add any additional allegations to their operative counterclaim as the time for amending pleadings had long since passed. *Id.* In doing so, Defendants effectively acknowledged the merits of the *Noerr–Pennington* doctrine insulating Neo4j USA's protest with the IRS and that Neo4j USA did not engage in any wrongful conduct with respect to Defendants' alleged loss of the $1.3 million IRS contract. *Id.*

### III.    ARGUMENT

#### A.    The Court Should Preclude Defendants from Offering Argument and Evidence Pertaining to Their Failed IIPEA Claim as Irrelevant and a Waste of Time and Judicial Resources

Federal Rule of Evidence 402 provides that evidence, which is not relevant, is not admissible. Fed. R. Evid. 402; *United States v. Schaff*, 948 F.2d 501 (9th Cir. 1991). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. Generally, evidence of dismissed claims is no longer relevant and should be excluded from trial. *See, e.g., Astudillo v. Cnty. of Los Angeles,* No. CV 03-4719 ABC (MCX), 2005 WL 5957822, at *3 (C.D. Cal. Apr. 18, 2005) (granting motion in limine to exclude evidence of dismissed claims); *Miranda v. U.S. Sec. Assocs., Inc.*, No. 18-CV-00734-LHK, 2019 WL 2929966, at *3 (N.D. Cal. July 8, 2019) (excluding all evidence contradicting the court's finding on summary judgment). Presenting evidence on testimony on issues resolved via dispositive motion

has "no probative value, and would merely waste time" at trial. *Magadia v. Wal-Mart Assocs., Inc.*, 2018 WL 6003376, at *2 (N.D. Cal. Nov. 15, 2018). Such is the case with respect to the allegations and evidence supporting Defendants' IIPEA claim.

Federal Rule of Evidence 403 authorizes the exclusion of relevant evidence when its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See* Fed. R. Evid. 403; *see also Old Chief v. United States*, 519 U.S. 172, 180 (1997). The Ninth Circuit recognizes that trial courts have "very broad discretion in applying Rule 403 and absent abuse, the exercise of its discretion will not be disturbed on appeal." *Liew v. Official Receiver and Liquidator*, 685 F. 2d 1192 (9th Cir. 1982)

In recognition that their IIPEA claim was meritless, Defendants stipulated to the dismissal of that claim and effectively disavowed the relevancy of the evidence in support thereof. In opposition to Plaintiffs' motion for summary judgment on Defendants' unclean hands defense, however, Defendants attempted to use the same alleged acts of interference to establish that Neo4j USA somehow engaged in inequitable conduct. In particular, Defendants argued that Neo4j USA falsely stated that PureThink was prohibited from support open source versions of Neo4j® EE and that the IRS needed a paid license for Neo4j® EE despite that software being licensed under the AGPL. *See* Dkt. No. 188 at 4:25-5:21; *see also* Dkt. No. 91 at 17:6-16.

When Defendants agreed to dismiss their IIPEA claim with prejudice, however, Defendants conceded that Neo4j USA's alleged false statements made to the IRS did not cause it to withdraw the CKGE contract. *See* Dkt. Nos. 171, 172 and 176. Likewise, they conceded that Section 4.3.2 of the Partner Agreement legitimately prohibited PureThink from supporting open source Neo4j software. Thus, Neo4j USA's statements to the IRS ***were true***. Since these are identical facts that Defendants conceded could not support an IIPEA claim, they also cannot amount to inequitable conduct, and are therefore irrelevant. *See Mag Instrument, Inc. v. Dollar Tree Stores Inc.*, 2005 WL 5957825, at *1 (C.D. Cal. Apr. 14, 2005) (granting motion in limine to preclude an affirmative defense because "this issue has already been decided ... at the time of summary judgment on the affirmative defenses").

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

4886-6308-8502.2 - 5 -
PLAINTIFFS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE RELATING TO DEFENDANTS' NOW-DISMISSED INTENTIONAL INTERFERENCE CLAIMS                                                                                         CASE NO. 5:18-CV-07182-EJD

More importantly, in dismissing their IIPEA claim with prejudice, Defendants conceded that reason for the IRS's withdrawal of that award was due to Neo4j USA's constitutionally protected protest thereof. Thus, the re-assertion of the allegations that supported Defendants' IIPEA under **any** cause of action or defense is improper and the evidence in support thereof is irrelevant. *See Bob Barker Co. v. Ferguson Safety Prods., Inc.,* 2007 WL 4554012, at *1 (N.D. Cal. Dec. 4, 2007) (granting motion in limine "to disregard evidence probative of breach as it relates to issues already decided on summary judgment"); *Empress LLC v. City & Cty. of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005) (recognizing that the *Noerr-Pennington* doctrine shields individuals and entities from liability for petitioning any part of the government for redress, even if the outcome of the petitioning results in harm to a competitor).

## IV. CONCLUSION

In light of the foregoing, the Court should exclude Defendants from presenting any and all evidence, argument, and testimony related to their now-dismissed IIPEA claim at trial, including that Neo4j USA allegedly made alleged false and misleading statements to the IRS, and that Neo4j USA caused PureThink to lose the CKGE Contract.

Dated: September 8, 2023

HOPKINS & CARLEY
A Law Corporation

By: */s/ Jeffrey M. Ratinoff*
    Jeffrey M. Ratinoff
    Attorneys for Plaintiffs and
    Counter-Defendants
    NEO4J, INC. and NEO4J SWEDEN AB

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

4886-6308-8502.2 - 6 -
PLAINTIFFS' MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE RELATING TO DEFENDANTS' NOW-DISMISSED INTENTIONAL INTERFERENCE CLAIMS
CASE NO. 5:18-CV-07182-EJD