John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Bar No. 197241
jratinoff@hopkinscarley.com
Arthur E. Rothrock, Bar No. 312704
arothrock@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:    (408) 286-9800
Facsimile:    (408) 998-4790

Attorneys for Plaintiffs and Counter-Defendants
NEO4J, INC. and NEO4J SWEDEN AB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, NEO4J SWEDEN, AB,<br><br>Plaintiffs,<br><br>v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO.  5:18-cv-07182-EJD<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE, TESTIMONY AND ARGUMENT THAT CONTRADICTS THE COURT'S MAY 18, 2021 SUMMARY JUDGMENT ORDER**<br><br>Date:     October 12, 2023<br>Time:    11:00 a.m.<br>Dept.:    Courtroom 4, 5th Floor<br>Judge:   Hon. Edward J. Davila |

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

4866-0626-6232.5

PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE, TESTIMONY AND ARGUMENT THAT CONTRADICTS THE
COURT'S MAY 18, 2021 SUMMARY JUDGMENT ORDER                                                                            CASE NO. 5:18-CV-07182-EJD

Plaintiffs Neo4j, Inc. and Neo4j Sweden AB (collectively "Plaintiffs") file this Motion in Limine No. 3 to Exclude Evidence, Testimony and Argument that Contradicts the Court's May 18, 2021 Summary Judgment Order pursuant to the law of the case doctrine, Federal Rule of Civil Procedure 56(g) and Federal Rules of Evidence 402 and 403.

## I.      INTRODUCTION

Plaintiffs seek the exclusion of any and all documentary evidence or witness testimony inconsistent with facts and law established in this Court's May 18, 2021 Order Granting Order Granting Plaintiffs' Motion for Partial Summary Judgment; Denying Defendants' Cross-Motion for Summary Judgment [Dkt. No. 118] (the "Order").  The Order established a number of factual and legal issues that are beyond genuine dispute and have become "law of the case." Those issues should not be contradicted or re-litigated by evidence or argument presented by Defendants in the upcoming trial as it would violate the law of the case and be a waste of judicial resources.

## II.     PROCEDURAL BACKGROUND

After Phase 1 of this case, Neo4j USA moved for summary judgment on its Lanham Act and mirror claims under California's Unfair Competition Law ("UCL").  On May 18, 2021, the Court granted the motion.  *See* Dkt. No. 118.  The Court found that Defendants' extensive use of the Neo4j Mark in the marketing and promotion of their inferior version of "Neo4j Enterprise" and "Government Package for Neo4j," and their later marketing and promotion of improperly licensed ONgDB software amounted to trademark infringement.  *Id.* at 4:24-8:11, 18:2-22:21.

The Court further held, *inter alia*, that Defendants' statements – that ONgDB was a free and open source version of Neo4j® EE with no limitations or restrictions – were false and misleading.  *See* Dkt. No. 118 at 22:23-28:24. In doing so, the Court necessarily interpreted Sections 0, 7 and 10 of the Neo4j Sweden Software License to conclude that Defendants wrongfully removed the Commons Clause.  *Id.* at 24:7-25:19 (citing *Neo4j, Inc. v. Graph Found., Inc.*, No. 5:19-CV-06226-EJD, 2020 WL 6700480, at *4 (N.D. Cal. Nov. 13, 2020)).  The Court further found that despite having ample notice and opportunity, Defendants failed to offer any new evidence or arguments to support their contrary interpretation of these provisions. *Id.* at 24:7-25:19.

/ / /

4866-0626-6232.5

PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE, TESTIMONY AND ARGUMENT THAT CONTRADICTS THE COURT'S MAY 18, 2021 SUMMARY JUDGMENT ORDER                                                          CASE NO. 5:18-CV-07182-EJD

On June 16, 2021, Defendants sought immediate appellate review of the Order. *See* Dkt. No. 121. After extensive briefing by the parties, the Ninth Circuit issued a Memorandum Disposition affirming summary judgment in favor of Plaintiffs and the issuance of the preliminary injunction on February 18, 2022. Dkt. No. 140. In doing so, the Ninth Circuit ***expressly affirmed*** that "Defendants' representation that ONgDB is a 'free and open-source' version of Neo4j® EE was literally false, because Section 7 of the Sweden Software License only permits a downstream licensee to remove 'further restrictions' added by an upstream licensee to the original work." Dkt. No. 140 at 3. Defendants then unsuccessfully sought a rehearing, which resulted in the Ninth Circuit making minor amendments to its Memorandum Disposition and issuing a mandate on March 22, 2022. Dkt. Nos. 141-142.

