1  John V. Picone III, Bar No. 187226
   jpicone@hopkinscarley.com
2  Jeffrey M. Ratinoff, Bar No. 197241
   jratinoff@hopkinscarley.com
3  Arthur E. Rothrock, Bar No. 312704
   arothrock@hopkinscarley.com
4  HOPKINS & CARLEY
   A Law Corporation
5  The Letitia Building
   70 South First Street
6  San Jose, CA  95113-2406

7  *mailing address:*
   P.O. Box 1469
8  San Jose, CA 95109-1469
   Telephone:    (408) 286-9800
9  Facsimile:    (408) 998-4790

10 Attorneys for Plaintiffs and Counter-Defendants
   NEO4J, INC. and NEO4J SWEDEN AB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, NEO4J SWEDEN, AB,<br><br>Plaintiffs,<br><br>v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CASE NO.  5:18-cv-07182-EJD<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 4 TO EXCLUDE CERTAIN ITEMS OF INFLAMMATORY AND IRRELEVANT EVIDENCE, ARGUMENT, AND TESTIMONY**<br><br>Date:    October 12, 2023<br>Time:    11:00 a.m.<br>Dept.:   Courtroom 4, 5th Floor<br>Judge:   Hon. Edward J. Davila |

Plaintiffs Neo4j, Inc. and Neo4j Sweden AB (collectively "Plaintiffs") file this Motion in Limine No. 4 to Exclude Certain Items of Inflammatory and Irrelevant Evidence, Argument, and Testimony pursuant to Federal Rules of Evidence 402 and 403.

## I. INTRODUCTION

Plaintiffs seek the exclusion of any and all documentary evidence or witness testimony concerning Plaintiffs' alleged harboring ill-will and animosity towards Defendants, as well as the filing the instant lawsuit for an improper purpose. Such facts bear no relevance to the remaining claims and defenses, and are therefore inadmissibly pursuant to FRE 402. It also would be a waste of time, and thus subject to exclusion pursuant to FRE 403.

## II. PROCEDURAL BACKGROUND

In their original counterclaim, Defendants asserted two tort-based counterclaims, intentional interference with prospective economic advantage and intentional interference with contractual relations. *See* Dkt. No. 22, ¶¶ 18-41; *see also* Dkt. No. 72, ¶¶ 21-43. Defendants based these claims on Neo4j USA telling the IRS and over 20 other actual and potential government customers that PureThink was contractually restricted from supporting open source versions of Neo4j® software. *See id.* Neo4j USA based these statements on Section 4.3.2 of the Partner Agreement, which PureThink voluntarily agreed to when it became a partner-reseller with Neo4j USA. *See id.*

After Plaintiffs challenged the merits of these intentional interference claims, Defendants stipulated to their dismissal, and eventually filed a Fourth Amended Counterclaim omitting those claims. *See* Dkt. Nos., 133, 175, 177. The only substantive counterclaims that now remains is Neo4j USA's alleged breach of a separate exclusivity contract for PureThink to resell Neo4j Government Edition that occurred in June 2017.[1] Dkt. No. 177, ¶¶ 48-52-57. Defendants also still maintain two declaratory relief claims seeking strictly legal determinations. *Id.*, ¶¶ 58-71.

---

[1] The parties have reached a further agreement not to proceed with certain ancillary claims at trial. This includes PureThink's counterclaim based on Neo4J USA's alleged breached the Partner Agreement in July 2017 based on a failure to pay PureThink $26,020 in commission for a DHS's purchase of a commercial license for Neo4j® EE.

Before Defendants agreed to dismiss their intentional interference claims, however, Plaintiffs propounded contention interrogatories relating to several allegations supporting these intentional interference claims. One such interrogatory sought the factual and evidentiary basis for Defendants' contention in Paragraph 19 of their original counterclaim (Dkt. 22) that Neo4j USA "retaliated, terminating the Government Edition, the Government Edition Agreement, the Partner Agreement and eliminating PureThink as a competitor by telling users and potential users PureThink could not support the open source version of Neo4j." *See* Exhibit 1 hereto. Among the various "facts" identified in response, Defendants claimed that

> On or about 2018 John Mark Suhy spoke with Steven Baker via skype. Steven worked for Neo4j Inc. Steven told [Suhy] that Neo4j Inc. was "out to get him" and that PureThink and John Mark were hated at Neo4j Inc. He stated that he was told that John Mark's promotion of open source licenses was causing Neo4j Inc. to lose a lot of money. He also said that Neo4j had been planning on trying to sue John Mark Suhy with the expectation that he would not have the money to "lawyer up". He said they expected a quick settlement which would take [Suhy] and his companies out of the picture. He said they told employees they would go after [Suhy] and his company(s) using trademark law.

