1   John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
2   Jeffrey M. Ratinoff, Bar No. 197241
jratinoff@hopkinscarley.com
3   Arthur E. Rothrock, Bar No. 312704
arothrock@hopkinscarley.com
4   HOPKINS & CARLEY
A Law Corporation
5   The Letitia Building
70 South First Street
6   San Jose, CA  95113-2406

7   *mailing address:*
P.O. Box 1469
8   San Jose, CA 95109-1469
Telephone:    (408) 286-9800
9   Facsimile:    (408) 998-4790

10  Attorneys for Plaintiffs and Counter-Defendants
NEO4J, INC. and NEO4J SWEDEN AB

11

12                  UNITED STATES DISTRICT COURT

13                  NORTHERN DISTRICT OF CALIFORNIA

14  NEO4J, INC., a Delaware corporation,          CASE NO.  5:18-cv-07182-EJD
NEO4J SWEDEN, AB,
15                                                **PLAINTIFFS' MOTION IN LIMINE NO. 5**
                     Plaintiffs,                  **TO PRECLUDE DEFENDANTS FROM**
16                                                **OFFERING A NEW CONTRACT**
                                                  **CLAIM/THEORY AND CERTAIN**
17          v.                                    **DAMAGES THEORIES RELATED**
                                                  **THERETO**
18  PURETHINK LLC, a Delaware limited
liability company, IGOV INC., a Virginia          Date:        October 12, 2023
19  corporation, and JOHN MARK SUHY, an           Time:        11:00 a.m.
individual,                                       Dept.:       Courtroom 4, 5th Floor
20                                                Judge:       Hon. Edward J. Davila
                     Defendants.
21

22  AND RELATED COUNTERCLAIMS.

23

24

25

26

27

28

4881-4476-8890.4

Plaintiffs file this Motion in Limine No. 5 to Preclude Defendants from Offering a New Contract Claim/Theory and Certain Damages Theories Related Thereto based on applicable case law and Federal Rules of Evidence 402 and 403.

## I.     INTRODUCTION

In opposition to Plaintiffs' recent motion for summary judgment on PureThink's breach of exclusivity contract claim, Defendants attempted to change the basis of that claim by asserting there was subsequent oral modification to that contract.  The Ninth Circuit has made clear that asserting new or different claims on summary judgment after the close of discovery is improper.  Defendants have never produced any evidence that would support their restitutional theory of $650,000 for the "value" of the work performed under the contract.  Rendering it too speculative, and thus inadmissible.  Similarly, Defendants' attempt to recover over $1.3 million for a lost contract with the IRS is improper as they previously conceded that the cause for this was Neo4j USA's constitutionally protected protest and not Neo4j USA's alleged breach of the exclusivity contract.

## II.     PROCEDURAL BACKGROUND

In their Fourth Amended Counterclaim (FACC), Defendants maintain a claim for breach of an exclusivity contract.  In support, they allege that Neo4j USA entered into a separate agreement with PureThink on April 11, 2015 where it agreed that PureThink would be the exclusive reseller of Neo4j Government Edition ("Gov't Edition") to government agencies and have continuing exclusivity to support users of that version of Neo4j® software.  Dkt. No. 177, ¶¶ 15-16, 54 and Ex. C.  Defendants identify an April 11, 2015 letter addressed "[t]o whom it may concern" signed by Lars Nordwall on behalf of Neo4j USA as the written contract between the parties.  *Id.*, ¶ 16 and Ex. C.  However, this letter merely states "PureThink LLC a Delaware Company, is the only Neo4j Government Edition reseller that is certified to resell and support to the US Federal Government, Department of Defense (DOD), and Intelligence Agencies."  *Id.*

They further allege that in reliance on this agreement, Defendants "spent an equivalent to $650,000 to design, develop, and build" the Gov't Edition, which consisted of Neo4j® EE and "additional services, support and software modules" to address government security requirements. *Id.*, ¶ 17.  Defendants then claim that Neo4j USA breached the exclusive agreement when it

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

4881-4476-8890.4

PLAINTIFFS' MOTION IN LIMINE NO. 5 TO PRECLUDE DEFENDANTS FROM OFFERING A NEW CONTRACT CLAIM/THEORY
AND CERTAIN DAMAGES THEORIES RELATED THERETO                                    CASE NO. 5:18-CV-07182-EJD

1  discontinued the Gov't Edition without obtaining PureThink's consent, and as a result, PureThink
2  suffered damages "in excess" of $1,354,856.55. *Id.*, ¶ 57.

