John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Bar No. 197241
jratinoff@hopkinscarley.com
Arthur E. Rothrock, Bar No. 312704
arothrock@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA 95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:    (408) 286-9800
Facsimile:    (408) 998-4790

Attorneys for Plaintiffs and Counter-Defendants
NEO4J, INC. and NEO4J SWEDEN AB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, NEO4J SWEDEN, AB, <br><br> Plaintiffs, <br><br> v. <br><br> PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS. | CASE NO.  5:18-cv-07182-EJD <br><br> **PLAINTIFFS' MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE, ARGUMENT AND TESTIMONY REFUTING NEO4J SWEDEN AB'S OWNERSHIP OF THE COPYRIGHTS TO NEO4J® EE** <br><br> Date:         October 12, 2023 <br> Time:         11:00 a.m. <br> Dept.:        Courtroom 4, 5th Floor <br> Judge:        Hon. Edward J. Davila |

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

4888-3830-4380.2

PLAINTIFFS' MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE, ARGUMENT AND TESTIMONY REFUTING NEO4J SWEDEN'S
OWNERSHIP OF THE COPYRIGHTS TO NEO4J® EE
CASE NO. 5:18-CV-07182-EJD

1   Plaintiffs Neo4j, Inc. and Neo4j Sweden AB (collectively "Plaintiffs") file this Motion in
2   Limine No. 6 to Exclude Evidence, Argument and Testimony Refuting Neo4j Sweden AB's
3   Ownership of the Copyrights to Neo4j® EE pursuant to Federal Rules of Evidence 402 and 403.

4   ## I.   INTRODUCTION

5   Plaintiffs seek the exclusion of all evidence, testimony and argument by Defendants that
6   Neo4j Sweden AB ("Neo4j Sweden") does not own the copyrights to the source code files for
7   Neo4j® EE software that are subject to Plaintiffs' DMCA claim.  The Court previously recognized
8   in its May 18, 2021 summary judgment order that this was not a disputed issue, and Defendants
9   confirmed the same under oath in deposition testimony and verified interrogatory responses.  Even
10  if there were not the case, courts recognize that ownership of the underlying copyright is not
11  necessary to have standing to assert DMCA claim for the unauthorized removal of CMI pursuant
12  to 17 U.S.C. § 1202(b).  Consequently, Neo4j Sweden's ownership of the copyrights to Neo4j
13  software is not relevant to any claims or defenses that remain to be tried, and allowing further
14  litigation over that issue would be waste of judicial resources and cause undue delay.  The Court
15  should thus preclude Defendants from offering all such evidence, witness testimony and argument
16  pursuant to Rules 402 and 403 of the Federal Rules of Evidence.

17  ## II.   PROCEDURAL BACKGROUND

18  On May 18, 2021, the Court issued its order granting Neo4j USA's motion for summary
19  judgment on its Lanham Act and mirror claims under the UCL.  Dkt. No. 118.  In that order, the
20  Court found that "Neo4j Sweden owns of all copyrights related to the Neo4j graph database
21  platform, including the source code, and has licensed those copyrights to Neo4j USA." *Id.* at 2:16-
22  18 (citing Dkt. No. 98-2, ¶¶ 3-4).  This was based on Defendants confirming in opposition to Neo4j
23  USA's false advertising claim based on Defendants' removal of the Commons Clause from the
24  Neo4j Sweden Software License that this was an ***undisputed fact***:

25  | Fact 80:  Neo4j Sweden is the owner of all copyrights in Neo4j® CE and Neo4j® EE, including the source code and has licensed said copyrights to Neo4j USA.  Rathle Decl., ¶¶ 3-4. | UNDISPUTED |

27  Dkt. 100, Ex. A at p. 28 (ECF Page 70 of 100).  Defendants then unsuccessfully appealed the
28  Court's May 18, 2021 order on other grounds.  Dkt. Nos. 140-143.  Thus, this was a settled issue.

