Adron W. Beene SB# 129040
Adron G. Beene SB# 298088
Attorney at Law
7960 Soquel Drive Ste B #296
Aptos CA 95003
Tel: (408) 392-9233
adron@adronlaw.com

Attorneys for defendants:
PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation,<br>Plaintiffs,<br>v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. 5:18-CV-7182 EJD<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE EVIDENCE REGARDING DEFENDANTS' UNCLEAN HANDS DEFENSE**<br><br>Date: October 12, 2023<br>Time: 11:00 a.m.<br>Dept. Courtroom 4, 5th floor<br>Judge: Hon. Edward J. Davila<br><br>Trial Date November 14, 2023 |

**1. Plaintiffs' motion in limine #1 is an improper dispositive motion.**

Motion one is another attack on the unclean hands defense. These issues have been briefed at length in the motion for summary judgment. Using motions in limine as dipositive motions in improper. *Bradley v. Pittsburgh*

1  *Bd. of Educ.*, 913 F.2d 1064, 1069–70, 62 Ed. Law Rep. 894 (3d Cir. 1990) §

2  1:4. In limine law and procedure—Typical use of motion—Limitations on use,

3  Federal Motions in Limine § 1:4

4      Defendant intends to introduce evidence of Plaintiffs' unclean hands in

5  this action.

6  **2.  Plaintiffs' motion in limine is unnecessary.**

7      "Motions in limine are usually unnecessary in a bench trial..."

8      Standing Order For Civil Bench Trials Before District Judge Jon S.

9  Tigar, Section E.

10     "Because the judge rules on this evidentiary motion, in the case of a

11 bench trial, a threshold ruling is generally superfluous." *United States v.*

12 *Heller,* 551 F.3d 1108, 1112 (9th Cir. 2009)

> The "standard of relevance established by the Federal Rules of Evidence is not high." United States v. Southland Corp., 760 F.2d 1366, 1375 (2d Cir. 1985). Rule 401 defines relevant evidence as evidence that has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. "While the Rules of Evidence apply with equal force in jury and non-jury trials, courts often apply the relevance standard with little rigor during a bench trial." Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc., No. 01-CV-3796, 2004 WL 1970144, *5 (S.D.N.Y. Sept. 3, 2004). The Second Circuit has noted that "the admission of evidence in a bench trial is rarely ground for reversal, for the trial judge is presumed to be able to exclude improper inferences from his or her own decisional analysis." BIC Corp. v. Far Eastern Source Corp., 23 Fed. Appx. 36, 39 (2d Cir. 2001) (citations omitted). Thus, while standards for admissible evidence are not "out the window entirely" in a bench trial, "all doubts at a bench trial should be resolved in favor of admissibility." Dreyful Ashby, Inc. v. S/S "Rouen", 88-CV-2890, 1989 WL 151685, *2 (S.D.N.Y. 1989)

Coon v. Bell, No. 116CV291MADDJS, 2019 WL 3975547, at *3 (N.D.N.Y. Aug. 22, 2019) (Not Reported)

**3. Defendants' evidence of Plaintiffs' unclean hands is relevant and admissible**

Federal Rules of Evidence Rule 402 provides in relevant part, "Relevant evidence is admissible unless any of the following provides otherwise:

• the United States Constitution;

• a federal statute;

• these rules; or

• other rules prescribed by the Supreme Court." (Emphasis added.)

Under Federal Rules of Evidence Rule 401, "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Huddleston v. U.S., 485 U.S. 681, 682–92, 108 S. Ct. 1496, 99 L. Ed. 2d 771, 25 Fed. R. Evid. Serv. 1 (1988); U.S. v. Brandon, 17 F.3d 409, 443–46 (1st Cir. 1994) (rejected on other grounds, by, U.S. v. Stockheimer, 157 F.3d 1082 (7th Cir. 1998)).

Under Federal Rules of Evidence Rule 402, evidence is presumed to be admissible if it is relevant. Jacques v. Clean-Up Group, Inc., 96 F.3d 506, 516, 18 A.D.D. 32, 45 Fed. R. Evid. Serv. 780 (1st Cir. 1996) (Rule 403 is a liberal Rule, under which relevant evidence is generally allowed).

Federal Rules of Evidence Rule 403 should not be at issue here as the parties have agreed to a bench trial, and there is no jury to prejudice.

> The standard for evidence to support an unclean hands defense is broad:
>> "Trademark law's unclean hands defense springs from the rationale that "it is essential that the plaintiff should not in his trade mark, or in his advertisements and business, be himself guilty of any false or misleading representation." *Worden v. Cal. Fig Syrup Co.,* 187 U.S. 516, 528, 23 S.Ct. 161 (1903)." *Japan*

*Telecom, Inc. v. Japan Telecom America Inc.* 287 F.3d 866, 870–871 (9th Cir. 2002).

