Adron W. Beene SB# 129040
Adron G. Beene SB# 298088
Attorney at Law
7960 Soquel Drive Ste B #296
Aptos CA 95003
Tel: (408) 392-9233
adron@adronlaw.com

Attorneys for defendants:
PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation,<br>Plaintiffs,<br>v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. 5:18-CV-7182 EJD<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE RELATING TO DEFENDANTS' NOW-DISMISSED INTENTIONAL INTERFERENCE CLAIMS**<br><br>Date: October 12, 2023<br>Time: 11:00 a.m.<br>Dept. Courtroom 4, 5th floor<br>Judge: Hon. Edward J. Davila<br><br>Trial Date November 14, 2023 |

Defendant hereby submits the following opposition to plaintiff's motion in limine no. 2 regarding defendants' intentional interference claims.

This opposition is made under the provisions of the Federal Rules of Evidence 401, 402, and 403 and related case law and is based upon the pleadings and papers on file in this action, and upon such of the argument and evidence as may be presented prior to or at the hearing of this matter.

While Plaintiffs' Motion in Limine No. 2 is framed around the IIPEA claims, its purpose is to categorically exclude the statements Neo4J made to the government, to again frustrate the unclean hands defense and defenses to the confusion over defendants' use of the Neo4J mark and false designation of origin. The position is Neo4J's statements to the government are protected speech. Neo4J's speech, does, however, show there was no confusion between the IRS on the status of Purethink and Neo4J. The scope of the Neo4J AGPL license was explained to the IRS. Neo4J told the government Suhy was a criminal. There is no position on the likely hood of confusion that defendants were related to or part of Neo4J. Thus, the statements from Neo4J to the IRS and government are relevant to support a complete defense to the Lanham Act claims and the unclean hands claim.

**1. Plaintiffs' motion in limine is unnecessary.**

"Motions in limine are usually unnecessary in a bench trial..."

Standing Order For Civil Bench Trials Before District Judge Jon S. Tigar, Section E.

"Because the judge rules on this evidentiary motion, in the case of a bench trial, a threshold ruling is generally superfluous." United States v. Heller, 551 F.3d 1108, 1112 (9th Cir. 2009)

> The "standard of relevance established by the Federal Rules of Evidence is not high." United States v. Southland Corp., 760 F.2d 1366, 1375 (2d Cir. 1985). Rule 401 defines relevant evidence as evidence that has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. "While the Rules of Evidence apply with equal force in jury and non-jury trials, courts often apply the relevance standard with little rigor during a bench trial." Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc., No. 01-CV-3796, 2004 WL 1970144, *5 (S.D.N.Y. Sept. 3, 2004). The Second Circuit has noted that "the admission of evidence in a bench trial is rarely ground for reversal, for the trial judge is presumed to be able to exclude improper inferences from his or her own decisional analysis." BIC Corp. v. Far Eastern Source Corp., 23 Fed. Appx. 36, 39 (2d Cir. 2001) (citations omitted). Thus, while standards for admissible evidence are not "out the window entirely" in a bench trial, "all doubts at a bench trial should be resolved in favor of admissibility." Dreyful Ashby, Inc. v. S/S "Rouen", 88-CV-2890, 1989 WL 151685, *2 (S.D.N.Y. 1989)

Coon v. Bell, No. 116CV291MADDJS, 2019 WL 3975547, at *3 (N.D.N.Y. Aug. 22, 2019) (Not Reported)

**2. Defendants' evidence of Plaintiffs' communications with the IRS and government is relevant and admissible.**

Federal Rule of Evidence 402 provides in relevant part, "Relevant evidence is admissible unless any of the following provides otherwise:

• the United States Constitution;

• a federal statute;

• these rules; or

• other rules prescribed by the Supreme Court." (Emphasis added.)

Under Federal Rule of Evidence 401, "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without

the evidence; and (b) the fact is of consequence in determining the action." Huddleston v. U.S., 485 U.S. 681, 682–92, 108 S. Ct. 1496, 99 L. Ed. 2d 771, 25 Fed. R. Evid. Serv. 1 (1988); U.S. v. Brandon, 17 F.3d 409, 443–46 (1st Cir. 1994) (rejected on other grounds, by, U.S. v. Stockheimer, 157 F.3d 1082 (7th Cir. 1998)).

Under Rule 402, evidence is presumed to be admissible if it is relevant. Jacques v. Clean-Up Group, Inc., 96 F.3d 506, 516, 18 A.D.D. 32, 45 Fed. R. Evid. Serv. 780 (1st Cir. 1996) (Rule 403 is a liberal Rule, under which relevant evidence is generally allowed).

Rule 403 should not be at issue here as the parties have agreed to a bench trial, and there is no jury to prejudice.

As Neo4J's statements to the IRS and government support defendants' Lanham Act and unclean hands defenses, they are relevant and admissible.

## 3. CONCLUSION

Based on the foregoing, defendant respectfully requests that this Court enter an order denying plaintiffs' motion in limine no. 2.

Dated: September 22, 2023

                          */s/ Adron W. Beene*
Adron W. Beene SB# 129040
Adron G. Beene SB# 298088
Attorneys At Law
7960 Soquel Drive, Suite B #296
Aptos, CA 95003
Tel: (408) 392-9233
adron@adronlaw.com
Attorneys for Defendants
PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY

**ATTESTATION OF E-FILED SIGNATURE**

Pursuant to Local Rule 5-1(i)(3), I hereby certify that I have obtained the concurrence in the filing of this document from all signatories for whom a signature is indicated by a "conformed" signature (/s/) within this electronically filed document and I have on file records to support this concurrence for subsequent production to the Court if so ordered or for inspection upon request.

Dated:  September 22, 2023

                                            */s/ Adron G. Beene*
                                            Adron W. Beene
                                            Adron G. Beene
                                            Attorneys At Law
                                            7960 Soquel Drive, Suite B #296
                                            Aptos, CA 95003
                                            Tel: (408) 392-9233

                                            Attorneys for Defendants and
                                            Counter-Claimants
                                            PURETHINK LLC, IGOV INC., and
                                            JOHN MARK SUHY