Adron W. Beene SB# 129040
Adron G. Beene SB# 298088
Attorneys at Law
7960 Soquel Drive Ste B #296
Aptos CA 95003
Tel: (408) 392-9233
adron@adronlaw.com

Attorneys for defendants:
PURETHINK LLC, a Delaware limited
liability company, IGOV INC., a Virginia
corporation, and JOHN MARK SUHY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation,<br>Plaintiffs,<br>v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. 5:18-CV-7182 EJD<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE, TESTIMONY AND ARGUMENT THAT CONTRADICTS THE COURT'S MAY 18, 2021 SUMMARY JUDGMENT ORDER**<br><br>Date: October 12, 2023<br>Time: 11:00 a.m.<br>Dept. Courtroom 4, 5th floor<br>Judge: Hon. Edward J. Davila<br><br>Trial Date November 14, 2023 |

In in limine motion no. 3, Plaintiffs seek to exclude all evidence, testimony and argument that contradicts the partial summary judgment order, DKT 118. As an initial matter, the Law of the Case Doctrine does not apply to interlocutory orders. *Langevine v. District of Columbia* 106 F.3d 1018, 1023 (D.C. Cir. 1997). Interlocutory orders are not subject to the law of the case doctrine and may "always be reconsidered prior to final judgment." The ruling on the summary judgment motion was a partial ruling subject to change under FRCP 54.

**1. Plaintiffs' motion in limine is improper.**

Plaintiffs do not specify the evidence, testimony, or argument to be excluded. Instead, the motion is a blanket exclusion, which is improper:

> Motions in limine may be inappropriate where it is difficult to specify exactly what evidence is the subject of the motion. Often the trial judge must wait until the context of the trial before the judge can assess the factual context of the evidence and determine the admissibility of it. Actual testimony often defies pretrial predictions of what a witness will say on the stand. U.S. v. Cline, 188 F. Supp. 2d 1287, 1291, 59 Fed. R. Evid. Serv. 99 (D. Kan. 2002), aff'd, 349 F.3d 1276 (10th Cir. 2003). Moreover, a trial judge should not grant an in limine motion to exclude evidence unless the evidence is inadmissible for all purposes. U.S. v. Caputo, 313 F. Supp. 2d 764, 767–68 (N.D. Ill. 2004), opinion vacated on reconsideration, 2004 WL 5576653 (N.D. Ill. 2004), amended in part, 2004 WL 5576652 (N.D. Ill. 2004) (motion granted in this case); West American Ins. Co. v. Moonlight Design, Inc., 126 F. Supp. 2d 1141, 1141–43 (N.D. Ill. 2000); Wagschal v. Sea Ins. Co., Ltd., 861 F. Supp. 263, 265–66 (S.D. N.Y. 1994).

§ 1:4. In limine law and procedure—Typical use of motion—Limitations on use, Federal Motions in Limine § 1:4

**2. Plaintiffs' motion in limine is unnecessary.**

"Motions in limine are usually unnecessary in a bench trial..."

See generally, Standing Order For Civil Bench Trials Before District Judge Jon S. Tigar, Section E.

"Because the judge rules on this evidentiary motion, in the case of a bench trial, a threshold ruling is generally superfluous." United States v. Heller, 551 F.3d 1108, 1112 (9th Cir. 2009)

**3. The GFI defendants evidence should not be applied in this case**

There are three specific problems with the blanket exclusion requested:

1.      In the partial summary judgment order, the Court relied on facts from the Graph Foundation defendants and applied them to the current defendants. This problem should not be compounded through trial. Defendants in this case do not license software as GFI does. IGOV makes no money on software licenses. Lanham Act damages must proximately flow directly from IGOV's advertising. *LexMark Intern., Inc. v. Static Control Components, Inc.* 572 U.S. 118 (2014). Unlike GFI, IGOV does not license software or manage and put software on an open source repository. GFI publishes and manages the ONgDB repository, maintaining and licensing the Neo4J AGPL based software. IGOV's advertisements comparing Neo4J's commercial license with Neo4J's open source version is a comparative advertisement between 2 different versions of Neo4J's software. Neo4J USA's competitor is its subsidiary who releases open source software at no charge so anyone can obtain the software for free. Mr. Suhy was not involved in forming GFI. Dkt 98-1 pg 154 of 1198 pg. 27- 1:14. (Depo of Brad Nussbaum in GFI case)

1    IGOV points people to such resources on github, but IGOV does not
2    engage in the software licensing business. IGOV only provides support for
3    government entities. Government users of Neo4J software are not impacted
4    by the Commons Clause. The Commons Clause, the underpinnings of the
5    false advertising claims (the free and open part), restricts the sale of
6    software. The restriction does not concern the government as they do not sell
7    software. So, there is no direct relationship between the free and open
8    statement and loss of sales to the government. Likewise, under the exclusive
9    sale agreement, Neo4J can have no losses to the government as the sales
10   should have gone to Purethink by contract.

