Adron W. Beene SB# 129040
Adron G. Beene SB# 298088
Attorney at Law
7960 Soquel Drive Ste B #296
Aptos CA 95003
Tel: (408) 392-9233
adron@adronlaw.com

Attorneys for defendants:
PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation,<br>Plaintiffs,<br>v.<br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | CASE NO. 5:18-CV-7182 EJD<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 6 TO EXCLUDE EVIDENCE, ARGUMENT AND TESTIMONY REFUTING NEO4J SWEDEN AB'S OWNERSHIP OF THE COPYRIGHTS TO NEO4J® EE**<br><br>Date: October 12, 2023<br>Time: 11:00 a.m.<br>Dept. Courtroom 4, 5th floor<br>Judge: Hon. Edward J. Davila<br><br>Trial Date November 14, 2023 |

Defendant hereby submits the following opposition to plaintiff's motion in limine no. 6 regarding Neo4j Sweden AB's Ownership of the Copyrights to Neo4j® EE.

This opposition is made under the provisions of the Federal Rules of Evidence 401, 402, and 403 and related case law and is based upon the pleadings and papers on file in this action, and upon such of the argument and evidence as may be presented prior to or at the hearing of this matter.

**In Limine Motion 6** seeks to treat separate statement of facts as binding admissions. Neo4J contends because defendants did not dispute a fact in the first summary judgment, they are forever forclosed from doing so. Neo4J Sweden's DMCA claim and claim of ownership of copyright was not an issue in the first summary judgment motion. Neo4J USA flooded the recorded with "material facts" which defendants objected to. (DKT 100, p. 43, Ex. A, pg 1) Neo4J USA improperly used excessive immaterial facts to create a burden on the opposition and this court. See, *Burch v. Regents of Univ. of California,* 433 F. Supp. 2d 1110, 1119 (E.D. Cal. 2006). The "undisputed" to fact 80 of 89 was an oversight and of no consequence to the then pending motion.

Neo4J's lack of 100% ownership of Neo4J software is of consequence to the unclean hands defense and the DMCA claim which were reserved for phase 2. See DKT 118, 34:9-14.

Mr. Kuhn's expert report explains the significance of the lack of contributor assignments (DKT 181-2, p17, Ex 1, pg. 16, ¶104). This point is tied to unclean hands defense because Neo4J Sweden's license to Neo4J USA was not under the AGPL and Neo4J USA commercial license is not under the AGPL. Because Neo4J software includes contributor's

1  copyrighted software which was not assigned to Neo4J Sweden. They do
2  not own 100% of the software and were required to have all licenses of
3  Neo4J software under the AGPL license. AGPL §4.

4  This point is tied to unclean hands defense because "Trademark
5  law's unclean hands defense springs from the rationale that "it is
6  essential that the plaintiff should not in his trade mark, or in his
7  advertisements and business, be himself guilty of any false or misleading
8  representation." *Worden v. Cal. Fig Syrup Co.,* 187 U.S. 516, 528, 23
9  S.Ct. 161 (1903)." *Japan Telecom, Inc. v. Japan Telecom America Inc.*
10 287 F.3d 866, 870–871 (9th Cir. 2002).

11 The Neo4J Sweden AGPL expressly advertises obtaining an object
12 code license under commercial terms pointing to Neo4J USA. Neo4J USA
13 could not advertise or have a business based on a closed sourced model
14 unless Neo4J Sweden and Neo4J violated the AGPL. Plaintiffs' violation
15 of the AGPL is unclean hands under *Worden*.

16 The Law of the Case Doctrine does not apply to interlocutory orders.
17 *Langevine v. District of Columbia* 106 F.3d 1018, 1023 (D.C. Cir. 1997).
18 Interlocutory orders are not subject to the law of the case doctrine and may
19 "always be reconsidered prior to final judgment." The ruling on the summary
20 judgment motion was a partial ruling subject to change under FRCP 54.

21

22 The 182 added new source files do not change the fact the base Neo4J
23 software code is not 100% owned by Neo4J Sweden. Adding 182 more files
24 does not change it.

25 There is no reason for the other objections. This is a bench trial.

> The "standard of relevance established by the Federal Rules of Evidence is not high." United States v. Southland Corp., 760 F.2d 1366, 1375 (2d Cir. 1985). Rule 401 defines relevant evidence as evidence that has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. "While the Rules of Evidence apply with equal force in jury and non-jury trials, courts often apply the relevance standard with little rigor during a bench trial." Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc., No. 01-CV-3796, 2004 WL 1970144, *5 (S.D.N.Y. Sept. 3, 2004). The Second Circuit has noted that "the admission of evidence in a bench trial is rarely ground for reversal, for the trial judge is presumed to be able to exclude improper inferences from his or her own decisional analysis." BIC Corp. v. Far Eastern Source Corp., 23 Fed. Appx. 36, 39 (2d Cir. 2001) (citations omitted). Thus, while standards for admissible evidence are not "out the window entirely" in a bench trial, "all doubts at a bench trial should be resolved in favor of admissibility."
>
> Dreyful Ashby, Inc. v. S/S "Rouen", 88-CV-2890, 1989 WL 151685, *2 (S.D.N.Y. 1989)

With respect to FRE 403 grounds, "[t]he standard for prejudicial impact is different for a bench trial rather than a trial by jury." Asphalt Workers Union 1018 of Laborers Int'l Union of N. Am. v. Falzone, No. 05-CV-2336, 2011 WL 13294637, *2 (E.D.N.Y. Mar. 30, 2011) (citations omitted) (admitting exhibits where the relevance was "limited" because "they are still probative"); see also Victoria's Secret Stores Brand Mgmt., Inc. v. Sexy Hair Concepts, LLC, No. 07-CV-5804, 2009 WL 959775, *8 n.4 (S.D.N.Y. Apr. 8, 2009) ("In the context of a bench trial, . . . there is no possibility of prejudice"); Refinemet Int'l Co. v. Eastbourne N.V., 815 F. Supp. 738, 740 (S.D.N.Y. 1993) (noting that "the law favors admission of evidence in non-jury trials"), aff'd, 25 F.3d 105 (2d Cir. 1994).

The Honorable Judge Tigar from this District, includes in his standing order for bench trials: "Motions in limine are usually unnecessary in a bench

1 trial." As there is no evidence which could mislead a jury in a bench trial, this
2 motion should be denied.
3    Dated: September 22, 2023

                */s/ Adron W. Beene*
                Adron W. Beene SB# 129040
                Adron G. Beene SB# 298088
                Attorneys At Law
                7960 Soquel Drive, Suite B #296
                Aptos, CA 95003
                Tel: (408) 392-9233
                adron@adronlaw.com

                Attorneys for Defendants
                PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY

**ATTESTATION OF E-FILED SIGNATURE**

Pursuant to Local Rule 5-1(i)(3), I hereby certify that I have obtained the concurrence in the filing of this document from all signatories for whom a signature is indicated by a "conformed" signature (/s/) within this electronically filed document and I have on file records to support this concurrence for subsequent production to the Court if so ordered or for inspection upon request.

Dated:  September 22, 2023

*/s/ Adron G. Beene*
Adron W. Beene
Adron G. Beene
Attorneys At Law
7960 Soquel Drive, Suite B #296
Aptos, CA 95003
Tel: (408) 392-9233

Attorneys for Defendants and
Counter-Claimants
PURETHINK LLC, IGOV INC., and
JOHN MARK SUHY