**EXHIBIT 1**

John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Bar No. 197241
jratinoff@hopkinscarley.com
Arthur E. Rothrock, Bar No. 312704
arothrock@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
The Letitia Building
70 South First Street
San Jose, CA  95113-2406

*mailing address:*
P.O. Box 1469
San Jose, CA 95109-1469
Telephone:     (408) 286-9800
Facsimile:      (408) 998-4790

Attorneys for Plaintiffs and Counter-Defendants
NEO4J, INC. and NEO4J SWEDEN AB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, and NEO4J SWEDEN AB, a Swedish corporation,<br><br>Plaintiffs,<br><br>v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIM. | CASE NO.  5:18-cv-07182-EJD<br><br>**PLAINTIFFS' CORRECTED REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON THEIR DMCA CLAIM AND DEFENDANTS' BREACH OF CONTRACT COUNTERCLAIM AND UNCLEAN HANDS DEFENSE**<br><br>Date:      July 27, 2023<br>Time:     9:00 a.m.<br>Dept.:     Courtroom 4, 5th Floor<br>Judge:    Hon. Edward J. Davila |

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ● REDWOOD CITY

4890-7686-1031.6
PLAINTIFFS' CORRECTED REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON THEIR DMCA CLAIM AND
DEFENDANTS' BREACH OF CONTRACT COUNTERCLAIM AND UNCLEAN HANDS DEFENSE          5:18-CV-07182-EJD

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ..................................................................................................... 1

II.  OBJECTION TO DEFENDANTS' USE OF THE KUHN REPORT ............................... 1

III. OBJECTION TO DEFENDANTS' RESPONSIVE SEPARATE STATEMENT ............ 2

IV.  THE COURT SHOULD GRANT SUMMARY JUDGMENT FOR PLAINTIFFS
     ON THEIR DMCA CLAIM ....................................................................................... 2

   A.   The Law of the Case Bars Defendants From Rearguing that the Neo4j
        Sweden Software License Permitted Them to Remove the Commons
        Clause ................................................................................................................... 2

   B.   It is Undisputed that Suhy Impermissibly Removed Neo4j Sweden's CMI........... 3

   C.   Defendants' Interpretation of AGPL Remains Untenable ....................................... 5

   D.   Defendants Cannot use the FSF's Alleged Copyright in the AGPL to
        Excuse the Improper Removal of Neo4j Sweden's CMI......................................... 6

   E.   It is Undisputed that Defendants Knowingly Distributed Neo4j Sweden's
        Copyrighted Works with its CMI Removed and Knew that this Would
        Result in Copyright Infringement ......................................................................... 6

V.   DEFENDANTS' UNCLEAN HANDS DEFENSE FAILS AS A MATTER OF
     LAW........................................................................................................................... 8

VI.  THE COURT SHOULD GRANT SUMMARY JUDGMENT IN FAVOR OF
     NEO4J USA ON PURETHINK'S BREACH OF EXCLUSIVITY CONTRACT
     CLAIM....................................................................................................................... 10

   A.   Defendants' Opposition Confirms the Lack of Mutual Assent............................ 10

   B.   Defendants Cannot Invent an Oral Agreement to Prevent Summary
        Judgment ............................................................................................................. 13

   C.   Defendants Fail to Establish a Breach of the Alleged Exclusivity
        Agreement ............................................................................................................ 14

   D.   PureThink Fails to Provide Competent Evidence of Its Alleged Damages .......... 14

VII. CONCLUSION .......................................................................................................... 15

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ REDWOOD CITY

4890-7686-1031.6
- i -
PLAINTIFFS' CORRECTED REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON THEIR DMCA CLAIM AND
DEFENDANTS' BREACH OF CONTRACT COUNTERCLAIM AND UNCLEAN HANDS DEFENSE
5:18-CV-07182-EJD

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Aquino v. Cnty. of Monterey Sheriff's Dep't*,
   No. 5:14-CV-03387-EJD, 2018 WL 3845718 (N.D. Cal. Aug. 12, 2018) ................................3

*Banner Entm't, Inc. v. Sup. Court*,
   62 Cal. App. 4th 348 (1998) ...............................................................................................11

*Bullard v. Wastequip Mfg. Co. LLC*,
   2015 WL 12766467 (C.D. Cal. Apr. 14, 2015) ........................................................................13

*Bustamante v. Intuit, Inc.*,
   141 Cal. App. 4th 199 (2006) ...............................................................................................12

*Codding v. Pearson Educ., Inc.*,
   2019 WL 5864579 (N.D. Cal. Nov. 8, 2019), *aff'd*, 842 F. App'x 70 (9th Cir. 2021)............15

*Columbia Pictures Indus., Inc. v. Fung*,
   710 F.3d 1020 (9th Cir. 2013)..................................................................................................8

*Davidson v. ConocoPhillips Co.*,
   2009 WL 2136535 (N.D. Cal. July 10, 2009)..........................................................................14

*F.T.C. v. Publ'g Clearing House, Inc.*,
   104 F.3d 1168 (9th Cir. 1997).................................................................................................13

*GoE3 LLC v. Eaton Corp.*,
   798 F. App'x 998 (9th Cir. 2020) ...........................................................................................13

*Hansen v. United States*,
   7 F.3d 137 (9th Cir. 1993).......................................................................................................13

*Herrington v. County of Sonoma*,
   12 F.3d 901 (9th Cir. 1993).......................................................................................................3

*Hohs v. Allstate Ins. Co.*,
   2010 WL 11706760 (N.D. Cal. Feb. 10, 2010) .......................................................................13

*ICONICS, Inc. v. Massaro*,
   192 F.Supp.3d 254 (D. Mass. 2016) .........................................................................................4

*Jacobsen v. Katzer*,
   535 F.3d 1373 (Fed. Cir. 2008)................................................................................................8

*Kahn Creative Partners, Inc. v. Nth Degree, Inc.*,
   2011 WL 1195680 (C.D. Cal. Mar. 29, 2011) .........................................................................14

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ REDWOOD CITY

4890-7686-1031.6
- ii -
PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON THEIR DMCA CLAIM AND DEFENDANTS'
BREACH OF CONTRACT COUNTERCLAIM AND UNCLEAN HANDS DEFENSE                           5:18-CV-07182-EJD

**TABLE OF AUTHORITIES**
(continued)

Page

*Kennedy v. Allied Mut. Ins. Co.*,
952 F.2d 262 (9th Cir. 1991)....................................................................................................3

*McGlinchy v. Shell Chem. Co.*,
845 F.2d 802 (9th Cir. 1988)..........................................................................................14, 15

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
545 U.S. 913 (2005)...............................................................................................................8

*Neo4j, Inc. v. Graph Found., Inc.*,
2020 WL 6700480 (N.D. Cal. Nov. 13, 2020)......................................................4, 6, 9

