UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NEO4J, INC., et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>PURETHINK, LLC, et al.,<br><br>        Defendants. | Case No.  5:18-cv-07182-EJD<br><br>**ORDER RE MOTIONS *IN LIMINE***<br><br>Re: ECF Nos. 194, 195, 196, 197, 198, 199 |

Presently before the Court are Plaintiffs' motions *in limine* ("MIL"). ECF Nos. 194, 195, 196, 197, 198, 199. On October 12, 2023, the Court held a final pretrial conference and heard the parties' oral arguments on these motions. The following rulings shall remain in effect throughout all phases of trial but may be revised by the Court at any time.

**I.      MOTIONS *IN LIMINE***

Having considered the parties' briefing and oral arguments on these motions, the Court rules on Plaintiff's MILs, as follows:

**A.      MIL No. 1**

Plaintiffs' move to exclude evidence regarding Defendants' unclean hands affirmative defense pursuant to Federal Rules of Evidence 402, 403 and 404. ECF No. 194. On October 13, 2023, after MIL No. 1 had been briefed and argued, Defendants withdrew their unclean hands defense. *See* ECF No. 215.

Accordingly, because Defendants' unclean hands defense is no longer an issue at trial, the Court DENIES AS MOOT Plaintiff's MIL No. 1.

Case No.: 5:18-cv-07182-EJD
ORDER RE MOTIONS *IN LIMINE*
1

### B.     MIL No. 2

Next, Plaintiffs move to exclude evidence relating to Defendants now-dismissed intentional interference claims pursuant to Federal Rule of Evidence 402 and 403.  ECF No. 195.  Plaintiffs MIL is based on information contained in Defendants' opposition to Plaintiffs' motion for summary judgment suggesting that Defendants intend to "bolster their unclean hands defense and breach of exclusivity contract counterclaims" using statements communicated by Neo4j USA to the IRS.  *Id.* at 1, 3.  Specifically, Plaintiffs seek to preclude argument that "Neo4j USA allegedly made alleged false and misleading statements to the IRS, and that Neo4j USA caused PureThink to lose the CKGE Contract."  *Id.* at 4.  Plaintiffs contend that the Court should therefore preclude Defendants from offering argument or evidence of dismissed claims as irrelevant under FRE 402.  *Id.* at 4.

Because Defendants' unclean hands defense is no longer an issue at trial, the Court also DENIES AS MOOT Plaintiff's MIL No. 2.

### C.     MIL No. 3

Plaintiffs move to exclude evidence, testimony, and argument, that contradicts the Court's May 18, 2021 Order Granting Order Granting Plaintiffs' Motion for Partial Summary Judgment ("Phase 1 MSJ Order") pursuant to the law of the case doctrine, Federal Rule of Civil Procedure 56(g), and Federal Rules of Evidence 402 and 403.  ECF No. 196.

Because this is a bench trial, the Court is disinclined to preclude the introduction of evidence or testimony unless there is a clear basis for doing so.  Here, there is not.  The Court, as the trier of fact, will assign the appropriate weight, if any, to such evidence.

Accordingly, the Court DENIES Plaintiff's MIL No. 3.

### D.     MIL No. 4

Plaintiffs move to exclude certain inflammatory or irrelevant evidence, argument, and testimony pursuant to Federal Rules of Evidence 402 and 403.  ECF No. 197.  Plaintiffs specifically seek the exclusion of any documentary evidence or witness testimony concerning Plaintiffs alleged harboring ill-will and animosity towards Defendants, as well as the filing the

Case No.:   5:18-cv-07182-EJD
ORDER RE MOTIONS *IN LIMINE*

1  instant lawsuit for an improper purpose.

2        Plaintiffs MIL again raises Defendants' two tort-based counterclaims for intentional
3  interference with prospective economic advantage and intentional interference with contractual
4  relations that have since been dismissed by stipulation. *See* ECF No. 22, ¶¶ 18-41; ECF Nos., 133,
5  175, 177. Before the dismissal of these claims, Plaintiffs propounded contention interrogatories
6  relating to several allegations supporting these intentional interference claims. ECF No. 197 at 2.
7  Plaintiffs take issue with facts identified by Defendants in response to one of these interrogatories.
8  *Id.* Plaintiffs contend that the response contains inflammatory allegations that are allegedly
9  irrelevant to Defendants' remaining counterclaims and defenses and would be "prejudicial to a
10  jury." *Id.*

11        Again, because this is a bench trial, the Court is disinclined to preclude the introduction of
12  evidence or testimony based on prejudice. Although the Court can give the evidence the
13  appropriate weight at trial, it will not be necessary for the Court to do so with respect to this
14  evidence because Defendants' only remaining defenses relate to damages in light of the Court's
15  October 25, 2023 Order at ECF No. 216. Accordingly, the Court DENIES Plaintiff's MIL No. 4.

### E.  MIL No. 5

17        Plaintiffs move to preclude Defendants from offering a new contract claim and/or theory
18  and certain related damages theories based on Federal Rules of Evidence 402 and 403 and
19  applicable case law. ECF No. 198. Plaintiffs contend that Defendants improperly assert new or
20  different claims on summary judgment and after the close of fac discovery.

21        MIL No. 5 arises from Defendants' opposition to Plaintiff's motion for partial summary
22  judgment ("Phase 2 MSJ") on PureThink's breach of exclusivity contract claim that was still
23  pending at the time the MILs were filed and argued before the Undersigned. *See* ECF Nos. 183,
24  188. On October 25, 2023, the Court issued an Order granting Plaintiff's Phase 2 MSJ and
25  dismissing PureThink's breach of exclusivity contract claim. ECF No. 216.

26        Accordingly, because PureThink's breach of exclusivity contract claim is no longer an
27  issue at trial, the Court DENIES AS MOOT Plaintiff's MIL No. 5.

Case No.: 5:18-cv-07182-EJD
ORDER RE MOTIONS *IN LIMINE*
3

**F.     MIL No. 6**

Finally, Plaintiffs move to exclude evidence, testimony, and argument relating to Neo4j's ownership of the copyrights to Neo4j EE. ECF No. 199. Plaintiffs specifically seek to prevent Defendants from arguing that Neo4j Sweden AB does not own the copyrights to the source code files for Neo4j EE software that are subject to Plaintiffs' DMCA claim.

The October 25, 2023 Order granted summary judgment on Plaintiffs' DMCA claim. ECF No. 216. Accordingly, because the DMCA claim is no longer an issue at trial, the Court DENIES AS MOOT Plaintiff's MIL No. 6.

**II.    CONCLUSION**

Based on the foregoing, the Court rules as follows:

1) MIL No. 1 is DENIED AS MOOT;
2) MIL No. 2 is DENIED AS MOOT;
3) MIL No. 3 is DENIED;
4) MIL No. 4 is DENIED;
5) MIL No. 5 is DENIED AS MOOT;
6) MIL No. 6 is DENIED AS MOOT.

**IT IS SO ORDERED.**

Dated: October 25, 2023

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-07182-EJD
ORDER RE MOTIONS *IN LIMINE*
4