John V. Picone III, Bar No. 187226
jpicone@hopkinscarley.com
Jeffrey M. Ratinoff, Bar No. 197241
jratinoff@hopkinscarley.com
HOPKINS & CARLEY
A Law Corporation
70 South First Street
San Jose, CA  95113

*mailing address:*
P.O. Box 1469
San Jose, CA  95109-1469
Telephone:    408.286.9800
Facsimile:     408.998.4790

Attorneys for Plaintiffs and Counter-Defendants
NEO4J, INC. AND NEO4J SWEDEN AB

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation, NEO4J SWEDEN, AB,<br><br>Plaintiffs,<br><br>v.<br><br>PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 5:18-cv-07182-EJD<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE CERTAIN ADMITTED TRIAL EXHIBITS UNDER SEAL** |

Plaintiffs Neo4j, Inc. and Neo4j Sweden AB (collectively "Plaintiffs") hereby move the Court pursuant to Civil Local Rules 7-11 and 79-5 for an Order to file certain admitted trial exhibits under seal. Northern District of California Civil Local Rule 79-5(b) permits parties to seal documents, or portions thereof, that are shown to be "privileged, protectable as a trade secret or otherwise entitled to protection under the law." *Id*. The request to seal "must be narrowly tailored to seek sealing only of sealable material."

There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597, 98 S. Ct. 1306, 55 L. Ed. 2d 570 (1978). However, that presumption can be overcome if a party can demonstrate "compelling reasons" to seal judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Examples of compelling reasons to seal records include potential release of business information that might harm a party's competitive strategy, pricing, profits, and customer usage information kept confidential by a company that could be used to the company's competitive disadvantage. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214 (Fed. Cir. 2013).

Plaintiffs seeking to file the following admitted trial exhibits under seal:

1. **Trial Exhibit 15** Excel Spreadsheet – 2022-11-14 Neo4j Monthly Closed Won Report as of 2022-11-14.
2. **Trial Exhibit 16** – 2017-10-01 Neo4j USA Price List, effective Oct. 1, 2017.
3. **Trial Exhibit 17** – 2019 04 01 Neo4j USA Price List, effective April 1, 2019.
4. **Trial Exhibit 18** – 2020-04-01 Neo4j USA Price List, effective April 1, 2020.
5. **Trial Exhibit 19** – 2021-07-01 Neo4j USA Price List, effective July 1, 2021.
6. **Trial Exhibit 118** – 2019-04-19 Email from Jason Zagalsky to Shakan Nagiel thanking him for setting up meeting with MPO and attaching Neo4j USA's commercial licensing proposal for $2.2 million (Depo Ex. 55).
7. **Trial Exhibit 209** 2022-12-22 Expert Report of Steven B. Boyles.
8. **Trial Exhibit 213** 2015-10-01 Neo Tech Price List (USD).

These trial exhibits consist of and/or contain Neo4j, Inc.'s highly confidential and proprietary sales,

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE • REDWOOD CITY

4868-8412-5855.1                                - 1 -
PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE CERTAIN ADMITTED TRIAL EXHIBITS UNDER SEAL;
CASE NO. 5:18-CV-07182-EJD`

financial and business information.

As detailed in the Declaration of Jason Zagalsky in support this Motion to Seal ("Zagalsky Decl."), Exhibit 15 contains Plaintiffs' highly confidential and commercially sensitive information regarding Neo4j USA's pricing, business model and strategy for securing customer contracts and confidential details of customer relationships and preferences. Zagalsky Decl., ¶¶ 3(a). Plaintiffs consider this information to be highly confidential, competitively sensitive, and takes significant precautions to ensure that this type of information is not publicly disclosed. *Id.*, ¶ 3(a) and ¶ 4. The disclosure of this confidential information would substantially harm Neo4j USA's competitive standing in the marketplace, provide competitors such as Defendants with information that could be used to obtain a competitive advantage over Plaintiffs and damage its customer relationships. *Id.* This document was also previously submitted by Defendants with the opposition to Plaintiffs' motion for summary judgment, and the Court found good cause existed to file it under seal. *See* Dkt. No. 219.

