**TRIAL EXHIBIT 57**



**PRIVACY, GOVERNMENTAL LIAISON AND DISCLOSURE**

**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**
**WASHINGTON, DC 20224**

Witness: John Mark Suhy
**EX 209**
11/29/2022 K. Buchanan

February 15, 2018

John Suhy
4202 Adrienne Dr
Alexandria, VA 22309

Dear Mr. Suhy:

This is our final response to your Freedom of Information Act (FOIA) request dated November 28, 2017 that we received on December 14, 2017.

You asked for "all communications relating to the threat of a protest relating to solicitation M7M528ROO00". Of the 11 pages located in response to your request, I am enclosing 11 pages. I am withholding 11 pages in part for the following reasons:

## FOIA Exemption (b)(4)

This exemption protects trade secrets and commercial or financial information obtained from a person that is privileged or confidential.

## FOIA Exemption (b)(6)

This portion of FOIA exempts from disclosure files that, if released, would clearly be an unwarranted invasion of personal privacy. These include medical, personnel, and similar files. We base the determination to withhold on a balancing of interests between the protection of an individual's right to privacy and the public's right to access government information.

The Supreme Court ruled that Congress intended the "similar files" provision to be construed broadly, so that all information which applies to a particular individual qualifies for consideration under exemption (b)(6).

The redacted portions of each page are marked by the applicable FOIA exemptions. This constitutes a partial denial of your request.

You may contact me, the FOIA Public Liaison, Laura A. McIntyre, to discuss your request at:

IRS Disclosure Office 10
1999 Broadway, MS 7000
Denver, CO 80202
303-603-4734

**Plaintiffs' Trial Exhibit 57**

The FOIA Public Liaison responds to FOIA and Privacy Act requests for copies of documents maintained by the IRS. There is no provision in either Act to resolve tax, collection, or processing issues and our staff is not trained to answer questions regarding those issues. If you need assistance with tax related issues you may call the IRS toll free number at 1-800-829-1040.

If you are unable to resolve your FOIA dispute through the FOIA Public Liaison, the Office of Government Information Services (OGIS), the Federal FOIA Ombudsman's Office, offers mediation services to help resolve disputes between FOIA requesters and Federal agencies. The contact information for OGIS is:

Office of Government Information Services
National Archives and Records Administration
8601 Adelphi Road--OGIS
College Park, MD 20740-6001
202-741-5770
877-684-6448
ogis@nara.gov
ogis.archives.gov

You have the right to file an administrative appeal within 90 days of the date of this letter. By filing an appeal, you preserve your rights under FOIA and give the agency a chance to review and reconsider your request and the agency's decision. I've enclosed Notice 393, *Information on an IRS Determination to Withhold Records Exempt From the Freedom of Information Act - 5 U.S.C. 552,* to explain your appeal rights.

If you have any questions please call Tax Law Specialist John M Quigley ID # 1000247712, at 510-907-5337 or write to: Internal Revenue Service, Centralized Processing Unit – PO Box 621506, Stop 211, Atlanta, GA 30362. Please refer to case number F18348-0036.

Sincerely,

Laura A McIntyre
Disclosure Manager
Disclosure Office 10

Enclosure
  Responsive Records
  Notice 393

# ARNOLD & PORTER
# KAYE SCHOLER

Mark J. Maier
+1 202.942.6905 Direct
Mark.Maier@APKS.com

September 19, 2017

**AGENCY-LEVEL PRE-AWARD PROTEST**
**OBJECTION TO SOLE SOURCE JUSTIFICATION**
**REQUEST FOR INDEPENDENT REVIEW**
**AWARD STAY REQUIRED**

[(b)(4)]

**BY ELECTRONIC MAIL: VIVIAN.D.DANIELS@IRS.GOV**

Vivian Daniels
Contract Specialist
IRS, 1111 Constitution Ave, NW
C7-NCFB
Washington, District of Columbia 20024

  Re: Pre-Award Protest of Neo4j, Inc.
     Under Solicitation No. M7M528ROO00
     Department of the Treasury, Internal Revenue Service

Dear Ms. Daniels:

  Neo4j, Inc., successor in interest to Neo Technology, Inc. ("**Neo**"), 111 East 5th Avenue, San Mateo, CA 94401, telephone number 855-636-4532, and e-mail [(b)(6)] by its undersigned counsel, hereby files this pre-award protest challenging the intended award by the Department of the Treasury, Internal Revenue Service ("**Agency**" or "**IRS**") of a sole source contract and/or purchase order to PureThink, LLC and/or to its affiliate iGov Inc ("**PureThink**") under Solicitation No. M7M528ROO00 ("**Solicitation**") through which the Agency intends to purchase the iGOV Graph Database and related services intended to support the Agency's CDW Knowledge Graph Environment ("**CKGE**").

