1  John V. Picone III, Bar No. 187226
   jpicone@hopkinscarley.com
2  Jeffrey M. Ratinoff, Bar No. 197241
   jratinoff@hopkinscarley.com
3  HOPKINS & CARLEY
   A Law Corporation
4  70 South First Street
   San Jose, CA  95113
5
   *mailing address:*
6  P.O. Box 1469
   San Jose, CA  95109-1469
7  Telephone:    408.286.9800
   Facsimile:    408.998.4790
8
   Attorneys for Plaintiffs and Counter-Defendants
9  NEO4J, INC. AND NEO4J SWEDEN AB

10              IN THE UNITED STATES DISTRICT COURT

11              FOR THE NORTHERN DISTRICT OF CALIFORNIA

12  NEO4J, INC., a Delaware corporation, NEO4J SWEDEN, AB,

    Case No. 5:18-cv-07182-EJD

13              Plaintiffs,

    **PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE PORTIONS OF TRIAL EXHIBIT 209 UNDER SEAL**

14      v.

15  PURETHINK LLC, a Delaware limited liability company, IGOV INC., a Virginia corporation, and JOHN MARK SUHY, an individual,

16              Defendants.

17  AND RELATED COUNTERCLAIMS.

4868-8412-5855.2

PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE PORTIONS OF TRIAL EXHIBIT 209 UNDER SEAL;
CASE NO. 5:18-CV-07182-EJD

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE • REDWOOD CITY

In response to the Court's Order Re Plaintiffs' Administrative Motion to File Certain Admitted Trial Exhibits Under Seal, as Modified (Dkt. No. 243), Plaintiffs Neo4j, Inc. and Neo4j Sweden AB (collectively "Plaintiffs") hereby move the Court pursuant to Civil Local Rules 7-11 and 79-5 for an Order to file portions of Trial Exhibit 209 (Dkt. No. 242-30), which consists of the 2022-12-22 Expert Report of Steven B. Boyles, under seal.

Northern District of California Civil Local Rule 79-5(b) permits parties to seal documents, or portions thereof, that are shown to be "privileged, protectable as a trade secret or otherwise entitled to protection under the law." *Id*. The request to seal "must be narrowly tailored to seek sealing only of sealable material." There is a presumption of public access to judicial records and documents. *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978). However, that presumption can be overcome if a party can demonstrate "compelling reasons" to seal judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). Examples of compelling reasons to seal records include potential release of business information that might harm a party's competitive strategy, pricing, profits, and customer usage information kept confidential by a company that could be used to the company's competitive disadvantage. *See Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214 (Fed. Cir. 2013).

The redacted portions of Trial Exhibit 209 consist of the confidential internal price lists and other confidential pricing, sales and financial information that Plaintiffs do not publically disclose. *See* Dkt. No. 239-1, ¶ 3(c). Access to this internal pricing and financial information on a "need-to-know basis" to a small number of high-level employees of Plaintiffs, and limits its disclosure subject to a non-disclosure/confidentiality agreement. *Id.* Plaintiffs consider this information to be highly confidential, competitively sensitive, and takes significant precautions to ensure that this type of information is not publicly disclosed. *Id.*, ¶ 3(c) and ¶ 4. The disclosure of this information would expose Plaintiffs to substantial competitive harm by providing competitors, including the Defendants, with information that could be used by them to obtain a competitive advantage over Plaintiffs and potentially damage its actual and potential customer relationships. *Id.*, ¶ 3(c).

/ / /

Hopkins & Carley
Attorneys At Law
San Jose • Redwood City

4868-8412-5855.2 - 1 -
PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE PORTIONS OF TRIAL EXHIBIT 209 UNDER SEAL;
CASE NO. 5:18-CV-07182-EJD

1    The confidential and proprietary information subject to Plaintiffs' redactions is the same
2    confidential internal price lists and other confidential pricing, sales and financial information that
3    the Court already found good cause exists to seal.  *See* Dkt. No. 243.
4    ==Plaintiffs have taken steps to file portions of Trial Exhibit 209 under seal in the least
5    restrictive way by only redacting their highly confidential and proprietary information disclosed in
6    that exhibit. Declaration of Jeffrey Ratinoff, ¶ 3 and Ex. A.==  As a result, Plaintiffs' request is
7    narrowly tailored to seek the sealing only of sealable material, and is the least restrictive means of
8    preserving the confidentiality of the foregoing and preventing substantial competitive harm to
9    Plaintiffs, while balancing the public's right of access to the Court's records.  For these reasons,
10   Plaintiffs respectfully request that the Court grant this motion to seal.

11   Dated:  February 14, 2024                    HOPKINS & CARLEY
                                                  A Law Corporation

13                                                By: */s/ Jeffrey M. Ratinoff*
                                                      John V. Picone III
14                                                    Jeffrey M. Ratinoff
                                                      Attorneys for Plaintiffs and
15                                                    Counter-Defendants
                                                      NEO4J, INC. and NEO4J SWEDEN AB

HOPKINS & CARLEY
ATTORNEYS AT LAW
SAN JOSE • REDWOOD CITY

4868-8412-5855.2                                  - 2 -
PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE PORTIONS OF TRIAL EXHIBIT 209 UNDER SEAL;
CASE NO. 5:18-CV-07182-EJD