**SPENCER FANE LLP**
John V. Picone III, CA Bar No. 187226
jpicone@spencerfane.com
Jeffrey M. Ratinoff, CA Bar No. 197241
jratinoff@spencerfane.com
225 West Santa Clara Street
Suite 1500
San Jose, California 95113
Telephone:    408.286.5100
Facsimile:    408.286.5722

Attorneys for Plaintiffs and Counter-Defendants
NEO4J, INC. and NEO4J SWEDEN AB

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation; NEO4J SWEDEN, AB,<br><br>         *Plaintiffs*,<br><br>    v.<br><br>PURETHINK LLC, a Delaware limited liability company; IGOV INC., a Virginia corporation; and JOHN MARK SUHY, an individual,<br><br>         *Defendants*.<br><br>AND RELATED COUNTERCLAIMS. | Case No. 5:18-cv-07182-EJD<br><br>**DECLARATION OF STEVEN B. BOYLES ON INTEREST CALCULATIONS FOR DAMAGES AWARD** |

I, Steven B. Boyles, declare as follows:

1. I am a Member of Five Corners Consulting Group, LLC ("Five Corners"). Five Corners is a forensic accounting and litigation-consulting firm, which provides accounting, financial, economic, and valuation services to clients. I have been in public accounting and have provided forensic accounting, business valuation, and damage analyses for more than 25 years. I hold the Certified in Financial Forensics ("CFF") and the Accredited in Business Valuation ("ABV") designations from the American Institute of Certified Public Accountants and the Accredited Senior Appraiser ("ASA") designation from the American Society of Appraisers.

2. I am a member of the California Society of Certified Public Accountants ("CalCPA"). I have served on the CalCPA statewide Litigation Services Steering Committee and was Chair of its San Francisco Chapter. This Steering Committee provides guidance to the more than 800 members of its four Operating Sections - (1) Business Valuation, (2) Economic Damages, (3) Fraud and (4) Family Law.

3. Additionally, I am the co-chair of the Litigation & Alternative Dispute Resolution Specialty Group for TAG Alliances ("TAG"), a worldwide alliance of independent accounting firms. TAG is a global legal and accounting industry organization boasting membership of more than 290 firms in more than 100 countries. The organization is comprised of TAG Law, one of the five largest global legal alliances; TIAG (the International Accounting Group), TAG Strategic Partners, whose membership is comprised of an international group of businesses; and TAG Foundation, a charitable entity.

4. As part of my professional experience as a forensic accountant, valuation and damages consultant, I have consulted with a variety of companies regarding various financial aspects of intellectual property, including the valuation and commercialization of intellectual property assets, as well as the quantification of damages in a variety of intellectual property disputes, including patent, trademark, copyright, and trade secret matters. These services have included analyses of sales, costs, profits, license agreements, royalty rates, business plans, forecasts, and other related financial information. I have been qualified as an expert in federal and state courts and have experience in consulting with clients and counsel regarding a diverse range

of matters, including the assessment of damages related to intellectual property and breach of contract disputes.

5. Five Corners has been retained by Spencer Fane LLP ("Counsel") on behalf of Plaintiffs Neo4j, Inc. and Neo4j Sweden AB (collectively referred to as "Neo4j") to assess the damages sustained by Neo4j as a result of the actions by Defendants PureThink LLC ("PureThink"), iGov Inc. ("iGov"), and John Mark Suhy ("Mr. Suhy") (collectively referred to as "Defendants").

6. In conjunction with this matter, I previously provided my expert opinions on such damages via an expert report and via testimony at trial. Such opinions included pre-judgment interest calculations, which I understand that the parties stipulated to the calculated amounts and the underlying methodology I previously employed.[1]

7. I understand that after the trial, the Court issued its Findings of Fact and Conclusions of Law on July 22, 2024 (the "Order").[2] I have reviewed this Order and understand that the Court awarded Neo4j $597,000 in damages, plus prejudgment interest. I understand that through the Order, the Court has granted Neo4j the opportunity to provide final prejudgment interest calculations based on the awarded damages in accordance with my prior method of calculation as stipulated to by the Parties in the Damages Stipulation.[3]

8. In accordance with the Order, I am providing this Declaration and calculation of prejudgment interest prepared per the stipulated method, which is attached hereto as **Schedule 1**.

9. I understand that the Court has derived the $597,000 damage award based upon a finding that Maryland Procurement Office ("MPO") would have likely purchased a bundle for $199,000 but for Defendants' conduct based upon the April 19, 2019 offer. I further understand

---

[1] Stipulation to the Amount of Plaintiffs' Lost Profits and Defendants' Profits filed on December 12, 2023 ("Damages Stipulation"). Prior examples of the application of my methodology are referenced in Paragraphs 21-23 of the Damages Stipulation.

