1

2

3

4

5

6

7

**SPENCER FANE LLP**
John V. Picone III, CA Bar No. 187226
jpicone@spencerfane.com
Jeffrey M. Ratinoff, CA Bar No. 197241
jratinoff@spencerfane.com
225 West Santa Clara Street
Suite 1500
San Jose, California 95113
Telephone:     408.286.5100
Facsimile:     408.286.5722

Attorneys for Plaintiffs and Counter-Defendants
NEO4J, INC. and NEO4J SWEDEN AB

8

IN THE UNITED STATES DISTRICT COURT

9

FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11

12

13

14

15

16

17

18

| | |
|---|---|
| NEO4J, INC., a Delaware corporation;<br>NEO4J SWEDEN, AB, a Swedish corporation,<br><br>*Plaintiffs*,<br><br>v.<br><br>PURETHINK LLC, a Delaware limited<br>liability company; IGOV INC., a Virginia<br>corporation; and JOHN MARK SUHY, an<br>individual,<br><br>*Defendants*.<br><br>───────────────────────<br><br>AND RELATED COUNTERCLAIMS. | Case No. 5:18-cv-07182-EJD<br><br>**[PROPOSED] JUDGMENT AGAINST<br>DEFENDANTS PURETHINK LLC,<br>IGOV INC., AND JOHN MARK SUHY** |

19

20

21

22

23

24

25

26

27

28

1      WHEREAS, Plaintiffs Neo4j, Inc. ("Neo4j USA") and Neo4j Sweden AB ("Neo4j

2   Sweden") (collectively, "Neo4j" or "Plaintiffs") brought the present lawsuit against Defendants

3   PureThink LLC ("PureThink"), iGov Inc. ("iGov"), and John Mark Suhy ("Suhy") (collectively,

4   "Defendants") asserting claims against them under the Lanham Act, California's Unfair

5   Competition Law, Cal. Bus. Prof. Code §§ 17200, *et seq*. ("UCL"), and the Digital Millennium

6   Copyright Act ("DMCA").  ECF No. 90.

7      WHEREAS, Defendants asserted counterclaims against Plaintiffs.  *See, e.g.,* ECF Nos. 48,

8   55, 72, 91, 117.

9      WHEREAS, the Court found in favor of Plaintiffs with respect to certain counterclaims and

10   affirmative defenses asserted by Defendants via a motion for judgment on the pleadings, motions

11   to dismiss, and motions to strike.  *See, e.g.,* ECF Nos. 70, 85, 110.

12      WHEREAS, in opposition to a motion for judgment on the pleadings brought by Plaintiffs,

13   Defendants conceded that the First Cause of Action for Cancellation of Trademark asserted in

14   Suhy's Counterclaim (ECF No. 48), the Eleventh Cause of Action for Cancellation of Trademark

15   asserted in the First Amended Counterclaim filed by PureThink and iGov (ECF No. 55), and the

16   substantively identical Seventh Affirmative Defense for Cancellation of Trademark Procured by

17   Fraud asserted in Defendants' Answer to Plaintiffs' Second Amended Complaint (ECF No. 54)

18   were not legally viable.  As a result, the Court granted the motion for judgment on the pleadings in

19   favor of Plaintiffs and dismissed such counterclaims and affirmative defense with prejudice.  ECF

20   No. 70, 110.

21      WHEREAS, the Court granted Plaintiffs' motion to dismiss and motion to strike wherein it

22   dismissed Defendants' Tenth Cause of Action for Declaratory Relief for Abandonment of

23   Trademark asserted in their Second Amended Counterclaim (ECF No. 72, ¶¶ 84-98) and struck the

24   substantively identical Ninth Affirmative Defense asserted in Defendants' First Amended Answer

25   to the Second Amended Complaint (ECF No. 71 at 19:7-23), with prejudice.  ECF No. 133.

26      WHEREAS, Defendants stipulated to the dismissal of their Second Cause of Action for

27   Intentional Interference with Contract (ECF No. 72, ¶¶ 35-43) and Twelfth Cause of Action for

28   / / /

Unfair Business Practices (ECF No. 72, ¶¶ 99-128) asserted in their Second Amended Counterclaim with prejudice.  ECF No. 133.

WHEREAS, Defendants stipulated to the dismissal of their Seventh Cause of Action for Declaratory Relief asserted in their Second Amended Counterclaim with prejudice.  ECF No. 72, ¶¶ 62-69; ECF No. 144.

WHEREAS, Defendants stipulated to the dismissal of their (a) Fifth Affirmative Defense [The Addition Of The Commons Clause Is Unlawful Under The AGPL, ECF No. 91 at 19:9-25]; (b) Sixth Affirmative Defense [Neo4j USA Violated the AGPL, *id.* at 20:2-9]; and (c) Thirteenth Affirmative Defense [Estoppel, *id* at 22:22-24:5], with prejudice.  ECF No. 144.

