UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

NEO4J, INC., et al.,
Plaintiff,
v.
JOHN MARK SUHY
Defendant.

CASE NO. 5:18-CV-7182 EJD

# EMERGENCY MOTION TO STAY ENFORCEMENT OF JUDGMENT PENDING APPEAL WITHOUT BOND

## I. INTRODUCTION

A judgment was entered against the Defendant, along with iGov Inc. and Purethink LLC, in the United States District Court for the Northern District of California, Case No. 5:18-cv-07182-EJD, as documented in Document 251, filed on August 15, 2024. The judgment holds the parties jointly and severally liable, and it has been domesticated in the Fairfax County Circuit Court. (See Exhibit C).

Defendant has filed an appeal in the United States Court of Appeals for the Ninth Circuit, Neo4j, Inc., et al. v. Suhy, et al., Case No. 24-5538, where it is currently pending. (See Exhibit D).

1

This case exemplifies how Neo4j Inc., a billion-dollar corporation, is using its resources to silence an open-source advocate. Neo4j gained prominence through the open-source community but later sought to maximize profits by imposing restrictive licensing terms, including the unauthorized addition of the "Commons Clause" to the Free Software Foundation's (FSF) AGPLv3 license.

As an open-source advocate, Defendant created competing free and open-source forks of Neo4j's software—ONgDB and DozerDB—to preserve software freedom. These projects have gained significant traction, providing cost-effective alternatives to Neo4j's commercial offerings and challenging its business model.

The damages in this case stem from Neo4j's assertion that Defendant's modifications to the AGPL license, including removing the Commons Clause, influenced the Maryland Procurement Office (MPO) to adopt ONgDB. However, the FSF sent Neo4j a cease-and-desist letter confirming that its use of the Commons Clause violated the AGPL's terms. Neo4j subsequently complied by removing the infringing tags, branches, and source code, validating the Defendant's actions. (See

Exhibit A and Declaration #3 of John Mark Suhy, attached as Exhibit E.)

Despite this, Neo4j continues to pursue aggressive legal actions, including wage garnishment, threatening Defendant's livelihood and forcing him toward bankruptcy. These actions represent legal overreach and underline the disproportionate impact enforcement would have on Defendant compared to minimal harm to Neo4j.

Defendant respectfully requests this Court to stay all collection efforts and enforcement of the judgment without requiring a bond due to financial hardship, the public importance of the appeal, and the disproportionate impact enforcement would have on Defendant and his family.

## II. BACKGROUND

### A. Judgment and Appeal

Judgment was entered on August 15, 2024 (ECF No. 251). Defendant filed a timely appeal, which will raise significant legal issues concerning licensing, trademark claims, and damages.

3

## B. Wage Garnishment

Neo4j has initiated garnishment proceedings with a return date set for December 13, 2024, as documented in Exhibit G. Immediate enforcement would severely harm Defendant by jeopardizing his ability to maintain employment and support his family.

## C. Financial Context

Defendant is the primary breadwinner, and garnishment would force him into bankruptcy, depriving Neo4j of meaningful recovery and placing other creditors at a disadvantage.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 62(b) provides that "[a] party may obtain a stay by providing a bond or other security." While the rule establishes a bond as the default mechanism for obtaining a stay, courts have consistently held that they retain equitable discretion to grant unsecured stays in appropriate circumstances. This discretion is exercised where the appellant demonstrates financial hardship, enforcement would impose undue harm, or alternative measures can adequately protect the opposing party's rights. See Fed. Presc. Serv. v. Am. Pharm. Ass'n, 636 F.2d 755, 758 (D.C. Cir. 1980); Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979).

4

Federal courts have further clarified that Rule 62 does not limit a district court's discretion to grant unsecured stays or impose alternative terms for a stay. See Rivera v. Home Depot U.S.A. Inc., 16-cv-7552 (KBF) (S.D.N.Y. Jun. 25, 2018); Aristocrat Technologies v. International Game Techno, No. C06-03717 MJJ (N.D. Cal. Jan. 9, 2008).

In this case, Defendant respectfully requests that the Court exercise its discretion under Rule 62(b) to stay enforcement of the judgment without requiring a bond. Defendant's financial circumstances render a bond unduly burdensome, and immediate enforcement would cause irreparable harm, including the potential loss of employment due to wage garnishment and the resulting impact on Defendant's government security clearance.

