# EXHIBIT G

Fairfax Circuit Court Garnishment Summons to Defendant's Employer

Date: October 15, 2024

# FAIRFAX CIRCUIT COURT
## GARNISHMENT SUMMONS



Virginia Code §§8.01-511, 512, 512.3                              CL-**2024 14686**

**JUDGMENT CREDITOR:** Neo4j, Inc.

Address: c/o Gross, Romanick, Dean & DeSimone, P.C.   Phone: 703-273-1400
3975 University Drive, Suite 410, Fairfax, VA 22030

**JUDGMENT CREDITOR'S ATTORNEY:** A. Charles Dean

Address: Gross, Romanick, Dean & DeSimone, P.C.   Va. Bar #: 74814
3975 University Drive, Suite 410, Fairfax, VA 22030   Phone: 703-273-1400

Versus

**JUDGMENT DEBTOR:** John Mark Suhy

Address: 8814 Danewood Drive, Alexandria, VA 22308   SSN: n/a

Return Date: December 13, 2024   at 9:00 a.m.

This is a garnishment against (check only one) [✓] judgment debtor's wages, salary or other compensation
[ ] some other debt due or property of the judgment debtor specifically _____

**GARNISHEE:** Greystones Consulting Group, LLC d/b/a Greystones Group

Address: 100 M St. SE, Ste 914
Washington, D.C. 20003   Review Date: 1/10/25

## STATEMENT

Judgment Principal  $ 597,000.00
Interest            57,288.00
(If not specified, then 50%)

Maximum Portion of Disposable Earnings Subject to Garnishment
[ ] 50%  [ ] 55%  [ ] 60%  [ ] 65%

Judgment Costs      0
Attorney's Fees     0          [ ] State Taxes, 100%
Garnishment Costs   47.50      If none of the above are checked, then §34-29(a) applies.
Credits             26,000.00  [ ] SUPPORT
Late Fees           0.00
Total Balance Due   $ 628,335.50   The Garnishee shall rely on this amount.
Judgment Number: 663772         Date of Judgment: August 15, 2024
Place of Judgment: United States District Court for the Northern District of California

**TO ANY AUTHORIZED OFFICER:**
You are hereby commanded to serve this summons on the judgment debtor and the garnishee.

**TO THE GARNISHEE:** You are hereby commanded to:

(1) file a written answer with: Circuit Court of Fairfax County, 4110 Chain Bridge Road, Fairfax, VA 22030 Attn: Civil Case Processing
OR (2) deliver payment to this court payable to "CLERK, CIRCUIT COURT,"
OR (3) appear before this court on the return date and time shown on this summons to answer the Suggestion for Summons in Garnishment of the judgment creditor that, by reason of the lien of writ of fieri facias, there is a liability as shown in the statement upon the garnishee.

As garnishee, you shall withhold from the judgment debtor any sums of money to which the judgment debtor is or may be entitled from you during the period between the date of service of this summons on you and the date for your appearance in court, subject to the following limitations:

(1) The maximum amount which may be garnished is the **"Total Balance Due"** as shown on this summons.
(2) You shall not be liable to the judgment creditor for any property not specified in this summons.
(3) If the sums of money being garnished are earnings of the judgment debtor, then the provision of

# FAIRFAX CIRCUIT COURT

"Maximum Portion of Disposable Earnings Subject to Garnishment" shall apply.

If a garnishment summons is served on an employer having one thousand or more employees, then money to which the judgment debtor is or may be entitled from his or her employer shall be considered those wages, salaries, commissions or other earnings which, following service on the garnishee-employer, are determined and are payable to the judgment debtor under the garnishee-employer's normal payroll procedure with a reasonable time allowance for making a timely return by mail to this court.

**OCT 1 5 2024**
Date of Issuance of Summon

**OCT 1 5 2024**
Date of Delivery of Writ of Fieri Facias
To Sheriff or any authorized Officer
if different from Date of Issuance of this Summons.

**CHRISTOPHER J. FALCON, CLERK**

By: _____
Deputy Clerk

Creditor / Attorney Signature _____

Attorney Bar # **74814**

RETURNS: The following garnishee was served, according to law, as indicated below, unless not found.

GARNISHEE: **Greystones Consulting Group, LLC d/b/a Greystones Group**

[ ] PERSONAL SERVICE   [ ] FEDERAL SERVICE*

[ ] Being unable to make personal service, a copy was delivered in the following manner:

[ ] Served on registered agent of the corporation. List name and title:
_____

[ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above.

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

[ ] Delivered to a person found in charge of usual place of business or employment during business hours and giving information of its purpose.

