UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEO4J, INC., a Delaware corporation; NEO4J SWEDEN, AB, Plaintiffs, v. PURETHINK LLC, a Delaware limited liability company; IGOV INC., a Virginia corporation; and JOHN MARK SUHY, an individual, Defendants. | CASE NO. 5:18-CV-7182-EJD  **DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO EMERGENCY MOTION TO STAY ENFORCEMENT OF JUDGMENT PENDING APPEAL WITHOUT BOND** |

## I. INTRODUCTION

Defendant John Mark Suhy submits this reply to address inaccuracies in Plaintiffs' Opposition. Plaintiffs' arguments rely on incorrect factual assertions and unverified claims that fail to undermine the equitable basis of this motion. It is critical to correct the record for the benefit of this Court and the forthcoming appeal, which addresses significant legal questions.

## II. NO CONTRACT TRANSFERS OR $1.3 MILLION INTELLECTUAL PROPERTY SALE

Plaintiffs inaccurately assert that, "Between May and July 2022, Suhy sold off intellectual property owned by him to Greystones for $1.3 million." This assertion is incorrect and unsupported by any credible evidence.

1

Similarly, Plaintiffs' claim that contracts were transferred from iGov to Greystones is also false. No contracts were transferred. Instead, Greystones obtained new contracts that replaced the prior ones. Plaintiffs' reliance on unsubstantiated deposition testimony highlights the speculative nature of their claims.

## III. PURETHINK'S STATUS WAS MISREPRESENTED

Plaintiffs erroneously assert that PureThink was "effectively shut down" in 2021 due to non-renewal of its registration in Virginia. This statement is demonstrably false. PureThink is a Delaware corporation, and its non-renewal in Virginia does not equate to its dissolution or cessation of operations. Plaintiffs could have easily verified this information but instead made claims that are unsupported by evidence. This oversight illustrates a broader pattern of misstatements in their opposition.

## IV. NO COLLUSION WITH THE FREE SOFTWARE FOUNDATION

Plaintiffs' accusations of collusion with the Free Software Foundation (FSF) are without merit. The FSF is an internationally recognized organization that acts independently to protect open-source software principles. Their late

2

involvement in this case resulted from internal organizational delays. Plaintiffs' suggestion otherwise is speculative and unfounded.

Notably, Neo4j complied with the FSF's cease-and-desist letter, which confirms that the addition of the Commons Clause to the AGPL violated the terms of the license. (See Declaration of John Mark Suhy, Exhibit E to Defendant's Motion to Stay, filed December 2, 2024, ¶3). Neo4j's post-trial decision to comply with the FSF's demands demonstrates the validity of the FSF's position and undermines Plaintiffs' claims that this issue is without merit.

Neo4j's compliance further underscores the broader importance of this case. At its core, this litigation impacts not only the immediate parties but also the future integrity of open-source licensing and compliance.

The public interest in this case transcends the immediate parties. The FSF's intervention highlights the significance of preserving the integrity of the GPLv3 license, a cornerstone of the global open-source ecosystem. Allowing copyright holders to retroactively impose restrictive clauses, as Plaintiffs attempted with the Commons Clause, would undermine the trust and principles underpinning open-source software. Open-source projects under the GPLv3, such as ONgDB and many others, play a vital role in fostering innovation and reducing costs for public and private entities alike, including government agencies like the

3

Maryland Procurement Office. If this judgment were enforced without careful appellate review, it could set a precedent discouraging the use and development of open-source alternatives, thereby increasing costs for taxpayers and limiting competition in critical markets.

Moreover, this case raises broader legal implications, such as how compliance with open-source licenses like the GPLv3 is enforced and interpreted in commercial contexts. Upholding the judgment could jeopardize the viability of open-source contributions, discourage innovation, and create a chilling effect within the community. These concerns are not abstract but directly impact the future of open-source development, economic efficiency, and software freedom worldwide.

## V.   EQUITABLE CONSIDERATIONS WARRANT A STAY

Enforcing the judgment would cause irreparable harm to me and my family, including potential financial ruin. Granting a stay ensures that the appeal can proceed without irreparably harming me and my family, while imposing no meaningful prejudice on Neo4j, a billion-dollar corporation. The judgment amount is negligible in the context of Neo4j's financial position but represents a severe financial burden for me as an individual pro se litigant.

The balance of equities strongly supports granting the requested relief. Such relief will protect against immediate harm while preserving the opportunity for appellate review of substantial legal and public interest issues.

I remain committed to complying with the Court's processes while seeking equitable relief to ensure the appeal can proceed fairly.

## VI.   CONCLUSION

For the reasons stated, I respectfully request that this Court grant a stay of enforcement of the judgment pending appeal without requiring a bond. Such relief is critical not only to prevent irreparable harm but also to ensure that significant legal and public interest issues are given due consideration.

Respectfully submitted

John Mark Suhy
Pro Se
Dated: December 9th, 2024

By: _____/s/ John Mark Suhy Jr._

8814 Danewood Dr
Alexandria, VA 22308

5

Tel: (703) 862-7780
Email: jmsuhy@gmail.com

6

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2024, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of California using the CM/ECF system, which will send notification of such filing to all counsel of record.

Date: December 9, 2024
/s/ John Mark Suhy Jr.
John Mark Suhy Jr.
8814 Danewood Dr
Alexandria, VA 22308
jmsuhy@gmail.com
703-862-7780