UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NEO4J, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> PURETHINK, LLC, et al., <br><br> Defendants. | Case No.  5:18-cv-07182-EJD <br><br> **ORDER DENYING EMERGENCY MOTION TO STAY ENFORCEMENT OF JUDGMENT PENDING APPEAL WITHOUT BOND** <br><br> Re: Dkt. No. 263 |

Before the Court is pro se Defendant John Mark Suhy's ("Suhy") motion pursuant to Federal Rule of Civil Procedure 62(b) to stay the enforcement of the Court's Judgment, ECF No. 251, without a bond pending his appeal in the Ninth Circuit. Mot., ECF No. 263. Plaintiffs, Neo4j, Inc., et al. ("Neo4j"), filed an opposition, and Suhy filed a reply. Opp'n ECF No. 264; Reply, ECF No. 266.

For the reasons explained below, the Court **DENIES** Suhy's motion, subject to any further request by Suhy to impose alternative security or present additional evidence.

I.  **LEGAL STANDARD**

Under Rule 62(b), after a judgment has been entered, "a party may obtain a stay [of the proceedings to enforce the judgment] by providing a bond or other security." A district court in its discretion may determine that the party requesting the stay need not provide such a supersedeas bond. *United States v. Moyer*, 2008 WL 3478063, at *12 (N.D. Cal. Aug. 12, 2008).

In the Ninth Circuit, when examining whether to stay the enforcement of a monetary judgment without a bond, district courts have largely adopted the factors laid out in *Dillon v. City*

*of Chicago*, 866 F.2d 902 (7th Cir. 1988). *See, e.g., Moyer*, 2008 WL 3478063, at *12; *Cotton ex rel. McClure v. City of Eureka, Cal.*, 860 F. Supp. 2d 999, 1028 (N.D. Cal. 2012).

Under the *Dillon*, courts consider:

> (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.

*Dillon*, 866 F.2d at 904–05 (citations and quotations omitted).

Notably, the standard for examining whether to stay the enforcement of an injunctive judgment without a bond is different and inapplicable here. Rule 62(d); *see also Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980) (examining Rule 62(d) requirements for stay of injunction upon appeal, including equitable considerations).

## II.   DISCUSSION

Suhy asks the Court to stay the enforcement of the Judgment's monetary award pending appeal without a bond because enforcement would cause a financial hardship, place his employment in jeopardy, and risk sending him into bankruptcy proceedings. *See* Mot.

As an initial matter, Suhy does not engage with the applicable *Dillon* factors. Instead, Suhy argues that the Court should apply the factors used to weigh a preliminary injunction, i.e., financial hardship, undue harm, or alternative measures to protect the opposing party's rights. *See* Mot. 4 (citing)). However, "courts in this circuit have held that the preliminary injunction test specifically applies to a stay of injunctive relief pursuant to Federal Rule of Civil Procedure 62(c), and is irrelevant in a case involving a monetary judgment." *Sarver v. Hurt Locker LLC*, 2012 WL 12892147, at *2 (C.D. Cal. Feb. 2, 2012). Because Suhy seeks to stay the enforcement of a monetary judgment, the Court declines to apply the preliminary injunction factors here. Nevertheless, given Suhy's status as a pro se litigant, the Court will examine Suhy's arguments under the rubric of the *Dillon* factors where applicable.

Case No.: 5:18-cv-07182-EJD
ORDER DEN. MOT. TO STAY ENFORCEMENT OF J. WITHOUT BOND
2

1   As to the first and second *Dillon* factors, the Court cannot discern any arguments or facts alleged in Suhy's motion or declaration that would be relevant to the complexity of the collection process or the amount of time required to obtain a judgment.

As to the third and fourth factors, Suhy's motion leads the Court to believe that he does not have the funds available to pay the Judgment, as one of Suhy's primary arguments is that enforcing the Judgment now will cause a financial hardship for himself and his family. Mot. 4–11. Although financial hardship is an equitable factor that courts may weigh in favor of issuing a stay without a bond for injunctive judgments, the opposite is true for monetary judgments. Under *Dillon* and its progeny, financial hardship weighs against issuing a stay without a bond, as it signals a greater risk that the judgment will become uncollectable for the prevailing party. *See Sarver*, 2012 WL 12892147, at *2 ("The purpose of the supersedeas bond is to 'protect[ ] the prevailing [party] from the risk of a later uncollectible judgment and compensates him for delay in the entry of the final judgment.'") (quoting *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988)). Suhy's apparent financial hardship is unfortunate, but the Court cannot put Neo4j's right to obtain its Judgment "at risk solely on the basis of [Suhy's] ability to pay. Indeed, it may be an abuse of discretion to do so." *Id.* (citing *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560–61 (9th Cir. 1977)).[1]

As to the final factor, Suhy argues that enforcing the Judgment will force him into bankruptcy, which would place his other creditors in an insecure position. *See* Mot. 4, 7, 9, 10. However, Suhy does not provide any specific information to support this argument. The only evidence presented is Suhy's declaration that "it is highly likely that I will be forced into

---

[1] The Court notes Suhy's argument that enforcement of the Judgment through wage garnishment may impact his government security clearance and therefore jeopardize his ability to maintain employment. Mot. 5, 8, 9, 10. This argument alone is insufficient for the Court to issue a stay without a bond, particularly because Suhy has failed to provide any information as to how wage garnishment would impact his security clearance or the likelihood of it impacting his security clearance. However, if Suhy's income source is jeopardized, enforcing the Judgment through wage garnishment could potentially increase the risk that the Judgment will become uncollectable in the future—a fact that Neo4j may want to consider when deciding when and how to enforce the Judgment.

Case No.: 5:18-cv-07182-EJD
ORDER DEN. MOT. TO STAY ENFORCEMENT OF J. WITHOUT BOND
3

1  bankruptcy if the garnishment proceeds." Decl. of John Mark Suhy ¶ 4, ECF No. 263-5. Suhy's

2  declaration does not, for example, identify any specific third-party creditors or describe his current

3  assets and other financial obligations. Currently, the Court is unable to determine how likely it is

4  that enforcing the Judgment would place him in bankruptcy proceedings, and what impact that

5  would have on which third-party creditors.

6  Accordingly, the Court finds that Suhy has not made the showing necessary to stay the

7  enforcement of the Judgment pending appeal without a bond. "In some instances, '[t]he posting of

8  adequate security other than a bond may waive the supersedeas bond requirement.'" *Sarver*, 2012

9  WL 12892147, at *3 (quoting *Biltmore Assocs., L.L.C., as Tr. v. Twin City Fire Ins. Co.*, No. 205-

10  CV-04220-PHX-FJM, 2007 WL 2422053, at *1 (D. Ariz. Aug. 22, 2007)) (collecting cases).

11  However, Suhy has not offered any form of substitute security.

## III.  CONCLUSION

Therefore, the Court **DENIES** Suhy's motion to stay the enforcement of the Judgment without a bond. The Court will grant Suhy leave to file an additional motion proposing an alternative security or providing evidence to satisfy the *Dillon* factors if he wishes.

**IT IS SO ORDERED.**

Dated: December 10, 2024

EDWARD J. DAVILA
United States District Judge

Case No.: 5:18-cv-07182-EJD
ORDER DEN. MOT. TO STAY ENFORCEMENT OF J. WITHOUT BOND
4