IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

CASE NO.: 24-5538
**NEO4J, INC., et al.,**
Plaintiffs-Appellees,

v.

**JOHN MARK SUHY,**
Defendant-Appellant.


**DEFENDANT-APPELLANT'S EMERGENCY MOTION TO STAY ENFORCEMENT OF JUDGMENT PENDING APPEAL**

**TABLE OF AUTHORITIES**

**Cases**

Dillon v. City of Chicago, 866 F.2d 902 (7th Cir. 1988)

Golden Gate Restaurant Ass'n v. City & County of San Francisco, 512 F.3d 1112 (9th Cir. 2008)

Leiva-Perez v. Holder, 640 F.3d 962 (9th Cir. 2011)

Nken v. Holder, 556 U.S. 418 (2009)

**Statutes**

Virginia Code § 55.1-136(A)

## I. INTRODUCTION

Defendant-Appellant John Mark Suhy respectfully seeks an emergency stay of enforcement of the monetary judgment entered in the United States District Court for the Northern District of California, pending appeal. This motion requires an emergency ruling to prevent the imminent harm of garnishment proceedings scheduled for January 10, 2025, and to allow Appellant to proceed with a Chapter 7 bankruptcy filing on January 9, 2025, if necessary. In the alternative, Appellant respectfully requests that this Court temporarily stay the judgment while it considers this motion to ensure that irreparable harm is avoided. This motion follows the denial of a similar motion in the district court.

Appellant faces irreparable harm due to wage garnishment that threatens his financial stability and ability to sustain his family. While Appellant is willing to provide detailed evidence of income, expenses, and garnishment amounts under seal or for in-camera review, it is clear that forced bankruptcy is imminent and would eliminate any possibility

of recovery for Appellees.

Appellant intends to file for Chapter 7 bankruptcy in Virginia on **January 9, 2025**, prior to the garnishment review date scheduled in Fairfax Circuit Court for January 10, 2025., a measure that will not only halt all collection activities under 11 U.S.C. § 362 but also render the judgment effectively uncollectible.  See Exhibit A. Forced bankruptcy would eliminate any potential recovery for Appellees while further burdening other creditors unnecessarily., which will automatically halt all collection efforts under 11 U.S.C. § 362. This filing will effectively eliminate any potential recovery for Appellees should the appeal fail, making a stay equitable and necessary. Moreover, Appellant's garnishment rate projects repayment over a period of more than 20 years, underscoring the impracticality of continued enforcement without resolution of the appeal.

This appeal is of significant public importance, addressing open-source licensing and compliance under the GPLv3 framework. The importance is underscored by a forthcoming amicus brief from a prominent open-

source organization, demonstrating widespread interest in the appeal's outcome.

Appellant proposes an alternative security arrangement, offering structured monthly payments of $200 during the pendency of the appeal. This ensures equitable compliance while minimizing prejudice to both parties.

## II. LEGAL STANDARD

Under *Federal Rule of Appellate Procedure 8(a)(1)*, the Ninth Circuit evaluates motions to stay judgment enforcement pending appeal using the factors set forth in *Dillon v. City of Chicago*, 866 F.2d 902 (7th Cir. 1988). The five factors include:

1. The complexity of the collection process;

2. The time required to obtain judgment after appeal;

3. The confidence in the availability of funds to pay the judgment;

4. The necessity of a bond given the defendant's ability to pay; and

5. The defendant's financial situation and its impact on other creditors.

Additionally, the Ninth Circuit has recognized in *Leiva-Perez v. Holder*, 640 F.3d 962 (9th Cir. 2011), that a movant need not demonstrate "more likely than not" success on appeal, but rather a "reasonable probability" or "fair prospect" when the balance of hardships tips strongly in the movant's favor. Similarly, in *Golden Gate Restaurant Ass'n v. City & County of San Francisco*, 512 F.3d 1112 (9th Cir. 2008), the court emphasized that the balance of hardships and public interest can outweigh a lesser showing on the merits.

## III. ARGUMENT

### A. Complexity of the Collection Process

The ongoing garnishment of Appellant's wages reflects a straightforward collection process. However, the disproportionate burden of garnishment risks forcing Appellant into bankruptcy, which would complicate recovery efforts and eliminate Appellees' ability to recover entirely. Granting a stay would prevent unnecessary disruption while preserving Appellees' ability to collect should the appeal be denied, rather than forcing an immediate bankruptcy that would eliminate their recovery entirely.