## III.   ARGUMENT

### A.   The Court Should Preclude Defendants from Offering Argument and Evidence that Seek to Re-litigate the Legal and Factual Issues Resolved in the Court's Summary Judgment Order

Under the law of the case doctrine, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *United States v. Park Place Assoc.*, 563 F.3d 907, 925 (9th Cir. 2009); *see also Richardson v. United States*, 841 F.2d 993, 996 (9th Cir. 1988) ("Under the 'law of the case' doctrine, a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case."). Further, "[t]he law of the case doctrine states that the decision of an appellate court on a legal issue ***must be followed*** in all subsequent proceedings in the same case." *Herrington v. County of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993) (emphasis added, internal quotations omitted); *accord Aquino v. Cnty. of Monterey Sheriff's Dep't*, No. 5:14-CV-03387-EJD, 2018 WL 3845718, at *1 (N.D. Cal. Aug. 12, 2018) (citing same).

Defendants have already indicated their intent to violate these principles at trial by seeking to have an expert witness testify that the Neo4j Sweden Software License authorized Defendants' removal the Commons Clause from that license. *See* Dkt. Nos. 181, 186, 189. As detailed above, this Court previously determined that the Neo4j Sweden Software License ***precluded*** Suhy's removal of the Commons Clause. Defendants agreed that this issue could be decided as a matter

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

4866-0626-6232.5 - 2 -
PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE, TESTIMONY AND ARGUMENT THAT CONTRADICTS THE COURT'S MAY 18, 2021 SUMMARY JUDGMENT ORDER                                    CASE NO. 5:18-CV-07182-EJD

of law and ultimately lost that argument on summary judgment and again on appeal. *See* Dkt. 118 at 24:10-12. Consequently, Defendants' attempt to offer evidence, testimony and argument on this issue at trial would clearly violate the law of the case doctrine and conflict with the Ninth Circuit.

Defendants also appear intent on revisiting previously uncontroverted and established facts. In their recent opposition to Plaintiffs' second motion for summary judgment, Defendants claimed that Suhy did not remove the Commons Clause when he created ONgDB 3.4 from Neo4j® EE v3.4. This contradicted Suhy's prior deposition testimony that when he created ONgDB v3.4 from Neo4j® EE v3.4, he replaced the Neo4j Sweden Software with "verbatim" copies of the AGPL to remove the Commons Clause. Dkt. No. 98-1, Ex. 3 at 28:25-29:11, 172:4-23; Dkt. No. 183-1, Ex. 1 at 199:22-201:16. The Court also previously determined the same on summary judgment. *See* Dkt. No. 118 at 5:21-6:11.

Finally, Defendants revealed their plan to reargue that Neo4j USA is not the owner of the Neo4j Mark in support of their unclean hands defense. *See* Dkt. No. 188 at 7:10-16, 19:16-19. However, the issue of whether Neo4j USA misrepresented to the USPTO that it was the owner of the trademark rights to the Neo4j® Mark in the United States was conclusively resolved during Phase 1 on summary judgment. In granting summary judgment on Neo4j USA's Lanham Act claims, the Court provided a detailed legal and factual analysis to reach the conclusion that Neo4j USA was the owner of the Neo4j Mark at the time of registration. Dkt. No. 118 at 11:16-12:26, 13:18-18:1 *aff'd* Dkt. Nos. 140-141.