Exh. 1 at 37:9-17. As discussed in detail below, such inflammatory allegations are irrelevant to Defendants' remaining contract claims and affirmative defenses, as well as Plaintiffs' remaining claims, and would be highly prejudicial if disclosed to the jury.

### III. ARGUMENT

**A. Testimony, Evidence and Arguments Relating to Neo4j USA's Alleged Intent, Motive and Animosity Towards Defendants is Inadmissible Pursuant to Rules 402 and 403 With Respect to their Breach of Contract Claim**

Under Rule 401 of the Federal Rules of Evidence, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence ... and the fact is of consequence in determining the action." Fed. R. Evid. 401(a)-(b). "Relevancy simply requires that the evidence logically advance a material aspect of the party's case." *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1188 (9th Cir. 2019) (internal quotations omitted). Rule 402 of the Federal Rule of Evidence provides that evidence, which is not relevant, is not admissible. Fed. R. Evid. 402; *United States v. Schaff*, 948 F.2d 501 (9th Cir. 1991). Even if evidence is relevant, it must be excluded when its "probative value is substantially outweighed by a danger of one or

4868-3547-3016.3                                       - 2 -
PLAINTIFFS' MOTION IN LIMINE NO. 4 TO EXCLUDE CERTAIN ITEMS OF INFLAMMATORY AND IRRELEVANT EVIDENCE, ARGUMENT, AND TESTIMONY
                                                                     CASE NO. 5:18-CV-07182-EJD

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

1  more of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See* Fed. R. Evid. 403; *see also Old Chief v. United States*, 519 U.S. 172, 180 (1997).

Defendants' discovery responses suggest that they intend to offer testimony and evidence at trial that Neo4j USA filed the instant lawsuit for an improper purpose. The alleged statements made by Neo4j USA that it was "out to get" Suhy, that it hated Suhy and PureThink, would file a trademark infringement suit to "take his companies out of the picture" and similar statements bear no relevance to PureThink's breach of contract claim. These statements were purportedly made in 2018 well after the alleged breach occurred in mid-2017.

Even if Neo4j USA harbored such animosity towards Suhy and PureThink prior to the alleged breaches, it remains irrelevant. To prevail on its breach of contract claim under California law, PureThink must establish (1) the existence of an enforceable contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) resulting damages to the plaintiff.[2] *Oasis W. Realty, LLC v. Goldman*, 51 Cal. 4th 811, 821 (2011); *accord Hickcox-Huffman v. US Airways, Inc.*, 855 F.3d 1057, 1062 (9th Cir. 2017). As a result, evidence of motive for breaching is irrelevant and inadmissible to such claims. *See Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 516-17 (1994) ("the law generally does not distinguish between good and bad motive for breaching a contract"); *accord Rich v. Shrader*, No. 09–CV–0652–MMA (WMc), 2010 WL 3717373, *4 (S.D. Cal. Sept. 17, 2010) (recognizing "[m]otive is not an element of a breach of contract action") (citing same). Indeed, "motive, regardless of how malevolent, remains irrelevant to a breach of contract claim." *JRS Products, Inc. v. Matsushita Elec. Corp. of America*, 115 Cal. App. 4th 168, 182 (2004); *accord Bakst v. Cmty. Mem'l Health Sys., Inc.*, No. CV0908241MMMFFMX, 2011 WL 13214315, at *14–15 (C.D. Cal. Mar. 7, 2011) (granting motion in limine to exclude evidence regarding defendants' purported motive and state of mind in allegedly breaching a non-disparagement clause as irrelevant and unfairly prejudicial).

///

---

[2] There is no dispute that PureThink's breach of contract claims are subject to California law.

4868-3547-3016.3 - 3 -
PLAINTIFFS' MOTION IN LIMINE NO. 4 TO EXCLUDE CERTAIN ITEMS OF INFLAMMATORY AND IRRELEVANT EVIDENCE, ARGUMENT, AND TESTIMONY                                                                                         CASE NO. 5:18-CV-07182-EJD

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

Allowing Defendants to offer such evidence would constitute an improper attempt to revive their meritless and now-dismissed intentional interference claims. *See Khoury v. Maly's of California, Inc.*, 14 Cal. App. 4th 612, 618 (1993) (recognizing that "[i]f a contract plaintiff could plead in a conclusory way that the defendant maliciously intended to drive the plaintiff out of business, the tort of interference with prospective business advantage would be routinely pleaded in breach of contract cases"); *accord Roots Ready Made Garments v. Gap, Inc.*, No. 07–03363, 2007 WL 3045999, at *4 (N.D.Cal. Oct.18, 2007) (holding that California law does not allow "a plaintiff ... [to] simply present evidence of a breach of contract and use the same activity to recover tort damages under a theory of ... interference").