3       Plaintiffs filed a motion for summary judgment on Defendants' breach of exclusivity
4  contract claim on the grounds, *inter alia*, that Defendants could not establish that there was mutual
5  assent with respect to Neo4j USA agreed to compensate PureThink for any development work it
6  performed on the Gov't Edition or was required to obtain PureThink's consent before terminating
7  the alleged exclusivity agreement. *See* Dkt. No. 183 at 20:17-25:16.  Plaintiffs further argued that
8  Defendants could not establish they suffered any damages, including their claim that PureThink
9  spent an equivalent to $650,000 to design, develop, and build the Gov't Edition.  *Id.*

10       In opposition Plaintiffs' motion for summary judgment, PureThink asserted for the first
11  time that there was a subsequent oral "exit agreement" (or oral modification to the April 11, 2015
12  letters) that purportedly required the discontinuation of the Gov't Edition to be "unanimous" and
13  for Neo4j USA to compensate PureThink. *See* Dkt. No. 183, Ex. A at UDF No. 65 (citing Dkt. No.
14  183-1, ¶ 10).  PureThink admitted that no such written instrument executed by the parties exists,
15  and instead relied upon Suhy's self-serving declaration sparsely describing this purported second
16  agreement. *Id.*  However, PureThink failed to offer competent evidence establishing when Neo4j
17  USA consented to such an oral agreement or modification, who consented on behalf of Neo4j USA,
18  how much compensation would be, and what additional consideration PureThink offered.

19       In addition, PureThink revealed that it was seeking to recover the $650,000 reflecting
20  Suhy's effort to develop the add-ons to Neo4j® EE to create the Gov't Edition based on an unpled
21  theory of quantum meruit.  However, it failed to identify competent evidence supporting that
22  equitable claim.  Dkt. No. 183 at 24:4-12 and Ex. A at UDF Nos. 85, 109.  PureThink also
23  confirmed that additional $1.3 million in actual damages sought was solely based on the alleged
24  loss of the CKGE Contract with the IRS.  *See id.* at 24:13-14.

25  / / /
26  / / /
27  / / /
28  / / /

Hopkins & Carley
Attorneys At Law
San Jose ♦ Palo Alto

4881-4476-8890.4

- 2 -

PLAINTIFFS' MOTION IN LIMINE NO. 5 TO PRECLUDE DEFENDANTS FROM OFFERING A NEW CONTRACT CLAIM/THEORY
AND CERTAIN DAMAGES THEORIES RELATED THERETO                    CASE NO. 5:18-CV-07182-EJD

III.   **ARGUMENT**

A.   **The Court Should Preclude Defendants from Offering Testimony, Argument and Evidence that the Parties Entered Into a Second Oral Contract or Modification of the Alleged April 15, 2015 Exclusivity Contract**

Defendants' attempt to assert a second oral contract or the subsequent oral modification of the alleged April 15, 2015 exclusivity contract for the first time on summary judgment is improper. Notably, there is no reference to any such second oral agreement or modification in any of the ***four*** iterations of Defendants' counterclaims.  *See* Dkt. No. 22, ¶¶ 14-15; Dkt. No. 55, ¶¶ 16-17, 40-53; Dkt. No. 72, ¶¶ 16-17, 49-53; Dkt. No. 171, ¶¶ 16-17, 53-57.  Since they never alleged that such an agreement or modification existed in the operative counterclaims, they cannot "advance new theories presented for the first time in [] opposition to summary judgment," especially well after the close of fact discovery.  *Pickern v. Pier 1 Imports (U.S.), Inc*., 457 F.3d 963, 968–69 (9th Cir. 2006); *accord Coleman v. Quaker Oats Co*., 232 F.3d 1271, 1292-94 (9th Cir. 2000) (plaintiffs could not raise new legal theory and factual allegations for the first time at the summary judgment stage of the case); *Wasco Prods., Inc. v. Southwall Techs., Inc*., 435 F.3d 989, 992 (9th Cir. 2006) ("summary judgment is not a procedural second chance to flesh out inadequate pleadings").