Hopkins & Carley
Attorneys At Law
San Jose ♦ Palo Alto

4888-3830-4380.2
PLAINTIFFS' MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE, ARGUMENT AND TESTIMONY REFUTING NEO4J SWEDEN'S
OWNERSHIP OF THE COPYRIGHTS TO NEO4J® EE                                    CASE NO. 5:18-CV-07182-EJD

In opposition to Plaintiffs' second motion for summary judgment, however, Defendants reversed their position with respect to Plaintiffs' DMCA claim where they disputed Neo4j Sweden's ownership of the copyrights to Neo4j® EE. This was based on the argument that "Neo4 does not own the complete code to [Neo4j® EE]" because it purportedly did not produce any contributor license agreements in response to Defendants' discovery requests.  Dkt. No. 188, Ex. A at p. 1 (ECF Page 30 of 72).  However, Defendants did explain why they belatedly raised this issue, which contradicted their prior admission.  There was seemingly no excuse as Neo4j Sweden had served those responses on February 28, 2020 - almost a year **prior** Defendants **admitting** that Neo4j Sweden was the owner of **all copyrights** to Neo4j® EE.  *Compare* Dkt. No. 188-2, Ex. 32 *and* Dkt. 100, Ex. A at p. 28.

## III.   ARGUMENT

### A.   The Law of Case Doctrine Bars Defendants from Asserting at Trial that Neo4j Sweden Does Not Own the Copyrights to the Neo4j Software Subject to Plaintiffs' Lanham Act and DMCA Claims

The law of the case doctrine applies to <u>all</u> legal and factual issues already decided by the same court or a higher court.  *Richardson v. United States*, 841 F.2d 993, 996 (9th Cir. 1988) (under the law of the case, "a court is ordinarily precluded from reexamining an issue previously decided by the same court, or a higher court, in the same case."); *accord Pit River Home & Agr. Co-op. Ass'n v. United States*, 30 F.3d 1088, 1096 (9th Cir. 1994).   The doctrine applies to issues decided explicitly or by necessary implication in the court's prior ruling. *Leslie Salt Co. v. United States*, 55 F.3d 1388, 1393 (9th Cir.), *cert. denied*, 516 U.S. 955 (1995).  Even "summary" treatment of a legal or factual issue becomes the law of the case.  *Id.* at 1392

In particular, the law of the case applies to uncontested facts established during pretrial proceedings. *United States v. Phillips*, 367 F.3d 846, 856 (9th Cir. 2004) (holding that the law of the case precluded the court from reconsidering a factual issue that defendant agreed was uncontested on a pretrial motion); *SAS v. Sawabeh Info. Servs. Co.*, 2015 WL 12763541, at *8 (C.D. Cal. June 22, 2015) (recognizing that factual findings that were a predicate to reach a legal

/ / /

/ / /

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

4888-3830-4380.2                                           - 2 -
PLAINTIFFS' MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE, ARGUMENT AND TESTIMONY REFUTING NEO4J SWEDEN'S
OWNERSHIP OF THE COPYRIGHTS TO NEO4J® EE                                   CASE NO. 5:18-CV-07182-EJD

1    conclusion in granting summary judgment become law of the case).  Finally, the doctrine requires

2    that the decision of an appellate court on a legal or factual issue must be followed in all subsequent

3    proceedings in the same case. *Herrington v. County of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993);

4    *accord Aquino v. Cnty. of Monterey Sheriff's Dep't*, No. 5:14-CV-03387-EJD, 2018 WL 3845718,

5    at *1 (N.D. Cal. Aug. 12, 2018) (citing same).

6          As detailed above, in opposition to Neo4j USA's Phase 1 summary judgment motion,

7    Defendants **confirmed** that "Neo4j Sweden is the owner of all copyrights in Neo4j® CE and

8    Neo4j® EE, including the source code…." Dkt. 100, Ex. A at p. 28 (ECF Page 70 of 100).  The

9    Court then adopted this as an undisputed fact in its order granting Neo4j USA's motion.  Dkt. No.

10   118 at 2:16-18.  Due to Defendants' appeal of this Court's May 18, 2021 order and the Ninth Circuit

11   affirmation thereof, Neo4j Sweden's ownership of the copyrights to the software that is subject to

12   both its Lanham Act and DMCA claims is law of the case.  *See Phillips*, 367 F.3d at 856;

13   *Herrington*, 12 F.3d at 904.  The Court should therefore preclude Defendants from attempting to

14   challenge this now-established fact at trial.