Neo4j USA's Lanham Act and related UCL Claims are subject to the reserved unclean hands defense. Dkt. 118 p.34:9-14. Defendants should not be prevented from presenting evidence that Plaintiffs' claims are barred under the unclean hands defense.

Neo4J has been guilty of false and misleading representations in the application for the Neo4J trademark (false representations on application and concealment of falsity), falsely representing the scope of the AGPL, changing the AGPL in violation of FSF' copyright, using FSF' trademark "AGPL" to misrepresent the license when they license and relicenses are not AGPL compliant. They take the benefits of contributors who developed portions of the software then convert the software to commercial software profiting off the work of the contributors. And misrepresent the scope fo the AGPL license to require open access to users databases. This conduct violates the standard in *Worden v. Cal. Fig Syrup Co.,* 187 U.S. 516, 528, 23 S.Ct. 161 (1903).

As much of the conduct Neo4J complains of was based on GFI's conduct, the unclean hands defense is more glaring. GFI competes in the open source software development company with Neo4J software. Dkt 65 1:¶5, (in GFI case 5:19-cv-6226.). GFI broadly competes with Neo4J USA. Dkt 65 2:¶8. As alleged in the GFI case, (Dkt. 65) GFI licensed a Neo4J software AGPL version under the name ONgBD. The GFI defendants were involved in marketing, and licensing OngDB. The GFI defendants violated the DCMA. GFI used free and open software from Neo4J Sweden's repository where anyone can download and use the free software subject to the terms of the

Case 5:18-cv-07182-EJD   Document 200   Filed 09/22/23   Page 5 of 7

AGPL license. GFI got the software from NEO4J Sweden's repository. A repository is where free software programs are available. GFI downloaded Neo4J software under the AGPL. It is an open source version, so GFI is free to change it and distribute it. GFI put it on a GFI repository. Dkt 65 GFI allowed third parties to download the software. By 2019, GFI had over 1000 downloads of its Neo4J version called ONgDB. People expressed confusion about GFI's ONgDB Dkt 65. Neo4J sued GFI and other parties in a different case for Trademark Infringement, False Advertising And False Designation Of Origin, Federal And State Unfair Competition, Violations of DCMA, and Breach of License Agreement Dkt 65.

The GFI case was terminated by judgment. Dkt 110 (in GFI case 5:19-cv-6226.) Judgment was granted to Neo4J USA and Neo4J Sweden on all claims for GFI's GraphGrid, Inc and ATOM RAIN Inc. infringment, false designation of origin, unfair competition, violations of the DMCA and breach of license. Under principals of claim preclusion, the conduct of the GFI defendants is fully and completely resolved and may not be litigated again. *Sonner v. Premier Nutrition Corp.*, 49 F.4th 1300, 1306 (9th Cir. 2022)

Neo4J now wants to blame IGOV for what GFI did. For example, they suggested GFI "pirated" the software. GFI used the Neo4J open source version anyone can use. They did not pirate the software. But IGOV was not involved in GFI's licensing. IGOV only provides support for the IRS' software platform. Neo4J software is a subpart of the platform; the IRS' use is for the data engine. The IRS does not violate the AGPL as changed, because they sell nothing with the software.

Since Neo4J is guilty of false and misleading representations throughout it obtaining and maintaining its registered trademark, its business and marketing using the registered trademark the evidence is relevant and should be admitted to foreclose Neo4J from any remedy.

## 4. CONCLUSION

Based on the foregoing, defendant respectfully requests that this Court enter an order denying plaintiffs' motion in limine no. 1.

Dated: September 22, 2023

　　　　　　　　　　　　　　　　__/s/ Adron W. Beene_____
　　　　　　　　　　　　　　　　Adron W. Beene SB# 129040
　　　　　　　　　　　　　　　　Adron G. Beene SB# 298088
　　　　　　　　　　　　　　　　Attorneys At Law
　　　　　　　　　　　　　　　　7960 Soquel Drive, Suite B #296
　　　　　　　　　　　　　　　　Aptos, CA 95003
　　　　　　　　　　　　　　　　Tel: (408) 392-9233
　　　　　　　　　　　　　　　　adron@adronlaw.com

　　　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　　　PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY

**ATTESTATION OF E-FILED SIGNATURE**

Pursuant to Local Rule 5-1(i)(3), I hereby certify that I have obtained the concurrence in the filing of this document from all signatories for whom a signature is indicated by a "conformed" signature (/s/) within this electronically filed document and I have on file records to support this concurrence for subsequent production to the Court if so ordered or for inspection upon request.

Dated:  September 22, 2023

>*/s/ Adron G. Beene*
> Adron W. Beene
> Adron G. Beene
> Attorneys At Law
> 7960 Soquel Drive, Suite B #296
> Aptos, CA 95003
> Tel: (408) 392-9233
>
> Attorneys for Defendants and
> Counter-Claimants
> PURETHINK LLC, IGOV INC., and
> JOHN MARK SUHY