11    The drop in engine part of the advertisement would only apply to people
12   changing from the commercial version to the Neo4J Sweden open source
13   version. Neo4J would have to show they did that because they thought the
14   AGPL version had all the functionality of the commercial version. Again,
15   there must be a direct showing the advertisements were relied upon as
16   interpreted in the Courts ruling. If a party decided to use the AGPL version
17   because it was free-as in no cost-that cannot be a direct tie into the
18   advertisement.  As the GFI defendants were sued for the same conduct and
19   licensed OngDB, Neo4J would have to show the damages did not proximately
20   come from the GFI defendants' actions. Having obtained a judgment from
21   those defendants based on GFI's conduct, Neo4J is precluded from seeking
22   the same claims and damages again. *Sonner v. Premier Nutrition Corp.*, 49
23   F.4th 1300, 1306 (9th Cir. 2022)

24    The Commons clause may impact Graph Foundation's licensees and
25   cause competition between GFI with Neo4J USA software licenses for

commercial businesses that wish to use the software to sell. Such use is restricted by the commons clause. But Neo4J settled out with the defendants in the Graph Foundation case. Dkt. 110 (in GFI case 5:19-cv-6226.)

As much of the conduct Neo4J complains of was based on GFI's conduct, the evidence should not be smudged over to this case. Neo4J brought the same claims against the GFI defendants as GFI created and were licensing ONgDB. As Neo4J claimed, it is GFI who competes in the open source software development company with Neo4J software. Dkt 65 1:¶5, (in GFI case 5:19-cv-6226.). Neo4J states GFI broadly competes with Neo4J USA. Dkt 65 2:¶8. As alleged in the GFI case, (Dkt. 65) GFI licensed a Neo4J software AGPL version under the name ONgBD. The GFI defendants were involved in marketing, and licensing OngDB. The GFI defendants violated the DCMA. GFI got the software from NEO4J Sweden's repository. A repository is where free software programs are available. GFI downloaded Neo4J software under the AGPL. It is an open source version, so GFI is free to change it and distribute it. GFI put it on a GFI repository. Dkt 65. GFI allowed third parties to download the software. By 2019, GFI had over 1000 downloads of its Neo4J version called ONgDB. People expressed confusion about GFI's ONgDB Dkt 65. Neo4J sued GFI and other parties in a different case for Trademark Infringement, False Advertising And False Designation Of Origin, Federal And State Unfair Competition, Violations of DCMA, and Breach of License Agreement Dkt 65.

The GFI case was terminated by judgment. Dkt 110 (in GFI case 5:19-cv-6226.) Judgment was granted to Neo4J USA and Neo4J Sweden on all claims for GFI's, GraphGrid, Inc and ATOM RAIN Inc. infringment, false

1   designation of origin, unfair competition, violations of the DMCA and breach

2   of license. Under principals of claim preclusion, the conduct of the GFI

3   defendants is fully and completely resolved and may not be litigated again.

4   *Sonner v. Premier Nutrition Corp.*, 49 F.4th 1300, 1306 (9th Cir. 2022)

5        All conduct and actions by the GFI defendants have been resolved

6   through a judgment terminating the case. All facts related to the defendants

7   in that action cannot be applied in the motion and should not be applied at

8   trial.