*Netbula, LLC v. Bindview Dev. Corp.*,
516 F. Supp. 2d 1137 (N.D. Cal. 2007)...........................................................................11

*Performance Plastering v. Richmond Am. Homes of California, Inc.*,
153 Cal.App. 4th 659 (2007) ............................................................................................12

*Pickern v. Pier 1 Imports (U.S.), Inc.*,
457 F.3d 963 (9th Cir. 2006)............................................................................................13

*Pinkette Clothing, Inc. v. Cosm. Warriors Ltd.*,
894 F.3d 1015 (9th Cir. 2018)...........................................................................................9

*RHUB Commc'ns, Inc. v. Karon, No. 16-CV-06669-BLF*,
2019 WL 8267743 (N.D. Cal. Nov. 22, 2019)..............................................................12

*S. Cal. Darts Ass'n v. Zaffina*,
762 F.3d 921 (9th Cir. 2014)..............................................................................................8

*Scott v. Harris*,
550 U.S. 372 (2007)...........................................................................................................12

*Sneller v. City of Bainbridge Island*,
606 F.3d 636 (9th Cir. 2010).............................................................................................10

*Stanford Hosp. & Clinics v. Multinat'l Underwriters, Inc.*,
2008 WL 5221071 (N.D. Cal. Dec. 12, 2008) ...............................................................14

*Tveter v. AB Turn–O–Matic*,
633 F.2d 831 (9th Cir. 1980)..............................................................................................9

*Warner Constr. Corp. v. City of Los Angeles*,
2 Cal.3d 285 (1970) ..........................................................................................................12

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ REDWOOD CITY

4890-7686-1031.6
- iii -
PLAINTIFFS' CORRECTED REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON THEIR DMCA CLAIM AND
DEFENDANTS' BREACH OF CONTRACT COUNTERCLAIM AND UNCLEAN HANDS DEFENSE
5:18-CV-07182-EJD

**TABLE OF AUTHORITIES**
(continued)

Page

*Wasco Prods., Inc. v. Southwall Techs., Inc.,*
    435 F.3d 989 (9th Cir. 2006) ................................................................. 13

*Wolsey, Ltd. v. Foodmaker, Inc.,*
    144 F.3d 1205 (9th Cir. 1998) .......................................................... 12, 13

**STATUTES**

Cal. Civ. Code § 1636 ........................................................................... 11

Cal. Civ. Code § 1639 ........................................................................... 11

Cal. Civ. Proc. Code § 1856(f)-(g) ........................................................... 11

**OTHER AUTHORITIES**

17 U.S.C. § 1202(b) .............................................................................. 4, 6

17 U.S.C. § 1202(b)(3) ............................................................................. 7

Fed. Rule Civ. Proc. 11 .......................................................................... 10

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ REDWOOD CITY

4890-7686-1031.6
- iv -
PLAINTIFFS' CORRECTED REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON THEIR DMCA CLAIM AND
DEFENDANTS' BREACH OF CONTRACT COUNTERCLAIM AND UNCLEAN HANDS DEFENSE                    5:18-CV-07182-EJD

## I.      INTRODUCTION

Defendants' Opposition reads more as rambling recap of Phase 1 than a meaningful effort to address Plaintiffs' legal arguments and identify disputed issues of material fact.   All of their arguments seeking to justify Suhy's removal of Neo4j Sweden's CMI are identical to those already rejected by this Court and the Ninth Circuit.   Defendants do not refute the undisputed evidence establishing they intentionally removed Neo4j Sweden's CMI when creating ONgDB.   There is also no dispute that Defendants helped distribute that infringing software and encouraged end-users to infringe Neo4j's copyright by violating the now-removed commercial restrictions. Consequently, Plaintiffs are entitled to summary judgment establishing Defendants' violation of their DMCA claim.

Likewise, in apparent recognition that none of the allegations supporting their unclean hands defense bears the necessary relationship to Neo4j USA's Lanham Act claims, Defendants brazenly re-assert the same fraud and trademark cancelation theories that the Court previously dismissed with prejudice and expressly warned could not be raised to support *any* affirmative defense.   Defendants even attempt to reargue that Neo4j USA does not really own the Neo4j Mark despite this Court's prior determination that it was the owner for purposes of registration in the United States.   Without any other allegations showing that Neo4j USA's trademark usage amounted to inequitable conduct related thereto, Defendants' unclean hands defense fails as a matter of law.

Finally, Defendants fail to offer any competent evidence establishing that there was any mutual assent to an alleged exclusivity agreement relating to the Gov't Edition.   If anything, their Opposition confirms that the parties had divergent views regarding whether the April 11, 2015 "To whom it may concern" letter was an actual binding agreement separate and apart from the SPA.   To the extent that any such agreement ever existed, the undisputed evidence establishes that there was no meeting of the minds with respect to Neo4j USA's cancelation rights.   Accordingly, the Court should grant summary judgment in favor of Neo4j USA on PureThink's breach of contract claim.

## II.     OBJECTION TO DEFENDANTS' USE OF THE KUHN REPORT

Plaintiffs object to Defendants' reliance on the December 22, 2022 Expert Report of Bradley M. Kuhn ("the Kuhn Report"), which is attached as Exhibit 33 to the Declaration of Adron G. Beene, Dkt. No. 188-2 ("Beene Decl."). Defendants' Opposition relies on the Kuhn Report

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ REDWOOD CITY

4890-7686-1031.6                                    - 1 -
PLAINTIFFS' CORRECTED REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON THEIR DMCA CLAIM AND
DEFENDANTS' BREACH OF CONTRACT COUNTERCLAIM AND UNCLEAN HANDS DEFENSE                    5:18-CV-07182-EJD

to support the same arguments they made in opposition to Plaintiffs' Motion to Strike that report and exclude Mr. Kuhn's testimony.  *Compare* Dkt. No. 186 at 6:15-8:10 *and* Dkt. No. 188 ("Opp.") at 11:18-13:19 (DMCA); *compare* Dkt. No. 186 at 8:11-9:14 *and* Opp. at 14:12-15:16 (DMCA); *compare* Dkt. No. 186 at 13:6-21 *and* Opp. at 16:12-25 (DMCA); *compare* Dkt. No. 186 at 9:17-10:25 *and* Opp. at 17:9-19:6 (Unclean Hands); *compare* Dkt. No. 186 at 13:16-14:11 *and* Opp. at 19:20-20:23 (Unclean Hands).  Accordingly, for the reasons detailed in Plaintiffs' pending Motion to Strike (Dkt. Nos. 181, 189), the Court should exclude the Kuhn Report pursuant to *Daubert*, and disregard Defendants' arguments based thereon in ruling on the present summary judgment motion.