Plaintiffs are also seeking to file Exhibits 16, 17, 18, 19 and 213, which constitute Neo4j, Inc.'s internal confidential price lists, under seal. These price lists contain commercially sensitive and confidential information regarding the structure and amount of licensing and subscription fees for Neo4j® Enterprise Edition, as well as pricing and discount information. Zagalsky Decl., ¶ 3(b). They also reveal specific and detailed information concerning Plaintiffs' software features, subscription models, professional service offerings, and marketing strategy. *Id*. Plaintiffs consider this information to be highly confidential, competitively sensitive, and takes significant precautions to ensure that this type of information is not publicly disclosed. *Id.*, ¶ 3(b) and ¶ 4. The disclosure of this information would expose Neo4j USA to substantial competitive harm by providing competitors, including the Defendants, with information that could be used by them to obtain a competitive advantage over Neo4j USA and potentially damage its actual and potential customer relationships. *Id.*, ¶ 3(b).

Plaintiffs are seeking to file Exhibit 118 under seal. The email attachment in this exhibit is an April 19, 2019 Neo4j Proposal to the Maryland Procurement Office and Next Century, which

4868-8412-5855.1 - 2 -
PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE CERTAIN ADMITTED TRIAL EXHIBITS UNDER SEAL;
CASE NO. 5:18-CV-07182-EJD`

contains commercially sensitive and highly confidential information regarding the structure and amount of licensing and subscription fees for Neo4j® Enterprise Edition, as well as pricing and discount information. Zagalsky Decl., ¶ 3(d). It also reveals specific and detailed information concerning software features, subscription models, professional service offerings, and marketing strategy. *Id.* Plaintiffs consider this information to be highly confidential, competitively sensitive, and takes significant precautions to ensure that this type of information is not publicly disclosed. *Id.*, ¶ 3(b) and ¶ 4. The disclosure of this information would expose Plaintiffs to substantial competitive harm because it would provide competitors, including the Defendants, with information that could be used by them to obtain a competitive advantage over Plaintiffs and potentially damage its actual and potential customer relationships. *Id.*, ¶ 3(d). The Court previously found good cause to seal this exhibit in conjunction with Plaintiffs' first motion for summary judgment. *See* Dkt. No. 119 at 2:1-3.

In addition, Plaintiffs seeking to file portions of Exhibit 209, which is the expert report authored by Plaintiffs' damages expert under seal. The redacted portions of that report consist of excerpts from the aforementioned confidential internal price lists and other confidential pricing, sales and financial information that Plaintiffs does not publically disclose. Zagalsky Decl., ¶ 3(c). Access to this internal pricing and financial information on a "need-to-know basis" to a small number of high-level employees of Plaintiffs, and limits its disclosure subject to a non-disclosure/confidentiality agreement. *Id.* Plaintiffs consider this information to be highly confidential, competitively sensitive, and takes significant precautions to ensure that this type of information is not publicly disclosed. *Id.*, ¶ 3(c) and ¶ 4. The disclosure of this information would expose Plaintiffs to substantial competitive harm by providing competitors, including the Defendants, with information that could be used by them to obtain a competitive advantage over Plaintiffs and potentially damage its actual and potential customer relationships. *Id.*, ¶ 3(c).

Finally, Plaintiffs have taken steps to minimize the exhibits that it seeks to file under seal in the least restrictive way, and is only seeking to seal a fraction of the admitted exhibits. With respect to Trial Exhibit 209, Plaintiffs are only redacting their highly confidential and proprietary

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE • REDWOOD CITY

4868-8412-5855.1

- 3 -

PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE CERTAIN ADMITTED TRIAL EXHIBITS UNDER SEAL;
CASE NO. 5:18-CV-07182-EJD`

information.  As a result, Plaintiffs' request is narrowly tailored to seek the sealing only of sealable material, and is the least restrictive means of preserving the confidentiality of the foregoing and preventing substantial competitive harm to Plaintiffs, while balancing the public's right of access to the Court's records.  For these reasons, Plaintiffs respectfully request that the Court grant this motion to seal.

Dated:  January 26, 2024

HOPKINS & CARLEY
A Law Corporation

By: */s/ Jeffrey M. Ratinoff*
John V. Picone III
Jeffrey M. Ratinoff
Attorneys for Plaintiffs and
Counter-Defendants
NEO4J, INC. and NEO4J SWEDEN AB

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE • REDWOOD CITY

4868-8412-5855.1
- 4 -
PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE CERTAIN ADMITTED TRIAL EXHIBITS UNDER SEAL;
CASE NO. 5:18-CV-07182-EJD`