  By this Protest (defined below), Neo also objects to the Agency's sole source justification and the Agency's intended award.

Arnold & Porter Kaye Scholer LLP
601 Massachusetts Ave., NW | Washington, DC 20001-3743 | www.apks.com

[(b)(4)]

**ARNOLD & PORTER**
**KAYE SCHOLER**

U.S. Internal Revenue Service
ATTN: C7-NCFB
September 19, 2017
Page 2

Competition is not only the preferred,[1] but also the required means by which the U.S. Government acquires products and services, subject to only very limited exceptions. Neo files this bid protest in response to the Agency's intent to award a purchase order to PureThink for the iGOV Graph Database without competition. This course of action is improper because there are numerous programmers capable of providing the FISMA compliant software. Furthermore, and equally problematic, PureThink, is not authorized to provide the solicited graph database software and services in support of the CKGE. In addition, the IRS has failed to comply with FAR 6.301(d), which states that when not providing for full and open competition, the contracting officer shall solicit offers from as many potential sources as is practicable under the circumstances.

Neo requests an independent review of this protest at a level above the Contracting Officer, pursuant to FAR 33.103(d)(4). Because there is no proper justification for the IRS to make a sole source award to PureThink and for the other reasons stated herein, the IRS should sustain this protest and cancel the sole source solicitation for its procurement of products and services in support of the CKGE.

---

[1] *See* FAR 1.102-2(a)(5) ("It is the policy of the System to promote competition in the acquisition process.").

(b)(4)

**ARNOLD & PORTER**
**KAYE SCHOLER**

U.S. Internal Revenue Service
ATTN: C7-NCFB
September 19, 2017
Page 3

I.  **NEO IS AN INTERESTED PARTY, THE PROTEST IS TIMELY, AND THE COMPETITION IN CONTRACTING ACT REQUIRES A STAY OF AWARD.**

   A.  **Interested Party**

   Neo is an interested party whose direct economic interests are affected by the IRS's intent to make a sole source award to PureThink. Neo is a prospective offeror for the services that the IRS seeks to acquire on a sole source basis from PureThink. Neo owns software that meets all requirements for the continued operation of the CKGE to meet user demands, as referenced in the IRS Special Notice of its intent to make a sole source award to PureThink ("**Special Notice**").[2] *See* FAR 33.101. The IRS maintains authority to resolve this protest pursuant to FAR Part 33.

   B.  **Timeliness**

   The regulations governing agency-level protests provide that protests based on alleged apparent improprieties in a solicitation must be filed before bid opening or the closing date for receipt of proposals. FAR 33.103(e). A Special Notice of the intended sole source award under the Solicitation, published in Federal Business Opportunities on September 5, 2017, requested parties interested in the procurement to provide a response by 12:00pm noon eastern time on September 20, 2017. Neo files this protest ("**Protest**") prior to the due date for submission of responses. This Protest, therefore, is timely. (*Id.*) By this Protest, Neo also objects to the Agency's sole source justification and the Agency's intended award.

   C.  **Stay of Award**

   Upon receipt of a protest before award, a purchase order and/or contract may not be awarded, pending agency resolution of the protest. FAR 33.103(f). Therefore, the Agency must stay the intended award to PureThink. (*Id.*).

---

[2] *See* https://www.fbo.gov/index?s=opportunity&mode=form&id=ac8c10478c4b2cdb169b3eebef7fe8e3&tab=core&_cview=0.