[2] Findings of Fact and Conclusions of Law filed on July 22, 2024 ("Order"), p. 20, lines 7–9.

[3] Order, p. 19, lines 20–24.

that the Court found that "MPO would have renewed this contract for at least three years following the April 2019 Offer for a total of $597,000."[4]

10.   For purposes of my calculation, I understand the Court to have determined that the award is based on an annual purchase at $199,000 for three years on the following dates:

- ➢ April 19, 2019
- ➢ April 19, 2020
- ➢ April 19, 2021

11.   The attached **Schedule 1** reflects the calculations of prejudgment interest utilizing the above referenced factual understanding and application of interest as of each anniversary date based upon the one-year treasury-bill rate on each anniversary date.[5]

12.   As **Schedule 1** reflects, interest is compounded each year on the anniversary date. In other words, interest is calculated each year based upon the total unpaid damage award plus any previously determined interest. For example, the model calculates interest against the first $199,000 purchase on April 19, 2019 based on the interest rate on that date of 2.46% (resulting in interest through April 18, 2020 totaling $4,895). As of April 19, 2020, the interest calculation (using the applicable one-year treasury rate from April 19, 2020) is based upon the initial purchase of $199,000, plus the interest on that amount for the first year of $4,895, plus the renewal of the license of $199,000 (for a total interest-bearing base of $402,895). Based on this process, prejudgment interest has been calculated through August 5, 2024, for a total of $57,288.

13.   I understand that a final judgment may not be entered by August 5, 2024. Accordingly, I have also calculated a daily interest figure by multiplying the appropriate one-year treasury rate from April 19, 2024 (5.17%) to the total balance of damage and interest as of that date ($644,430) and dividing such result by 365 days. Accordingly, $644,430 times 5.17% amounts to annual interest of $33,317.04. Dividing this amount by 365 days results in a daily interest figure (applicable until April 19, 2025) of $91.28.

---

[4] Order, p. 20, lines 4–6.

[5] The rate utilized is based on the closing rate on such date or the following business day when April 19 falls on a weekend or holiday.

14. For example, if a judgment is entered on August 15, 2024, the Court simply needs to multiply $91.28 by the additional days beyond August 5, 2024, which is ten (10) days and add that result to the $57,288 of interest through August 5, 2024 to derive the total prejudgment interest figure. In this hypothetical, the total prejudgment interest would amount to $58,201.[6]

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on this 5th day of August, 2024, at Bend, Oregon.

_____
Steven B. Boyles

---

[6] $91.28 x 10 days = $912.80 + $57,288 = $58,201 (rounded to the nearest dollar).

# SCHEDULE 1

Schedule 1 - Prejudgment Interest Calculation
Neo4j Inc v, Purethink LLC, et al.

| | |
|---|---|
| Prejudgment Interest through | 8/5/2024 |
| Prejudgment Interest Rate | Note 1 |

| Project | 4/19/2019 | 4/19/2020 | 4/19/2021 | 4/19/2022 | 4/19/2023 | 4/19/2024 | Total |
|---|---|---|---|---|---|---|---|
| Interest Rate (Note 1) | 2.46% | 0.15% | 0.08% | 1.94% | 4.84% | 5.17% | |
| Beginning Balance | $ - | $ 203,895 | $ 403,500 | $ 602,982 | $ 614,680 | $ 644,430 | |
| Plus: Damage Award | $ 199,000 | $ 199,000 | $ 199,000 | $ - | $ - | $ - | |
| Plus: Interest (Note 2) | $ 4,895 | $ 604 | $ 482 | $ 11,698 | $ 29,750 | $ 9,858 | $ 57,288 |
| Ending Balance | $ 203,895 | $ 403,500 | $ 602,982 | $ 614,680 | $ 644,430 | $ 654,288 | |

Note 1: The interest rate is the one year constant maturity treasury yield as of April 19 (or the next business day when such date falls on a weekend or holiday) of each year. Interest is compounded annually. The source of the rates is from https://www.federalreserve.gov/datadownload/Download.aspx?rel=H15&series=bf17364827e38702b42a58cf8eaa3f78&filetype=csv&label=include&layout=seriescolumn&from=04/01/2019&to=07/25/2024

Note 2: Interest is calculated by multiplying the sum of the Beginning Balance and the Damage Award by the Interest Rate applicable to each respective time period. For example, the beginning balance of the amount owed at April 19, 2020 was $203,895. To determine the interest owed for that year, I take the $203,895, add the $199,000 damage award (totaling $402,895), and multiply that sum by 0.15% resulting in calculated interest for the year of $604.

Note 3: The daily interest rate after August 5, 2024 is $91.28 and is calculated by multiplying the amount owed as of April 19, 2024 ($644,430) by the applicable interest rate (5.17%) to derive an annual interest of $33,317.04. This annual figure is then divided by 365 days to determine the daily rate of interest applicable through April 18, 2025.