WHEREAS, Defendants stipulated to the dismissal of their First Cause of Action for Intentional Interference with Prospective Economic Advantage asserted in their Third Amended Counterclaim.  ECF No. 171, ¶¶ 22-47; ECF No. 176.

WHEREAS, Defendants stipulated to dismiss their: (a) Third Cause of Action for Breach of Contract against Neo4j USA [ECF No. 177, ¶¶ 48-52]; (b) Ninth Cause of Action for Declaratory Relief (Users May Use and Fork Content Neo4j Sweden put on a Public GitHub Repository) against Neo4j Sweden [ECF No. 177, ¶¶ 66-71]; and (c) Third Affirmative Defense of Right to Fork and Use Neo4j Open Source Under GitHub Terms of Service [ECF No. 91 at 16:7-19] with prejudice. ECF No. 220 at 39.

WHEREAS, Plaintiffs stipulated to dismiss their: (a) Fifth Cause of Action for Breach of Contract against PureThink and iGov [ECF No. 90, ¶¶ 134-147]; and (b) Seventh Cause of Action for Defamation against Defendants [ECF No. 90, ¶¶ 157-165] with prejudice.  ECF No. 220 at 39.

WHEREAS, Plaintiffs agree to provide Defendants with a $26,000 deduction to the total amount awarded to Plaintiffs on their Lanham Act and DMCA claims.  ECF No. 220, p. 39.

WHEREAS, the Court entered partial summary judgment on issues pertaining to Defendants' liability under the Lanham Act and UCL in favor of Neo4j USA wherein it found Defendants liable as to Neo4j USA's Lanham Act and UCL claims, as well as entered a preliminary injunction.  ECF No. 118 (First Summary Judgment Order).

/ / /

2

WHEREAS, the Court found, *inter alia*, that Defendants infringed the NEO4J Mark by (1) extensively using "Neo4j' and "Neo4j Enterprise" on iGov and PureThink websites without proper trademark notices; (2) using embedded "Neo4j" links to Neo4j USA's website and GitHub repository on their websites; (3) hyperlinking to Plaintiffs' build instructions, support documentation and change logs containing the Neo4j Mark rather than creating and hosting their own with the ONgDB name; and (4) using of "Neo4j Enterprise" and "ONgDB" interchangeably to promote ONgDB on their websites.  ECF No. 118 at 21.

WHEREAS, the Court found, *inter alia*, that Defendants were not using "Neo4j" to refer to Plaintiffs' products.  Rather, Defendants were using the NEO4J mark to create the misleading perception that their products were Plaintiffs' products.  ECF No. 118 at 20.

WHEREAS, the Court found, *inter alia*, that Defendants' claims that ONgDB was a "drop-in replacement" or "open source" constituted false advertising and false designation of origin.  ECF No. 118 at 28–32.

WHEREAS, the Ninth Circuit heard Defendants' appeal of the First Summary Judgment Order on an expedited basis pursuant to its rules on appeals of preliminary injunctions and affirmed the Court's First Summary Judgment Order.  ECF Nos. 140, 141.

WHEREAS, Plaintiffs filed a second motion for summary judgment on the issue of Defendants' liability under the DMCA claim, as well as for summary judgment on Defendants' Fourth Cause of Action for Breach of Exclusivity Agreement and Defendants' Fourth Affirmative Defense for Unclean Hands.

WHEREAS, Defendants withdrew their unclean hands defense to be dismissed with prejudice upon final judgment.  ECF No. 215.

WHEREAS, the Court entered partial summary judgment in favor of Plaintiffs on issues pertaining to Defendants' liability under Section 1202(b) of the DMCA.  ECF No. 216 (Second Summary Judgment Order).  The Court also granted summary judgment in favor of Neo4j USA on Defendants' Fourth Cause of Action for Breach of Exclusivity Agreement asserted in their Fourth Amended Counterclaim (ECF No. 117, ¶¶ 53-57).  ECF No. 216.  The Second Summary Judgment Order also resolved Defendants' Eighth Cause of Action for Declaratory Relief, Commons Clause

in AGPL does not Apply to Professional Services asserted in its Fourth Amended Counterclaim (ECF No. 117, ¶¶ 58-65) in favor of Neo4j Sweden.  ECF No. 216.

WHEREAS, the Court found, *inter alia*, that Suhy's removal of Neo4j Sweden's copyright management information ("CMI"), that is, the removal of the Commons Clause and replacement of the Neo4j Sweden Software License governing Neo4j® Enterprise Edition Software with a generic open source APGL license, violated the DMCA ("DMCA Violation").  ECF No. 216.