Furthermore, the Free Software Foundation (FSF), the copyright holder of the AGPLv3 license central to this dispute, issued a cease-and-desist letter confirming that Neo4j's addition of the Commons Clause violated the AGPL's terms. Neo4j's subsequent removal of the infringing files and code validates Defendant's actions in removing the Commons Clause, which are at the heart of the judgment. The FSF's

authoritative position highlights the substantial merit of Defendant's appeal and underscores the equitable considerations favoring a stay without bond.

IV. **ARGUMENT**

**1. Equitable Grounds for Stay Without Bond**

This Court has the equitable authority to stay enforcement of a judgment without requiring the posting of a bond when the circumstances warrant such relief. Numerous federal courts have recognized and exercised this discretion. See, e.g., In re Nassau County Strip Search Cases, 783 F.3d 414, 417 (2d Cir. 2015) (noting that courts may waive bond requirements where equity supports it); Dillon v. City of Chicago, 866 F.2d 902 (7th Cir. 1988) (holding that bond requirements may be modified based on financial hardship and other equitable factors); Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n, 636 F.2d 755, 758 (D.C. Cir. 1980) (finding that district courts may grant stays without bond under appropriate circumstances); Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1190–91 (5th Cir. 1979) (emphasizing that bond requirements are not absolute and may be adjusted); Trans World Airlines, Inc. v. Hughes,

515 F.2d 173, 176 (2d Cir. 1975) (recognizing the court's discretion to waive or modify bond requirements under equitable circumstances).

The court has discretion to authorize unsecured stays where equity and the facts of the case justify such relief, even though Rule 62 provides for a supersedeas bond as a default mechanism. See Rivera v. Home Depot U.S.A. Inc., 16-cv-7552 (KBF) (S.D.N.Y. Jun. 25, 2018).

Furthermore, the Northern District of California has explicitly recognized that Rule 62 does not limit a district court's discretion to grant unsecured stays where equity so demands. See Aristocrat Technologies v. International Game Tech., No. C06-03717 MJJ (N.D. Cal. Jan. 9, 2008).

Courts have consistently held that requiring a bond is unnecessary where the defendant demonstrates limited financial resources or where enforcement would impose severe hardship. Here, Defendant's financial circumstances render the imposition of a bond an undue burden. Immediate garnishment of Defendant's wages would force him into bankruptcy, leaving his family without adequate financial support and

7

jeopardizing his government security clearance, which is essential to his employment and livelihood.

In addition to financial hardship, Defendant's appeal raises substantial legal and factual issues. The Free Software Foundation (FSF), the copyright holder of the AGPLv3 license central to this case, issued a cease-and-desist letter confirming that Neo4j's addition of the Commons Clause violated the AGPL's terms. The FSF letter supports the position that Neo4j's licensing practices raised significant concerns, which were central to the Defendant's actions in removing the Commons Clause. While not legally binding, the FSF's authoritative perspective underscores the complexity of the licensing dispute. Neo4j subsequently removed the infringing files, tags, and code from its repository, validating the Defendant's actions in removing the Commons Clause. These actions are now central to the judgment. The FSF's authoritative position demonstrates the merit of Defendant's appeal, which raises significant questions about licensing and intellectual property rights that could set important legal precedents.

Immediate enforcement of the judgment would irreparably harm the Defendant while providing no meaningful benefit to Neo4j, a billion-

8

dollar corporation. Neo4j faces no material prejudice from a temporary stay of enforcement, as its financial position remains unaffected by the delay. In contrast, enforcement would impose extraordinary harm on the Defendant, including the potential loss of employment and financial ruin.

These extraordinary circumstances justify equitable relief to preserve the status quo while the appellate court reviews these significant issues. A stay without bond would ensure fairness and equity in light of the Defendant's demonstrated hardship, the merit of his appeal, and the lack of prejudice to Neo4j. Neo4j, as a billion-dollar corporation, faces no material risk from a delay in enforcement, as the judgment amount is negligible in the context of its financial position.