[ ] Served on the Secretary of the Commonwealth

[ ] Served on the Clerk of the State Corporation Commission, pursuant to § 8.01-513.

[ ] Not found

[ ] Copy mailed to judgment debtor after serving the garnishee on date of service unless a different date of mailing is shown.
_____
DATE OF MAILING

SERVING OFFICER AND/OR CLERK
_____ for GARNISHEE
DATE OF SERVICE

The garnishee, when a federal agency, may be served either personally or by certified or registered mail, return receipt requested.

[ ] Certified mail _____
DATE OF SERVICE

RETURNS: The judgment debtor was served, according to law, as indicated below, unless not found, with a copy of both this summons and the § 8.01-512.4 form.

JUDGMENT DEBTOR: **John Mark Suhy**
ADDRESS: **8814 Danewood Drive**
**Alexandria, VA 22308**

[ ] PERSONAL SERVICE

[ ] Being unable to make personal service, a copy was delivered in the following manner:

[ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above.

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode, address listed above. (Other authorized recipient not found.)

[ ] Served on Secretary of the Commonwealth.

[ ] Not found

SERVING OFFICER
_____ for DEBTOR.
DATE OF SERVICE

[ Clear ]

# FAIRFAX CIRCUIT COURT

The following statement is not the law but is an interpretation of the law which is intended to assist those who must respond to this garnishment. You may rely on this only for general guidance because the law itself is the final word. (Read the law, §34-29 of the Code of Virginia for a full explanation. A copy of §34-29 is available in the Clerk's Office. If you do not understand the law, call a lawyer for help.)

An employer may take as much as 25 percent of an employee's disposable earnings to satisfy this garnishment. But if any employee makes the minimum wage or less for his week's earnings, the employee will ordinarily get to keep 40 times the minimum hourly wage.

But an employer may withhold a different amount of money from that above if:
  (1) The employee must pay child support or spousal support and was ordered to do so by a court procedure or other legal procedure. No more than 65 percent of an employee's earnings may be withheld for support;
  (2) Money is withheld by order of a bankruptcy court; or
  (3) Money is withheld for a tax debt.

"*Disposable earnings*" means the money an employee makes "*after taxes*" and after other amounts required by law to be withheld are satisfied. Earnings can be salary, hourly wages, commissions, bonuses, or otherwise, whether paid directly to the employee or not.

If an employee tries to transfer, assign or in any way give his earnings to another person to avoid the garnishment, it will not be legal; earnings are still earnings.

Financial Institutions that receive an employee's paycheck by direct deposit do not have to determine what part of a person's earnings can be garnished.

§ 34-29. Maximum portion of disposable earnings subject to garnishment.
  (a) Except as provided in subsections (b) and (b1), the maximum part of the aggregate disposable earnings of an individual for any workweek that is subjected to garnishment may not exceed the lesser of the following amounts:
     (1) Twenty-five per centum of his disposable earnings for that week, or
     (2) The amount by which his disposable earnings for that week exceed 40 times the federal minimum hourly wage prescribed by 29 U.S.C § 206 (a) (1) of the Virginia Minimum hourly wage prescribed by § 40.1-28.10 whichever is greater, in effect at the time earnings are payable.

  · In the case of earnings for any pay period other than a week, the State Commissioner of Labor and Industry shall by regulation prescribe a multiple of the federal or Virginia minimum hourly wage equivalent in effect to that set forth in this section.
  (b) The restrictions of subsection (a) do not apply in the case of:
  (1) Any order for the support of any person issued by a court of competent jurisdiction or in accordance with an administrative procedure that is established by state law, affords substantial due process, and is subject to judicial review.
     (2) Any order of any court of bankruptcy under Chapter XIII of the Bankruptcy Act.
     (3) Any debt due for any state or federal tax.

  (b1) The maximum part of the aggregate disposable earnings of an individual for any workweek that is subject to garnishment to enforce any order for the support of any person shall not exceed:
     (1) Sixty percent of such individual's disposable earnings for that week; or
     (2) If such individual is supporting a spouse or dependent child other than the spouse or child with respect to whose support such order was issued, 50 percent of such individual's disposable earnings for that week.

## FAIRFAX CIRCUIT COURT

The 50 percent specified in clause (2) shall be 55 percent and the sixty percent specified in subsection (1) shall be 65 percent if and to the extent that such earnings are subject to garnishment to enforce an order for support for a period that is more than 12 weeks prior to the beginning of such workweek.

(c) No court of the Commonwealth and no state agency or officer may make, execute, or enforce any order or process in violation of this section.