## B. Time Required to Obtain Judgment After Appeal

The anticipated timeline for resolving this appeal is within a reasonable period, during which Appellant's alternative payments will maintain partial compliance. A stay preserves the status quo and prevents financial harm without causing undue delay. Moreover, the impending bankruptcy filing on January 9, 2025, would halt collection efforts regardless, further mitigating any perceived prejudice to Appellees. This motion must be decided on an emergency basis to avoid unnecessary harm and to ensure Appellant's financial stability prior to the garnishment review date of January 10, 2025. Appellant is prepared to provide additional financial records, under seal or for in-camera review, to substantiate the claims of financial hardship and to clarify the practical limitations of further enforcement efforts.

## C. Availability of Funds to Pay the Judgment

Appellant's financial situation is precarious. Current garnishment rates project over 20 years to satisfy the judgment, rendering immediate enforcement ineffective. Appellant resides in Virginia, where he and his spouse own all property and assets, including their home and bank

accounts, as tenants by the entirety. Under Virginia Code § 55.1-136(A), property held as tenants by the entirety, including both real and personal property such as bank accounts, is immune from the claims of creditors pursuing debts owed by only one spouse. Appellant and his spouse hold their home and joint bank accounts in this form, shielding these assets from enforcement efforts. This legal protection underscores the limited utility of further enforcement measures, as these jointly held assets cannot be attached to satisfy the judgment against Appellant individually.  Virginia's tenancy by the entirety laws further shield joint marital assets, limiting recovery options for Appellees. These realities, combined with Appellant's anticipated bankruptcy, make additional collection efforts futile in the absence of a stay.

Moreover, under *Leiva-Perez*, a movant's inability to pay, coupled with severe hardship, supports granting a stay, especially where public interest considerations weigh heavily in favor of maintaining the status quo during the appeal.

## D. Precarious Financial Situation and Risk to Other Creditors

Appellant's financial insolvency would jeopardize both his family's livelihood and the judgment's collectibility. Additionally, Appellant has a credit card liability of approximately $10,000, which further illustrates his overall financial strain. While the liability is not currently confirmed as joint or individual, it adds to the financial challenges already faced by Appellant. Additionally, Appellant has personal guarantees for business credit card debts related to two separate businesses, totaling approximately $1,600 for one and minimal amounts for the other. While modest, these obligations underscore that forced bankruptcy would impact other creditors beyond Neo4j, further justifying the need for equitable relief. The protections afforded by Virginia's tenancy by the entirety laws also underscore the impracticality of continued enforcement measures. Jointly held marital assets are beyond the reach of Appellees for this individual debt, and further enforcement efforts will achieve little beyond causing unnecessary hardship to Appellant and his family. Moreover, the existence of personally guaranteed business debts adds another layer of complexity and potential harm to third parties if bankruptcy is forced. Without this relief, Appellant risks losing his government security

clearance—essential for his employment—and being forced into bankruptcy, rendering any further collection efforts futile and harming both Appellees and other creditors unnecessarily.

## E. Public Interest

The appeal addresses issues of significant public importance, particularly regarding compliance with the GPLv3 and the integrity of open-source licensing. A ruling in this case risks setting a precedent that could fundamentally undermine open-source software licenses, jeopardizing decades of collaborative work that the technology ecosystem relies upon. The forthcoming amicus brief from the Software Freedom Conservancy (SFC) underscores the broader implications of this appeal. The future of the GPLv3 and AGPLv3 frameworks— cornerstones of modern open-source software licensing—and decades of collaborative work to ensure software freedom are at stake in this appeal. A ruling in favor of Neo4j risks setting a precedent that could undermine these foundational principles, affecting not only the open-source community but also the broader technology ecosystem that depends on these licenses.

The Free Software Foundation (FSF), the copyright holder of the AGPLv3, has publicly confirmed that Neo4j's addition of the Commons Clause violated the license's terms. See Exhibit B and Opening Brief filed December 23rd, 2024.  The FSC and FSF's support underscores the significant questions raised by this appeal and the need to preserve the integrity of these licenses.