Federal Rule of Civil Procedure 56(g) permits the Court to "enter an order stating any material fact…that is not genuinely in dispute and treating the fact as established in the case." *See, e.g., Galen v. Avenue of the Stars Assocs.*, LLC, Case No. CV 09-4738 RSWL (SHx), 2011 WL 837785, *2 (C.D. Cal. Mar. 1, 2011) (granting a motion in limine and excluding witness testimony on facts that had already been ruled on by the Court on summary judgment). Since Defendants have already demonstrated their willingness to ignore the Court's prior legal and factual determinations on summary judgment, the Court should issue such an order making clear that the law of case precludes Defendants from revisiting the factual findings in the Court' May 18,

///

4866-0626-6232.5 - 3 -
PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE, TESTIMONY AND ARGUMENT THAT CONTRADICTS THE COURT'S MAY 18, 2021 SUMMARY JUDGMENT ORDER
CASE NO. 5:18-CV-07182-EJD

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

2021 Order. The Court should do the same with respect to Plaintiffs' pending motion for summary judgment to the extent the Court also grants some or all of that motion.

### B. Evidence and Arguments that Contradict the Court's Summary Judgment Rulings Should be Precluded Pursuant to Rules 402 and 403

Federal Rule of Evidence 402 provides that evidence, which is not relevant, is not admissible. Fed. R. Evid. 402; *United States v. Schaff*, 948 F.2d 501 (9th Cir. 1991). Evidence is relevant if it has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. *See* Fed. R. Evid. 401. Federal Rule of Evidence 403 authorizes the exclusion of relevant evidence when its "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See* Fed. R. Evid. 403.

Based on these principles, courts in this District regularly "exclude testimony on issues already ruled on at summary judgment." *Miranda v. U.S. Sec. Assocs., Inc.*, No. 18-CV-00734-LHK, 2019 WL 2929966, at *3 (N.D. Cal. July 8, 2019) (collecting cases); *accord Magadia v. Wal-Mart Assocs., Inc.*, 2018 WL 6003376, at *2 (N.D. Cal. Nov. 15, 2018) (granting motion in limine because "the Court has already ruled on these matters in its summary judgment orders," thus "testimony on these issues would have no probative value, and would merely waste time"). Here, the Court definitively ruled on the following legal and factual issues in its May 18, 2021 Order:

- Neo4j USA is the parent corporation of Neo4j Sweden, which in turn is a wholly owned subsidiary of Neo4j USA. Dkt. No. 118 at 2:15-16.

- Neo4j Sweden owns of all copyrights related to the Neo4j graph database platform, including the source code, and has licensed those copyrights to Neo4j USA. *Id.* at 2:16-18.

- In conjunction with its business, Neo4j USA filed for and obtained several federally registered trademarks, including U.S. Trademark Registration No. 4,784,280 for the word mark "NEO4J" (the "Neo4j Mark"). *Id.* at 2:18-21.

- In its registration application, Neo4j USA claimed first use of the Neo4j Mark was in June 2006 and first use in commerce in May 2007 based on the use of that mark by Neo4j Sweden, Neo4j USA's predecessor-in-interest and related company. See id As result, Neo4j USA owns the rights to the Neo4j Mark in the United States and is the proper registrant. *Id.* at 2:23-26.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

4866-0626-6232.5                                     - 4 -
PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE, TESTIMONY AND ARGUMENT THAT CONTRADICTS THE COURT'S MAY 18, 2021 SUMMARY JUDGMENT ORDER                 CASE NO. 5:18-CV-07182-EJD

- Neo4j USA did not make any misrepresentations to the USPTO concerning its ownership of the Neo4j Mark or date of first use, and is the owner and the proper registrant of the Neo4j Mark. *Id.* at 12:2-17, 13:18-18:1.

- Defendants infringed the Neo4j Mark by operating a website (www.igovsol.com) that contained numerous uses of the Neo4j Mark, including references to "Government Package for Neo4j" and "Government Development Package with Neo4j Enterprise." *Id*. at 4:24-5:12.