### B. Testimony, Evidence and Arguments Relating to Neo4j USA's Alleged Intent, Motive and Animosity Towards Defendants is Inadmissible Pursuant to Rules 402 and 403 With Respect to their Unclean Hands Defense

While Defendants did not identify the aforementioned statements relating to Neo4j USA's motive for filing suit as a basis for their unclean hands defense, any such statements would be irrelevant to that defense. *See* Dkt. No. 91 at 16:20-19:7; Dkt. No. 169 at 10:4-8. In this regard, Defendants' infringement of Neo4j USA's trademark dates back to November 2017. *See* Dkt. No. 90 at ¶¶ 41-75, 99-111.

Plaintiffs filed suit in November 2018 wherein they asserted Lanham Act, UCL and breach of contract claims based on those acts of infringement. *See, generally*, Dkt. No. 1. Neo4j USA had a constitutional right to seek redress in federal court for the infringement of its federally registered trademark. *See Empress LLC v. City & Cty. of San Francisco*, 419 F.3d 1052, 1056 (9th Cir. 2005) ("[u]nder the *Noerr–Pennington* doctrine, those who petition all departments of the government for redress are generally immune from liability"); *Monolithic Power Sys., Inc. v. O2 Micro Int'l Ltd.*, No. C 04-2000 CW, 2007 WL 801886, at *4 (N.D. Cal. Mar. 14, 2007) (recognizing that the *Noerr-Pennington* doctrine "extend[s] to cases involving other types of civil liability, including state law claims of unfair competition"). It also protects "conduct incidental to the prosecution of the suit," such as demand letters and related prelitigation communications. *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 935–36 (9th Cir. 2006) (citation omitted).

/ / /

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

4868-3547-3016.3                                - 4 -
PLAINTIFFS' MOTION IN LIMINE NO. 4 TO EXCLUDE CERTAIN ITEMS OF INFLAMMATORY AND IRRELEVANT EVIDENCE, ARGUMENT, AND TESTIMONY                                             CASE NO. 5:18-CV-07182-EJD

As recognized by the Supreme Court, "evidence of anticompetitive intent or purpose alone cannot transform otherwise legitimate activity into a sham." *Pro. Real Est. Invs., Inc. v. Columbia Pictures Indus., Inc*., 508 U.S. 49, 59 (1993). The fact that this Court previously granted summary judgment on Neo4j USA's Lanham Act and UCL claims and issued a preliminary injunction makes clear that it had a legitimate basis to file suit against Defendants irrespective of any animosity it may have harbored towards Defendants. *See id.* at 60, n. 5 ("we have repeatedly reaffirmed that evidence of anticompetitive intent or purpose alone cannot transform otherwise legitimate activity into a sham" and "[a] winning lawsuit is by definition a reasonable effort at petitioning for redress and therefore not a sham."); *see also Adidas Am., Inc. v. Payless Shoesource, Inc*., 529 F. Supp. 2d 1215, 1261, fn 15 (D. Or. 2007) (court ruled on summary judgment that plaintiffs' aggressive trademark enforcement program did not constitute unclean hands or trademark misuse under the anti-trust laws, and that such claims were barred by the *Noerr-Pennington* doctrine).

### IV. CONCLUSION

In light of the foregoing, the Court should grant this motion its entirety and issue an order precluding Defendants from offering any and all argument, testimony and evidence that Plaintiffs (1) sought to eliminate Defendants competitors; (2) hated Defendants or were "out to get" Suhy; and (3) filed this lawsuit for anticompetitive reasons; and (4) filed the present suit to force Defendants into a settlement or to put them out of business. The Court should also preclude Defendants from offering all other argument, testimony and evidence regarding Plaintiffs' motives for filing the present suit against Defendants, as well as any alleged animosity Plaintiffs held towards Defendants. It is irrelevant to the remaining claims and defenses in this action, and it would be a waste of the parties and the Court's time to allow them to do so.

Dated: September 8, 2023

HOPKINS & CARLEY
A Law Corporation

By: */s/ Jeffrey M. Ratinoff*
  Jeffrey M. Ratinoff
  Attorneys for Plaintiffs and
  Counter-Defendants
  NEO4J, INC. and NEO4J SWEDEN AB

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

4868-3547-3016.3                                          - 5 -
PLAINTIFFS' MOTION IN LIMINE NO. 4 TO EXCLUDE CERTAIN ITEMS OF INFLAMMATORY AND IRRELEVANT EVIDENCE,
ARGUMENT, AND TESTIMONY                                                                        CASE NO. 5:18-CV-07182-EJD