Defendants had over four years to amend their counterclaims and add the specific allegations supporting their new contractual and equitable theories ***before the close of fact discovery***.  Since they failed to do so, the Court should exclude all argument, evidence and testimony that Neo4j USA and PureThink entered into a subsequent oral agreement or modification to the alleged April 11, 2015 exclusivity agreement that purportedly required the discontinuation of the Gov't Edition to be "unanimous" and for Neo4j USA to compensate PureThink for the Gov't Edition.  *See Party Animal, Inc. v. Evanger's Dog & Cat Food Co*., No. 217CV03422MCSFFMX, 2021 WL 4202172, at *2 (C.D. Cal. July 23, 2021) (granting motion in limine to exclude evidence and argument that the parties entered into a subsequent exclusivity contract beyond the contracts alleged in the pleadings); *see also In re TFT-LCD (Flat Panel) Antitrust Litig*., No. M 07-1827 SI, 2012 WL 5411590, at *2 (N.D. Cal. Nov. 6, 2012) (rejecting attempt to raise new theory of breach of contract at summary judgment stage); *Sedell v. Wells Fargo of California Ins. Servs., Inc*., No. C 10-4043 SBA, 2012 WL 3017541, at *10 (N.D. Cal. July 23, 2012) (rejecting plaintiff's attempt

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

4881-4476-8890.4
- 3 -
PLAINTIFFS' MOTION IN LIMINE NO. 5 TO PRECLUDE DEFENDANTS FROM OFFERING A NEW CONTRACT CLAIM/THEORY
AND CERTAIN DAMAGES THEORIES RELATED THERETO
CASE NO. 5:18-CV-07182-EJD

1    to defeat summary judgment by alleging for the first time that the parties entered into a second oral

2    agreement).

3        **B.    The Court Should Preclude PureThink from Offering Evidence, Testimony
              and Argument that it Spent $650,000 to Create the Gov't Edition**

5        As detailed above, Defendants are seeking to recover $650,000 from Neo4j USA as an

6    "equivalent" for what PureThink believes it spent to "design, develop, and build" the Gov't Edition.

7    As further described in Defendants' opposition to Plaintiffs' second summary judgment, this

8    reflects "[t]he value of that effort."  Dkt. No. 188 at 24:3-12.  These are not contract damages.

9    Rather, Defendants are effectively seeking restitution under either an upled theory of unjust

10   enrichment or quantum meruit.  Defendants cannot recover on either theory because they failed to

11   plead a counterclaim separate from their breach of contract claim as a means to recover such

12   amounts. *See Day v. Advanced Micro Devices, Inc*., No. 22-CV-04305-VC, 2023 WL 2347421, at

13   *1 (N.D. Cal. Mar. 2, 2023) (holding that "an unjust enrichment claim must be pleaded in the

14   alternative, and plaintiffs must allege why legal remedies are inadequate"); *accord Johnson v.*

15   *Trumpet Behav. Health, LLC*, No. 3:21-CV-03221-WHO, 2022 WL 74163, at *3 (N.D. Cal. Jan.

16   7, 2022).  As such, they should be precluded from offering any testimony, evidence or augment

17   that seeks restitution despite not properly asserting a separate equitable claim to support it.

18       Even if they could assert a belated equitable claim, the measure of recovery in the form of

19   restitution "is the reasonable value of the services rendered, provided they were of direct benefit to

20   the defendant."  *Palmer v. Gregg*, 65 Cal. 2d 657, 660 (1967).  Thus, PureThink must first show

21   that the services provided a ***direct benefit*** to defendant.  *Id*.  However, PureThink never identified

22   or produced evidence demonstrating that Neo4j USA ***directly*** benefited from Suhy's work on the

23   Gov't Edition.  The IRS was the only customer that apparently adopt the Gov't Edition, and

24   PureThink's failure to reimburse Neo4j USA for that licensee was one of the reasons that lead to

25   the termination of the Partner Agreement in July 2017.  *See* Dkt. No. 118 at 4:4-22; *see also* Dkt.

26   No. 183-1, Ex. 22.  Likewise, there was no future benefit conferred to Neo4j USA since it

27   discontinued the Gov't Edition in June 2017, while Defendants continued to market the Gov't

28   Edition under a different name after Neo4j USA terminated the SPA.  *See* Dkt. No. 118 at 4:24-

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

4881-4476-8890.4                                    - 4 -

PLAINTIFFS' MOTION IN LIMINE NO. 5 TO PRECLUDE DEFENDANTS FROM OFFERING A NEW CONTRACT CLAIM/THEORY
AND CERTAIN DAMAGES THEORIES RELATED THERETO                      CASE NO. 5:18-CV-07182-EJD

5:12; Dkt. No. 183-1, Ex. 19; Dkt. No. 191, Exh. A at UDF Nos. 52, 74.