15        **B.    Defendants are Judicially Estopped from Arguing at Trial the Neo4j Sweden**
16   **Does Not Own the Copyrights to Neo4j® EE**

17        Judicial estoppel is an equitable doctrine that prevents a litigant from taking contradictory

18   positions. *See Rissetto v. Plumbers and Steamfitters Local 343*, 94 F.3d 597, 600 (9th Cir. 1996)

19   (judicial estoppel "precludes a party from gaining an advantage by taking one position, and then

20   seeking a second advantage by taking an incompatible position").  The purpose of the doctrine is

21   to protect the integrity of the judicial process by prohibiting parties from deliberately changing

22   positions according to the exigencies of the moment.  *New Hampshire v. Maine*, 532 U.S. 742, 750-

23   51 (2001); *Rockwell Int'l Corp. v. Hanford Atomic Metal Trades Council*, 851 F.2d 1208, 1210 (9th

24   Cir. 1988) (judicial estoppel is "intended to protect against a litigant playing 'fast and loose with

25   the courts'").  The doctrine "applies to a party's stated position, regardless of whether it is an

26   expression of intention, a statement of fact, or a legal assertion." *Helfand v. Gerson*, 105 F.3d 530

27   (9th Cir. 1997).

28   / / /

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

4888-3830-4380.2                                          - 3 -
PLAINTIFFS' MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE, ARGUMENT AND TESTIMONY REFUTING NEO4J SWEDEN'S
OWNERSHIP OF THE COPYRIGHTS TO NEO4J® EE                                    CASE NO. 5:18-CV-07182-EJD

Defendants have known about the alleged absence of contributor license agreements since January 15, 2020 when Neo4j Sweden served the discovery responses. *See* Dkt. No. 88-2, Ex. 32. Eleven months later, Defendants ***confirmed*** that it was undisputed that Neo4j Sweden owned all the copyrights to Neo4j® EE. *See* Dkt. 100, Ex. A at p. 28 (ECF Page 70 of 100).   Defendants then took the inapposite position on Neo4j Sweden's ownership of the copyrights to Neo4j® EE in an attempt to avoid summary judgment on Plaintiffs' DMCA claim three years later during Phase 2. See Dkt. No. 188, Ex. A at p. 1.  Despite being aware of the alleged lack of contributor license agreement for over three years and taking the inapposite position during Phase 1, Defendant failed to explain their belated flip-flop.  Consequently, they should be judicially estopped from taking this inexplicable, inconsistent position at trial. *See New Hampshire*, 532 U.S. at 749 (2001) ("[a]bsent any good explanation, a party should not be allowed to gain an advantage by litigation on one theory, and then seek an inconsistent advantage by pursuing an incompatible theory") (citing 18B C. Wright, A. Miller, & E. Cooper, Fed. Prac. & Proc. § 4477); *Cleveland v. Policy Management Systems Corp.*, 526 U.S. 795, 806 (1999) (stating that a party must "provide a sufficient explanation" for a prior inconsistent position to defeat summary judgment).

### C.     Testimony, Evidence and Argument that Neo4j Sweden Should be Excluded Pursuant to FRE 402 and 403

Under Rule 401 of the Federal Rules of Evidence, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence ... and the fact is of consequence in determining the action." Fed. R. Evid. 401(a)-(b). "Relevancy simply requires that the evidence logically advance a material aspect of the party's case." *United States v. Ruvalcaba-Garcia*, 923 F.3d 1183, 1188 (9th Cir. 2019) (internal quotations omitted). Rule 402 of the Federal Rule of Evidence provides that evidence, which is not relevant, is not admissible. Fed. R. Evid. 402; *United States v. Schaff*, 948 F.2d 501 (9th Cir. 1991).  Even if evidence is relevant, it must be excluded when its "probative value is substantially outweighed by a danger of one or more of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *See* Fed. R. Evid. 403; *see also Old Chief v. United States*, 519 U.S. 172, 180 (1997).