9        **2.**      Defendant Suhy is permitted to explain the replacement of the

10  license under the DMCA damage claim. Neo4J statement the license was

11  removed is half the story. The Neo4J Sweden AGPL with the Commons

12  Clause was removed and replaced with a verbatim version of the AGPL. Its

13  not as if the license was removed and no license remained. The standard

14  AGPL was applied. EX 39 to Ratinoff's Declaration (Dkt 98-1 page 314 of

15  1198) shows Suhy suggested in a commit to the Graph Foundation Github

16  repository for ONgDB. N4J_019041. The screen shot in the evidence is dated

17  10/2/2019. The full text of the commit was Updated the License.txt file to be

18  pure AGPL as to not violate the the fsf copyright and to be in line with the

19  AGPL License. The change was made long before the Court ruled on this

20  issue.  This replacement was done before the Court's Partial Summary

21  Judgment ruling filed on 5-18-21 and the ruling in the Graph Foundation

22  Case on the subject on 11-13-2020. Dkt 118 24:16-25:12. GFI was sued for the

23  same DMCA violation, and that claim has gone to judgment. Dkt 110 in the

24  GFI case.

25

1    At the time Suhy replaced the license with a verbatim copy of the AGPL

2    license, there was no ruling that Neo4J owned the copyright to the AGPL

3    license. As Mr. Kuhn explained, Mr. Suhy's removal of the Commons Clause

4    was permitted under the AGPL. Kuhn report ¶¶74-78.

5    Suhy's replacement of the AGPL was to correct the common

6    understanding that FSF owned the copyright to the AGPL license and Neo4J

7    Sweden could not change FSF's AGPL license.

8    **3.**    Suhy replaced 28 copies of the same licenses in one copy of the

9    software. Presumably removing multiple versions of the same license on one

10   copy of software is one violation.  The removal was in a commit to the Graph

11   Foundation's github repository of OnGDB. Suhy did not release the software

12   to the public. A commit is a recommendation to the repository holder. Suhy

13   did not operate or control GFI's repository. Suhy has no repository for any

14   version of Neo4J software. He does not license software.

15   Statutory Damages under 17 U.S.C. §1203 are $2,500 to $25,000 per

16   violation at the Court's discretion. However, damages may be reduced or

17   remitted under 17 U.S.C. §1203,  (5)

18       (5) INNOCENT VIOLATIONS.-
19       (A) IN GENERAL.-The court in its discretion may reduce or remit
         the total award of damages in any case in which the violator
20       sustains the burden of proving, and the court finds, that the
         violator was not aware and had no reason to believe that its acts
21       constituted a violation.

22   Suhy is not challenging at trial the partial summary judgment ruling

23   that Neo4J Sweden could change "its own copyright license" Dkt 118 25:9.

24   But he should not be barred from proving that he thought at the time of

25   removal and replacement, the AGPL license copyright was owned by FSF and

1    the scope of Neo4J Sweden's use of FSF' AGPL license prevented any changes

2    and required verbatim copies be used on redistribution.

3        **4. Conclusion**

4        Based on the foregoing, defendant respectfully requests that this Court

5    enter an order denying plaintiffs' motion in limine no. 3.

6        Dated: September 22, 2023

7                            ___/s/ Adron W. Beene_____

8                            Adron W. Beene SB# 129040
                            Adron G. Beene SB# 298088

9                            Attorneys At Law

10                           7960 Soquel Drive, Suite B #296
                            Aptos, CA 95003

11                           Tel: (408) 392-9233
                            adron@adronlaw.com

12

13                           Attorneys for Defendants
                            PURETHINK LLC, a Delaware limited

14                           liability company, IGOV INC., a Virginia
                            corporation, and JOHN MARK SUHY

15

16

17

18

19

20

21

22

23

24

25

1

**ATTESTATION OF E-FILED SIGNATURE**

2   Pursuant to Local Rule 5-1(i)(3), I hereby certify that I have obtained the concurrence in the

3   filing of this document from all signatories for whom a signature is indicated by a "conformed"

4   signature (/s/) within this electronically filed document and I have on file records to support this

5   concurrence for subsequent production to the Court if so ordered or for inspection upon request.

6   Dated:  September 22, 2023

7                                                          */s/ Adron G. Beene*
                                                          Adron W. Beene
8                                                          Adron G. Beene
                                                          Attorneys At Law
9                                                          7960 Soquel Drive, Suite B #296
                                                          Aptos, CA 95003
10                                                        Tel: (408) 392-9233

11                                                        Attorneys for Defendants and
                                                          Counter-Claimants
12                                                        PURETHINK LLC, IGOV INC., and
                                                          JOHN MARK SUHY

13

14

15

16

17

18

19

20

21

22

23

24

25