## III.     OBJECTION TO DEFENDANTS' RESPONSIVE SEPARATE STATEMENT

Plaintiffs object to Defendants' 43-page Response to Plaintiffs' Separate Statement of Undisputed Material Facts.  Section V.B.2. of the Court's Standing Order provides that where an opposing party contends that a fact is in dispute, it must cite to evidence in the record establishing the dispute. However, Defendants' responsive statement largely consists of attorney argument that either does not refute the evidence cited by Plaintiffs, or is unsupported by evidence that would be admissible at trial; and/or seeks to dispute facts that this Court previously found to be undisputed in Dkt. No. 118.  Section V.B.2. further provides that a responsive statement add no more than five (5) pages to the moving parties' statement.  Since Plaintiffs' original statement was only 15 pages, Defendants' additional 23 pages over this limit amounts to an improper attempt to evade Civil L.R. 7-3(a)'s 25-page limit on opposition briefs.  The Court should thus strike Defendants' response.

## IV.     THE COURT SHOULD GRANT SUMMARY JUDGMENT FOR PLAINTIFFS ON THEIR DMCA CLAIM

### A.     The Law of the Case Bars Defendants From Rearguing that the Neo4j Sweden Software License Permitted Them to Remove the Commons Clause

Defendants erroneously argue that the law of the case doctrine does not bar them from re-litigating whether the "further restrictions" provision in Sections 7 and 10 of the Neo4j Sweden License permitted them to remove the Commons Clause because this Court only granted partial summary judgment.  Defendants made the same arguments in opposition to Plaintiffs' pending Motion to Strike.  Compare Dkt. No. 186 at 4:12-6:8 and Dkt. No. 188 at 10:6-11:17.  In the interest of judicial economy, Plaintiffs incorporate by reference, the portions of that motion addressing these

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ◆ REDWOOD CITY

4890-7686-1031.6                                                 - 2 -
PLAINTIFFS' CORRECTED REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON THEIR DMCA CLAIM AND
DEFENDANTS' BREACH OF CONTRACT COUNTERCLAIM AND UNCLEAN HANDS DEFENSE          5:18-CV-07182-EJD

1    same untenable arguments.  See Dkt. No. 181 at 7:15-13:8, 20:1-21:6; Dkt No. 189 at 2:9-6:27.

2        Defendants then reassert the same arguments and untenable interpretation of these provisions

3    they previously made in opposition to Plaintiffs' Phase 1 motion for summary judgment.  *Compare*

4    Opp. at 15:17-16:6 *and* Dkt. No. 100 at 28:15-29:27.  However, the parties previously agreed that

5    their respective interpretations of the Neo4j Sweden Software License should be decided on summary

6    judgment.  *See* Dkt. No. 118 at 24:7-15.  The Court then determined that the license did not permit

7    downstream licensees, such as Defendants, to remove the Commons Clause and redistribute Neo4j®

8    EE under the AGPL license.  Dkt. No. 118 at 24:16-25:19.  Since Defendants filed an interlocutory

9    appeal, the resulting affirmation of that ruling is now the law of the case.  *See Herrington v. County*

10   *of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993) ("[t]he law of the case doctrine states that the decision

11   of an appellate court on a legal issue must be followed in all subsequent proceedings in the same

12   case") (internal quotations omitted); *Aquino v. Cnty. of Monterey Sheriff's Dep't*, No. 5:14-CV-

13   03387-EJD, 2018 WL 3845718, at *1 (N.D. Cal. Aug. 12, 2018) (citing same in recognizing decision

14   on an interlocutory appeal of the summary judgment order "was now law of the case").  To be sure,

15   the Ninth Circuit ***affirmed that its opinion was precedential for the purpose of the law of the case.***

16   Dkt. No. 140 at 3.  Consequently, Defendants cannot re-litigate this issue for a third time.

17       **B.    It is Undisputed that Suhy Impermissibly Removed Neo4j Sweden's CMI**

18       Defendants do not dispute that Suhy removed Neo4j Sweden's CMI without authorization.[1]

19

20   [1] Based on Exhibits 1-4 to Suhy's declaration, Defendants now claim that Suhy did not remove the

21   Commons Clause when he created ONgDB 3.4 from Neo4j® EE v3.4.  *See* UDF Nos. 12, 14, 42,

22   45.  The Court should disregard these documents because (a) Defendants did not produce them

23   during discovery; and (b) Suhy generated them for the sole purpose of opposing this motion.  These

24   newly created documents are also unreliable because the permanent injunction entered against GFI

25   required it to remove all versions of ONgDB that contained DMCA violations in February 2022.

26   Moreover, Defendants cannot create a disputed issue of fact by submitting a sham declaration and

27   manufacturing evidence that contradicts Suhy's prior deposition testimony.  *See Kennedy v. Allied*

28   *Mut. Ins. Co.*, 952 F.2d 262, 266 (9th Cir. 1991).  In this regard, Suhy testified that when he created

     ONgDB v3.4 from Neo4j® EE v3.4, he replaced the Neo4j Sweden Software License found in

     LICENSE.txt files with "verbatim" copies of the AGPL to remove the Commons Clause.  Dkt. No.

Hopkins & Carley
Attorneys At Law
San Jose ◆ Redwood City

4890-7686-1031.6                                      - 3 -

PLAINTIFFS' CORRECTED REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON THEIR DMCA CLAIM AND
DEFENDANTS' BREACH OF CONTRACT COUNTERCLAIM AND UNCLEAN HANDS DEFENSE                    5:18-CV-07182-EJD

1   Instead, they argue that the removal of the Commons Clause did not violate §1202(b) because "Neo4J

2   Sweden does not own the CMI as it claims." Opp. at 12:7-15.  This is absurd given Defendants do

3   not dispute that prior to making Neo4j® EE a commercial-only product, Neo4j Sweden released

4   certain source code files for Neo4j® EE governed by LICENSE.txt files, consisting of the Neo4j

5   Sweden Software License (AGPL + Commons) that contained following CMI: (a) the Commons

6   Clause, which they admit "prohibited the non-paying public from engaging in commercial resale and

7   support services;" (b) a NOTICE provision identifying **Neo4j Sweden** as the copyright holder and

8   the licensor of Neo4j® EE; and (c) the title, terms and conditions for use of the work, and other

9   identifying information and how to obtain a commercial license for Neo4j® EE.  *See* **Exhibit A**

10  hereto (hereafter referred to as "UDF") Nos. 4-9, 12-15.  More importantly, the Court already held

11  that when Suhy replaced the LICENSE.txt files with the form AGPL, he removed ***all*** of the foregoing

12  CMI in those files.  *See* Dkt. No. 118 at 6:2-7:6; *see also* Dkt. No. 98-2, ¶¶ 11, 27, 29-30.

13          Defendants further suggest they did not violate the DMCA because the NOTICE.txt files in

14  ONgDB still identified Neo4j Sweden as the copyright holder and referenced the Commons Clause.

15  *See* UDF Nos. 6, 14-15; Dkt. No. 188-1 ("Suhy Decl.") at ¶¶ 22-24 and Exs. 7-9.  This does not

16  insulate Defendants from liability because §1202(b) prohibits ***any removal <u>or</u> <u>alteration</u>*** of the title

17  of the work, terms and conditions for use of the copyrighted work and other conspicuous displays

18  identifying the owner of these copyrighted works. *See ICONICS, Inc. v. Massaro*, 192 F.Supp.3d 254

19  (D. Mass. 2016) (copyright headers of individual source code files constituted CMI because they

20  conveyed information about copyright owner, and certain terms of use for the file, and were conveyed

21  along with source code files precisely to keep identifying information together with the code).