(b)(4)

000272

**ARNOLD & PORTER**
**KAYE SCHOLER**

U.S. Internal Revenue Service
ATTN: C7-NCFB
September 19, 2017
Page 4

## II.   BRIEF FACTUAL BACKGROUND

### A.   Procurement Background

As noted above, on September 5, 2017 the IRS published a Special Notice of its intent to award a sole source purchase order under the Solicitation to PureThink. Responses to the Special Notice are due on September 20, 2017.

### B.   Business Background

**Neo** is the original developer and owner of Neo4j, the graph database product used by the Agency and PureThink. Neo4j is an internet-scale, native graph database that leverages connected data to help companies build intelligent applications that meet today's evolving challenges including machine learning and artificial intelligence, fraud detection, real-time recommendations and master data. As the #1 platform for connected data, Neo4j has over three million downloads, the world's largest graph developer community, and thousands of graph-powered applications in production.

A **graph** is composed of two elements: a node and a relationship. Each node represents an entity (a person, place, thing, category or other piece of data), and each relationship represents how two nodes are associated. This general-purpose structure allows you to model all kinds of scenarios – from a system of roads, to a network of devices, to a population's medical history or anything else defined by relationships.

A **graph database** is an online database management system with create, read, update and delete (CRUD) operations working on a graph data model. Unlike other databases, relationships take first priority in graph databases. This means applications that leverage the graph database do not have to infer data connections using things like foreign keys or out-of-band processing, such as MapReduce. The data model for a graph database is also significantly simpler and more expressive than those of relational or other NoSQL databases. Graph databases are built for use with transactional (OLTP) systems and are engineered with transactional integrity and operational availability in mind.

[redacted] (b)(4)

**ARNOLD & PORTER**
**KAYE SCHOLER**

U.S. Internal Revenue Service
ATTN: C7-NCFB
September 19, 2017
Page 5

**PureThink** is a former Neo4j authorized reseller and services provider, and was the sole reseller of Neo4j Government Edition until Neo4j Government Edition was discontinued June 19, 2017.

**iGov** and **iGov Inc** appear to be PureThink's effort to market a new set of services based on Neo's Neo4j graph database.

### III. GROUNDS OF PROTEST

#### A. PureThink Is Not The Only Source Of FISMA Compliant Services For The Agency's CKGE Graph Database

The Agency alleges in the Special Notice that a sole source award is justified in accordance with FAR 16.505(b)(2)(i)(B)[3] which allows an exception to the fair opportunity process if "[o]nly one awardee is capable of providing the supplies or services required at the level of quality required because the supplies or services ordered are unique or highly specialized." Otherwise, and unless another exception applies, the Agency shall give every awardee a fair opportunity to be considered for a delivery-order or task-order.

Here, the Special Notice states that PureThink is the only provider of the FISMA services needed for the Agency's CDW Knowledge Graph Environment as required by FAR 16.505(b)(2)(i)(B) to justify a sole source award. However, Neo and the following non-exhaustive list of programmers have expertise in developing FISMA compliant databases and could perform the services needed by the Agency:

- Neo4j, Inc.: https://neo4j.com/professional-services/
- Atom Rain: https://www.atomrain.com/products/

---

[3] The Agency cites to FAR 16.505(b)(2)(i)(B), which would only apply if the requirement were being procured under an indefinite delivery contract. However, the Agency did not provide any information on any purported indefinite delivery contract applicable to PureThink. It is possible that that Agency meant to reference FAR 6.302-1 which allows a sole source exemption if "only one responsible source and no other supplies or services will satisfy agency requirements." These FAR provisions will be treated synonymously until clarified by the Agency.

(b)(4)

**ARNOLD & PORTER**
**KAYE SCHOLER**

U.S. Internal Revenue Service
ATTN: C7-NCFB
September 19, 2017
Page 6

- Graph Aware: https://graphaware.com/neo4j-consultancy/
- i3solutions: http://www.i3solutions.com/content-collaboration-solutions
- Expero: https://www.experoinc.com/graph/graphs-are-everywhere
- CALIBRE: http://www.calibresys.com/