WHEREAS, as a result of the Court's summary judgment orders and the parties' stipulations, the only issue that remained to be tried before the Court was Plaintiffs' damages under the Lanham Act and DMCA.

WHEREAS, on November 14, 2023, and November 28, 2023, the Court held a bench trial and heard oral arguments and evidence presented by both Parties on Plaintiffs' damages under the Lanham Act and DMCA.  ECF Nos. 225, 229.

WHEREAS, on July 22, 2024, the Court issued its Findings of Fact and Conclusions of Law wherein it awarded Plaintiffs $597,000 in actual damages, subject to prejudgment interest.  ECF No. 248.   The Court also entered an unopposed permanent injunction against Defendants.  *Id.*

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.    The Court has personal jurisdiction over the Parties.

2.    This Court has subject matter jurisdiction over this action, which arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.* and the DMCA, 17 U.S.C. § 1201, *et seq.*, pursuant to 28 U.S.C. §§ 1331 and 1338.  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1338(b) and 1367.

3.    Venue is proper in this District.

4.    Plaintiff Neo4j, Inc. is the rightful owner in the United States of all rights, title and interest in the word mark "NEO4J" and U.S. Trademark Registration No. 4,784,280 for the word mark "NEO4J" covering the goods and services in International Classes, 009, 035, 041, 042 and 045 (the "NEO4J Mark").  The NEO4J Mark and U.S. Trademark Registration No. 4,784,280 are valid and subsisting.

/ / /

5.      Judgment is entered in favor of Plaintiff Neo4j, Inc. on its First Cause of Action for Trademark Infringement, 15 U.S.C. § 1114, against Defendants for their infringement of the NEO4J Mark.

6.      Judgment is entered in favor of Plaintiff Neo4j, Inc. on its Second Cause of Action for False Designation of Origin and False Advertising, 15 U.S.C. § 1125(a), against all Defendants.

7.      Judgment is entered in favor of Plaintiff Neo4j, Inc. on its Third Cause of Action for Unfair Competition, 15 U.S.C. § 1125(a), against all Defendants for their infringement of the NEO4J Mark.

8.      Judgment is entered in favor of Plaintiff Neo4j, Inc. on its Fourth Cause of Action for Unfair Competition, Cal. Bus. Prof. Code §§ 17200, *et seq*., against all Defendants.

9.      Judgment is entered in favor of Plaintiffs on their Eighth Cause of Action for Unauthorized Distribution of Altered Copyright Management Information, 17 U.S.C. § 1202(b)(1) and 17 U.S.C. § 1202(b)(3), against all Defendants.

10.     Plaintiffs Neo4j, Inc. and Neo4j Sweden AB are HEREBY AWARDED $597,000 in actual damages plus $57,288 in prejudgment interest through August 5, 2024, less the stipulated $26,000 deduction.  Defendants are jointly and severally liable for the payment of all such amounts.

11.     Judgement is entered in favor of Plaintiffs Neo4j, Inc. and Neo4j Sweden AB on all of Defendants' counterclaims and Defendants shall take nothing in conjunction therewith.

12.     Plaintiffs are the prevailing party for all purposes.  However, as between Plaintiffs, on one hand, and Defendants, on the other, each shall bear its own attorneys' fees.

13.     Pursuant to 15 U.S.C. § 1116(a) and 17 U.S.C. § 1203(b)(1), Defendants, as well as their shareholders, directors, officers, agents, employees, parents, subsidiaries, successors and assigns, and all those acting under their direction, control or on their behalf, as well as any entity that is spun-off from or formed by them, or hires, employs, acquires or merges with any Defendant are HEREBY PERMANENTLY ENJOINED from the following:

(a)     Infringing U.S. Trademark Registration No. 4,784,280 for the word mark "NEO4J" covering the goods and services in International Classes, 009, 035, 041, 042 and 045 (the "NEO4J Mark").

5

(b)     Advertising, promoting, representing or referring to ONgDB as a free and open source drop-in replacement of Neo4j® Enterprise Edition distributions with the same version number, and any similar statement that may lead consumers to believe that ONgDB is a Neo4j USA or Neo4j Sweden product, or is identical to a Neo4j USA or Neo4j Sweden product.

(c)     Advertising, promoting, representing, or referring to Neo4j® Enterprise or Neo4j® Enterprise Edition being released only under the AGPL.

(d)     Representing that Neo4j Sweden's addition of the Commons Clause to the license governing Neo4j® Enterprise Edition ("Neo4j Sweden Software License") violated the terms of AGPL or that removal of the Commons Clause is lawful, and similar statements.

(e)     Advertising, displaying or distributing products, literature or any other materials that use the NEO4J Mark to advertise or promote ONgDB in any way that suggests sponsorship or endorsement by Neo4j USA or Neo4j Sweden or that may lead consumers to believe that ONgDB is a Neo4j USA or Neo4j Sweden product, or is identical to a Neo4j USA or Neo4j Sweden product.