**2. Financial Hardship and Irreparable Harm**

The Defendant faces immediate and severe financial consequences if enforcement of the judgment proceeds. The garnishment order issued on October 15, 2024, threatens to force the Defendant into bankruptcy, a scenario that would devastate his family, jeopardize his government security clearance essential to his employment, and irreparably harm his ability to recover financially.

Requiring a bond in this situation would exacerbate the hardship, as the Defendant is unable to satisfy the judgment or post a bond without triggering bankruptcy. A stay would allow the Defendant to preserve critical financial resources and maintain his security clearance, enabling him to continue supporting his family and addressing his financial obligations. Should the appeal succeed, the Defendant would be in a far stronger position to address any resulting obligations without resorting to bankruptcy.

This is not a hypothetical concern; the garnishment directly threatens the Defendant's livelihood and could result in the loss of his clearance, leading to job loss and compounding financial ruin. These consequences would harm not only the Defendant and his family but also other creditors, including Neo4j, who would likely receive nothing in a bankruptcy proceeding.

Federal courts have recognized the discretion to waive bond requirements in cases of demonstrated financial hardship. See, e.g., Fed. Presc. Serv. v. Am. Pharm. Ass'n, 636 F.2d 755 (D.C. Cir. 1980). In such cases, courts have prioritized equity and practicality to ensure that enforcement does not cause irreparable harm or undermine the

10

appeal process. The Defendant's financial position and the catastrophic consequences of immediate garnishment clearly demonstrate the need for this Court to exercise its discretion to waive the bond requirement and stay enforcement of the judgment.

**3. Merits of the Appeal**

The appeal raises critical issues regarding the interpretation and application of the GPLv3 license, which underpins a vast array of open-source projects that form the foundation of much of the internet's infrastructure. The Free Software Foundation (FSF), the copyright holder of the GPLv3, has confirmed that Neo4j's addition of the Commons Clause violated the GPLv3's terms, and the Defendant's removal of the clause was justified. This action was crucial to maintaining the integrity of the GPLv3, which is designed to protect users' freedom to use and modify software, including the Defendant's open-source projects, ONgDB and DozerDB.

The FSF letter supports the position that Neo4j's addition of the Commons Clause raised significant licensing concerns, which were central to the Defendant's actions. While not legally binding, the FSF's authoritative perspective underscores the complexity of the licensing

11

dispute and highlights the significant public interest in ensuring compliance with the GPLv3's terms. This perspective demonstrates the merit of Defendant's appeal and further supports the importance of appellate review.

The district court, however, made factual errors that contribute to the Defendant's appeal. For example, the court concluded that the removal of the Commons Clause allowed ONgDB to be offered for free, enabling the MPO to choose ONgDB over Neo4j EE. (See Exhibit B, p. 14, lines 23-25; p. 15, line 1). This is incorrect. As acknowledged in Exhibit B, the MPO continued to use ONgDB over Neo4j EE because of price. (See Exhibit B, p. 9, lines 2-4). The Commons Clause limited resale and commercial services, but it did not prevent the free use of the software, which is the basis for the MPO's decision to use ONgDB. (See Exhibit F, p. 15).

Additionally, the court's calculation of damages is flawed. The court assumed that the MPO would have purchased Neo4j EE had the Commons Clause remained, but the court itself noted that the MPO chose ONgDB due to pricing concerns. While the Court found that the removal of the Commons Clause contributed to the MPO's decision to

use ONgDB over Neo4j EE, other factors, such as budget constraints and the MPO's historical preference for open-source solutions, likely played a significant role in the outcome. Furthermore, the MPO required enterprise-level features, which were available at no cost through ONgDB regardless of the presence of the Commons Clause.

Moreover, the court made speculative guesses about what the MPO might have paid for Neo4j EE, with no factual support for these figures. The court's damages assessment, therefore, relied on both an erroneous assumption that the removal of the Commons Clause impacted the MPO's decision and speculative figures that are unsupported by evidence. (See Exhibit B pp. 17-20).

Moreover, the court acknowledged that Defendants' removal of the Commons Clause allowed the MPO to use ONgDB for free, but it did not account for the fact that ONgDB was still available to the MPO at no cost even with the Commons Clause. This further undermines the court's rationale for awarding damages based on lost licensing revenue from the MPO.