The exemptions allowed herein shall be granted to any person so entitled without any further proceedings.

(d) For the purposes of this section:
    (1) The term "*earnings*" means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, payments to an independent contractor, or otherwise, whether paid directly to the individual or deposited with another entity or person on behalf of and traceable to the individual, and includes periodic payments pursuant to a pension or retirement program.
    (2) The term "*disposable earnings*" means that part of the earnings of any individual remaining after the deduction from those earnings of any amounts required by law to be withheld, and
    (3) The term "*garnishment*" means any legal or equitable procedure through which the earnings of any individual are required to be withheld for payment of any debt.

(e) Every assignment, sale, transfer, pledge or mortgage of the wages or salary of an individual that is exempted by this section, to the extent of the exemption provided by this section, shall be void and unenforceable by any process of law.

(f) No employer may discharge any employee by reason of the fact that his earnings have been subjected to garnishment for any one indebtedness.

(g) A depository wherein earnings have been deposited on behalf of and traceable to an individual shall not be required to determine the portion of such earnings that are subject to garnishment.

January 2024

CCR G-80

## NOTICE TO JUDGMENT DEBTOR
## HOW TO CLAIM EXEMPTIONS FROM GARNISHMENT AND LIEN

The attached Summons in Garnishment or Notice of Lien has been issued on request of a creditor who holds a judgment against you. The Summons may cause your property or wages to be held or taken to pay the judgment.

The law provides that certain property and wages cannot be taken in garnishment. Such property is said to be exempted. A summary of some of the major exemptions is set forth in the request for hearing form. There is no exemption solely because you are having difficulty paying your debts.

If you claim an exemption, you should (i) fill out the claim for exemption form and (ii) deliver or mail the form to the clerk's office of this court.

You have a right to a hearing within seven business days from the date you file your claim with the court. If the creditor is asking that your wages be withheld, the method of computing the amount of wages that are exempt from garnishment by law is indicated on the Summons in Garnishment attached. You do not need to file a claim for exemption to receive this exemption, but if you believe the wrong amount is being withheld, you may file a claim for exemption.

On the day of the hearing, you should come to court ready to explain why your property is exempted, and you should bring any documents that may help you prove your case. If you do not come to court at the designated time and prove that your property is exempt, you may lose some of your rights.

**If you do not claim an exemption and do not otherwise contest the garnishment, you are not required to appear in court on the return date on the Garnishment Summons.**

It may be helpful for you to seek the advice of an attorney in this matter.

**THE REQUEST FOR HEARING FORM IS PRINTED ON THE REVERSE OF THIS FORM.**

FORM DC-454 FRONT 07/20

**REQUEST FOR HEARING –
GARNISHMENT/LIEN EXEMPTION CLAIM**
Commonwealth of Virginia   VA. CODE § 8.01-512.4

Case No. 2024 14686

Fairfax County Circuit Court
COURT NAME

Neo4j, Inc.                      v.      John Mark Suhy
JUDGMENT CREDITOR                        JUDGMENT DEBTOR

and Greystones Consulting Group, LLC D/B/A Greystones Gro
GARNISHEE

I claim that the exemption(s) from garnishment or lien that are checked below apply in this case:

### MAJOR EXEMPTIONS UNDER FEDERAL AND STATE LAW
[There is no exemption solely because you are having difficulty paying your bills.]

1. Social Security benefits and Supplemental Security Income (SSI) (42 U.S.C. § 407).
2. Veterans' benefits (38 U.S.C. § 5301).
3. Federal civil service retirement benefits (5 U.S.C. § 8346).
4. Annuities to survivors of federal judges (28 U.S.C. § 376(n) ).
5. Longshore and Harbor Workers' Compensation Act (33 U.S.C. § 916).
6. Black Lung benefits.

Exemptions listed under 1 through 6 above may not be applicable in child support and alimony cases (42 U.S.C. § 659).