Public interest strongly favors granting a stay to ensure these critical issues are resolved without undue prejudice. Additionally, as recognized in *Golden Gate Restaurant Ass'n*, the balance of hardships and public interest can justify a stay even when the likelihood of success on appeal is moderate, provided there is a reasonable probability of success. The appeal addresses issues of significant public importance, particularly regarding compliance with the GPLv3 and the integrity of open-source licensing. Public interest strongly favors granting a stay to ensure these issues are resolved without undue prejudice.

Additionally, as recognized in *Golden Gate Restaurant Ass'n*, the balance of hardships and public interest can justify a stay even when

the likelihood of success on appeal is moderate, provided there is a

reasonable probability of success.


## IV. CONCLUSION

Appellant respectfully requests that this Court:

1. Grant a stay of judgment enforcement pending appeal without

   bond, or;

2. Accept the proposed arrangement of $200 monthly payments as

   alternative security.

This relief is essential to preserving fairness and enabling appellate

review without causing irreparable harm.

Respectfully submitted,


**John Mark Suhy**
Pro Se
Dated: 12/27/2024
8814 Danewood Dr
Alexandria, VA 22308
Tel: (703) 862-7780
Email: jmsuhy@gmail.com

**CERTIFICATE OF SERVICE**

I, John Mark Suhy Jr, hereby certify that on this December 27, 2024, I

electronically filed the foregoing motion, exhibit, and declaration with
the United States

Court of Appeals for the Ninth Circuit by using the appellate CM/ECF

system.

I further certify that all participants in the case are registered CM/ECF

users and that service will be accomplished by the appellate CM/ECF

system.

/s/ John Mark Suhy Jr

John Mark Suhy Jr

8814 Danewood Dr

Alexandria, VA 22308

jmsuhy@gmail.com

703-862-7780

Exhibit A

Greystones Garnishment Documents

Review Date 01/10/2025

# FAIRFAX CIRCUIT COURT
## GARNISHMENT SUMMONS

Clear

Virginia Code §§8.01-511, 512, 512.3

**JUDGMENT CREDITOR:** Neo4j, Inc.                     CL-**2024**-**14686**

Address: c/o Gross, Romanick, Dean & DeSimone, P.C.     Phone: 703-273-1400
3975 University Drive, Suite 410, Fairfax, VA 22030

**JUDGMENT CREDITOR'S ATTORNEY:** A. Charles Dean

Address: Gross, Romanick, Dean & DeSimone, P.C.     Va. Bar #: 74814
3975 University Drive, Suite 410, Fairfax, VA 22030     Phone: 703-273-1400
**Versus**

**JUDGMENT DEBTOR:** John Mark Suhy

Address: 8814 Danewood Drive, Alexandria, VA 22308  SSN: n/a

**Return Date:** December 13, 2024     at 9:00 a.m.
This is a garnishment against (check only one) [✓] judgment debtor's wages, salary or other compensation
[  ] some other debt due or property of the judgment debtor specifically_____

**GARNISHEE:** Greystones Consulting Group, LLC d/b/a Greystones Group

Address: 100 M St. SE, Ste 914                     Review Date: 1/10/25
Washington, D.C. 20003

## STATEMENT

| | | |
|---|---|---|
| Judgment Principal | $ 597,000.00 | **Maximum Portion of Disposable Earnings Subject to Garnishment** |
| Interest | 57,288.00 | [  ] 50%   [  ] 55%   [  ] 60%   [  ] 65% (If not specified, then 50%) |
| Judgment Costs | 0 | [  ] State Taxes, 100% |
| Attorney's Fees | 0 | If none of the above are checked, then §34-29(a) applies. |
| Garnishment Costs | 47.50 | |
| Credits | 26,000.00 | [  ] SUPPORT |
| Late Fees | 0.00 | |
| **Total Balance Due** | $ 628,335.50 | **The Garnishee shall rely on this amount.** |
| Judgment Number: 663772 | | Date of Judgment: August 15, 2024 |

Place of Judgment: United States District Court for the Northern District of California

**TO ANY AUTHORIZED OFFICER:**
You are hereby commanded to serve this summons on the judgment debtor and the garnishee.

**TO THE GARNISHEE:** You are hereby commanded to:

(1) file a written answer with: Circuit Court of Fairfax County, 4110 Chain Bridge Road, Fairfax, VA 22030 Attn: Civil Case Processing

OR (2) deliver payment to this court payable to "CLERK, CIRCUIT COURT,"

OR (3) appear before this court on the return date and time shown on this summons to answer the Suggestion for Summons in Garnishment of the judgment creditor that, by reason of the lien of writ of fieri facias, there is a liability as shown in the statement upon the garnishee.