- Their website also infringed the Neo4j Mark by (1) using "https://igovsol.com/neo4j.html" as a URL to promote "Government Development Packages for Neo4j"; (2) displaying "Request Procurement Document Package" link with "mailto:neo4j@igovsol.com" embedded that creates an email addressed thereto upon activation; (3) encouraging consumers to obtain more information by sending an email to "neo4j@igovsol.com;" and (4) using "Government Packages for Neo4j" and "Neo4j Enterprise" to describe iGov's modified version of Neo4j® EE software. *Id*. at 5:13-20, 20:3-21:3.

- In May 2018, Plaintiffs released Neo4j® EE v3.4 under the Neo4j Sweden Software License, which was based on the AGPL but included additional restrictions provided by the Commons Clause. *Id.* at 5:21-6:1.

- The Commons Clause prohibited the non-paying public from engaging in commercial resale and commercial support services. *Id.* at 3:12-13, 5:21-6:1.

- Without Plaintiffs' authorization, Suhy created ONgDB v3.4 by replacing the Neo4j Sweden Software License with verbatim copies of the AGPL thereby removing the Commons Clause and certain legal notices identifying Neo4j Sweden as the copyright holder and licensor. *Id.* at 6:2-11.

- After the release ONgDB in July 2018, Defendants continued to infringe the Neo4j Mark by using "https://igovsol.com/neo4j.html" as a URL address to promote ONgDB until it deactivated that page sometime after July 27, 2020. While iGov replaced this URL with "https://igovsol.com/graph.html," the contents of the page remained the same. Defendants further used a "Download Neo4j Enterprise" hyperlink on iGov's "downloads" page, which redirected consumers to download links for ONgDB until July 27, 2020. *Id*. at 6:11-17.

- In November 2018, Plaintiffs officially released of Neo4j® EE v3.5 solely under a commercial license. *Id.* at 3:13-15.

- Prior to the official release of Neo4j® EE v3.5, Plaintiffs published several beta versions via their GitHub repository subject to the Neo4j Sweden Software License. *Id.* at 6:18-21;

- In January 2019, GFI released ONgDB v3.5.1, which contained at least 182 source code files that had only been previously released under the Neo4j Sweden Software License in a publicly available beta version of Neo4j® EE 3.5. *Id.* at 6:18-21.

- To create ONgDB v.3.5.1, Suhy replaced the more restrictive Neo4j Sweden Software License with a verbatim copy of the AGPL in 28 LICENSE.txt files. Doing so removed certain legal notices identifying Neo4j Sweden as the copyright holder and licensor, and removed the Commons Clause. *Id.* at 6:21-26.

///

- Defendants' improper removal of the Commons Clause by replacing the Neo4j Sweden Software License with the AGPL allowed Defendants to commercially use and support ONgDB v3.4 and v3.5.  *Id.* at 6:21-26.

- ONgDB combines the last public Neo4j® EE code (beta version of Neo4j® EE v3.5), the Neo4j CE code, and "glue code" authored by Suhy and other contributors.  *Id.* at 7:7-10.

- Defendants falsely advertised via their website and through direct communications with potential users that ONgDB was licensed under AGPLv3 as a free and open drop-in replacement for Neo4j Enterprise commercial licensed distributions with the same version number.  *Id.* at 6:18-7:5, 7:18-24, 24:1-28:16.

- Defendants used the Neo4j Mark to create the misleading perception that Defendants' products were Plaintiffs' product.  For example, Defendants used the Neo4j Mark in the URL https://igovsol.com/neo4j.html to promote ONgDB and in the email address neo4j@igovsol.com as means for consumers to inquire about ONgDB.  *Id.* at 20:3-21:3.

- Defendants infringed the Neo4j Mark by (1) extensively using of "Neo4j' and "Neo4j Enterprise" on iGov and PureThink websites without proper trademark notices; (2) using embedded "Neo4j" links to Neo4j USA's website and GitHub repository on their websites; (3) hyperlinking to Plaintiffs' build instructions, support documentation and change logs containing the Neo4j Mark rather than creating and hosting their own with the ONgDB name; and (4) using of "Neo4j Enterprise" and ONgDB" interchangeably to promote ONgDB on their websites.  *Id.* at 21:25-22:21

- By December 2020, just under two years after the release of ONgDB v3.5.1, the ONgDB software had been downloaded over 14,000 times, signaling its widespread success. *Id.* at 8:13-15.