Even if PureThink were able to establish a direct benefit to Neo4j USA, it would also need to establish the market value of those services, which is the price that "a willing buyer would pay to a willing seller, neither being under compulsion to buy or sell, and both having full knowledge of all pertinent facts." *Alameda Cnty. Flood Control & Water Conservation Dist. v. Dep't of Water Res.*, 213 Cal.App.4th 1163, 1174–1175, fn. 9 (2013) (internal quotes and citations omitted). However, it failed to produce any evidence that would support such a hypothetical negotiation. PureThink also did not disclose an expert witness that could provide that analysis at trial.

Finally, Defendants failed to produce documents or other evidence during discovery establishing that PureThink spent the ***equivalent*** of $650,000 on having Suhy develop the add-ons for the Gov't Edition or "reinvested" any revenue into developing the Gov't Edition.   To the contrary, the financial statements produced by PureThink indicated that it never incurred any expenses or overhead related to the development of the Gov't Edition. *See* Dkt. No. 183-1, Ex. 2 at 59:6-63:15; *id.*, ¶¶ 68-69 and Exs. 66-67. PureThink and Suhy also did not maintain any time sheets that could support this assertion.[1] Dkt. No. 183-1, Ex. 2 at 173:15-177:17.

Courts will preclude a party from seeking damages on a particular theory where it is too speculative. *Farris v. Int'l Paper, Inc.*, 2014 WL 6473273, at *2 (C.D. Cal. Nov. 17, 2014); *accord Ortega v. Regents of Univ. of Cal.*, No. C 11-4031 PSG, 2013 WL 23621702, at *1 (N.D. Cal. Feb. 15, 2013) (granting in part motion in limine to exclude evidence of speculative damages); *Shannon v. Crowley*, 538 F. Supp. 476, 484 (N.D. Cal. 1981) (granting motion in limine to exclude damages evidence as not having sufficient evidentiary support and being too speculative); *see also Food Safety Net Servs. v. Eco Safe Sys. USA, Inc.,* 209 Cal. App. 4th 1118, 1132 (2012) (contract

---

[1] Suhy speculated during deposition that PureThink might have other records reflecting time he spent allegedly working on the Gov't Edition, but could not specifically identify them. Dkt. No. 183-1, Ex. 2 at 173:15-178:24. Defendants did not produce such records during discovery and did not attach any such documents to their opposition to Plaintiffs' motion for summary judgment after Plaintiffs identified this absence of evidence. *See* Dkt. No. 183 at 25:3-16; Dkt. No. 183-1, Ex. 2 at 173:15-178:24; Dk. No. 188 at 24:3-12; Dkt. No. 191 at 14:19-15:2.

Hopkins & Carley
Attorneys At Law
San Jose ♦ Palo Alto

4881-4476-8890.4                                              - 5 -
PLAINTIFFS' MOTION IN LIMINE NO. 5 TO PRECLUDE DEFENDANTS FROM OFFERING A NEW CONTRACT CLAIM/THEORY
AND CERTAIN DAMAGES THEORIES RELATED THERETO                    CASE NO. 5:18-CV-07182-EJD

1  "damages which are speculative, remote, imaginary, contingent, or merely possible cannot serve as

2  a legal basis for recovery").  Defendants should not be allowed to argue that Suhy worked "full

3  time" for two years on the Gov't Edition and that Neo4j USA somehow benefited from that work

4  without having produced any competent evidence to support such a claim.  Thus, the Court should

5  preclude Defendants from arguing and offering, evidence and testimony that PureThink spent the

6  equivalent of $650,000 (or any amount) in the design, develop, and building of the Gov't Edition.

7  **C.  The Court Should Preclude PureThink from Offering Evidence, Testimony and Argument that Neo4jUSA's Alleged Breach of the Exclusivity Contract Resulted in over $1.3 Million in Damages**

8

9  Defendants indicated in their opposition to Plaintiffs' summary judgment motion that their

10  claim for over $1.3 million in actual damages is for PureThink's alleged loss of the CKGE Contract

11  with the IRS.  *See* Dkt. No. 188 at 24:13-14.  As detailed in Plaintiffs' Motion in Limine No. 2,

12  Neo4j USA had an absolute First Amendment right to protest IRS' award of the CKGE Contract

13  to PureThink under the *Noerr–Pennington* doctrine.  *See Octane Fitness, LLC v. ICON Health &*

14  *Fitness, Inc*., 572 U.S. 545, 555–56 (2014) (under the *Noerr–Pennington* doctrine "defendants are

15  immune from antitrust liability for engaging in conduct … aimed at influencing decision making