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ◆PALO ALTO

4888-3830-4380.2

- 4 -

PLAINTIFFS' MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE, ARGUMENT AND TESTIMONY REFUTING NEO4J SWEDEN'S OWNERSHIP OF THE COPYRIGHTS TO NEO4J® EE
CASE NO. 5:18-CV-07182-EJD

1    Even if Defendants could justify contradicting their prior position and the Court's prior

2    findings, the alleged fact that Neo4j Sweden may not own all of the copyrights for the source code

3    files for Neo4j® software is irrelevant to Plaintiffs' DMCA claim.  This is because "[n]othing in

4    the DMCA limits standing to the copyright owner. *Echostar Satellite, L.L.C. v. Viewtech, Inc.*, 543

5    F. Supp. 2d 1201, 1205 (S.D. Cal. 2008); *accord RealNetworks, Inc. v. Streambox, Inc.*, No.

6    2:99CV02070, 2000 WL 127311 at *6 (W.D.Wash. Jan. 18, 2000) (finding that a non-copyright

7    owner "has standing to pursue DMCA claims under 17 U.S.C. § 1203). Rather, the DMCA states

8    that "[a] ny person injured by a violation of section 1201 or 1202 may bring a civil action in an

9    appropriate United States district court for such a violation." 17 U.S.C. § 1203(a).

10    More importantly, the alleged DMCA violations are Defendants' unauthorized removal of

11    copyright management information from 28 copies of the Neo4j Sweden Software License that

12    governed 182 source code files in Neo4j® EE.  Dkt. No. 90 at ¶¶ 76-78, 166-173; Dkt. No. 183 at

13    6:18-7:4, 9:27-10:10.  Defendants confirmed in verified interrogatory responses that Neo4j Sweden

14    ***never released*** the 182 source code files under either the GPL or AGPL, and instead they were

15    released for the first time under the Neo4j Sweden Software License.  Dkt. No. 98-1, Ex. 38 at

16    6:22-7:1, 8:4-16:24; Dkt. No. 188, Ex. A at UDF No. 13 (**UNDISPUTED** that there were at least

17    182 source code files released under AGPL + Commons clause"); *see also* Dkt. No. 118 at 6:18-

18    21.  This means no third parties could have contributed to those files under either the GPL or AGPL

19    prior to their release, and that Neo4j Sweden is the owner of the copyrights to those 182 files.  Thus,

20    any attempt by Defendants to offer testimony, evidence or argument that Neo4j Sweden does not

21    own the copyrights to the source code files subject to Plaintiffs' DMCA claim would also be a

22    waste of the parties and the Court's time, and would result in the undue delay in the adjudication

23    of Plaintiffs' DMCA claim.

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

4888-3830-4380.2                                                        - 5 -

PLAINTIFFS' MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE, ARGUMENT AND TESTIMONY REFUTING NEO4J SWEDEN'S
OWNERSHIP OF THE COPYRIGHTS TO NEO4J® EE                     CASE NO. 5:18-CV-07182-EJD

IV.    **CONCLUSION**

In light of the foregoing, the Court should preclude Defendants from offering any and all argument, testimony and evidence that Neo4j Sweden does not own the copyrights for Neo4j® CE and Neo4j® EE, and in particular the source code files subject to Plaintiffs' DMCA claims.

Dated:  September 8, 2023

HOPKINS & CARLEY
A Law Corporation

By: */s/ Jeffrey M. Ratinoff*
Jeffrey M. Ratinoff
Attorneys for Plaintiffs and
Counter-Defendants
NEO4J, INC. and NEO4J SWEDEN AB

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ PALO ALTO

4888-3830-4380.2
- 6 -
PLAINTIFFS' MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE, ARGUMENT AND TESTIMONY REFUTING NEO4J SWEDEN'S
OWNERSHIP OF THE COPYRIGHTS TO NEO4J® EE                                                    CASE NO. 5:18-CV-07182-EJD