22  Indeed, this Court ***rejected*** a similar argument made by GFI.  *See Neo4j, Inc. v. Graph Found., Inc.*,

23  2020 WL 6700480, at *5 (N.D. Cal. Nov. 13, 2020) (holding that "moving the CMI into separate

24  NOTICE.txt files constitutes altering the CMI, and conveying the Neo4j Sweden Software License

25  without the Commons Clause constitutes removing CMI").

26

27  ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
    98-1, Ex. 3 at 28:25-29:11, 172:4-23; Dkt. No. 183-1, Ex. 1 at 199:22-201:16.  The Court also a

28  found the same. *See* Dkt. No. 118 at 5:21-6:11 (citing Dkt. No. 98-1, Ex. 3 at 28:25-29:11).

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ◆ REDWOOD CITY

4890-7686-1031.6                                           - 4 -

PLAINTIFFS' CORRECTED REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON THEIR DMCA CLAIM AND
DEFENDANTS' BREACH OF CONTRACT COUNTERCLAIM AND UNCLEAN HANDS DEFENSE          5:18-CV-07182-EJD

1   Defendants also fail to reconcile that the referenced source code headers and NOTICE.txt

2   files do not contain the Commons Clause.  Rather, they merely direct a user to the LICENSE.txt files

3   that originally contained those terms and conditions.  *See* Suhy Decl., ¶ 18 and Ex. 3 (NOTICE.txt

4   files for ONgDB v3.4); ¶ 19 and Ex. 4 (source code headers for ONgDB v3.4); *id.,* ¶ 22 and Ex. 7

5   (NOTICE.txt files for ONgDB v3.5); ¶ 23 and Ex. 8 (source code headers for ONgDB v3.5).  After

6   Suhy replaced the Neo4j Sweden Software License with the generic AGPL, the Commons Clause

7   and its terms and conditions ceased to exist in those LICENSE.txt files, thereby rendered the cross-

8   referencing meaningless.  Dkt. No. 98-2, ¶ 11 and Ex. 3 (LICENSE.txt file for Neo4j v3.4); *id.,* ¶ 27

9   (confirming replacement of same with AGPL in ONgDB v3.4); Dkt. No. 98-1, ¶ 41 and Ex. 39

10  (commit showing replacement of LICENSE.text files with AGPL for ONgDB v3.5); Dkt. No. 98-2,

11  ¶¶ 29-30 (referencing same); *accord* Suhy Decl., ¶¶ 21, 24-25 and Exs. 6, 9-10 (confirming same).

12  Finally, none of the other CMI that Suhy removed from the LICENSE.txt files amounted to

13  "further restrictions" even under his erroneous reading of the Neo4j Sweden Software License.

14  Accordingly, it remains undisputed that Suhy intentionally removed Neo4j Sweden's CMI without

15  authorization by replacing the Neo4j Sweden Software License with "verbatim" copies of the AGPL

16  in Neo4j® EE v3.4 and Neo4j® EE v3.5.  *See* Dkt. No. 118 at 6:7-11, 6:21-26; *see also* UDF No. 14

17  ("The only files Mr. Suhy touched were the AGPL LICENSE.txt files ....");  UDF No. 15

18  ("UNDISPUTED that Mr. Suhy knew that Neo4j Sweden owned the copyright for Neo4j EE"); UDF

19  No. 16 ("**UNDISPUTED** that Neo4j Sweden never gave Suhy permission to remove Commons

20  Clause"); UDF No. 19 ("Suhy corrected that violation with the removal of the commons clause");

21  UDF No. 44 ("Mr. Suhy removed the commons clause from only the AGPL License files...").

22  **C.      Defendants' Interpretation of AGPL Remains Untenable**

23  Defendants argue that the "you" as used throughout the Neo4j Sweden Software License

24  means both a licensee of the form AGPL ***and*** the licensee of the computer program subject to an

25  independent copyright when it is licensed under AGPL.  Opp. at 5:22-6:10, 12:7-15.  They further

26  argue that "This License" as used in the Neo4j Sweden Software License means the form AGPL. *Id.*

27  at 6:5-10.  This somehow implies that "the AGPL gives permission for the licensee to remove

28  additional restrictions" and "[t]he right to remove additional terms is triggered when the Program

Hopkins & Carley
Attorneys At Law
San Jose ♦ Redwood City

4890-7686-1031.6                                    - 5 -

PLAINTIFFS' CORRECTED REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON THEIR DMCA CLAIM AND
DEFENDANTS' BREACH OF CONTRACT COUNTERCLAIM AND UNCLEAN HANDS DEFENSE                    5:18-CV-07182-EJD

1  owner uses the GPL/AGPL." *Id.* at 12:7-15.  Based on that false assumption, Defendants then argue

2  that Suhy could remove the Commons Clause "because Neo4j Sweden's "addition of the Commons

3  Clause is not a verbatim copy of the AGPL…." *Id.* at 12:16-13:3.  Defendants are wrong again.  The

4  Court considered rejected the same arguments during Phase 1.  *See* Dkt. No. 118 at 24:16-25:19.  In

5  particular, it held that Section 0 defines "you" (*i.e.* Defendants) as the downstream licensee of "the

6  Program" (*i.e.* Neo4j® EE") and not the licensee of any copyright the Free Software Foundation

7  ("FSF") may have in the form AGPL.  *Id.*

8

   **D.**     **Defendants Cannot use the FSF's Alleged Copyright in the AGPL to Excuse**
9                  **the Improper Removal of Neo4j Sweden's CMI**

10       Defendants insist that they were justified in removing the Commons Clause because the FSF

11  owns the copyright to the AGPL. Opp. at 2:18-3:10, 13:17-15:10.  Defendants similarly argue that

12  because "Neo4J Sweden does not own the copyright to the AGPL, [it] cannot meet the requirements

13  for a DCMA claim (ownership of the copyright)."  Opp. at 13:8-9.  Defendants even claim that Suhy

14  was justified in removing the Commons Clause to prevent Neo4j Sweden's infringement of the FSF's

15  copyright.  *Id.* at 13:17-19.  FSF's copyright in the AGPL is immaterial to Plaintiffs' DMCA claim.