Among these providers, Neo in particular stands apart because Neo developed the Neo4j graph database. As such, Neo owns the intellectual property for the Neo4j graph database and is the sole copyright holder for the Neo4j database. Therefore Neo necessarily possesses and maintains the deepest level of knowledge and expertise in the Neo4j graph database. Neo has both the experience needed to perform these services as well as the capability to deliver FISMA compliant software. Furthermore, [redacted (b)(4)] [redacted (b)(4)] Additionally, [redacted (b)(4)] [redacted (b)(4)] [redacted] making it unnecessary for the U.S. Government to pay a separate contractor [redacted (b)(4)] [redacted (b)(4)]

Similarly for the other programmers, the FISMA requirements for software have been implemented with NIST standards which are publicly available, common across the U.S. Government and being implemented by numerous programmers. As described on their websites, the above programmers have the capabilities to provide FISMA support for the Agency's CKGE system. Accordingly, there is no basis for the IRS to proceed with its solicitation on a sole source basis.

The U.S. Government closely scrutinizes sole source procurements conducted under the exception to the mandate for full and open competition authorized by 10 U.S.C. § 2304(c)(1), which permits an agency to award a sole-source contract where it properly determines that only one responsible source can meet its requirements. *WorldWide Language Resources, Inc.; SOS*

[redacted (b)(4)]

**ARNOLD & PORTER**
**KAYE SCHOLER**

U.S. Internal Revenue Service
ATTN: C7-NCFB
September 19, 2017
Page 7

*International Ltd.*, B-296993 et al., Nov. 14, 2005, 2005 CPD ¶ 206. When an agency uses noncompetitive procedures under section 2304(c)(1), it must execute a written J&A with sufficient facts and rationale to support the use of the specific authority, FAR §§ 6.302-1(c), 6.303, 6.304, and publish a notice in FBO to permit potential competitors to challenge the agency's intent to procure without full and open competition. 10 U.S.C. § 2304(f). (*Id.*) GAO's review of an agency's decision to conduct a sole-source procurement focuses on the adequacy of the rationale and conclusions set forth in the J&A. (*Id.*) Where the record shows that the agency has failed to adequately justify its sole source award decision, GAO will sustain the protest.

The U.S. Government will sustain a protest challenging a sole source award based on the agency's determination that only one source is available, where the record establishes that alternative sources do in fact exist. *National Aerospace Group, Inc.*, B-282843, Aug. 30, 1999, 99-2 CPD ¶ 43 (agency's justification for sole source procurement inadequate where the documentation did not reasonably show that only the proposed awardee's exact product would satisfy the agency's needs); *Jervis B. Webb Company; Eaton-Kenway, Inc.*, B-211724, B-211724.2, Jan. 14, 1985, 85-1 CPD ¶ 35 (sole source award of contract on total-package basis unjustified where agency took little or no action to identify and to evaluate possible alternatives).

Neo stands prepared to compete for the requirements which the IRS seeks to procure on a sole source basis from PureThink. Additionally, while PureThink may have already developed a set of FISMA compliant modifications to Neo's graph database, numerous other developers (some of which are listed above) also have already developed FISMA compliant databases and can thus offer their performance to the Agency. Given that there are numerous FISMA service providers who could compete to serve the Agency's stated needs, there is no valid basis under the FAR's exceptions to competition to make a sole source award to PureThink. *Marconi Dynamics, Inc.*, B-252318, June 21, 1993, 93-1 CPD ¶ 475 (proposed sole source award not reasonably based where agency claims--that the unavailability of proprietary data and of certain equipment and facilities (both government furnished and otherwise), combined with the short term of performance and low contract value mean that only the sole source can provide the

(b)(4)

**ARNOLD & PORTER**
**KAYE SCHOLER**

U.S. Internal Revenue Service
ATTN: C7-NCFB
September 19, 2017
Page 8

services--were effectively refuted by the protester who demonstrated that the findings were not supported by fact).

### B. The Agency Did Not Describe Any Special or Unique Features In The iGOV Graph Database That Would Support A Sole Source Award

The Special Notice provides that its purpose is to announce the Agency intent to purchase the iGOV Graph Database. But, no such product exists in the current marketplace. Although the CKGE system and ostensibly the so called iGOV Graph Database operate on Neo's Neo4j graph database, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (b)(4) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (b)(4) ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ (b)(4) Even if an iGOV Graph Database product existed, the Agency did not provide any descriptions of special or unique features in such product that would justify a sole source award. Thus the Special Notice is invalid and does not support a sole source award.