(f)     Affixing, applying, annexing, or using in connection with the sale of any goods, a false description or representation including words or other symbols tending to falsely describe or represent such goods as being Neo4j® products and from offering such goods in commerce.

(g)     Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in Paragraphs 13(a)–13(f) above.

(h)     Making further use of or fork any source code first released under the Neo4j Sweden Software License, including Neo4j® EE v3.4, Neo4j® EE v3.5, or any subsequent versions, subversions or derivatives thereof.

(i)     Making further use of or fork any source code first released under a commercial license, including Neo4j® EE v3.5, Neo4j® EE v4.x, Neo4j® EE 5.x, or any subsequent versions, subversions or derivatives thereof.

(j)     Offering for sale, advertising or promoting ONgDB, GraphStack GDB and GDB (and any derivative or similar software created and/or maintained by Defendants), or any

other software containing Neo4j® EE source code with a DMCA Violation or that was first released subject to the Neo4j Sweden Software License.

(k)     Stating, claiming, advertising, or representing that Neo4j Sweden AB's inclusion of the Commons Clause to the license governing Neo4j® EE violated the terms of the GNU Affero General Public License, version 3 ("AGPLv3"), or make similar statements interpreting the terms of the AGPLv3.

(l)     Stating, claiming, advertising, or representing that the Free Software Foundation ("FSF") or that any government agency determined and/or confirmed that (a) the inclusion of the Commons Clause to any license governing Neo4j® EE violated the terms of AGPLv3; and/or (b) the Commons Clause can be removed from any software license governing Neo4j® EE and/or ONgDB.

(m)     Offering for sale or providing for any paid development, support, maintenance or hosting services for ONgDB, GraphStack GDB, GDB (and any derivative or similar software created and/or maintained by Defendants), or any other software containing Neo4j® EE source code with a DMCA Violation or that was first released subject to the Neo4j Sweden Software License.  However, nothing herein prevents Defendants from offering paid consulting services for installations of Neo4j® EE software, but only where the customer receiving such services has a commercial license and has fully paid the commercial license fees to Plaintiffs.

(n)     Making any statement and/or representations to any third party, affirmatively or in response to an inquiry, that state or imply that they can provide access to or can obtain any software containing any Neo4j® EE source code with a DMCA Violation, that is subject to the Neo4j Sweden Software License, or not otherwise permitted for use by this Injunction.

(o)     Having any expressed or implied license to use, and making any further use, of any of Plaintiffs' source code, object code, machine code and software that is subject to a commercial license or paid commercial subscription, including but not limited to Neo4j® EE v3.4, and all versions and subversions thereof; Neo4j® EE v3.5, and all versions and subversions thereof; Neo4j® EE v4.x, and all versions and subversions thereof; and Neo4j® EE v5.x, and all versions and subversions thereof. Nothing herein, however, restricts Defendants from purchasing a

7

1    commercial license or subscription to Neo4j® EE software from Plaintiffs or their authorized

2    resellers.

3              (p)      Defendants may only make further use of the following publicly available

4    Neo4j open source code, subject to the terms of their respective open source licenses: (i) Neo4j®

5    Community Edition Source Code under the GNU General Public License, v3 ("GPL"); (ii) Neo4j®

6    EE v3.2.14 source code released under the AGPLv3; (iii) Neo4j® EE v3.3.10 source code released

7    under the AGPLv3; and (iv) Neo4j® EE v3.4.0.RC02 source code released under the AGPLv3.

8    Nothing herein, however, shall be construed as a license or otherwise permit Defendants to use any

9    source code, patches or source code commits for Neo4j® EE v3.3 or Neo4j® EE v3.4 that were

10   first released under the Neo4j Sweden Software License.  Further, nothing herein shall be construed

11   as a license or otherwise permit Defendants to use or fork any of Plaintiffs' source code that was

12   first released as Neo4j® EE v3.5 or otherwise under the Neo4j Sweden Software License, including

13   but not limited to, all beta releases, release candidates, production releases, stable releases, and

14   official releases, or any subsequent versions, subversions, patches or derivatives thereof.

15        14.    The foregoing Permanent Injunction is effective immediately and shall not be stayed

16   pending any appeal as Defendants previously consented to and did not oppose the entry thereof.

17        15.    This Court shall retain jurisdiction over the foregoing Permanent Injunction, and

18   any motion or application seeking its enforcement shall be directed to this Court.

19        **IT IS SO ORDERED, ADJUDGED AND DECREED**

20

21   Dated: _____

22                                          EDWARD J. DAVILA
                                            United States District Judge
23

24

25

26

27

28