13

The appeal also addresses the court's misinterpretation of the Defendant's actions under the GPLv3, as confirmed by the FSF's cease-and-desist letter, which emphasized that the Commons Clause violated the GPLv3's terms. This alone highlights the merit of the appeal and underscores its significance for the open-source community. A ruling that upholds the district court's decision would set a damaging precedent for open-source projects worldwide and severely undermine the GPLv3's protections.

Given these substantial errors, the appeal is meritorious and crucial not only for the Defendant but also for the broader open-source ecosystem.

**4. Imbalance of Resources and Disproportionate Impact**

Neo4j, a billion-dollar corporation, has utilized its substantial resources to overwhelm the Defendant, a pro se litigant. Despite Neo4j's own violations of the GPLv3 license, as confirmed by the Free Software Foundation (FSF) in its cease-and-desist letter, the company continues to pursue excessive damages against the Defendant.

The judgment amount of over $600,000 is negligible for Neo4j but represents a catastrophic financial burden for the Defendant, who is the primary provider for his family. Enforcing the judgment would irreparably harm the Defendant, forcing him into bankruptcy and jeopardizing his livelihood, while Neo4j would suffer no significant prejudice from a temporary stay.

Courts routinely consider the inequities between parties and the disproportionate impact of enforcement when modifying or waiving bond requirements. Granting a stay in this instance is consistent with those equitable principles and ensures that enforcement does not unjustly harm the Defendant while the appeal is pending.

**5. Minimal Prejudice to Plaintiff**

Granting a stay would cause minimal, if any, prejudice to Neo4j. The judgment amount is immaterial in the context of Neo4j's overall financial position as a billion-dollar corporation. Moreover, Neo4j's operations and business objectives will remain unaffected by a temporary delay in enforcement.

In contrast, immediate garnishment would push the Defendant into bankruptcy, depriving Neo4j of meaningful recovery if the appeal is

15

unsuccessful. Bankruptcy would also harm the Defendant's other creditors, who would likely receive nothing, and disrupt the Defendant's government security clearance, causing additional financial and professional harm.

The disproportionate consequences for the Defendant compared to the negligible impact on Neo4j underscore the need for a stay to preserve fairness and equity while the appeal is pending.

**6. Public Interest**

The public interest is strongly in favor of granting the stay. The outcome of this case will have far-reaching implications for the open-source software community and the principles underlying free software licensing. A ruling in favor of Neo4j would allow companies to impose unauthorized restrictions on GPLv3-licensed software, undermining decades of work by the Free Software Foundation and jeopardizing the free and open nature of software like Linux, which is licensed under GPLv3.

This case has attracted the attention of the Free Software Foundation and the broader open-source community because it concerns fundamental rights to modify and redistribute software. The

16

Defendant's actions, as confirmed by the FSF, were in defense of these rights and freedoms, and the public interest supports allowing the appeal to proceed. The Free Software Foundation (FSF) and Free Software Conservancy have communicated their intent to file amicus briefs in the 9th Circuit Court. (See Declaration #5 of John Mark Suhy, attached as Exhibit E.)

This aligns with cases like Nken v. Holder, 556 U.S. 418, 433 (2009), where the court considered the broader public interest as one of the key factors when determining whether to grant a stay.

V.  **RELIEF REQUESTED**

Defendant respectfully requests that this Court:

1. Issue a temporary stay of enforcement to preserve the status quo while this motion is considered;

2. Grant a stay of enforcement without bond pending resolution of the appeal; and

3. Expedite consideration of this motion.

17

Respectfully submitted

John Mark Suhy
Pro Se
Dated: December 2nd, 2024

By: _____*/s/ John Mark Suhy Jr.*

8814 Danewood Dr
Alexandria, VA 22308

Tel: (703) 862-7780
Email: jmsuhy@gmail.com

18

## CERTIFICATE OF SERVICE

I hereby certify that, on December 2, 2024, a true and correct copy of the foregoing Motion, Exhibits, and declaration of John Mark Suhy was filed with the Clerk of the Court for the United States District Court for the Northern District of California using the PACER system. This filing will send notification of such filing to all counsel of record and registered participants.

Date: December 2, 2024
/s/ John Mark Suhy Jr.
John Mark Suhy Jr.
8814 Danewood Dr
Alexandria, VA 22308
jmsuhy@gmail.com
703-862-7780