7. Seaman's, master's or fisherman's wages, except for child support or spousal support and maintenance (46 U.S.C. § 11109).
8. Unemployment compensation benefits (§ 60.2-600, Code of Virginia). This exemption may not be applicable in child support cases (§ 60.2-608, Code of Virginia).
9. Amounts in excess of portions of wages subject to garnishment (§ 34-29, Code of Virginia).
10. Public assistance payments (§ 63.2-506, Code of Virginia).
11. Homestead exemption of $5,000 in cash, or $10,000 if the householder is 65 years of age or older, and in addition, real or personal property used as the principal residence of the householder or householder's dependents not exceeding $50,000 in value. (§ 34-4, Code of Virginia). This exemption may not be claimed in certain cases, such as payment of child or spousal support (§ 34-5, Code of Virginia).
12. Property of disabled veterans – additional $10,000 cash (§ 34-4.1, Code of Virginia).
13. Worker's Compensation benefits (§ 65.2-531, Code of Virginia).
14. Growing crops (§ 8.01-489, Code of Virginia).
15. Benefits from group life insurance policies (§ 38.2-3339, Code of Virginia).
16. Proceeds from industrial sick benefits insurance (§ 38.2-3549, Code of Virginia).
17. Assignments of certain salary and wages (§ 8.01-525.10, Code of Virginia).
18. Benefits for victims of crime (§ 19.2-368.12, Code of Virginia).
19. Proceeds from funeral trusts (§ 54.1-2823, Code of Virginia).
20. Certain retirement benefits (§ 34-34, Code of Virginia).
21. Child support payments (§ 20-108.1, Code of Virginia).
22. Support for dependent children (§ 34-4.2, Code of Virginia). To claim this exemption, an affidavit that complies with the requirements of subsection B of § 34-4.2 and two items of proof showing entitlement to this exemption must be attached to this exemption form. (The affidavit, form DC-449, AFFIDAVIT CONCERNING DEPENDENT CHILDREN AND HOUSEHOLD INCOME, is available at http://www.vacourts.gov/forms/district/dc449.pdf or the clerk's office.)
23. Other (describe exemption): $ _____

I request a court hearing to decide the validity of my claim. Notice of hearing should be given to me at:

_____    _____
ADDRESS                           TELEPHONE NUMBER

The statements made in this request are true to the best of my knowledge and belief.

_____    _____
DATE                              SIGNATURE OF JUDGMENT DEBTOR

FORM DC-454 REVERSE 07/24

# FAIRFAX CIRCUIT COURT
4110 Chain Bridge Road
Fairfax, VA 22030

## INSTRUCTIONS TO GARNISHEES

1. If you **ARE** holding funds to which the debtor is entitled, you shall remit those funds to the Court by the **Return Date**.

    Payment must be payable to "Clerk, Fairfax Circuit Court."

2. If you **ARE NOT** holding funds to which the debtor is entitled, you **must** file a written answer so stating with the Court by the **Return Date**.

3. Please note the **Return Date** shown on the Garnishment Summons.

    You may not withhold from the Judgment Debtor any funds to which the Debtor becomes entitled after the **Return Date**.

4. Please note the <u>At Law Case Number</u> in the upper right corner of the Garnishment Summons. To ensure proper credit of your remittance, please reference this number on your check.

5. To verify funds currently being held by the Court, please contact the Accounting Section of the Fairfax Circuit Court at 703-246-4363 or 703-246-4126.

6. For further information regarding the Garnishment process, please contact the Clerk's Office, Civil Intake Division at 703-246-4358.

# COMMONWEALTH OF VIRGINIA
## CIRCUIT COURT OF FAIRFAX COUNTY
### WRIT OF FIERI FACIAS

JUDGMENT NO **663772**  GARNISHMENT LAW NO **CL20240014686**

CASE FILE NO **L85602**

TO ANY AUTHORIZED OFFICER

WE COMMAND YOU THAT OUT OF THE GOODS AND CHATTELS OF

\*\*\* **IGOV INC, ET AL** \*\*\*

BE MADE THE SUM OF

**AMOUNT OF 597,000.00 PLUS 57,288.00 IN PREJUDGMENT INTEREST, LESS THE STIPULATED 26,000.00 DEDUCTION**

WHICH **NEO4J INC**

LATE BEFORE THE **UNITED STATES NORTHERN DISTRICT COURT OF CALIFORNIA**

RECOVERED ON **08/15/2024** AGAINST

\*\*\* **IGOV INC, ET AL** \*\*\*

AS APPEARS TO US OF RECORD.

YOU ARE FURTHER COMMANDED TO MAKE YOUR RETURN THEREON TO THE CIRCUIT COURT OF FAIRFAX COUNTY, VIRGINIA AT ITS COURT HOUSE ON **12/13/2024** NEXT RENDERED UNTO SAID

**NEO4J INC**

OF THE DEBT AND COSTS OF **$47.50**. AND NOTIFY THE PERSON ENTITLED TO RECEIVE SUCH MONEY, IF SUCH PERSON IS KNOWN AND IF ANY MONEY IS RECEIVED AS REQUIRED BY LAW.

GIVEN UNDER MY HAND THIS **16TH DAY OF OCTOBER, 2024**.

CHRISTOPHER J. FALCON, CLERK

BY: *[signature]*

DEPUTY CLERK