As garnishee, you shall withhold from the judgment debtor any sums of money to which the judgment debtor is or may be entitled from you during the period between the date of service of this summons on you and the date for your appearance in court, subject to the following limitations:

(1) The maximum amount which may be garnished is the "**Total Balance Due**" as shown on this summons.
(2) You shall not be liable to the judgment creditor for any property not specified in this summons.
(3) If the sums of money being garnished are earnings of the judgment debtor, then the provision of

CCR G-80

January 2024

# FAIRFAX CIRCUIT COURT

**"Maximum Portion of Disposable Earnings Subject to Garnishment"** shall apply.

If a garnishment summons is served on an employer having one thousand or more employees, then money to which the judgment debtor is or may be entitled from his or her employer shall be considered those wages, salaries, commissions or other earnings which, following service on the garnishee-employer, are determined and are payable to the judgment debtor under the garnishee-employer's normal payroll procedure with a reasonable time allowance for making a timely return by mail to this court.

OCT 1 5 2024

Date of Issuance of Summon

OCT 1 5 2024

Date of Delivery of Writ of Fieri Facias
To Sheriff or any authorized Officer
if different from Date of Issuance of this Summons.

CHRISTOPHER J. FALCON, CLERK

By: _____
                    Deputy Clerk

Creditor / Attorney Signature _____

Attorney Bar # 74814

RETURNS: The following garnishee was served, according to law,
as indicated below, unless not found.

---

GARNISHEE    Greystones Consulting Group, LLC d/b/a Greystones Group

[ ] PERSONAL SERVICE          [ ] FEDERAL SERVICE*

[ ] Being unable to make personal service, a copy was delivered in the following manner:

[ ] Served on registered agent of the corporation. List name and title:
....................................................................................
....................................................................................

[ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above.
....................................................................................

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode. address listed above. (Other authorized recipient not found.)

[ ] Delivered to a person found in charge of usual place of business or employment during business hours and giving information of its purpose.

[ ] Served on the Secretary of the Commonwealth

[ ] Served on the Clerk of the State Corporation Commission, pursuant to § 8.01-513.

[ ] Not found

[ ] Copy mailed to judgment debtor after serving the garnishee on date of service unless a different date of mailing is shown.
.....................................................................
DATE OF MAILING

_____
SERVING OFFICER AND/OR CLERK

.................................................................. for GARNISHEE.
DATE OF SERVICE

The garnishee, when a federal agency, may be served either personally or by certified or registered mail, return receipt requested.

[ ] Certified mail_____
                         DATE OF SERVICE

---

RETURNS: The judgment debtor was served, according to law, as indicated below, unless not found, with a copy of both this summons and the § 8.01-512.4 form.

JUDGMENT DEBTOR    John Mark Suhy .................

ADDRESS    8814 Danewood Drive ..............
Alexandria, VA 22308

[ ] PERSONAL SERVICE

[ ] Being unable to make personal service, a copy was delivered in the following manner:

[ ] Delivered to family member (not temporary sojourner or guest) age 16 or older at usual place of abode of party named above after giving information of its purport. List name, age of recipient, and relation of recipient to party named above.
....................................................................................

[ ] Posted on front door or such other door as appears to be the main entrance of usual place of abode. address listed above. (Other authorized recipient not found.)

[ ] Served on Secretary of the Commonwealth.

[ ] Not found

_____
SERVING OFFICER

.................................................................. for DEBTOR.
DATE OF SERVICE

[ Clear ]

# EXHIBIT B

Free Software Foundation (FSF) Cease-and-Desist Letter to Neo4j, Inc.