- Defendants use of the Neo4j Mark created the misleading perception that Defendants and Plaintiffs are affiliated and falsely suggests endorsement by Neo4j USA. *Id.* at 21:25-22:21

- Defendants' actions with respect to ONgDB and use of the Neo4j Mark is likely to cause and have caused significant consumer confusion.  For example, consumers encountered compatibility issues, technical problems or glitches with ONgDB and sought assistance from Plaintiffs. *Id.* at 8:15-23.

- Consumers also expressed uncertainty about the propriety of Defendants' modification to the Neo4j Sweden Software License. This caused actual confusion about whether and when a commercial license from Neo4j USA is necessary to use, modify or redistribute the software in a commercial setting. *Id.* at 8:24-9:1.

- Sections 7 and 10 of the Neo4j Sweden Software License prohibit a licensee from imposing further restrictions, but do not prohibit a licensor of the underlying software from doing so.  *Id.* at 24:16-25:12

- Defendants' statements that ONgDB and their version of "Neo4j Enterprise" are "free and open source" versions of or alternatives to commercially licensed Neo4j® EE amounted to false advertising because they improperly removed Commons Clause in violation of the Neo4j Sweden Software License.  *Id.* at 25:13-19.

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

4866-0626-6232.5

- 6 -

PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE, TESTIMONY AND ARGUMENT THAT CONTRADICTS THE COURT'S MAY 18, 2021 SUMMARY JUDGMENT ORDER
CASE NO. 5:18-CV-07182-EJD

- Defendants' statements that ONgDB is a "drop-in replacement for an existing commercial licensed distribution of the same version number" of Neo4j® EE were false or misleading. *Id.* at 25:20-28:16.

- Defendants made these false and misleading statements to convince customers to adopt ONgDB over Neo4j® EE. Because Defendants misrepresented ONgDB as a free version of Neo4j® EE licensed under the APGL, this price differential (free versus paid) was likely to influence customers purchasing decisions. *Id.* at 29:4-11.

- Defendants' false and misleading statements diverted sales from Neo4j USA, including when Next Century adopted ONgDB via the Maryland Procurement Office, amounting to over $2.2 million in lost revenue. *Id.* at 29:19-30:13.

- The Neo4j Mark enjoys strong brand recognition in the graph database software market. *Id.* at 29:19-30:13.

- Defendants used the Neo4j Mark unfairly compete with Plaintiffs and to convince consumers to buy Defendants' products instead of Neo4j® EE commercial licenses, and in doing so caused actual consumer confusion. 31:20-32:10

- Defendants' holding out of ONgDB as free and open source Neo4j® EE is likely to cause consumer confusion, and did cause actual consumer confusion, and as a result constitutes a false designation of origin. *Id.* at 30:22-32:15.

Allowing Defendants to revisit these issues previously adjudicated by this Court would unnecessarily complicate the record and be a waste time and judicial resources. The Court should therefore enter an order precluded Defendants from arguing and offering evidence that would contract these factual determinations made by this Court and confirmed by the evidence.

## IV. CONCLUSION

In light of the foregoing, the Court should grant this motion its entirety and issue an order (1) precluding Defendants from revisiting the legal and factual issues resolved by the Court' May 18, 2021 Order; (2) offering arguments, testimony and evidence that would contract the determinations previously made by this Court in that order; (3) and confirming the above issues as being established in this case.

Dated: September 8, 2023                    HOPKINS & CARLEY
                                            A Law Corporation

                                            By: */s/ Jeffrey M. Ratinoff*
                                                Jeffrey M. Ratinoff
                                                Attorneys for Plaintiffs and
                                                Counter-Defendants
                                                NEO4J, INC. and NEO4J SWEDEN AB

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

4866-0626-6232.5                             - 7 -
PLAINTIFFS' MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE, TESTIMONY AND ARGUMENT THAT CONTRADICTS THE
COURT'S MAY 18, 2021 SUMMARY JUDGMENT ORDER                                CASE NO. 5:18-CV-07182-EJD