16  by the government").   By agreeing to dismiss their IIPEA claim with prejudice in the face of a

17  motion to dismiss, Defendants conceded that Neo4j USA had a constitutional right to protest that

18  award.  *See* Dkt. Nos. 171, 172 and 176.  Thus, PureThink's attempt to recover over $1.3 million

19  in damages for the alleged loss of CKGE Contract is improper and the evidence in support thereof

20  is irrelevant and inadmissible.  *See Empress LLC v. City & Cty. of San Francisco*, 419 F.3d 1052,

21  1056 (9th Cir. 2005) (recognizing that the *Noerr-Pennington* doctrine shields individuals and

22  entities from liability for petitioning any part of the government for redress, even if the outcome of

23  the petitioning results in harm to a competitor).

24  In their opposition to Plaintiffs' recent motion for summary judgment, Defendants also cited

25  to a spreadsheet of Neo4j USA's government sales as somehow establishing its alleged damages.

26  *See* Dkt. No. 188. at 24:13-14.  However, Defendants did not identify any evidence establishing

27  that but for the termination, PureThink would have sold the Gov't Edition to them.  Without any

28  evidence that could establish a causal connection, PureThink cannot simply speculate that they

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

4881-4476-8890.4                                    - 6 -
PLAINTIFFS' MOTION IN LIMINE NO. 5 TO PRECLUDE DEFENDANTS FROM OFFERING A NEW CONTRACT CLAIM/THEORY
AND CERTAIN DAMAGES THEORIES RELATED THERETO                    CASE NO. 5:18-CV-07182-EJD

1    would have made any of those sales.  *See Dolphin Tours, Inc. v. Pacifico Creative Serv., Inc.*, 773

2    F.2d 1506, 1509-10 (9th Cir. 1985) (plaintiff must provide evidence such that trier of fact is "not

3    left to 'speculation or guesswork' in determining the amount of damages to award").

4         More importantly, "when a plaintiff claims lost profits associated with new customers,

5    'damages may be established with reasonable certainty with the aid of expert testimony, economic

6    and financial data, market surveys and analyses, business records of similar enterprises, and the

7    like.'" *Urica, Inc. v. Pharmaplast S.A.E.*, 2013 WL 12123230, at *11 (C.D. Cal. May 6, 2013)

8    (quoting *Universe v. In2Labs*, 95 Cal. App. 4th 870, 884 (2002)).  However, PureThink did not

9    proffered any economic analyses, market surveys, or expert analysis.  *See id.*  Nor did it produce

10   necessary examples of profits of comparable businesses, or the profits of companies operating

11   under similar exclusive dealing arrangements. *See id.*  Under such circumstances, courts exclude

12   damage theories based on speculation and guesswork, and are not "sufficiently probative."

13   *Shannon v. Crowley*, 538 F.Supp. 476, 483–84 (N.D. Cal. 1981); *see also Food Safety Net Servs.*

14   *v. Eco Safe Sys. USA, Inc.,* 209 Cal. App. 4th 1118, 1132 (2012) (recognizing "lost profits based

15   on a future contract cannot be recovered when the contract is uncertain or speculative"); *Master*

16   *Replicas, Inc. v. Levitation Arts, Inc.*, 2009 WL 10670674 (C.D. Cal. May 13, 2009).

17   **IV.    CONCLUSION**

18        In light of the foregoing, the Court should grant this motion and issue an order precluding

19   Defendants from offering any and all argument, testimony and evidence purported to support their

20   claims for (1) $650,000 in restitution; (2) actual damages in excess of $1.3 million for the alleged

21   lost of the CKGE Contract with the IRS; (3) future lost sales based on sales Neo4j USA made after

22   discontinuing the Neo4j Gov't edition; and (4) an alternative claim for nominal damages.

23   Dated:  September 8, 2023               HOPKINS & CARLEY
                                             A Law Corporation
24

25                                          By: */s/ Jeffrey M. Ratinoff*
                                                Jeffrey M. Ratinoff
26                                              Attorneys for Plaintiffs and
                                                Counter-Defendants
27                                              NEO4J, INC. and NEO4J SWEDEN AB

28

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

4881-4476-8890.4                          - 7 -
PLAINTIFFS' MOTION IN LIMINE NO. 5 TO PRECLUDE DEFENDANTS FROM OFFERING A NEW CONTRACT CLAIM/THEORY
AND CERTAIN DAMAGES THEORIES RELATED THERETO                          CASE NO. 5:18-CV-07182-EJD