16       Defendants asserted the same argument during Phase 1.  Dkt. No. 100 at 5:23-6:3, 29:14-23

17  and Dkt. No. 100, Ex. A at 42-43 (UDF No. 113).  This Court **rejected** "'the notion that the terms

18  drawn from the AGPLv3, on which the Neo4j Sweden Software License is based, somehow limit the

19  rights of Neo4j Sweden to include the Commons Clause or any other additional restriction in its own

20  copyright license.'"  Dkt. No. 118 at 24:16-25:12, *quoting Neo4j, Inc*., 2020 WL 6700480, at *4

21  ("Defendants argue that Plaintiffs were not permitted to alter the form license agreement under the

22  terms of the [FSF's] copyright over the form AGPLv3. But whether Plaintiffs acted in accordance

23  with the copyright covering the AGPLv3 is not at issue before this Court, as Defendants are not

24  entitled to enforce the FSF's copyright.").  Thus, Defendants are not absolved from liability under

25  §1202(b) because Suhy thought he was preventing the infringement of the FSF's copyright.

26
   **E.**     **It is Undisputed that Defendants Knowingly Distributed Neo4j Sweden's**
27                  **Copyrighted Works with its CMI Removed and Knew that this Would Result**
                    **in Copyright Infringement**
28       Plaintiffs' moving papers explain how Defendants distributed Neo4j® EE without the Neo4j

Hopkins & Carley
ATTORNEYS AT LAW
San Jose ● Redwood City

4890-7686-1031.6                                           - 6 -

PLAINTIFFS' CORRECTED REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON THEIR DMCA CLAIM AND
DEFENDANTS' BREACH OF CONTRACT COUNTERCLAIM AND UNCLEAN HANDS DEFENSE                    5:18-CV-07182-EJD

1    Sweden Software License re-branded as ONgDB in violation of §1202(b)(3). *See* Dkt. No. 183 at

2    10:26-11:13.  Defendants do not deny that they did so via the iGov and Graphstack websites, which

3    by itself is a DMCA violation. *See* UDF Nos. 22-23.  Instead, Defendants argue they were not

4    responsible for the downloads of ONgDB through GFI's website and GitHub repository because they

5    did not control them. Opp. at 17:1-7.  This is a distinction without a difference because Defendants

6    admit that they provided potential users with hyperlinks to download ONgDB with the DMCA

7    violations from GFI's website and GitHub repository. *See* UDF No. 20 ("UNDISPUTED that Mr.

8    Suhy provided hyperlinks references for users of the website to view the source code and download

9    distributions."); *see also* UDF Nos. 19, 21-22.

10    This amounts to distribution especially since Suhy was one who ***created*** infringing versions

11    of ONgDB on GFI's GitHub repository where others were free to download the software. *See* Dkt.

12    No. 118 at 5:21-7:6, 24:7-25:19; *accord* Dkt. No. 98-1, Ex. 3 at 172:4-23, 200:9-16; *id.,* Exs. 24-26.

13    It is also undisputed that Suhy was integral to the IRS' adoption and continuing use of ONgDB in

14    the CKGE Platform. *See* UDF No. 33-35 (Defendants do not cite to any contravening evidence).  To

15    be sure, Suhy told potential customers that he assigned ONgDB to GFI and was responsible for

16    managing the ONgDB distributions used by the IRS. *See* Dkt. No. 98-1, Exs. 24, 26 (yellow

17    highlights); *see also id.,* Ex. 40 ("I just wanted to let you know that for ONgDB 3.5 - we merged the

18    build framework and enterprise code back into the code repository like it used to be").

19    Plaintiffs' moving papers detail how Defendants knew or had reason to know their removal

20    of the Commons Clause would result in end-users infringing Neo4j Sweden's right to limit the use

21    of Neo4j® EE to paid subscribers.  Dkt. No. 183 at 11:16-14:6.  Defendants do not substantively

22    address these arguments, thus conceding they had the requisite knowledge and intent.

23    Last of all, Defendants admit that the Commons Clause "prohibited the non-paying public

24    from engaging in commercial resale and support services." *See* UDF Nos. 4-5.  Defendants built their

25    entire business around inducing others to use "free and open source" ONgDB and pay Defendants

26    for support services that they clearly understood violated the now-removed Commons Clause. *See*

27    Dkt. No. 118 at 6:18-26 (Defendants' replacement of Neo4j Sweden Software License with the

28    AGPL "removed certain legal notices identifying Neo4j Sweden as the copyright holder and licensor,

Hopkins & Carley
Attorneys At Law
San Jose ◆ Redwood City

4890-7686-1031.6
- 7 -
PLAINTIFFS' CORRECTED REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON THEIR DMCA CLAIM AND DEFENDANTS' BREACH OF CONTRACT COUNTERCLAIM AND UNCLEAN HANDS DEFENSE                5:18-CV-07182-EJD

and removed the Commons Clause, effectively allowing Defendants to commercially use and support ONgDB"); *see also* UDF No. 43.  This amounts to copyright infringement.  *See Jacobsen v. Katzer*, 535 F.3d 1373, 1382 (Fed. Cir. 2008) (the use and distribution of software in violation of an open source license constitutes copyright infringement); *see also Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005) ("[o]ne infringes contributorily by intentionally inducing or encouraging direct infringement," which includes providing a service "with the object of promoting its use to infringe copyright") *accord Columbia Pictures Indus., Inc. v. Fung,* 710 F.3d 1020, 1037-38 (9th Cir. 2013) (liability for copyright infringement on an inducement theory is where the product or service was used to infringe the plaintiff's copyrights).  Accordingly, the Court should grant summary judgment in favor of Plaintiffs on their DMCA claim.

## V.   DEFENDANTS' UNCLEAN HANDS DEFENSE FAILS AS A MATTER OF LAW

Defendants previously represented to the Court *twice* that they are not asserting an unclean hands defense to Neo4j Sweden's DMCA claim. *See* Dkt. No. 91 at 16:20-19:7; Dkt. No. 169 at 10:4-8.  Their opposition reconfirms that this defense is limited to Neo4j USA's trademark infringement claims, and to succeed thereon, they "must show that plaintiff used the trademark to deceive consumers."  Opp. at 17:9-19.  Defendants then attempt to equate *Neo4j Sweden's* alleged misuse of the AGPL with respect to Neo4j® EE with *Neo4j USA's* use of the Neo4j Mark to sell that software.  *Id.* at 17:20-20:23.  This does not save their unclean hands defense because Defendants concede that Neo4j Sweden is the licensor of source code for Neo4j® EE under the Neo4j Sweden Software License (Dkt. No. 118 at 2:16-18; UDF Nos. 13, 15 and 59), and these licenses "are copyright licenses, not trademark licenses" (Dkt. No. 85 at 7:27-8:7; UDF No. 60).  Consequently, Neo4j Sweden's copyright-based licensing practices do not bear the requisite "immediate and necessary" relationship to Neo4j USA's trademark infringement claims as a matter of law.[2]  *See S.*

---

[2] Defendants also argue that Neo4j Sweden "does not own the complete code to [Neo4j® EE]" because it did not produce any contributor license agreements in response to Defendants' discovery requests. Dkt. No. 188 at 20:4-11. This is pure speculation since Neo4j Sweden objected to those requests as overbroad, and limited its response to Neo4j® EE v4.0. *See* Beene Decl., Ex. 32 at RFP Nos. 4-5.  Thus, the only reasonable inference drawn from an alleged lack of CLAs is there were no

1   *Cal. Darts Ass'n v. Zaffina*, 762 F.3d 921, 932 (9th Cir. 2014); *Tveter v. AB Turn–O–Matic*, 633 F.2d

2   831, 839 (9th Cir. 1980).