Furthermore, the Special Notice does not state that the Agency intends to purchase any services, and yet all remaining portions of the Special Notice discuss PureThink's services without any further mention of a graph database product. The Agency appears to improperly solicit an allegedly unique service to support its acquisition of a non-existing product.

Even if PureThink were the only programmer with applicable skills, which it is not, the Special Notice does not in any way explain why the iGOV Graph Database product is unique. As such, the Agency lacks the requisite justification or basis under FAR 16.505(b)(2)(i)(B) to grant a sole source award to purchase the iGOV Graph Database.

[redacted (b)(4)]

**ARNOLD & PORTER**
    **KAYE SCHOLER**

U.S. Internal Revenue Service
ATTN: C7-NCFB
September 19, 2017
Page 9

[redacted (b)(4)]

Neo's trademarks, materials, other intellectual property, data and trade secrets are valuable assets. Improper use of these assets by any party without proper approvals may give rise to claims of infringement and misappropriation.

\* \* \* \* \*

Accordingly, for the reasons stated above, it was improper for the IRS to issue a notice of an intent to award a sole source award for PureThink to provide Neo4j-related graph database software or services.

[redacted (b)(4)]

**ARNOLD & PORTER**
**KAYE SCHOLER**

U.S. Internal Revenue Service
ATTN: C7-NCFB
September 19, 2017
Page 10

### IV. THE AGENCY'S ACTIONS UNDER THE SPECIAL NOTICE PREJUDICED NEO

Prejudice is an essential element of every protest, including those before an agency. *In re Colonial Storage Co.-Reconsideration, B-253501, B-253501.8, May 31, 1994 CPD ¶ 335*. As in any GAO protest, an agency must sustain a Protest where a reasonable possibility of prejudice is shown or is otherwise evident from the record. *Id.* at 1. If an agency clearly violates procurement requirements, GAO, and the agency must resolve doubts concerning prejudice in favor of the protester. *See United Int'l Eng'g, Inc.; Morrison Knudsen-Dynamics Research; PRC Inc.; Science Applications Int'l Corp., B-245448 et al., Jan. 29, 1992, 92-1 CPD ¶ 122*; *see also Dismas Charities, Inc., B-292091, Jun. 25, 2003, 2003 CPD ¶ 125* (rejecting agency's argument that protester was not prejudiced in light of the multiple procurement errors); *Mechanical Contractors, SA, B-277916, Oct. 27, 1997, 97-2 CPD ¶ 121* ("While the PCC argues that the errors which occurred would not have affected its source selection, we conclude, particularly in light of the multiple errors explained above, that the protester was prejudiced by the agency's actions").

The Agency's errors in issuing the Special Notice clearly prejudiced Neo. But for the errors cited above, there is more than a reasonable possibility that Neo, as developer and owner of the Neo4j software, would have had opportunity to compete for the services in support of the CKGE. *United Int'l Eng'g, Inc., supra.* As such, the Agency should sustain Neo's Protest and cancel the sole source solicitation for the IRS requirement.

### V. CONCLUSION AND RELIEF REQUESTED

For the foregoing reasons, Neo is substantially and unfairly prejudiced by the Agency's intended sole source award to PureThink. But for those actions, Neo would have had an opportunity to compete for the services required for the CKGE.

Accordingly, for the reasons stated above, Neo respectfully requests that the Agency sustain its Protest and cancel the sole source solicitation for this IRS requirement.

(b)(4)

**ARNOLD & PORTER**
**KAYE SCHOLER**

U.S. Internal Revenue Service
ATTN: C7-NCFB
September 19, 2017
Page 11

### VI. SERVICE OF PROTEST

Neo files this protest for the procurement and respectfully requests that the protest be subject to an independent review, at a level above the Contracting Officer, pursuant to FAR 33.103(d)(4).

Respectfully submitted,

ARNOLD & PORTER KAYE SCHOLER LLP

By: *[signature]*

Mark J. Maier
Dominique L. Casimir
Craig A. Holman
601 Massachusetts Avenue, N.W.
Washington D.C. 20001-3743

*Counsel for Neo4j, Inc.*

(b)(4)