Dated: November 13, 2023



Page 1

November 13, 2023

Neo4j, Inc.
400 Concar Dr.
San Mateo, CA 94402, USA
Attention: Legal Department

Re:     Neo4J Cease and Desist

We have learned of your continued use of the Free Software Foundation's ("FSF") rights related to the GNU Affero General Public License version 3 ("GNU AGPLv3") in a confusing and unauthorized manner. The FSF holds the copyright to the GNU AGPLv3, including all rights to make derivative works, as well as trademark rights to "GNU AFFERO GENERAL PUBLIC LICENSE" and related marks used in it, including:

* FSF (USPTO 87909272, EUIPO 003119691);
* Free Software Foundation (USPTO 87909237, EUIPO 003120334);
* GNU (USPTO 85380218)

While we are pleased when people use the GNU AGPLv3 to distribute and license software, we want to ensure that software freedom is protected as intended. The FSF allows everyone to use its licenses to grant and protect the fundamental freedoms to use programs for any purpose, study and change them, and sell or give away copies of programs or their modified versions. However, the FSF does *not* allow the making or distributing of altered versions of the licenses, including the GNU AGPLv3, resulting in unauthorized derivative works. Nor do we allow others to use our registered or common law trademarks without authorization.

We are referring to the README file[1] distributed by Neo4j releases 3.4.0-3.5.3. Among other issues, it clearly states in the "Extending" section that the software is available under the GNU AGPLv3. However, you then inappropriately use our marks in the "Licensing" section, where it states that some of the modules of Neo4j Enterprise are "licensed under AGPLv3 with the Commons Clause." You are not authorized to use any of our marks including "GNU," "AGPL," and "Affero General Public License," or any other variation of those marks in connection with any licenses other than to refer to the unmodified licenses as published by us. You are also not permitted to make unauthorized derivative works of the GNU AGPLv3 by adding additional text to the license as was done in LICENSE.txt accompanying aforementioned releases.

Your distribution of these releases has caused and continues to cause confusion among consumers since the README distributed by you clearly states that each of these releases is

51 Franklin St. 5th Floor Boston MA 02110 U.S.A<br>tel: 1.617.542.5942 | fax: 1.617.542.2652 | www.fsf.org



"licensed under the [GNU] AGPLv3," but confusingly suggests that the Commons Clause would restrict a licensee's rights under our license.

The GNU AGPLv3 by its terms, including as reproduced by you in the LICENSE.txt, permits all licensees to remove any additional terms that are "further restrictions" under the GNU AGPLv3. The text of the GNU AGPLv3 makes this clear as it says, "[i]f the Program as you received it, or any part of it, contains a notice stating that it is governed by this License along with a term that is a further restriction, you may remove that term[,]" and the GNU AGPLv3 clearly defines the phrase "this License" to mean "version 3 of the GNU Affero General Public License." It is well known that the "Commons Clause" is a "further restriction" under the terms of the GNU AGPLv3 and therefore all licensees under the GNU AGPLv3 are permitted to remove it[2].

We encourage you to clarify the situation by making it unambiguous that these software releases are licensed under the GNU AGPLv3 and users who already received copies of the software are allowed to remove any further restriction. You can do this by simply stating that the releases are licensed under the GNU AGPLv3 without any further restrictions and removing all references to the "Commons Clause."

However, if your altered version of the license is an attempt to create a proprietary license, you are not allowed to use any of the FSF's family of GNU General Public Licenses or any of the FSF's trademarks, registered or unregistered, for that purpose. The FSF has no wish to advise or request drafting a new proprietary software license, but we realize that we cannot forbid you from doing so. Thus, we believe that in such case it is our duty to minimize the harm resulting from confusing users with attempts to release proprietary software under a license using the name, text, and trademarks associated with free software.

The conditions on which we authorize the creation of derivative works of our licenses are stated in our FAQ[3]. Our FAQ clearly outlines the steps required, including removing specific sections of the license text and removing any references to our marks. These conditions avoid confusing uses of the GNU AGPLv3 and the FSF's trademarks included in it.

We hope to cooperate to resolve this matter amicably. Neo4j software mentioned above is publicly available on Github as of this writing and also advertised by Neo4j, Inc. [4][5] (the latter not mentioning 3.4 release). If Neo4j, Inc. is currently making any other unauthorized use of any of FSF's copyrights or trademark rights related to the GNU AGPLv3, the above requests apply to such other copies and uses as well. Please confirm in writing within 14 days from the receipt of this letter that you have taken steps to remedy this situation.