3       Defendants further argue that Neo4j USA somehow engaged in unclean hands because

4   "Neo4j Sweden had other license options" instead of simply adding the Commons Clause to the

5   AGPLv3.  Opp. at 19:20-20:3, 20:12-23.  Defendants made the same argument in opposition to

6   Plaintiffs' first motion for summary judgment (Dkt. No. 100 at 30:9-16), which this Court rejected

7   (Dkt. No. 118 at 24:16-25:19).  More importantly, as conclusively determined by this Court, Neo4j

8   Sweden did not "violate" the AGPL by adding the Commons Clause to create the Neo4j Sweden

9   Software License.  *See* Dkt. No. 118 at 22:23-28:24, *aff'd* Dkt. No. 140; *see also Neo4j, Inc.*, 2020

10  WL 6700480, at \*4.  Thus, even if Defendants could show an immediate and necessary relationship

11  with Neo4j USA's trademark usage and Neo4j Sweden's copyright licensing practices, which they

12  cannot, Defendants still cannot show any inequitable conduct related thereto. *See Pinkette Clothing,*

13  *Inc. v. Cosm. Warriors Ltd.*, 894 F.3d 1015, 1029 (9th Cir. 2018) ("only a showing of wrongfulness,

14  willfulness, bad faith, or gross negligence, proved by clear and convincing evidence, will establish

15  sufficient culpability for invocation of the doctrine of unclean hands.").

16      Defendants also cite to Neo4j USA's 2012 "Fair Trade Licensing" article as a "false

17  interpretation" of the AGPL.  Opp. at 3:11-4:6, 21:8-13.  This relates to Neo4j Sweden's licensing

18  of Neo4j® EE, not Neo4j USA's alleged use of the Neo4j Mark in a way that deceived consumers.

19  Moreover, Neo4j USA's use of this article in conjunction with the parties' dispute over the IRS

20  contract occurred in April 2017.  *See* Suhy Decl., Ex. 22.  This predates Neo4j Sweden's first use of

21  the Neo4j Sweden Software License by more than a year.  *See* UDF No. 4.  It also predates

22  Defendants' infringement of the Neo4j® Mark, which only dates back to November 2017.  *See* Dkt.

23

24  third party contributors to the source code associated with the 28 LICENSE.txt files subject to the

25  DMCA claim.  More importantly, Defendants **reconfirm** that Neo4j® EE v3.4 and v3.5 contained

    at least 182 source code files that were never released under either the GPL or AGPL, and were

26  instead released for the first time under the Neo4j Sweden Software License making Neo4j Sweden

27  the sole copyright owner of those files.  *See* UDF Nos. 13, 15; *see also* Dkt. No. 118 at 6:18-21; Dkt.

28  No. 98-1, Ex. 38 at 6:22-7:1, 8:4-16:24; Dkt. No. 98-2, ¶ 29.

No. 90 at ¶ 41; Dkt. No. 98-1, ¶¶ 16-20, 22 and Exs. 14-18, 20.  As noted in Plaintiffs' moving papers, these alleged acts do not bear the requisite temporal relationship to Neo4j USA's Lanham Act claims, and as a result, cannot support an unclean hands defense.  *See* Dkt. No. 183 at 19:7-24.

Finally, in recognition that their unclean hands defense bears no relationship to Neo4j USA's trademark claims, Defendants argue that Neo4J USA's "misrepresentations of time of use, ownership of trademark and failure to correct those misrepresentations is unclean hands under the PTO's standards."  Opp. at 19:16-19; *see also id.* at 7:9-17.  Remarkably, Defendants **admit** these are the same facts underpinning their twice-stricken cancellation/fraud on the PTO defense, and then blatantly misrepresent that "[w]hile Defendants are presently foreclosed from invalidating the trademark, the facts remain to support an unclean hands defense." *Id.* at 19:25, fn 4.

Defendants' reassertion of these same facts is in direct violation of the Court's prior warning that "Defendants are not permitted to reassert *any affirmative defense* or counterclaim in this action based on the cancellation or abandonment theories asserted in the stricken defenses."  Dkt. No. 110 at 5:16-6:4 (emphasis added).  This Court also held in granting summary judgment on Neo4j USA's Lanham Act claims that Neo4j USA was the owner of the Neo4j Mark.  Dkt. No. 118 at 11:16-12:26, 13:18-18:1 *aff'd* Dkt. No. 140.  Since the Defendants did not heed this Court's clear admonition, it should (a) grant summary judgment in favor of Plaintiffs on Defendants' unclean hands defense; and (b) issue an Order to Show Cause why sanctions in the form of paying Plaintiffs' attorneys' fees should not be levied against Defendants pursuant to FRCP 11.  *See Sneller v. City of Bainbridge Island*, 606 F.3d 636, 638-39 (9th Cir. 2010).

## VI.    THE COURT SHOULD GRANT SUMMARY JUDGMENT IN FAVOR OF NEO4J USA ON PURETHINK'S BREACH OF EXCLUSIVITY CONTRACT CLAIM

### A.    Defendants' Opposition Confirms the Lack of Mutual Assent

PureThink argues that the Neo4j USA "consented" to an April 11, 2015 letter, which purports to be a separate agreement from the SPA.  Opp. at 21:20-25.  The only evidence they cite in support is the letter using the word "agreement" and not mentioning the SPA, along with Suhy's testimony confirming the same.  *Id.* at 22:4-15.  Assuming this were true, the lack of any reference to the SPA means that the parties did not contemplate altering their obligations or entering into an agreement

Hopkins & Carley
Attorneys At Law
San Jose ♦ Redwood City

4890-7686-1031.6                                                        - 10 -

PLAINTIFFS' CORRECTED REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON THEIR DMCA CLAIM AND
DEFENDANTS' BREACH OF CONTRACT COUNTERCLAIM AND UNCLEAN HANDS DEFENSE              5:18-CV-07182-EJD

separate from the SPA at the time they signed the April 11, 2015 letter. *See* Cal. Civ. Code § 1636 ("A contract must be so interpreted as to give effect to the mutual intention of the parties as it existed at the time of contracting"); Cal. Civ. Code § 1639 ("When a contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible.").