Sincerely,

Zoë Kooyman,
Executive Director
Free Software Supporter



[1] README.asciidoc available at
https://github.com/neo4j/neo4j/tree/3.4#readme and related tagged releases

[2] "Can I modify the GPL and make a modified license?" available at
https://www.gnu.org/licenses/gpl-faq.html#ModifyGPL

[3] "I'd like to license my code under the GPL, but I'd also like to make it clear that it can't be used for military and/or commercial uses. Can I do this?" available at
https://www.gnu.org/licenses/gpl-faq.html#NoMilitary

[4] "Neo4j Debian Packages" available at https://debian.neo4j.com/

[5] "Neo4j RPM Packages" available at https://yum.neo4j.com/

**DECLARATION OF JOHN MARK SUHY IN SUPPORT OF
EMERGENCY MOTION TO STAY ENFORCEMENT OF
JUDGMENT PENDING APPEAL**

I, John Mark Suhy Jr, declare as follows:

1. **Personal Financial Situation**:

   - I am the primary breadwinner for my family. My monthly
     living expenses include essential costs such as rent/mortgage,
     utilities, food, and transportation.

   - My wages are currently subject to a 25% garnishment as part of
     the enforcement of the judgment entered in favor of Neo4j, Inc.,
     which has significantly impacted my ability to meet my family's
     basic living expenses.

2. **Intent to File Chapter 7 Bankruptcy**:

   - Due to the financial hardship caused by garnishment and my
     inability to satisfy the judgment, I intend to file for Chapter 7
     bankruptcy in Virginia on January 9, 2025, the day before the
     garnishment review scheduled in Fairfax Circuit Court on
     January 10, 2025. (Exhibit A)

- Filing bankruptcy will automatically halt all collection efforts under 11 U.S.C. § 362 and likely render the judgment uncollectible, eliminating any potential recovery for Neo4j, Inc.

3. **Tenancy by the Entirety Protections**: My wife and I own all our property, including our home and bank accounts, as tenants by the entirety under Virginia law. These jointly held assets are immune from attachment by creditors pursuing claims against me individually, further limiting Neo4j's ability to recover through enforcement measures.

4. **Creditors and Liabilities**: I also have a personal credit card liability of approximately $10,000 and personal guarantees for two business credit cards, one with a balance of approximately $1,600 and another with minimal debt. These obligations, while modest, illustrate my overall financial strain and demonstrate that forced bankruptcy would negatively affect other creditors beyond Neo4j.

5. **Public Interest Considerations**: This appeal raises significant public interest issues concerning open-source licensing compliance under the GPLv3 and AGPLv3 frameworks. A ruling in favor of Neo4j could undermine these foundational licenses, jeopardizing

decades of work within the open-source community and technology ecosystem. The forthcoming amicus brief from the Free Software Foundation underscores the broader implications of this case.

6. **Alternative Security Proposal**: Despite my financial hardship, I propose to pay $200 per month as alternative security during the pendency of this appeal. This demonstrates my good faith and willingness to comply with the Court's judgment while minimizing prejudice to Neo4j.

7. **Urgency of the Motion**: This motion must be decided on an emergency basis, as the garnishment review in Fairfax Circuit Court is scheduled for January 10, 2025, and my intent to file bankruptcy on January 9, 2025, underscores the need for immediate relief.

8. **Exhibit A**: Attached as Exhibit A to this declaration is a copy of the garnishment summons issued by the Fairfax Circuit Court for review on January 10, 2025. This document illustrates the urgency of this motion and the significant impact garnishment proceedings will have on my financial situation.

9. **Exhibit B**: Attached as Exhibit B is a cease and desist letter sent

from the Free Software Foundation (FSF) to Neo4j related to the

AGPLv3 license in which the FSF is the copyright holder of.

I declare under penalty of perjury under the laws of the United States

of America that the foregoing is true and correct.

Executed on 12/27/2024
From Alexandria, VA

**John Mark Suhy Jr.**
/s/ John Mark Suhy Jr. Pro Se
8814 Danewood Dr
Alexandria, VA 22308
jmsuhy@gmail.com
703-862-7780