Further, "[m]utual assent is determined from the reasonable meaning of the words and acts of the parties, and not from their unexpressed intentions or understandings." *Netbula, LLC v. Bindview Dev. Corp.*, 516 F. Supp. 2d 1137, 1155 (N.D. Cal. 2007). In this regard, extrinsic evidence is admissible to determine whether contracting parties achieved mutual assent for purposes of formation. *See* Cal. Civ. Proc. Code § 1856(f)-(g); *accord Banner Entm't, Inc. v. Sup. Court,* 62 Cal. App. 4th 348, 358 (1998) ("[e]vidence as to the parties' understanding and intent … is admissible to ascertain when or whether a binding agreement was ever reached") (citing same).

Despite having the burden of proof to establish the existence of an enforceable contract, PureThink fails to offer competent evidence establishing that ***both*** parties understood that the April 11, 2015 letter was a separate agreement rather than simply a tool to seek sole-source procurements. *See* UDF Nos. 66-68. Indeed, none of the emails cited by PureThink establish the existence of an enforceable contract separate from the SPA. *See* Suhy Decl., Ex. 16; Beene Decl., Exs. 13-15, 18. Conversely, Suhy's indisputable written representations made immediately before and after the April 11, 2015 letter confirm that there was no contract apart from the SPA. *See, e.g.*, Dkt. No. 98-1, Ex. 6 (yellow highlights); Dkt. No. 183-1, Exs. 6-8, 10-12, 14 (yellow highlights).

The undisputed evidence also shows that ***Suhy told*** Neo4j USA that the alleged "exclusivity agreement" consisted of ***two letters***: "one that we give to agencies on your letterhead [], and 1 between us that says you can cancel at any time for any reason." Dkt. No. 183-1, Ex. 7 (green highlights). Suhy then sent proposed drafts of those letters in an April 10, 2015 email where the internal version stated "[Neo4j USA] has the right to cancel this exclusivity agreement at any time and for any reason." *Id.*, Ex. 8 (green highlights). Suhy instructed Neo4j USA to "copy and paste" that language in the internal version. *Id.* Consistent with Suhy's representations, Neo4j USA created and signed both letters on April 11, 2015, with the internal letter providing that "Neo Technology has the right to cancel this exclusivity agreement at any time and for any reason." *Id.*, ¶ 11 and Ex.

Hopkins & Carley
Attorneys At Law
San Jose ♦ Redwood City

4890-7686-1031.6

- 11 -

PLAINTIFFS' CORRECTED REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON THEIR DMCA CLAIM AND DEFENDANTS' BREACH OF CONTRACT COUNTERCLAIM AND UNCLEAN HANDS DEFENSE          5:18-CV-07182-EJD

9 (green highlight); *see also id.,* Exs. 12-13.  Suhy confirmed receipt without objection and assured Neo4j USA that he would sign them.  *See* Ratinoff Reply Decl., ¶¶ 9-10 and Exs. G-H.

PureThink now seeks to disavow the unilateral termination provision by claiming that Suhy never signed the internal letter.  *See* UDF No. 70-73.  However, the lack of a party's signature does not make a contract unenforceable.  *Performance Plastering v. Richmond Am. Homes of California, Inc*., 153 Cal.App. 4th 659, 668 (2007).  Nevertheless, if PureThink contends it refused to sign the internal letter because of that provision, then there was no mutual consent to a fully executed, enforceable contract.  *See Bustamante v. Intuit, Inc*., 141 Cal. App. 4th 199, 209, 215 (2006) (affirming summary judgment for defendant, holding that "the undisputed facts here show no meeting of the minds as to the essential structure and operation of the alleged joint venture, even if there was agreement on some of the terms"); *see also RHUB Commc'ns, Inc. v. Karon, No. 16-CV-06669-BLF,* 2019 WL 8267743, at *4 (N.D. Cal. Nov. 22, 2019) ("failure to reach a meeting of the minds on all material points prevents the formation of a contract even though the parties have orally agreed upon some of the terms, or have taken some action related to the contract") (internal citation omitted).

Lastly, the email Defendants rely on to argue that Neo4j USA did not have the unilateral right to terminate the Gov't Edition was sent by Suhy on June 20, 2017 in response to Neo4j USA's cancelation of Neo4j Gov't edition and a month after providing notice of PureThink's breach of the PSA. *See* Beene Decl., Ex. 13 ("I believe our contract requires us to be part of the decision to retire it…. Of course I am assuming you don't agree to this, so just another thing to add to the list for court."); Dkt. No. 118 at 4:13-15 (citing Dkt. No. 98-1, Ex. 9).  This does not create a disputed issue of fact since Suhy sent it in anticipation of litigation and in direct contradiction to the representations he made to Neo4j USA prior to a dispute arising.  *See Scott v. Harris*, 550 U.S. 372, 380 (2007) (an assertion that is "blatantly contradicted by the record, so that no reasonable jury could believe it" will not create a genuine issue of material fact at summary judgment); *Warner Constr. Corp. v. City of Los Angeles*, 2 Cal.3d 285, 296–97 (1970) (refusing to admit "negotiations" after the date on which "the parties had reached a stage of clear disagreement on the crucial question"); *accord Wolsey, Ltd. v. Foodmaker, Inc.*, 144 F.3d 1205, 1210 (9th Cir. 1998) (recognizing that the principle of "practical construction" only applies to acts before any dispute has arisen) (citing same).

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ♦ REDWOOD CITY

4890-7686-1031.6                                                     - 12 -

PLAINTIFFS' CORRECTED REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON THEIR DMCA CLAIM AND
DEFENDANTS' BREACH OF CONTRACT COUNTERCLAIM AND UNCLEAN HANDS DEFENSE                    5:18-CV-07182-EJD

**B.      Defendants Cannot Invent an Oral Agreement to Prevent Summary Judgment**

Defendants attempt to invent from whole cloth a subsequent oral "exit agreement" (or oral modification to the April 11, 2015 letters) that purportedly required the discontinuation of the Gov't Edition to be "unanimous" and for Neo4j USA to compensate PureThink.  *See* UDF No. 66 (citing Suhy Decl., ¶ 10).  Defendants admit that no such written instrument executed by the parties exists, and instead rely upon a declaration describing this purported agreement.  *Id.*  Notably, there is no reference to any alleged second oral agreement or modification in any of the ***four*** iterations of Defendants' counterclaims.  *See* Dkt. No. 22, ¶¶ 14-15; Dkt. No. 55, ¶¶ 16-17, 40-53; Dkt. No. 72, ¶¶ 16-17, 49-53; Dkt. No. 171, ¶¶ 16-17, 53-57.  Since they never alleged that such an agreement or modification existed, they cannot "advance new theories presented for the first time in [] opposition to summary judgment." *Pickern v. Pier 1 Imports (U.S.), Inc*., 457 F.3d 963, 968–69 (9th Cir. 2006); *accord Wasco Prods., Inc. v. Southwall Techs., Inc*., 435 F.3d 989, 992 (9th Cir. 2006).

Even if Defendants could do so, Suhy's "conclusory, self-serving affidavit, lacking detailed facts and any supporting evidence, is insufficient to create a genuine issue of material fact." *F.T.C. v. Publ'g Clearing House, Inc*., 104 F.3d 1168, 1171 (9th Cir. 1997); *accord GoE3 LLC v. Eaton Corp.*, 798 F. App'x 998, 999 (9th Cir. 2020) (affirming summary judgment for defendant where the district court disregarded plaintiff's self-serving declaration that failed to identify evidence that defendant accepted certain terms as part of the original contract terms or as part of a subsequent contractual modification) (citing same); *Bullard v. Wastequip Mfg. Co. LLC*, 2015 WL 12766467, at *12 (C.D. Cal. Apr. 14, 2015) (prohibiting party from defeating summary judgment by asserting oral contract theory not alleged in the operative pleading); *see also Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993) ("[w]hen the nonmoving party relies only on its own affidavits to oppose summary judgment, it cannot rely on conclusory allegations unsupported by factual data to create an issue of material fact").

In this regard, PureThink fails to offer competent evidence establishing ***when*** Neo4j USA consented to such an oral agreement or modification, ***who*** consented on behalf of Neo4j USA, ***how*** much compensation would be, and ***what*** additional consideration PureThink offered.  Thus, no such oral agreement or modification can exist. *See Hohs v. Allstate Ins. Co.*, 2010 WL 11706760, at *5-

6 (N.D. Cal. Feb. 10, 2010) (granting summary judgment where plaintiff failed to provide evidence of when the oral contract was entered into and defendant's consent to the terms thereof); *Kahn Creative Partners, Inc. v. Nth Degree, Inc.*, 2011 WL 1195680, at *3-5 (C.D. Cal. Mar. 29, 2011) (same); *see also Stanford Hosp. & Clinics v. Multinat'l Underwriters, Inc.*, 2008 WL 5221071, at *7 (N.D. Cal. Dec. 12, 2008) (finding no mutual consent to oral agreement because plaintiff only offered evidence of its own state of mind); *Davidson v. ConocoPhillips Co.*, 2009 WL 2136535, at *3 (N.D. Cal. July 10, 2009) (granting summary judgment for defendant where plaintiffs failed to show the oral modification to a written contract was supported by new consideration).

### C.   Defendants Fail to Establish a Breach of the Alleged Exclusivity Agreement

Defendants argue that because the external April 11, 2015 letter does not contain the unilateral termination provision, Neo4j USA is "not free to insert one so purely in their favor." Opp. at 22:17-23:23. However, this is exactly what PureThink is doing by disavowing the internal letter that ***Suhy proposed contain that provision*** and Neo4j USA's reliance thereon when it signed both letters. PureThink cannot have it both ways. Either the two letters constituted parties' exclusivity agreement and gave Neo4j USA the unilateral right to terminate without having to pay PureThink, or there was never a meeting of the minds on any alleged agreement. Under both scenarios, PureThink cannot establish any breach thereof by Neo4j USA.

### D.   PureThink Fails to Provide Competent Evidence of Its Alleged Damages

Defendants do not indicate they intend to seek any nominal damages, and instead confirm that they are seeking monetary damages based on the alleged "full time" effort Suhy put into developing the add-ons to Neo4j® EE to create the Gov't Edition. Opp. at 24:4-12. However, Defendants do not offer competent evidence that would allow a trier of fact to determine the actual time spent and the value of that time. *See* UDF Nos. 86, 110. Defendants further admit that PureThink's financial statements "do not reflect the expenses which came in the form of paying Mr. Suhy to focus full time on the [Gov't Edition]," while they fail to cite to any evidence such as paychecks or bank records that would support such expenses. *See* UDF No. 87. PureThink thus cannot make the required showing with "reasonable certainty and probability." *See McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir. 1988) (affirming summary judgment where plaintiffs

Hopkins & Carley
ATTORNEYS AT LAW
SAN JOSE ● REDWOOD CITY

4890-7686-1031.6                          - 14 -
PLAINTIFFS' CORRECTED REPLY IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON THEIR DMCA CLAIM AND
DEFENDANTS' BREACH OF CONTRACT COUNTERCLAIM AND UNCLEAN HANDS DEFENSE                    5:18-CV-07182-EJD

1  failed to submit evidence "upon which a finder of fact could reasonably conclude that [they] actually

2  suffered damages, caused by [] defendants, in any quantifiable amount").

3      PureThink's attempt to recover $1.3 million in damages for the alleged loss of the CKGE

4  Contract with the IRS is also untenable.  *See* Opp. at 24:13-14.  By agreeing to dismiss their IIPEA

5  claim with prejudice in the face of a motion to dismiss, Defendants conceded that Neo4j USA had a

6  constitutional right to protest that award.  *See* Dkt. Nos. 171, 172 and 176; *see also* UDF No. 58.

7  Moreover, it is undisputed that the IRS continued to use the Gov't Edition and PureThink's support

8  services after Neo4j notified all concerned that it was discontinuing the Gov't Edition and terminating

9  PureThink as Solutions Partner. *See* UDF Nos. 53-54, 75, 78, 89.  Consequently, Defendants cannot

10  establish a causal connection between Neo4j USA's alleged breach of the exclusivity agreement and

11  the IRS's subsequent decision to award the CKGE Contract to Suhy via one of his other entities,

12  eGovernment Solutions.  *See* UDF No. 25-26.

13      Finally, Defendants cite to a spreadsheet of Neo4j USA's government sales as somehow

14  establishing its alleged damages.  *See* Opp. at 24:13-14.  This is insufficient to establish damages

15  because Defendants fail to offer evidence establishing that but for the termination, PureThink would

16  have sold the Gov't Edition to them.  Without any evidence of a causal connection, PureThink cannot

17  rely on speculation that they would have made any of those sales.  *See McGlinchy,* 845 F.2d at 809;

18  *Codding v. Pearson Educ., Inc*., 2019 WL 5864579, at *12 (N.D. Cal. Nov. 8, 2019), *aff'd*, 842 F.

19  App'x 70 (9th Cir. 2021) (granting summary judgment in favor of defendant where plaintiff failed to

20  provide evidence "establish[ing] a causal connection between the breach and the damages sought").

21  **VII.   CONCLUSION**

22      For the reasons set forth herein and in their opening brief, Plaintiffs respectfully request that

23  the Court grant summary judgment in favor of Neo4j USA on all grounds sought.

24   Dated:  October 4, 2023                    HOPKINS & CARLEY, ALC

25

26                                By: */s/ Jeffrey M. Ratinoff*
                                      Jeffrey M. Ratinoff
27                                    Attorneys for Plaintiffs and Counter-
                                      Defendants NEO4J, INC. and NEO4J
28                                    SWEDEN AB

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE ● REDWOOD CITY

4890-7686-1031.6                          - 15 -